WARREN T. BURNS (TX Bar No. 24053119) *Admitted Pro Hac Vice*
wburns@burnscharest.com
WILL THOMPSON (CA Bar No. 289012)
wthompson@burnscharest.com
BURNS CHAREST, LLP
500 N. Akard Street, Suite 2810
Dallas, TX 75201
Tel: (469) 904-4550 / Fax: (469) 444-5002

*Attorneys for Plaintiff Peter Brewitt,*
*Amy M. Thomas, Ronald Sekul, and Tom Assaf Abdalla*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>ALL ACTIONS | MDL No. 2672 CRB (JSC)<br><br>**RESPONSE OF PETER BREWITT, AMY M. THOMAS, RONALD SEKUL, AND TOM ASSAF ABDALLA TO PARAGRAPH 11 OF THE COURT'S PRETRIAL ORDER NO. 1** |

Plaintiffs Peter Brewitt, Amy M. Thomas, Ronald Sekul, and Tom Assaf Abdalla ("the Brewitt Plaintiffs") provide this response pursuant to Paragraph 11 of the Court's Pre-Trial Order No. 1. The Brewitt Plaintiffs recommend that the Court appoint a panel of three Special Settlement Masters and further recommend Eric D. Green, Hon. Edward A. Infante, and the Hon. Rebecca Westerfeld as candidates for appointment.

This complex and fast-evolving case involves nearly 500 putative class actions brought on behalf of the owners of more than 500,000 vehicles spread across the United States. It implicates the mechanics of different generations of diesel engines in multiple makes and models of vehicles, the computer code that controls them, and complicated emissions testing procedures. And though liability is clear—Volkswagen has admitted it installed defeat devices in its diesel engines—fifty states' statutory and common law must be reconciled with federal antitrust, racketeering, and warranty law to arrive at a means to compensate the victims of Volkswagen's massive wrongdoing.

Adding to the complexity, just yesterday, on December 17, 2015, Volkswagen announced that it had engaged Kenneth R. Feinberg to design and oversee a program addressing U.S. vehicle owner claims. *See* Ex. 1. Of course, multiple parties in this case have recommended Mr. Feinberg as a potential Special Settlement Master. While Mr. Feinberg is eminently qualified, his engagement by Volkswagen likely precludes such an appointment, even though it may be a positive first step in helping to ensure that American consumers are ultimately compensated. Nevertheless, significant tasks remain at hand to move this case to conclusion. And the fact remains that whether or not Mr. Feinberg and Volkswagen are able to fashion a compensation fund, this case will proceed as a putative class action and the lawyers here will continue to represent their clients' interests in settlement discussions.

Under all these circumstances, the Brewitt Plaintiffs suggest that the parties and this Court would be best served by the appointment of a small group of Special Settlement Masters for several reasons. First, this case is likely to proceed rapidly as Volkswagen's negotiations proceed with state and federal regulatory and law enforcement authorities, as well as the private plaintiffs. Second, resolution of this case necessarily will involve both compensation for the

diminished value of implicated vehicles, but also any proposed fix advanced by Volkswagen. Third, this case involves complex legal claims and multiple theories of liability. Fourth, Special Settlement Masters will need to coordinate with multiple parties, including the private litigants and authorities from multiple jurisdictions.

In light of all these considerations, the Brewitt Plaintiffs propose a structure involving three Special Settlement Masters. One Special Settlement Master would serve as the chair charged with being the principal liaison between the private parties, Mr. Feinberg, and state and federal authorities. A second Special Settlement Master should focus on the quantification and resolution of damages claims. And a third Special Settlement Master would focus on any proposed mechanical or technological fixes. Other important tasks and responsibilities may be divided among the three masters. The Brewitt Plaintiffs submit that this proposed structure would be the most efficient means to explore potential resolution of the complex claims and issues at stake in this litigation.

The Brewitt Plaintiffs recommend the following candidates to serve as Special Settlement Masters in this case.

**Prof. Eric D. Green**: Professor Eric Green will likely need little introduction to this Court. He is co-founder of two prominent ADR/Mediation firms, Endispute (now part of JAMS) and Resolutions, LLC in Boston. Professor Green is a renowned mediator and special master who has served in those roles in thousands of cases. The International "Who's Who Legal" in Commercial Mediation recently named Professor Green as the leading US-based mediator. The undersigned has mediated several complex cases with Professor Green and can attest to his qualifications and abilities. Further, Professor Green enjoys a longstanding professional relationship with many of the attorneys present in this litigation, as well as Mr. Feinberg. He has also co-mediated disputes with several of the candidates advanced in this litigation. Should the Court agree with the structure outlined above, the Brewitt Plaintiffs believe that Professor Green would be an excellent choice to serve as chair of the proposed panel. A copy of Professor Green's biography is attached as Exhibit 2.

**Hon. Edward A. Infante**: The retired Chief Magistrate Judge for this district is likewise well known to this Court and many of the parties and attorneys. Judge Infante is a tenacious mediator of complex disputes and has over thirty-years experience in dispute resolution. Judge Infante's experience in complex disputes, including antitrust, pharmaceutical, and securities class actions lends itself to negotiation and resolution of many of the claims and issues present in this case. The Brewitt Plaintiffs submit that Judge Infante is ideally suited as a Special Settlement Master charged with negotiations concerning plaintiffs' damages claims. A copy of Judge Infante's biography is attached as Exhibit 3.

**Hon. Rebecca Westerfeld**: Judge Westerfeld also requires little introduction. She is a highly respected mediator with significant experience resolving complex cases. Judge Westerfeld has resolved over 2,500 cases. She is particularly well suited to handling cases involving cross-cultural issues and parties, similar to this very dispute. Further, Judge Westerfeld has the ability to master highly technical and complex issues quickly in her pursuit of a resolution. The Brewitt Plaintiffs submit that Judge Westerfeld is extremely qualified to serve as a Special Settlement Master responsible for working with all interested parties on potential mechanical and technical fixes. A copy of Judge Westerfeld's biography is attached as Exhibit 4.

In the event the Court decides that the appointment of a single Special Settlement Master is most appropriate in this case, the Brewitt Plaintiffs' recommend the preceding candidates for this Court's consideration.

The undersigned will be prepared to discuss the proposed structure and candidates at the December 22, 2015 status conference should the Court have any questions.

Respectfully submitted,

**BURNS CHAREST, LLP**

/s/ Warren T. Burns
WARREN T. BURNS

Warren T. Burns (*Appearing Pro Hac Vice*)
wburns@burnscharest.com
Will Thompson
wthompson@burnscharest.com
BURNS CHAREST, LLP
500 N. Akard Street, Suite 2810
Dallas, TX 75201
Tel: (469) 904-4550
Fax: (469) 444-5002

*Counsel for Plaintiffs Peter Brewitt, Amy M. Thomas, Ronald Sekul, and Tom Assaf Abdalla*

**CERTIFICATE OF SERVICE**

I hereby certify that I served the forgoing through the Court's CM/ECF system upon all counsel registered with that system.

Dated: December 18, 2015.

                                      /s/ Warren T. Burns
                                        WARREN T. BURNS