Theodore H. Frank (SBN 196332)
Anna St. John (*pro hac vice* pending)
**COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS**
1899 L Street NW, 12th Floor
Washington, DC 20036
Voice: (202) 331-2263
Email: ted.frank@cei.org
Email: anna.stjohn@cei.org
*Attorneys for Amicus Curiae*
  *Competitive Enterprise Institute*
  *Center for Class Action Fairness*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL No. 2672<br><br>**MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE OF THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER FOR CLASS ACTION FAIRNESS** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the Competitive Enterprise Institute's Center for Class Action Fairness ("CCAF") hereby does move the Court pursuant to N.D. Cal. Civil Local Rule 7-11 for an order granting CCAF's request for leave to file the accompanying *amicus curiae* brief in the above-captioned matter (attached as Exhibit 1). In accordance with Local Rule 7.11(c), the motion is deemed submitted for immediate determination without hearing on the day after the opposition is due.

This motion is based on the following memorandum of points and authorities, and such other materials as the Court may consider.

PLEASE TAKE FURTHER NOTICE that, in accordance with the Local Rules 7-2 and 7-11(a), a proposed Order is attached (Exhibit 3).

PLEASE TAKE FURTHER NOTICE that, in accordance with Local Rule 7-11(a), a declaration from Theodore H. Frank, the founder and director of CCAF, explains why a stipulation could not be obtained (attached as Exhibit 2).

PLEASE TAKE FURTHER NOTICE that the undersigned consents to disposition of this motion on the papers in accordance with Local Rules 7-1(b) and 7-11(c).

## STATEMENT OF COURT ACTION SOUGHT

CCAF moves the Court to enter an order granting CCAF leave to file the brief attached as Exhibit 1 as *amicus curiae*. With the brief, CCAF seeks to assist the Court in the exercise of its fiduciary duty to safeguard the interests of the class by proposing an approach by which to select lead plaintiffs' counsel in the present multi-district litigation, which consolidates tens and potentially hundreds of cases filed in districts across the country.

## STATEMENT OF INTEREST

CCAF is a sub-unit of the IRC § 501(c)(3) non-profit Competitive Enterprise Institute ("CEI"). (CCAF, which was founded by Ted Frank in 2009, became part of CEI on October 1, 2015.) CCAF is recognized as "the leading critic of abusive class action settlements." Adam Liptak, *When

*Lawyers Cut Their Clients Out of the Deal*, N.Y. TIMES, Aug. 13, 2013, at A12; *see also* Roger Parloff, *Should Plaintiffs Lawyers Get 94% of a Class Action Settlement?*, FORTUNE, Dec. 15, 2015 (calling CCAF's founder "the nation's most relentless warrior against class-action fee abuse"). CCAF stands for the principles that settlement fairness requires that the primary beneficiary of a class-action settlement should be the class, rather than the attorneys or third parties; and that courts scrutinizing settlements should value them based on what the class actually receives, rather than on illusory measures of relief. In CCAF's six-year history CCAF attorneys have won numerous landmark decisions in support of these principles. *E.g.*, *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013); *In re Baby Products Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 8, 2015, the United States Judicial Panel on Multidistrict Litigation transferred tens of cases and potentially hundreds of related "tag-along actions" to this Court. *See* Transfer Order (Dkt. 1). In Pretrial Orders No. 1 and 2, this Court stated its "inten[t] to appoint a Plaintiffs' Steering Committee to conduct and coordinate the pretrial stage of the litigation." *See* Pretrial Order No. 1 (Dkt. 2) ¶ 5. Class actions such as this present a heightened risk that the conflict of interest between absent class members and their attorneys, particularly at the fee-setting stage, when counsel's "interest in getting paid the most for its work representing the class [is] at odds with the class' interest in securing the largest possible recovery for its members," will materially compromise the interests of the class. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (internal quotation and citation omitted). CCAF respectfully seeks to offer, in a brief of *amicus curiae*, its views, based on its more than six years of experience litigating on behalf of class members' interests, of how the Court can protect the interests of the class by selecting lead counsel through a competitive bidding process.

