UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE VOLKSWAGEN "CLEAN DIESEL"  )
MARKETING, SALES PRACTICES, AND  )   Case 15-MD-2672
PRODUCT LIABILITY LITIGATION     )
-----------------------------------------------
This document relates to all cases  )
-----------------------------------------------

**MEMORANDUM IN SUPPORT OF MOTION FOR ADMINISTRATIVE**
**RELIEF TO FILE BRIEF OF AMICUS CURIAE**
**AND RESPONSE TO AMICUS CURIAE'S BRIEF**

This memorandum is filed on behalf of plaintiffs Ariel Simmons, Linda Chickos, J. Brian Kauling, David Mack, Brian Pine, Bryan Sechrist, Matthew J. Ghio and Laurie A. Swartz, Deborah Brown, Mike Holtshouser, Charles Kertz, and John C. Lapicki, all of whom filed suit on behalf of themselves individually and on behalf of a putative class of Missouri consumers (jointly, "Missouri consumers"), and on behalf of plaintiff Eagle Auto-Mall Corp. ("Eagle"), which filed suit on behalf of itself and on behalf of a putative national class of franchised Chevrolet dealers.

The Missouri consumers and Eagle support the Competitive Enterprise Institute's Center for Class Action Fairness's motion [Doc. 454] to participate in the MDL as an amicus curiae. While these plaintiffs do not agree with the Center or its positions in all respects, they acknowledge that its focus and advocacy on issues relating to the settlement of class actions and fees to class counsel will likely add a useful voice and perspective that may be helpful to the court in its management of this initial stage of these proceedings.

With respect to the position stated by the Center in its proposed amicus curiae brief, the Missouri consumers agree it would be appropriate to use a competitive bidding process for the selection of lead counsel and members of a plaintiffs' steering committee ("class counsel") for the consumer class actions consolidated in this MDL. The consumer cases are well-suited for such a competitive bidding process for the reasons stated in the Center's brief.

Implementing a competitive process for the selection of class counsel with respect to the consumer cases would, however, require modification of the court's current schedule, established in Pretrial Orders Nos. 1 and 2. The current schedule requires applications for class counsel positions to be filed with the court by Friday, January 8. The current Pretrial Orders do not require class counsel applications to be made without consultation with other plaintiffs' counsel; they do not require class counsel applications to be made under seal; and they do not require class counsel applications to include a competitive attorneys' fee bid as part of the proposal.

Consequently, implementation of the competitive bid process proposed by the Center would require a new schedule, with new requirements, and likely a new, standardized questionnaire for completion by counsel seeking appointment as class counsel.

The Missouri consumers do not suggest that the need to reschedule and adjust the application and appointment process is a reason to reject the Center's proposal. The Missouri consumers contend, however, that if the Center's proposal is to be adopted, the court ought to issue an order doing so no later than Thursday, January 7, cancelling the current application deadline and setting in motion the competitive application process.

Eagle suggests that a competitive bid process, as suggested by the Center, is not appropriate with respect to selection of class counsel for the class Eagle proposes to represent, which is defined in Eagle's complaint as, "All franchised Chevrolet dealers in existence in the United States at any time from July 1, 2013 to the present that were not also a franchised VW dealer."

2

Unlike the consumer cases, there is no "feeding frenzy by plaintiffs' attorneys," *Center's Brief* at 4, with respect to cases brought on behalf of competing automobile dealers. To the best of Eagle's knowledge following review of pleadings in the multitude of cases consolidated in this MDL, Eagle's case is one of only three brought on behalf of any purported class of competing automobile dealers. Moreover, unlike the consumer cases, in which liability is essentially conceded, Eagle expects a long, difficult fight against Volkswagen with respect to both liability and damages. Cases involving competitive injury are difficult to prove. The case brought by Eagle on behalf of Chevrolet dealers is not a low-risk case deserving of little or no risk premium.

Consequently, Eagle suggests that while a competitive bidding process for class counsel is appropriate in connection with the consumer class actions, it would not be appropriate with respect to the selection of class counsel in the class action Eagle has brought on behalf of its putative national class of Chevrolet dealers.

## CONCLUSION

Competitive Enterprise Institute's Center for Class Action Fairness's motion to participate as amicus curiae should be granted, as should its proposal that a competitive bid process be implemented for the selection of lead counsel and members of the plaintiffs' steering committee with respect to the consumer class actions consolidated in this MDL. Consequently, the existing pretrial orders should be amended and a new schedule should be implemented for application for these positions.

The current pretrial orders for application to serve as lead counsel or as a member of the plaintiffs' steering committee with respect to the competing automobile dealer class actions should not be modified to require those application to be made by competitive bid. The timing of such applications should be rescheduled or not as the court deems most convenient.

Respectfully submitted,

JACOBSON PRESS & FIELDS P.C.

By:   /s/ Joe D. Jacobson
Joe D. Jacobson
Allen P. Press
Matthew B. Vianello
Cary Press
168 N. Meramec Ave., Suite 150
Clayton, MO 63105
*Pro hac applications filed and pending*

Phone: 314-899-9789
Fax: 314-899-0282

Jacobson@ArchCityLawyers.com
Press@ArchCityLawyers.com
Vianello@ArchCityLawyers.com
CaryPress@ArchCityLawyers.com

Attorneys for plaintiffs Ariel Simmons, Linda Chickos, J. Brian Kauling, David Mack, Brian Pine, Bryan Sechrist, Matthew J. Ghio and Laurie A. Swartz, Deborah Brown, Mike Holtshouser, Charles Kertz, and John C. Lapicki, and for plaintiff Eagle Auto-Mall Corp.

<u>CERTIFICATE OF SERVICE</u>

The filing attorney certifies that on January 4, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.