

January 5, 2016
**VIA ECF FILING**

Honorable Charles R. Breyer
United States District Judge
Courtroom 6, 7th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: Application for Leadership in** *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, 15-MD- 2672 CRB (JSC)

Dear Judge Breyer:

Pursuant to Pretrial Order No. 2 ("PTO 2"), I, Michael Hausfeld, the senior and founding partner of Hausfeld LLP ("HLLP"), hereby apply for either a lead or co-lead position in the above-captioned litigation. Alternatively, I am also willing to serve as a steering committee member. HLLP's abbreviated CV is attached as Appendix A.

**Professional experience**. As this Court noted at the status conference held on December 22, 2015, serious efforts need to be undertaken in order to attempt to resolve this case promptly. I am widely regarded as a consummate negotiator of settlements that often involve large and complex issues, including international settlements with foreign companies. For example, I was instrumental in settling *International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal.) ("*Air Transportation*") (wherein this Court presided over a groundbreaking settlement of antitrust claims against two British air carriers under both United States and British law); *In re Holocaust Victim Assets Litigation* (E.D.N.Y.) (settlement of $1.25 billion against Swiss banks that laundered stolen funds and valuables for the Nazi regime); *In re Forced & Slave Labor Cases* (E.D.N.Y.) (settlement of $5.2 billion against German companies (including Volkswagen) that profited from slave labor during World War II); *In re Vitamin Antitrust Litigation* (D.D.C.) (settlement of $1.1 billion against six vitamin manufacturers (including German companies) for price-fixing); and *In re Foreign Exchange Benchmark Rates Antitrust Litigation* (S.D.N.Y.) (proposed settlements of over $2 billion against nine banks (including foreign banks) accused of price-fixing), among many other cases. I am profiled in *Done Deal: Insights from Interviews with the World's Best Negotiators*, by Michael Benoliel, Ed.D.

I have been consistently recognized as one of the top antitrust litigators in the country and HLLP is currently serving as Lead or Co-Lead Counsel in 40 major class action cases (encompassing numerous MDLs), including antitrust, consumer, and mass tort claims.

Furthermore, I have extensive experience in environmental matters. I represented native

Alaskans who were adversely impacted by the 1989 *Exxon Valdez* oil spill; residents of Bhopal, India, who were exposed to toxic waste when a gas leak occurred at a Union Carbide plant; residents of a Denver suburb who suffered catastrophic injuries as a result of drinking water contaminated by Martin Marietta Corporation's Waterton plant; and a community located near the Rocky Mountain Arsenal in Denver (dubbed "the most polluted piece of ground in America"), the cleanup of which emitted toxic dust.

I and my colleagues also have experience in litigation involving the automobile industry. I (and my partner, Michael Lehmann) played a significant role in *In re Canadian New Motor Vehicles Export Antitrust Litigation* (D. Me.). I also represented the Center for Auto Safety ("CAS") in the *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation* (S.D. Ind.). I also represented for several years the National Automobile Dealers Association on antitrust matters and am well-versed on the interaction among automobile manufacturers, dealers, and consumers. Christopher Lebsock has a prior practice in vehicle warranty claims.

**Judicial References**. Your Honor has had extensive experience with me and HLLP in *Air Transport* and the *Transpacific Air Passenger Litigation*. Other judges who can serve as references for me include Senior Judge Claudia Wilken (N.D. Cal.) (who presides over the *NCAA Student Name and Likeness Litigation*), Judge David Proctor (N.D. Ala.)(*Blue Cross Blue Shield Antitrust Litigation*), Senior Judge Paul Friedman (D.D.C.) (*Rail Freight Antitrust Litigation*), Senior Judge Thomas Hogan (D.D.C.) (*Vitamin Antitrust Litigation*), Senior Judge Edward Korman (*Holocaust Assets*) (E.D.N.Y.), and Judge Douglas Ginsburg (D.C. Cir.) (*Korean Comfort Women*).

