UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

MDL No. 2672 CRB (JSC)

**PRETRIAL ORDER NO. 4: ORDER APPOINTING LEAD PLAINTIFF IN SECURITIES ACTIONS**

This Order Relates To:

*City of St. Clair Shores,* 15-1228 (E.D. Va)
*Travalio,* 15-7157 (D.N.J.)
*George Leon Family Trust*, 15-7283 (D.N.J.)
*Charter Twp. of Clinton*, 15-13999 (E.D. Mich.)
*Wolfenbarger*, 15-326 (E.D. Tenn.)
_____/

## INTRODUCTION

On December 10, 2015, the Judicial Panel on Multidistrict Litigation conditionally transferred five Plaintiff Securities Law Reform Act ("PSLRA") securities actions to this Court for consolidated pretrial proceedings. The Court subsequently extended the deadline to move for appointment of lead plaintiff to December 31, 2015. Dkt. No. 355. As of this Order, only the Arkansas State Highway Employees Retirement System ("ASHERS") has filed motions to serve as Lead Plaintiff in the Virginia, New Jersey, and Michigan actions. *St. Clair*, Case No. 15-1218 (E.D. Va.), Dkt. No. 117; *Travalio*, Case No. 15-7157 (D.N.J.), Dkt. No. 11-2; *George Leon Family Trust*, Case No. 15-7283, Dkt No. 10; *Charter Twp. of Clinton Police & Fire Ret. Sys*, Case No. 15-13999 (E.D. Mich.), Dkt. No. 7. All other Lead Plaintiff applicants have since withdrawn their motions, and no party has opposed ASHERS' motions. For the following reasons, the Court GRANTS Plaintiff ASHERS' Motion.

//

**LEGAL STANDARD**

**A.     Lead Plaintiff**

Pursuant to the PSLRA, "the court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(3)(B)(i). The PSLRA also refers to the lead plaintiff as "the most adequate plaintiff." *Id.* The statute "provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

First, the plaintiff must notify members of the purported class "of the pendency of the action, the claims asserted therein, and the purported class period[.]" 15 U.S.C. § 78u-4 (a)(3)(A)(i)(I). The plaintiff must provide the notice "in a widely circulated national business-oriented publication or wire service" within 20 days after filing the complaint, and it must inform members of the purported class that they have 60 days to file a motion to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

In the second step, the court identifies "the presumptively most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The PSLRA identifies this plaintiff as

> the person or group of persons that--
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).[1] The Ninth Circuit instructs district courts to focus on "the

---

[1] Under Rule 23(a),

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

2

losses allegedly suffered by the various plaintiffs" and to "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 729-30. Indeed, "the Reform Act provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy." *Id.* at 732 (emphasis in the original). Once the court identifies the plaintiff with the greatest financial stake, the court proceeds to determine, "based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of [Federal Rule of Civil Procedure] 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730. If the plaintiff with the largest financial interest satisfies the Rule 23(a) requirements, it is the presumptively most adequate plaintiff. *Id.*

The third step requires that "other plaintiffs [have] an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). A member of the purported class who seeks to rebut the presumption must show the presumptive plaintiff "will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* Absent such proof, the court must appoint the presumptively most adequate plaintiff as the lead plaintiff. *See Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."); *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 707 (9th Cir. 2009) ("The PSLRA creates a rebuttable presumption that the most adequate plaintiff—whom the court must appoint as the lead plaintiff—is the person or group that meets the following three requirements" under 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)).

**B.     Lead Counsel**

The PSLRA further provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-

3

4(3)(B)(v). "[T]he PSLRA unambiguously assigns this authority to the lead plaintiff[,]" and nothing in the statute "suggest[s] that the district court may appropriate this authority." *Cohen*, 586 F.3d at 709. Although the lead plaintiff's choice of counsel is subject to the court's approval, the court may only accept or reject that selection. *Id.* The court should defer to the plaintiff's selection if it is reasonable. *Id.* at 712.

If the court finds the lead plaintiff's choice counsel is unreasonable, "the court should articulate its reasons for disapproving plaintiff's choice and provide an opportunity for lead plaintiff to select acceptable counsel." *Id.* However, "the district court has no authority to select for the class what it considers to be the best possible lawyer or the lawyer offering the best possible fee schedule." *Cavanaugh*, 603 F.3d at 732. Thus, even if the court rejects the lead plaintiff's selection of counsel, the court nevertheless "is not free to appoint counsel of its own choosing." *Cohen*, 586 F.3d at 710 (citing *Cavanaugh*, 603 F.3d at 733 n.12).

