# WILENTZ
## Attorneys at Law

**KEVIN P. RODDY, ESQ.**

T: 732.855.6402
F: 732.726.6686
kroddy@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

January 6, 2016

**VIA ECF FILING**

Honorable Charles R. Breyer
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation,* MDL No. 2672 CRB (JSC)

Dear Judge Breyer:

      Pursuant to Pretrial Order No. 2, Kevin P. Roddy and Wilentz, Goldman & Spitzer, P.A. seek appointment to the Law Subcommittee of the Plaintiffs' Steering Committee ("PSC"). We request either Court appointment or consideration for appointment by such counsel (*e.g.,* Lead Counsel or PSC) to whom the Court may delegate such assignments. Based upon our experience in recent MDL cases, we believe that the prosecution of this litigation will be benefitted by the immediate creation of a Law Subcommittee of the PSC to research, investigate, analyze, formulate, assert, and brief the appropriate federal and state law claims. We believe that we are qualified to be a leader of that anticipated group effort.

      With our co-counsel, we have filed cases in California and New Jersey on behalf of persons who purchased "Clean Diesel" vehicles from Defendant, Volkswagen Group of America, Inc. ("VW"), during the relevant time period, both of which are now pending before this Court: *Leo Winternitz v. Volkswagen Group of America, Inc.,* Case No. 2:15-cv-02062 (E.D. Cal.), and *Steven E. Brier v. Volkswagen Group of America, Inc.,* Case No. 2:15-cv-07297 (D.N.J.). In addition to consumer fraud claims, in the *Brier* Complaint we asserted claims against VW for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* and the New Jersey RICO statute ("NJRICO"), N.J. STAT. ANN. § 2C:41-1 *et seq.* I am aware that similar civil racketeering claims have been asserted in other cases pending before Your Honor.

I am admitted to practice in California, New Jersey, and New York. I am an experienced litigator and trial lawyer. Since 1988, my practice has focused on complex litigation, including class actions and RICO cases. (I have attached to this letter an edited version of my resume – the complete version may be found at my Firm's website: www.wilentz.com.) Ten years ago, I argued *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006), before the Supreme Court. The decision in that case set the standard for proximate causation in RICO cases. I have been appointed lead or co-lead counsel for plaintiffs in several RICO class actions, including *CGC Holding Co., LLC v. Hutchens*, Case No. 11-1012, which is pending before Judge Brooke Jackson in the District of Colorado, and *Miller v. Basic Research, LLC*, Case No. 07-0871, which was recently settled before Judge Stewart in the District of Utah. I was co-lead counsel for plaintiffs and the class in *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448 (D.N.J. 2008), a RICO and ERISA class action in which we achieved a $255 million settlement of health insurance claims. Our Firm continues to administer that class action settlement. Until last year, the case was pending before Judge Faith Hochberg, who is now a mediator with Phillips ADR in New York City.

In an environmental contamination case in which we represented the defendant, a New Jersey real estate developer, we successfully asserted NJRICO claims against the property owner (Ford Motor Co.) and its contractor, subcontractors, and environmental consultants, settling the case on confidential terms which were extremely favorable to our client. *Ford Motor Co. v. Edgewood Props., Inc.*, 2012 U.S. Dist. LEXIS 125197 (D.N.J. Aug. 31, 2012). That case was litigated before Judge Esther Salas and Magistrate Judge Cathy Waldor.

During 2004-2008, I served with Elizabeth Cabraser of Lieff Cabraser as co-lead counsel for plaintiffs and class members in *In re Ford Explorer Cases*, JCCP Nos. 4266 & 4270, a false advertising class action brought on behalf of 450,000 California vehicle owners. Those coordinated cases were litigated before Coordination Trial Judge David DeAlba in Sacramento County Superior Court. After a 51-day bench trial in 2007, the case was settled. The settlement, which Judge DeAlba approved in 2008, included one million class members (vehicle owners) from California, Texas, Illinois, and Connecticut.

In 1992, I was one of the principal trial lawyers for plaintiffs and the class in *In re Am. Cont. Corp./Lincoln Savs. & Loan Sec. Litig.*, MDL No. 834, 794 F. Supp. 1424 (D. Ariz. 1992), in which we successfully asserted RICO and securities fraud claims against some of the country's largest law firms and accounting firms, securing $250 million in pretrial settlements and a $1 billion jury verdict against the non-settling defendants. That case was litigated and tried before the late Judge Richard Bilby. One of our co-counsel, the Honorable Susan Illston, is one of Your Honor's colleagues. Following the *ACC/Lincoln Savings* trial, I co-authored one of the definitive law review articles about RICO litigation with Professor G. Robert Blakey of Notre Dame Law School, the acknowledged principal architect of RICO: *Reflections on Reves v. Ernst & Young: Its Meaning and Impact on Substantive, Accessory, Aiding and Abetting and Conspiracy Liability Under RICO*, 33 AM. CRIM. L. REV. 1345 (1996). That article has played a significant role in reshaping RICO jurisprudence over the past 20 years. *See, e.g., Smith v. Berg*, 247 F.3d 532 (3d Cir. 2001). In 1994, I authored SAMPLE JURY INSTRUCTIONS FOR CIVIL RICO CASES, which was published by the American Bar Association Section of Antitrust Law. In 1991, I authored a two-volume treatise, RICO IN BUSINESS AND COMMERCIAL LITIGATION, which was published by Shepard's/McGraw-Hill.

