# KANNER & WHITELEY, L.L.C.
### 701 Camp Street
### New Orleans, Louisiana 70130
(504) 524-5777
FAX: (504) 524-5763

January 8, 2016

Honorable Charles R. Breyer
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and*
              *Products Liability Litigation,* MDL No. 2672

Dear Judge Breyer:

     I am seeking appointment as lead counsel or alternatively as a member of the plaintiffs' steering committee, representing all plaintiffs, or consumer plaintiffs if it is not possible to represent all plaintiffs.

     I have substantial expertise as lead or co-lead counsel in complex litigation, class actions, and consumer fraud and deceptive and unfair sales practices claims, including *In re: Cox Enter., Inc., Set-Top Cable Television Box Antitrust Litig.*, MDL No. 2048 (Cauthron, J., W.D. Okla.) (co-lead counsel in antitrust class actions); *In re: Budeprion XL Marketing and Sales Litig.*, MDL No. 2107 (Schiller, J., E.D. Pa.) (lead counsel in consumer fraud class action against pharmaceutical manufacturer); *In re: Cooper Tire & Rubber Co. Tire Litig.*, MDL No. 1393 (Holschuh, J., S.D. Ohio) and *Talalai v. Cooper Tire & Rubber Co.*, MID-L-8839-OOMT, Mass Tort 259 (Corodemus, J., Law Div. Middlesex County, N.J.) (lead counsel in consumer fraud class actions on behalf of tire purchasers);[1] *In re: Synthroid Marketing Litig.*, MDL No. 1182 (Bucklo, J., N.D. Ill.) (co-lead counsel in consumer fraud national class action relating to deceptive marketing and sales);[2] and *Hanson v. Acceleration Life Ins. Co.*, Civ. No. A3:97-152 (Webb, J.; Klein, Magis. J., D.N.D.) (lead counsel in national consumer fraud class action for elderly purchasers of long term care insurance).[3]   The names and contact information of the above-referenced judges are as follows:

---

[1] The Cooper Tire cases began as 32 individual state class actions and one national class action. All but five of these 33 cases were consolidated into an MDL, while the remaining five, including the national class action in New Jersey, remained in state court. We effectively and efficiently managed each of these cases, coordinating among the state and federal courts to avoid duplication and maximize plaintiffs' efforts. This included managing 48 law firms that were working on these cases under my leadership. My team, including my co-counsel in this case, John Keefe, was able to successfully resolve these cases in a national settlement in less than one year from the initial filing.

[2] As one of the five co-leads in the *Synthroid* MDL, I managed and coordinated over 20 state court cases that were proceeding along with the cases that were consolidated in the MDL proceedings.

[3] In each of these cases I worked in tandem with one of my three partners, Conlee Whiteley, Elizabeth Petersen, and Cynthia St. Amant. Ms. St. Amant, who played a substantial role in the *Cox, Cooper Tire,* and *Second Chance* cases, and I will work together in this matter.

- Judge Robin Cauthron (W.D. Okla.): (405) 609-5200
- Judge Berle Schiller (E.D. Pa.): (267) 299-7620
- Judge Marina Corodemus (ret.) (Middlesex Cty. New Jersey): (732) 603-0005
- Judge Elaine Bucklo (N.D. Ill.): (312) 435-7610
- Magistrate Judge Karen Klein (ret.) (D.N.D.): (701) 715-4629
- Judges Rodney Webb (D.N.D.) and John Holschuh (S.D. Ohio) are deceased.

A number of these judges and others have discussed my expertise, integrity and tenacity in representing my clients. For example, in *In re: SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.,* No. 04-12515 (Bankr. W.D. Mich. Nov. 14, 2013), Judge James Gregg wrote of the "extraordinary beneficial results" achieved by Class Counsel, noting that "protecting the 'little guys' was one of the most important contributions of Class Counsel...But for the Class and the efforts of Class Counsel, the interests of many of these individual vest purchasers would not have received any compensation for their valid vest claims"; in *Hanson* (June 21, 2000), Magistrate Klein "commended [counsel] for their willingness to take on this cause when there were virtually no precedents to assure them of likely success," "their strong desire to correct a perceived injustice suffered by a vulnerable group of people" and "unquestionably put[ting] the interests of the class far ahead of their own interests"; in *Shaffer v. Cont'l Cas. Co.,* CV 06-2235-PSG (C.D. Cal. June 12, 2008), Judge Gutierrez noted the "substantial benefit for the Class in the face of formidable defenses to liability and difficult damages issues" achieved by Class Counsel, "that Class Counsel's skill and experience enhanced the Settlement," and the "substantial risk [assumed] by [Class Counsel] in taking this case on a contingency basis and advancing all of the necessary litigation expenses"; and in *Bonilla, et al., v. Trebol Motors Corp., et al.,* No. 92-1795 (D.P.R. Mar. 27, 1997), Judge Pieras wrote, "Mr. Kanner, who served as lead counsel at trial, has perhaps as much experience litigating complex class action suits as any attorney in the United States. He has authored, chaired, consulted on, contributed to, and given articles, symposiums, classes, books, practice guides, etc. More importantly, his resume is replete with instances in which he served as counsel in complex class action suits. His experience was essential to the success realized by the plaintiffs in this action."

