# HEINS MILLS & OLSON, P.L.C.
### ATTORNEYS AT LAW

310 CLIFTON AVENUE
MINNEAPOLIS, MINNESOTA 55403
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

**VINCENT J. ESADES**
VESADES@HEINSMILLS.COM

January 8, 2016

<u>VIA ECF</u>

The Honorable Charles R. Breyer
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom 6 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 3:15-md-02672-CRB (JSC)

Dear Judge Breyer:

      I respectfully submit this letter in accordance with Court's Pretrial Order No. 2 (ECF No. 336) as my application for appointment as a steering committee member in this litigation. My resume is attached.

      **1. Professional experience in this type of litigation**. As a partner of Heins Mills & Olson, P.L.C., I practice exclusively complex litigation, concentrating on class actions alleging violations of federal and state consumer, antitrust and securities laws across the United States. As detailed in my resume, my experience is deep and wide, encompassing every level of class leadership in cases spanning the entire spectrum of industries and economic sectors.

      Most relevant to the litigation at hand, I have served in leadership roles in a number of national class actions brought on behalf of consumers alleging violations of state deceptive trade practices and consumer protection laws, as well as breaches of express and implied warranties. In doing so, my firm and I have represented purchasers of consumer products as varied as lawnmower engines, air compressors, smoke detectors, hearing aids and prescription drugs, and services such as cable television and long-distance telephone.

      In particular, I was lead counsel in an MDL action which paralleled the Volkswagen litigation in important ways. That case consolidated 69 putative class actions alleging that the major manufacturers of small engines used in lawnmowers overstated and falsely advertised the horsepower of their engines. (*In re Lawnmower Engines Horsepower Marketing & Sales Practices Litigation*, MDL No. 1999 (E.D. Wisc.) ("*Lawnmower Engines*").) The case subsumed both statewide and nationwide classes, comprising over 100 million members in all and involving numerous product models. At the core of the case were the defendants' representations to the federal and California environmental protection agencies regarding the measurement of engine horsepower and pollutant output, which involved the analysis of engine testing results.

Hon. Charles R. Breyer
January 8, 2016
Page 2

After seven years of keenly contested litigation, the *Lawnmower Engines* classes achieved settlements with the manufacturers, who collectively agreed to pay more than $65 million in cash and provide an additional year of full coverage under their original warranties to every class member owning a covered engine, which secured an additional two billion dollars of value. The settlements also provided exceptional injunctive relief, compelling the manufacturers to conduct and prove compliance with independently verified uniform transparent engine testing procedures for all future sales.

I have also served as lead counsel for a number of other consumer classes. As just one example, I am now sole lead counsel for a class of Target customers alleging injury by one of the largest data security breaches in history. (*In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.) ("*Target*").) The complaint, which alleges claims under laws of every state, survived Target's motion to dismiss, which posed a particularly daunting challenge in the wake of decisions by other courts dismissing similar claims for compensation for theft of personal data from other U.S. retailers.

Notably, my experience in complex, nationwide class litigation includes successful trial work. I tried a price-fixing case to verdict as a member of the multi-firm trial team in the *In re High Pressure Laminates Antitrust Litigation*, MDL No. 1368 (S.D.N.Y.) ("*Laminates*"), an action alleging price-fixing claims against manufacturers of high pressure laminates on behalf of thousands of purchasers.

**2. Names and contact information of judges.** I have appeared before the following judges in the cases mentioned above:

*Lawnmower Engines*: Hon. Lynn Adelman (presiding), U.S. Federal Building and Courthouse, 517 E. Wisconsin Ave., Room 364 (Chambers), Milwaukee, WI 53202, (414) 297-1285; Hon. Edward A. Infante (Ret.) (court-appointed mediator), JAMS, Two Embarcadero Center, Suite 1500, San Francisco, CA 94111, (415) 774-2611.

*Target*: Hon. Paul A. Magnuson (presiding), United States District Court, 734 Federal Building, 316 N. Robert St., St. Paul, MN 55101, (651) 848-1150; Hon. Arthur J. Boylan. (Ret.) (court-appointed mediator), 310 4th Ave. So., Minneapolis, MN 55415, (612) 206-3730.

*Laminates:* Hon. Charles L. Brieant (deceased).

**3. My willingness and ability to immediately commit to time-consuming litigation.** Without hesitation I am willing and able to commit at once whatever time is necessary for me and a team of very capable attorneys in my firm to complete in a timely fashion whatever work I may be assigned by lead counsel.

**4. My willingness and ability to work cooperatively with other counsel.** Throughout my career I have taken pride in my ability to work cooperatively and amicably with all counsel, court personnel, experts and others involved in complex litigation. Even after hotly contested leadership battles, I have always maintained cordial and mutually rewarding relationships with

Hon. Charles R. Breyer
January 8, 2016
Page 3

my colleagues in the plaintiffs' class action bar.  In particular, I have a very good working relationship with class action attorneys in this District, including members of the Joseph Saveri Law Firm, Leiff Cabraser, Girard Gibbs and other firms. I am very comfortable collaborating with other counsel in a leadership structure to promote the best interests of the class by dividing responsibilities and allocating tasks in a manner that best leverages the available pool of experience, talent and resources.

**5. My access to resources to prosecute the litigation in a timely manner.** My firm has unfailingly demonstrated the capability of mustering the financing, personnel and other resources necessary to litigate even the largest cases. A prominent example is *In re AOL Time Warner, Inc. Securities Litigation*, MDL No. 1500 (S.D.N.Y.), in which Heins Mills & Olson achieved a $2.65 billion settlement by coordinating a small army of attorneys. While I will not be required to contribute resources on that scale if appointed by the Court to the steering committee, I will readily provide whatever support is requested.

**6. My willingness to serve as lead counsel, a member of a steering committee, or both.** While I am qualified to serve as lead counsel, I am eager to participate in this case as a steering committee member.

**7. Category(ies) of plaintiffs I would like to represent.** I am fully prepared to represent any plaintiff group, although I would prefer to represent individual vehicle owners.

**8. Other considerations qualifying me for a leadership position.** I am cognizant that "complex litigation places greater demands on counsel in their dual roles as advocates and officers of the court," and that "[t]he added demands and burdens of complex litigation place a premium on attorney professionalism." *Manual for Complex Litigation* § 10.21 (4th ed. 2013). These responsibilities are foremost in my mind, and if approved by the Court, I will faithfully meet my fiduciary obligations to class members.

Thank you for your consideration of my application.

Respectfully,

HEINS MILLS & OLSON, P.L.C.

s/ *Vincent J. Esades*

Vincent J. Esades

Attachment