

January 8, 2016

**VIA ECF**

Hon. Charles R. Breyer
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC)

Dear Judge Breyer:

      Pursuant to Pretrial Order No. 2, please allow this letter to serve as my application for a lead counsel or steering committee position on behalf of car owner/lessee plaintiffs in the above-referenced matter. As set forth more fully herein, I respectfully submit that my experience prosecuting and resolving large class actions, together with the resources of my firm, Kessler Topaz Meltzer & Check, LLP ("KTMC" or the "Firm"), will be a substantial benefit to plaintiffs in this litigation. KTMC is a complex litigation firm with 100 lawyers and offices in Radnor, Pennsylvania and San Francisco. Our practice is exclusively limited to representing plaintiffs in high-stakes, complex litigation and our approach is simple: we are a no-nonsense litigation firm that strives to provide excellent results through smart litigation practices, quality control, and effort. We represent plaintiffs in courts throughout the country and as well as clients pursuing claims in Holland, Canada, Japan and the United Kingdom.

### 1. Relevant Experience Including MDL Experience

      My practice is dedicated exclusively to representing plaintiffs in large-scale complex litigation, with the overwhelming majority of my cases being class actions. Most recently, I served as one of three Executive Committee members – along with Elizabeth Cabraser of Lieff Cabraser – in *In re Bank of New York Mellon Corp. FOREX Transactions Litig.*, No. 12-MD-2335, a case presided over by Judge Lewis Kaplan of the Southern District of New York.[1] The case was resolved in September 2015 for $335 million (with over $500 million in recoveries for class members). Judge Lewis Kaplan praised counsel for a "wonderful job," recognizing that defense counsel fought us "tooth and nail at every step of the road" and noting that "[t]his was an outrageous wrong by the Bank of New York Mellon, and plaintiffs' counsel deserve a world of credit for taking it on, for running the risk, for financing it and doing a great job."

      My experience in the *Bank of New York Mellon* litigation is relevant here for several reasons. First, it was a fraud case against a large, well-financed defendant that was extremely time-consuming and fast-paced; discovery included exchange and review of over 25 million documents and over 120 depositions. The timing and complexity of the matter required us to work efficiently and marshal resources as needed to meet the demands of Judge Kaplan's

---

[1] Judge Lewis Kaplan, United States Courthouse, 500 Pearl Street, New York, NY 10007 (212) 805-0216.

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
WWW.KTMC.COM





Page 2

schedule. In addition, the case required us to work cooperatively with members of plaintiffs' steering committee, dividing labor across firms according to sophistication and experience level.

Finally, the case involved, in our experience, an unprecedented level of collaboration between lead class counsel and attorneys from the United States Attorney's Office. The class's claims were prosecuted alongside claims brought by the United States Department of Justice, whose civil lawsuit against the Bank of New York Mellon was coordinated with the private actions by Judge Kaplan.[2] Private and government retirement counsel (i) communicated regularly – often on a daily basis – regarding strategic issues; (ii) shared briefing responsibility on key discovery disputes; (iii) jointly attended and negotiated meet-and-confers; (iv) shared work product in connection with deposition preparation and various aspects of factual and legal research; and (v) jointly participated in multiple mediation sessions that ultimately resulted in global resolution. This same degree of cooperation and coordination will be critical to the efficient and successful prosecution of the instant litigation.

Following the conclusion of the *Bank of New York Mellon* matter, I served as one of the interim co-lead counsel in the actions against Volkswagen proceeding in the Eastern District of Virginia. *See In re Volkswagen "Clean Diesel" Cases*, No. 1:15-cv-1218 (E.D.Va.) (ECF No. 50). In that role, I undertook a number of tasks to protect and advance the interests of all putative class members, including (i) effectuating the entry of a Preservation Order to ensure Volkswagen and third parties preserved all relevant documents; (ii) extracting confirmation from VW after it announced its "Goodwill Program" that participation in the program would not impair or restrict any customer's rights or remedies in this litigation; and (iii) serving preliminary discovery requests at the court's direction.

