

1800 M STREET, NW  SUITE 1000
WASHINGTON, DC 20036-5807
202.778.1800   202.822.8106 fax   www.zuckerman.com

CARL S. KRAVITZ
Partner
202.778.1873
ckravitz@zuckerman.com

January 8, 2016

**VIA ECF**

The Honorable Charles R. Breyer
United States District Judge
United States District Court for the
Northern District of California
Courtroom 6, 7th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No. 3:15-MD-2672

Dear Judge Breyer:

      Pursuant to Pretrial Order No. 2 ("PTO 2"), I, Carl Kravitz, the Chairman of Zuckerman Spaeder LLP's Litigation Department, respectfully submit this application for a position on the Plaintiffs' Steering Committee ("PSC") in the Volkswagen class action litigation. Abbreviated CVs for me and my firm are attached as Exhibit A.

      I have filed two class actions on behalf of owners of Volkswagen diesel vehicles. *Ross v. Volkswagen Group of America, Inc. et al.*, 2:15-CV-13662 (E.D. Mich.); *Proudlove et al. v. Volkswagen Group of America, Inc. et al.*, 1:15-CV-01239 (E.D.V.A.). I am co-counsel in both cases with Keller Rohrback LLP, which also is submitting an application for a leadership position.

      As discussed more fully below in addressing the criteria set forth in PTO 2, Zuckerman Spaeder and I have qualities and expertise that would make us a valuable member of the PSC. We are ready and willing to commit substantial resources to this important litigation, and we can and will work cooperatively and effectively with the other lawyers and law firms who are selected for leadership positions.

      **(1)-(2) Professional Experience.** Zuckerman Spaeder LLP represents plaintiffs and defendants in all types of civil litigation, is known as one of the top white-collar defense firms in the country, and specializes in handling matters, like the Volkswagen litigation, that involve parallel civil and criminal proceedings. The firm is widely recognized as one of the leading litigation boutiques in the country. It was a finalist for *The American Lawyer's* "Litigation



The Honorable Charles R. Breyer
January 8, 2016
Page 2

Boutique of the Year" in 2005 and 2009, the only two times the competition has been held. The firm and its lawyers are consistently recognized as leading litigators in publications such as *U.S. News and World Report*, *Chambers USA*, *Benchmark Litigation*, and *Super Lawyers*.

I am a partner in Zuckerman Spaeder's Washington, D.C., office. I have been the chairman of the firm's Litigation Department for more than a decade and have more than 30 years of experience in complex civil litigation, including multidistrict and class action litigation, on both the plaintiff and defense side. I currently am serving as the co-head of the experts' committee in a large, multidistrict class action involving antitrust claims against Blue Cross and Blue Shield health insurers. *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406, N.D. Ala., Master File 2:13-CV-20000-RDP (Proctor, J.). I have substantial experience litigating issues that are relevant to this case, including: defect cases against an automobile company, *Elkins v. Hobet Mining, Inc. and Ford Motor Co.*, Circuit Court of Boone County, W.V., No. 98-C-83 (Schlaegel, J.); consumer class actions, *e.g.*, *Smith, et al. v. Collinsworth, et al.*, Circuit of Saline County, Arkansas, No. CV2004-742-2 (Arnold, J.); *Spencer, et al. v. The Hartford Financial Services Group, Inc., et al.*, D. Conn., No. 3:05-CV-1681 (Hall, J.); complex product liability cases, *e.g.*, *Public Broadcasting Service v. Hughes Aircraft Co.*, C.D. Cal. No. 2:90-CV-00736-WDK (Keller, J.); toxic tort actions raising environmental issues, *e.g.* contamination of junior high school in Charleston, West Virginia; securities fraud actions, *e.g.*, *In re AOL Time Warner Inc.*, S.D.N.Y., MDL No. 1500 (Kram, J.), *Mainstay High Yield Corporate Bond Fund v. Heartland Industrial Partners, L.P., et al.*, E.D. Mich., No. 07-CV-10542 (Tarnow, J.); antitrust actions, *e.g.*, *In re Blue Cross Blue Shield Antitrust Litigation*; and fraudulent conveyance actions involving complex structures and transactions on behalf of asbestos victims, *Hillsborough Holdings Corp. v. Celotex Corp. et al.*, 8:90-MC-163 (Castagna, J. at the district court level and Paskay, J. at the bankruptcy court level). I also have represented the London Insurance Market in significant coverage litigation involving environmental clean-up costs and injuries caused by DES, asbestos, and lead paint.

I have experience negotiating substantial settlements in complex commercial and class actions cases. Settlement negotiations, and addressing difficult issues with respect to how plaintiffs can be adequately compensated, are likely to be important aspects of the representation of the plaintiffs in this matter. I believe that my experience, with the resources of my firm, can make valuable contributions to crafting a settlement with remedies that solve these difficult issues and bring the matter to closure.

**(3)-(5) Ability to Commit Resources and Work Cooperatively with Others.** Zuckerman Spaeder and I are willing and able to commit substantial resources in an effort to reach a prompt and fair resolution of this case. We also would be able to commit substantial resources should the litigation continue on for a substantial period of time. We have more than



70 lawyers across four offices, the overwhelming majority of whom are experienced and seasoned litigators.

I personally know and have worked with many of the lawyers and law firms who are filing applications for leadership positions in this case. I currently am working with some of them in *In re Blue Cross Blue Shield Antitrust Litigation.* Outside of class actions, my Zuckerman Spaeder colleagues and I also have substantial experience working cooperatively with other lawyers and law firms in joint defense and common interest groups. I am confident that we could work cooperatively and effectively with the other lawyers and law firms who are selected for leadership positions.

**(6)-(7) Leadership Position Sought.** I am willing, and would be honored, to serve as a member of the PSC in any role that the Court deems appropriate. I am willing to represent any and all types of plaintiffs. My experience in class actions, mass tort actions, securities fraud cases, and antitrust matters, and the resources that are available to me at Zuckerman Spaeder, qualify me for broad responsibilities in this case.

**(8) Other Factors.** I believe that Zuckerman Spaeder has special qualities that would make us a valuable member of the leadership team. We are one of the few firms of our quality that has substantial experience on both the plaintiff and defense side of civil litigation. We are not simply a plaintiff's firm, and we are respected as having many of the finest lawyers in the country. Further, given the nature of this case, our experience in the white-collar defense area, and in parallel civil and criminal proceedings, would be a valuable part of the leadership team.

**(9) Support of Other Counsel.** A list of the counsel of record who have authorized me to represent to the Court that they support my application for a position on the PSC is attached as Exhibit B.

Respectfully submitted,

*Carl S. Kravitz*

Carl S. Kravitz*

Attachments

*Application for Pro Hac Vice pending

cc: All Counsel of Record via ECF