

L. RANDALL BISHOP
JOHN HEENAN

**BISHOP & HEENAN LAW**
HELPING PEOPLE

GENE R. JARUSSI
*Of Counsel*

January 8, 2016

The Honorable Charles R. Breyer, District Judge
U.S. District Court for the Northern District of California

    Re:    **Application of John Heenan for Appointment to Steering Committee**

Dear Judge Breyer:

    Pursuant to Pretrial Order No. 2, please accept this application for my appointment to the position of lead counsel or chair of the steering committee for the consumers who have financed their purchase of one or more VW "Clean Diesel" cars involved in this litigation. I and my co-counsel currently represent 183 Volkswagen owners.

**The Steering Committee should include a Consumer Protection Specialist with a Perspective Different from the Traditional MDL/Mass Action Lawyers:** This Court will have many outstanding and qualified applicants who have made careers out of mass tort litigation and who have served on prior steering committees. Unlike these lawyers, who specialized in mass torts, as opposed to consumer law, I have devoted my entire career exclusively to consumer-based issues. While I have not previously served on a steering committee, I, too, have extensive experience with mass litigation, and I also bring the unique perspective of a vast depth of knowledge of consumer-based law and litigation practices.

    This Court has made clear that it understands the most immediate issue in this litigation is that over half a million consumers have cars that violate the law and cannot simply decide not to drive their cars. This problem, as the Court recognized, requires immediate resolution for consumers. From the moment Volkswagen's consumer fraud was made public in September of 2015, hundreds of lawyers filed hundreds of class action lawsuits against Volkswagen, all alleging essentially the same legal theories. <u>None of these lawsuits raised the most valuable legal theory that consumers have under these circumstances -- the right to stop making car payments and offset their substantial damages</u>. This important consumer remedy is known as the FTC Holder Rule, used in combination with the UCC's right of revocation of acceptance for goods fraudulently sold to consumers.

    Under the FTC Holder Rule, a consumer can assert the same claims against the creditor under a vehicle loan as he or she could against the seller. Among these claims are the Uniform Commercial Code's "perfect tender rule," which allows consumers to offset their damages from amounts still owed on the vehicle. This legal theory was not raised at all until I and my co-counsel raised it a month after the first VW class action complaint was filed in the case of *Ballew v. VW Credit, Inc.*, Case No. 15-00133 (District of Montana). There, Plaintiffs invoked the FTC Holder Rule and immediately moved for injunctive relief enjoining VW Credit from collecting monthly installment credit payments from affected VW owners. The application for injunctive relief has been re-asserted and is still pending (Dkt #1034). This is the only effort made to by hundreds (if not thousands) of lawyers to immediately assist affected consumers who are making a monthly car payment.

Before the presiding judge could rule on the injunction, the *Ballew* case was conditionally transferred to this Court. (CTO-7, Dkt. #967). I have likewise raised the FTC Holder Rule in the case of *Gebauer et al. v. JPMorgan Chase Bank, Bank of America and Wells Fargo Bank*, Case No. 15-00152 (District of Montana). The *Gebauer* case was also conditionally transferred to this Court. (CTO-11, Dkt. #1018). I have moved to vacate CTO-7 and CTO-1. To the extent the motions are denied and included in this MDL, however, the Steering Committee should include an attorney who -- apart from all of the other lawyers who brought all of the other cases joined here -- invoked the FTC Rule and U.C.C. remedies as grounds for immediate relief to consumers.

**Relevant Professional Experience:** I have solely devoted my practice to consumer protection for the last 13 years. I am the state chair and longtime member of the National Association of Consumer Advocates, a nationwide organization of more than 1,500 attorneys who represent consumers victimized by fraudulent business practices. I have lectured extensively to lawyers about consumer issues throughout the country.

