

# Jacobson Press & Fields P.C.
ATTORNEYS AT LAW

Joe Jacobson
Allen Press
Matthew Fields
Matthew Vianello
Matthew Bigham
Cary Press

168 North Meramec Avenue
Suite 150
Clayton, MO 63105

Tel: (314) 899-9789
Fax: (314) 889-0282
www.ArchCityLawyers.com

January 8, 2016

*By Electronic Case Filing*

Honorable Charles R. Breyer
United States District Judge
Northern District of California

Re: Application for Leadership in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, 15-MD- 2672 CRB (JSC)

Dear Judge Breyer:

I am requesting appointment as (i) a member of the Plaintiffs Steering Committee ("PSC") for a separate litigation track representing the interests of the automobile dealer plaintiffs (the "Dealer Track"), and (ii) as interim class counsel for a class consisting of all franchised Chevrolet dealers in the United States (excluding those who are also franchised Volkswagen or Audi dealers). The Chevrolet dealers are asserting claims against Volkswagen arising under the Lanham Act.

As the court remarked at a recent status conference, the automobile dealer plaintiffs' claims present issues distinct from those of the consumer plaintiffs, and that therefore the interests of all claimants would be advanced by having distinct representation of the dealer interests in the court-appointed MDL leadership. I can report that counsel representing auto dealers in this MDL took your remarks to heart. We have conferred with nearly all of them and agree that our clients' unique issues and needs require a separate leadership structure for dealer claims, comprised solely of counsel for dealers, to work in cooperation with the leadership structure that this Court puts in place for coordination of consumer interests. I can further report that *all counsel for the independent automobile dealers with cases in this MDL*, as well as at least one other counsel for franchised automobile dealers with Lanham Act claims, *support my application to be appointed a member of the PSC for the proposed Dealer Track.*

January 8, 2016
Page 2

The other counsel for dealer plaintiffs and I have agreed among ourselves to what we believe will be an efficient Dealer Track leadership structure. Many members of this group have worked together to prosecute other complex claims. While I have not worked with them personally, I have in the past prosecuted and tried complex class actions with lawyers from other law firms, and see no difficulty in working with the other proposed members of the Dealer Track leadership. Moreover, as shown in the attached *Appendix A, Statement of Support*, nationally well-regarded counsel applying for leadership positions in the consumer cases support our suggested approach and the Dealer Track leadership that we propose.

I would be assisted in my work on this case primarily by my long-time law partner, Joe Jacobson, as well as by Jonathan Michaels of MLG Automotive Law, APLC, a nationally-known, California-based dealers' counsel with whom I've associated with in complex cases in the past. I therefore include their professional experience along with mine in the following sections of this letter.

With respect to my professional experience, I am a trial lawyer focused on business and commercial disputes. I have tried over 40 cases to verdict or judgment, including class actions. A substantial part of my practice is representing automobile dealers. I have represented dealers for over 20 years, primarily in franchise-related lawsuits against manufacturers. In these cases, issues often arise relating to markets and competition, similar to issues raised by the Lanham Act claims here. I am a member of the National Association of Dealer Counsel, a nationwide professional organization of attorneys who represent motor vehicle dealers. My membership gives me access to a network of lawyers who share information, experience, and advice on issues facing dealers.

My experience in class actions include serving as lead counsel in a duty of fair representation ("DFR") class action brought by 2,400 former TWA pilots against their union under the Railway Labor Act in the District of New Jersey. After many years of litigation, including a 5-1/2 week jury trial on liability issues, the case settled for $53 million, the largest recovery to date in a DFR case. Remarking on my work, and the work of my law partner Joe Jacobson, in prosecuting and trying the case, Senior U.S. District Judge Joseph D. Irenas, stated:

> It really was extraordinary work. It was extraordinary not only in the quality of the legal work, but its timeliness, its skill. It's just – in the hall of fame of legal representations.

*Brady v. Air Line Pilots Ass'n*, Case No. 02-2917, May 27, 2014 Fairness Hearing at 67.

My actions in *Brady* demonstrate my willingness and ability to immediately commit to time-consuming and expensive litigation. This was a heavily-litigated case. At the

January 8, 2016
Page 3

time of our fee application, my law firm had devoted 8,970 hours to the case, of which 5,373 hours were performed personally by me. All of this work was done at a time when we faced a serious risk of not being compensated for our work. My firm advanced $792,000 in out-of-pocket expenses to finance the case, all of which was also at risk.

My law partner, Joe Jacobson, who will be working closely with me here, has extensive trial, class action, and MDL experience. He has tried more than 65 cases to a verdict or judgment, including class actions, and has been the primary appellate lawyer in over 90 appeals. Jacobson did most of the work leading to a $490 million global settlement affirmed in the MDL case *In re BankAmerica Corp. Securities Litig.*, 350 F.3d 747 (8th Cir. 2004); he was part of the PSC in *In re St. Jude Medical, Inc. Silzone Heart Valves Products Liability Litig.*, MDL No. 01-1396 (D. Minn.); tried to judgment class actions in state court, including *Carpenter v. Countrywide Home Loans, Inc.*, 250 S.W.3d 697 (Mo. banc 2008), and *Eisel v. Midwest Bankcentre*, 230 S.W.3d 335 (Mo. banc 2007), both of which were affirmed by the Missouri Supreme Court; and was my co-counsel at trial in *Brady*. Jacobson was nominated for a seat on the Missouri Supreme Court under our merit-based, non-partisan court plan in 2011.

Jonathan Michaels of MLG Automotive Law is associated with us in this case. Michaels and I have worked together on other dealer litigation. He is considered one of the leading lawyers in the field. He has litigated cases against nearly every major auto manufacturer in the world, including General Motors, Nissan, Honda, AM General, Isuzu, Toyota, Hyundai, Harley-Davidson, Porsche, Aston Martin, Mercedes, Kia, Chrysler, Land Rover, Volkswagen, and Ford. He has been counsel on many important automotive cases, including the General Motor Ignition Switch litigation, Case No. 1:14-md-02543-JMF; Chrysler Ignition Switch litigation, Case No. EDCA14-01555; Kia Fuel Economy litigation, Case No. 2:13-ml-02424-GW-FFM; Uber False Advertising litigation, Case No. 3:15-cv-00363; and the Chrysler Dealers Taking litigation, Case No. 12-900 L.

I respectfully request that you appoint me and my firm, Jacobson Press & Fields P.C., to the leadership positions within the Dealer Track stated above.

My resume and a listing of lawyers supporting my application for a leadership position in this MDL are attached.

Respectfully,

Allen P. Press