KOZYAK · TROPIN
THROCKMORTON
ATTORNEYS AT LAW

**Adam M. Moskowitz, Esq.**
amm@kttlaw.com | 305.377.0652

January 8, 2016

Honorable Charles R. Breyer
United States District Judge
Northern District of California
450 Golden Gate Ave., Courtroom 6
San Francisco, CA 94102-3483

           **Re:** *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672

Dear Judge Breyer:

      I respectfully apply for appointment to the role of Plaintiffs' Settlement Liaison Counsel to work as a liaison among the Court, Plaintiffs' Lead Counsel/Steering Committee, Defendants' Lead Counsel/Steering Committee, the Justice Department, individual state proceedings, and the Special Settlement Master.[1] The facts of this litigation are unique, such that appointing counsel to this position would assist the Court in efficiently expediting these proceedings, and help strengthen a framework that could allow a global nationwide settlement that is beyond reproach.

      As we continue to learn from each case, we continue to develop protocols that help us address particular issues and concerns that are raised in each case. The proper manner and process by which to settle nationwide class actions is at the forefront of the discussion in our legal community, and continues to be addressed thoughtfully by this Court and others. My respectful proposal here – in light of the unique facts of this case, such as the admissions by Volkswagen regarding the installation of the "defeat devices," their willingness to discuss settlement expeditiously, and their hiring of Ken Feinberg to administer a claim resolution process – is simply to have the Court appoint one qualified representative to assist solely with settlement matters under an alternative, reduced-fee structure which would avoid any possible question as to motivations. Plaintiffs' Settlement Liaison Counsel would be an advocate for Plaintiffs, but would be compensated according to a different formula than Lead Counsel and the Steering Committee. Any compensation would be based solely upon the actual lodestar spent on advancing settlement issues, which may be capped by this Court at a set amount, and only if a settlement is reached and approved. The individual filling this position would coordinate with Plaintiffs' Lead Counsel, the Special Settlement Master, and the Court, and provide the Court with weekly updates on settlement matters, including the hours worked on those matters.

      The Settlement Liaison counsel would assist the Court as do liaison counsel in other multidistrict litigation. In this role, the appointed counsel would coordinate dealings among the parties, the Special Settlement Master, state court litigants, and with the Justice Department (where possible and appropriate), which recently filed suit in Michigan and stated that it will seek to have its case transferred to this Court.

---

[1] We have previously worked with some of the excellent candidates who have been nominated for Settlement Master, including the Honorable Layne R. Phillips and Professor Francis McGovern who works with the Duke Advisory Counsel.

I respectfully submit my name for consideration for appointment as the Plaintiffs' Settlement Liaison Counsel. I have considerable experience litigating and settling nationwide class action cases. I manage Kozyak Tropin & Throckmorton's class action practice and have been an Adjunct Professor teaching Class Action Litigation at the University of Miami School of Law for more than twenty years. I am a member of the Duke Law Center for Judicial Studies Advisory Council and am proud to have organized and filed one of the first Volkswagen class action cases, *Firman v. Volkswagen Group of Am.*, 3:15-cv-07106 (D.N.J.), with excellent and reputable co-counsel. It has been a pleasure travelling nationwide attending numerous district court hearings, speaking at various legal conferences and meeting counsel from most districts. I am honored that many counsel from across the country have supported my application for this position and I would be glad to discuss them, and my qualifications to the Court, at the upcoming hearing.

**(1) Professional Experience and (2) Names of Judges in the Cases.**

Kozyak Tropin & Throckmorton has played a leading role in some of the most significant class actions in the nation. Our firm, based in Miami, Florida, [2] focuses on class action and "bet-the-company" litigation, among other things.[3] I head the Class Action Practice at Kozyak Tropin, and have been honored to serve as Lead Counsel in many nationwide class actions, including thirteen separate nationwide class actions settlements in the past two years against the largest banks and mortgage servicers providing over $1.7 billion dollars in relief to class members.

Over the past several years, I have spearheaded class action litigation against these major mortgage lenders and servicers over their force-placed insurance practices, which have since come under increased scrutiny by state and federal regulators. We filed one of the first class action lawsuits challenging this practice against Wells Fargo Bank, and were successful in certifying a class of Florida homeowners. *See Williams v. Wells Fargo Bank, et al.*, No. 11-cv-21233 (S.D. Fla.) (Judge Scola). Since that time, we have coordinated a coalition of almost thirty different plaintiffs' firms from across the country and successfully brought claims against lenders and mortgage servicers. *See Herrick v. Chase Bank N.A. et al.*, No. 13-cv-21107 (S.D. Fla.) (Judge Moreno) (final approval granted on Feb. 28, 2014); *Diaz v. HSBC Bank (USA), N.A., et al.,* No. 13-cv-21104 (S.D. Fla.) (J. Moreno) (final granted on Oct. 29, 2014); *Fladell v. Wells Fargo Bank, N.A. et al.,* No. 13-cv-60721 (S.D. Fla.) (J. Moreno) (final approval granted on Oct. 29, 2014); *Hamilton v. SunTrust Mortg., Inc., et al.*, No. 13-cv-60749 (S.D. Fla.) (Judge Cohn) (final approval granted on Oct. 23, 2014); *Hall v. Bank of Am., N.A., et al.,* No. 12-cv-22700 (S.D. Fla.) (J. Moreno) (final approval granted on Dec. 17, 2014); *Lee v. Ocwen Loan Servicing, LLC, et al.*, No. 14-cv-60649 (S.D. Fla.) (Judge Goodman) (final approval granted on Sept. 14, 2015); *Braynen v. Nationstar Mortg., LLC, et al.,* No. 14-cv-20726 (S.D. Fla.) (J. Goodman) (final approval granted on Nov. 9, 2015); *Wilson v. Everbank,*

