# BRANSTETTER, STRANCH & JENNINGS, PLLC

THE FREEDOM CENTER
223 ROSA L. PARKS AVENUE
SUITE 200
NASHVILLE, TENNESSEE 37203
TELEPHONE (615) 254-8801
FACSIMILE (615) 255-5419

CECIL D. BRANSTETTER, SR., 1920-2014
KARLA M. CAMPBELL
BEN GASTEL*
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
RAQUEL L. BELLAMY
SEAMUS T. KELLY
ANTHONY A. ORLANDI
K. GRACE STRANCH

OF COUNSEL:
ROBERT E. RICHARDSON, JR. **

*  ALSO ADMITTED IN GA
** ONLY ADMITTED IN OH

January 8, 2016

**VIA ECF FILING**
Honorable Charles R. Breyer
United States District Court for the Northern District of California
Courtroom 6 – 17th Floor
450 Golden Gate Ave
San Francisco, CA 94102

> Re:   ***J. Gerard Stranch, IV's Application for Appointment to Plaintiffs' Steering Committee,***
>        **In re: Volkswagen "Clean Diesel" Marketing Sales Practices And Product Liability Litigation, 15-MD-2672-CRB**

Dear Judge Breyer:

Pursuant to PTO Order No. 2 (Dkt. No. 336), I, J. Gerard Stranch, IV, hereby file my application for appointment to the Plaintiffs' Steering Committee in this consolidated action.

### 1. I Am Experienced In Complex And MDL Proceedings

I serve on the Plaintiffs' Steering Committee in *In re New England Compounding Pharmacy Inc. Product Liability Action*, Case No. 1:13-md-02419 (D. Mass) (J. Zobel). This MDL stems from the 2012 nationwide outbreak of fungal meningitis caused by patients' exposure to tainted pharmaceuticals manufactured by the New England Compounding Clinic. The events of this tragedy lead to several congressional investigations, significant changes to federal law related to compounding pharmacies and the authority of the Food and Drug Administration ("FDA"), a criminal indictment of the principles of NECC, and thousands of lawsuits filed by injured patients throughout the country. After the JPML consolidated this action in Boston, the Court selected me as part of the seven person Plaintiffs' Steering Committee ("PSC"). The PSC is overseeing one of the more complex MDLs in the United States with over 50 clinic defendants and numerous national Defendants. I was instrumental in securing approximately $210 million in settlement funds from the NECC Bankruptcy Estate and a group of other defendants that resolved claims in the Chapter 11 proceeding. The Chapter 11 reorganization plan has been approved and a tort trust has been created to administer these settlement funds to victims of the tragedy. Additionally, hundreds of personal injury and wrongful death actions continue against the doctors and clinics that exposed patients to tainted drugs from NECC. I have been selected by the PSC to lead all Tennessee litigation. I have appeared almost monthly in Boston for regularly scheduled court hearings for the past two and a half years, argued several motions, taken several depositions, and worked



throughout with a committee of lawyers (both in the MDL and throughout Tennessee) to coordinate and manage the litigation on a state and national level.

Additionally, I serve as Co-Lead Counsel in *In re Prograf*, Case No. 1:2011-md-02242 (D. Mass) (J. Zobel). I represent a certified class of indirect purchaser plaintiffs in a nationwide antitrust action against Astellas Pharma, Inc., alleging that the defendant illegally delayed entry of generic Prograf into the marketplace by filing a sham Citizen Petition with the FDA. I have actively litigated this case appearing for numerous arguments and other hearings before the Court. The case survived summary judgment and obtained class certification and is trial ready but is pending on an interlocutory matter in the First Circuit Court of Appeals.

Additionally, the Eastern District of Tennessee appointed the law firm of Branstetter, Stranch, and Jennings PLLC as Co-Lead counsel in *In re: Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-cv-194 (E.D. Tenn.) (J. Collier). This MDL is an antitrust class action on behalf of end-payors regarding monopoly practices which prevented the sale of generic Skelaxin. Judge Collier, seeing the need for an early resolution of this case, set this case on both a litigation track and settlement track that proceeded in tandem. The Court appointed me as lead mediation counsel on behalf of the Plaintiffs and the Class. Due to my efforts, the case reached a settlement whereby the defendant Mutual Pharmaceuticals, Inc. settled on a class basis for a sum total of $9 million. Judge Collier formally approved this class settlement in December 2015.

