**Morris Polich & Purdy**LLP

ATTORNEYS AT LAW

www.mpplaw.com

January 8, 2016

Writer's e-mail address:
dvendler@mpplaw.com

Honorable Charles R. Breyer
Senior District Judge
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF CALIFORNIA
San Francisco Courthouse, Courtroom 6 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, Case No. 3:15-md-02672-CRB*
*Application of David J. Vendler to Membership on Plaintiffs' Steering Committee*

Your Honor:

David J. Vendler of Morris Polich & Purdy LLP ("MPP") (counsel for Plaintiff Christopher D'Angelo (C.D. Cal. Case No.: 2:15-cv-07390)) hereby applies to be placed on the Plaintiffs' Steering Committee ("PSC") for all plaintiffs, or, alternatively, for owners/lessees.

### I. Mr. Vendler Has Taken A Leadership Role In The VW Cases

Mr. Vendler's September 21, 2015 D'Angelo complaint was one of the first class action complaints against VW. Mr. Vendler then filed the original motion to consolidate the VW cases before the Joint Panel on Multidistrict Litigation on September 22, 2015. (JPML Docket # 1).

On September 30, 2015, Mr. Vendler filed in the D'Angelo case a request for an early status conference to include all of the VW cases then pending in the Central District to address evidence preservation, class certification, and the commencement of the lengthy process of securing foreign witness depositions under the Hague Convention. (Docket # 13). While Judge Carter ultimately declined the request, its pendency allowed Mr. Vender to secure VW's written commitment (including that of the German VW-affiliated entities) to preserve evidence, including electronically stored evidence, according to both federal and California law.

On October 19, 2015, Mr. Vendler filed the first (and only) motion for class certification against VW. (Docket #24). He did this both because Central District Local Rule 23-3 requires such motions within 90 days of service of a class complaint and because Mr. Vendler foresaw the likelihood of VW's trying to procure unfavorable "settlements" with unrepresented class members outside of the court process. As Mr. Vendler stated in his class certification motion:

> [A]n early certification ruling will benefit the class by: (1) establishing an attorney client relationship that will prevent VW from communicating directly with the Class Members (including about its recently announced plan for a recall) in an unsupervised manner; (2) assisting in the settlement process; and (3) avoiding any potential that VW could attempt what was done in the *Campbell-Ewald Company v. Gomez* case now pending before the Supreme Court -- involving whether a defendant in an uncertified class action case can derail the class action by picking off the class representative's claim by making an offer of complete settlement. *See* 135 S.Ct. 2311.

Honorable Charles R. Breyer                                                            MORRIS POLICH & PURDY LLP
Re: *D'Angelo v. Volkswagen Group of America, Inc.*
January 8, 2016
Page 2

Mr. Vendler has also already prepared and met and conferred with Volkswagen on a motion for partial summary judgment on several of Mr. D'Angelo's California state law claims. Judge Carter's October 28, 2015 stay of all Central District cases, however, precluded its filing. (Docket #26).

In early November 2015, Mr. Vendler learned about VW's "Goodwill Package." Although VW's website stated that consumers could accept the package without releasing any rights, the agreement consumers were being required to sign to obtain the package contained both an arbitration clause and a jury trial waiver. Under threat of an *ex parte* application (notwithstanding the stay imposed by Judge Carter), Mr. Vendler obtained VW's written assurance that it would not rely on either the jury trial waiver or the arbitration clause in any of the VW cases nationwide.

On December 18, 2015, Mr. Vendler filed a Reply to Pretrial Order No. 1 addressing VW's retention of Ken Feinberg. His was the only one to assert that Mr. Feinberg's retention by VW as its agent should disqualify him from being named as the Court's Special Settlement Master and to raise the concern about VW's using Mr. Feinberg and his ostensibly independent claims administration process to obtain less than favorable "settlements" on an *ex parte* basis with unrepresented class members. (MDL Docket # 222).

## II.     Mr. Vendler Has the Experience & Resources To Be A Productive Member Of the PSC

Mr. Vendler obtained his A.B. from Harvard College in 1984 and his J.D. from the University of San Francisco School of Law in 1988. Mr. Vendler is AV® Preeminent rated by Martindale Hubbell and has successfully served as lead and/or co-lead counsel in many federal court class actions. Examples include:

