# Stueve · Siegel · Hanson LLP

**Patrick J. Stueve**  
stueve@stuevesiegel.com

460 Nichols Road, Suite 200  
Kansas City, Missouri 64112

Phone: (816) 714-7110  
Fax:  (816) 714-7101

January 8, 2016

**VIA ECF - TO BE FILED IN CASE NO. 3:15-MD-2672-CRB**
The Honorable Charles R. Breyer
United States District Judge
450 Golden Gate Avenue, Department 6
San Francisco, CA 94102-3483

    Re:    *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* MDL No. 2672

Dear Judge Breyer:

    On behalf of Stueve Siegel Hanson LLP ("SSH"), I respectfully request appointment to serve as a member of the Plaintiffs' Steering Committee ("PSC") for this MDL. I am counsel in *Morrey, et al. v. Volkswagen Group of America, Inc.*, Case No. 15-cv-4208-NKL (W.D. Mo.). As explained below, my firm has a long and successful history of prosecuting large-scale auto defect class actions on behalf of consumers nationwide, including cases against Defendant Volkswagen Group of America, Inc. representing various classes totaling nearly 1 million vehicle owners and lessees. Located in Kansas City, SSH offers geographic diversity to the leadership of this important case, and has a history of working cooperatively with many of the applicants to the PSC in this case.

    **1.**  **<u>SSH is knowledgeable and experienced in prosecuting complex litigation.</u>** SSH is an AV rated Missouri-based law firm with 30 lawyers and 15 support staff in offices in Kansas City, San Diego, and New York.[1] SSH has been appointed to the leadership of multi-district proceedings or appointed lead counsel pursuant to Rule 23(g) in federal actions coast-to-coast.[2] Courts have found that "'[t]he experience, reputation, and ability of [C]lass counsel is outstanding,'" and have found SSH attorneys to be "extremely knowledgeable," "highly experienced," "highly capable," and to enjoy "an excellent reputation."[3] The firm has taken several collective actions to trial[4] and recently successfully tried a class action certified under Rule 23 to verdict in the District of Kansas.[5]

---

[1] More information regarding the firm, its lawyers and their bios, the scope of its practice, and its honors is available at www.stuevesiegel.com.

[2] Recent appointments include: *In re: Syngenta AG MIR 162 Corn Litigation,* MDL No. 2591 (D. Kan.); *In re: Target Corp. Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn.); *In re: Simply Orange Juice Mktg. and Sales Practices Litig.*, MDL No. 2361 (W.D. Mo.); *In re: Peregrine Financial Group Customer Litig.*, Case No. 12-cv-5546 (N.D. Ill.); *Leiszler, et al v. Align Technologies,* Case No. 3:10-CV-2010-MMC (N.D. Cal.); *In re Aftermarket Automotive Lighting Prods. Antitrust Litig.,* Case No. 2:09-ML-2007-GHW (C.D. Cal.); *Roy v. Hyundai Motor America.*, Case No. 05-483-AHS (C.D. Cal.); *Giuliano v. Sandisk Corp.*, No. CV 10-02787-SBA (N.D. Cal.); *In re SFPP Right-of-Way Claims*, No. 8:15-cv-00718-JVS-DFM (C.D. Cal.); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, Case No. 1:05-MD-1720-JG (E.D.N.Y.).

[3] *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 432 (Mo. 2013) (quoting trial court); *Bruner v. Sprint/United Mgmt.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762, at *7-8 (D. Kan. July 14, 2009)

**2. Names and contact information of judges before whom I have practiced.** I invite the Court to contact and solicit input of other judges, including the following judges that have overseen MDL or other complex cases where I was lead counsel: Hon. Michael Manners (Ret.), (660) 259-9910 (Judge Manners oversaw one of SSH's previous class actions against VW); Hon. John W. Lungstrum, U.S. District Court, District of Kansas, (913) 735-2020; Hon. Ortrie D. Smith, U.S. District Court, Western District of Missouri, (816) 512-5645; and Hon. Maxine M. Chesney, U.S. District Court, Northern District of California, (415) 522-2041.

**3. SSH will commit to a time-consuming process.** As one of the largest Plaintiff firms in the Midwest, SSH has the resources to commit to the litigation, however long it takes to resolve. Although this is certainly a case that merits strong efforts at early resolution, SSH is accustomed to cases that require multi-year investments of time and money. The firm's scale allows it to meet the demands of even the most complex cases –resources the firm is prepared to immediately allocate to this case.

**4. SSH will work cooperatively with others.** As with most MDLs, SSH's leadership appointments referenced in footnote 1 have included other qualified firms from around the country including many of the applicants for the PSC in this case. In nearly 15 years of litigating MDLs and class actions across the country, SSH has never had to burden a court with a disagreement among co-counsel.

**5. SSH has the resources to prosecute the litigation in a timely manner.** SSH has ample human, financial, and other resources to advance the litigation in a timely and efficient manner. Additional resources set SSH apart: SSH employs two full-time information-technology specialists and a dedicated e-discovery attorney. SSH has a sophisticated, onsite, enterprise-level document management and e-discovery system, and has invested in technology and software comparable to or more advanced than that of most large national law firms.

