

# HELLMUTH & JOHNSON PLLC
### ATTORNEYS AT LAW

Writer's Direct Dial No.: (952) 746-2169
E-Mail: rhagstrom@hjlawfirm.com

January 8, 2016

The Honorable Charles R. Breyer
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and
     Products Liability Litigation, MDL No. 2672 CRB (JSC)

Dear Judge Breyer:

Pursuant to the Court's instruction in Pretrial Order No. 2 (Dkt. 336), I hereby apply to be appointed as a member of the Plaintiffs' Steering Committee (PSC). Given that class members are spread across the country, we respectfully suggest that it is important that the PSC include firms that are not only experienced in MDL litigation, like us, but that are geographically disparate so that firms like ours, which are well-versed in the laws of multiple states, can contribute their expertise for the benefit of the Class. My firm and I thank you for your consideration of us.[1]

Hellmuth & Johnson together with Roxanne Conlin & Associates filed lawsuits against the Volkswagen entities on behalf of purchasers and lessees of the at-issue Volkswagen vehicles in the United States District Courts for the Southern District of Iowa and the Eastern District of Michigan. Those suits have been transferred to this Court. *See Jamieson et al. v. Volkswagen Group of America, Inc.*, MDL Dkt. No. 1008 (CTO-4), and *Nelson et al. v. Volkswagen Group of America, Inc. et al.*, MDL Dkt. No. 1009 (CTO-5).

### Professional Experience (Items 1 and 2 of Pretrial Order No. 2)

For nearly 40 years, I have prosecuted and defended major antitrust, consumer fraud, and other complex matters. Representation of parties on both sides of the "v" in such cases has given me a perspective that few lawyers possess. Additionally, for close to four years, I headed the antitrust section of the Utah Attorney General's Office. I was responsible for investigating and prosecuting civil and criminal violations of the antitrust and racketeering laws, among other duties. As a participant in the National Association of Attorneys General Antitrust Group, I participated in major investigations and filing of amicus briefs in landmark cases. *See, e.g., California v. Arc America Corp.*, 490 U.S. 93 (1989); *Business Electronics Corp. v. Sharp Electronics Corp.*, 485 U.S. 717 (1988). Also, firm members, who are able to lend their expertise here, have represented parties in class and mass litigation involving the Federal Truth in Lending Act, consumer fraud, unfair trade

---

[1] Exhibit A hereto introduces the *Curriculum Vitae* of Richard M. Hagstrom, while Exhibit B presents the names of other counsel who have filed cases in this MDL and support Mr. Hagstrom's appointment to the PSC.

The Honorable Charles R. Breyer
January 8, 2016
Page 2

practices, and other claims concerning the auto industry.  Further, I or members of my firm have participated in MDL litigation for plaintiffs and defendants.

*In re Midwest Milk Monopolization Litigation*, MDL 83.  I participated on a team representing two of the defendants.  The trial of the lead case, *Alexander v. National Farmers Organization*, was held before The Honorable John W. Oliver (deceased) and lasted over a year (W.D. Mo.).  The proceedings on remand in some of the MDL 83 cases are noted in the attached Curriculum Vitae.

*In re Microsoft Corp. Antitrust Litigation*, MDL 1332.  Over 100 cases were brought against Microsoft Corporation on behalf of consumers for monopolization of the Intel-compatible personal computer operating system, word processing, and spreadsheet software markets.  This litigation was prior to the Class Action Fairness Act and, as a result, many cases were filed in and remained in state courts around the country.  While participating in MDL 1332 (Md.), I was co-lead class counsel for statewide classes in Minnesota, Iowa, and Wisconsin.  The combined face value of the settlements obtained in those cases exceeded $500 million.  In the Minnesota Microsoft case, *Gordon v. Microsoft Corp.*, Ms. Conlin and I tried the case for over seven weeks.  Similarly, in the Iowa Microsoft litigation, *Comes v. Microsoft Corp.*, Ms. Conlin and I tried the matter for over three months.  The settlement we reached on behalf of Iowa consumers was the highest on a per capita basis among all cases brought against Microsoft.  Minnesota was the second highest.  These results were achieved for consumers as the result of our extraordinary efforts and the professional and financial ability to take Microsoft to trial.  These are two of many consumer-oriented trials in which I and my firm have been involved.[2]

*In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 1827. Our firm provided its expertise in a support role to lead counsel.

