**Lieff
Cabraser
Heimann &
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

January 8, 2016

Elizabeth J. Cabraser
Partner
ecabraser@lchb.com

**VIA ELECTRONIC FILING**

Hon. Charles R. Breyer
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

RE:   *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* MDL No. 2672 CRB (JSC)

Your Honor:

     Pursuant to Pretrial Order No. 2, I respectfully apply to serve as a Lead Counsel on behalf of consumers (diesel owners/lessees).  This case presents the unusual scenario of a large, ascertainable, and engaged nationwide class united by an ongoing and substantial economic injury, for which the defendants have admitted partial liability. The leadership team that this Court appoints must work cooperatively to resolve the class action litigation through a meaningful global settlement, with the expedited pursuit of discovery and trial setting to ensure fairness and speed.  Since September, I have been working closely with colleagues across the country toward this goal, and am honored that so many of them support this application, per Exhibit C.  I appreciate the commitment necessary for effective leadership in this important case, and am ready and eager to make that immediate commitment.

**Experience in Leading the Prosecution and Resolution of Consumer and Product Cases, and Willingness to Commit the Requisite Time and Energy Here**

     This MDL is a quintessential consumer class action; it is also a product case in that it involves a concealed design defect.  The breadth and depth of my professional experience, focusing equally on product liability torts and consumer/economic loss class actions, may be as unique as this case.  Over the last two decades, I have been appointed to a lead role in seven significant nationwide automobile defect/consumer fraud class actions.  My pertinent consumer and product MDL leadership appointments, involving a variety of products and practices, are listed on Exhibit A.  As a lead counsel in auto-related cases, I negotiated and achieved settlements in (among others) *Bridgestone/Firestone*; *Toyota Unintended Acceleration*; *Ford Explorer*; *GM Pickups*; *Sears Auto Center*; and *Hanlon v. Chrysler*.  In *Hanlon*, we secured a class settlement that replaced faulty minivan rear liftgate latches with a safer redesign.  That program was affirmed in what became the Ninth Circuit's leading post-*Amchem* consumer class settlement decision.  *See Hanlon v. Chrysler*, 150 F.3d 1011 (9th Cir. 1998).  My work in negotiating nationwide class resolutions for repair/replacement of other major-purchase, concealed defect products includes *Polybutylene Pipe* (over $1 billion in defective pipes replaced); and *Naef v. Masonite* and related actions (over $1 billion in replacement exterior

siding installed nationwide).  Through the *Hanlon, Polybutylene*, and *Masonite* nationwide class settlements, we obtained tangible class benefits and necessary design corrections for homeowners and car owners.  These settlements were uncapped, with all qualified claims paid/replacements made.  These were unreduced by class counsel fees, which were paid in addition by defendants—outcomes that should be goals in this litigation.  The unique challenge of this litigation is the forging of a meaningful and multidimensional remedy that fully compensates consumers, honors their purchase decisions, and offsets the emissions discharged by the vehicles.  This must be accomplished against a backdrop of governmental obligations faced by Volkswagen, here and internationally.  Experience in the design, approval and implementation of innovative resolutions—settlements that not only compensate but also repair and restore—is at a premium in this case.  Over the years, I have contributed to many such resolutions and would be honored to work for such a resolution in this case.

My experience in MDL leadership roles has given me an appreciation of the magnitude of time, energy, and resources necessary for effective leadership.  I have carefully reflected, and confirm that my other current MDL responsibilities (including three auto-related MDLs) allow me to make that commitment here.  I currently serve on the PSC/Class Counsel in the *Deepwater Horizon* litigation, MDL 2179, in which I participated in the negotiation, approval, and successful defense on appeal of the uncapped BP Economic Class settlement.  It is currently in the administrative phase, with over $6 billion paid, and over $10 billion projected to be paid to the class.  I also serve as one of the Co-Leads in the *Toyota* and *GM* litigations.  *Toyota*, MDL 2151, is nearing completion of the settlement phase, and *GM Ignition*, MDL 2543, has made substantial progress.  I serve as Liaison/Executive Committee in *BNY-Mellon*, MDL 2335, which settled in Fall 2015.  I also serve on the PSC in the *Takata Airbags* litigation, MDL 2599.  I have no other personal leadership roles, and have more than sufficient time to lead this case.  Contact information for the Judges in these MDLs is listed in Exhibit B.

