

Robert S. Arns
The Arns Law Firm
515 Folsom St., 3rd Floor,
San Francisco, CA, 94105

Hon. Charles Breyer
United States District Court
450 Golden Gate Ave.
San Francisco, CA, 94102

RE: *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*

Dear Judge Breyer,

Pursuant to Pretrial Order No. 2, Robert S. Arns of The Arns Law Firm respectfully submits this application for appointment to Plaintiffs' Steering Committee and/or one of the following roles:
- Discovery Liaison Counsel
- Liaison Counsel to California State Regulatory Counsel
- Expert Witness Liaison Counsel

The Arns Law Firm has filed one case on behalf of an individual who purchased a "TDI Clean Diesel" vehicle from defendants during the relevant time period. This case is *Jaffe v. Volkswagen et. al.*, Case No. RG157873548. Counsel intends to amend this complaint in order to name additional class representatives. My firm has agreed to support several other firms' applications for leadership positions, but not in exchange for their support of this application.

My resume is attached, and below are responses to each request set forth in Pretrial Order #2 (Dkt. 336):

### (1) Professional Experience, and (2) Judicial Contact Information

I have been in practice for 40 years in San Francisco, representing plaintiffs in civil matters. The Arns Law Firm is a plaintiff-only civil litigation firm composed of ten lawyers. The firm's practice areas, which include class actions as well as catastrophic injury and death cases, is a perfect mixture of inspiring cases that creates a well-funded firm. This allows the attorneys to fulfill their fiduciary duties to their clients with the highest standard of care. The firm has never taken out a bank loan to cover litigation costs, even though every case the firm litigates is done on a contingency basis. I have tried over 50 cases to a jury verdict. The firm's class action experience includes the resolution of roughly 20 California and national class actions where my firm acted in a lead counsel position. I have taught trial practice at the University of San Francisco School of Law for the last thirteen years, and was named Professor of the Year in 2011 and Alumni of the Year in 2009. I am the author of the best-selling trial publications *The Evidence Wheel* and *The Trial Wheel* (both California State and Federal versions) published by The Rutter Group, a division of West Publishing. I have chaired and participated in many Rutter Group seminars and numerous other seminars involving trial practice, class actions, evidence and related subjects, many times each year. I have been the Trial Lawyer of the Year (and finalist on many occasions) for the San Francisco Trial Lawyers Association and was a three-time finalist for Consumer Attorneys of California's Trial Lawyer of the Year. As an American Board of Trial Advocates member, I have been a presenter at the ABOTA *Masters in Trial* on numerous occasions in both Northern and Southern California. In prosecution of this action, I will be working with the class action lawyers in the firm including, Jonathan Davis, Kevin Osborne, Robert Foss and Julie Erickson.

I have been involved in roughly 20 class action, including the following:
• *Fraley et al. v. Facebook, Inc.;* Case No. CV 11-01726 RS (class action of roughly 150,000,000 class

members related to privacy and right of publicity issues) Hon. Richard Seeborg, (415) 522-2123
- *Carducci v. Wachovia Bank, et. al.;* Case No. 4:11-CV-000181-PJH, (class action related to improper late charges for mortgage payments) Hon. Phyllis J. Hamilton, pjhcrd@cand.uscourts.gov
- *Zamudio v. S.P. Carpet Pros, Home Depo;* Case No. CGC-05-446984 (Class Action for failure to pay proper wages and reimbursements) Hon. A. James Robertson II.
- *Webster et. al. v. LegalZoom;* Case No BC438637 (class action claims related to Unlicensed Practice of Law violations) Hon. William F. Highberger, (213) 351-7522
- *Valentine v. Thekkek Health Services, Inc*.; Case No. RG10546266 (class action against chain of skilled nursing facilities for violations of the patient's bill of rights related to understaffing); Judge Robert B. Freedman (phone: (510) 267-6936)
- *Wehlage v. EmpRes Healthcare, Inc*., et al.; Case No. C10-05839 CW (class action against chain of skilled nursing facilities for violations of the patient's bill of rights related to understaffing); Judge Claudia Wilken (510) 637-1269)
- *Hernandez v. Golden Gate Equity Holdings, LLC*, et al.; Case No. CGC-10-505288 (class action against chain of skilled nursing facilities for violations of the patient's bill of rights related to understaffing); Judge Richard A. Kramer (415) 982-5267
- *Montreuil, et al. v. The Ensign Group, Inc*. et al.; Case No. BC449162 (class action against chain of skilled nursing facilities for violations of the patient's bill of rights related to understaffing); Judge Jane L. Johnson (213) 351-7508
- *Shuts, et al. v. Covenant Care Holdco, LLC;* Case No. RG10551807, *Correa v. SnF Management Co., LLC*; Case No., RG13664498, *Dalao v. LifeHouse Holdings, LLC, et al*.; Case No. RG12660602, *Regina, et al. v. Hycare, Inc.*; Case No. RG12647573 (class actions against chains of skilled nursing facilities for violations of the patient's bill of rights related to understaffing); All cases before Judge Wynne S. Carvill (510) 267-6937
- *Walsh v. Kindred Healthcare, Inc., et al*.; Case No. 3:11-cv-00050-JSW (class action against chain of skilled nursing facilities for violations of the patient's bill of rights related to understaffing); Judge Jeffrey S. White (510) 637-3541
- *Winans v. Emeritus Corp*.; Case Nos. 3:13-cv-03962-SC and 3:13-cv-03962-HG (class action against large chain of assisted living facilities for unlawful, unfair, and fraudulent business practices related to representations made about staffing levels) Judge Samuel Conti; Judge Haywood S. Gilliam, Jr (415) 522-2039

