

January 8, 2016

The Honorable Charles R. Breyer
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    **Application of Jonathan Michaels, Esq. for**
              **Plaintiffs' "Dealership" Steering Committee**
              *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and*
              *Products Liability Litigation, Case No. 15-md-2672*

Dear Judge Breyer:

        Please allow this to serve as my enthusiastic application for appointment to a steering committee that represents the unique interests of dealership plaintiffs. As reflected in my resume [Exhibit A], I have ***extensive*** experience representing dealers against manufactures in complex litigation. I represent Eagle Auto Mall, a Chevrolet dealer, as a class representative in a Lanham Act case against Volkswagen.

### <u>Criteria No. 1</u> – *We Have Experience with Complex Litigation.*

        Our office has substantial experience litigating complex cases, in both federal and state court throughout the United States. This includes MDLs, class actions and other complex matters. Nearly all of these have been centered on the automotive industry and have involved the largest automotive manufacturers in the world.

        In 2012, we investigated claims that Kia had overstated its fuel economy standards, which lead to our office filing the matter of *Young v. Kia Motors America* (USDC, Central District of California, Case No. 2:13-cv-00167). The case is now pending as *In re Kia Fuel Economy Litigation* (USDC, Central District of California, 2:13-ml-02424).

        Also in 2012, our office filed a case that will perhaps become one of the most important cases of our era: *Spitzer Motor City v. U.S.* (U.S. Federal Court of Claims, Case No. 1:12-cv-00900). The Court will recall that in 2009, Chrysler terminated 789 of its dealers through its bankruptcy process. Our office represents numerous terminated Chrysler dealers in an action we filed against the government, under a theory that when the government conditioned Chrysler's receipt of TARP funds on the automaker terminating the dealers, this was an unconstitutional "taking" in violation of the Fifth Amendment.

        In 2014, our office was part of the cause that broke the General Motors ignition switch scandal. For the past six years, I have been an honorary writer for the Los Angeles and San Francisco Daily Journal. To date, I have authored 68 articles, all of which have addressed

The Honorable Charles R. Breyer
January 8, 2016
2 | P a g e

legal issues that uniquely impact the automotive industry, and all of which have appeared on the front page of the Daily Journal. In late 2013, I began investigating the GM ignition switch issue, which culminated in our filing of *Ponce v. GM* (USDC, Central District of California, Case No. 2:14-cv-02161), one of the first class actions against GM for the issue. The case is now pending as *In re General Motors Ignition Switch Litigation* (USDC, Southern District of New York, 14-MD-2543), and my efforts lead to me being considered for a Pulitzer Prize in Journalism.

In 2015, our office filed the class action case of *Sabatino v. Uber* (USDC, Central District of California, Case No. 2:14-cv-02161), a multi-filing that related to Uber's advertising practices. Our complaint, along with the complaints filed by the Los Angeles District Attorney and server other law firms, alleged that Uber was defrauding the public in its advertising.

### Criteria No. 2 – *Contact Information of Judges.*

*Spitzer Motor City v. U.S.*
Judge Nancy B. Firestone
717 Madison Place, NW
Washington, DC 20439
Phone: (202) 357-6540

*Kia Fuel Economy Litigation*
Judge George H. Wu
312 North Spring Street, Courtroom 10
Los Angeles, CA 90012-4701
Phone: (213) 894-0191

*GM Ignition Switch Litigation*
Judge Jesse M. Furman
40 Foley Square, Courtroom 1105
New York, NY 10007
Phone: (212) 805-0282

*Sabatino v. Uber*
Judge Jon S. Tigar
450 Golden Gate Avenue, Courtroom 9
San Francisco, CA 94102
Phone: (415) 522-2036

### Criteria No. 3 – *We Will Wholeheartedly Commit Ourselves to the Time Necessary to Complete this Important Case.*

Our office fully understands the time commitment that will be involved in this case, and we are ready, willing and able to perform. We hold ourselves to a standard of excellence, and we make ourselves available 24 hours a day, 7 days a week. We have a stable of many excellent attorneys, as well as outstanding paralegals and a top administrative staff. We have every ability to give this matter the attention it commands.

### Criteria No. 4 – *We Frequently Work with Others in a Cooperative Environment.*

In our practice, we frequently work with other counsel in prosecuting cases. At times this means coordinating with lead counsel, and at others it means working with co-counsel to achieve the end. We routinely work with other counsel in coordinating discovery, selecting and working with damages experts, drafting law and motion, and (among other things) trial practice. We will happily work with other class counsel in this case.

The Honorable Charles R. Breyer
January 8, 2016
3 | P a g e

### Criteria No. 5 – *We Have Ample Resources to Timely Prosecute this Case.*

We have adequate access to resources to prosecute this case in a timely manner. We anticipate that the litigation will be time intensive and expensive, and we are prepared to support the case in whatever way necessary to see it through completion.

### Criteria No. 6 and 7 – *Willingness to Serve on a Steering Committee, and Representation Sought.*

Our office is extremely willing to serve on a steering committed that represents the unique interests of the automotive dealers.

### Criteria No. 8 – *We Have Knowledge of the Automotive Industry that Is Second to None.*

Our entire practice is centered around representing those in the automotive industry, focusing particularly on complex dealer-manufacturer litigation throughout the United States. We have litigated cases against nearly every major auto manufacturer in the world, including General Motors, Nissan, Honda, AM General, Isuzu, Toyota, Hyundai, Harley-Davidson, Porsche, Aston Martin, Mercedes, Kia, Chrysler, Land Rover, Volkswagen and Ford.

This case – and indeed a dealership steering committee – needs counsel who are experienced in complex MDL litigation. But equally as important, it needs counsel who have a deep understanding of the labyrinth of issues impacting automotive dealers. I am that person.

I have litigated scores of complex dealer-manufacturer cases, but more than that, I have a unique knowledge of the automotive environmental laws. I have written about them extensively in the Daily Journal, and I have assisted various niche automotive manufacturers in environmental compliance.

I previously served as general counsel and a board member for American supercar manufacturer Saleen Automotive, where I worked with various state and federal agencies (such as the California Air Resources Board and the Environmental Protection Agency), helping the company remain compliant with the very laws that Volkswagen is charged with violating.

More recently, I am counsel to Henrik Fisker, former founder of electric car manufacturer Fisker Automotive, in his efforts to launch a new car company with Bob Lutz, former Chairman of GM. In our efforts to launch the new niche car company, I am again working with state and federal agencies on environmental compliance issues.

I thank the Court for its time and attention. I request that I be allowed to briefly address the Court at the January 21, 2016 hearing. Thank you.

Respectively,

Jonathan Michaels

# EXHIBIT A