

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

January 14, 2016

**VIA ELECTRONIC FILING**

Senior District Judge Charles R. Breyer
United States District Court for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 15-md-02672-CRB (JSC)

        *Willingham, et al. v. Volkswagen Group of America, Inc.*, 3:15-cv-06148-CRB (formerly 1:15-cv-07633-PKC (S.D.N.Y.))

Dear Judge Breyer,

    I am a partner of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), representing owners and lessees of Volkswagen's "Clean Diesel" vehicles throughout the United States who have been harmed by Volkswagen's deceptive sales and marketing practices. On January 8, 2016, I wrote to the Court requesting appointment to a steering committee position on behalf of consumers impacted by Volkswagen's conduct. ECF No. 759.

    To assist the Court in analyzing the more than 140 applications, attached are compilations of information I believe may be helpful. The first, Attachment A, sets forth the applications made in the order in which they appeared on the docket, along with relevant data pertaining to that application including the applicant, the firm, positions sought, and whether the application identified support by others who filed cases in this litigation. The second chart, Attachment B, sets forth the number of cases identified thus far in the JPML's December 8, 2015 Transfer Order and subsequent Conditional Transfer Orders No. 1 through 15, broken down by circuit and district.

    Given the number of experienced and exceptionally qualified counsel that have sought positions as both lead counsel and members of the steering committee, the putative classes in this matter will no doubt be excellently represented. After review of those applications, I believe that the consideration of certain factors may be useful in selecting and forming a leadership structure.

    One factor to consider is the wide-ranging impact of this litigation. As a nationwide class action implicating the laws of all fifty states, diversity on a geographic basis for members of the steering committee would be beneficial. One way this may be accomplished could be through



selecting qualified representatives from different geographic regions. This proposal would provide the leadership members a common sense method of allocating responsibility for certain tasks where geography is a factor. My firm filed its case against Volkswagen in the Southern District of New York. Respectful of the MDL process while at the same time ensuring the rights of Plaintiffs, we sought and obtained a document preservation order and consolidation of the cases in the Southern District. Additionally, to ensure efficiency pending a ruling from the JPML, Judge Castel appointed my firm as interim co-liaison counsel for the cases consolidated in the Southern District.

In addition to geographic diversity, I respectfully suggest that the Court consider whether each proposed steering committee member is supported by her colleagues. Such support demonstrates prior ability to work cooperatively when prosecuting similar cases of this size and complexity. The support that I have received is amongst the highest in the pool of applicants who applied solely for a steering committee position. As of the initial filing of my application, I received the backing of 18 of my colleagues. Since then, I received additional support from **David Boies** of Boies, Schiller & Flexner LLP, 575 Lexington Avenue, 7th Floor, New York, NY 10022; **Paul Geller** of Robbins Geller Rudman & Dowd LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432; and **Allan Kanner** of Kanner & Whiteley LLC, 701 Camp Street, New Orleans, LA 70130. I understand Messrs. Boies and Geller have applied to be lead counsel in this action. I believe they will be excellent choices to fill that role, and I support their appointment. I also understand that Mr. Kanner has made an application for a position in the leadership structure. I believe he would be a valuable member of the steering committee, and I support his appointment as a member of the committee.

Finally, whether appointed as a lead counsel or steering committee member, the Court should be satisfied each attorney has significant time to immediately devote to the litigation. No matter the size of the firms, the classes cannot be swiftly and effectively represented by appointed attorneys who are overextended or tied up in other trials. Should I be selected as a steering committee member, I can and will provide my full and immediate attention (as well as my firm's personnel and financial resources) to this matter.

Please do not hesitate to contact me if you have any questions or if I may be of further service.

Respectfully,

Hae Sung Nam

HSN:sp