UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Order Relates To:

ALL ACTIONS

MDL No. 2672 CRB (JSC)

**PRETRIAL ORDER NO. 6: APPOINTMENT OF ROBERT S. MUELLER III AS SETTLEMENT MASTER**

The Court previously provided notice of its intent to appoint **Robert S. Mueller III** as Settlement Master. (Pretrial Order No. 5, Dkt. No. 797.) The Court gave the parties an opportunity to respond to the Court's notice by January 15, 2016. *Id.* The date for the parties to respond has passed, and no party has objected to the appointment of Mr. Mueller. Accordingly, the Court orders as follows:

1. The Court appoints Robert S. Mueller III to facilitate settlement discussions among all parties to this multi-district litigation as soon as is feasible. Mr. Mueller will abide by the potential conflicts procedure outlined in Exhibit B to Pretrial Order No. 5. (Dkt. No. 797-2.)

2. Mr. Mueller's authority is limited to facilitating settlement discussions. Mr. Mueller will not adjudicate, or assist the Court with adjudicating, any issues in these consolidated proceedings.

3. The Settlement Process

   a. As Settlement Master, Mr. Mueller has the authority to schedule at his discretion any settlement discussions; to decide who shall participate in the discussions, including what party representatives are needed; and to choose where and how the discussions are to occur.

b.      Mr. Mueller, all counsel and parties, and any other persons participating in settlement discussions shall treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion.  "Confidential information" shall not be:

   (i) Disclosed to anyone not involved in the litigation;

   (ii) Disclosed to the Court; or

   (iii) Used for any purpose, including impeachment, in any pending or future proceeding.

c.      To facilitate settlement discussions, Mr. Mueller may have ex parte communications with any party and party representative.  If a party does not want Mr. Mueller to share any of the contents of an ex parte communication with another party, the sharing party shall make that desire clear to Mr. Mueller.

d.      Notwithstanding paragraph 3(b)(ii) above, upon the agreement of all participating parties, Mr. Mueller may communicate "confidential information" to the Court without violating this Order or the rules governing confidentiality of settlement discussions.  Mr. Mueller may otherwise communicate with the Court regarding non-confidential matters, including procedural issues and updates on the progress of settlement communications; but, as explained above, he shall not communicate any substantive settlement matters to the Court absent the parties' agreement.

4.      The non-government plaintiffs and defendants shall jointly compensate Mr. Mueller and any personnel working under his direction at their normal and customary hourly rates. Mr. Mueller may incur necessary expenses and costs at reasonable amounts to permit him to fully facilitate settlement of these related actions, and the non-government plaintiffs and defendants shall jointly reimburse Mr. Mueller for such costs and expenses.  Such costs and expenses may consist of, but are not limited to, the engagement of additional necessary personnel, including any outside experts.  Any disputes regarding compensation, costs and expenses, or the allocation of payment of such fees and costs among the parties, shall be brought to the Court's attention.

The Court thanks Mr. Mueller in advance for his service to the parties and the Court.

**IT IS SO ORDERED.**

Dated: January 19, 2016

_____
CHARLES R. BREYER
United States District Judge