UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

This Order Relates To:

ALL ACTIONS (except securities fraud cases)
_____/

MDL No. 2672 CRB  (JSC)

**PRETRIAL ORDER NO. 7: ORDER APPOINTING PLAINTIFFS' LEAD COUNSEL, PLAINTIFFS' STEERING COMMITTEE, AND GOVERNMENT COORDINATING COUNSEL**

On December 9, 2015, the Court announced that it intended to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the pretrial stage of this multi-district litigation ("MDL") with the defendants' representatives or committee.  (Pretrial Order No. 1, Dkt. No. 2.)  The Court subsequently invited individuals to submit applications for a steering committee or a lead counsel position by January 8, 2016 and allowed parties to respond by January 14, 2016.  (Pretrial Order No. 2, Dkt. No. 336.)  The Court received a total of 150 submissions: 9 individuals applied for a lead counsel position, 104 applied for a steering committee position, and 37 applied for a lead counsel and/or a steering committee position.  The Court held a hearing on the matter on January 21, 2016.  Having carefully considered the written submissions and the applicants' oral statements, the Court issues the following Order.

**A.    Lead Counsel**

1.    The Court appoints Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP as Plaintiffs' Lead Counsel and as Chair of the PSC.  Ms. Cabraser has extensive experience with multi-district litigation and has held leadership positions in 17 different MDLs, including

several that involved automobile defects.  She also has the support of a great number of her fellow counsel in this MDL.  (*See* Dkt. No. 782-3.)  Moreover, the Court has first-hand knowledge of Ms. Cabraser's leadership abilities, having worked with her in her role as plaintiffs' liaison counsel and as a member of the PSC in *In re: Bextra and Celebrex Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 1699 (N.D. Cal.).  That experience left the Court with the confidence that Ms. Cabraser will effectively represent and guide the plaintiffs toward a resolution that is in their best interests.

2. The Court vests Ms. Cabraser, as Lead Counsel and PSC Chair, with the authority and duty to coordinate and oversee the PSC responsibilities set forth below; to schedule PSC meetings and keep minutes or transcripts of these meetings; to appear at periodic Court-noticed status conferences and hearings; to sign and file all pleadings relating to all actions; and to bind the PSC in scheduling settlement discussions and discovery, setting agendas, entering into stipulations, and in other necessary interactions with the settlement master, defense counsel, and the PSC.  Ms. Cabraser shall also have the authority to retain the services of any attorney not part of the PSC to perform any common benefit work, provided the attorney so consents and is bound by the PSC's compensation structure.  She shall perform other necessary PSC administrative and logistic functions and carry out any other duty as the Court may order.

3. Lead Counsel shall also do the following:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request.
- Maintain in conjunction with their accountant records of receipts and disbursements advanced by PSC members and received by the PSC and report in writing to the PSC concerning disbursements and receipts.
- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, Government counsel, various plaintiffs' counsel, and the settlement master.

**B.  Plaintiffs' Steering Committee**

4. As noted above, Ms. Cabraser will chair the PSC.  The Court appoints the

following attorneys as members of the PSC:

| | |
|---|---|
| Benjamin L. Bailey<br>Bailey and Glasser LLP<br>209 Capital Street<br>Charleston, WV 25301 | Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101 |
| David Boies<br>Boies Schiller and Flexner<br>333 Main Street<br>Armonk, NY 10504 | Elizabeth Cabraser (chair)<br>Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 |
| David Seabold Casey, Jr.<br>Casey Gerry Schenk Francavilla Blatt & Penfield LLP<br>110 Laurel St<br>San Diego, CA 92101 | James E. Cecchi<br>Carella Byrne Cecchi Olstein Brody & Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068 |
| Roxanne Barton Conlin<br>Roxanne Conlin and Associates<br>319 7th Street<br>Suite 600<br>Des Moines, IA 50309 | Jayne Conroy<br>Simmons Hanly Conroy, LLC<br>112 Madison Avenue<br>New York, NY 10016 |
| Paul J. Geller<br>Robbins Geller Rudman and Dowd LLP<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432 | Robin L. Greenwald<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003 |
| Michael D. Hausfeld<br>Hausfeld LLP<br>1700 K Street NW, Suite 650<br>Washington, DC 20006 | Michael Everett Heygood<br>Heygood, Orr, Pearson<br>6363 North State Highway 161, Suite 450<br>Irving, TX 75038 |
| Adam J. Levitt<br>Grant & Eisenhofer P.A.<br>30 North LaSalle Street, Suite 1200<br>Chicago, IL 60602 | W. Daniel "Dee" Miles III<br>Beasley Allen Crow Methvin Portis & Miles<br>218 Commerce Street<br>P.O. Box 4160<br>Montgomery, AL 36103 |
| Frank Mario Pitre<br>Cotchett Pitre & McCarthy LLP<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 | Joseph F. Rice<br>Motley Rice LLC<br>28 Bridgeside Boulevard<br>Mt. Pleasant, SC 29464 |

