UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

This Order Relates To:

ALL ACTIONS (except securities fraud actions)
_____/

MDL No. 2672 CRB  (JSC)

**PRETRIAL ORDER NO. 8: INITIAL CASE MANAGEMENT**

## I.     Scope of Order

1.     This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("the Panel") pursuant to its Transfer Orders of December 8, 2015 (Dkt. No. 1), any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

2.     This Order and all subsequent Case Management Orders shall be binding on all parties and their counsel in all cases currently pending or subsequently transferred to *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, MDL No. 2672*, and shall govern each case in the proceedings unless the Order explicitly states that it does not apply to specific cases or that it applies only to specific cases.

## II.    Cases Before This Court

3.     The inclusion of any action in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, MDL No. 2672*, whether such action was or will be filed originally or directly in the United States District Court for the Northern District of

California or was or will be transferred or removed from some other court, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.  No reference in this Order to actions filed originally or directly in the United States District Court for the Northern District of California shall constitute a waiver of (1) any defendant's contention that jurisdiction or venue is improper and/or that the action should be dismissed or transferred, or (2) any plaintiff's contention that jurisdiction or venue is proper.

4. The Court requests the assistance of all counsel in calling to the attention of the Clerk of the Court the filing, removal, or transfer of any case of which they become aware which might properly be consolidated with *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, MDL No. 2672*.  To that end, three (3) days prior to each Status Conference or upon request of the Court, Plaintiffs' Lead Counsel and Defendants' Liaison Counsel shall provide the Court with an updated master case list.

### III. Consolidated Class Action Complaint

5. The PSC shall file a consolidated consumer class action complaint on or before **February 22, 2016.**  The PSC shall decide, in its discretion, whether claims on behalf of the independent automobile dealers or any other plaintiffs should be included in the consolidated consumer class action complaint or in a separate consolidated class action complaint.

### IV. Status Conferences and Agendas

6. This Court will convene periodic Status Conferences at the request of Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, and Government Coordinating Counsel, or on its own motion.  To aid the Court and the parties in preparing for such conferences, Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, and Government Coordinating Counsel shall confer at least ten (10) calendar days prior to each future status conference to attempt to agree upon a proposed agenda for the conference.  The parties shall submit a joint agenda to the extent they agree and separate agendas for items on which they do not agree, not less than three (3) court days prior to the conference.  The agendas are intended to aid and apprise the Court of the items or issues which the parties desire to raise at the Status Conference.  The Court may amend or augment the agendas as it deems appropriate.

**V.     Next Status Conference**

7.     The next Status Conference is scheduled for **February 25, 2016 at 8:00 a.m.** in Courtroom 6 (not the Ceremonial Courtroom where earlier proceedings were held) on the 17th Floor of the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, California. Counsel who wish to listen to the Status Conference by telephone may call CourtCall at (866) 582-6878 not later than 5:00 p.m. on February 24, 2016.

8.     Prior to the February 25 Status Conference, Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, and Government Coordinating Counsel shall meet and confer on the following topics:

(1)     A discovery plan, including a plan regarding the preservation and production of electronically stored information;

(2)     A protective order; and

(3)     A categorized master case list (separately listing securities fraud cases, consumer class actions, dealer class actions, other brand class actions (Audi, Porsche), and individual consumer actions).

9.     Three days prior to the February 25 Status Conference, Plaintiffs' Lead Counsel and Defendants' Liaison Counsel, and Government Coordinating Counsel (if appropriate) shall submit the following to the Court:

(1)     A stipulated protective order.  If the parties are unable to agree on the contents of such order, then each shall submit its own version with a memorandum (not to exceed five (5) pages) explaining why the Court should adopt that party's particular proposal.

(2)     A proposed Pretrial Order No. 9 regarding discovery.  Again, if the parties cannot reach an agreement, then each shall submit its own proposal with a memorandum (not to exceed ten (10) pages) explaining why the Court should adopt that party's proposal.

(3)     A proposed Pretrial Order No. 10 regarding a schedule for briefing and hearing of motions to remand, together with any other proposals the parties may

3

wish the Court to consider.

  (4) A categorized master case list.

  (5) An agenda for the February 25, 2016 Status Conference.

10. Three days prior to the Status Conference, Plaintiffs' Lead Counsel shall also submit to the Court a proposed Pretrial Order No. 11 regarding PSC time and expense records and assessments and disbursements.

**VI. Motion Practice**

11. To obtain a hearing date for all motions, including all non-dispositive motions, Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, and, where appropriate, Government Coordinating Counsel shall meet and confer on dates available to counsel.  Once they have agreed to several dates, counsel for the moving party shall call or email the Court's Deputy Clerk, Barbara Espinoza, to obtain a hearing date.

12. The Court will specially set the briefing schedule for all dispositive motions.  All non-dispositive motions shall be filed not less than thirty-five (35) calendar days before the hearing date, absent either a specific briefing schedule as agreed to by Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, and, where appropriate, Government Coordinating Counsel or as ordered by the Court for a specific motion.  Responses to all contested non-dispositive motions shall be filed not less than twenty-one (21) calendar days before the hearing date.  A reply to a response to any motion shall be filed not less than fourteen (14) calendar days before the hearing date.  These times may be extended by stipulation and/or by order of the Court, on a reasonable basis.

13. All parties shall have an ongoing obligation to meet and confer with Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, and any other party to whom a motion may be directed on any application or motion in an effort to resolve outstanding issues before bringing them to the Court.  The moving party shall have an obligation to certify in the moving papers that such meet and confer took place and identify which party or parties oppose the application or motion.  No party may bring an application or motion except in accordance with the provisions of this section, unless otherwise ordered by the Court or agreed to by Plaintiffs' Lead Counsel and

Defendants' Liaison Counsel.

14. The Court STAYS all pending motions to remand (Dkt. Nos. 502, 802, 942, 947, 1029, 1030) and VACATES those hearings. As set forth above, Plaintiffs' Lead Counsel and Defendants' Liaison Counsel are to propose a schedule for filing, briefing and hearing any motions to remand. The Court further DENIES AS MOOT all motions to set a status conference. (Dkt. Nos. 959, 994.)

**VII.  Case Website**

15. The Court instructs all parties to monitor the case website for information and instructions regarding upcoming proceedings, significant court orders, and other documents. The website may be accessed at cand.uscourts.gov/crb/vwmdl.

This Order disposes of Docket Numbers 959 and 994.

**IT IS SO ORDERED.**

Dated: January 22, 2016

_____
CHARLES R. BREYER
United States District Judge