**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


IN RE: PORSCHE "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION                         MDL No. 2683


**ORDER DENYING MOTION TO CENTRALIZE AND**
**GRANTING REQUEST TO TRANSFER ACTIONS TO MDL No. 2672**


**Before the Panel:**[*] Plaintiffs in three Northern District of Georgia actions move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Georgia. This litigation consists of four actions, movants' three Northern District of Georgia actions and an Eastern District of Louisiana action, as listed on Schedule A. Defendants[1] oppose centralization and request inclusion of these actions in MDL No. 2672 – *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*. Plaintiffs in six actions in MDL No. 2672 and the United States of America similarly oppose centralization and request that the actions be included in MDL No. 2672.

On the basis of the papers filed and the hearing session held, we conclude that creation of a "Porsche-only" MDL is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. This litigation, like the cases in MDL No. 2672, began on September 18, 2015, when the U.S. Environmental Protection Agency issued a Notice of Violation of the Clean Air Act to Volkswagen AG, Audi AG and Volkswagen Group of America, Inc., that detailed the unauthorized use of a software-based defeat device in approximately 480,000 diesel automobiles manufactured since 2009.[2] The EPA issued an additional, similar notice regarding further emissions cheating software on November 2, 2015, covering certain 3.0 liter diesel

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] Porsche Cars North America, Inc., Porsche Leasing, LTD, Porsche Financial Services, Inc. (collectively Porsche) and Volkswagen Group of America, Inc. Volkswagen AG, headquartered in the Federal Republic of Germany, although not yet served as required pursuant to the Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, and without waiver of their rights under the Convention, reportedly has authorized VW Group of America to state that it supports Volkswagen Group of America's position.

[2] Affected 2.0 liter TDI diesel models include: Jetta (Model Year 2009 – 2015), Jetta Sportwagen (2009-2014), Beetle (2012–2015), Beetle Convertible (2012-2015), Audi A3 (2010–2015), Golf (2010–2015), Golf Sportwagen (2015) and Passat (2012-2015).

-2-

models: Volkswagen Touareg (2014), Audi A6 Quattro (2016), Audi A7 Quattro (2016), Audi A8 (2016), Audi A8L (2016), Audi Q5 (2016) and the Porsche Cayenne (2015).  The affected model years were later expanded to include all model years since 2009.  The actions before us now share questions of fact regarding the role of Porsche entities in equipping certain diesel engines with software allegedly designed to engage emissions controls only when the vehicles undergo official testing, while at other times the engines emit nitrous oxide well in excess of legal limits.

Despite the undisputed factual overlap among the actions on plaintiffs' motion, centralization in a separate MDL involving only Porsche vehicles is unnecessary because of the actions' strong factual ties to the Volkswagen MDL and the inefficiencies of establishing a separate MDL solely for Porsche vehicles.  Several MDL No. 2672 actions include in their class definitions all cars affected by the EPA Notices of Violation, which include the Porsche vehicle at issue here.  Over a dozen cases in MDL No. 2672 include Porsche entities as defendants.  A separate Porsche-only MDL would require retransfer of those claims to that separate MDL or coordination between two transferee judges as to discovery and motion practice.  Either result would carry a heightened risk of inconsistent pretrial rulings and promises few efficiencies.

The inclusion of these cases in the VW MDL is appropriate, given that Porsche AG and other Porsche defendants are subsidiaries of Volkswagen AG, the principal defendant in MDL No. 2672.  The affected 3.0 liter diesel engine on Porsche Cayennes reportedly was built by Audi, another subsidiary of Volkswagen AG that also is already a defendant in the MDL.  Moving plaintiffs point to no information suggesting that the software at issue on Porsche-branded vehicles was developed independently or is otherwise different from that installed on other vehicles.  If there are any unique aspects to the "clean diesel" litigation as it pertains to the Porsche entities (such as, for example, the indemnity agreement between Porsche affiliates and other VW entities mentioned at oral argument), the transferee judge may in his discretion place the actions in a separate discovery or motion practice track in order to streamline the litigation.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

IT IS FURTHER ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings in MDL No. 2672 – *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
_____
Sarah S. Vance
Chair

Marjorie O. Rendell             Lewis A. Kaplan
Ellen Segal Huvelle             R. David Proctor
Catherine D. Perry

**IN RE: PORSCHE "CLEAN DIESEL"**
**MARKETING,  SALES PRACTICES, AND**
**PRODUCTS LIABILITY LITIGATION**                      MDL No. 2683

## SCHEDULE A

Northern District of Georgia

BROWN v. PORSCHE CARS NORTH AMERICA, INC., ET AL.,
    C.A. No. 1:15‒03867
VIGRAN v. PORSCHE CARS NORTH AMERICA, INC., ET AL.,
    C.A. No. 1:15‒04089
VIGRAN v. PORSCHE CARS NORTH AMERICA, INC., ET AL.,
    C.A. No. 1:15‒04126

Eastern District of Louisiana

ESNEAULT v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 2:15‒05801