UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Order Relates To:<br><br>ALL ACTIONS (except securities actions) | No. 15-md-2672 (CRB) (JSC)<br><br>**PRETRIAL ORDER NO. 9: DISCOVERY SCHEDULE**<br><br>Hon. Charles R. Breyer |

**THIS MATTER** having come before the Court on Plaintiffs' application, and this Court having indicated during the initial Case Management Conference that the parties should work cooperatively to advance and efficiently manage this multidistrict litigation ("MDL"), and the parties having met and conferred on how best to achieve that goal, it is hereby ORDERED as follows:

**1.      Cooperation**

The parties agree to work together to coordinate discovery to the maximum extent feasible to promote the efficient and speedy resolution of this MDL, and, to that end, the following discovery schedule and procedures are established.

**2.      Jurisdiction**

i.      Volkswagen AG and Audi AG, and the non-Porsche defendant-companies affiliated with them, have deferred any jurisdictional challenge with respect to any particular action consolidated or coordinated within this MDL until after any such action has been remanded to its respective transferor court following the conclusion of consolidated or coordinated pretrial proceedings in this MDL.

ii.      In the event any of the defendants other than those described in the foregoing Paragraph, reserving all defenses otherwise available to him/her/it under Rule 12(h), decide to assert a Rule 12(b) challenge to jurisdiction, his/her/its counsel shall, within 14 days after service of the Master Consolidated Complaint(s) ("MCC"), confer with Plaintiffs' Lead

Counsel and Government Coordinating Counsel to develop a joint proposed briefing schedule for such jurisdictional challenge, if any. Within 21 days after service of the MCC, such defendant shall either (1) notify the Court that he/she/it has deferred any jurisdictional challenge with respect to any particular action consolidated or coordinated within this MDL until after such action has been remanded to its respective transferor court following the conclusion of consolidated or coordinated pretrial proceedings in this MDL, (2) submit a joint, proposed briefing schedule, or (3) if the parties cannot agree on such a schedule, submit his/her/its own proposal. In the latter circumstance, Plaintiffs may respond to such defendant's proposal within five (5) business days, and the Court will thereafter establish a briefing schedule.

**3.     Responses to Complaints**

A.     Subject to the provisions of Paragraph 2 of this order, Defendants Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, Audi AG, Dr. Ing. h.c. F. Porsche AG, and Porsche Cars North America, Inc. shall answer, move to dismiss or otherwise respond to the United States' January 4, 2016 complaint on or before **April 15, 2016**.

B.     Subject to the provisions of Paragraph 2 of this order, Plaintiffs' Lead Counsel, Volkswagen Liaison Counsel and Porsche Liaison Counsel shall meet and confer regarding a schedule for responding to the MCC following the filing and review of the MCC.

**4.     Discovery**

A.     *Service.* All discovery requests and written responses and objections may be served by email; for purposes of calculating the deadline to respond, email service will be treated the same as hand-delivery. Defendants shall serve discovery requests and written responses and objections on Plaintiffs' Lead Counsel and Government Coordinating Counsel, as identified in Pre-Trial Order No. 7. *See* Dkt. No. 1084. Plaintiffs shall serve discovery requests, plaintiff fact sheets, and other written discovery responses and objections on Volkswagen Liaison Counsel and Porsche Liaison Counsel, as identified by Defendants in response to Pre-Trial Order No. 7. *See* Dkt. Nos. 1104 & 1111.

B.  *Rule 26 Initial Disclosures.*  Defendants, the United States, and the plaintiffs named in the MCC shall exchange Rule 26 initial disclosures on or before **April 6, 2016**.

C.  *Stipulations of Fact.*  On or before **May 9, 2016**, the parties will meet and confer regarding joint stipulations of fact.

D.  *Document Productions.*  Following entry of this Order, a Protective Order concerning the treatment of confidential discovery information, and, except as set forth below in Paragraph 4.D.i, a protocol or protocols regarding the production of electronically stored information ("ESI") and hard-copy documents, documents shall be produced by the parties on a rolling basis as they are located, copied, reviewed and numbered for production.

    i.  *Initial Production.*  Defendants agree to prioritize and produce to Plaintiffs, prior to receipt of any document requests from Plaintiffs, all documents that Defendants produced to governmental agencies or regulatory bodies in the United States (including state and federal entities) in connection with governmental investigations or inquiries, except those investigations or inquiries conducted pursuant to grand jury subpoena(s), regarding whether Volkswagen, Audi, or Porsche vehicles were equipped with devices designed to defeat or that did defeat emissions regulations or laws (the "U.S. Prior Productions"), plus any privilege logs produced in connection with those productions.  Defendants shall make rolling productions of the U.S. Prior Productions, including produced privilege logs, beginning no later than two (2) business days after entry of a Protective Order.  For those U.S. Prior Productions made to governmental agencies or regulatory bodies prior to entry of this Order, Defendants shall endeavor to complete those productions, including produced privilege logs, by **March 31, 2016.**  Thereafter, Defendants will produce documents previously gathered from Defendants that Defendants produced to non-U.S.-based governmental agencies or regulatory bodies in connection with governmental or regulatory investigations or inquiries regarding whether Volkswagen, Audi, or Porsche

