1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

This Document Relates To:

ALL ACTIONS (except securities actions)

MDL No. 2672 CRB (JSC)

**PRETRIAL ORDER NO. 12:
STIPULATED PROTECTIVE ORDER**

Judge Charles R. Breyer

1.    PURPOSES AND SCOPE

    1.1    Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the United States District Court for the Northern District of California (the "Court") to enter the following Stipulated Protective Order (the "Order").

    1.2    The purpose of this Order is to facilitate the production of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, protect material to be kept confidential and/or privileged, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Fed. R. Civ. P. 16 and 26, the judicial opinions interpreting such Rules, and any other applicable law. Except as otherwise stated in this Order, a Party shall produce, in response to a valid discovery request, otherwise discoverable information in its possession, custody or control that is Confidential or Highly Confidential, and such information shall be handled in accordance with the procedures set forth herein.

    1.3    This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation (the "Panel") pursuant to its Transfer Order of December 8, 2015 (Dkt. No. 1), any "tag-along" actions transferred to this Court by the

Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

1.4     This Order and all subsequent Protective Orders shall be binding on all Parties and their counsel in all cases currently pending or subsequently transferred to *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC), and any other persons or entities who become bound by this Order by signifying their assent though execution of the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto, and shall govern each case in this MDL proceeding unless the Order explicitly states that it does not apply to specific cases or that it applies only to specific cases.

1.5     The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

The following definitions apply for purposes of this Order:

2.1     Action:  any and all cases that have been or will be consolidated into the *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC), for pre-trial proceedings, including any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     Confidential Information:  Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4     Counsel:  Outside Counsel of Record and In-House Counsel (as well as their employees and support staff).

2.5     Designating Party:  a Party or Non-Party that designates documents, information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6     Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in this Action, whether formally or informally.

2.7     Expert:  a person retained by a Party or its Counsel to serve as an expert witness or consultant or technical advisor in this Action (as well as his or her employees and support staff).

2.8     Foreign Private Data:  any information that a Party believes in good faith to be subject to foreign data protection laws or other privacy obligations.  Foreign Private Data constitutes Highly Confidential Information under the terms of this Order.

2.9     Highly Confidential Information:  Discovery Material that (a) is Foreign Private Data, or (b) meets the definition of "Confidential Information" and which the Designating Party reasonably believes to be (i) information reflecting product design or development, non-public technical research, pricing and business strategy documents concerning a particular product or line of products, financial statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data, sales information relating to specific customers or classes of customers, non-public scientific research; (ii) as to any governmental Parties, information the disclosure of which absent the protections afforded herein to Highly Confidential Information may harm the United States or any state or foreign government's ability to investigate and/or enforce applicable laws; or (iii) information the disclosure of which absent the protections afforded herein

3

to Highly Confidential Information could create a substantial risk of serious harm that could not be avoided by less restrictive means.  Nothing herein precludes any Party from seeking additional protections not currently contemplated by this Order to be applied to any particular document or category of documents, including Highly Confidential Information.

2.10   In-House Counsel:  attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action, and their counsel.

2.12   Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but have been retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm or governmental agency which has appeared on behalf of that Party.

2.13   Party:  any party to this Action.

2.14   Prior Document Productions:  the documents referenced in Pretrial Order No. 9 as the "U.S. Prior Productions" and the "Non-U.S. Prior Productions."

2.15   Privileged Material:  Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, including any such privilege or protection under applicable U.S. or foreign law, regulation or statute.

2.16   Producing Party:  a Party or Non-Party that produces Discovery Material in this Action.

2.17   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, graphic support services, coding, translating, preparing exhibits or demonstrations, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18   Protected Material:  any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.19   <u>Receiving Party</u>:  a Party that receives Discovery Material from a Producing Party.

2.20   <u>Submitting Entity</u>:  any entity or individual that has submitted information to the United States which the entity or individual claims is protected from public disclosure, or which the United States has informed the entity or individual would be protected from public disclosure by applicable federal law.

3.   <u>SCOPE</u>

3.1   The protections conferred by this Order apply to Protected Material (as defined above) and also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, translations, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.

