UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

This Order Relates to:

ALL ACTIONS (except securities fraud cases)
_____/

MDL No. 2672 CRB (JSC)

**PRETRIAL ORDER NO. 13: COORDINATION ORDER**

This MDL proceeding relates to more than 600 actions which have been filed in (or removed to) federal court against Volkswagen Group of America, Inc., Volkswagen AG, Audi AG, Audi of America, Inc., Porsche AG, Porsche Cars North America, Inc., Porsche Leasing LTD, Porsche Financial Services, Inc., and affiliated entities (collectively "Defendants"). These actions concern 2.0 and 3.0 liter diesel engines that allegedly are out of compliance with federal, state and/or local statutes and emissions regulations, including the federal Clean Air Act. These cases were centralized in this district as *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (the "MDL Proceeding"). A separate MDL was initially created entitled *In re: Porsche "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2683. However, all of the cases within MDL No. 2683 have since been transferred to this MDL Proceeding, and MDL No. 2683 has been closed. Numerous similar Clean Diesel Cases,

involving the same types of claims against the same defendants based upon purchases or leases of the same vehicles, are also pending in various state courts throughout the country ("State Court 'Clean Diesel' cases"). The filing of the federal and state court cases began around the same time, starting in September of 2015. The pendency of these cases is likely to expend significant resources of many state courts and result in unnecessary duplication of effort, subjection of parties and non-parties to multiple proceedings, and inconsistent obligations with respect to the same subject matter.

As the *Manual for Complex Litigation* notes, "[s]tate and federal judges, faced with the lack of a comprehensive statutory scheme, have undertaken innovative efforts to coordinate parallel or related litigation." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.31 (2015). This Court's goal is to engage in a cooperative effort to coordinate, to the extent practicable, parallel and overlapping proceedings in the federal and state cases, in order to reduce costs and avoid unnecessary duplication of effort.

To that end, this Order sets forth procedures that will apply in the federal MDL Proceeding in order to facilitate, to the maximum extent possible, coordination with parallel State Court "Clean Diesel" cases. This order applies to all cases that are today or in the future become part of the MDL Proceeding, and it binds all parties and their counsel in all such cases, including all attorneys appointed by this Court to leadership positions in the MDL Proceeding, except for the United States and the Government Coordinating Counsel.

The Order is *not* intended to prescribe how parallel State Court "Clean Diesel" cases should proceed, because this Court has no desire to do so and, in any event, lacks the authority to do so. However, the Court strongly believes that coordination of discovery and scheduling will promote judicial economy, and welcomes the opportunity to communicate with any state court about issues of

common interest, including coordination of the proceedings and discovery, in similar "Clean Diesel" cases.

A.   **State Court Liaison Counsel**

1.   Plaintiffs' Lead Counsel, following consultation with the Plaintiffs' Steering Committee, is directed to nominate, within 7 days of the entry of this Order, an attorney to act as Plaintiffs' State Court Liaison Counsel. Membership on Plaintiffs' Steering Committee is a preferred qualification for service as Plaintiffs' State Court Liaison Counsel.

2.   The appointment described in the previous paragraph will last for the duration of the MDL Proceeding, unless the Court determines, in its discretion, to remove or replace any appointed attorney.

3.   Defendants' Liaison Counsel shall assist Plaintiffs' Lead Counsel and Plaintiffs' State Court Liaison Counsel in determining the states in which actions are currently pending, and are submitting a current list of known state court cases as part of the Master Case List which was directed by Pretrial Order No. 8.

4.   This Order imposes obligations on defendants' counsel just as it imposes obligations upon plaintiffs' counsel. The Court understands that the attorneys and law firms representing the defendants in the MDL Proceeding likely will represent or be involved in the representation of the same defendants in parallel State Court "Clean Diesel" cases. Defendants shall designate an attorney who will act as their State Court Liaison Counsel. Overall responsibility for ensuring defense counsel's compliance with the obligations set forth in this Order is assigned to the Defendants' Liaison Counsel. Subject to the approval by the Court, Defendants' Liaison Counsel may delegate this responsibility to another attorney of record for a defendant in the MDL Proceeding.

