UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) |
| _____/ | **PRETRIAL ORDER NO. 14 REGARDING PROTECTED COUNSEL COMMUNICATIONS** |
| This Order Relates to: | Hon. Charles R. Breyer |
| ALL ACTIONS (except securities actions) _____/ | |

WHEREAS, on December 8, 2015, the United States Judicial Panel on Multidistrict Litigation transferred 56 civil actions against Volkswagen AG and related entities to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings (Dkt. No. 1);

WHEREAS, since December 8, 2015, a number of additional transfers to this Court for coordinated or consolidated pretrial proceedings have occurred, and further transfers may occur in the future;

WHEREAS, all such actions have been assigned to the Honorable Charles R. Breyer;

WHEREAS, on January 4, 2016, the United States notified the Clerk of the United States Panel on Multidistrict Litigation of its potential tag-along action, *United States of America v. Volkswagen AG, Audi AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, Dr. Ing. h.c.F. Porsche AG, and Porsche Cars North America, Inc.* (Dkt. No. 1044);

WHEREAS, the conditional transfer order of the United States' action against Volkswagen AG, et al., was finalized on January 15, 2016 (Dkt. No. 928), and the United States' action was transferred to the Honorable Charles R. Breyer on January 21, 2016 (3:16-cv-295, Dkt. No. 13); and

WHEREAS, on January 21, 2016, the Court ordered the creation of the Plaintiffs' Steering Committee, and appointed Government Coordinating Counsel (Pretrial Order No. 7, Dkt. No. 1084).

NOW, THEREFORE, IT IS ORDERED THAT:

1. Cooperation by and among Government Coordinating Counsel and/or his designees and the Plaintiffs' Steering Committee and/or its designees (collectively, "Plaintiffs' Counsel"), and by and among Defendants' Liaison Counsel and/or his/her designees ("Defendants' Counsel"), is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' Counsel, including communications among and between Government Coordinating Counsel and/or his designees and Plaintiffs' Steering Committee and/or its designees, and/or among and between Defendants' Counsel, shall not be deemed a waiver of the attorney-client privilege or the protections afforded attorney's work product.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

2. Neither communications among and between Plaintiffs' Counsel nor communications among and between Defendants' Counsel are required to be identified on a producing party's privilege log.

3. Nothing herein is intended to authorize disclosure by Government Coordinating Counsel and/or his designees to the Plaintiffs' Steering Committee and/or its designees in contravention of any confidentiality agreement between the United States and any defendant.

4. Except as otherwise provided herein, nothing in this Order is intended to protect from disclosure documents and/or information otherwise discoverable under the Federal Rules of Civil Procedure.  The fact that information and/or documents are shared pursuant to this Order does not prevent the discovery of that information and/or documents if otherwise discoverable

1  under the Federal Rules of Civil Procedure.

2  **IT IS SO ORDERED**.

3  DATED:  March 4, 2016

_____
CHARLES R. BREYER
United States District Judge