UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION            MDL No. 2672

TRANSFER ORDER

**Before the Panel**[*]:  Plaintiffs in fourteen actions listed on the attached Schedule A move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring their respective actions to MDL No. 2672. Volkswagen defendants[2] (collectively VW) oppose all motions.  Certain financial institution defendants[3] responded in opposition to the motion to vacate the conditional transfer order in the District of Montana *Gebauer* action. Plaintiffs in two cases previously transferred to MDL No. 2672 (*Beard* and *Bond*) oppose the motion to vacate the CTO in the District of Montana *Ballew* action.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2672, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions regarding the role of VW and related entities in equipping certain 2.0 and 3.0 liter diesel engines with software allegedly designed to engage emissions controls only when the vehicles undergo official testing, while at other times the engines emit nitrous oxide well in excess of legal limits.  *See In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, ___ F. Supp. 3d ___, 2015 WL 8543102 (J.P.M.L., Dec. 8, 2015).  These actions involve allegations that plaintiffs purchased affected VW, Audi and/or Porsche vehicles and clearly fall within the MDL's ambit.

_____

[*]  Judge Charles R. Breyer did not participate in the decision of this matter.

[2]  Volkswagen Group of America, Inc. (VWGoA) and, with respect to D. Montana *Ballew*, VW Credit, Inc. (VW Credit).  Volkswagen AG (VW AG), headquartered in the Federal Republic of Germany is named as a defendant in certain actions. Although not yet served as required pursuant to the Convention On The Service Abroad of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, [1969] 20 U.S.T. 361, T.I.A.S. No. 5538 (the "Convention"), and without waiver of their rights under the Convention, VW AG has reportedly authorized VWGoA to state that they support VWGoA's position on the motions to vacate the CTOs before the Panel.

[3]  Bank of America, N.A.; JPMorgan Chase Bank, N.A.; and Wells Fargo Bank, N.A.

Plaintiffs in eleven actions argue against transfer primarily based on the pendency of their motions to remand their respective actions to state court. Plaintiffs can present their motions for remand to the transferee judge.[4]  *See, e.g., In re: Ivy*, 901 F. 2d 7, 9 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff in the District of Colorado *Armstrong* action asserts that transfer will be inconvenient for him and states that he does not wish to join any class action. Plaintiff may, of course, opt out of any certified class at the appropriate time. But for now, as this controversy is at an early stage, we are of the opinion that transfer of *Armstrong* is appropriate in light of the significant factual overlap of the action with the over 650 cases now pending in MDL No. 2672. *See In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("While we are aware that centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Plaintiffs in two District of Montana actions argue against transfer on the grounds that they have brought unique claims for relief pursuant to the Federal Trade Commission's Holder Rule, 16 C.F.R. § 433.2. In their suits against VW Credit, Inc. (*Ballew*) and several large banks (*Gebauer*), plaintiffs, on behalf of putative nationwide classes, seek recission of the retail installment contracts for the purchase of affected clean diesel vehicles, as well as the interim relief of being allowed to stop payments on their contracts. While this theory has not been advanced in many MDL actions, it appears that at least two actions previously transferred to MDL No. 2672 have advanced similar theories.[5]  Plaintiffs' claims appear to turn on the Volkswagen entities' conduct in using "defeat devices," and plaintiffs concede in their briefs that any application of the Holder Rule depends on a determination of Volkswagen's liability in manufacturing the cars at issue. Thus, the two District of Montana actions contain factual questions common to MDL No. 2672 despite the relative novelty of the legal theory that plaintiffs advance. *See, e.g., In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012) ("[T]he presence of . . . differing legal theories is not significant when the actions still arise from a common factual core."). The transferee judge, at his discretion, may deem it advisable to place these actions in a separate discovery or motion practice track.

---

[4]  Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. In fact, the judges in four actions – Eastern District of Pennsylvania *Parks* and *Rhile*, District of Vermont *Israel* and Western District of Washington *Burr* – denied plaintiffs' motions to remand during the pendency of their motion to vacate the conditional transfer order.

[5]  *See, e.g. Bond, et al. v. Volkswagen Group of America Inc., et al.*, No. 15-cv-13818 (E.D. Mich.) and 15-cv-6238 (N.D. Cal.), Complaint at ¶ 95; *Beard, et al. v. Volkswagen Group of America Inc., et al.*, No. 15-cv-139988 (E.D. Mich.) and 15-cv-6241 (N.D. Cal.), Complaint at ¶ 109.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION        MDL No. 2672

## SCHEDULE A

District of Colorado

ARMSTRONG v. VOLKSWAGEN GROUP OF AMERICA, C.A. No. 1:16-00071

Middle District of Florida

DETTLOFF v. LOKEY OLDSMOBILE, INC., ET AL., C.A. No. 8:15-02885

Western District of Kentucky

BYNUM v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:15-00810

Southern District of Mississippi

F. GERALD MAPLES, P.A. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
     C.A. No. 3:16-00001
MARTIN v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:16-00002

Eastern District of Missouri

BUNTIN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
     C.A. No. 4:15-01892

District of Montana

BALLEW v. VW CREDIT, C.A. No. 9:15-00133
GEBAUER, ET AL. v. JPMORGAN CHASE BANK, N.A., ET AL.,
     C.A. No. 9:15-00152

District of New Mexico

LEVY v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
     C.A. No. 1:15-01179

Eastern District of Pennsylvania

KOGAN v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15-06681
PARKS v. VOLKSWAGEN AG, ET AL., C.A. No. 2:16-00202

- A2 -

RHILE, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 2:16‒00203

    <u>District of Vermont</u>

ISRAEL, ET AL. v. VOLKSWAGEN AG, ET AL., C.A. No. 5:16‒00012

    <u>Western District of Washington</u>

BURR v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:16-00073