UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) |
| This Order Relates To:<br><br>ALL ACTIONS (except securities actions) | **PRETRIAL ORDER NO. 19**<br>STIPULATION AND ORDER RELATING TO TESTIFYING EXPERT DISCOVERY PROTOCOL<br><br>**Hon. Charles R. Breyer** |

## I. GENERAL PROVISIONS

This Order applies to all Parties to the Action.[1] This Order provides the protocols applicable to conducting discovery relating to testifying Expert witnesses, including depositions of testifying Experts, in this Action. Nothing in this Order shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, Outside Counsel of Record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Order.

## II. GOVERNING LAW

Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action. Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure. This Order does not supersede prior pretrial orders entered in this Action, including but not limited to Pretrial Order No. 13: Coordination Order

---

[1] Unless otherwise specified, all capitalized terms not otherwise defined herein have the meanings ascribed to them in Pretrial Order No. 12: Stipulated Protective Order (Docket No. 1255) ("PTO 12").

[PROPOSED] PRETRIAL ORDER NO. ___: TESTIFYING EXPERT DISCOVERY PROTOCOL

(Docket No. 1256) ("PTO 13"), and Pretrial Order No. 16: Privilege Order (Docket No. 1387). To the extent anything contained in prior pretrial orders is inconsistent with the provisions set forth herein, this Order shall control with respect to Expert discovery.

### III. DISCOVERY RELATING TO EXPERTS

#### A. Sequence for Expert Reports

Expert reports shall be served sequentially: first, Plaintiffs shall serve Expert reports; then, Defendants shall serve Expert reports; then, Plaintiffs shall serve any appropriate rebuttal Expert reports. The Parties shall meet and confer to discuss the extent to which this sequence should be modified for expert reports relating to claims brought by the Federal Trade Commission in its complaint and, if the Parties are unable to agree, any disputes shall be submitted to the Court for resolution at any time.

Pursuant to Section III.F hereof, the Parties shall meet and confer regarding a specific schedule for service of Expert reports.

#### B. Non-Discoverability of Certain Expert-Related Materials

1. With respect to testifying Experts who must provide a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B), the following materials shall not be subject to discovery or production:

    a. Unless utilized as a basis to form any opinions rendered in this Action, any notes taken by, for, or at the direction of an Expert, the Expert's staff, or others retained to assist the Expert during the course of the Expert's work in connection with the Action.

2

    b. Unless utilized as a basis to form any opinions rendered in this Action, communications between and among an Expert and that Expert's staff or others retained to assist the Expert.

    c. Unless utilized as a basis to form any opinions rendered in this Action, communications between and among Counsel for a Party and Experts retained on behalf of that Party, those Experts' staff, or others retained to assist such Experts.

    d. Drafts of Expert reports or portions thereof.

  2. The Parties are not required to produce or exchange privilege logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Order.

**C.** **Expert-Related Materials To Be Disclosed**

  1. A testifying Expert who must provide a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall disclose the information identified in Fed. R. Civ. P. 26(a)(2)(B)(i) – (vi) in his or her Expert report or rebuttal Expert report.  Any mathematical calculations or supporting data disclosed pursuant to this provision shall be provided in native format.  The Parties shall meet and confer regarding disclosure of any mathematical calculations or supporting data that use or rely on computer software or programs other than retail software.

  2. The Parties shall meet and confer concerning any witnesses providing expert testimony who are not required to provide a written report pursuant to Fed. R. Civ. P. 26(a)(2)(C).

  3. Notwithstanding Section III.B, upon request, a Party shall disclose the information identified in Fed. R. Civ. P. 26(b)(4)(C)(i) – (iii).

**D.     Expert Depositions**

1.     Except as otherwise provided in this Order, or otherwise agreed by the Parties, the Deposition Protocol to be entered in this Action as a Pretrial Order shall govern the processes and procedures with which Parties shall comply in connection with the taking of Expert depositions.

2.     *Length of examination*.  Following issuance of Expert reports, the Parties shall meet and confer to determine a presumptive length of Expert depositions, as well as any procedures for modifying that presumptive length to account for, among other things, depositions in which counsel in State Court "Clean Diesel" Cases examine the Expert.

3.     *Location of Expert depositions*.  The Parties shall meet and confer regarding the location of the depositions of Expert witnesses.

4.     *Number of depositions*.  Absent agreement of the Parties or leave of the Court, no Expert may be deposed more than once in this Action, unless that Expert submits a rebuttal or sur-rebuttal report, or any substantive amendments or supplements to any reports, after the date of such deposition.

5.     *Participation by State Court Counsel.*  The Plaintiffs' Steering Committee and the Defendants intend to coordinate discovery with the State Court "Clean Diesel" Cases to the maximum extent feasible, and it is those Parties' intent that, wherever practicable, Expert witnesses should not be deposed separately in this Action and in a State Court "Clean Diesel" Case.[2]  Accordingly, plaintiffs in State Court "Clean Diesel" Cases are invited to attend and

---

[2] Notwithstanding the foregoing, each Expert in this Action may be deposed in this Action even if that Expert is deposed in a State Court "Clean Diesel" Case.

