UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
DIVISION OF SAN FRANCISCO

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

MDL No. 2672 CRB (JSC)

**PRETRIAL ORDER No. 20 STIPULATION AND ORDER RELATING TO DEPOSITION PROTOCOL**

This Order Relates to:

ALL ACTIONS (except securities actions)
_____/

## I.     GENERAL PROVISIONS

This Order applies to the following Parties to the Action: (i) the Consumer Plaintiffs; (ii) the United States; (iii) the Federal Trade Commission ("FTC"); (iv) Volkswagen Aktiengesellschaft, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, Audi Aktiengesellschaft, and Audi of America, LLC (the "VW Entities"); (v) Dr. Ing. h.c. F. Porsche Aktiengesellschaft and Porsche Cars North America, Inc. (the "Porsche Entities"); and (vi) Robert Bosch GmbH and Robert Bosch, LLC ("Bosch").[1] This Order provides the protocols applicable to depositions of all fact witnesses taken by or of such Parties, including depositions pursuant to Fed. R. Civ. P. 30(b)(6) and of Non-Parties. This Order shall not, however, apply to any deposition taken by or of any other Party to this Action. Nothing in this Order shall preclude any Party or witness to which or whom this Order applies from seeking to modify it later for good cause shown; prior to doing so, however, counsel shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Order.

---

[1] Unless otherwise specified, all capitalized terms not otherwise defined herein have the meanings ascribed to them in Pretrial Order No. 12: Stipulated Protective Order (Docket No. 1255) ("PTO 12").

## II. GOVERNING LAW

Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other Order. Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure. This Order does not supersede prior pretrial orders entered in this Action, including Pretrial Order No. 13: Coordination Order (Docket No. 1256) ("PTO 13"), Section C, Paragraph 3, except where inconsistent.

To the extent that this Order conflicts, or is alleged to conflict, with rights or protections afforded by the national laws or regulations of any foreign country or international treaty, the witness or Party claiming those rights and protections shall meet and confer with the Parties regarding a resolution of the alleged conflicts. If the Parties cannot reach agreement, the issue(s) shall be submitted promptly for judicial resolution.

## III. DEPOSITIONS

### A. Deposition Point Persons

A single Point Person shall be designated by each of (i) Plaintiffs' Steering Committee; (ii) Plaintiffs' State Court Liaison Counsel (as defined in PTO 13); (iii) the United States; (iv) the FTC; (v) counsel for the VW Entities; (vi) Counsel for the Porsche Entities; and (vii) counsel for Bosch (collectively, "Point Persons"). Depositions and matters related to depositions shall be coordinated by the Point Persons. For a communication concerning the notice or scheduling of a deposition to be effective, it must be made by email to all Point Persons. Point Persons must be designated within fifteen (15) days after entry of this Order, and thereafter, if necessary, upon prompt notice to all Point Persons, a Party may elect to name a different Point Person at any time during discovery. The Parties will cooperate to expand the notifications to other counsel as necessary and convenient.

### B. Number of Depositions

Plaintiffs may take up to one hundred (100) depositions of the VW Entities, the Porsche Entities, and Bosch collectively, unless otherwise agreed to by the Parties or ordered by the Court.

Defendants may take up to one hundred (100) depositions of Plaintiffs, unless otherwise agreed to by the Parties or ordered by the Court; provided, however, that Defendants shall take no more than ten (10) depositions of the United States.

A witness may presumptively be deposed in his or her individual capacity only once in this Action, unless otherwise agreed to by the Parties in writing or authorized by an order of the Court upon a showing of good cause by the Party seeking the additional deposition.

If a Party wishes to conduct additional depositions, the Parties shall meet and confer to determine if an agreement can be reached on the number of additional depositions. If the Parties are unable to agree on the number of additional depositions, the dispute shall be submitted promptly to the Court for resolution.

**C.     Rule 30(b)(6) Depositions**

Counsel for all Plaintiffs shall confer before serving any Rule 30(b)(6) notice to any corporate Defendant, and counsel for all Defendants shall confer before serving any Rule 30(b)(6) notice to any corporate Plaintiff (including any governmental Plaintiff).

