Robert J. Giuffra, Jr. *(pro hac vice)*
giuffrar@sullcrom.com
Sharon L. Nelles *(pro hac vice)*
nelless@sullcrom.com
William B. Monahan *(pro hac vice)*
monahanw@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Michael H. Steinberg (State Bar No. 134179)
steinbergm@sullcrom.com
Michael P. Murtagh (State Bar No. 271385)
murtaghm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California  90067
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800

*Co-Liaison Counsel for the Volkswagen Group Defendants*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>*United States of America* v. *Volkswagen AG, et al.*, Case No. 3:16-cv-00295-CRB | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

MDL No. 2672 CRB (JSC)

**THE VOLKSWAGEN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE UNITED STATES' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge:          Hon. Charles R. Breyer
Courtroom:    6
Hearing Date (Preliminary):  August 26, 2016
Hearing Time (Preliminary):  10:00 a.m.

**NOTICE OF MOTION AND MOTION**

TO THE ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 26, 2016, at 10:00 a.m., or at such other date as may be agreed upon, in Courtroom 6 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, and Audi AG (collectively, the "VW Defendants") will and hereby do move this Court to dismiss certain claims in the United States' Complaint for violations of the Clean Air Act and the regulations promulgated thereunder.  Claims 1, 2 and 4 of the United States' Complaint should be dismissed without prejudice to the extent they pertain to 3.0L Subject Vehicles, and Claims 1, 2 and 3 of the United States' Complaint should be dismissed without prejudice so that the United States can clarify its pleadings to indicate that these claims are pled in the alternative.

As discussed in the attached Memorandum of Points and Authorities, the VW Defendants are fully committed to settling the United States' claims asserted in the Complaint. Therefore, nothing in this Motion shall affect in any way either the current settlement agreement in principle with the United States of America and others regarding vehicles with 2.0 liter engines, or impede the ongoing settlement discussions to finalize that agreement or to reach a settlement with respect to all remaining matters, including concerning vehicles with 3.0 liter engines.  Regardless of the settlement agreement in principle and the parties' ongoing settlement discussions, the VW Defendants are required by court order to respond to the United States Complaint on today's deadline.

This Motion is made pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers filed herein, oral argument of counsel, and any other matter which may be submitted at any hearing of this Motion.

-1-

1

2  Dated:  May 16, 2016                   Respectfully submitted,

3                                        By: /s/  Michael H. Steinberg
                                             (e-signed pursuant to L.R.5-2(i)(1)-(2))
4
                                         Robert J. Giuffra, Jr.
5                                        giuffrar@sullcrom.com
                                         Sharon L. Nelles
6                                        nelless@sullcrom.com
                                         William B. Monahan
7                                        monahanw@sullcrom.com
                                         SULLIVAN & CROMWELL LLP
8                                        125 Broad Street
                                         New York, New York  10004
9                                        Telephone:  (212) 558-4000

10                                       Michael H. Steinberg
                                         steinbergm@sullcrom.com
11                                       Michael P. Murtagh
                                         murtaghm@sullcrom.com
12                                       SULLIVAN & CROMWELL LLP
                                         1888 Century Park East
13                                       Los Angeles, California  90067
                                         Telephone:  (310) 712-6600
14
15                                       *Co-Liaison Counsel for the Volkswagen Group
                                         Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN & CROMWELL LLP

NOTICE OF MOTION TO DISMISS UNITED STATES' COMPLAINT
MDL No. 2672 CRB (JSC)

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..........................................................................................1

ISSUES TO BE DECIDED ..............................................................................................1

SUMMARY OF ARGUMENT ..........................................................................................2

THE CLEAN AIR ACT AND THE ALLEGATIONS OF THE COMPLAINT ..........................3

    A.    Testing for Nitrogen Oxides Pursuant to the Clean Air Act and the EPA's Regulations ..............................................................................................3

    B.    The United States' Allegations of Defeat Devices ...................................4

    C.    The United States' Claims in the Complaint .........................................6

ARGUMENT ...................................................................................................................7

I.    THE UNITED STATES HAS NOT SUFFICIENTLY PLED KNOWLEDGE AS TO EACH VW DEFENDANT FOR THE 3.0L SUBJECT VEHICLES. . .......................8

    A.    Claims 1, 2 and 4 Require a Showing of Knowledge by the VW Defendants. ..............................................................................................8

    B.    The United States Failed to Plead the VW Defendants' Knowledge of Defeat Devices. ...........................................................................................9

II.    INCONSISTENCY EXISTS BETWEEN CLAIMS 1, 2 AND 3, WHICH ARE NOT PLED AS ALTERNATIVE CLAIMS. ...................................................................11

    A.    The Allegations That the VW Defendants Sold Vehicles With Invalid COCs (Claim 1) Are Inconsistent With Allegations That AECDs Were Installed "In Compliance With" the EPA's Regulations (Claims 2 and 3). .........11

