UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

MDL No. 2672 CRB (JSC)

**PRETRIAL ORDER NO. 21: STIPULATION AND ORDER RELATING TO AMENDMENT OF PRIOR PRETRIAL ORDERS IN LIGHT OF THE FEDERAL TRADE COMMISSION'S COMPLAINT**

_____/

This Order Relates To:

ALL ACTIONS (except securities actions)

**Hon. Charles R. Breyer**

_____/

WHEREAS, on March 29, 2016, the Federal Trade Commission ("FTC") filed a complaint against Volkswagen Group of America, Inc., also d/b/a Volkswagen of America, Inc., also d/b/a Audi of America, Inc. ("Volkswagen USA"), Case No. 16-1534 (Dkt. No. 1);

WHEREAS, the FTC's action was consolidated with cases pending in this multi-district litigation, *In re Volkswagen "Clean Diesel Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2672 CRB (JSC) ("MDL"), for pretrial purposes;

WHEREAS, the Court entered Pretrial Orders ("PTOs") governing the practices and procedures of actions that have been or will be originally filed in, transferred to, or removed to the MDL.  Unless otherwise specified, these PTOs bind all parties and their counsel in all cases currently pending and subsequently transferred to this MDL. *See, e.g.,* Pretrial Order No. 8, ¶ 2 (Dkt. No. 1087);[1]

WHEREAS, the FTC is an independent agency of the United States government; and

---

[1] For the avoidance of doubt, the parties anticipate further revisions or additional pretrial orders to integrate Bosch into the existing pretrial orders.

WHEREAS, counsel for the parties below have met and conferred, and have agreed to the following amendments, subject to the Court's approval, to certain of the PTOs to account for the FTC's filing of the complaint on March 29, 2016.

NOW, THEREFORE, IT IS ORDERED THAT:

The changes reflected in the charts below are incorporated by reference into existing PTOs. The charts describe the relevant PTO, the pages and lines at issue, what type of change is being made (*i.e.,* a revision to existing text or addition of a new section), and a bolded description of the change. The parties are directed to provide the Court with amended PTOs that incorporate these changes. The changes are as follows:

**A.     PTO 7: Order Appointing Plaintiff's Lead Counsel, Plaintiffs' Steering Committee, and Government Coordinating Counsel**

| Page | Lines | Type Of Change | Changes |
|------|-------|----------------|---------|
| 5 | 8-18 | Revision | On January 15, 2016, the Judicial Panel on Multidistrict Litigation conditionally transferred from the Eastern District of Michigan to this Court *United States v. Volkswagen AG, et al.*, Case No. 16-10006. (Dkt. No. 928.) In light of the United States Government interests in this MDL, the Court appoints United States Department of Justice Attorney Joshua H. Van Eaton as coordinating counsel for the interests of the United States **Government Plaintiffs (*i.e.,* the United States and the Federal Trade Commission)**. Mr. Van Eaton's role will include scheduling meetings, appearing at Court-noticed conferences, coordinating on behalf of the **United States Government's interests** in settlement discussions (including ensuring that the appropriate Government decision makers are participating), coordinating discovery **on behalf of the United States Government Plaintiffs** with the PSC and Defendants, and carrying out any other duty the Court may order. The Government Coordinating Counsel shall confer **with the FTC**, PSC and Defendants to achieve the greatest possible efficiencies and effectiveness, including as to the conduct of discovery and settlement discussions. **Government Coordinating Counsel is established solely to effectuate the efficient management of this Multidistrict Litigation. Neither the Government Coordinating Counsel nor the United States Department of Justice represent the Federal Trade Commission in any substantive manner. The Federal** |

| | | | **Trade Commission will be represented by Jonathan Cohen or his designee.** |

