# Attachment B
# to the Declaration of
# Shannon Wheatman



# Katherine M. Kinsella

**FOUNDER AND FORMER PRESIDENT**

A nationally recognized specialist in notification programs in mass tort, consumer, and product liability class actions and bankruptcies, Kinsella has developed and directed some of the largest and most complex national notification programs in the country. The scope of the firm's work includes notification programs in antitrust, bankruptcy, consumer fraud, mass tort and product liability litigation. Specific cases have involved, among others, asbestos, breast implants, home siding and roofing products, infant formula, pharmaceuticals, polybutylene plumbing, tobacco and Holocaust claims. The firm has developed or consulted on over 800 notification programs, placing over $350 million in media notice. Selected cases include:

## ANTITRUST

*Big Valley Milling, Inc. v. Archer Daniels Midland Co.,* No. 65-C2-96-000215 (Minn. Dist. Ct. Renville County) (lysine).

*Carlson v. Abbott Laboratories*, No. 94-CV-002608 (Wis. Cir. Ct. Milwaukee County) (infant formula).

*Comes v. Microsoft Corp.,* No. CL8231 (Iowa Dist. Ct. Polk County) (software).

*Connecticut v. Mylan Laboratories, Inc.,* No. 99-276, MDL No. 1290 (D.D.C.) (pharmaceutical).

*Conroy v. 3M Corp.*, No. C-00-2810 CW (N.D. Cal.) (invisible tape).

*Copper Antitrust Litig.,* MDL 1303 (W.D. Wis.) (physical copper).

*Cox v. Microsoft Corp.,* No. 105193/00 (N.Y. Sup. Ct. N.Y. County) (software).

*D.C. 37 Health & Security Plan v. Medi-Span*, No. 07-cv-10988 (D. Mass.); *New England Carpenters Health Benefits Fund v. First DataBank, Inc.,* No. 1:05-CV-11148 (D. Mass.) (pharmaceutical).

*Ferrell v. Wyeth-Ayerst Laboratories, Ltd.,* No. C-1-01-447 (S.D. Ohio).

*Giral v. Hoffman-LaRoche Ltd.*, C.A. No. 98 CA 7467 (W. Va. Cir. Ct., Kanawha County)(vitamins).

*Glaberson v. Comcast Corp.*, No. 03-6604 (E.D. Pa.) (cable).

*In re Buspirone Antitrust Litig.,* MDL No. 1413 (S.D.N.Y.) (pharmaceutical).

*In re Cardizem Antitrust Litig.,* 200 F.R.D. 326 (E.D. Mich.) (pharmaceutical).

*In re Compact Disc Minimum Price Antitrust Litig.,* MDL No. 1361 (D. Me.) (compact discs).

*In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663 Civil No. 04-5184 (D.N.J.) (insurance).

*In re Int'l Air Transportation Surcharge Antitrust Litig.,* No. M 06-1793, MDL No. 1793 (N.D. Cal.) (airline fuel surcharges).

*In re Monosodium Glutamate Antitrust Litig.,* D-0202-CV-0200306168, D-202-CV-200306168 (N.M. Dist. Ct., Bernalillo County) (MSG).

*In re Motorsports Merch. Antitrust Litig.,* No. 1:97-CV-2314-TWT (N.D. Ga.) (merchandise).

*In re Nasdaq Market-Makers Antitrust Litig.,* MDL No. 1023 (S.D.N.Y.) (securities).

*In re Pharm. Industry Average Wholesale Price Litig.,* No. CA:01-CV-12257, MDL No. 1456 (D. Mass.) (pharmaceutical).

*In re Toys "R" Us Antitrust Litig.,* No. CV-97-5750, MDL No. 1211, (E.D.N.Y.) (toys and other products).

*In re Western States Wholesale Natural Gas Antitrust Litig.,* No. CV-03-1431, MDL No. 1566, (D. Nev) (natural gas).

*Kelley Supply, Inc. v. Eastman Chem. Co.*, No. 99CV001528 (Wis. Cir. Ct., Dane County) (Sorbates).

*Ohio v. Bristol-Myers Squibb, Co.*, No. 1:02-cv-01080 (D.D.C.) (pharmaceutical).

*Raz v. Archer Daniels Midland Co., Inc.*, No. 96-CV-009729 (Wis. Cir. Ct. Milwaukee County) (citric acid).

CONSUMER AND PRODUCT LIABILITY

*Azizian v. Federated Department Stores, Inc.,* No. 4:03 CV-03359 (N.D. Cal.) (cosmetics).

*Baird v. Thomson Consumer Elecs.,* No. 00-L-000761 (Ill. Cir. Ct., Madison County) (television).

*Bonilla v. Trebol Motors Corp.,* No. 92-1795 (D.P.R.) (automobiles).

*Burch v. Am. Home Prods. Corp.,* No. 97-C-204 (1-11) (W. Va. Cir. Ct., Brooke County) (Fen Phen).

