UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: Dkt. No. 1672 _____/ | MDL No. 2672 CRB  (JSC) **ORDER DENYING RONALD CLARK FLESHMAN JR.'S MOTION TO INTERVENE** |

The Court preliminarily approved the Amended Consumer Class Action Settlement Agreement ("Settlement") on July 26, 2016.  (Dkt. No. 1688; *see* Dkt. No. 1698.)  The day before, Ronald Clark Fleshman Jr. moved to intervene as a matter of right to object to the Settlement on behalf of Virginia class members.  (Dkt. No. 1672.)  Pursuant to Federal Rule of Civil Procedure 78 and Civil Local Rule 7-1(b), the Court **VACATES** the August 26, 2016 hearing.  Having considered the parties' arguments and the relevant legal authority, the Court **DENIES** Fleshman's Motion to Intervene.  Fleshman does not need to intervene to object to the Settlement; he may do so in accordance with the terms of the Settlement.

## BACKGROUND

Between 2009 and 2015, Volkswagen sold consumers nearly 500,000 Volkswagen- and Audi-branded turbocharged direct injection ("TDI") diesel engine vehicles that were secretly installed with a defeat device—software designed to cheat federal and state emissions regulations and test procedures.  After Volkswagen's use of the defeat device became publicly known, consumers nationwide filed hundreds of lawsuits, including numerous putative class actions.  Those lawsuits were transferred to this Court in the above-captioned multi-district litigation.  (*See* Dkt. No. 1.)

On behalf of consumers, Court-appointed Lead Plaintiffs' Counsel and Plaintiffs' Steering Committee ("PSC") filed a Consolidated Consumer Class Action Complaint ("Class Action Complaint") on February 22, 2016 (Dkt. No. 1230) and a proposed Consumer Class Action Settlement Agreement on June 28, 2016 (Dkt. No. 1606). They subsequently filed a proposed Amended Consumer Class Action Settlement Agreement (Dkt. No. 1685), which the Court preliminarily approved (Dkt. No. 1698).

Fleshman owns a 2012 diesel-engine Volkswagen Jetta. Dkt. No. 1673-1. In April 2016, he sued VWGoA in the Circuit Court of Fairfax County, Virginia and asserted claims arising out of Volkswagen's use of the defeat device (the "Virginia action"). (Dkt. No. 1673 at 1; *see* Dkt. No. 1673-1.) He brings his claims under (1) the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code Ann. § 59.1-207.9; (2) the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196, et seq.; (3) and fraud, public nuisance, and unjust enrichment. (*Id.* ¶¶ 48-64.) Fleshman also seeks rescission and temporary and permanent injunctive relief. (*Id.* ¶¶ 39-45.)

**LEGAL STANDARD**

In a class action context, courts may allow class members "to intervene and present claims or defenses, or to otherwise come into the action." Fed. R. Civ. P. 23(d)(B)(iii). Intervention of right exists where (1) a federal statute gives the movant an unconditional right to intervene, or (2) the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2). To prevail on a motion for intervention of right, the movant must demonstrate

> (1) it has a significant protectable interest relating to the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent its interest.

*Peruta v. Cty. of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016) (internal citation omitted). Courts "evaluating whether Rule 24(a)(2)'s requirements are met . . . normally follow practical and equitable considerations and construe the Rule broadly in favor of proposed intervenors."

*Wilderness Soc. v. United States Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (internal quotation marks and citation omitted). Despite this liberal construction, "it is incumbent on the party seeking to intervene to show that all the requirements for intervention have been met." *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (internal quotation marks and brackets omitted). "Failure to satisfy any one of the requirements is fatal to the application[.]" *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

**DISCUSSION**

**A.   Significant Protectable Interest**

"To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, 159 F.3d at 410 (9th Cir. 1998) (citation omitted).

