UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: ALL ACTIONS (except the securities action) _____/ | MDL No. 2672 CRB  (JSC) **ORDER RE: MOTIONS TO FILE UNDER SEAL** |

    This multidistrict litigation arises out of Volkswagen's alleged use of a defeat device—software designed to evade emissions regulations and deceive federal and state authorities—in its vehicles.  Plaintiffs now seek to seal portions of their Amended Consolidated Consumer Class Action Complaint, Second Amended Consolidated Reseller Dealership Class Action Complaint, and Second Amended Consolidated Competitor Dealership Class Action Complaint (collectively, "Amended Complaints") that quote and rely on information found in documents Volkswagen designated as "CONFIDENTIAL" under the terms of the parties' the Stipulated Protective Order.  (Dkt. No. 1740; *see* Dkt. No. 1255.)  There are two categories of documents: (1) documents implicating Robert Bosch GmbH and Robert Bosch LLC (collectively, "Bosch") and (2) documents containing some German language content which Volkswagen has not yet reviewed or de-designated.  (Dkt. No. 1740 at 1.)

    In accordance with Local Civil rule 79-5(e), Plaintiffs served a copy of the Amended Complaints on Volkswagen.  (Dkt. No. 1741.)  Volkswagen did not file a declaration regarding the German-language documents.  Bosch, however, filed its own Motion to File under Seal and Response to Plaintiffs' Motion.  (Dkt. No. 1754.)  Having considered the parties' arguments and the relevant legal authority, the Court issues the following order.

**LEGAL STANDARD**

Courts recognize that the public has a right to access judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)).

As such, a party who seeks to seal a dispositive motion must overcome "this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons exist, for instance, when court documents may "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks omitted). The compelling reasons standard requires the moving party to identify "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure[.]" *Id.* at 1178-79 (internal quotation marks and citation omitted). The court must then weigh "'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The "compelling reasons" standard applies fully to dispositive pleadings because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* But "the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678. With non-dispositive documents, "the usual presumption of the public's right of access is rebutted," *Kamakana*, 447 F.3d at 1179, as those materials "are often unrelated, or only tangentially related, to the underlying cause of action," *Pintos*, 605 F.3d at 678. Thus, a party seeking to seal non-dispositive materials "need only satisfy the less exacting 'good cause' standard" derived from Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety*, 809

1 F.3d at 1097; *see* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to
2 protect a party or person . . . ."). The good cause standard requires the moving party to show, "for
3 each particular document it seeks to protect, . . . that specific prejudice or harm will result" if the
4 court does not issue a protective order. *Foltz*, 331 F.3d at 1130. "If a court finds particularized
5 harm will result from disclosure of information to the public, then it balances the public and
6 private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd*
7 *v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

8 Additionally, Local Civil Rule 79-5 governs motions to file documents under seal in this
9 District. The rule permits sealing only where the party "establishes that the document, or portions
10 thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the
11 law." Civil L.R. 79-5(b). Furthermore, "[t]he request must be narrowly tailored to seek sealing
12 only of sealable material[.]" *Id.* If the moving party "seek[s] to file under seal a document
13 designated as confidential by the opposing party or a non-party pursuant to a protective order, or a
14 document containing information so designated by an opposing party or a non-party . . . the
15 Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that
16 all of the designated material is sealable." Civil L.R. 79-5(e).

## DISCUSSION

18 The compelling reasons standard applies to requests to seal portions of a complaint. *See In*
19 *re NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("[A]
20 request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and
21 not the 'good cause' standard. While a complaint is not, per se, the actual pleading by which a suit
22 may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be
23 disposed of."); *see also Rieckborn v. Velti PLC*, 2014 WL 4964313, at *2 (N.D. Cal. Oct. 3, 2014)
24 (collecting cases and noting "courts in this District making sealing determinations treat a
25 complaint as a dispositive motion.").

26 **A.   References to Documents Implicating Bosch**

27 The Court **GRANTS** Bosch's Motion. Bosch seeks to redact only the names, job titles,
28 and other identifying information of 38 Bosch employees; it does not seek the redaction of Bosch

3

1  Chief Executive Officer and Defendant Volkmar Denner.  (Dkt. No. 1754 at 1-2.)  Sealing is
2  appropriate.  There is a compelling reason for sealing, namely, the disclosure of the non-party
3  employees' names would infringe on those individuals' privacy rights.  *See Hunt v. Cont'l Cas.*
4  *Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing third parties' names where such
5  information "implicates important privacy concerns of nonparties—whose names are not relevant
6  to the disposition of this case—that outweigh the public's interest in disclosure of these judicial
7  records"); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015
8  WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of [former, nonparty employees'
9  identities] would infringe the privacy rights of those two individuals, which constitutes a
10 compelling reason for sealing."); *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal.
11 Apr. 27, 2012) ("Employees and former employees who are not parties to this litigation have
12 privacy interests in their personnel information, and in other sensitive identifying information[.]").
13 Sealing the employees' job titles is also necessary where the job title can identify the employee.
14 Moreover, there is minimal public interest in this information; the public can still access Plaintiffs'
15 allegations regarding Bosch's involvement in the implementation of the defeat device.  The names
16 and job titles of the individuals involved are irrelevant.  Bosch's request is also narrowly tailored
17 as it seeks to redact only the employees' names and job titles and nothing more.  *See* Civil L.R.
18 79-5(b).

### B. References to German Language Documents

Volkswagen did not file a responsive declaration stating why the portions of the Amended Complaints that quote and rely on documents with German language content are sealable.  Absent compelling reasons for maintaining that information under seal, the Court **DENIES** Plaintiffs' Motion to File Under Seal as to the documents with German language content.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Bosch's Motion to File under Seal and **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to File under Seal.

 1. On or before **September 6, 2016**, Bosch shall provide Plaintiffs with the Amended Complaints narrowly redacted in accordance with this Order, that is,

*United States District Court*
*Northern District of California*

1  redacted to remove the names, job titles, and other identifying information of the
2  non-party Bosch employees.
3     2.   Plaintiffs shall file the new versions of the Amended Complaints on the
4  public docket on or before **September 8, 2016**.
5  This Order disposes of Docket Nos. 1740 and 1754.

**IT IS SO ORDERED.**

Dated: August 24, 2016

CHARLES R. BREYER
United States District Judge