JONATHAN COHEN, DC Bar 483454; jcohen2@ftc.gov
MICHELLE L. SCHAEFER, DC Bar 478773; mschaefer@ftc.gov
SANGJOON "SIMON" HAN, DC Bar 998971; shan@ftc.gov
MEGAN A. BARTLEY, VA Bar 81840; mbartley@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-9528
Washington, DC 20580
(202) 326-2551 (Cohen); -3515 (Schaefer);
-2495 (Han); -3424 (Bartley); -3197 (fax)

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS (except securities actions) | MDL DOCKET NO. 2672 CRB (JSC)<br><br>**FEDERAL TRADE COMMISSION'S STATEMENT SUPPORTING THE SETTLEMENT**<br><br>The Honorable Charles R. Breyer |

The Federal Trade Commission strongly supports the proposed $10 billion 2.0L "Clean Diesel" settlement, which fully compensates victims of Volkswagen's unprecedented deception. However, because the FTC's calculations differ from the private plaintiffs' and because the difference has engendered some consumer confusion, the FTC submits this statement explaining its view of why the $10 billion settlement is appropriate.

To be made whole, consumers must receive full compensation for their vehicles' full retail value and all other losses caused by Volkswagen's deception. Full compensation has to be sufficient for consumers to replace their vehicle. Because almost all consumers have to do so on the retail market, the FTC started its calculations with the National Association of Auto Dealers ("NADA") Clean *Retail* value for his or her vehicle before the scandal broke —"what a person

could reasonably pay for a vehicle [in good condition] at a dealer's lot."[1] The Commission then added all other losses consumers incurred, and would incur, because of Volkswagen's deception, including the "shoe leather" cost of shopping for a new car, sales taxes and registration, the value of the lost opportunity to drive an environmentally-friendly vehicle, and the additional amount "Clean Diesel" consumers paid for a vehicle feature (clean emissions) that Volkswagen falsely advertised.

The proposed private settlement provides the same generous, but appropriate, compensation to each consumer as the FTC Order. Unfortunately, the fact that it starts its calculation with the pre-scandal NADA Clean *Trade* value has caused confusion.[2] Nonetheless, using various adjustments to significantly increase payments above Clean Trade, the proposed private settlement provides the same appropriate, generous compensation as the FTC's settlement package. Accordingly, the proposed private settlement is clearly in the public interest. Indeed, if it were not, the FTC would never have approved the same amounts in its settlement. *See, e.g., United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990) (explaining that deference is appropriate "where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement") (citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987) (discussing need for judicial deference "to the agency's determination that the settlement is appropriate"); *State of California Dep't of Toxic Substances Control v. Waymire Drum Co.*, No. C-98-03834, 1999 WL 169536, *2 (N.D. Cal. Mar. 19, 1999) (quoting *Cannons*; "The

---

[1] *See* www.nada.com/b2b/support/glossary.aspx (viewed Aug. 13, 2016). The NADA Guide (J.D. Power) is not the only source of retail price information. In other cases, other sources might be appropriate.

[2] Clean Trade, standing alone, cannot provide sufficient funds for consumers to replace their current vehicles with comparable cars. A dealer cannot offer consumers the *retail* price for a trade-in vehicle, account for overhead, and then resell it (at the retail price) and make a profit. Thus, retail values always exceed trade-in values.

In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation, MDL No. 2672
FTC STATEMENT SUPPORTING THE SETTLEMENT
- 2 -

presumption in favor of settlement is particularly strong where a consent decree has been negotiated by a governmental agency specially equipped, trained, or oriented in the field.").

Dated: August 26, 2016

Respectfully Submitted,

Jonathan Cohen (jcohen2@ftc.gov)
Michelle L. Schaeffer (mschaefer@ftc.gov)
Sangjoon "Simon" Han (shan@ftc.gov)
Megan A. Bartley (mbartley@ftc.gov)
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-9528
Washington, DC 20580
(202) 326-2551 (Cohen); -3515 (Schaefer); -2495 (Han); -3424 (Bartley); -3197 (fax)

*Attorneys for Plaintiff Federal Trade Commission*

In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation, MDL No. 2672
FTC STATEMENT SUPPORTING THE SETTLEMENT

- 3 -

## CERTIFICATE OF SERVICE

I, Jonathan Cohen, hereby certify that on August 26, 2016, I caused to be served true copies of the foregoing by electronic means, by filing such documents through the Court's Electronic Case Filing System.

Jonathan Cohen (jcohen2@ftc.gov)
Attorney for Plaintiff
Federal Trade Commission

In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation, MDL No. 2672
FTC STATEMENT SUPPORTING THE SETTLEMENT

- 4 -