"District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are

able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks omitted)). "'The district court has broad discretion to appoint amici curiae.'" *In re Apple iPhone/iPod Warranty Litig.*, 40 F. Supp. 3d 1176, 1179 (N.D. Cal. 2014) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandlin v. Conner*, 515 U.S. 472 (1995), and holding that Apple's opposition to attorneys' fees could be considered as a brief of *amicus curiae* even if Apple lacked standing to object). "There are no strict prerequisites that must be established prior to qualifying for amicus status." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (internal quotation marks omitted) (granting leave to file amicus brief consistent with courts' "great liberality in permitting an amicus curiae to file a brief …, to argue the case and introduce evidence" (internal quotation marks omitted)).

There is good cause for granting CCAF's motion. CCAF describes in the brief how the strong interest of plaintiffs' attorneys in this litigation demonstrates the potential windfall fees available to them, particularly to the firm selected to serve as lead plaintiffs' counsel. The potential for windfall fees is reinforced by the facts of the case: the class is large; potential damages are in the billions or hundreds of millions of dollars; the defendant has already admitted some wrongdoing; and plaintiffs will be able to piggyback off of government investigations. Given these facts and the conflicts of interest endemic in class actions, appointing lead plaintiffs' counsel raises particularly sharp concerns that the best interests of the class will not be served.

CCAF discusses the advantages to the Court and the class of selecting lead plaintiffs' counsel through a competitive bidding process, as a number of courts previously have done with success. Because this is a low-risk case in which class counsel is virtually certain to recover attorneys' fees, there is little need for a "risk premium" traditionally built into contingency fees. Through a bidding process, putative lead counsel will bid down their fees until the unnecessary risk premium—the "windfall" that they otherwise might recover—has been returned to the class. The Court can further protect the class by analyzing the bidders' qualitative factors and the incentive structure built into the bids to ensure that a firm capable of and committed to achieving a fair recovery for the class is selected.

**CONCLUSION**

For the foregoing reasons, CCAF respectfully asks the Court to grant leave to file the accompanying brief of *amicus curiae*.

Dated: December 31, 2015            Respectfully submitted,

                             /s/ Theodore H. Frank

                             Theodore H. Frank (SBN No. 196332)
                             Anna St. John (*pro hac vice* pending)
                             COMPETITIVE ENTERPRISE INSTITUTE
                                CENTER FOR CLASS ACTION FAIRNESS
                             1899 L Street, NW, 12th Floor
                             Washington, DC 20036
                             Telephone: (202) 331-2263
                             Email: ted.frank@cei.org
                             Email: anna.stjohn@cei.org
                             *Attorneys for Amicus Curiae*
                                  *Competitive Enterprise Institute*
                                  *Center for Class Action Fairness*

# CERTIFICATE OF SERVICE

I, Theodore H. Frank, declare that I am over the age of eighteen and not a party to the entitled action. I am an attorney with the Competitive Enterprise Institute's Center for Class Action Fairness, and my office address is 1899 L Street NW, 12th Floor, Washington, DC 20036.

On December 30, 2015, I caused to be served a true and correct copy of the following:

**1)   MOTION FOR ADMNISTRATIVE RELIEF FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE OF THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER FOR CLASS ACTION FAIRNESS**

**2)   BRIEF OF AMICUS CURIAE OF THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER FOR CLASS ACTION FAIRNESS**

**3)   DECLARATION OF THEODORE H. FRANK**

**4)   [PROPOSED] ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE OF THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER FOR CLASS ACTION FAIRNESS.**

**5)   CERTIFICATE OF SERVICE**

with the Clerk of the Court using the Official Court Electronic Document Filing System which served copies on all interested parties registered for electronic filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 31, 2015, in Washington, DC.

*/s/ Theodore H. Frank*
Theodore H. Frank