**Factors (3) Through (7) In PTO 2**. I and my firm are willing to commit their time and considerable resources to this litigation. I desire to serve preferably as a lead or co-lead counsel or as a member of the steering committee and believe I and my firm can play an important role in the settlement or litigation of this matter. I seek to represent consumers as well as the CAS, which has also filed suit in this MDL. I have made no promises to others in order to obtain support for his application, although I have worked well in prior cases with nearly every major firm on file here.

**Other Considerations**. The hard work that I and HLLP have put into understanding the facts of this case is reflected in its *Budare* (Dkt. No. 223-1) and our prior complaints, filed as early as October 6, 2015. We developed independent facts and raised some claims that were distinct from what other counsel have filed. In addition to the standard consumer fraud claims, my firm filed complaints against VW containing federal antitrust and RICO claims. The antitrust claims reflect the fact that VW used its concealed "defeat device" to monopolize the United States "clean diesel" automobile market by misrepresenting the environmentally friendly nature of the vehicles at issue.

Another factor that sets me and HLLP apart from all other firms in terms of the work done here is our interaction with regulators. On October 9, 2015 (and again on November 5, 2015 with respect to additional vehicles), HLLP sent a notification letter pursuant to 42 U.S.C. § 7604(b) to the United States Environmental Protection Agency ("EPA"), the United States

Department of Justice ("DOJ"), and officials in 13 states, led by California, that have emissions requirements that are stricter than those enforced by the EPA notifying them of our intent to commence a citizen's suit under the provisions of the federal Clean Air Act ("CAA"). Under the CAA, HLLP's plaintiffs have the right to seek injunctive relief and penalties for each CAA violation (42 U.S.C. § 7524(a)). HLLP was prepared to file that citizen suit on December 8, 2015. In an effort to unite both public and private interests, HLLP entered into an agreement with DOJ concerning the prosecution of CAA claims against Volkswagen, the terms of which are memorialized in letters dated December 2 and 11, 2015. *See* Appendices B and C. The DOJ filed a CAA suit in the Eastern District of Michigan on January 4, 2016, and HLLP has moved to intervene in it (Appendix D) and has asked the JPML to treat HLLP's complaint in intervention as a tag-along in MDL 2673 (Appendix E). As part of HLLP's forbearance from filing in December, DOJ agreed to support transfer of its CAA action to this MDL. I or members of my firm have also met or spoken with state regulators regarding such efforts.

       Similarly, HLLP is unique in that it represents the CAS, a Washington, D.C.-based organization that has advocated on behalf of motor vehicle consumers nationwide for nearly 50 years. CAS has tens of thousands of members across the 50 states. CAS is not seeking to represent a class, but is solely seeking injunctive relief. It has extensive databases on vehicles driven domestically, as well as information on VW's misconduct. CAS's mission focuses on both automotive safety and emissions, and it also has access to expert automotive engineers on staff who will be very useful in analyzing the claims here. It is the only private organization that seeks to influence (through its request for injunctive relief) the standards for Volkswagen's return to any "clean diesel" or "clean engine" market in this country. CAS's unique interests should also be represented in any leadership structure.

       Finally, HLLP is a pioneer in its ability to handle plaintiff's side litigation across the globe. The firm has over 60 attorneys located in in Washington, DC; Philadelphia, PA; New York, NY; San Francisco, CA; London; Brussels; and—most notably—Berlin (known as Hausfeld Rechtsanwälte LLP). The Berlin office is staffed by Christopher Rother, former General Counsel for Deutsche Bahn, and Dr. Thomas Höppner, as well as two associates. HLLP's foreign offices have been investigating Volkswagen's conduct in Europe and, as occurred in the *Air Transportation* case, a settlement here could potentially be structured to resolve foreign claims. To the extent the case is not resolved, HLLP's Berlin office could provide crucial assistance in handling discovery and related litigation issues in Germany and throughout Europe.

    I look forward to serving in this matter.

                                                         Sincerely,

                                                         Michael D. Hausfeld
                                                         Partner