## DISCUSSION

### A. Lead Plaintiff

#### 1. Notice Requirement

The plaintiff in *City of Saint Clair Shores Police & Fire Retirement Systems v. Volkswagen AG*, Case No. 15-1228 (E.D. Va.), filed the first PSLRA action on September 25, 2015. Counsel for Saint Clair timely published a notice on *PR Newswire* that same day, well within the 20 day deadline set forth in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *St. Clair*, Ex. A, Dkt. No. 7. The notice announced the commencement of a class action lawsuit against Volkswagen AG in the Eastern District of Virginia. Ex. A at 1. It explained that the lawsuit "charges Volkswagen and certain of its officers and directors with violations of the Securities and Exchanges Act of 1934" for acts arising out of Volkswagen's use of a "'defeat device' in certain of its diesel cars." *Id.* The notice further defined the class period as the time between November 19, 2010 and September 21, 2015 and informed purported class members they could move to serve as lead plaintiff within 60 days of the notice. *Id.*

In light of the foregoing, the Court finds Saint Clair's notice complies with the statutory notice requirements of the PSLRA.

2.      Presumptively Most Adequate Plaintiff

In the second step of the analysis, the Court must determine whether ASHERS is the presumptively most adequate plaintiff. The Court must first consider ASHERS' financial interest in the litigation. If ASHERS has the greatest financial stake, the Court then determines whether ASHERS satisfies the requirements of Federal Rule of Civil Procedure 23.

a.      Greatest Financial Interest

ASHERS submits a sworn certification from Larry Dickerson, ASHERS' Executive Secretary, which shows that on March 5, 2015, ASHERS purchased 80,000 shares of Volkswagen AG at a price of $49.1957 per share. *Travalio*, Ex. C, Dkt. No. 11-2; *George Leon Family Trust*, Ex. C, Dkt. No. 10-2; *Charter Twp. of Clinton Police & Fire Ret. Sys.*, Ex. C, Dkt. No. 7-4. On September 21, 2015, ASHERS sold 40,000 of those shares at a price of $29.7225 per share. *Id.* ASHERS' net expenditures during the class period total $2,746,756, and their approximate loss totals $1,729,156. *See Travalio*, Ex. D, Dkt. No. 11-2; *George Leon Family Trust*, Ex. D, Dkt. No. 10-2; *Charter Twp. of Clinton Police & Fire Ret. Sys.*, Ex. D, Dkt. No. 7-5.

Given that ASHERS is the sole movant for appointment of lead counsel and the motion is unopposed, ASHERS is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See Welgus v. Trinet Grp., Inc.*, 2015 WL 7770222, at *2 (N.D. Cal. Dec. 3, 2015); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *3 (N.D. Cal. May 29, 2013).

b.      Rule 23 Requirements

As the Court has determined ASHERS has the greatest financial stake in this litigation, the Court next considers whether ASHERS meets the requirements set forth in Rule 23(a). *See Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."). ASHERS need only make a "prima facie showing of typicality and adequacy." *Id.* at 730.

Rule 23(a) requires that "claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" The lead plaintiff's "claims are 'typical' if they are reasonably

co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). ASHERS contends that, like all other purported class members, it purchased Volkswagen American Depository Receipts ("ADRs") during the class period at prices allegedly inflated by Volkswagen's false and misleading statements and/or omissions, and ASHERS suffered damage as a result. There is no evidence to suggest ASHERS' claims may be atypical to the claims of other purported class members.

To determine whether ASHERS will adequately represent class members, courts must consider whether (1) the lead "plaintiffs and their counsel have any conflicts of interest with other class members," and (2) the lead plaintiff will "prosecute the action vigorously on behalf of the class[.]" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal quotations omitted). ASHERS argues its substantial financial stake in this action provides it incentive to litigate vigorously and represent the interests of the class, and there are no facts before the Court to suggest otherwise. Moreover, there is no indication that any conflicts of interests exist between potential class members and ASHERS or its counsel.

As such, the Court finds ASHERS has met the typicality and adequacy requirements under Rule 23 and thus qualifies as the presumptively most adequate plaintiff under the PSLRA.

3. Opportunity to Rebut

ASHERS' Motion is unopposed, and no member of the purported classes has provided proof that ASHER "will not fairly and adequately protect the interests of the class" or is otherwise "subject to unique defenses that render [ASHER] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

B. **Lead Counsel**

ASHERS has selected Bernstein Litowitz Berger & Grossman LLP to be lead counsel in this action, and no parties have objected to this appointment. Having reviewed the firm's resume, the Court is satisfied that ASHERS' choice is reasonable. *See Travalio*, Ex. E, Dkt. No. 11-2; *George Leon Family Trust*, Ex. E, Dkt. No. 10-2; *Charter Twp. of Clinton Police & Fire Ret. Sys.*, Ex. E, Dkt. No. 7-6. The Court therefore defers to ASHERS' selection of lead counsel.

6

**CONCLUSION**

For the foregoing reasons, the Court appoints ASHERS as lead plaintiff and Bernstein Litowitz Berger & Grossman LLP as lead counsel. ASHERS shall file a consolidated amended complaint on or before **February 19, 2016**.

**IT IS SO ORDERED.**

Dated: January 5, 2016



_____
CHARLES R. BREYER
United States District Judge