From 1991 to 2011, I was Chair of the Amicus Committee of the National Association of Shareholder and Consumer Attorneys (NASCAT), a trade group of plaintiffs' class action attorneys that included as its members most of the significant law firms specializing in this type of litigation. In that capacity, I researched, drafted, and filed nearly three dozen *amicus* briefs in the Supreme Court and circuit courts of appeals. During 2005-2007, I served as NASCAT's President. In those capacities, I represented NASCAT's interests in legislative and lobbying efforts and worked cooperatively with other members of the plaintiffs' class action bar to advance our collective interests.

Over the past ten years, at the request of my co-counsel, I have served as chair or co-chair of Law Committees formed in several MDL cases, including *In re Pacquiao-Mayweather Boxing Match Pay-Per-View Litig.*, MDL No. 2639 (C.D. Cal.), currently pending before Judge R. Gary Klausner in Los Angeles; *In re DuPont/Imprelis Herbicide Marketing, Sales Practices & Products Liability Litigation*, MDL No. 2284 (E.D. Pa.), which was litigated and settled before Judge Pratter in Philadelphia; and *In re Medtronic, Inc., Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 1726 (D. Minn.), which was litigated and settled before Judge Rosenbaum in Minneapolis. Based upon these experiences and the successful outcome of the latter two cases, I believe that the prosecution of this litigation will be benefitted by the immediate creation of a Law Subcommittee of the PSC to research, investigate, analyze, formulate, assert, and brief the appropriate federal and state law claims.

Our Firm, which has more than 150 lawyers with offices located in Woodbridge, NJ, New York, NY, and Philadelphia, PA, was founded in 1919 by former New Jersey Attorney General David Wilentz, who gained national renown as the prosecutor of the Lindbergh Kidnapping Case. We have extensive resources and experience in class actions and mass tort litigation, including the successful prosecution of thousands of asbestos cases. We are willing to commit, and we have the ability to commit, the necessary resources to this time-consuming litigation. I believe that my decades of experience at the plaintiffs' bar, my selection as NASCAT's President, and my previous experience in MDL cases demonstrates my willingness and ability to work cooperatively with co-counsel and opposing counsel.

Respectfully submitted,

WILENTZ, GOLDMAN & SPITZER, P.A.

KEVIN P. RODDY

KPR/mm
Enclosure

**Kevin P. Roddy**
**Wilentz, Goldman & Spitzer, P.A.**
**90 Woodbridge Center Drive, Suite 900**
**Woodbridge, NJ 07095**

Bar Admissions: California, New Jersey, and New York

Education: The Cranbrook School, Bloomfield Hills, Michigan (diploma 1973); The University of North Carolina at Chapel Hill (B.A. 1977 & J.D. 1980)

Kevin P. Roddy is a shareholder in the law firm of Wilentz, Goldman & Spitzer, P.A. He is co-chair of the firm's Class Actions Team. He concentrates his practice on complex litigation, including class actions alleging violations of federal and state antitrust, consumer protection, unfair trade practices, anti-racketeering, and securities fraud statutes.

During 2005-2007, he served as President of the National Association of Shareholder and Consumer Attorneys (NASCAT). During 2003-2005, he was NASCAT's President-Elect. From 2000 to 2011, he served on NASCAT's Executive Committee and, from 1991 to 2011, he served as Chair of the NASCAT Amicus Committee. From February 2000 through December 2004, he was managing partner of the Los Angeles Office of Hagens Berman LLP, a Seattle-based firm specializing in class action litigation. From December 1991 to February 2000, he was Managing Partner of the Los Angeles Office of Milberg Weiss Bershad Hynes & Lerach LLP, a New York- and San Diego-based law firm specializing in class action litigation.

For more than 27 years, he has represented plaintiffs in many significant class actions, representative actions, and derivative actions litigated in federal and state courts throughout the United States. He has represented individual and institutional clients, including the American Federation of State, County and Municipal Employees, the California Public Interest Group, USAction, and the Congress of California Seniors. Mr. Roddy has played the lead role in representing plaintiffs in many significant cases, and has helped secure recoveries exceeding $2 billion.