I also have had successful experiences collaborating and cooperating with state and federal governmental entities and their counsel. In *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179, I represented the State of Louisiana and in doing so, worked closely with the DOJ and federal trustees including the EPA. In *Lemmings v. Second Chance Body Armor*, No. CJ-2004-64 (Mayes County Dist. Ct., Okla.) and the subsequent bankruptcy proceeding, *In re: SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.,* I worked closely with a working group of state attorneys general to obtain money back for law enforcement officers and entities, including state and local governments, that had purchased defective bulletproof vests.[4]

We are ready, willing and able to immediately commit to this time-consuming litigation, and I am willing to serve as lead counsel or as a member of the steering committee or both.

---

[4] That case resulted in an outstanding settlement for a national consumer class and individual states with a solvent, foreign defendant, followed by protracted bankruptcy proceedings against the remaining defendant.

Other than shared work with my co-counsel on an appellate brief in the *Cox* MDL, I have no major MDL commitments, and I will forego opportunities in other cases if selected in this case. Likewise, we have the resources to prosecute the litigation in a timely manner. In the recently completed ExxonMobil sixty-six day trial, the trial judge noted our firm's resources and abilities to get the job done against a determined adversary:

> The firm has labored in the high weeds of this litigation for eleven years, and during that time it received no compensation or reimbursement, as agreed. However, during that extensive time period the Firm still had to expend money for salaries and firm overhead associated with this case. Mr. Kanner has certified that 40,000 legal service hours of non-compensated time and $5 million in costs were advanced by the firm over the eleven years...The Firm was up against a determined adversary who created a daunting ten year defense that a less experienced, less determined, or less skilled effort would not have been able to timely, professionally, and, for the most part, successfully meet the challenge.

*N.J. DEP v. ExxonMobil*, No. UNN-L-3026-04 c/w UNN-L-1650-05 (Hogan, J., Sup. Ct. NJ) (8/25/15 Letter Opinion).

I am willing and able to work cooperatively with other plaintiffs' counsel and defense counsel. *See, e.g.*, Chambers & Partners (2011)("Allan Kanner of Kanner & Whiteley is one of the few plaintiffs' lawyers who really has the respect of the defense bar"); Titans of the Plaintiffs' Bar, LAW360 (October 15, 2014) (comments of defense counsel).  I have always acted cooperatively with my co-counsel before the Court in the timely and efficient prosecution of the case in our clients' best interest. In addition, in managing the litigation in the *Cox, Budeprion, Cooper Tire* and *Synthroid* MDLs, I encouraged all firms to participate in the litigation, and any firm desiring to work and/or to contribute costs was able to do so efficiently.

Leadership requires both the ability to work cooperatively and to propose, make and implement well informed decisions as to what is best for the clients in an effective manner.  My firm demonstrated this in our filing with the JPML (Doc. No. 806) advocating the position that this MDL not be assigned to one of the four courts where early steps were taken pending the Panel's determination as to which court would preside over the action.  While some highly talented counsel may have originally disagreed with this proposal, it is clear from the conduct of all counsel before Your Honor at the recent status conference that cooperative leadership can be established.  One of my firm's greatest strengths is putting together a diverse team and efficiently managing the talents of each co-counsel to achieve the best result for our clients, and I believe that my service as lead counsel or steering committee member will be a valuable asset here.

Respectfully submitted,

Allan Kanner, Esq.
**KANNER & WHITELEY, L.L.C.**

Attachments
cc:  All Counsel (via ECF)