My firm is also counsel for the Automotive Recyclers' Association ("ARA"), an international trade association comprised of approximately 1,000 direct members operating automotive parts recycling facilities, and I am overseeing the attorneys at KTMC who are representing the ARA and a nationwide putative class of automotive recyclers in *In re: Takata Airbag Products Liability Litigation*, No. 1:15-md-02599, proceeding before Judge Moreno in the Southern District of Florida. We are assisting lead counsel in *Takata* with respect to the claims of all of the economic loss plaintiffs. In addition to assisting with written discovery, our work has included drafting portions of the Consolidated Amended Complaint as well as briefing the successful opposition to the defendants' motion to dismiss the automotive recyclers' claims.

In addition, I have been directly and personally involved in many complex, multi-party and/or MDL cases. Some more recent examples include:

- *Board of Trustees of the AFTRA Retirement Fund v. JPMorgan Chase Bank, N.A.*, No. 09-cv-00686-SAS (S.D.N.Y.) (lead counsel) ($150 million settlement);

- *In re Flonase Antitrust Litig.*, No. 08-cv-3149 (E.D. Pa.) (co-lead counsel with Hagens Berman for class - $150 million settlement);

---

[2] The cases were also coordinated with an action filed by the New York Attorney General's office in state court.





Page 3

- *CompSource Oklahoma v. BNY Mellon Bank, N.A.*, No. 08-cv-469 (E.D. Okla.) (co-lead counsel - $280 million settlement).

During the last decade, my firm has been counsel in many cases with recoveries in the hundreds of millions or billions of dollars. Examples include *In re HP Securities Litig.*, 12-CV-05980-CRB (N.D. Cal.) ($100 million settlement); *In re Bank of America Corp. Sec., Derivative, and ERISA Litig.*, No. 09 MD 2058 (PKC) (S.D.N.Y.) (recovering $2.425 billion for class); *In re Southern Peru Copper Corp. Derivative Litig.*, No. 961-CS (Del. Ch.) ($1.3 billion judgment – the largest in Delaware Chancery Court history – in a corporate transaction case tried before Chancellor Leo E. Strine, Jr. that was concluded with a final judgment of $2.1 billion). The Firm is dedicated to seeing cases through to conclusion, whether by settlement or trial.

### 2. *Willingness and Ability to Commit to the Litigation*

Because the *Bank of New York Mellon* litigation referenced above is now fully resolved, it is without hesitation that I represent my willingness to immediately commit to this litigation and the substantial commitment of time that will undoubtedly entail (if that case were pending, given the size and complexity of that particular case and my level of involvement, I would not have time for both).[3]

I am equally confident in my ability to work with counsel on all sides. Indeed, much of my firm's practice is predicated on our ability to work in a team setting, both within the firm and with co-counsel. We have served as lead counsel, on steering committees and on executive committees where our ability to work with other counsel has been frequently put to the test.[4]

With respect to my access to resources to prosecute this litigation in a timely manner, with 100 attorneys, an in-house investigative department, and an experienced support staff, KTMC has ample resources to represent the interests of plaintiffs in this litigation. This case will also likely involve a substantial financial investment that KTMC is more than able to meet. The Firm is accustomed to financing complex cases and routinely invests significant financial resources in litigating claims against the largest and most well-funded defendants in the world.

KTMC is fully committed to providing the resources needed to advance this litigation in an efficient and effective manner.

Respectfully submitted,

Joseph H. Meltzer

---

[3] To be clear, I am submitting this application and am committing my personal involvement as opposed to simply delegating this responsibility to others in my firm.

[4] I received many calls requesting and offering support. I agreed to support lawyers with whom I have a working relationship and they, in turn, agreed to support my application. They are excellent lawyers from fine firms; rather than appending a list to my application, I would note that – as I have in the past – KTMC would be pleased to work with any of the firms chosen by this Court from the many quality submissions it will surely receive.