I served as co-lead trial counsel in the second largest settlement ever under the Telephone Consumer Protection Act (*Hageman v. AT&T,* $45 million). I served as co-lead trial counsel in the first "robo-signing" class action, resulting in the recovery of millions of dollars to consumers (*Cole v. Portfolio Recovery Associates*). I represented the State of Montana in objecting to a consumer class action settlement, which resulted in a settlement of $2,000,000 for Montana consumers. I have one of the largest recorded jury verdicts on behalf of a consumer under the FDCPA (*McCollough v. JRL*, $311,000) and one of the largest verdicts ever on behalf of a consumer against a mortgage lender (*Norman v. Deutsche Bank*, $2,050,000). I have represented consumers with claims similar to those in this case in the first case filed and in later MDL Proceedings captioned *IN RE: ORECK CORPORATION HALO VACUUM MARKETING AND SALES PRACTICES LITIGATION*, MDL Nos. 2317, 2318 (Central District of California, Judge Christina A. Snyder presiding, telephone 213-894-3433 ). I represented two thousand Montana consumers in the *In re Trans Union Privacy Litigation*, MDL No. 1350 (Northern District of Illinois) (Judge Robert W. Gettleman, presiding, mediation conducted by Magistrate Michael T. Mason, telephone (312) 435-5610).

Since 2009, my practice has almost exclusively been devoted to representing consumers against lenders -- just like the claims presented in *Ballew* and *Gebauer* which have been conditionally transferred to this litigation -- and I have recovered millions of dollars for my consumer clients. I have not only ample professional experience in this type of litigation, I am passionate about the protection of consumer rights, as evidenced by my career.

**Judicial References:**
Hon. Sidney R. Thomas, Chief Judge, Ninth Circuit Court of Appeals, P.O. Box 31478, Billings, MT 59107-1478, (406) 373-3200.
Hon. Richard W. Anderson, United States Magistrate Judge, District of Montana, 2601 2nd Ave. N., Suite 1200, Billings, MT 59101, (406) 829-3322.
Hon. Ingrid Gustafson, Thirteenth Judicial District of Montana, PO Box 35029, Billings, MT 59107, (406) 256-2916.

**Willingness and Ability to Immediately Commit to Time-Consuming Litigation:** Given that I have entered into fee agreements with 183 separate VW clients, I have already committed to the time-consuming nature of this litigation. To that end, I am already working with co-counsel and have assembled a team of consumer attorneys who support this application. We, as demonstrated above,

are asserting unique and interim remedies which have *not* been presented by the hundreds of other lawyers here, including seeking injunctive relief on behalf of consumers.

**Willingness and Ability to Work Cooperatively:** In nearly every one of the cases cited above, I have worked on a team with other lawyers- usually from other states- to properly and effectively prosecute the claims of consumers. I am familiar with coordinating attorneys and experts, effective flow of information, and delegation of work without letting ego undermine effective representation of clients. My collegiality with the bench and bar was recognized when I was appointed Montana's lawyer representative to the Ninth Circuit Judicial Conference (2015 to present). Thus, I am indisputably a "team player" who enjoys a collegial relationship with co-counsel, opposing counsel, and the bench.

**Access to Resources to Prosecute the Litigation in a Timely Manner:** By virtue of the 183 individual clients I represent, I have already "cleared the deck" to prosecute this case. I have already assembled a team of lawyers who along with me are pursuing immediate relief to consumers, in particular consumers who are making car payments.

**Willingness to Serve as Lead Counsel, a Member of Steering Committee, or Both:** I am willing to serve in whatever capacity the Court concludes is most conducive to the effective prosecution of this matter. I recommend a separate track for borrower (not lessee) claims given the particular issues which borrowers face (making ongoing payments) and the immediate relief available to them under the FTC Holder Rule and the U.C.C. I would like to serve as lead counsel or chair of the steering committee on the borrower track.

**Category of Plaintiffs the Applicant Wants to Represent:** I seek to represent borrowers (as opposed to lessees) in particular but am also willing and able to assist on claims for all affected consumers.

**Any Other Considerations that Qualify Counsel:** I submit that an effective team of counsel in this matter should be diverse and include those who can bring fresh and unique perspectives to the resolution of this complex case. I have already demonstrated my creativity and consumer-law background by raising the FTC Holder Rule and UCC revocation of acceptance claims – claims that none of the class action regulars have raised. The plaintiff's side of this case could benefit greatly from my experience representing consumers. Consumers currently making payments on polluting cars have the legal option not to continue making payments. Someone needs to pursue that option on their behalf. I conservatively estimate that VW Credit has collected over $100 million since the "Clean Diesel" scandal was exposed. As an "in the trenches" consumer lawyer, I wonder whether VW is more likely to settle if consumers quit making payments on cars they were admittedly defrauded into buying.

For all of these reasons, I respectfully requests appointment to the Plaintiffs' Steering Committee and/or Lead Counsel as to the borrower claims.

Sincerely,

John Heenan