---

[2] One factor also considered in making counsel appointments in MDL matters is geographic diversity. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1139 (finding that the geographic diversity of counsel would add to the efficient handling of the case); *In re Oil Spill by Oil Rig "Deepwater Horizon",* 295 F.R.D. 112, 137-38 (E.D. La. 2013) (finding that geographic diversity was particularly important to the appointment of the Plaintiff Steering Committee).

[3] For example, Kozyak Tropin served as Co-Lead Counsel in *In re Managed Care HMO Litigation*, MDL No. 1334 (S.D. Fla.), and *LiPuma v. American Express, et al*., No. 04-cv-20314 (S.D. Fla.), and currently serves in several committee positions in *In re Blue Cross Blue Shield Antitrust Litigation*, No. 13-cv-2000-RDP. *See also Marty v. Anheuser-Busch Cos., LLC*, No. 13-cv-23656 (S.D. Fla.); *Suarez, et al. v. Anheuser-Busch Cos. LLC*, (Fla. 11th Cir. Ct. 2013); *Bauer-Ramazani v. TIAA-CREF et al*. No. 09-cv-190 (D. Vt.); *Razorback Funding LLC, et al. v. Scott W. Rothstein, et al.* (Fla. 17th Cir. Ct. 2009).

2

F71072

*N.A., et al.*, No. 14-cv-22264 (S.D. Fla.) (Judge Bloom) (preliminary approval granted on Aug. 31, 2015); *Montoya v. PNC Bank, N.A., et al.*, No. 14-cv-20474 (S.D. Fla.) (J. Goodman) (preliminary approval granted on Sept. 30, 2015); *Almanzar v. Select Portfolio Servicing, et al.,* No. 14-cv-22586 (S.D. Fla.) (J. Moreno) (preliminary approval granted on Oct. 15, 2015); *Jackson v. U.S. Bank, N.A., et al.*, No. 14-cv-21252 (S.D. Fla.) (J. Moreno) (preliminary approval granted on Dec. 8, 2015); *Circeo-Loudon v. Green Tree Servicing, et al.*, No. 14-cv-21384 (S.D. Fla.) (J. Moreno) (preliminary approval granted on Dec. 8, 2015). My team was also recently appointed to the Plaintiffs' Lead Counsel Committee in multidistrict litigation against major retailers for their alleged deceptive practices relating to certain herbal supplement products. *See In re Herbal Supplements Marketing & Sales Practices Litig.*, No. 1:15-cv-05070 (N.D. Ill.) (J. Darrah) (D.E. 85).

**(3) – (5) Willingness to Commit Time and Resources and Ability to Work Cooperatively.**

We are willing to commit whatever time and resources are necessary to serve as Plaintiffs' Settlement Liaison Counsel. I would provide status reports to the Court on a monthly basis that would include all hours worked on these matters. The ability to work cooperatively with all counsel would be crucial in this position and I have consistently demonstrated that attribute throughout my legal career. My success organizing and working with almost sixty-five plaintiffs' firms and many of the largest defense firms in the force-placed insurance cases is just one example.

**(6) – (7) Willingness to Serve as Lead Counsel/Steering Committee and Plaintiffs to Represent.**

I respectfully seek the position of Plaintiffs' Settlement Liaison Counsel, to work alongside Lead Counsel, the Steering Committee, the Special Settlement Master, the Justice Department, state litigants, state regulatory officials, and the Court on settlement issues on behalf of the proposed class of Plaintiffs. The role would report to the Court on a monthly basis and identify all progress and developments in the settlement process.

**(8) Considerations that Qualify Counsel for the Position.**

I have dedicated almost all of my legal career to the study and advancement of Rule 23 and the class action process. While there are certainly many qualified candidates, I would respectfully suggest that all of my prior experience has qualified me to serve in this specific role. All parties, as well as this Court, would like to see an expedited, but fair resolution to this case. These incidents have garnered tremendous worldwide publicity and any safeguards that could help strengthen an eventual settlement could be beneficial to the parties and the process. I would be honored to be considered for the position of Plaintiffs' Settlement Liaison Counsel.

Respectfully submitted,

/s/ *Adam M. Moskowitz*