Apart from my current work in the aforementioned MDLs, I have a long history of bringing complex, multiparty claims to successful resolution on behalf of plaintiffs throughout the country as more fully detailed in the attached resume.

## 2. I Have Appeared In Federal Courts Across The Country

The following judges would have particular knowledge about my conduct in MDLs and complex litigation:

*Honorable Curtis L. Collier*
USDC Eastern District of Tennessee
Phone: (423) 752-5287

*Honorable Rya W. Zobel*
USDC District of Massachusetts
Phone: (617) 748-9085

*Honorable Samuel H. Mays, Jr.*
USDC Western District of Tennessee
Phone: (901) 495-1200

## 3. I Am Willing And Available To Commit To Time-Consuming Litigation

I am willing and able to immediately commit personally to this litigation. Despite my active involvement in several MDLs across the country, numerous attorneys at my firm are currently assisting me in these matters such that I will be able to dedicate sufficient attention to this litigation. Moreover, two of the three MDLs (*Prograf* and *Skelaxin*) in which I currently serve in leadership have recently concluded or are likely to resolve very soon. I remain active in the *NECC* MDL, attending court hearings in Boston almost every month, but is assisted by numerous other firm attorneys who can fill any gap left by me devoting more of my attention to this matter. As I have demonstrated through the *Prograf, Skelaxin,* and *NECC* MDLs, I am committed to personally fulfilling my obligations once appointed to a leadership position and due to the fortuitous timing of his other commitments coming to a close in the immediate future, my current schedule would allow him to fulfill these obligations if appointed here.

### 4. I Am Willing And Able To Work Cooperatively With Other Plaintiffs And Defense Counsel

I lead the complex litigation and mass tort practice group of my firm. In this internal leadership position, I help my own law partners in the growth and success of their own practices in this field. Moreover, in virtually every complex litigation I serve in, I am joined by co-counsel or serve along side a committee of lawyers. Through litigating these kinds of cases I have become well known as a lawyer of professional integrity and affability. As a result, several years ago the Vanderbilt University Law School asked me to develop a course on the practice of civil litigation aimed at teaching young lawyers how to build a law practice and most importantly how to develop cooperative, productive, and successful relationships with attorneys on both sides of the litigation bar. I have taught that course as an Adjunct Professor of Law at Vanderbilt since 2011.

### 5. I Have Access To Resources To Timely Prosecute This Action

Branstetter has 16 lawyers (9 members, four associates, one staff attorney, and one of counsel) and regularly works with at least 4-5 contract attorneys to staff complex litigation of this nature. Branstetter is located in Nashville, Tennessee and is one of the largest law firms in Tennessee doing complex, multiparty litigation on a national level. My law firm stands ready to devote all necessary resources to this litigation.

### 6. I Am Willing To Serve As A Member Of A Steering Committee

I am best suited for a role on a steering committee and is not seeking assignment as lead counsel.

### 7. I Prefer To Represent All Consumers Injured By Volkswagen's Misconduct

I seek appointment to represent all consumers (i.e. consumers and lessees) injured by Volkswagen's misconduct.

### 8. I Speak German And Have Conducted Depositions In Europe Of Large German Companies

As a young man I won the prestigious Congress-Bundestage scholarship, which provided a full year of study in Germany, and as a result I lived in Germany for a year and learned to speak German fluently. I have used this skill in his law practice and specifically in MDL cases when I went to Germany and took depositions of executives of the pharmaceutical giant Bayer AG in conjunction with his work on the Plaintiffs' Steering Committee in the *In re Trasylol Products Liability Action*, MDL 1928 (S.D. Fla.). To the extent depositions of German-speaking Volkswagen executives will need to occur, I am uniquely positioned to assist in these depositions given this background. Further, my office is located in Tennessee, the state where Volkswagen's only North American manufacturing facility is located and where over half of all Volkswagen employees in the United States are located. As a result of Volkswagen's facility in Tennessee, numerous Volkswagen suppliers are also located in Tennessee, including the supplier of the exhaust system at issue in this MDL.

Respectfully submitted,

/s/J. Gerard Stranch, IV
J. Gerard Stranch, IV (TN Bar # 23045 *pro hac vice*)