| |
|---|
| *Camberis v. Ocwen Loan Servicing, LLC*, N.D. Cal. No. CV14-2970 – $20 million class settlement in under-reporting of mortgage interest case finally approved by Judge Edward M. Chen ((415) 522-2034) on December 9, 2015. |
| *Horn v. Bank of America, N.A.*, 2014 WL 1455917 (S.D.Cal. 2014) – $212 million class settlement in under-reporting of mortgage interest case. Judge Gonzalo P. Curiel – (619) 557-5539. |
| *Watkins v. Vital Pharmaceuticals, Inc.*, 720 F.3d 1179 (9th Cir. 2013) – Obtained reversal in CAFA appeal from a removal order. Judge S. James Otero – (213) 894-1796. |
| *Abat v. Chase Bank, U.S.A., N.A.*, C.D.Cal. No. SACV07-1476 – two separate approximately $5 million dollar settlements (against co-defendants Chase Bank and Money Management International, Inc.) for violation of the Credit Repair Organizations Act ("CROA") and misuse of I.R.C. Section 501(c)(3) status. Cormac J. Carney – (714) 338-2849. Post-judgment, the case was transferred to Judge Andrew J. Guilford – (714)-338-4757. |
| *Cagle v. Anti Aging Essentials, Inc.*, C.D.Cal. No.: CV11-02940 – $500,000 class settlement for false labeling of protein bars. Judge A. Howard Matz, Ret. – (310) 201-2100. |
| *Degelmann v. Advanced Med. Optics, Inc.*, – obtained summary judgment for defendant based on class claim for false labeling of contact lens solution. *See* 2010 WL 55874 (N.D.Cal. 2010). Judge Phyllis J. Hamilton – (510) 637-1296. |
| *In Re Pet Foods Products Liability Litigation*, – MDL Docket 1850 – Assisted in defense of importer of tainted pet food. Judge Joel L. Hillman – (856) 757-5057. |
| *Polacsek v. Debticated Consumer Counseling, Inc., et al.* – $35 million class settlement in CROA case after favorable partial summary judgment ruling. *See* 413 F.Supp.2d 539 (D.Md.2005). Judge Peter J. Messitte – (301) 344-0632. |
| *Zimmermann v. Cambridge Credit Counseling Corp.* – $250 million class action judgment upheld on appeal. *See Zimmerman v. Cambridge Credit Counseling*, 409 F. 3d 473 (1st Cir. 2005) (motion to dismiss ruling reversed on ground that the IRS's determination of tax-exempt status is not dispositive for purposes of |

Case 3:15-md-02672-CRB   Document 725   Filed 01/08/16   Page 3 of 3

Honorable Charles R. Breyer                                                    MORRIS POLICH & PURDY LLP
Re: *D'Angelo v. Volkswagen Group of America, Inc.*
January 8, 2016
Page 3

| |
|---|
| CROA liability); *Zimmerman v. Cambridge Credit Counseling Corp.*, 529 F. Supp. 2d 254 (D. Mass 2008) (granting plaintiffs' summary judgment); and *Zimmerman v. Puccio*, 613 F.3d 60 (1st Cir. 2010) (upholding judgment). Judge Michael A. Ponsor – (413)-785-6803. |
| *In re Pleasant Care*, Bkrptcy C.D.Cal No. LA 07-12312 – multi-million dollar class settlement in ERISA adversary proceeding against bankrupt nursing home chain and the management company retained by the creditors' committee which retroactively canceled the employees' health insurance. Judge Ellen Carrol, Ret. – 1817 Midwick Dr., Altadena, CA 91001 (no phone available on California Bar website). |
| *Maurius Jeffrey v. Alert Cellular, L.C.*, C.D. Cal. No.: LACV03-6933 – substantial class wage and hour settlement. Judge Percy Anderson – (213) 894-1795. |

Mr. Vendler has also been lead counsel on behalf of plaintiffs and defendants in many California state court cases. Examples include: (1) obtaining favorable class settlements against the nation's leading rental car companies (Hertz, Avis, Enterprise, etc.) for violating California's statute relating to the sale of collision damage waiver; (2) achieving summary adjudication on liability and then a settlement against Sports Club LA for violating the Contracts for Health Studio Services Act; (3) securing defense judgment for Edison in a class claim for property damage to an entire neighborhood resulting from an electrical power surge; (4) obtaining a defense judgment on a class claim for statutory violations in the sales of self-storage insurance policies; (5) defeating class certification in claim against a distributor of allegedly "all natural" prostate supplement containing prescription medications; (6) defeating class certification in claim for violation of the Advance-Fee Talent Services Act; and (7) making significant arbitration-related law in a wage and hour class action against the nation's 7th largest employer. *See Balandran v. Labor Ready, Inc.*, 124 Cal.App.4th 1522 (2004).

In addition to Mr. Vendler, MPP has put together a team of lawyers with skills particularly suited to represent the plaintiffs in the VW cases as set forth in the attached MPP firm résumé.

### III.     Frank Pitre and Mark P. Robinson Jr. Should Be Appointed Co-Lead Counsel

Both Frank Pitre and Mark P. Robinson, Jr. not only have the skill, tenacity, experience, and reputation necessary to be lead counsel in these cases, but more importantly, they have the integrity to do so without fear of compromise. In these cases where the entire world is looking on, such integrity is of paramount importance. Mr. Vendler and MPP have litigated with and against both Messrs. Pitre's and Robinson's firms on a number of occasions and have done so productively in each instance. Both Messrs. Pitre and Robinson support Mr. Vendler's candidacy for steering committee membership. *See* Attachment A. But if they are not named to lead, Mr. Vendler has worked cooperatively with many other firms in his career and could do so in this case as well.

### IV.     Conclusion

For all of the above reasons, Mr. Vendler believes that he has the skills and resources to be a productive member of the PSC for all plaintiffs, or alternatively, for the owner/lessee claimants. If selected, Mr. Vendler and his 85-lawyer firm are fully prepared to commit all needed resources to the VW cases.

Yours,

MORRIS POLICH & PURDY LLP

David Vendler