**6. & 7. SSH is happy to serve as a member of the PSC and represent all Plaintiffs.** SSH currently represents owners and lessees. However, SSH is happy to serve all plaintiffs – whether owners, lessees or dealerships – as a member of the PSC and will serve in whatever capacity the Court directs.

**8. SSH has extensive experience against VW and other manufacturers in auto-defect class actions.** As summarized in the footnotes that follow below, SSH has been litigating auto-defect consumer class actions for nearly 15 years. Thus, on a purely objective basis, it is unlikely that many applicants for the PSC have SSH's experience prosecuting and successfully resolving large-scale auto-defect class actions. In just the last several years, the firm has successfully litigated cases alleging wheel rim defects in Chrysler and Mitsubishi vehicles;[6] overstatements of horsepower in Hyundai vehicles;[7] flywheel[8] and airbag[9] defects in Kia and Hyundai vehicles; defective coolant in

---

[4]*Sanchez, et al., v. Echosphere LLC, et al.*, Case No. 71 160 00443 09 (AAA); *De La Cruz, et al. v. Masco Retail Cabinet Grp., LLC*, Case No. 11 152 01156 08 (AAA).

[5]*Adelina Garcia, et al. v. Tyson Foods, Inc.,* Case No. 06-2198-JWL (D. Kan).

[6]*Tadken, et al. v. Mitsubishi Motor Sales of America, Daily v. Daimler Chrysler Motors Corp.*, Case No. 03CC00484 (Jackson County, MO). SSH was appointed lead class counsel as part of a nationwide settlement valued at $33 million resolving deceptive trade practices claims arising out of alleged defective wheel.

[7]*In re: Hyundai Horsepower Litigation*, Case No. 02CC00303 (Orange County, CA). The nationwide litigation began when Hyundai announced it had overstated horsepower ratings in more than one million vehicles sold in the United States over a 10-year period. SSH was instrumental in achieving a settlement valued at over $75 million.

millions of GM cars;[10] and, perhaps most relevant here, window regulator defects in nearly 1 million Volkswagen vehicles against the same defense team assembled to represent VW in this case.[11] The firm is willing to bring to bear all of this experience from this vast array of vehicle defect cases if selected as a member of the PSC.

With its resource-rich team of high-caliber attorneys and litigation professionals, its financial and technological wherewithal, and its record of effective collaboration in similar complex class actions involving similar claims, SSH is confident it can lead this litigation in the spirit of Rule 1 and the dictates of the Manual for Complex Litigation. I will be happy to address any questions regarding my qualifications and suitability[12] at the Court's Initial Conference on January 21, 2016

>Respectfully submitted,
>/s/ Patrick J. Stueve
>Patrick J. Stueve

---

[8] *Parkinson, et al. v. Hyundai Motor America, Inc.,* Case No. 8:06-cv-345-AHS (C.D. Cal.) SSH was appointed co-lead counsel in a consumer class action against Hyundai Motor America alleging that Hyundai marketed and sold vehicles with defective flywheel systems. Following a contested class certification hearing argued by SSH partner Norman Siegel, the Court certified the class and the case was favorably settled in June 2010. Eligible class members received cash reimbursements for money spent on certain flywheel/clutch parts repairs to their 2003 Hyundai Tiburons.

[9] *Roy v. Hyundai Motor America, Inc.*, Case No. 8:05-cv-483-AHS (C.D. Cal.) SSH was appointed co-lead counsel in this case representing a nationwide class claiming the front passenger airbags in Hyundai Elantra vehicles would not activate when occupied by small stature adults. The case was mediated early and resulted in Hyundai recalibrating the airbag system of impacted vehicles and a settlement that the Hon. Alicemarie Stotler called a "win-win."

[10] *Gutzler, et al. v. General Motors*, Case No. 03CV208786 (Circuit Court of Jackson County, MO) SSH worked with California co-counsel on behalf of consumers who purchased or leased certain GM vehicles that were factory filled with Dexcool, GM's Organic Acid Technology Long Life Engine Coolant. Plaintiffs alleged that the engine coolant caused sludging leading to manifold gasket failures. The court certified the case as a class action and SSH was appointed co-lead counsel. Shortly before trial, SSH helped negotiate a nationwide class action settlement in the case.

[11] *Berry, et al. v. Volkswagen of America, Inc*., Case No. 0516-CV01171 (Jackson County, MO); *Lewin, et al. v. Volkswagen of America, Inc.*, Case No. L-3562-02 (Atlantic County, NJ). These cases alleged defective window regulators and plastic window clamps in VW vehicles. In *Berry*, a statewide class was certified and SSH was appointed Lead Counsel. SSH negotiated a settlement whereby VW agreed to reimburse all expenses associated with the repair and replacement the defective window regulators plus $75 for each documented incident or workshop visit. In *Lewin*, SSH was co-lead counsel in a nationwide class action against Volkswagen for defective window regulators installed on nearly 1 million vehicles. Under the settlement agreement, VW agreed to (1) reimburse all expenses incurred by VW owners in the past related to replacing the defective window regulators, (2) install a redesigned metal window regulator replacing any failed window regulators (which used plastic components) under an extended warranty, (3) extend the warranty for all four window regulators at issue to seven years from the date of the car purchase.

[12] Pursuant to this Court's Order, a 2-page summary of my CV/resume is attached hereto as <u>Exhibit A.</u>