*In re Aftermarket Automotive Filters Antitrust Litigation*, MDL 1957.  I was appointed as co-lead counsel for the indirect purchaser class.[3]

*In re National Hockey League Players' Commission Injury Litigation*, MDL 2551.  We are providing our expertise in a support role to lead counsel.[4]

**Firm Resources, Commitment, and Willingness to Serve (Items 3, 5–7)**

Hellmuth & Johnson has over 50 attorneys with a substantial group devoted to litigation practice, including but not limited to antitrust, intellectual property, and product defect suits.  In addition to

---

[2] The Minnesota trial was before Judge Bruce A. Peterson, (612) 596-7126, Hennepin Cty. Gov. Ctr., 300 S. Sixth St., Minneapolis, MN 55487, 4thjudgepetersonchambers@courts.state.mn.us. The Iowa trial was before Judge Scott Rosenberg, (515) 286-3463, 500 Mulberry St., Des Moines, IA 50309. The Wisconsin litigation was before Judge Richard Sankovitz, (414) 278-4490, Milwaukee Cty. Courthouse, 901 N. 9th St., Milwaukee, WI 53233.

[3] The Aftermarket Automotive Filters case was before Judge Robert W. Gettleman, (312) 435-5543, U.S. Courthouse, Chambers 1788, 219 S. Dearborn St., Chicago, IL 60604.

[4] The NHL case is before Judge Susan Richard Nelson, (651) 848-1970, U.S. District Court, 774 Federal Building, 316 N. Robert St., St. Paul, MN 55101, Nelson_chambers@mnd.uscourts.gov.

24223.0001 -- 2481206_1

The Honorable Charles R. Breyer
January 8, 2016
Page 3

me, the firm will commit the necessary professional and financial resources to see this litigation through to either a successful settlement or final judgment.

While I and my firm have been lead counsel in several other class actions, here I am seeking to be appointed to the PSC. I request an appointment to represent all Plaintiffs, including but not limited to vehicle owner and lessee Plaintiffs on whose behalf we filed suit. My colleagues can attest that I work tirelessly for my clients and as my trial record confirms, I will take the case as far as necessary to achieve a just result for the Plaintiffs here.

**Cooperation (Item 4)**

Throughout my career, I have worked cooperatively with many attorneys and firms, some of which have filed cases in this MDL. It is my practice to work professionally with all co-counsel and opposing counsel with the focus of achieving extraordinary results for class members. This practice has been reflected in my *Martindale-Hubbell* "AV" rating by my peers for well over thirty years, including my "AV Preeminent" rating since that category began.

**Other Considerations Qualifying Mr. Hagstrom for a Leadership Position (Item 8)**

This case may move quickly toward resolution, but to properly formulate settlement terms and remedies, it is imperative for class counsel to fully investigate and discover the underlying facts so that the best resolution can be negotiated for class members. As Your Honor noted at the December 22, 2015 hearing, the class members are driving vehicles with substantially diminished values that may be unsalable. Further, use of the vehicles may violate environmental regulations.

We believe that to obtain promptly the best result for class members, Plaintiffs' Lead Counsel and the PSC must immediately be prepared to discover the detailed facts behind the conduct of Defendants, including without limitation, understanding what viable remedies or combinations of remedies are reasonable. In my prior roles leading major litigation, I have efficiently organized teams to address the multi-faceted issues that arise in such litigation. This includes focus on discovery, legal issues, remedies, and settlement negotiation, among other tasks. The benefits of such organization include careful management of time and costs. We need to be prepared to quickly and efficiently advance discovery, engage in appropriate motion practice, and take test cases to trial should a prompt resolution not be achieved. As a member of the PSC, I will assist in coordinating such efforts and guiding this MDL to a just result for consumers.

                                              Respectfully submitted,

                                              HELLMUTH & JOHNSON, PLLC

                                              *s/Richard M. Hagstrom*
                                              Richard M. Hagstrom
                                              Attorney at Law

RMH/cmn
Enclosures
cc:    All Counsel on ECF