## Working Cooperatively with Plaintiffs' and Defense Counsel

The effective prosecution of complex litigation depends, above all, upon collaboration by diverse and dedicated colleagues.  It is essential that Lead Counsel and the PSC forge a strategy to obtain a just, speedy, and meaningful resolution of this unprecedented case.  The Court's leadership appointments provide the opportunity for firms from across the country to move beyond competing factions and develop broad agreement for effective resolution.  I have advocated for this cooperative approach from the early stages of this litigation, working with both plaintiffs' and defense counsel from across the country to: (1) facilitate mediation (obtaining VW's agreement to a settlement special master system); (2) protect all VW/Audi diesel owners by ensuring that participation in VW's "goodwill" program did not impair individual or class claims; and (3) enter evidence preservation orders.  I am a proponent of an experienced, inclusive, and diverse leadership structure to advance the comprehensive resolution that this Court envisions, and would be deeply honored to join it.  Renewed Fed. R. Civ. P. 1 mandates cooperation with opposing counsel as well, and VW's counsel have exhibited this spirit to date.  Loyalty to one's clients and cooperation with the court and opposing counsel are not platitudes in this case; they will be critical to any global resolution.  My successes—and failures—over the years would inform my daily efforts toward those goals here.

## Access to Resources to Prosecute This Litigation in a Timely Manner

This case should settle, fully and swiftly.  But nothing in litigation is certain, and this MDL is one piece of an international puzzle.  Lieff Cabraser is a 70-plus lawyer AV-rated firm,

founded in San Francisco, with New York, Nashville, and Seattle offices. Lieff Cabraser has dedicated itself *solely* to representing plaintiffs and plaintiff classes for 40+ years. We have tried over one dozen class actions to verdict and achieved over 25 resolutions over $1 billion. As one of the nation's largest plaintiff-side firms, we will commit the human and financial resources necessary to prosecute this litigation to completion. We repeatedly have contributed substantial sums in up-front assessments to fund the work of MDLs. In the *Toyota* litigation, the Lead Counsel firms each spent $5 million+ to fund the litigation. The *Deepwater Horizon* MDL has required similarly substantial commitments, and over $10 billion in class benefits will have been delivered in that case before any class fee award is made. That fee award will not reduce class recoveries by a nickel, which is our goal here as well.

### Willingness to Serve in a Lead or PSC Role for Consumer Plaintiffs

LCHB represents more than one hundred consumer clients now prepared to serve as class representatives, responds to information requests by thousands of additional class members, and is associated and supported by firms with class representatives for all 50 states. I have been active in coordinating and sharing information and research with plaintiffs and counsel across the country, and will continue these efforts if appointed as a Lead Counsel, or to the PSC team. For example, we work with Bailey Glasser LLP and the emissions experts at West Virginia University whose testing and analysis exposed the VW "clean diesel" scandal. We obtained comprehensive nationwide data to determine the concentration of TDI vehicles and areas most in need of emissions offsets, and retained economic loss and vehicle value experts to help quantify an effective remedy. My experience with Mr. Kenneth Feinberg, beginning in the early 1990s in the settlement of the *Silicone Gel Breast Implants* MDL litigation, and continuing through *Deepwater Horizon* and *GM Ignition*, informs and inspires the opportunity for innovative solutions here.

### Other Considerations Pertinent to This Case

My consumer class action practice has spanned four decades. As a longtime student of class action procedural law and consumer protection law, and in service in court-appointed leadership roles in MDLs throughout the country, I have dealt with the common law and consumer statutes of all states, the unifying claim of Civil RICO, and the role of *Magnuson-Moss*. This experience has given me an appreciation of both the similarities and distinctions in the law and the importance of sensitivity to these in the context of an MDL nationwide in scope. My class counsel role in cases such as *Deepwater Horizon* and *Exxon Valdez* provide environmental context and an appreciation of the value of coordination with federal and state prosecutors. The $714 million combined private, DOJ, and New York AG settlement in *BNY-Mellon* last fall demonstrated that when class lawyers and governmental advocates work together, the whole exceeds the sum of its parts. If coordination with international issues, claims, and resolution processes would assist the Court, Lieff Cabraser is able to do so, with deep ties and affiliations with firms and consumer groups representing and advocating for VW consumers in Canada, Europe, and elsewhere.

Respectfully,

Elizabeth J. Cabraser
**Lieff Cabraser Heimann & Bernstein, LLP**