Additionally, I have appeared before the following current and former Judges, any of which I would welcome the Court contact and ask about my qualifications in this matter:

- Edward Infante (Ret.)
- Jacqueline Scott Corley
- Edward M. Chen, District Judge
- Maxine M. Chesney, Senior District Judge
- Vince Chhabria, District Judge
- William H. Orrick, District Judge
- Richard Seeborg, District Judge
- Marsha Berzon, 9th Cir. Court of Appeals
- William A. Fletcher, 9th Cir. Court of Appeals
- Lucy Koh, US Dist. Court, San Jose Division
- Paul S. Grewal US Dist. Court, San Jose Division
- Ming Chin, California Supreme Court
- Robert Dondero, California Court of Appeal
- Mary Wiss, San Francisco Superior Court
- Amy Hogue, Superior Court, Los Angeles
- Robert Freedman, Alameda County
- Lynn Duryee, JAMS
- Richard Kramer, JAMS
- James Warren, JAMS
- William Cahill, JAMS
- Scott Snowden, JAMS
- James McBride, ADR Services
- Alfred Chaintelli, ADR Services

**(3) Willingness and Ability to Immediately Commit to Time-Consiming Litigation**
If I am appointed to the steering committee, I will dedicate every necessary hour to address all issues. As stated, The Arns Law Firm is financially capable of taking on any corporate defendant.

**(4)  Willingness and Ability to Work Cooperatively With Counsel**
I have a long history of working closely with both plaintiff and defense counsel, including three actions currently

being prosecuted agaisnt healthcare service providers in California, each involving between three to seven different plaintiffs' firms.  My firm has been involved in these cases in a range of capacities and, I believe, has worked well in all situations.  As for working with defense counsel, I have been a guest speaker on the issue of *Ethics in Trial* to the Association of Defense Counsel in San Francisco and given multiple ABOTA seminars on civility in the practice of law.  Both I and the other members of my firm stand ready to serve in whatever capacity can best serve the class.

### (5) Resources to Prosecute the Litigation in a Timely Manner

As noted above, if appointed to the steering committee, my firm stands ready to dedicate the time and monetary resources necessary to vigorously prosecute this action.  That said, I believe that the case can, and should, be resolved in an expedient manner, although not at the expense of a meaningful and comprehensive recovery for the class.  Should the defendants be unwilling to reach a timely resolution, my firm has the resources necessary to see the matter through to a verdict.

### (6) Willingness to Serve as a Member of the Steering Committee

I and the other members of my firm are ready to serve as a member of the steering committee in whatever capacity can best serve the class. However, I believe my firm's experience with casework makes us uniquely situated to act as Liaison Counsel on Discovery Matters, Liaison Counsel to California State Regulatory Counsel, and/or Expert Witness Liaison Counsel.

### (7) Category of Plaintiffs Sought To Represent

My firm is interested in representing vehicle purchasers in this lawsuit (consumers).

### (8) Other Considerations and Qualifications

Interestingly, a January 8, 2016 New York Time article states that Volkswagen has refused to turn over emission-related documents to attorneys general in the United States, claiming protections due to German privacy laws.  Should privacy issues become a focus of this litigation, I would very much want to participate in this steering committee as I have experience in the privacy area.  In 2013, I settled a consumer privacy class action against Facebook on behalf of a national class of roughly 150,000,000 members (Case No. CV 11-01726 RS) (final approval affirmed by Ninth Circuit on Jan. 6, 2015) in which privacy law issues were frequently addressed.  Additionally, my firm prosecuted a consumer class action against Microsoft and Skype, which involved complicated discovery issues due to the involvement of multiple European entities and the intersection of American lawsuits with European privacy law protections.  As stated above, although settlement should be pursued strongly, the German privacy law issues should be resolved to motivate the defendants to understand that no stone will be left unturned if a fair settlement is not reached in an expedient manner.  Additionally, I was intimately involved in another action against one of the defendants in this matter (Audi) related to a catastrophic failure of part of the vehicle.  I believe my experience in that matter will provide useful insight into this action, and I have intimate knowledge of the culture, branding, and drive of Volkswagen to become the largest automobile manufacturer in the world—all of which led to the emissions "cheat" issue at hand.

My belief is that, in the performance of our fiduciary duties to represent the class, it is in best interest of the class to press for a settlement first to avoid any delays. For many class members, their vehicles represent one of their largest investments and are a central part of their daily lives. It is obvious that the class wants to move on and either sell back their vehicles or be compensated for their losses in the first half of 2016 but not at the expense of an adequate remedy.

Sincerely,

Robert S. Arns
The Arns Law Firm