| | |
|---|---|
| Rosemary M. Rivas<br>Finkelstein Thompson LLP<br>1 California Street, Suite 900<br>San Francisco, CA 94111 | Lynn Lincoln Sarko<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 |
| Christopher A. Seeger<br>Seeger Weiss LLP<br>77 Water Street, 26th Floor<br>New York, NY 10005 | J. Gerard Stranch IV<br>Branstetter, Stranch & Jennings, PLLC<br>227 Second Avenue N, 4th Floor<br>Nashville, TN 37201 |
| Roland K. Tellis<br>Baron Budd, P.C.<br>15910 Ventura Boulevard<br>Encino Plaza, Suite 1600<br>Encino, CA 91436 | Lesley Elizabeth Weaver<br>Block & Leviton LLP<br>520 Third Street, Suite 108<br>Oakland, CA 94607 |

5. The PSC appointments are personal to the individual attorney appointed. While the Court has considered PSC members' resources and expects they will draw upon their firms and co-counsel to assist them with their duties, each member is personally responsible for his or her duties. The Court may add or replace members upon request from the PSC, or on its own motion, if and as circumstances warrant.

6. It is intended and expected by this Order that, as to all matters common to the coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients and any putative class, that pretrial proceedings shall by conducted by and through the PSC.

7. The Court notes it has appointed 21 attorneys to the PSC (in addition to Ms. Cabraser); the Court believes this is an appropriate number given the amount of work this litigation may entail and the need for an expeditious resolution of the matter.

8. The PSC is responsible for creating its own structure, including establishing subcommittees, subject to the Court's approval. The Court recognizes that changes to the PSC's organization may be necessary as the litigation progresses and new details emerge.

9. Finally, as the Court stated at the January 21, 2016 proceeding, the Court will make

the final determination as to the compensation and reimbursement of Plaintiffs' counsel.  As a result, there is no need to choose counsel based on a competitive bidding process as proposed by an amicus.  (*See* Dkt. No. 576.)  All time keepers carrying out work for the plaintiffs' common benefit, including PSC members, who may look to any common fund or agreement for reimbursement or compensation shall maintain detailed and contemporaneous time records.  The Court will provide further details in a subsequent Order.

### C.   Government Coordinating Counsel

10.   On January 15, 2016, the Judicial Panel on Multidistrict Litigation conditionally transferred from the Eastern District of Michigan to this Court *United States v. Volkswagen AG, et al.*, Case No. 16-10006.  (Dkt. No. 928.)  In light of the United States Government interests in this MDL, the Court appoints United States Department of Justice Attorney Joshua H. Van Eaton as coordinating counsel for the interests of the United States.  Mr. Van Eaton's role will include scheduling meetings, appearing at Court-noticed conferences, acting on behalf of the Government interests in settlement discussions (including ensuring that the appropriate Government decision makers are participating), coordinating discovery with the PSC and Defendants, and carrying out any other duty the Court may order.  The Government Coordinating Counsel shall confer with the PSC and Defendants to achieve the greatest possible efficiencies and effectiveness, including as to the conduct of discovery and settlement discussions.

### D.   Defendants' Liaison Counsel

To act on behalf of all Defendants, and to ensure effective and efficient communications between Defendants and Plaintiffs' Lead Counsel, the PSC, the settlement master, and Government Coordinating Counsel, Defendants shall provide the Court with the name and firm of the attorney who shall act on behalf of  Defendants as Defendants' Liaison Counsel **on or before January 27, 2016**.

**IT IS SO ORDERED.**

Dated: January 21, 2016

_____
CHARLES R. BREYER
United States District Judge