vehicles were equipped with devices designed to defeat or that did defeat emissions regulations or laws (the "Non-U.S. Prior Productions"), plus any privilege logs produced in connection with those productions, to the extent (a) production is not subject to restraint by those non-U.S. governmental agencies or regulatory bodies, and (b) those productions concern vehicles equipped with the same diesel engine type(s) as those included in the vehicles referenced in Appendices A and B to the Complaint filed by the United States against Volkswagen AG and others, dated January 4, 2016. Defendants shall make rolling productions of the Non-U.S. Prior Productions, including produced privilege logs, beginning no later than **April 15, 2016**. For those Non-U.S. Prior Productions made to governmental agencies or regulatory bodies prior to entry of this Order, Defendants shall endeavor to complete those productions, including produced privilege logs, by **June 30, 2016**. In the event Defendants make any productions of documents to U.S.-based or non-U.S.-based governmental agencies or regulatory bodies in connection with the foregoing investigations after the dates set forth above, then, subject to the limitations set forth above with respect to Non-U.S. Prior Productions, Defendants shall produce those additional documents to Plaintiffs pursuant to their duties to supplement under the Federal Rules of Civil Procedure on a timely basis, and in any event, no later than 21 days after such documents have been produced to the applicable government agency or regulatory body. To the extent reasonably practicable, the parties shall confer concerning the format of the U.S. Prior Productions and the Non-U.S. Prior Productions to determine whether the data can reasonably be produced, at little time and expense, to meet the format requirements of the ESI vendors of Plaintiffs' Lead Counsel and Government Coordinating Counsel. For the avoidance of doubt, nothing in this paragraph shall require any Defendant to produce any settlement

1 communications, including materials provided to any governmental agency or regulatory body in furtherance of any settlement discussions.

    ii. *Substantial Completion of Document Production.* The parties shall endeavor to substantially complete their productions of non-privileged, responsive documents by **December 2, 2016**. The parties may apply (jointly or separately) for an extension of this deadline for good cause shown.

    iii. *Discovery of Documents Maintained in Germany.* Volkswagen AG, Audi AG and Porsche AG, and the defendant-companies affiliated with them, have informed Plaintiffs that they are currently undertaking steps to resolve discovery issues relating to documents that may be subject to German data privacy laws and/or other German laws or regulations that may impact production of such documents in the United States. On or before **March 17, 2016**, the parties will meet and confer regarding the status of those efforts. To the extent these efforts do not resolve such issues to any party's satisfaction, all parties reserve the right to raise this issue with the Court and seek amendment of the discovery deadlines set forth herein.

    iv. *Privilege Issues.* Within fourteen (14) days of the entry of this Order, Plaintiffs' Lead Counsel, Government Coordinating Counsel, Volkswagen Liaison Counsel, and Porsche Liaison Counsel shall meet and confer to discuss a protocol for asserting any privilege or right to confidentiality as a protection from the disclosure of otherwise discoverable information, including a plan for preservation or non-waiver of any applicable privileges or rights to confidentiality, and a plan for the production of privilege logs. Thereafter, and no later than thirty (30) days after the entry of this Order, the parties shall submit a joint proposed protocol on privilege issues. If the parties are unable to agree on the contents of such a protocol, then each side shall submit its own proposed order with a memorandum (not to exceed ten (10) pages) explaining why the Court should adopt that party's particular

proposal. Nothing in this paragraph shall delay the initial productions called for under Paragraph 4.D.i, and the parties are specifically directed to proceed with those productions in advance of the entry of an order regarding a privilege protocol; provided, however, that the initial productions called for under Paragraph 4.D.i shall be deemed to have been made pursuant to the privilege protocol order even if those productions precede entry of that order.

E. *Written Discovery Requests.* Unless otherwise specified herein, written discovery requests, and responses and objections thereto, shall be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of California. Defendants may serve discovery requests on one another.

    i. Except as otherwise provided herein, written discovery requests (document requests, interrogatories, or requests for admissions) may be served following entry of this Order.

    ii. *Discovery of Defendants:*

        1. *Written Discovery Responses and Objections.* Written responses and objections to requests for the production of documents shall be due 45 days after service of the request. Written responses and objections to interrogatories and requests for admission shall be due 60 days after service of the request. Verifications of interrogatories shall be provided within 14 days after service of written responses and objections to those interrogatories.