3.2   This Order and its protections apply for pre-trial purposes only.  The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

4.1   Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., Section 5.2.4 below), or as otherwise stipulated or ordered, Discovery Material that

qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.  The Parties shall make Confidential and Highly Confidential designations in good faith to ensure that only those documents or testimony that merit Confidential or Highly Confidential treatments are so designated.  Either designation may be withdrawn by the Designating Party.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2    Designation in conformity with this Order requires the following:

   5.2.1   *Marking.*  All or any part of a document, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL – MDL 2672" or "HIGHLY CONFIDENTIAL – MDL 2672") on the face of the document and each page so designated.  With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item is Confidential or Highly Confidential or contains such information.  With respect to documents produced in native format, the Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall govern the form and method for marking such documents as Confidential or Highly Confidential.

   5.2.2   A Designating Party may request of a court reporter that transcript pages containing Confidential or Highly Confidential Information be separately bound with the appropriate legend ("CONFIDENTIAL – MDL 2672" or "HIGHLY CONFIDENTIAL – MDL 2672") affixed to the relevant pages.  Any additional court reporter charges for this treatment of the transcript shall be borne by the Designating Party.

   5.2.3   A Receiving Party shall exercise good faith efforts to ensure that any copies, print-outs of natively produced documents or data, translations, excerpts, summaries, or compilations include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the document, discovery response, transcript, or pleading.

5.2.4   *Timing*.  Except as otherwise provided herein, documents and other objects must be designated before disclosure or production.  In the event that a Producing Party designates some or all of a witness's deposition or other pre-trial testimony (or related exhibits) Confidential or Highly Confidential, such designation may be made on the record of the deposition or hearing or within thirty (30) calendar days after receipt of the final transcript of such deposition or hearing. The specific page and line designations over which confidentiality is claimed must be provided to Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, and Government Coordinating Counsel (collectively, "Liaison Counsel") within thirty (30) calendar days of receipt of the transcript in final form from the court reporter, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline.  Deposition or pre-trial testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.  After the expiration of that period, the transcript shall be treated only as actually designated.

5.2.5   For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – MDL 2672" or "HIGHLY CONFIDENTIAL – MDL 2672."  If the Protected Material is produced in an electronic form with a load file, the Designating Party shall note that there is Protected Material in the load file.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  Accidental or inadvertent disclosure of Protected Material—including Protected Material inadvertently disclosed by failure to redact as set forth in Section 11—does not waive the confidential status of such information or any privilege or other protection attached thereto.  In the event that Protected Material is inadvertently disclosed without appropriate designations, any Party or Non-Party may thereafter reasonably assert a claim or designation of confidentiality, and the Producing Party shall promptly provide replacement media.  Thereafter, the Receiving Party must promptly return the original information and all copies of the same to the Producing Party, or destroy the original information and all copies, and

7

make no use of such information.  In the event that Protected Material is inadvertently disclosed to any person and such disclosure is not permitted by the terms of this Order, the Party making the inadvertent disclosure will make all reasonable efforts to ensure the original and all copies of inadvertently disclosed information are not used and are promptly returned or destroyed.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

       6.1      Timing of Challenges.  A challenge to a designation of confidentiality may be made at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the confidentiality designation is made.

       6.2      Form of Challenges.  The Challenging Party shall object to the propriety of the designation of specific material as Confidential or Highly Confidential by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of this Order.  The Designating Party or its counsel shall thereafter, within fourteen (14) calendar days, respond to such challenge in writing by either:  (i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  Counsel may agree to reasonable extensions.

       6.3      Meet and Confer.  If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within seven (7) calendar days thereafter. Counsel may agree to reasonable extensions.  The Parties shall attempt to resolve each challenge in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient).  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

       6.4      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may move the Court for an order withdrawing the designation

8

as to the specific designations on which the Challenging Party and the Designating Party could not

agree, within fourteen (14) calendar days of the Parties agreeing that the meet-and-confer process

will not resolve their dispute.  Each such motion must be accompanied by a competent declaration

affirming that the movant has complied with the meet-and-confer requirements imposed in the

preceding Section.