**B.     Responsibilities of Plaintiffs' and Defendants' State Court Liaison Counsel**

The responsibilities of the parties' State Court Liaison Counsel are as follows:

1.     The parties shall jointly maintain a comprehensive and up-to-date list identifying all State Court "Clean Diesel" cases, including the parties, attorneys, jurisdiction, judge and status. Defendants' Liaison Counsel, or an attorney delegated by him, shall on a regular basis notify the Plaintiffs' State Court Liaison Counsel about the filings of new State Court "Clean Diesel" cases.

2.     Plaintiffs' State Court Liaison Counsel shall communicate on a regular basis with plaintiffs' counsel in the State Court "Clean Diesel" cases regarding the status, schedule, and developments in the MDL Proceeding and in the State Court "Clean Diesel" cases, including all case management orders.  He/she may not divulge information that a defendant has designated as confidential or highly confidential under the MDL Protective Order unless and until the state court has entered a protective order that provides substantially the same protections to the parties as the one entered in the MDL Proceeding.  Any provision of confidential or highly confidential information by State Court Liaison Counsel for plaintiffs and defendants shall be made in accordance with the terms of the MDL Protective Order.

3.     Plaintiffs' State Court Liaison Counsel shall communicate on a regular basis with Plaintiffs' Lead Counsel concerning case developments in the state cases.

4.     The State Court Liaison Counsel for plaintiffs and defendants shall provide plaintiffs' counsel in the State Court "Clean Diesel" cases with this Pretrial Order (and with all those Pretrial Orders previously and hereafter entered in the MDL Proceeding), and propose same to counsel for consideration in such parallel State Court "Clean Diesel" cases.  Any party may provide a copy of this Order (and any other Pretrial Order previously and hereafter entered in the MDL Proceeding) to any judge in the State Court "Clean Diesel" cases.

5.     Plaintiffs' Lead Counsel and Defendants' Liaison Counsel shall inform this Court at case management conferences of the status of state court coordination efforts.

6.     The Court may, in a future case management order or at a future status hearing, assign additional responsibilities to State Court Liaison Counsel.

**C.     Discovery**

1.     Mindful of the schedules and obligations in this MDL Proceeding, the State Court Liaison Counsel for private plaintiffs and defendants shall reasonably seek to coordinate discovery in the MDL Proceeding with discovery in the State Court "Clean Diesel" cases, in order to enhance efficiency and avoid undue duplication of effort and unwarranted expense.

2.     With the goal of avoiding multiple requests for, and multiple productions of, the same documents, any private plaintiff's counsel in any of the State Court "Clean Diesel" cases in which the state court has entered a protective order that provides substantially the same protections to the one entered in the MDL Proceeding may request production from any defendant in the MDL Proceeding of the documents produced by that defendant in the MDL Proceeding, provided that defendant is a named defendant in the State Court "Clean Diesel" cases.  This Order does not entitle plaintiff's counsel in any State Court "Clean Diesel" case to any work product generated by plaintiffs' counsel in this MDL Proceeding, nor to access to any document depository established by plaintiffs' counsel in this MDL Proceeding, nor access to any document vendor or ESI vendor retained by any party to this MDL Proceeding.  Specific procedures for document production will be addressed in a later case management order.

3.     Defendants' State Court Liaison Counsel shall promptly provide to Plaintiffs' State Court Liaison Counsel copies of all deposition notices served upon defendants in the State Court "Clean Diesel" cases.  Specific procedures for depositions will be addressed in a later case

management order.  The parties agree to work together to avoid multiple depositions of the same witness.  Nothing herein is meant to limit the United States' ability to take depositions.

    4.    Nothing in this Order binds this Court or any state court to resolve any discovery dispute in the same way that it has been resolved by any other court, whether state or federal.  Rather, the Court's intent is to ensure that this Court and judges in State Court "Clean Diesel" cases will have access to as much relevant information as possible regarding the resolution of discovery disputes by judges presiding over other similar cases.

**IT IS SO ORDERED.**

Dated: February 25, 2016

_____
CHARLES R. BREYER
United States District Judge