4

[PROPOSED] PRETRIAL ORDER NO. ___: TESTIFYING EXPERT DISCOVERY PROTOCOL

participate in depositions of Experts in this Action, pursuant to the procedures and conditions set forth below:

        a.    *Limitations on Attendance*.  A plaintiff in a State Court "Clean Diesel" Case may attend the deposition in this Action of any Defendant Expert witness if (i) the plaintiff has submitted an export report in the State Court "Clean Diesel" Case on the issue(s) as to which the Defendant Expert is expected to testify, and (ii) the Defendant on whose behalf the Expert is testifying is also a defendant in the State Court "Clean Diesel" Case.  No plaintiff in a State Court "Clean Diesel" Case may attend the deposition of any United States government Expert witness without prior written consent by the United States or Federal Trade Commission, as applicable.

        b.    *Attendance as Agreement*.  If a plaintiff in a State Court "Clean Diesel" Case attends a deposition of an Expert witness in this Action (either in person or remotely), that plaintiff shall be deemed to have agreed not to seek an additional deposition of that Expert witness in the relevant State Court "Clean Diesel" Case.

**E.**    **Costs**

The Parties shall meet and confer after the entry of this Order to determine the allocation of Expert-related costs.

**F.**    **Schedule**

The Parties shall meet and confer after the entry of this Order regarding a proposed schedule for the issuance of Expert reports and the taking of related Expert depositions.

**IT IS SO ORDERED.**

Dated: May 19, 2016

_____
CHARLES R. BREYER
United States District Judge

SO STIPULATED.

| | |
|---|---|
| DATED: May 11, 2016 | LIEFF, CABRASER, HEIMANN AND BERNSTEIN L.L.P.<br>ELIZABETH J. CABRASER (83151)<br><br>*/s/ Elizabeth J. Cabraser*<br>275 Battery St., 29th Floor<br>San Francisco, CA 94111-3339<br>Tel: (415) 956-1000<br>Plaintiffs' Lead Counsel |
| DATED: May 11, 2016 | U.S. DEPARTMENT OF JUSTICE<br><br>*/s/ Joshua H. Van Eaton*<br>Environmental Enforcement Section<br>Environment and Natural Resources Division<br>United States Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Telephone: (202) 514-5474<br>Facsimile: (202) 514-0097<br>Josh.Van.Eaton@usdoj.gov<br><br>*Coordinating Counsel for the United States* |
| DATED: May 11, 2016 | FEDERAL TRADE COMMISSION<br><br>/s/ Jonathan Cohen<br>600 Pennsylvania Avenue NW, CC-9528<br>Washington, DC 20580<br>(202) 326-2551 -3197 (fax)<br><br>*Counsel for Plaintiff Federal Trade Commission* |

6

[PROPOSED] PRETRIAL ORDER NO. ___: TESTIFYING EXPERT DISCOVERY PROTOCOL

| | | |
|---|---|---|
| 1 | DATED:  May 11, 2016 | */s/ Robert J. Giuffra, Jr.* |
| 2 | | Robert J. Giuffra, Jr. |
| 3 | | Sharon L. Nelles |
| | | William B. Monahan |
| 4 | | John G. McCarthy |
| 5 | | Sullivan & Cromwell LLP |
| | | 125 Broad Street |
| 6 | | New York, NY 10004 |
| 7 | | Telephone: (212) 558-4000 |
| | | Facsimile:  (212) 558-3358 |
| 8 | | giuffrar@sullcrom.com |
| 9 | | *Co-Liason Counsel for Volkswagen Group Defendants* |
| 10 | | |
| 11 | | */s/ Jeffrey L. Chase* |
| | | HERZFELD & RUBIN, P.C. |
| 12 | | New York, NY |
| 13 | | Telephone: (212) 471-8500 |
| | | Facsimile:  (212) 344-3333 |
| 14 | | jchase@sullcrom.com |
| 15 | | *Co-Liason Counsel for Volkswagen Group Defendants* |
| 16 | | |
| 17 | | */s/ Cari K. Dawson* |
| 18 | | Cari K. Dawson |
| | | Allston & Bird LLP |
| 19 | | One Atlantic Center |
| 20 | | 1201 West Peachtree Street |
| | | Atlanta, GA 30309-3424 |
| 21 | | Telephone: (404) 881-7766 |
| 22 | | Facsimile:  (404) 253-8567 |
| | | cari.dawson@alston.com |
| 23 | | |
| 24 | | *Liason Counsel for Porsche Cars North America, Inc.* |
| 25 | | */s/ Matthew D. Slater* |
| 26 | | Matthew D. Slater |
| | | Cleary Gottlieb Steen & Hamilton LLP |
| 27 | | |
| 28 | | |

7

[PROPOSED] PRETRIAL ORDER NO. ___:  TESTIFYING EXPERT DISCOVERY PROTOCOL

| | |
|---|---|
| 1 | 2000 Pennsylvania Ave., NW |
| | Washington, DC 20006 |
| 2 | (202) 974-1500 (Phone) |
| | (202) 974-1999 (Facsimile) |
| 3 | mslater@cgsh.com |
| 4 | |
| | *Counsel for Robert Bosch GmbH and* |
| 5 | *Robert Bosch LLC* |