The Parties may serve a reasonable number of Rule 30(b)(6) deposition notices to each corporate Party. The deposing Party(ies) will make a good-faith effort to include in each deposition notice all topics concerning the subject matter category for which the deposing Party(ies) seeks testimony in that notice (without prejudice to serving additional Rule 30(b)(6) notices for topics concerning the subject matter category if the deposing Party(ies) learns of additional topics of which it was not previously aware). Absent good cause or agreement of the noticed Party, no Rule 30(b)(6) deposition notice may include topics covered by a prior Rule 30(b)(6) deposition notice to the same corporate Party.

If a Party wishes to depose a Rule 30(b)(6) corporate representative in his or her individual capacity, the depositions (individual and corporate capacity) may be, but are not required to be, consolidated. In the event that the noticing Party opts to consolidate the depositions, the noticing Party nevertheless shall be entitled to a separate time allotment, as detailed below in Section III.G, for each deposition. The deposing Party(ies) shall clearly indicate when the Rule 30(b)(6) deposition has ended.

**D.     Deposition Notices**

    1.     **Notice of Deposition Procedures**

A deposition notice may be served at any time, provided that it is served sufficiently in advance of the close of fact discovery so that the deposition takes place prior to the close of fact discovery. Absent extraordinary circumstances, Point Persons and counsel for a proposed witness should confer at least seven (7) days prior to noticing a deposition in an effort to schedule depositions for mutually convenient dates, times and locations. Point Persons and counsel for a proposed witness are expected to cooperate and coordinate the scheduling of depositions. To the extent that a proposed witness is unable to be deposed on the noticed date of his or her deposition, Point Persons and counsel for that witness shall promptly confer to discuss alternative dates and/or the potential for a substitute witness. To ensure the expeditious progress of the Action, in the event that the Point Persons and counsel for the witness are unable to reach agreement, the noticing Party may notice the deposition in accordance with this Order; should any other Party or the witness maintain a need for relief thereon, such request for relief shall be submitted promptly for judicial resolution.

A single deposition notice shall apply in all cases governed by this Order. Absent exigent circumstances, agreement of the Parties, or a Court order to the contrary, fact depositions of witnesses residing in the United States must be noticed at least thirty (30) days in advance, and foreign witnesses must be noticed at least forty-five (45) days in advance, with notice served upon counsel in accordance with Section III.A.

Absent exigent circumstances, agreement of the Parties, or a Court order to the contrary, notice of a Rule 30(b)(6) deposition must be served at least forty-five (45) days in advance, with notice served upon counsel in accordance with Section III.A. Any objections to a Rule 30(b)(6) deposition notice shall be served no later than 14 days after the notice is served.

    2.     **Contents of Notice**

Each deposition notice (except for a Rule 30(b)(6) deposition notice) shall include the name of the proposed witness. Each deposition notice shall include contact information for the noticing party's Point Person so that interested counsel may obtain information regarding the

deposition from that Point Person.  This Order shall be referenced in any Party or Non-Party subpoena or deposition notice issued after the effective date of this Order.  If the deposition is to be recorded by video, the notice shall so state.  If the notice asks the witness to produce, or if the witness may be asked about, documents that may contain Confidential or Highly Confidential Information, PTO 12 shall be referenced in the notice.  A Party may not serve a *subpoena duces tecum* on another Party or its current directors, officers or employees.

### E. Attendance

#### 1. Who May Be Present

Unless otherwise ordered or agreed by the Parties, and subject to the requirements of PTO 12, only the following persons may attend depositions (either in person or remotely):  the witness, and counsel for the witness; Point Persons; a reasonable number of members and employees of the Plaintiffs' Steering Committee and of Defendants' Counsel, their firms or government offices (as appropriate); attorneys specially engaged by a Party for purposes of the deposition; the Parties or their respective representatives (including their In-House Counsel); a reasonable number of counsel for plaintiffs in State Court "Clean Diesel" Cases; experts or non-testifying consultants; and court reporters, videographers, and litigation technicians/consultants.