    B.    The Tampering Claim Is Inconsistent With the Allegations That the Defeat Devices Were Installed in the Vehicles Prior to Emissions Testing. ...................12

CONCLUSION.................................................................................................................13

-i-

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft* v. *Iqbal*,
  556 U.S. 662 (2009)...................................................................................................10

*Bell Atl. Corp.* v. *Twombly*,
  550 U.S. 544 (2007).....................................................................................................7

*Cleveland* v. *Policy Mgmt. Sys. Corp.*,
  526 U.S. 795 (1999)...................................................................................................11

*Davis* v. *Chase Bank U.S.A., N.A.*,
  650 F. Supp. 2d 1073 (C.D. Cal. 2009) ......................................................................7

*FTC* v. *Lights of Am.*,
  760 F. Supp. 2d 848 (C.D. Cal. 2010) ..............................................................7, 8, 10

*Sanders* v. *Brown*,
  504 F.3d 903 (9th Cir. 2007) .......................................................................................7

*United States* v. *Lloyds TSB Bank PLC*,
  639 F. Supp. 2d 326 (S.D.N.Y. 2009).......................................................................10

*United States* v. *Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .....................................................................................10

## Statutes

42 U.S.C. § 7401 (2012)...................................................................................................3

42 U.S.C. § 7521 (2012)...................................................................................................3

42 U.S.C. § 7522(a)(1) (2012) ................................................................................ passim

42 U.S.C. § 7522(a)(2) (2012)......................................................................................7, 9

42 U.S.C. § 7522(a)(3)(A) (2012)..........................................................................7, 8, 12

42 U.S.C. § 7522(a)(3)(B) (2012)...............................................................................6, 9

42 U.S.C. § 7542(a) (2012)..............................................................................................9

## Regulations

40 C.F.R. pt. 86 (2015) ....................................................................................................3

40 C.F.R. § 86.1803-01 (2015).................................................................................3, 4, 10

-ii-

40 C.F.R. § 86.1827.01 (2015) ............................................................................................3

40 C.F.R. § 86.1843-01 (2015) ............................................................................................3

40 C.F.R. § 86.1844-01(d)(11) (2015)..................................................................................4

40 C.F.R. § 86.1850-01(d) (2015) ........................................................................................8

40 C.F.R. § 1065.1001 (2015) ..............................................................................................6

**<u>Rules of Civil Procedure</u>**

Fed. R. Civ. P. 8(a)(3) ...........................................................................................................2

Fed. R. Civ. P. 9(b) ...................................................................................................... passim

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 7

SULLIVAN & CROMWELL LLP

1 ## MEMORANDUM OF POINTS AND AUTHORITIES

2      Defendants Volkswagen AG ("VW AG"), Audi AG ("Audi"), Volkswagen Group

3 of America, Inc. ("VWGoA"), and Volkswagen Group of America Chattanooga Operations,

4 LLC ("VW Chattanooga"; collectively, the "VW Defendants") hereby move to dismiss Plaintiff

5 United States of America's ("United States") Complaint (the "Complaint") pursuant to Federal

6 Rules of Civil Procedure 9(b) and 12(b)(6).

7 ## PRELIMINARY STATEMENT

8      The VW Defendants are fully committed to settling the United States' claims

9 asserted in the Complaint. This Motion does not affect, modify or otherwise impact in any way

10 either the agreement in principle reached between the VW Defendants and the United States to

11 settle claims of the United States relating to vehicles with 2.0 liter engines that are the subject of

12 this action, or the parties' ongoing efforts to settle the United States' remaining claims, including

13 claims relating to 3.0 liter engines. The agreement in principle and the ongoing settlement

14 discussions, however, do not extend the deadline set by court order (Dkt. 1399) for the VW

15 Defendants to respond to the United States' Complaint. As a result, the VW Defendants are

16 required to respond to the United States' Complaint on today's deadline.

17 ## ISSUES TO BE DECIDED

18      1.      With regard to the 3.0 liter engine vehicles, has the United States

19 sufficiently pled knowledge as to each of the VW Defendants for Claims 1, 2 and 4?[1]

20      2.      Can the United States pursue liability simultaneously under each of

21 Claims 1 (invalid Certificates of Conformity ("COC")), 2 (use of defeat devices) and 3

22 (tampering)? A finding of liability for Claim 1 founded on the assertion that the "2.0L Subject

23 Vehicles"[2] and the "3.0L Subject Vehicles"[3] were not covered by valid COCs necessarily

24

25 [1]      The VW Defendants do not challenge here the sufficiency of the allegations in the United

26 States' Complaint regarding the 2.0 liter engine vehicles for purposes of this Motion to Dismiss.

27 [2]      The list of 2.0L Subject Vehicles in Appendix A to the Complaint incorrectly lists the
Model Year 2014 Audi A3. For the avoidance of doubt, whenever the VW Defendants use the
term "2.0L Subject Vehicles" herein, the VW Defendants refer to all the vehicles listed in

28 Appendix A except the Model Year 2014 Audi A3.

-1-

1  precludes a finding of liability for Claims 2 or 3, both of which instead require that the vehicles

2  and their engines be "in compliance with" regulations of the EPA, including regulations

3  requiring that the vehicles have valid COCs.