B.   PTO 9:   Discovery Schedule

| Page | Lines | Change | Proposed Changes |
|---|---|---|---|
| 2 | 22-24 | Revision | Defendants shall serve discovery requests and written responses and objections on Plaintiffs' Lead Counsel, and Government Coordinating Counsel, as identified in Pre-Trial Order No. 7; **in addition, Defendant Volkswagen Group of America, Inc. shall also serve discovery requests and written responses and objections on counsel for the FTC.  The Porsche Defendants are not required to serve counsel for the FTC with written discovery requests or written responses and objections.** |
| 6 | 27 | Addition | **Unless otherwise agreed by the parties, the FTC may serve no more than twenty-five (25) interrogatories, including discrete subparts, on Defendant Volkswagen Group of America, Inc.** |
| 7 | 28 | Addition | *3. Discovery with respect to the FTC.*  **Notwithstanding anything to the contrary herein, the FTC and Defendant Volkswagen Group of America, Inc. may serve written discovery requests (document requests, interrogatories, and requests for admission) upon each other no sooner than April 15, 2016.  Written responses and objections by these Parties to such document requests, interrogatories, and requests for admissions shall be due 60 days after service of the request.** |
| 8 | 9-12 | Revision | Unless otherwise agreed by the parties, Defendants' Liaison Counsel collectively may serve no more than twenty-five (25) interrogatories, including discrete subparts, on the United States, **and no more than twenty-five (25) interrogatories, including discreet subparts, on the FTC.** |

C.   PTO 12:   Stipulated Protective Order

| Page | Lines | Change | Proposed Changes |
|---|---|---|---|
| 3-4 | 3:19-4:4 | Revision | Discovery Material that (a) is Foreign Private Data, or (b) meets the definition of "Confidential Information" and which the Designating Party reasonably believes to be (i) information reflecting product design or development, non-public technical research, pricing and business strategy documents concerning a particular product or line of products **(excluding marketing-related materials that do not relate to current or anticipated strategy or that otherwise do not qualify for protection under 9th Circuit law)**, financial statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data, sales information relating to specific customers **or classes of customers**, non-public scientific research; (ii) as to any governmental Parties, information the disclosure of which absent the |

3

protections afforded herein to Highly Confidential Information may harm the United States or any state or foreign government's ability to investigate and/or enforce applicable laws; or (iii) information the disclosure of which absent the protections afforded herein to Highly Confidential Information could create a substantial risk of serious harm that could not be avoided by less restrictive means.  Nothing herein precludes any Party from seeking additional protections not currently contemplated by this Order to be applied to any particular document or category of documents, including Highly Confidential Information.

**D.     PTO 13:  Coordination Order**

| Page | Lines | Change | Proposed Changes |
|---|---|---|---|
| 2 | 13-18 | Revision | To that end, this Order sets forth procedures that will apply in the federal MDL Proceeding in order to facilitate, to the maximum extent possible, coordination with parallel State Court "Clean Diesel" cases.  This order applies to all cases that are today or in the future become part of the MDL Proceeding, and it binds all parties and their counsel in all such cases, including all attorneys appointed by this Court to leadership positions in the MDL Proceeding, except for the United States **and the FTC.** |
| 6 | 2 | Revision | Nothing herein is meant to limit the United States **and FTC's** ability to take depositions. |

**E.     PTO 14:  Regarding Protected Counsel Communications**

| Page | Lines | Change | Proposed Changes |
|---|---|---|---|
| 2 | 9-18 | Revision | Cooperation by and among **counsel for the United States and the FTC and/or their designees**, and the Plaintiffs' Steering Committee and/or its designees (collectively, "Plaintiffs' Counsel"), and by and among Defendants' Liaison Counsel and/or his/her designees ("Defendants' Counsel"), is essential for the orderly and expeditious resolution of this litigation.  The communication of information among and between Plaintiffs' Counsel, including communications among and between **counsel for the United States and the FTC** and/or their designees, and Plaintiffs' Steering Committee and/or its designees, and/or among and between Defendants' Counsel, shall not be deemed a waiver of the attorney-client privilege or the protections afforded attorney's work product.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine. **Nothing in this paragraph shall be deemed to supersede Section 13.7 of PTO 12.** |
| 2 | 22-24 | Revision | Nothing herein is intended to authorize disclosure by **counsel for the United States or the FTC and/or their designees** to the Plaintiffs' Steering Committee and/or its designees in contravention of any confidentiality agreement between the United States **and/or the FTC** and any defendant. |