*Cosby v. Masonite Corp.,* No. CV-97-3408 (Ala. Cir. Ct. Mobile County) (siding product); *Quin v. Masonite Corp.,* No. CV-97-3313 (Ala. Cir. Ct. Mobile County) (roofing product).

*Cox v. Shell Oil Co.,* No. 18,844 (Tenn. Ch. Ct. Obion County) (polybutylene pipe).

*Daniel v. AON Corp.,* No. 99 CH 11893 (Ill. Cir. Ct. Cook County) (insurance).

*Fettke v. McDonald's Corp.,* No. 044109 (Cal. Super Ct. Marin County) (trans fatty acids).

*Florida v. Nine West Grp., Inc.,* No. 00 CIV 1707 (S.D.N.Y.) (shoes).

*Foothill/De Anza Cmty. College Dist. v. Northwest Pipe Co.,* No. 00-20749-JF (N.D. Cal.) (fire sprinklers).



*Galanti v. The Goodyear Tire & Rubber Co.,* No. 03-209 (D.N.J.) (radiant heating).

*Garza v. Sporting Goods Props., Inc.,* No. SA 93-CA-1082 (W.D. Tex.) (gun ammunition).

*Gov't Employees Hosp. Ass'n v. Serono Int'l,* No. 5-11935 (D. Mass.), and *Francis v. Serono Laboratories, Inc.,* No. 6-10613 (D. Mass.).

*Hoorman v. GlaxoSmithKline,* No. 04-L-715 (Ill. Cir. Ct., Madison Cty.) (Paxil pharmaceutical*).*

*In re Louisiana Pacific Corp. Inner Seal OSB Trade Practices Litig.,* MDL No. 1114 (N.D. Cal.) (oriented strand board).

*In re Tri-State Crematory Litig,* MDL 1467 (N.D. Ga.) (improper burial).

*Lebrilla v. Farmers Grp. Inc.,* No. 00-CC-07185 (Cal. Super. Ct., Orange County) (auto insurance).

*Lovelis v. Titflex,* No. 04-211 (Ark. Cir. Ct., Clark County) (gas transmission pipe).

*Naef v. Masonite Corp.,* No. CV-94-4033 (Ala. Cir. Ct. Mobile County) (hardboard siding product).

*Peterson v. BASF Corp.,* No. C2-97-295 (D. Minn.) (herbicide).

*Posey v. Dryvit Sys., Inc.* No. 17,715-IV (Tenn. Cir. Ct., Jefferson County) (EIFS stucco).

*Reiff v. Epson Am., Inc. and Latham v. Epson Am., Inc.,* J.C.C.P. No. 4347 (Cal. Super. Ct., L.A. County) (ink jet printers).

*Richison v. Weyerhaeuser Co. Ltd.,* No. 05532 (Cal. Super. Ct. San Joaquin County) (roofing product).

*Ruff v. Parex, Inc.,* No. 96-CvS 0059 (N.C. Super. Ct. Hanover County) (synthetic stucco product).

*Shah v. Re-Con Building Prods., Inc.,* No. C99-02919 (Cal. Super. Ct. Contra Costa County) (roofing product).

*Shields v. Bridgestone/Firestone, Inc., Bridgestone Corp.,* No. E-167.637 (D. Tex.) (tires).

*Smith v. Behr Process Corp.,* No. 98-2-00635 (Wash. Super. Ct., Gray Harbor County) (stain product).

*Weiner v. Cal-Shake, Inc.,* J.C.C.P. No. 4208 (Cal. Super. Ct., Contra Costa County) (roofing product).

*Wholesale Elec. Antitrust Cases I & II,* J.C.C.P. Nos. 4204 & 4205 (Cal. Super. Ct., San Diego County) (energy).

*Woosley v. California,* No. CA 000499 (Cal. Super. Ct., Los Angeles County) (automobiles).

## MASS TORT

*Ahearn v. Fibreboard Corp.,* No. 6:93cv526 (E.D. Tex); *Continental Casualty Co. v. Rudd*, No. 6:94cv458 (E.D. Tex) (asbestos injury).



*Backstrom v. The Methodist Hosp.,* No. H.-94-1877 (S.D. Tex.) (TMJ injury).

*Engle v. RJ Reynolds Tobacco Co.,* No. 94-08273 (Fla. Cir. Ct. Dade County) (tobacco injury).

*Georgine v. Amchem, Inc.,* No. 93-CV-0215 (E.D. Pa.) (asbestos).

### BANKRUPTCIES

*In re Armstrong World Indus., Inc.,* No. 00-4471 (Bankr. D. Del.) (asbestos).

*In re Dow Corning,* No. 95-20512 (Bankr. E.D. Mich.) (breast implants).

*In re Johns-Manville Corp.,* 68 B.R. 618, 626 (Bankr. S.D.N.Y.) (asbestos).