Fleshman argues that he has a protectable interest in this action because if he is not allowed to intervene in this action, the Court will improperly adjudicate his and other Virginia class members' claims even though those claims are under a Virginia state court's exclusive jurisdiction. (Dkt. No. 1672 at 8.) His argument is premised on the "prior exclusive jurisdiction" doctrine which "holds that 'when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)), *certified question answered sub nom. Chapman v. Deutsche Bank Nat'l Trust Co.*, 129 Nev. Adv. Op. 34, 302 P.3d 1103 (2013). Fleshman's assertion fails.

First, the prior exclusive jurisdiction doctrine applies when the parallel state and federal actions are *in rem* or *quasi in rem*. *Id.* at 1044. "If either action is *in personam*, then the prior exclusive jurisdiction doctrine will not apply." *Id.* at 1044 n.3. Both the MDL and the Virginia action are *in personam*, as Fleshman and Plaintiffs seek judgments against Volkswagen for damages and injunctive relief. *See Shaffer v. Heitner*, 433 U.S. 186, 199 (1977) ("If a court's

3

jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated 'in personam' and can impose a personal obligation on the defendant in favor of the plaintiff."). In contrast, "a proceeding in rem is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants[.]" *Pennoyer v. Neff*, 95 U.S. 714, 734 (1877); *see* Black's Law Dictionary (10th ed. 2014) (defining an *in rem* action as one "[i]nvolving or determining the status of a thing, and therefore the rights of persons generally with respect to that thing").

There are four types of *in rem* actions: "[a]n admiralty libel in rem; a proceeding in which a thing is forfeited to the government; a title clearance or registration proceeding; and a proceeding to settle an estate, such as probate or a final accounting and discharge of a trustee or administrator." Restatement (Second) of Judgments § 6 (1982) cmt. b. Neither the MDL Consolidated Class Action nor the Virginia action fall into any of these categories. There is no res over which a court may exercise jurisdiction, as the disposition of Fleshman's vehicle is not at issue. There is no evidence the Virginia state court or any other government entity has seized Fleshman's vehicle, and Fleshman raises no other issues concerning his vehicle's possession or title. *See Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 84 (1992) ("[I]t long has been understood that a valid seizure of the res is a prerequisite to the initiation of an in rem civil forfeiture proceeding."). Neither action is part of a proceeding to settle an estate. *See Glass v. Police Jury of Par. of Concordia*, 176 U.S. 207, 210 (1900) ("[P]roceeding in settlement of estates in probate courts are in themselves proceedings in rem[.]"). And, at the risk of stating the obvious, these are not admiralty actions.

Second, even if the Virginia action and the MDL Consolidated Class Action were *in rem* proceedings, the prior exclusive jurisdiction doctrine would still not apply. Under the prior exclusive jurisdiction doctrine, "the court *first* acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction." *Kline v. Burke Const. Co.*, 260 U.S. 226, 235 (1922) (emphasis added). Thus, "[t]he doctrine of prior exclusive jurisdiction applies to a federal court's jurisdiction over property only if a state court has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate, concurrent proceeding." *Sexton v.*

4

*NDEX W., LLC*, 713 F.3d 533, 537 (9th Cir. 2013) (emphasis added); *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) ("It has been held . . . the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts."). The MDL Consolidated Consumer Class Action precedes Fleshman's Virginia action. Plaintiffs filed their Class Action Complaint in February 2016; Fleshman did not initiate his action until April 2016. As such, if the prior exclusive jurisdiction doctrine applied, it would deprive the Virginia state court, not this Court, of jurisdiction over Fleshman's claims.