Mr. Roddy's efforts in these complex cases have been praised by federal and state courts. In approving a worldwide settlement of a civil RICO and consumer protection class action brought on behalf of approximately 18 million people who used Western Union's money transfer services to transfer money from one country to another, in which Mr. Roddy served as Lead Counsel for Plaintiffs, Senior U.S. District Judge Charles Sifton of the Eastern District of New York lauded Mr. Roddy's "extensive experience handling civil RICO cases and class actions." The Court noted that the team of plaintiffs' counsel, led by Mr. Roddy, had "secured a significant recovery, including injunctive relief that requires [Western Union] to materially change the consumer disclosure forms and receipts that it uses throughout the world, in a complex, risky class action, and confronted defense counsel from highly respected law firms." *In re Western Union Money Transfer Litigation,* Master File No. CV-01-0335 (CPS) (E.D.N.Y. Feb. 8, 2005) (Memorandum and Order, at 13, 16).

Mr. Roddy has extensive experience trying cases. Since 1982, he has tried more than a dozen cases in federal and state courts in New Jersey, California, Virginia, Arizona, Tennessee and

1

North Carolina. In *In re American Continental Corp./Lincoln Savings & Loan Securities Litigation*, he was one of the lead trial counsel for a class of 23,000 defrauded shareholders and bondholders; that case (including a five-month jury trial in the District of Arizona) resulted in settlements of approximately $250 million and a jury verdict against the non-settling defendants exceeding $3 billion. In *The Industry Network System, Inc. v. Armstrong World Industries*, he was co-lead trial counsel in a 68-day antitrust conspiracy jury trial in the District of New Jersey. In *Stilwell Developments v. Wing Wah Chong*, he was lead trial counsel for the plaintiff smoke alarm manufacturer in a two-month intellectual property trial involving the enforcement of patents and copyrights; that case resulted in a $7 million jury verdict for plaintiff, which was successfully enforced in ancillary proceedings in the Hong Kong courts.

Some of his significant federal circuit court cases include the following:

• *Miller v. Basic Research, LLC*, 750 F.3d 1173 (10th Cir. 2014) (consumer protection class action alleging false advertising of weight-loss dietary supplement)
• *Fisher v. Kadant, Inc.*, 589 F.3d 505 (1st Cir. 2009) (breach of warranty class action alleging defective residential deck materials)
• *Karim v. AWB, Ltd.*, 347 Fed. Appx. 714 (2nd Cir. 2009) (class action on behalf of Iraqi Kurds alleging money laundering and diversion of proceeds from United Nations oil-for-food program)
• *Deutsch v. Turner Corp.*, 317 F.3d 1005 & 324 F.3d 692 (9th Cir. 2003) (class actions brought on behalf of U.S. and British POWs and Chinese, Dutch, Filipino and Korean civilian internees who were World War II forced labor victims)
• *Wayne v. DHL Worldwide Express*, 294 F.3d 1179 (9th Cir. 2002) (consumer protection class action involving purchase of "excess value" insurance for package shippers; 9th Circuit reversed district court's dismissal of action and refusal to remand case to state court)
• *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181 (9th Cir. 2001) (False Claims Act qui tam action against defense contractor arising out of construction of B-2 bomber; affirming district court's dismissal of whistleblower's action against defense contractor)
• *Lanza v. Merrill Lynch & Co.*, 154 F.3d 56 (2nd Cir. 1998) (securities fraud/civil RICO class action brought against securities seller; 2nd Circuit affirmed dismissal of action on statute of limitations grounds)
• *Batchelder v. Kawamoto*, 147 F.3d 915 (9th Cir. 1998) (shareholder derivative action arising out of Honda Motor Co. automobile dealership bribery scandal; 9th Circuit affirmed dismissal of action because U.S. ADR holder lacked standing to sue as shareholder under Japanese law)
• *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602 (5th Cir. 1998) (RICO action brought by trading card purchasers against manufacturer alleging illegal lottery scheme)
• *The Industry Network System, Inc. v. Armstrong World Industries*, 54 F.3d 150 (3rd Cir. 1995) (antitrust action brought by video distributor against floor covering manufacturer; 3rd Circuit affirmed jury's failure to award damages to plaintiff following trial)
• *Hamid v. Price Waterhouse*, 51 F.3d 1411 (9th Cir. 1995) (BCCI depositors class action litigation; 9th Circuit affirmed dismissal of action on abstention and comity grounds)
• *United States v. BCCI Holdings, S.A.*, 46 F.3d 1185 (D.C. Cir. 1995) (RICO forfeiture proceeding; D.C. Circuit affirmed dismissal of depositors' third-party forfeiture petition arising out of RICO prosecution and resulting forfeiture of assets)