        2. *Interrogatories.* Unless otherwise agreed by the parties, Plaintiffs' Lead Counsel may serve no more than seventy-five (75) interrogatories, including discrete subparts, on each Defendant. Unless otherwise agreed by the parties, Government Coordinating Counsel may serve no more than twenty-five (25) interrogatories, including discrete subparts, on each Defendant. Leave to serve additional interrogatories may be granted to the extent consistent with

Rule 26(b)(1) and (2).

   iii. *Discovery of Plaintiffs:*

      1. *Plaintiff Fact Sheets.* On or before **April 15, 2016**, each Plaintiff named in the MCC will produce to Defendants a completed Plaintiff Fact Sheet ("PFS"). The form and content of the PFS shall be negotiated and agreed to by the parties by **March 11, 2016**. In the event the parties cannot reach agreement on the terms of the PFS, the parties will submit their respective proposed PFS to the Court by **March 11, 2016**. All objections to the admissibility of information contained in or provided with the PFS are reserved and, therefore, no objections need be lodged in the responses to the questions and requests contained in the PFS. The PFS process is designed to streamline the production of relevant information and documents, but that process in no way limits any party from seeking additional information and documents from any plaintiff that completes a PFS through other discovery requests under the Federal Rules of Civil Procedure. The timing and limitations of such requests and responses shall be governed by the Federal Rules of Civil Procedure. Any request for additional information or documents must be non-duplicative of information included in the PFSs, and must be relevant to Plaintiffs' claims and/or Defendants' defenses.

      2. *Discovery with respect to the United States.* Notwithstanding anything to the contrary herein, the United States and Defendants may serve written discovery requests (document requests, interrogatories, and requests for admissions) upon each other no sooner than April 15, 2016. Written responses and objections by the United States to document requests, interrogatories, and requests for admissions shall be due 60 days after service of the request.

3. *Interrogatories Specifically Directed at Each Plaintiff Named in the MCC*. In the event the parties reach agreement on the terms of the PFS, then (a) unless otherwise agreed by the parties, Defendants' Liaison Counsel collectively may serve no more than seven (7) interrogatories, including discrete subparts, on each Plaintiff named in the MCC specifically directed at each such Plaintiff, and (b) leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

4. *Interrogatories on the United States*. Unless otherwise agreed by the parties, Defendants' Liaison Counsel collectively may serve no more than twenty-five (25) interrogatories, including discrete subparts, on the United States. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

F. *Additional Discovery Requests.* Subject to the foregoing, the parties are free to serve additional fact discovery requests without leave of Court. Additional requests will be governed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of California.

G. *Depositions and Expert Discovery*. On or before **April 15, 2016**, the parties will meet and confer about a pre-trial order regarding deposition discovery, a protocol for depositions, and expert discovery. The parties will submit a joint proposed pre-trial order(s) regarding depositions and expert discovery on or before **May 5, 2016**. If the parties are unable to agree on the contents of such order(s), then each shall submit its own proposal with a memorandum (not to exceed five (5) pages) explaining why the Court should adopt that party's proposal.

**5.** **Amendment of Complaint or Addition of Parties**

A. Plaintiffs may amend the complaint, add parties, and/or add claims up to and through **May 20, 2016**, and, in the event of any amendment or addition, the parties shall thereafter meet and confer to discuss the scheduling of a response deadline and any related

matters. If facts emerge in discovery or otherwise after that date that support amendment and/or adding parties, Plaintiffs may seek leave of Court to do so.

**6.     Electronically Stored Information and Preservation of Documents and ESI**

A.     Within fourteen (14) days of the entry of this Order, Plaintiffs' Lead Counsel, Government Coordinating Counsel, Volkswagen Liaison Counsel, and Porsche Liaison Counsel shall meet and confer to further discuss the ESI protocols that will be followed in this case. To aid in the discussions, the parties will include individuals knowledgeable about ESI and relevant IT systems in the scheduled meet and confer. Thereafter, and no later than thirty (30) days after the entry of this Order, the parties shall submit a joint proposed ESI Protocol. If the parties are unable to agree on the contents of such a protocol, then each side shall submit its own proposed order regarding production of ESI with a memorandum (not to exceed ten (10) pages) explaining why the Court should adopt that party's particular proposal. Nothing in this paragraph shall delay the initial productions called for under Paragraph 4.D.i, and the parties are specifically directed to proceed with those productions in advance of the entry of an ESI Protocol.

B.     Within seven (7) days of the entry of this Order, Plaintiffs' Lead Counsel, Government Coordinating Counsel, Volkswagen Liaison Counsel, and Porsche Liaison Counsel shall meet and confer to further discuss the preservation of documents, ESI and tangible things. No later than fourteen (14) days after the entry of this Order, the parties shall submit joint proposed preservation order(s). If the parties are unable to agree on the contents of such preservation order(s), then each side shall submit its own proposed order(s) regarding preservation of documents, ESI and tangible things with a memorandum (not to exceed five (5) pages) explaining why the Court should adopt that party's particular proposal(s).

**7.     Discovery Dispute Resolution**

A.     Discovery disputes will be raised with Magistrate Judge Corley, and shall be presented consistent with the procedure for resolving civil discovery disputes as set forth in the Civil Standing Order for Magistrate Judge Corley (revised February 23, 2016). All discovery disputes shall be raised with the Court within two weeks of the parties having reached impasse

following the required meet-and-confer discussions.

      B.    If the parties believe an issue is too complicated to resolve through the joint letter brief procedure, they shall contact Judge Corley's courtroom deputy clerk to arrange a telephone conference with the Court to set a briefing and hearing schedule.

**IT IS SO ORDERED.**

Dated:  February 25, 2016

_____
CHARLES R. BREYER
United States District Judge