       6.5     The burden of persuasion in any such challenge proceeding shall be on the

Designating Party.  While a challenge is pending, all Parties shall continue to afford the material in

question the level of protection to which it is entitled under the Designating Party's designation

until the Court orders otherwise.

7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

       7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in this Action only for prosecuting, defending, or

attempting to settle this Action, including any appeal(s), or in Coordinated Litigation as defined in

Section 7.2.11, so long as such use is permitted herein.  Any Protected Material may be disclosed

only to the categories of persons and under the conditions described in this Order.  After the final

disposition of the Action, a Receiving Party must comply with the provisions of Section 14 below

(FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at

a location and in a secure manner that ensures that access is limited to the persons authorized under

this Order.

       7.2     <u>Restrictions on Use of Confidential Information</u>.  Unless otherwise ordered by the

Court or permitted in writing by the Designating Party, and except as specifically authorized by

Section 13.7, a Receiving Party may disclose any information or item designated

"CONFIDENTIAL – MDL 2672" only to:

            7.2.1   the Receiving Party's Counsel;

            7.2.2   the officers, directors, and employees of the Receiving Party to whom

disclosure is reasonably necessary for this Action;

7.2.3    Experts retained by the Receiving Party or the Receiving Party's Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.4    the Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

7.2.5    special masters or discovery referees appointed by the Court;

7.2.6    mediators and their staff, provided such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.7    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.8    potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

7.2.9    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7.2.10   any other person to whom the Designating Party, in writing, authorizes disclosure; and

7.2.11   counsel (and their staff) for parties in other litigation asserting claims relating to Volkswagen, Audi and Porsche diesel vehicles and that have agreed to coordinate with Plaintiffs' Lead Counsel ("Coordinated Litigation"), provided that (i) the proposed recipient agrees to be bound by this Order and signs the certificate attached as Exhibit A; (ii) the proposed recipient is only permitted to receive Protected Material that was produced by Producing Parties that are also parties in the Coordinated Litigation involving the proposed recipient; (iii) Liaison

Counsel for the Party that supplies the Protected Material to such recipient maintains copies of the certificates and a log identifying each such recipient and the Protected Material provided to such recipient; and (iv) Liaison Counsel for the Party that supplies the Protected Material to such recipient shall make that log available to Liaison Counsel for the other Parties at their request. Upon a challenge that Confidential Information has been used in violation of this Order, Liaison Counsel shall provide copies of the log and certificates to Counsel for the other Parties and the Magistrate Judge for in camera review.

7.3     Restrictions on Use of Highly Confidential Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and except as specifically authorized by Section 13.7, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – MDL 2672" only to the persons identified in Section 7.2 in accordance with the terms set forth therein, except that disclosure may not be made to the persons identified in Section 7.2.2.

7.4     Restrictions on Disclosure to Plaintiffs in Securities Actions.  Nothing herein authorizes disclosure of Discovery Material to plaintiffs (or their Counsel) in the securities actions consolidated in this Action for pre-trial proceedings.  Any disclosure of Discovery Material with respect to the securities actions will be addressed in a separate order at an appropriate time in the future.

7.5     Restriction on Disclosure in Actions Outside the United States.  Except as specifically provided in Section 13.7, and except, with respect to governmental Parties, where disclosure is otherwise authorized by United States law, treaty, convention, or international mutual agreement, no Protected Material shall be disclosed, shared, distributed, or otherwise provided in any manner to legal counsel in pending or threatened litigation against any of the Defendants outside of the United States through any other provision of this Order, including but not limited to Section 7.2.11, regardless of whether such legal counsel can be classified as a consultant or affiliate of any U.S. attorney of record in any legal proceeding against any of the Defendants within the United States.

7.6     Exclusion of Individuals from Depositions.  Counsel for any Designating Party shall have the right to exclude from depositions any person who is not authorized by the Order to receive Protected Material, but only during periods of examination or testimony directed to or comprising Protected Material.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

8.1.1    promptly notify in writing the Designating Party unless prohibited by law from doing so.  Such notification shall include a copy of the subpoena or court order;

8.1.2    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

8.1.3    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

9.1     The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action.  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.   Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order.