The Plaintiffs' Steering Committee and the Defendants intend to coordinate discovery with the State Court "Clean Diesel" Cases to the maximum extent feasible.  Accordingly, plaintiffs in State Court "Clean Diesel" Cases are invited to attend and participate in depositions in this Action, pursuant to the procedures and conditions set forth in Section III.F.  If a plaintiff in a State Court "Clean Diesel" Case attends a deposition of a witness in this Action (either in person or remotely), that plaintiff shall be deemed to have agreed not to seek an additional deposition of that witness in the State Court "Clean Diesel" Case.

If a witness is being examined about any document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to PTO 12, any person to whom disclosure is not authorized under PTO 12 shall be excluded while the examination occurs and shall not receive a copy of that portion of the transcript.

1    Upon application, and for good cause shown, the Court may permit attendance by a
2 person who does not fall within any of the categories set forth above.

3             2.    **Unnecessary Attendance**

4    Unnecessary attendance by Counsel – either in person or by telephone – is discouraged.
5 Counsel who have only marginal interest in a proposed deposition or who expect their clients'
6 interests to be adequately represented by other Counsel are encouraged not to attend.  The issue
7 of compensation of counsel for attendance at depositions is addressed in Pretrial Order No. 11 at
8 Section I.A.2.

9             3.    **Notice of Intent to Attend a Deposition**

10   Any Counsel who intends to attend a deposition noticed in this Action – either in person
11 or by telephone – should advise the Point Person for the noticing party not fewer than fifteen
12 (15) days prior to the deposition, whenever feasible.  The Point Persons will then confer
13 regarding the expected attendance and make a final determination not fewer than five (5)
14 business days prior to the scheduled date as to who may attend the deposition in person and
15 remotely.

16             4.    **Noticing and Participating in Depositions Remotely**

17                  a.    **Noticing Telephonic Depositions**

18   A Party may indicate in its notice of deposition that it wishes to conduct the deposition by
19 telephone.  Unless an objection is filed and served within ten (10) days after such notice is
20 received, the Parties shall be deemed to have stipulated to a telephonic deposition pursuant to
21 Fed. R. Civ. P. 30(b)(4).

22                  b.    **Remote Participation**

23   Any person permitted by Section III.E.1 to attend a deposition, other than the witness
24 (unless the deposition was noticed pursuant to Section III.E.4.a), may do so remotely by
25 telephone. The Party that noticed the deposition shall provide a teleconference number for the
26 use of any person who will attend remotely.  Any person seeking to attend remotely is
27 responsible for connecting to the teleconference.  Any person who participates remotely must
28 sign Exhibit A to PTO 12, unless that person is already bound by PTO 12.  No person attending

remotely shall record the deposition by any video or audio means.  Persons participating remotely must identify all persons attending at the deposition remotely with them, such persons being subject to the restrictions on attendance set forth in this Order, including the requirement to sign Exhibit A to PTO 12 if necessary.

Absent extenuating circumstances, such as weather delay or physical restriction on travel, Counsel participating in a deposition remotely (other than a deposition conducted pursuant to Section III.E.4.a) are not permitted to conduct examination of the witness.  Counsel participating in a deposition remotely are permitted to make objections, subject to the restrictions and conditions of Section III.J.  The issue of compensation of counsel for attendance at depositions is addressed in Pretrial Order No. 11 at Section I.A.2.

### F.     Conduct of Depositions

#### 1.     Number of Examiners

Subject to the agreement of the Parties, questioning by Plaintiffs should be conducted by no more than one (1) examiner for the Plaintiffs' Steering Committee.  The Parties will meet and confer to determine the appropriate number of government attorneys permitted to conduct questioning of fact witnesses (including whether the FTC should be permitted to conduct questioning of particular Porsche or Bosch witnesses), but in any event no more than one examiner from each of the U.S. Department of Justice (on behalf of EPA), and the FTC shall be permitted to conduct questioning at any particular deposition.  No more than one (1) examiner for each Defendant (*i.e.*, the VW Entities, the Porsche Entities, and Bosch) shall be permitted to conduct questioning.  The Parties shall conduct the examinations so as to avoid duplicative questioning, subject to the terms of this Order.