4         3.      Simultaneously with its pursuit of Claims 1 and 2, which alleges the

5  failure of the vehicles to have valid COCs owing to the asserted existence of "defeat devices,"

6  can the United States also recover on Claim 3 (tampering) when it does not allege any later

7  modification to (or "tampering" with) the emissions control system?

8  **SUMMARY OF ARGUMENT**

9        This Motion challenges two discrete legal points raised by the United States'

10  Complaint:

11        *First*, the Complaint does not sufficiently plead knowledge as to each of the VW

12  Defendants with regard to the 3.0 liter engines on Claims 1, 2 and 4.  Those claims require that

13  each of the VW Defendants knowingly committed misconduct.  No allegations in the Complaint

14  provide a basis to infer the knowledge necessary for the United States to adequately plead these

15  claims against all of the VW Defendants.

16        *Second*, the United States is simultaneously pursuing claims that are inconsistent

17  with each other, but has not pled them as alternative legal or factual theories in accordance with

18  Fed. R. Civ. P. 8(a)(3).  The legal inconsistencies arise in two distinct ways.  As to the first, the

19  factual allegations in support of one of those Claims (Claim 1) negate the United States' ability

20  to recover under two other Claims (2 and 3).  Specifically, the United States' claim that the VW

21  Defendants sold vehicles without valid COCs (Claim 1) is inconsistent with the United States'

22  claims for installing defeat devices (Claim 2) or tampering with emissions control systems

23  (Claim 3), because Claim 1 seeks to prove that the automobiles, which the United States asserts

24  lacked COCs, did not comply with the EPA's regulations, while Claims 2 and 3 require that the

25

---

26  [3]    The list of 3.0L Subject Vehicles in Appendix B to the Complaint incorrectly lists the
Model Year 2014, 2015 and 2016 Audi A8.  For the avoidance of doubt, whenever the VW
27  Defendants use the term "3.0L Subject Vehicles" herein, the VW Defendants refer to all the
vehicles listed in Appendix A except the Model Year 2014, 2015 and 2016 Audi A8 and the
28  Model Year 2013, 2014, 2015 and 2016 Cayenne Diesel.

-2-

1  element of design being defeated (Claim 2) or tampered with (Claim 3) be installed "in

2  compliance with" the EPA's regulations, including the COC requirements.  The second

3  inconsistency arises because the claim of "tampering" asserted against the VW Defendants

4  disregards the allegation that the alleged defeat devices were installed in the affected vehicles

5  from the start.

6  **THE CLEAN AIR ACT AND THE ALLEGATIONS OF THE COMPLAINT**

7  **A.  Testing for Nitrogen Oxides Pursuant to the Clean Air Act and the EPA's Regulations**

8  The VW Defendants are subject to numerous legal requirements governing their

9  operations around the world.  One such statutory and regulatory scheme in the United States

10  consists of the Clean Air Act ("CAA" or the "Act"), 42 U.S.C. § 7401 *et seq.* (2012), which,

11  together with the regulations promulgated thereunder, governs the emission of various chemicals

12  from certain mobile sources, including new motor vehicles.  (Compl. ¶ 35.)  Under Section

13  202(a) of the Act, 42 U.S.C. § 7521(a) (2012), the EPA "shall by regulation prescribe . . .

14  standards applicable to the emission of any air pollutant from any class or classes of new motor

15  vehicles or new motor vehicle engines."  42 U.S.C. § 7521(a)(1) (2012).

16  Pursuant to its authority, the EPA promulgated regulations setting emissions

17  standards and test procedures for light-duty motor vehicles.  *See* 40 C.F.R. pt. 86 (2015); Compl.

18  ¶ 38.  The EPA's regulations focus on numerous chemicals, including nitrogen oxides ("NOx").

19  (Compl. ¶ 35.)  The EPA administers a certification program, which requires that every new

20  motor vehicle introduced into the United States satisfy the emissions standards promulgated by

21  the EPA.  *See* 42 U.S.C. § 7521 (2012); Compl. ¶ 39.  This certification program requires that

22  automobile manufacturers submit an application to the EPA for each model year and for each

23  test group of vehicles that it intends to introduce into the United States.  *See* 40 C.F.R.

24  § 86.1843-01 (2015); Compl. ¶ 40.  A test group is comprised of vehicles with similar emissions

25  profiles for the chemicals regulated by the Act.  *See* 40 C.F.R. §§ 86.1803-01 (2015), 86.1827.01

26  (2015); Compl. ¶ 40.  Vehicles that satisfy the EPA's emissions standards are granted a COC,

27  and it is a violation of the Clean Air Act to sell vehicles without COCs.  *See* 42 U.S.C. §

28  7522(a)(1) (2012).