4

**F.     PTO 15: Relating to Preservation of Documents and Electronically Stored Information**

| Page | Lines | Change | Proposed Changes |
|---|---|---|---|
| 1 | 13-18 | Revision | This Order shall govern the preservation of documents and electronically stored information ("ESI") by Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, Audi AG, Audi of America, Inc., Porsche AG, and Porsche Cars North America, Inc. ("Defendants"), the plaintiffs named in the consolidated class action complaints filed in this action on February 22, 2016 (ECF Nos. 1230, 1231, 1232 (the "Consolidated Complaints")), the United States of America, **and the Federal Trade Commission ("FTC")** (collectively, the "Parties"). |
| 4 | 21 | Addition | [add]  **cc.  Any claims or defenses associated with the FTC's March 29, 2016 complaint and associated relief.** |

**G.     PTO 16: Stipulation Relating to Non-Waiver of Privileges and Production of Privilege Logs**

| Page | Lines | Change | Proposed Changes |
|---|---|---|---|
| 3 | 6-11 | Revision | *Notice of Disclosed Privileged Material.*  If a Disclosing Party determines that it has produced Disclosed Privileged Material, the Disclosing Party shall, within twenty-one (21) calendar days of making such determination, provide written notice to, as applicable, Plaintiffs' Lead Counsel, Defendants' Liaison Counsel, **the United States and/or the FTC** identifying the Disclosed Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice"). |
| 9-10 | 9:24-10:2 | Revision | *Governmental Privilege Claims.* The Parties agree that the United States' **or the FTC's** assertions of any governmental privileges may be made by first identifying documents withheld on such grounds on its privilege log and second providing a declaration supporting that assertion within thirty (30) days after service of the privilege log, where such a declaration is required by applicable law. |

**IT IS SO ORDERED.**

Dated: May 31, 2016

_____
CHARLES R. BREYER,
United States District Judge

SO STIPULATED

Dated: May 27, 2016

*/s/ Jonathan Cohen*
Jonathan Cohen
jcohen@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-9528
Washington, DC 20580
(202) 326-2551, -3197 (fax)

*Counsel for Plaintiff Federal Trade Commission*

By:   */s/ Joshua H. Van Eaton*
Joshua H. Van Eaton
Josh.Van.Eaton@usdoj.gov
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington DC 20044-7611
Telephone:    (202) 514-5474
Facsimile:    (202) 514-0097

*Coordinating Counsel for the United States*

By:   */s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser
ecabraser@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Plaintiffs' Lead Counsel*

6

By: */s/ Robert J. Giuffra, Jr.*
   Robert J. Giuffra, Jr.
   giuffrar@sullcrom.com
   Sharon L. Nelles
   nelless@sullcrom.com
   William B. Monahan
   monahanw@sullcrom.com
   SULLIVAN & CROMWELL LLP
   125 Broad Street
   New York, New York 10004
   Telephone:      (212) 558-4000
   Facsimile: (212) 558-3588

   *Co-Liaison Counsel for the Volkswagen Group Defendants*

By: */s/ Jeffrey L. Chase*
   Jeffrey L. Chase
   jchase@herzfeld-rubin.com
   HERZFELD & RUBIN, P.C.
   125 Broad Street
   New York, New York 10004
   Telephone:  (212) 471-8500

   *Co-Liaison Counsel for the Volkswagen Group Defendants*

By: */s/ Cari K. Dawson*
   Cari K. Dawson
   ALSTON & BIRD LLP
   One Atlantic Center
   1201 West Peachtree Street
   Atlanta, Georgia 30309-3424
   Telephone: (404) 881-7766
   Facsimile: (404) 253-8567
   cari.dawson@alston.com

   *Liaison Counsel for Porsche Cars North America, Inc.*

By: */s/ Matthew D. Slater*
Matthew D. Slater
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999

*Counsel for Defendants Robert Bosch GmbH and Robert Bosch LLC*