*In re Kaiser Aluminum Corp.,* No. 02-10429 (JFK) (Bankr. D. Del) (asbestos).

*In re Owens Corning,* No. 00-03837 (Bankr. D. Del.) (asbestos).

*In re Raytech Corp.,* No. 5-89-00293 (Bankr. D. Conn.) (asbestos).

*In re The Celotex Corp.,* Nos. 90-10016-8B1 and 90-10017-8B1 (Bankr. M.D. Fla.) (asbestos).

*In re U.S. Brass Corp.,* No.94-40823S (Bankr. E.D. Tex.) (polybutylene).

*In re USG Corp.,* Nos. 01-2094 - 01-2104 (Bankr. D. Del.) (asbestos).

*In re W.R. Grace & Co.,* No. 01-01139 (Bankr. D. Del.) (asbestos).

### INSURANCE

*McNeil v. American General Life and Accident Ins. Co.,* No. 8-99-1157 (M.D. Tenn.) (insurance).

*Nealy v. Woodmen of the World Life Ins. Co.,* No. 3:93 CV-536 (S.D. Miss.) (insurance).

### HOLOCAUST VICTIMS REPARATIONS

*In re Holocaust Victim Assets Litig.,* Nos. CV 96-4849, CV-5161 and CV 97-461 (E.D.N.Y.) (Holocaust).

The International Commission on Holocaust Era Insurance Claims Outreach.

### PENSION BENEFITS

*Collins v. Pension Benefit Guarantee Corp.,* No. 88-3406 (D.D.C.); Page v. Pension Benefit Guarantee Corp., No. 89-2997 (D.D.C.).

*Forbush v. J.C. Penney Co., Inc.,* Nos. 3:90-2719 and 3:92-0109 (N.D. Tex.).



### INTERNATIONAL

*Ahearn v. Fiberboard Corp.,* No. 6:93cv526 (E.D. Tex) and *Continental Casualty Co. v. Rudd,* No. 6:94cv458 (E.D. Tex.) (asbestos) (1993).

*Galanti v. The Goodyear Tire & Rubber Co.,* No. 03-209 (D.N.J.) (radiant heating) (2002).

*In re Holocaust Victims Assets Litig.,* No. CV 96-4849 (Consolidated with CV-5161 and CV 97461) (E.D.N.Y.) (2003).

*In re Owens Corning, Chapter 11,* No. 00-03837 (Bankr. D. Del.) (asbestos) (2006).

*In re The Celotex Corp., Chapter 11,* Nos. 90-10016-8B1 and 90-10017-8B1(Bankr. M.D. Fla.) (asbestos) (1996).

*In re USG Corp., Chapter 11,* Nos. 01-2094 through 01-2104 (Bankr. D. Del.) (asbestos) (2006).

*In re W.R. Grace & Co., Chapter 11,* No. 01-01139 (Bankr. D. Del.) (asbestos) (2001).

*In re Western Union Money Transfer Litig.,* No. 01 0335 (E.D.N.Y.) (wire transactions) (2004).

International Committee on Holocaust Era Insurance Claims (Holocaust) (1999).

### PRODUCT RECALL

Central Sprinkler Voluntary Omega Sprinkler Replacement Program (sprinkler heads).

*Hart v. Central Sprinkler Corp.,* No. BC17627 (Cal. Super. Ct. Los Angeles County) & *County of Santa Clara v. Central Sprinkler Corp.,* No. CV 17710119 (Cal. Super. Ct. Santa Clara County) (sprinkler heads).

### TELECOM

*Bidner, et al. v. LCI Int'l Telecom Corp d/b/a Qwest Communications.* No CO-00-242 (Minn. Dist. Ct., Sibley County).

*Cmty. Health Ass'n v. Lucent Technologies Inc.,* No. 99-C-237, (W.Va. Cir. Ct., Kanawha County) (product compliance).

*Cundiff v. Verizon California, Inc.,* No. 237806 (Cal. Super Ct., Los Angeles County) (rotary dial service).

*Kushner v. AT&T Corp.,* No. GIC 795315 (Cal. Super. Ct., San Diego County) (fees).

*Risha Enterprise v. Verizon New Jersey,* No. MID-L-8946-02 (N.J. Super. Ct.) (tariff rate).

*Sonnier v. Radiofone, Inc.,* No. 44-844, (L.A. Jud. Dist. Ct., Plaqueimes Parish County) (long distance promotion).



*State of Louisiana v. Sprint Communications Co., L.P.,* No. 26,334 (Jud. Dis. Ct., Parish of West Baton Rouge) and *Louisiana v. WilTel, Inc.,* No. 26,304 (Jud. Dis. Ct., Parish of West Baton Rouge)(fiber optics right of way).

Fiber-Optic Cable Rights of Way Settlements (Five statewide Notice Programs; Two national Notice Programs covering 36 states; see www.FiberOpticSettlements.com) (fiber-optic cable/rights of way).