Even though Fleshman's prior exclusive jurisdiction argument is meritless, he is a member of the settlement class and therefore does have a significant protectable interest in the Consumer Class Action. *See Glass v. UBS Fin. Servs., Inc.*, 2007 WL 474936, at *2 (N.D. Cal. Jan. 17, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) ("As [the putative intervenor] is a member of the . . . class, he has a significant protectable interest relating to the subject of the instant action." (*citing In re Cmty. Bank of N. Va. Mortg. Loan Litig.*, 418 F.3d 277, 314 (3d Cir. 2005)); *Cohorst v. BRE Props., Inc.*, 2011 WL 3489781, at *4 (S.D. Cal. July 19, 2011), *report and recommendation adopted*, 2011 WL 3475274 (S.D. Cal. Aug. 5, 2011) ("[S]ince [the putative intervenor] is a class member there is no dispute that she has a significant protectable interest relating to the property or transaction that is the subject of this action. As a class member she has a clear relationship between her claims and those of the class."). Moreover, both Fleshman and Plaintiffs assert claims under the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196 et seq., for violations during the same time period. This overlap is further evidence that Fleshman has a significant protectable interest in the Consumer Class Action. *See Munoz v. PHH Corp.*, 2013 WL 3935054, at *12 (E.D. Cal. July 29, 2013) ("Plaintiffs' [first amended complaint] alleges claims that span a class period encompassing [the putative intervenor's] claims. These claims provide a significant protectable interest relating to the subject of the instant action." (citing *UBS Fin. Servs., Inc.*, 2007 WL 474936, at *2)).

Thus, while the prior exclusive jurisdiction doctrine does not divest the Court of jurisdiction over his claims, Fleshman still has a significant protectable interest because he is a class member.

### B.     Practical Impairment of Fleshman's Ability to Protect His Interests

Fleshman fails to show that the Settlement impairs his ability to protect his interests. "[A] prospective intervenor 'has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Wilderness Soc.*, 630 F.3d at 1179 (quoting *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). But "intervention of right does not require an absolute certainty that a party's interests will be impaired[.]" *Citizens for Balanced Use*, 647 F.3d at 900; *see* Fed. R. Civ. P. 24(a)(2) (requiring intervention where, in part, "disposing of the action *may* as a practical matter impair or impede the movant's ability to protect its interest . . . ." (emphasis added)). That said, a putative intervenor's rights may be affected but not necessarily impaired if it has other means to protect them. *Cal. ex rel. Lockyer*, 450 F.3d at 442 (citing *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)).

Fleshman may opt out of the Settlement and litigate his claims independently, or he may instead object to it. These options adequately protect his interests. *See Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *6 (N.D. Cal. Apr. 23, 2014), *objections overruled*, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014) (If putative intervenors are class members, they "do have means to protect their interests. That is, they may object to the settlement during the hearings on motions for preliminary or final approval, or they may opt out of the class and pursue their claims separately."); *Hofstetter v. Chase Home Fin., LLC*, 2011 WL 5415073, at *2 (N.D. Cal. Nov. 8, 2011) ("[The putative intervenor] had an opportunity to opt out of the [class action] settlement after he read the release of claims printed in the settlement notice. This opportunity adequately safeguarded his rights and interests." (citing *Cal. ex rel. Lockyer*, 450 F.3d at 442.)). Thus, he has not made the showing required for intervention of right.

Fleshman may not object on behalf of all Virginia class members. Objecting to a settlement is an individual right that Fleshman cannot usurp from others. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998). In fact,

> [t]here is no class action rule, statute, or case that allows a putative class plaintiff or counsel to exercise class rights en masse, either by making a class-wide objection or by attempting to effect a group-

> wide exclusion from an existing class. Indeed, to do so would infringe on the due process rights of the individual class members, who have the right to intelligently and individually choose whether to continue in a suit as class members.

*Id.* (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–77 (1974)).  Virginia class members can evaluate the Settlement and decide for themselves if they should participate, object, or opt out.  Fleshman cannot choose for them.

Because there is no practical impairment of Fleshman's ability to protect his interests, the Court need not consider the remaining Rule 24(a) requirements.  *See Perry*, 587 F.3d at 950.

## CONCLUSION

Fleshman fails to show the Consumer Class Action and the Settlement practically impair his interests; he therefore does not meet the requirements of intervention of right.  Accordingly, the Court **DENIES** the Motion to Intervene.  In any event, Fleshman does not need to intervene to object to the Settlement.  If he does not opt out of the Settlement, the Court will consider his objections provided he submits them by September 16, 2016 as is required of all other class members.

**IT IS SO ORDERED.**

Dated: August 17, 2016

CHARLES R. BREYER
United States District Judge