9.2     For a period of fourteen (14) calendar days following production by a Non-Party, that production shall be deemed Highly Confidential Information even if not so designated by the Non-Party, to provide the Parties an adequate opportunity to designate information as Confidential or Highly Confidential Information.  The inadvertent failure by any Party to designate information produced by Non-Parties as "CONFIDENTIAL – MDL 2672" or "HIGHLY CONFIDENTIAL – MDL 2672" within that fourteen (14) day period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistent with Section 5.3 of this Order.

9.3     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce such information, then the Party shall:

9.3.1    promptly notify in writing the Party requesting the Protected Material that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

9.3.2    promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

9.3.3    make the information requested available for inspection by the Non-Party.

9.4     If the Non-Party fails to object or seek a protective order from the appropriate court within fourteen (14) calendar days of receiving a notice and accompanying information pursuant to Section 9.3, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request, and such information shall be produced with the same designation as the one made by the Non-Party.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in an appropriate court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve all unauthorized copies of the Protected Material.

11.     REDACTIONS ALLOWED

11.1     Any Producing Party may redact from Discovery Material matter that the Producing Party claims is (i) Privileged Material; or (ii) sensitive personal Foreign Private Data. The Producing Party shall mark each redaction with a legend stating "REDACTED," and specify the basis for the redaction as appropriate, or a comparable notice.  Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked.  If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

11.2     Subject to any Party's right to seek modification, jointly or otherwise, of this Section 11.2 after the conclusion of the meet-and-confer regarding discovery of documents maintained in Germany, as required by Pretrial Order No. 9, in addition to the foregoing, the following shall apply to redactions of Foreign Private Data:

11.2.1  Any Party may redact Foreign Private Data that it claims, in good faith, requires protections under the terms of this Order.  Foreign Private Data, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a Party.

11.2.2  Foreign Private Data shall be redacted from any public filing not filed under seal.

11.3     The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Information and Highly Confidential Information as set forth in Section 6.

11.4     Nothing herein precludes any Party from seeking the other Parties' consent or an order allowing the Party to redact nonresponsive matter from otherwise responsive documents on a case-by-case basis.

12.     <u>PROTECTION OF CERTAIN CONFIDENTIAL AND HIGHLY CONFIDENTIAL GOVERNMENT INFORMATION</u>

12.1     If a Party requests otherwise discoverable information from the United States, which a Submitting Entity has claimed is protected from public disclosure, the United States shall, based upon the claimed grounds of confidentiality, designate such information as "CONFIDENTIAL – MDL 2672" or "HIGHLY CONFIDENTIAL – MDL 2672," as appropriate.

12.2     If, pursuant to a valid discovery request, the United States produces otherwise discoverable information and designates such information as "CONFIDENTIAL – MDL 2672" or "HIGHLY CONFIDENTIAL – MDL 2672" because a Submitting Entity claims that it is protected from public disclosure or because the United States has informed the Submitting Entity that it would be protected from public disclosure by applicable federal law, and a Challenging Party raises an objection pursuant to Section 6, the United States shall, within fourteen (14) calendar days, send notice to the Submitting Entity.  The United States shall not be required to respond to the objection until fourteen (14) calendar days after such notice has been sent to the Submitting Entity.  The Submitting Entity shall be permitted to intervene to defend the designation pursuant to the procedures and standards set forth in Section 6.

12.3     This Order constitutes a court order within the meaning of 40 C.F.R. § 2.209(d), the Privacy Act, 5 U.S.C. § 552a(b)(11), and the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i).  Nothing in this Order shall be construed to compel the United States to produce information that, under law or agreement, it is prohibited from producing, including, *inter alia*, information protected from compelled disclosure by a Certificate of Confidentiality or an Assurance of Confidentiality issued

pursuant to the Public Health Service Act, 42 U.S.C. §§ 241(d), 242m(d), and/or the Confidential Information Protection and Statistical Efficiency Act, 44 U.S.C. § 101; confidential substance abuse information protected by 42 U.S.C. §§ 290aa(n) or 290dd-2; visa application material protected by 8 U.S.C. § 1202(f); or information protected by Federal Rule of Criminal Procedure 6(e).  This Section does not preclude any Party from challenging that any Discovery Material meets these criteria.