#### 2.     Sequence of Examination Noticed by Plaintiffs

If the deposition was noticed by the Plaintiffs' Steering Committee, the questioning of the witness will be conducted in the following sequence:  (1) the examiner for Plaintiffs' Steering Committee; (2) United States government examiner(s); (3) a single representative for all plaintiffs in State Court "Clean Diesel" Cases, if appropriate; (4) primary examiner selected by Defendants, provided that there is no more than one examiner for each of the Defendant groups

(i.e., VW Entities, Porsche Entities and Bosch); (5) non-repetitive questioning by counsel for other Defendants, if any; (6) individual counsel for the witness, if any, other than counsel above; and (7) any re-cross by (1)-(3), *supra*, to the extent the examiner has not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order.

If the deposition was noticed by a United States Government Plaintiff, the questioning of the witness will be conducted in the following sequence:  (1) United States government examiner(s); (2) the examiner for Plaintiffs' Steering Committee; (3) a single representative for all plaintiffs in State Court "Clean Diesel" Cases, if appropriate; (4) primary examiner selected by Defendants, provided that there is no more than one examiner for each of the Defendant groups (i.e., VW Entities, Porsche Entities and Bosch); (5) non-repetitive questioning by counsel for other Defendants, if any; (6) individual counsel for the witness, if any, other than counsel above; and (7) any re-cross by (1)-(3), *supra*, to the extent the examiner has not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order.

The Parties may, by agreement, modify this sequence in the context of a particular deposition as may be appropriate to facilitate or enhance coordination and participation by other litigants.

        3.      **Sequence of Examinations Noticed by Defendants**

           **a.**      **Depositions of Private Plaintiff Witnesses**

If the deposition of a private Plaintiff fact or expert witness was noticed by a Defendant, the questioning of the witness will be conducted in the following sequence:  (1) the primary examiner selected by Defendants, provided that there is no more than one examiner for each of the Defendant groups (i.e., VW Entities, Porsche Entities and Bosch); (2) non-repetitive questioning by counsel for other Defendants, if any; (3) United States government examiner(s); (4) a single representative for all state court plaintiffs in State Court "Clean Diesel" Cases, if appropriate; (5) individual counsel for the witness, if any; (6) an examiner selected by the Plaintiffs' Steering Committee; and (7) any re-cross by Defendants' examiner(s), to the extent the examiner has not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order.

### b. Depositions of Government Plaintiff Witnesses

If the deposition of a governmental fact or expert witness was noticed by a Defendant, the questioning of the witness will be conducted in the following sequence: (1) the primary examiner selected by Defendants, provided that there is no more than one examiner for each of the Defendant groups (i.e., VW Entities, Porsche Entities and Bosch); (2) non-repetitive questioning by counsel for other Defendants, if any; (3) an examiner selected by the Plaintiffs' Steering Committee; (4) a single representative for all state court plaintiffs in State Court "Clean Diesel" Cases, if appropriate; (5) individual counsel for the witness, if any; (6) United States government examiner(s); and (7) any re-cross by Defendants' examiner(s), to the extent the examiner has not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order.

### 4. Examination by State Court Plaintiffs

A single representative may be selected to question each witness on behalf of all plaintiffs in all State Court "Clean Diesel" Cases. No counsel in State Court "Clean Diesel" Cases may attend the deposition of any Defendant (or Defendant's expert or Non Party witness related to a Defendant) unless his or her client is directly adverse to that Defendant in their respective State Court "Clean Diesel" Case, and no counsel in State Court "Clean Diesel" Cases may attend the deposition of any United States government witness or government expert without prior written consent by the United States or Federal Trade Commission, as applicable.

### 5. Division of Time Among Plaintiffs' Counsel

The Plaintiffs' Steering Committee and counsel for the United States Government Plaintiffs shall work cooperatively with respect to the division of time amongst themselves.