-3-

1    Among the items that must be disclosed in the application for a COC is "[a] list of

2  all auxiliary emission control devices ('AECD') installed on any applicable vehicles."  40 C.F.R.

3  § 86.1844-01(d)(11) (2015); Compl. ¶ 44.  An "AECD" is "any element of design which senses

4  temperature, vehicle speed, engine RPM, transmission gear, manifold vacuum, or any other

5  parameter for the purpose of activating, modulating, delaying, or deactivating the operation of

6  any part of the emission control system."  40 C.F.R. § 86.1803-01 (2015).  AECDs are part of a

7  vehicle's "emissions control system" ("ECS"), which is the vehicle's "unique group of emission

8  control devices, auxiliary emission control devices, engine modifications and strategies, and

9  other elements of design . . . used to control exhaust emissions of a vehicle."  40 C.F.R.

10  § 86.1803-01 (2015).  An AECD is deemed a "defeat device" within the meaning of the CAA if

11  it "reduces the effectiveness of the emission control system under conditions which may

12  reasonably be expected to be encountered in normal vehicle operation and use, unless [among

13  other exceptions] . . . [t]he need for the AECD is justified in terms of protecting the vehicle

14  against damage or accident."  40 C.F.R. § 86.1803-01 (2015); Compl. ¶ 49.

15  **B.  The United States' Allegations of Defeat Devices**

16    The United States alleges that the VW Defendants manufactured and sold certain

17  diesel vehicles in the United States.  (Compl. ¶¶ 56, 60.)  Prior to selling these vehicles, VWGoA

18  submitted COC applications to the EPA, "on behalf of itself, and representing [VW AG and

19  Audi]," and obtained COCs for those vehicles.  (*Id.* ¶¶ 59, 63.)  Certain of the vehicles had 2.0

20  liter engines, and certain of the vehicles had 3.0 liter engines. (*Id.*, Appendices A-B.)  The EPA

21  has not revoked those COCs.

22    After publication in May 2014 of a study by West Virginia University's Center

23  for Alternative Fuels that suggested that on-road NOx emissions from certain of VW's 2.0 liter

24  diesel vehicles may have been higher than permissible under EPA regulations, the EPA and the

25  California Air Resources Board ("CARB") began an investigation into the possible reason or

26  reasons for the discrepancy in the level of emissions from certain VW 2.0 liter diesel vehicles

27  during testing as compared to on-road use.  (*See* Compl. ¶¶ 85-86.)  The United States alleges

28  that in October 2014, VWGoA and VW AG stated that the increased emissions from certain of

-4-

1 VW's 2.0 liter diesel vehicles were "due to various yet-to-be-identified technical issues with the

2 after treatment emission control systems and in-use conditions not represented by the" federal

3 testing procedures.  (*Id.* ¶ 87.)  In December 2014 and March 2015, VWGoA initiated a recall for

4 certain 2.0 liter diesel vehicles in an attempt to rectify the emissions issue.  (*See id.* ¶ 88.)  In

5 December 2014, the EPA and CARB began their own investigation into the emissions from

6 certain of VW's 2.0 liter diesel vehicles.  (*See id.* ¶ 89.)  The Complaint alleges that VWGoA

7 and VW AG participated in that investigation and suggested numerous possible explanations for

8 why emissions levels from certain 2.0 liter diesel vehicles differed between testing and on-road

9 conditions.  (*See id.* ¶ 90.)  According to the Complaint, none of these explanations resolved the

10 discrepancy, which led the EPA and CARB to investigate further.  (*Id.*)

11        The Complaint alleges that, in September 2015, VWGoA and VW AG

12 acknowledged that defeat devices had been installed in certain VW 2.0 liter diesel vehicles.  (*See

13 Compl.* ¶ 91.)  The Complaint further alleges that on September 18, 2015, the EPA provided its

14 Notice of Violation regarding the 2.0L Subject Vehicles.  (*Id.* ¶ 96.)  Further, on November 2,

15 2015, the EPA issued a Notice of Violation to VW AG, VWGoA, Audi AG, Porsche AG, and

16 Porsche Cars North America, Inc., alleging that certain 3.0 liter diesel vehicles violated

17 emissions standards and contained defeat devices.  (*See id.* ¶ 97.)

18        The United States alleges that the VW Defendants "knew or should have known"

19 about the use of defeat devices in the 2.0L Subject Vehicles and the 3.0L Subject Vehicles

20 (Compl. ¶¶ 74, 83), and that certain of the VW Defendants "impeded and obstructed" the United

21 States' investigation into the facts that are the subject of this action through the use of "material

22 omissions and misleading information"  (*id.* ¶¶ 92, 100; *see also id.* ¶¶ 93, 101 (alleging

23 "affirmative misrepresentations")).  Although the Complaint includes certain factual allegations

24 regarding the 2.0L Subject Vehicles and the VW Defendants' alleged knowledge of defeat

25 devices in those vehicles, no specific facts are alleged suggesting that any of the VW Defendants

26 knew about any defeat devices in *3.0L* Subject Vehicles.