OTHER

*Cobell v. Salazar,* No. 96-01285 (D.D.C.) (Individual Indian Money accounts).

*Dryer v. National Football League,* No. 9-02182 (D. Minn.) (publicity rights).

*In re Black Farmers Discrimination Litig.,* No. 08-511 (D.D.C.) (African American farm loans).

*In re National Football League Players' Concussion Injury Litig.,* No. 2:12-md-02323 (E.D. Pa.) (concussion injuries).

*Keepseagle v. Vilsack*, No. 99-03119 (D.D.C.) (Native American farm loans).

ARTICLES

Katherine Kinsella, *Ten Commandments of Class Action Notice*, Toxics Law Reporter, Sept. 24, 1997.

Katherine Kinsella, *Quantifying Notice Results in Class Actions – The Daubert/Kumho Mandate,* Class Action Litigation Report, July 27, 2001; Katherine Kinsella, *Quantifying Notice Results in Class Actions – The Daubert/Kumho Mandate*, United States Law Week, Aug. 7, 2001.

Katherine Kinsella, *The Plain Language Tool Kit for Class Action Notice*, Class Action Litigation Report, Oct. 25, 2002.

Katherine Kinsella, Maureen Gorman and Andrew Novak, *How Viable Is the Internet for Class Action Notice?,* Class Action Litigation Report, Mar. 25, 2005.

*Class Notice and Claims Administration*, Katherine Kinsella and Shannon Wheatman, The International Handbook on Private Enforcement of Competition Law, 2010.

*REALITY CHECK: The State of New Media Options for Class Action Notice*, Katherine Kinsella and Maureen Gorman, A Practitioner's Guide to Class Actions, 2010 and Class Action Litigation Report, February 26, 2010.

*International Class Action Notices*, Chapter 13, Katherine Kinsella and Shannon Wheatman, World Class Action: A Guide to Group and Representative Actions Around the Globe, August, 2012.

*Class Notice And Claims Administration*, Katherine Kinsella and Shannon Wheatman, Private



<u>Enforcement of Antitrust Law in the United States:  A Handbook</u>, 2012.

*Buyer Beware: Eight Pitfalls That Can Jeopardize Your Class Action Notice Program*, <u>Class Action Litigation Report</u>, July 12, 2013.

### SPEAKING

*Doing Business in the United States:  What You Need to Know About Investing, Product Liability and Dispute Resolution*, ABA, Beijing, China (April 19, 2012), "Litigation in the United States:  Class Actions & MDLs."

*The 13th Annual National Institute on Class Actions* (2009), "A Survival Guide for Today's Class Action Settlements."

*Women Antitrust Plaintiffs' Attorneys Networking Event* (August 28, 2009), "Class Action Notice and Claims Administration: Trends and Innovation."

*ABA National Class Actions Institute* (November 7, 2008), "'I Court Have Sworn It was CAFA, Not Kafka!' The Metamorphosis of Ethically Prosecuting, Defending, and Settling Multi-State, Class-Action Cases."

*The Future of Class Action Litigation in America* (October 25-26, 2007), "Solving Problems with Notice, Opt-Outs and Claims Procedures."

*Innovative Strategies for Defense of Class Action Suits* (February 9, 2006, "The Art of Drafting Class Action Notices Under the New Federal Plain English Rules."

*The Class Action Litigation Summit* (June 24-25 2004), "Effective Communication with Class Members and Notification Issues."

*The Future of Class Action Litigation in America* (October 2-3, 2003), "Communicating with Putative or Actual Class Members:  Rule 23(D) Orders and Ethical Issues, and Rule 23(B)(3) Notice Communications."

*The Class Action Litigation Summit* (June 26-27, 2003), "Communication with Class Members and Notification Issues."

*National Consumer Law Center Consumer Class Action Symposium* (2002), "Class Notices and Settlement Administration in the 21st Century."

*The 6th Annual National Institute on Class Actions* (2002), "Developments in the Settlement of Class Litigation."



*3rd Annual Class Action/Mass Tort Symposium* (October 25, 2002), "The 'Notice' Issue; How, Why, When and Quantifying Notice Results."

*The 5th Annual National Institute on Class Actions* (2001), "Developments in Class Action Settlements."

*The Fourth Annual National Institute on Class Actions* (2000), "Settlement of Class Actions: The Law, Mechanics and Ethics."

*ABA National Institute on Class Actions* (1999), "Settlement Techniques."

## COURT TESTIMONY & DEPOSITIONS
*Testimony*

*Ahearn v. Fibreboard Corp.,* No. 6:93 cv526 (E.D. Tex.); *Continental Casualty Co. v. Rudd*, No. 6:94-cv-458 (E.D. Tex.) (asbestos).

*Colgan v. Leatherman Tool Grp., Inc.,* No. BC247889; *Wilson v. Leatherman Tool Grp., Inc.,* No. BC278713 (Cal. Super. Ct. Los Angeles County) (product representation).