12.4    With respect to governmental plaintiffs, Protected Material, including documents or communications produced to a Party prior to filing this Action and those prepared for settlement purposes that could reveal Protected Material, shall not be released or disclosed under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*

12.5    Otherwise discoverable information that is protected by the HIPAA implementing regulations shall, in response to a valid discovery request, be designated as "Confidential Information" pursuant to this Order.  Notwithstanding Sections 7.2 and 7.3, all such HIPAA-protected records must be destroyed or returned to the United States pursuant to Section 14 and 45 C.F.R. § 164.512(e)(1)(v) and may not be used in any related proceeding absent a separate protective order authorizing their disclosure in such proceeding.  This Section does not preclude any Party from challenging that any Discovery Material meets these criteria.

12.6    This Order shall not govern the production or designation of classified information, sensitive security information, information on classified computer systems, or enforcement-sensitive government documents and information relating to ongoing criminal investigations.  This Section does not preclude any Party from challenging that any Discovery Material meets these criteria.

12.7    Notwithstanding any federal statute or regulation, no agency, officer, employee or attorney of the United States shall be subject to any civil or criminal penalty or sanction relating to the disclosure of non-public information, provided that such disclosure is made pursuant to the terms of this Order.

13.     MISCELLANEOUS

13.1     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Any Party, entity or person covered by this Order may at any time apply to the Court for relief from any provision of this Order.  Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, and Government Coordinating Counsel, with such writings to be filed with the Court if so directed.

13.2     Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

13.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

13.4     Hearings and Appeals

13.4.1  In the event that a Receiving Party intends to utilize Protected Material during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) calendar days prior to the hearing, to the Producing Party and/or the Designating Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably

anticipate the need to use the document at the hearing five (5) calendar days in advance, in which event notice shall be given immediately upon identification of that need.  The use of such Protected Material during the pre-trial hearing shall be determined by agreement of the relevant Parties or by Order of the Court.

13.4.2  In the event that any Protected Material is used in any court proceeding in this Action or any appeal in connection with this Action, except for the use of Protected Material during trial, the manner of which shall be determined pursuant to Section 3.2, such Protected Material shall not lose its protected status through such use.  Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the courtroom.

13.5   Reservations.  Entering into, agreeing to or complying with the provisions of this Order shall not:  (1) operate as admission that any particular material contains Protected Material; or (2) prejudice any right to seek a determination by the Court (a) whether particular material should be produced, or (b) if produced, whether such material should be subject to the provisions of this Order.

13.6   Rights to Inspect Certificates (Exhibit A).  Unless otherwise provided herein, except in the event of a good-faith claim of violation of this Order, the Parties agree not to request copies of the certificates (attached hereto in their unexecuted form as Exhibit A) or to determine the identities of the persons signing them.

13.7   The Parties agree that Discovery Material may be shared by the United States with any state or federal law enforcement or regulatory agency with jurisdiction over matters related to this Action without limitation, provided that (a) such agency signs the "Agency's Agreement To Be Bound by Stipulated Protective Order" (Exhibit B) with respect to the particular Discovery Material that may be shared, (b) the United States provides the Producing Party with a copy of such Exhibit B at least 24 hours in advance of sharing the Discovery Material with the agency, and (c) upon request of the Producing Party, the United States provides the Producing Party with information sufficient for the Producing Party to identify the Discovery Material that was provided

to each such state or federal law enforcement or regulatory agency.  This Section has no applicability to materials provided to the United States outside of this MDL proceeding.  Nothing in this Section precludes any state or federal law enforcement or regulatory agency that receives Discovery Material pursuant to this Section from using that material in accordance with the agency's applicable statutes, rules and regulations, or from seeking materials or information outside of this MDL proceeding pursuant to applicable law.