### 6. Examinations of Non-Party Witnesses

The examination sequence of non-party witnesses shall presumptively follow the sequence specified by Sections III.F.2. and III.F.3, to accord examination priority to the Party that noticed the deposition. In circumstances where the presumptive sequence specified by Sections III.F.2 or III.F.3 would either be unfair, inefficient, or otherwise contrary to Fed. R. Civ. P. 30(c), the Parties shall meet and confer concerning the appropriate sequence of examination to

be followed.  Failing agreement among the Parties, the matter shall be submitted to the Court for determination.

   7.  **Documents Used at Depositions**

    a.  **Production of Documents**

Rule 45 of the Federal Rules of Civil Procedure shall govern subpoenas directing third-party witnesses to produce documents.

    b.  **Use of Foreign Language Documents at Depositions**

Within thirty (30) days of the entry of this Order, the Parties shall meet and confer concerning a protocol for use of foreign language documents at depositions, including (i) whether to retain and, if so, the selection of a neutral translator to provide certified English translations of foreign language documents for use by the Parties at depositions; (ii) the allocation of fees and reasonable expenses of any such neutral translator; (iii) the challenge of document translations to be used at depositions; and (iv) any other matters relating to document translations and their use at depositions.

    c.  **Copies of Documents**

Extra copies of documents about which deposing counsel expects to examine a witness should be provided to counsel for the Parties and the witness during the course of the deposition.  These may be distributed as hard-copies or USB flash drives containing the relevant documents.

  **G.**  **Length of Examination**

Absent agreement of the Parties or a Court order allowing additional time pursuant to Rule 30(d)(1), the length of depositions conducted without an interpreter shall not exceed (14) hours of examination, over two days, for depositions noticed by the Plaintiffs' Steering Committee or the United States Government Plaintiffs in this Action.  The fourteen (14) hours of examination shall not include examination by (i) counsel for the witness or Party defending the deposition, (ii) counsel for any defendant in the Action, and (iii) counsel examining on behalf of state court plaintiffs in State Court "Clean Diesel" Cases for whom the deposition was cross-noticed by a party other than the Plaintiffs' Steering Committee, the United States, or the FTC.  Notwithstanding the foregoing, if any party or witness believes that the presumptive limitations

1  for the duration of depositions imposed by Federal Rule of Civil Procedure 30(d)(1) should be
2  imposed for a particular witness instead of the extended time limits permitted herein, or if any
3  party wishes to exceed the presumptive limitations for the depositions that this Order provides,
4  counsel for the party or witness shall meet and confer with Point Persons regarding the
5  appropriate length of the deposition and, if the issue cannot be resolved through meet and confer
6  negotiations, may seek judicial resolution.

7   For Rule 30(b)(6) depositions conducted without an interpreter, every fourteen (14) hours
8  of examination of designated Rule 30(b)(6) witnesses shall count as one deposition.

9   The party noticing the deposition shall be entitled to a minute-for-minute re-cross
10  following any examination by counsel for the witness or Party defending the deposition.

11   To the extent the Party defending the deposition reasonably anticipates that its
12  questioning of its own witness will exceed ninety minutes, it will provide notice at least ten (10)
13  days before the scheduled deposition, so arrangements can be made for the deposition to
14  continue into an additional day, if necessary; provided, however, that nothing about this
15  provision shall be interpreted to preclude any defending Party from questioning its own witness
16  for the time that Party may deem necessary.  The Parties may, by agreement, modify this
17  provision in the context of a particular deposition as may be appropriate to facilitate or enhance
18  coordination and participation by other litigants and counsel, including counsel in any State
19  Court "Clean Diesel" Cases.

20   In the event that the deposition involves an interpreter, the Parties shall meet and confer
21  to determine the increase in the maximum length of the deposition in light of the procedures to
22  be employed for interpreting testimony.  If the Parties are unable to agree on any additional time
23  to be allotted, the dispute shall be submitted promptly to the Court for resolution.

24   If it appears after coordination of time and sequencing as set forth above in this Section
25  III that more or less time will be necessary, Point Persons and counsel for the witness shall meet
26  and confer to attempt to reach a reasonable accommodation.