27

28

**C.  The United States' Claims in the Complaint**

In support of its claims that the 2.0L and 3.0L Subject Vehicles manufactured and sold by the VW Defendants contain defeat devices, the United States alleges that certain computer algorithms in the electronic control module ("ECM") for the 2.0L Subject Vehicles and 3.0L Subject Vehicles cause the ECS of those vehicles to perform differently during normal vehicle operation and use than during emissions testing.  (*See* Compl. ¶¶ 69, 78.)  An ECM is "an engine's electronic device that uses data from engine sensors to control engine parameters."  40 C.F.R. § 1065.1001 (2015).  The United States alleges  that, during normal vehicle operation and use, the 2.0L Subject Vehicles and 3.0L Subject Vehicles emit greater levels of NOx than permitted under the EPA's regulation, but that they contain AECDs which enable them to pass emissions testing (*i.e.*, defeat devices).  (*See* Compl. ¶¶ 72, 81.)  Thus, the United States alleges that, prior to emissions testing, software was installed in the 2.0L Subject Vehicles and 3.0L Subject Vehicles that enabled them to pass emissions testing.  The United States does not allege any modification of the ECS or ECM subsequent to emissions testing.

The United States asserts four separate claims, with no indication that one is in the alternative to any other claim, and their Prayer for Relief seeks statutory damages from each VW Defendant for each Claim.  (Compl. ¶¶ 102-31; *id.* at Prayer for Relief.)

Claim 1 alleges that the VW Defendants violated Section 203(a)(1) of the CAA, 42 U.S.C. § 7522(a)(1) (2012), by selling vehicles without a valid COC.  The United States alleges that the failure to disclose AECDs in the COC applications renders the COCs invalid.  (*See* Compl. ¶¶ 102-07.)

Claim 2 alleges that the VW Defendants are liable for knowingly installing a defeat device in the 2.0L Subject Vehicles and 3.0L Subject Vehicles, in violation of Section 203(a)(3)(B) of the CAA, 42 U.S.C. § 7522(a)(3)(B) (2012), which prohibits knowingly selling vehicles containing "any part or component" where "a principal effect of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a motor vehicle or motor vehicle engine in compliance with" the EPA's regulations.  42 U.S.C. § 7522(a)(3)(B) (2012); *see* Compl. ¶¶ 108-13.

1    Claim 3 alleges that the VW Defendants are liable for tampering under Section

2  203(a)(3)(A) of the CAA, 42 U.S.C. § 7522(a)(3)(A) (2012), which prohibits "remov[ing] or

3  render[ing] inoperative any device or element of design installed on or in a motor vehicle or

4  motor vehicle engine in compliance with regulations under this subchapter prior to its sale and

5  delivery to the ultimate purchaser."  42 U.S.C. § 7522(a)(3)(A) (2012); *see* Compl. ¶¶ 114-21.)

6    Claim 4 asserts reporting violations under Section 203(a)(2) of the CAA, 42

7  U.S.C. § 7522(a)(2) (2012), for allegedly failing to provide information about the AECDs at

8  issue to the EPA, which information is allegedly required by the EPA to determine whether the

9  VW Defendants are in compliance with the EPA's regulations.  (*See* Compl. ¶¶ 122-31.)

10                                      **ARGUMENT**

11    A complaint should be dismissed pursuant to Rule 12(b)(6) if the plaintiff fails to

12  plead sufficient grounds to entitle the plaintiff to relief.  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp.*

13  v. *Twombly*, 550 U.S. 544, 555-56 (2007).  "Conclusory allegations and unreasonable inferences

14  . . . are insufficient to defeat a motion to dismiss."  *Sanders* v. *Brown*, 504 F.3d 903, 910 (9th

15  Cir. 2007).  To survive a motion to dismiss, the factual allegations of the complaint must

16  "possess enough heft" to set forth "a plausible entitlement to relief."  *Twombly*, 550 U.S. at 557,

17  559.

18    Claims of fraud are subject to additional, and more rigorous, pleading

19  requirements.  Rule 9(b) requires plaintiffs to allege circumstances constituting fraud "with

20  particularity."  Fed. R. Civ. P. 9(b).  Rule 9(b) applies where "(1) a complaint specifically alleges

21  fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the

22  defendant engaged in fraudulent conduct, even though the claim itself does not contain fraud as

23  an essential element, and (3) to any allegations of fraudulent conduct, even when none of the

24  claims in the complaint 'sound in fraud.'"  *FTC* v. *Lights of Am.,* 760 F. Supp. 2d 848, 852 (C.D.

25  Cal. 2010) (quoting *Davis* v. *Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089-90 (C.D. Cal.

26  2009)).  A complaint should be dismissed for failure to satisfy Rule 9(b) when it "fails to allege

27  the 'who, what, when, where and how' of the Defendants' course of conduct."  *See Lights of*

28

*Am.*, 760 F. Supp. 2d at 854-55 (dismissing complaint filed by Federal Trade Commission for failure to satisfy Rule 9(b)).