*Cox v. Shell Oil Co.,* No. 95-CV-2 (Tenn. Ch. Ct. Obion County) (polybutylene plumbing).

*In re Swan Transportation Co.,* No. 01-11690 (Bankr. D. Del.) (asbestos).

*In re USG Corp.,* Nos. 01-2094 - 01-2104 (Bankr. D. Del.) (asbestos).

*In re Specialty Prods. Holding Corp.,* No. 10-11780 (Bankr. D. Del.) (asbestos).

*In re Garlock Sealing Technologies LLC,* No. 10-31607 (Bankr. W.D.N.C.) (asbestos).

*Depositions*

*Ardoin v. Stine Lumber Co.,* No. 2001-004808, (La. 14th Jud. Dist. Ct. Calcasieu Parish) (pressure-treated wood).

*Donovan v. Philip Morris USA, Inc.,* No. 06-CA-12234 (D. Mass.) (tobacco).

*Engle v. RJ Reynolds Tobacco Co.,* No. 94-08273 (Fla. Cir. Ct. Dade County) (tobacco).

*Georgine v. Amchem*, 158 F.R.D. 314, 326 (E.D. Pa.) (asbestos).

*Gross v. Chrysler Corp.,* No. 061170 (Md. Cir. Ct. Montgomery County) (ad positioning).

*Harris v. Experian Info. Solutions, Inc.,* No. 6:06-CV-01808 (D.S.C.); *Harris v. Equifax Info. Servs. LLC,* No. 6:06-CV-01810 (D.S.C.) (Fair Credit Reporting Act).

*In re Bluetooth Headset Prods. Liab. Litig.*, No. 2:07-1822 (C.D. Cal.) (Bluetooth headset).



*In re Conagra Peanut Butter Prods. Liab. Litig.,* No. 1:07 -1845 (N.D. Ga.) (food contamination).

*In re Dow Corning,* No. 95-20512 (Bankr. E.D. Mich.).

*In re Nasdaq Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.) (securities).

*In re Pharm. Industry Average Wholesale Price Litig.*, No. 01-CV-12257, MDL No. 1456 (D. Mass.) (GlaxoSmithKline Settlement).

*In re W.R. Grace & Co.,* No. 01-01139 (Bankr. D. Del.) (asbestos).

*In re USG Corp.*, Nos. 01-2094 - 01-2104 (Bankr. D. Del.) (asbestos).

*In re Vioxx Litig.*, No. 619 (N.J. Super. Ct. Law Div.) (pharmaceutical).

*Schwab v. Philip Morris USA Inc.*, No. 04-CV-1945 (E.D.N.Y) (RICO tobacco).

*Solo v. Bausch & Lomb, Inc.*, MDL 1785 (D.S.C.) (product messaging).

*Vassilatos v. Del Monte Fresh Produce Co.,* No. 50 2004CA 004066 (Fla. Cir. Ct. Palm Beach County);

*Conroy v. Fresh Del Monte Produce, Inc.,* No. JCCP 4446 (Cal. Super. Ct. Alameda County) (pineapples).

### JUDICIAL COMMENTS

*Ahearn v. Fibreboard Corp.*, No. 6:93 cv526 (E.D. Tex.); *Continental Casualty Co. v. Rudd*, No. 6:94cv458 (E.D. Tex.).
In approving the notice plan for implementation in the Ahearn and Rudd class actions in 1994, Judge Parker stated, "I have reviewed the plan of dissemination, and I have compared them to my knowledge at least of similar cases, the notices that Judge Weinstein has worked with [Agent Orange] and Judge Pointer [Silicon Gel Breast Implants], and it appears to be clearly superior." -  Chief Judge Robert M. Parker (1994)

*Azizian v. Federated Department Stores, Inc.,* No. 3:03 CV-03359  (N.D. Cal.).
"The notice was reasonable and the best notice practicable under the circumstances; was due, adequate and sufficient notice to all class members; and complied fully with the laws of the United States and of the Federal Rules for Civil Procedure, due process and any other applicable rules of court." - Hon. Sandra Brown Armstrong  (2004)

*Cobell v. Salazar,* No. 1:96CV01285 (D.D.C.)
"I have never seen, and I handled the largest price-fixing case in the history of the United States, the In re: Vitamins case, notice to the extent sent out in this case, . . . .   I allowed them to provide notice in every possible way, including personally going out and visiting all of the affected tribal areas.  It is just not a letter from Washington. It is a tremendous effort that was undergone, both by the plaintiffs principally and some by the government, to not only give notice but to explain what happened . . . .