14.     <u>FINAL DISPOSITION</u>

14.1     Within ninety (90) calendar days after the final disposition of this Action, as defined in Section 4, each Receiving Party, including its employees, attorneys, consultants and experts, must use commercially reasonable efforts to destroy or return to the Producing Party all Protected Material, except (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice, or (2) documents that must be preserved as federal records or in compliance with other statutory, regulatory or legal authorities.  As used in this Section, "all Protected Material" includes all originals, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, upon request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (1) states that commercially reasonable efforts have been made to assure that all Protected Material has been returned or destroyed, and (2) affirms that the Receiving Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Protected Materials), and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

1

2      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4      DATED: _____     */s/ Elizabeth J. Cabraser*

5                                        Elizabeth J. Cabraser
                                         ecabraser@lchb.com
6                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                         275 Battery Street, 29th Floor
7                                        San Francisco, CA  94111-3339
                                         Telephone: (415) 956-1000
                                         Facsimile:       (415) 956-1008
8

9                                        *Lead Counsel for Plaintiffs*

10

11     DATED: _____     */s/ Joshua H. Van Eaton*

12                                        Joshua H. Van Eaton
                                         Josh.Van.Eaton@usdoj.gov
13                                        Environmental Enforcement Section
                                         Environment and Natural Resources Division
14                                        United States Department of Justice
                                         P.O. Box 7611
15                                        Washington, D.C. 20044-7611
                                         Telephone: (202) 514-5474
16                                        Facsimile: (202) 514-0097
                                         Josh.Van.Eaton@usdoj.gov

17

18                                       *Coordinating Counsel for the United States*

19

20

21

22

23

24

25

26

27

28

1
DATED:_____     */s/ Robert J. Giuffra, Jr.*_____
Robert J. Giuffra, Jr.
2
Sharon L. Nelles
William B. Monahan
3
SULLIVAN & CROMWELL LLP
125 Broad Street
4
New York, New York 10004
Telephone: (212) 558-4000
5
Facsimile: (212) 558-3588
giuffrar@sullcrom.com
6
nelless@sullcrom.com
monahanw@sullcrom.com
7

8
*Co-Liaison Counsel for the Volkswagen*
*Group Defendants*

9
DATED:_____     */s/ Jeffrey L. Chase*_____
Jeffrey L. Chase
10
Michael B. Gallub
HERZFELD & RUBIN, P.C.
11
125 Broad Street
New York, New York 10004
12
Telephone: (212) 471-8500
Facsimile: (212) 344-3333
13
jchase@herzfeld-rubin.com
mgallub@herzfeld-rubin.com
14

15
*Co-Liaison Counsel for the Volkswagen*
*Group Defendants*

16
DATED:_____     */s/ Cari K. Dawson*_____
17
Cari K. Dawson
ALSTON & BIRD LLP
18
One Atlantic Center
1201 West Peachtree Street
19
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7766
20
Facsimile:  (404) 253-8567
cari.dawson@alston.com
21

22
*Liaison Counsel for Porsche Cars North America, Inc.*

23

24
PURSUANT TO STIPULATION, IT IS SO ORDERED.
25

26

DATED: February 25, 2016
27
_____
United States District/Magistrate Judge
28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

EXHIBIT B

2

AGENCY'S AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

3

The United States may share Discovery Material produced or provided by

4

_____ [print or type name of Producing Party] with

5

_____ [print or type name of agency].

6

7

In the event the United States does so, _____ [print or type

8

name of agency] agrees to be bound by the terms of the Stipulated Protective Order that was

9

issued by the United States District Court for the Northern District of California on _____

10

[date] in the case *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products*

11

*Liability Litigation*, MDL No. 2672 CRB (JSC), to the fullest extent permitted by law.

12

13

14

Date: _____

15

16

City and State where sworn and signed: _____

17

18

Printed name: _____

19

20

Signature: _____

21

22

On Behalf of: _____

23

24

25

26

27

28