27  **H.  Deposition Locations and Space**
28  1.  **Location for Depositions**

-11-

1    For those witnesses who reside or work in the United States, depositions will take place at one of the following locations, at the election of the witness: (1) the offices of such witness's attorney(s), (2) a location in the district where the witness resides or works that can reasonably accommodate the needs of the witness and counsel for the Parties, or (3) another location that Point Persons and the witness agree is reasonably convenient. The Parties will meet and confer whether to designate certain locations at which the depositions should presumptively take place.

For those witnesses who reside outside of the United States, the depositions will take place at a location to be agreed to by counsel for the Parties and the witness. In the event counsel for the Parties and the witness are unable to reach agreement on the location of a deposition, the noticing Party may notice the deposition in accordance with this Order, and the responding Party or witness shall present the dispute regarding the deposition location for adjudication.

2.    **Arrangements for Deposition Space**

Parties responsible for securing deposition space shall reserve an adequately-sized room, and all counsel shall be provided with a separate room in which to confer during breaks. When either Plaintiffs Steering Committee or any Defendant has secured the deposition space, that party shall also make reasonable efforts to ensure the availability of reasonable access to the Internet and basic office services, including but not limited to copy and fax machines without charge.

I.    **Interpreters**

The Parties shall meet and confer concerning the circumstances warranting, and protocols governing, the use of party-selected or neutral interpreters at depositions, including the appropriate notice period, the number of interpreters, and allocation of costs and presumptive effect on deposition duration which will result from the use of interpreters.

Any witness for whom English is not his or her first language may use an interpreter at any deposition, at his or her sole election. Counsel for the witness or defending Party shall promptly, but in any event no less than fourteen (14) days prior to the deposition, notify the Point Persons if a witness has requested the use of an interpreter during a deposition, provided,

-12-

however, that counsel for the witness shall in all events be allowed at least seven (7) days following service of the deposition notice to provide such notification.

### J. Objections and Instructions To Not Answer

#### 1. Preservation of Objections

All objections, except those as to form, manner of taking the deposition and privilege, are reserved until trial or other use of the depositions. As soon as any one attorney representing a Party states the word "objection," all Parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answer. Counsel for other Parties should avoid repeating the objection. If an explanation for the basis of the objection is requested, objecting counsel may reiterate the objection and explain.

#### 2. Prohibition on Speaking Objections

Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsel shall refrain from engaging in colloquy during depositions.

#### 3. Objections to Documents

##### a. Objections to Relevance or Admissibility

Any objection to the relevance or admissibility of a document used as a deposition exhibit is preserved for later ruling by the Court or by the trial judge. All Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial.

##### b. Objections as to Authenticity

Any objection to the authenticity of an exhibit used in the deposition must be made by the objecting Party within thirty (30) days of the deposition, or the exhibit will be deemed authentic. If a Party subsequently becomes aware of information that an exhibit is not authentic, that Party will promptly notify the Party that offered the exhibit. All Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial.

This sub-Section shall not apply to any translations that are marked as exhibits.

#### 4. Instructions Not To Answer

1    Counsel may instruct a witness not to answer when necessary to preserve an applicable
2 privilege or protection, such as the attorney-client privilege and the attorney work product
3 doctrine, to enforce a limitation ordered by the Court, or to present a motion under Fed. R. Civ.
4 P. 30(d)(3). When a privilege is claimed, to the extent a witness is able to answer questions
5 relevant to the existence, extent, or waiver of the privilege (such as the date of a communication,
6 who made the statement, to whom and in whose presence the statement was made, other persons
7 to whom the contents of the statement have been disclosed, and such other information as may
8 be necessary to determine the nature of the purportedly privileged communication), without
9 waiving the privilege, the witness should do so.   Unless otherwise specified, an instruction not
10 to answer by one Defendant should not be deemed an instruction not to answer by all
11 Defendants, and an instruction not to answer by one Plaintiff shall not be deemed an instruction
12 not to answer by all Plaintiffs.  Nothing herein is meant to modify the requirements of Paragraph
13 I.K. in Pretrial Order No. 16 (relating, in part, to instructions not to answer regarding possible
14 Privileged Material used at a deposition).