## I. THE UNITED STATES HAS NOT SUFFICIENTLY PLED KNOWLEDGE AS TO EACH VW DEFENDANT FOR THE 3.0L SUBJECT VEHICLES.

### A. Claims 1, 2 and 4 Require a Showing of Knowledge by the VW Defendants.

At least three of the four claims pled by the United States expressly or implicitly require a showing of knowledge or the taking of certain steps that would require knowledge.[4] Because the United States' Complaint does not adequately plead the knowledge element, those claims as currently pled must be dismissed.

*First,* although the statute under which the United States brings Claim 1 – introducing motor vehicles without a valid COC, 42 U.S.C. § 7522(a)(1) (2012) – does not explicitly require knowledge, the way that Claim 1 is pled appears to be an effort by the United States to have COCs previously obtained by the VW Defendants voided *ab initio*. (*See, e.g.*, Compl. ¶ 41 ("Vehicles are covered by a COC only if the vehicles are as described in the manufacturer's application for the COC 'in all material respects.'"); *id.* ¶ 48 ("A motor vehicle containing an AECD that can reasonably be expected to affect emission controls and is not disclosed or justified in the COC application does not conform in all material respects with the COC application, and *is therefore not covered by the COC*.") (emphasis added); *id.* ¶ 80 ("The 3.0L Subject Vehicles *therefore are not covered by a COC*.") (emphasis added).) The EPA has promulgated regulations specifying the limited circumstances under which a previously granted COC can be treated as void *ab initio*, two of which expressly require a showing of knowledge or a "fraudulent act." *See* 40 C.F.R. § 86.1850-01(d) (2015) ("If a manufacturer knowingly commits an infraction specified in paragraphs (b)(1) through (b)(7) of this section, knowingly commits any fraudulent act which results in the issuance of a certificate of conformity, or fails to

---

[4]        Although the VW Defendants do not make this argument herein, the VW Defendants reserve their right to argue that a showing of knowledge is necessary for Claim 3.

-8-

1    comply with the conditions specified in § 86.1843-01, the Administrator may deem such

2    certificate void ab initio.").

3            *Second*, Claim 2 – installation of a defeat device – explicitly requires that each

4    defendant "knows or should know" that the defeat device was installed in order to bypass, defeat

5    or render inoperative a device or element of design installed in a motor vehicle.  42 U.S.C.

6    § 7522(a)(3)(B) (2012).  The United States acknowledges this legal requirement in paragraph

7    109 of the Complaint.

8            *Third*, Claim 4 – a reporting violation – requires knowledge, since the knowledge

9    element is implicit in the concept of refusing or failing to provide information:  one cannot refuse

10   or fail to provide something if one does not know or have records of the information required to

11   be reported.  *See* 42 U.S.C. § 7522(a)(2) (2012); *see also* 42 U.S.C. § 7542(a) (2012) (requiring

12   that manufacturer "establish and maintain records" and permit the EPA "to have access to and

13   copy such records").

14                   **B.**     **The United States Failed to Plead the VW Defendants' Knowledge of Defeat Devices.**

15

16           The United States' allegations of knowing misconduct by the VW Defendants

17   trigger Rule 9(b)'s heightened pleading requirements.  The United States itself alleges that the

18   "installation of the 'defeat device' in the 2.0L Subject Vehicles was a knowing and willful

19   decision to deceive" (Compl. ¶ 95) (*i.e.*, fraud), the VW Defendants "knew or should have

20   known" about the use of defeat devices (*id.* at ¶¶ 74, 83), and certain of the VW Defendants

21   "impeded and obstructed" the United States' investigation into the facts that are the subject of

22   this action through the use of "material omissions and misleading information."  (*Id.* ¶¶ 92, 100;

23   *see also id.* ¶¶ 93, 101 (alleging "affirmative misrepresentations").)  These allegations

24   acknowledge the applicability of Rule 9(b) to the United States' Complaint.

25           Despite its heightened pleading burden, the United States does not plead the

26   requisite facts, as opposed to legal conclusions, necessary to establish that the VW Defendants

27   knowingly created an alleged defeat device for the 3.0L Subject Vehicles.  Although, as

28   described above, the United States pled facts relating to the VW Defendants' knowledge of

1   defeat devices in *2.0L* Subject Vehicles, there are insufficient allegations from which the Court

2   could infer that each of the VW Defendants had knowledge of defeat devices in *3.0L* Subject

3   Vehicles, and the United States has not met its pleading burden under Rule 9(b).  *See Ashcroft* v.

4   *Iqbal*, 556 U.S. 662, 678 (2009); *see also United States* v. *Lloyds TSB Bank PLC*, 639 F. Supp.