There is just no question that this was covered in all of the local papers constantly. It was covered in all of the local advertising outlets. It was hard to miss.  As a side note, I go to Montana two or three times a year, and you could not miss….  I have already found that there is extensive and extraordinary notice here. We even had a notice expert retained in how to do it properly." - Hon. Thomas F. Hogan (June 2011)

"Notice met and in many cases exceeded the requirements of F.R.C.P. 23(c)(2) for classes certified under F.R.C.P. 23(b)(1), (b)(2) and (b)(3). The best notice practicable has been provided class members, including individual notice where members could be identified through reasonable effort.  The contents of that notice are stated in plain, easily understood language and satisfy all requirements of F.R.C.P. 23(c)(2)(B)." - Hon. Thomas F. Hogan (July 2011)

*Collins v. Pension Benefit Guarantee Corp.,* No. 88-3406 (D.D.C.).
"The notice provided was the best notice practicable under the circumstances.  Indeed, the record shows that the notice given was consistent with the highest standards of compliance with Rule 23(e)." – Hon. Richard Roberts (1996)

*Cox v. Microsoft Corp.*, No. 105193/00 (N.Y. Sup. Ct. N.Y. County).
"The court finds that the combination of individual mailing, e-mail, website and publication notice in this action is the most effective and best notice practicable under all the circumstances, constitutes due, adequate and reasonable notice to all Class members and otherwise satisfies the requirements of CPLR 904, 908 and other applicable rules.  The Settlement meets the due process requirement for class actions by providing Class members an opportunity either to be heard and participate in the litigation or to remove themselves from the Class." - Hon. Karla Moskowitz  (2006)

*Cox v. Shell Oil Co.,* No. 95-CV-2 (Tenn. Ch. Ct. Obion County)
In the order approving the settlement of the polybutylene pipe class action, Chancellor Maloan stated, "The Court finds the notice program is excellent.  As specified in the findings below, the evidence supports the conclusion that the notice program is one of the most comprehensive class notice campaigns ever undertaken." – Hon. W. Michael Maloan (1995)

*Dick v. Sprint*, No. 12-cv-00443 (W.D. Ky.)
"In sum, the notice in the case at bar is adequate under Fed. R. Civ. P. 23 and the standards of due process.  It was directed in reasonable manner to all prospective class members who would be bound by the Settlement Agreement.  Moreover, it fairly apprised the prospective class members of the terms of the proposed Settlement Agreement and their options with respect to their decision whether to join the class." - Hon. Thomas B. Russell  (2014)

*Foothill/De Anza Cmty. College District v. Northwest Pipe Co.*, No. CV-00-20749 (N.D. Cal.)
"The Court finds that the settling parties undertook a thorough and extensive notice campaign designed by Kinsella/Novak Communications, Ltd., a nationally-recognized expert in this specialized field.  The Court finds and concludes that the Notice Program as designed and implemented provides



the best practicable notice to the Class, and satisfied requirements of due process." - Hon. Jeremy Fogel (2004)

*Galanti v. The Goodyear Tire & Rubber Co.*, No. 03-209 (D.N.J.)
"The published notice, direct notice and Internet posting constituted the best practicable notice of the Fairness Hearing, the proposed Amended Agreement, Class Counsels' application for fees, expenses and costs, and other matters set forth in the Class Notice and the Summary Notice.  The notice constituted valid, due and sufficient notice to all members of the Settlement Classes, and complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, the laws of New Jersey and any other applicable law."- Hon. Stanley R. Chesler   (2004)

*Georgine v. Amchem,* 158 F.R.D. 314, 326 (E.D. Pa.).
Judge Reed explained that the notice program developed by Kinsella "goes beyond that provided in [previous cases]" and "the efforts here are more than adequate to meet the requirements of Rule 23(c)(2)." – Hon. Lowell A. Reed, Jr. (1993)

*Higgins v. Archer-Daniels Midland Co.,* Second Judicial District Court, County of Bernalillo C-202-CV-200306168 (N.M. 2d Jud. Dist. Bernalillo County)
"The Court finds that the form and method of notice given to the Settlement Class, including both mailed notice to persons and firms for whom such notice was practical and extensive notice by publication through multiple national and specialized publications, complied with the requirements of Rule 1-023 NMRA 2006, satisfied the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice of the Settlement Agreements and their Final Approval Hearing, and other matters referred to in the Notice.  The notice given to the Settlement Class was reasonably calculated under the circumstances to inform them of the pendency of the actions involved in this case, of all material elements of the proposed Settlements, and of their opportunity to exclude themselves from, object to, or comment on the Settlements and to appear at the Final Approval Hearing." - Hon. William F. Lang  (2006)

*In re Comcast Corp. Peer-to-Peer (P2P) Transmission Contract Litig.*, MDL 1992, No. 2:08-MD-1992 (E.D. Pa.)
"The notice program here was extensive and wide reaching."