15    **K.    Disputes During Depositions**

16    Disputes between the Parties should be addressed to this Court rather than the district
17 court in the district in which the deposition is being conducted.  Disputes arising during
18 depositions that cannot be resolved by agreement and that, if not immediately resolved, will
19 significantly disrupt the discovery schedule or require rescheduling of the deposition, or might
20 result in the need to conduct a supplemental deposition, shall be presented to the Court, and if the
21 Court is not available, and to the extent the Parties are still unable to resolve the dispute, the
22 deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at
23 the earliest possible time.  If the nature of the dispute would not stop the deposition from going
24 forward, the Parties may agree among themselves either to present the matter to the Court by
25 telephone, or to present the dispute in writing.  The deposition reporter shall make a transcript of
26 the conference call proceedings, which shall be transcribed immediately and bound separately.
27 In the event the Court is unavailable by telephone to resolve disputes arising during the course of
28 the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

Nothing in this Order shall deny counsel the right to (1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear personally before the Court.

**L.     Video Depositions**

By so indicating in its notice of a deposition, a Party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1. **Real-Time Feed -** All video depositions will be recorded stenographically by a court reporter with "real-time feed" transcription capabilities.   Nothing herein precludes any Party from ordering "real-time feed" for any non-video deposition.

2. **Video Operator -** The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. **Attendance -** Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4. **Filing -** The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

5. **Interruptions** - The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off-the-record" discussions.

6. **Filming -** The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room.  The videographer shall not film any persons in the room, except for the witness.

**M.     Correction and Signing of Depositions**

Within thirty (30) days after the deposition is completed, unless expressly waived by the witness, a transcript of the deposition shall be provided to the witness for correction and signature.   For any witness residing in the United States, the deposition may be signed before any notary or certified under penalty of perjury within thirty (30) days after the date that the

1  transcript is received by counsel for the witness.  For any witness residing outside of the United
2  States, the deposition may be signed before any notary or certified under penalty of perjury
3  within sixty (60) days after the date that the transcript is received by counsel for the witness.  If
4  no corrections are made during this time, then, absent any agreement to extend these deadlines,
5  the transcript will be presumed accurate.  The Parties may agree to reasonable extensions of
6  these deadlines.

### N.     Cost of Deposition

The noticing Party shall bear the initial expenses of stenographic recording and videotaping (as appropriate), and any costs associated with securing appropriate deposition space.  The Parties shall pay for their own copies of transcripts and videotapes/DVDs of depositions.  The Parties shall confer to determine whether it is appropriate to retain a dedicated court-reporting firm to record all depositions.

### O.     Use of Depositions

Depositions of witnesses conducted in this Action may be used in State Court "Clean Diesel" Cases to the extent permitted by that state's laws and rules and applicable coordination orders, including PTO 13 (but subject to the restrictions of this Order, including Section III.E.1).

Depositions may, to the extent authorized by the Federal Rules of Civil Procedure or the Federal Rules of Evidence, be used by or against any Party.

### P.     Witness Claim to Alternate Procedures

To the extent that any Party anticipates a witness asserting that applicable law requires a procedure other than that set forth herein or under the Federal Rules of Civil Procedure, the Party aware of the issue shall promptly notify all other Parties in writing.  The Parties shall thereafter meet and confer in an effort to timely resolve the matter among the Parties so as to minimize any disruption to the scheduling of the deposition.  To the extent the Parties are unable to resolve the issue, the matter shall be promptly presented for judicial resolution.

**IT IS SO ORDERED.**

Dated: May 12, 2016

_____
CHARLES R. BREYER
United States District Judge

SO STIPULATED.