5   2d 326, 341 (S.D.N.Y. 2009) (denying United States' request to file an amended complaint

6   because it was "replete with [conclusory] allegations"); *Lights of Am.*, 760 F. Supp. 2d at 854-55

7   (dismissing complaint filed by Federal Trade Commission because it "fail[ed] to allege the 'who,

8   what, when, where and how' of the Defendants' course of conduct" and thus did not satisfy Rule

9   9(b)).

10              This issue is significant because the Complaint does not plead sufficient facts to

11  support the United States' theory that the undisclosed AECDs in the 3.0 liter engine were not

12  "justified in terms of protecting the vehicle against damage or accident."  Importantly, a "defeat

13  device" under the EPA's regulations and interpretations does not exist if the undisclosed AECD

14  is justified for these safety reasons.  *See* 40 C.F.R. § 86.1803-01 (2015); *EPA Advisory Circular*

15  *Number 24:  Prohibition of use of Emission Control Defeat Devices* (Dec. 11, 1972), at 2.[5]  Thus,

16  to the extent that the VW Defendants believed the AECDs were "justified in terms of protecting

17  the vehicle against damage or accident," 40 C.F.R. § 86.1803-01 (2015), they were not acting

18  with knowledge that they were using "defeat devices."  The United States acknowledges the

19  "engine protection" exception in paragraph 49 of the Complaint, but has not met its burden of

20  pleading facts supporting an inference that this exception does not apply.

21

22

23

24

25

26

---

27  [5]      This EPA Circular is cited in the Complaint at paragraph 50, and the Court can therefore
take judicial notice of it.  *See United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003);
28  Request for Judicial Notice, at 1.

-10-

## II.   INCONSISTENCY EXISTS BETWEEN CLAIMS 1, 2 AND 3, WHICH ARE NOT PLED AS ALTERNATIVE CLAIMS.

### A.   The Allegations That the VW Defendants Sold Vehicles With Invalid COCs (Claim 1) Are Inconsistent With Allegations That AECDs Were Installed "In Compliance With" the EPA's Regulations (Claims 2 and 3).

Claim 1 – failure to obtain a COC in violation of 42 U.S.C. § 7522(a)(1) (2012) – is inconsistent with Claims 2 and 3, as pled in the Complaint.  The United States bases Claim 1 on the allegation that the 2.0L and 3.0L Subject Vehicles received COCs based on false information, which renders those vehicles not covered by COCs and thus not "in compliance" with the EPA's regulations.  (*See, e.g.*, Compl. ¶¶ 44-48, 103-05.)  Those allegations are expressly "reallege[d]" in support of each subsequent claim, including Claims 2 and 3.  (*Id.* ¶¶ 108, 114.)  But the facts pled in support of Claim 1, if "reallege[d]" and incorporated into Claims 2 and 3, negate one of the elements of Claims 2 and 3.

While Claim 1 alleges that the 2.0L and 3.0L Subject Vehicles did not comply with regulations of the EPA because they did not have valid COCs, Claims 2 and 3 explicitly (and conversely) require that the "device or element of design" that is the subject of a "defeat device" (Claim 2) or that has been removed or rendered inoperative (Claim 3) be "installed on or in a motor vehicle or motor vehicle engine *in compliance with regulations under this subchapter.*"  (Compl. ¶¶ 109-10, 115-18; 42 U.S.C. §§ 7522(a)(3)(A)-(B) (2012) (emphasis added).)  Thus, while Claim 1 seeks to prove that the motor vehicles at issue lacked valid COCs and thus were *not in compliance with regulations* of the EPA, Claims 2 and 3 necessarily require that the devices or elements of design being defeated and/or tampered with be *in compliance with regulations*.

Although the Federal Rules of Civil Procedure permit the United States to set forth inconsistent claims "alternately or hypothetically," *Cleveland* v. *Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999), here, Claims 2 and 3 are not pled as alternative legal theories to Claim 1.  Instead, the United States has "reallege[d]" paragraphs 1 through 101 of the Complaint in support of Claims 2 and 3, including the allegations that the 2.0L and 3.0L Subject Vehicles

-11-

1  lacked COCs and thus are not in compliance with regulations of the EPA, and thus has expressly

2  chosen *not* to plead Claims 2 and 3 as alternative claims to Claim 1.  (*See* Compl. ¶¶ 108, 114.)

3  Further, the Prayer for Relief seeks recovery from each VW Defendant for Claims 1, 2 *and* 3.

4  (*See id.*, Prayer for Relief.)

5         Accepting the United States' factual allegations as true for purposes of this

6  Motion (as the Court is required to do), the 2.0L and 3.0L Subject Vehicles lack valid COCs

7  (void *ab initio*) because the vehicles did not conform to the information submitted in their

8  applications for COCs.  But, lacking COCs, the vehicles and the devices or elements of design

9  installed in the cars thus are not in compliance with regulations of the EPA issued pursuant to the

10  CAA.  Accordingly, the VW Defendants cannot be liable for Claims 2 and 3, which expressly

11  require that the defeat device "bypass, defeat," "remove" or "render inoperative" a device or

12  element of design installed "*in compliance with* regulations under this subchapter."  42 U.S.C. §§

13  7522(a)(3)(A)-(B) (2012) (emphasis added).