"The Court finds that the form, substance, manner and timing of the notice to the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement constituted the best notice practicable under the circumstances and satisfied the requirements of due process, Federal Rules of Civil Procedure, and any other applicable law or requirement." - Hon. Legrome D. Davis  (2010)

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361 (D. Me.).
In approving the notice plan for implementation in the Compact Disc Minimum Advertised Price Antitrust Litigation, Judge D. Brock Hornby stated, "(the plan) provided the best practicable notice



under the circumstances and complied with the requirements of both 15 U.S.C. 15c(b) (1) . . . the notice distribution was excellently designed, reasonably calculated to reach potential class members, and ultimately highly successful in doing so." - Hon. D. Brock Hornby  (2002/2003)

*In re Flonase Antitrust Litig.,* No. 08-3301 (E.D. Pa.)
"The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Settlement Class whom the parties were able to identify through reasonable efforts. The Court finds that Notice was also given by publication in multiple publications as set forth in the Declarations of Daniel Coggeshall and Katherine Kinsella dated May 1, 2013. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law."- Hon. Anita B. Brody (2013)

*In re Int'l Air Transportation Surcharge Antitrust Litig.,* No. M 06-1793, MDL No. 1793 (N.D. Cal.).
In approving the notice plan in this litigation that involved a proposed settlement of more than $200 million for U.S. and U.K. class members, U.S. District Judge Charles Breyer repeatedly praised KNC: "I think the notice is remarkable in this case. . . . This is brilliant.  This is the best notice I've seen since I've been on the bench. . . . Turning back to the settlement, again I want to applaud the parties for the notice.  I mean it's amazing.  You know, it really is good.  And I don't know where this person practices, I don't even know that she's a lawyer.  But she really did a good job on this announcement, this notice.  So thank you very much. . . . And I once again want to express my sincere appreciation of the notice.  I mean, I was just extraordinarily impressed.  Extraordinarily impressed." - Hon. Charles Breyer  (2008)

*In re Jamster Mktg. Litig.,* MDL 1751, No. 05-cv-0819
"Based on the Motion for Final Approval, the Court finds that the distribution of the Notice and Claim Form were materially implemented to all Class Members in accordance with Federal Rule of Civil Procedure 23(c)(2)(B), with the terms of the Settlement Agreement and the Preliminary Approval Order." - Hon. Jeffrey T. Miller (2010)

*In re Lawn Mower Engine Horsepower Mktg. & Sales Litig.,* No. 2:08-md-01999 (E.D. Wis.)
"The form, content and manner of notice disseminated to the Class was the best notice practicable under the circumstances, included individual notice to all members of the Class identified through reasonable effort, and constituted due and sufficient notice of the proposed settlement, Settlement Hearing, and related matters. The Notice Plan complied with the Order of Preliminary Approval, the requirements of Fed. R. Civ. P. 23(c) and (e), and applicable standards of due process. Appropriate proof of the mailing of the Postcard Notice and the publication of the Summary Notice has been filed with the Court." - Hon. Lynn Aderman (2010)

*In re M3Power Razor System Mktg. & Sales,* No. 05-11177, MDL No. 1704 (D. Mass.)
"The form, content, and method of dissemination of the notice give to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Amended Settlement Agreement, and those proceedings to all Persons



entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process." - Hon. Douglas Woodlock (2011)

*In re Municipal Derivatives Antitrust Litig.,* No. 08 Civ. 2516, MDL No. 1950 (S.D.N.Y.)
"This notice program fully complied with Fed. R. Civ. P. 23 and the requirements of due process. It provided due and adequate notice to the Class." - Hon. Victor Marrero (2011)

*In re National Football League Players' Concussion Injury Litig.,* No. 2:12-md-02323 (E.D. Pa.)
"The content of the Long-Form Notice and Summary Notice satisfy the requirements of Rule 23 and due process. Each was written in plain and straightforward language.... The purpose of the one-page Summary Notice is...to alert Class Members to the suit and direct them to more detailed information. The Summary Notice does exactly that.... [The Long-Form Notice] repeatedly instructs readers to sources that can answer their questions. Like the Summary Notice, the Long-Form Notice contains a banner at the bottom of each page directing those with "Questions?" to call a toll-free support number or visit the Settlement Website.... The Settlement Class Notice clearly described of the terms of the Settlement and the rights of Class Members to opt out or object. [The] notice program ensured that these materials reached those with an interest in the litigation." – Hon. Anita B. Brody (2015)

*In re Pre-filled Propane Tank Mktg. & Sales Practices Litig.,* MDL No. 2086, No. 09-2086 (W.D. Mo.)
"Counsel verified that the mailing, publication, and affixed notices conformed to the preliminary approval Order. The Court finds that the notice program fully complied with Rule 23 of the Federal Rule of Civil Procedure and the requirements of due process, providing to the Class the best notice practicable under the circumstances." - Hon. Gary A. Fenner (2010)

*In re The Celotex Corp.,* Nos. 90-10016-8B1 and 90-10017-8B1 (Bankr. M.D. Fla.).
"...all counsel should be complimented on the fact that they have gone to every possible conceivable method of giving notice from putting it on TV and advertising it in papers..... the record should also reflect the Court's appreciation to Ms. Kinsella for all the work she's done, not only in pure noticing, but ensuring that what noticing we did was done correctly and professionally." - Hon. Thomas E. Baynes, Jr. (1996)