DATED:  May 11, 2016          Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:     */s/ Elizabeth J. Cabraser*
           Elizabeth J. Cabraser

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:   (415) 956-1000
Facsimile:    (415) 956-1008
ecabraser@lchb.com

*Lead Counsel for Plaintiffs*

DATED:  May 11, 2016          UNITED STATES DEPARTMENT OF JUSTICE

By:     */s/ Joshua H. Van Eaton*
           Joshua H. Van Eaton

Joshua H. Van Eaton
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-5474
Facsimile: (202) 514-0097
Josh.Van.Eaton@usdoj.gov

*Coordinating Counsel for the United States*

| | | |
|---|---|---|
| 1 | DATED:  May 11, 2016 | FEDERAL TRADE COMMISSION |
| 2 | | By:   */s/ Jonathan Cohen* |
| | | Jonathan Cohen |
| 3 | | |
| | | Jonathan Cohen |
| 4 | | Federal Trade Commission |
| | | 600 Pennsylvania Avenue NW, CC-9528 |
| 5 | | Washington, DC 20580 |
| | | Facsimile: (202) 326-2551-3197 |
| 6 | | |
| | | *Counsel for Plaintiff Federal Trade Commission* |
| 7 | | |
| 8 | DATED:  May 11, 2016 | SULLIVAN & CROMWELL LLP |
| 9 | | By:   */s/ Robert j. Giuffra, Jr.* |
| | | Robert J. Giuffra, Jr. |
| 10 | | |
| 11 | | Robert J. Giuffra, Jr. |
| | | Sharon L. Nelles |
| 12 | | William B. Monahan |
| | | John G. McCarthy |
| 13 | | SULLIVAN & CROMWELL LLP |
| | | 125 Broad Street |
| 14 | | New York, New York 10004 |
| | | Telephone:  (212) 558-4000 |
| 15 | | Facsimile:   (212) 558-3588 |
| | | giuffrar@sullcrom.com |
| 16 | | nelless@sullcrom.com |
| | | monahanw@sullcrom.com |
| 17 | | mccarthyj@sullcrom.com |
| 18 | | *Co-Liaison Counsel for the Volkswagen Group Defendants* |
| 19 | | |
| 20 | DATED:  May 11, 2016 | HERZFELD & RUBIN, P.C. |
| 21 | | By:   */s/ Jeffrey L. Chase* |
| | | Jeffrey L. Chase |
| 22 | | |
| | | Jeffrey L. Chase |
| 23 | | HERZFELD & RUBIN, P.C. |
| | | 125 Broad Street |
| 24 | | New York, New York 10004 |
| | | Telephone:  (212) 471-8500 |
| 25 | | Facsimile:   (212) 344-3333 |
| | | jchase@herzfeld-rubin.com |
| 26 | | |
| | | *Co-Liaison Counsel for the Volkswagen Group Defendants* |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | DATED:  May 11, 2016 | ALSTON & BIRD LLP |
| 2 | | By:  */s/ Cari K. Dawson* |
| 3 | |     Cari K. Dawson |
| 4 | | Cari K. Dawson |
| | | ALSTON & BIRD LLP |
| 5 | | One Atlantic Center |
| | | 1201 West Peachtree Street |
| 6 | | Atlanta, Georgia 30309-3424 |
| | | Telephone:  (404) 881-7766 |
| 7 | | Facsimile:   (404) 253-8567 |
| | | cari.dawson@alston.com |
| 8 | | |
| 9 | | *Liaison Counsel for Porsche Cars North America, Inc.* |
| 10 | DATED:  May 11, 2016 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 11 | | |
| | | By:  */s/ Matthew D. Slater* |
| 12 | |     Matthew D. Slater |
| 13 | | |
| | | Matthew D. Slater |
| 14 | | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | | Cleary Gottlieb Steen & Hamilton LLP |
| 15 | | 2000 Pennsylvania Ave., NW |
| | | Washington, DC 20006 |
| 16 | | Telephone: (202) 974-1500 |
| | | Facsimile:   (202) 974-1999 |
| 17 | | mslater@cgsh.com |
| 18 | | *Counsel for Robert Bosch GmbH and Robert Bosch LLC* |

19            **ATTESTATION**

20    Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence

21 in the filing of this document has been obtained from the other signatories above.

22

| | | |
|---|---|---|
| 23 | DATED:  May 11, 2016 | By:         */s/ Elizabeth J. Cabraser*            Elizabeth J. Cabraser |