14         This deficiency can be cured by either dismissing Claim 1, dismissing Claims 2

15  and 3, or amending the Complaint to make clear that Claim 1, on the one hand, and Claims 2 and

16  3, on the other, are pled in the alternative.  But the United States cannot continue to attempt to

17  recover for all of these claims at the same time, as the current Complaint is drafted.

18  **B.   The Tampering Claim Is Inconsistent With the Allegations That the
           Defeat Devices Were Installed in the Vehicles Prior to Emissions
19         Testing.**

20         The United States' Complaint contains an additional inconsistency: the

21  allegations of tampering (Claim 3) are inconsistent with the allegations of selling vehicles

22  without valid COCs (Claim 1) and installing defeat devices (Claim 2).

23         Tampering liability under the CAA arises when "any person . . . remove[s] or

24  render[s] inoperative any device or element of design installed on or in a motor vehicle or motor

25  vehicle engine in compliance with regulations under this subchapter prior to its sale and delivery

26  to the ultimate purchaser."  42 U.S.C. § 7522(a)(3)(A) (2012).  Such a claim requires that the

27  person being charged with tampering have taken steps to both *remove* or *render inoperative* a

28

-12-

compliant device and that compliance is evaluated "prior to" the vehicle's "sale and delivery to the ultimate purchaser."

Despite seeking to charge each of the VW Defendants with tampering, the Complaint contains no specific factual allegations that any particular Defendant other than VW AG removed or rendered inoperative any device or element of design, or even knew of their existence.  The Complaint instead describes the undisclosed AECDs that are alleged to have been "defeat devices" within the meaning of the CAA as having been installed and in the vehicles *before the VW Defendants even filed applications for COCs*.  (*E.g.*, Compl. ¶ 76 ("Each 3.0L Subject Vehicle contains one or more AECDs that were not disclosed, described or justified in the application for the COC that purportedly covers the 3.0L Subject Vehicles.")  These AECDs were necessarily installed prior to emissions testing if they were used to defeat that testing.  (*E.g.*, Compl. ¶ 78 ("In other words, the 3.0L Subject Vehicles' ECM software tracks certain parameters of the FTP and causes emission control systems to underperform (or fail to perform) when the software determines that the vehicle is not undergoing the FTP.")  There are no allegations that each of the VW Defendants engaged in acts of tampering post-sale—rather, it is alleged to have happened with respect to each automobile, prior to emissions testing, and only VW AG is alleged to have known about it (and then only with respect to the 2.0L vehicles).  Even assuming knowledge by a VW Defendant, these allegations are nonetheless insufficient to state a claim of tampering post-sale under the CAA, which involves *removing or rendering inoperative* something that is *in compliance with regulations*.  That cannot be done by multiple defendants on the same vehicle if the vehicle, as alleged here, contains installed components that do not comply with regulations in the first instance.

## CONCLUSION

For the foregoing reasons, Claims 1, 2 and 4 of the United States' Complaint should be dismissed to the extent they pertain to 3.0L Subject Vehicles, and Claims 1, 2 and 3 of the United States' Complaint should be dismissed so that the United States can clarify its pleadings to indicate that these claims are pled in the alternative.

-13-

Dated:  May 16, 2016                    Respectfully submitted,

                                        By: /s/ Michael H. Steinberg
                                            (e-signed pursuant to L.R.5-2(i)(1)-(2))

                                            Robert J. Giuffra, Jr.
                                            giuffrar@sullcrom.com
                                            Sharon L. Nelles
                                            nelless@sullcrom.com
                                            William B. Monahan
                                            monahanw@sullcrom.com
                                            SULLIVAN & CROMWELL LLP
                                            125 Broad Street
                                            New York, New York  10004
                                            Telephone:  (212) 558-4000

                                            Michael H. Steinberg
                                            steinbergm@sullcrom.com
                                            Michael P. Murtagh
                                            murtaghm@sullcrom.com
                                            SULLIVAN & CROMWELL LLP
                                            1888 Century Park East
                                            Los Angeles, California  90067
                                            Telephone:  (310) 712-6600

                                            *Co-Liaison Counsel for the Volkswagen Group
                                            Defendants*

-14-

1

**CERTIFICATE OF SERVICE**

2

3      I hereby certify that on May 16, 2016, I electronically filed the **THE**

4    **VOLKSWAGEN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

5    **THE UNITED STATES' COMPLAINT AND MEMORANDUM OF POINTS AND**

6    **AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court for the United States

7    District Court, Northern District of California by using the Northern District CM/ECF system.

8      Participants in this case who are registered CM/ECF users will be served by the

9    Northern District CM/ECF system.

10   Dated: May 16, 2016

11                                  /s/ Michael Steinberg (e-signed pursuant to L.R.5-2(i)(1)-(2))
                                         Michael H. Steinberg
12                                     *Liaison Counsel for the Volkswagen Group Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28