*In re Western States Wholesale Natural Gas Antitrust Litig.,* No. CV-03-1431, MDL No. 1566, (D. Nev) (natural gas).
"This notice program fully complied with Federal Rule of Civil Procedure 23 and the requirements of due process. It provided to the MDL Class the best notice practicable under the circumstances." - Hon. Philip M. Pro (2007*)*

*Johns-Manville Corp.* 68 B.R. 618, 626 (Bankr. S.D.N.Y. 1986), aff'd, 78 B.R. 407 (S.D.N.Y. 1987), aff'd sub nom. *Kane v. Johns-Manville Corp.* 843 F.2d. 636 (2d Cir. 1988).
In approving the notification plan in the Johns-Manville Bankruptcy Reorganization, the court referred to it as "an extensive campaign designed to provide the maximum amount of publicity ... that was reasonable to expect of man and media." - Hon. Burton Lifland  (1996/1998)



*Keepseagle v. Vilsack*, No. 99–3119 (D.D.C.)
"I'm not going to review in detail the exhaustive notice plan created and implemented by Plaintiffs' counsel at this time. For those interested, I invite you to examine the several motions on the docket relating to notice with affidavits from Kinsella Media, who class counsel have hired as Notice Administrators." - Hon. Emmet G. Sullivan (2011)

"In my view, the notice program was excellent and it persuades the Court that the parties worked extremely hard to notify the entire class about the settlement so that as many class members as possible can obtain monetary and other relief under the settlement." - Hon. Emmet G. Sullivan (2011)

*Lovelis v. Titeflex Corp.,* No. CIV-2004-211 (Ark. 9th Cir. Ct. Clark Co.)
"Accordingly, the Notice as disseminated is finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendency of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the Notice campaign described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and United States Constitutions. The Court further finds that the Notice campaign undertaken concisely and clearly states in plain, easily understood language:
(a.)    the nature of the action;
(b.)    the definition of the class certified;
(c.)    the class claims, issues or defenses;
(d.)    that a Class Member may enter an appearance and participate in person or through counsel if the member so desires;
(e.)    that the Court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and
(f.)    the binding effect of the Final Order and Judgment on Class Members."
Hon. John A. Thomas  (2007)

*Naef v. Masonite Corp.*, No. CV-94-4033 (Ala. Cir. Ct. Mobile County)
"In November, 1997, the Court approved a massive Notice Program to apprise class members of the class action Settlement, including the individually mailed, notices, publication notice and notification by way of other avenues nationally and locally. This Notice Program was designed by recognized experts, approved by the mediator and the Court, and implemented diligently by the parties, at defendants' cost. It provided the best notice practicable to the Class, comports with due process, and was clearly adequate under Alabama Rule of Civil Procedure 23(e), the United States Constitution, and other applicable law." - Hon. Robert G. Kendall (1997)

*Yarrington v. Solvay Pharm., Inc.*, No. 09-CV-2261 (D. Minn.)
"Kinsella Media, LLC designed a comprehensive program for providing notice to the Settlement Class, which was approved by the Court on September 18, 2009. It was fully implemented in accordance with the Court's Order." - Hon. Richard H. Kyle (2010)



### EDUCATION AND EXPERIENCE

*Education*

BA and MA from Simmons College, Boston, MA

*Related Experience*

Senior Vice President, The Kamber Group
Washington, DC
1981 - 1993

Prior to establishing her own business, Kinsella was Senior Vice President and Director of Marketing and Advertising for The Kamber Group -- the largest independently owned communications company in Washington, D.C.  In that capacity, she handled national advertising, direct mail and marketing clients.

During her twelve years at The Kamber Group, she also served as Director of the Public Affairs Division, which included the firm's public relations, marketing, corporate communications and advertising operations.

Advertising and marketing clients included: American Federation of Government Employees, American Satellite Company, American University, Amnesty International, Consumers United Insurance Company, Diabetes Research Institute, Human Rights Campaign Fund, Huntsman Chemical Company, National Association of Homebuilders, National Cooperative Bank, National Education Association, PEPCO, Polystyrene Packaging Council, United Food and Commercial Workers, Union Labor Life Insurance company, US Committee for UNICEF, World Resources Institute.

### SUPPLEMENTARY BACKGROUND

Kinsella is a former board member of Children of the Americas, a former Trustee of the Washington International School and a past president of the board of Co-op America, a progressive non-profit marketing association she helped found.

Ms. Kinsella is also experienced in small book publishing and marketing and was the associate producer of a documentary film that aired internationally.  Earlier in her career, she directed a lecture and performing arts agency in Boston representing such speakers as author Tom Wolfe, Peter Jennings and Dr. Margaret Mead.

