KAMALA D. HARRIS
Attorney General of California
NICKLAS A. AKERS (SBN 211222)
SALLY MAGNANI (SBN 161677)
Senior Assistant Attorneys General
JUDITH A. FIORENTINI  (SBN 201747)
DAVID A. ZONANA (SBN 196029)
Supervising Deputy Attorneys General
AMOS E. HARTSTON (SBN 186471)
WILLIAM R. PLETCHER (SBN 212664)
JON F. WORM (SBN 248260)
ELIZABETH B. RUMSEY (SBN 257908)
Deputy Attorneys General
  600 West Broadway, Suite 1800
  San Diego, CA  92101
  Telephone:  (619) 738-9325
  Fax:  (619) 645-2271
  E-mail:  jon.worm@doj.ca.gov
*Attorneys for the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | Case No. 3:16-CV-03620 |
| Plaintiff, | **PARTIAL CONSENT DECREE** |
| v. | |
| **VOLKSWAGEN AG,  VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS LLC, AUDI AG, DR. ING. H.C. F. PORSCHE AG, and PORSCHE CARS NORTH AMERICA, INC.** | |
| Defendants. | |

1

**WHEREAS**, Plaintiff the People of the State of California ("the People") acting by and through Kamala D. Harris, Attorney General of the State of California ("the California Attorney General") and the California Air Resources Board ("CARB") filed a complaint (the "California Complaint") in this action on or about June 28, 2016, against Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations LLC, and Audi AG (collectively, "Volkswagen" or the "Volkswagen Parties"), and Dr. Ing. h.c. F. Porsche AG, and Porsche Cars North America, Inc. (together "Porsche" or the "Porsche Parties") (Volkswagen and Porsche together, "Defendants"), alleging in relevant part that Volkswagen and Porsche violated California Business and Professions Code sections 17200, 17500, and 17580.5, and 12 USC § 5531 *et seq*. in connection with the marketing and sale of certain diesel vehicles (the "Unfair Competition Claims").

**WHEREAS**, the Unfair Competition Claims will be partially resolved through the entry of the proposed Partial Consent Decree (the "DOJ Consent Decree") between and among the United States Department of Justice, the United States Environmental Protection Agency (the "EPA"), the People, by and through CARB and the California Attorney General, and Volkswagen;

**WHEREAS**, Volkswagen, Porsche and the People, by and through the California Attorney General (collectively the "Parties"), have agreed to resolve certain remaining aspects of the Unfair Competition Claims without the need for litigation;

**WHEREAS,** except as expressly provided in this Consent Decree (the "Consent Decree" or the "Decree"), nothing in this Consent Decree shall constitute an admission of any fact or law by any Party, including as to any factual or legal assertion set forth in the California Complaint, except for the purpose of enforcing the terms or conditions set forth herein;

**WHEREAS**, the Parties recognize, and the Court by entering this Consent Decree finds,

2

that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties regarding the Unfair Competition Claims, and that this Consent Decree is fair, reasonable, and in the public interest; and

**WHEREAS**, various settlement documents have been filed in this Multidistrict Litigation ("MDL") proceeding along with this Consent Decree, namely:  the DOJ Consent Decree, the Plaintiffs' Steering Committee's proposed Consumer Class Action Settlement Agreement and Release ("Class Action Settlement"); and the Federal Trade Commission's proposed Partial Stipulated Order for Permanent Injunction and Monetary Judgment ("FTC Order").

**NOW, THEREFORE**, before the taking of any testimony, without the adjudication of any issue of fact or law, and with the consent of the Parties, **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** as follows:

## I.        JURISDICTION AND VENUE

1.        The Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1355, and over the Parties to the extent limited by this paragraph. Venue lies in this District pursuant to 28 U.S.C. § 1407 and the MDL Panel's Transfer Order, dated December 8, 2015, and filed in this MDL action as Dkt. # 1.  The Court has supplemental jurisdiction over the People's state law claims pursuant to 28 U.S.C. § 1367. Volkswagen and Porsche consent to the Court's jurisdiction over entry of this Consent Decree and over any action against Volkswagen or Porsche to enforce this Consent Decree, and consent to venue in this judicial district for such purposes.  Volkswagen and Porsche reserve the right to challenge and oppose any claims to jurisdiction that do not arise from the Court's jurisdiction over this Consent Decree or an action to enforce this Consent Decree.

2.        Solely for purposes of this Consent Decree, without admission of any legal or factual assertion set forth in the California Complaint, and without prejudice to their ability

to contest the legal sufficiency or merits of a complaint in any other proceeding, Volkswagen and Porsche do not contest that the California Complaint states claims upon which relief may be granted pursuant to California Business and Professions Code Sections 17200, 17500, and 17580.5, and 12 USC § 5531 *et seq*.

## II.   <u>APPLICABILITY</u>

3.      The obligations of this Consent Decree apply to and are binding upon the California Attorney General, the State of California, and upon Volkswagen and Porsche, as applicable, and any of their respective successors, assigns, or other entities or persons otherwise bound by law.

4.      a.      In the event of the insolvency of any Volkswagen Party or the failure by any Volkswagen Party to implement any requirement of this Consent Decree, the remaining Volkswagen Parties to this Consent Decree shall complete all such requirements.

b.      In the event of the insolvency of any Porsche Party or the failure by any Porsche Party to implement any requirement of this Consent Decree, the remaining Porsche Parties to this Consent Decree shall complete all such requirements.

5.      Volkswagen shall include an agreement to remain responsible for the performance obligations hereunder in the terms of any sale, acquisition, merger or other transaction changing the ownership or control of Volkswagen, and no change in the ownership or control of Volkswagen shall affect the obligations hereunder of Volkswagen without the written agreement of the California Attorney General or modification of this Consent Decree.

6.      Porsche shall include an agreement to remain responsible for the performance obligations hereunder in the terms of any sale, acquisition, merger or other transaction changing the ownership or control of Porsche, and no change in the ownership or control of Porsche shall affect the obligations hereunder of Porsche without the written

agreement of the California Attorney General or modification of this Consent Decree.

7.     Volkswagen and Porsche shall provide a copy of this Consent Decree to the members of their respective Board of Management and/or Board of Directors and their executives whose duties might reasonably include compliance with any provision of this Decree.  Defendants shall condition any contract providing for work required under this Consent Decree to be performed in conformity with the terms thereof.  Defendants shall also ensure that any contractors, agents, and employees whose duties might reasonably include compliance with any provision of the Decree are made aware of those requirements of the Decree relevant to their performance.

8.     In any action to enforce this Consent Decree, Volkswagen and Porsche shall not raise as a defense the failure by any of their respective officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

### III.     DEFINITIONS

9.     For purposes of this Consent Decree:

"2.0 Liter Subject Vehicles" means each and every light duty diesel vehicle equipped with a 2.0 liter TDI engine that Volkswagen sold, leased or offered for sale or lease in, introduced or delivered for introduction into commerce in, or imported into the United States or its Territories, and that is or was purported to have been covered by the following U.S. Environmental Protection Agency ("EPA") Test Groups:

| Model Year | EPA Test Group | Vehicle Make and Model(s) |
|---|---|---|
| 2009 | 9VWXV02.035N | VW Jetta, VW Jetta Sportwagen |
| 2009 | 9VWXV02.0U5N | VW Jetta, VW Jetta Sportwagen |
| 2010 | AVWXV02.0U5N | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2011 | BVWXV02.0U5N | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2012 | CVWXV02.0U5N | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2012 | CVWXV02.0U4S | VW Passat |

| 2013 | DVWXV02.0U5N | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
|------|--------------|------------------------------------------------------------------------------------|
| 2013 | DVWXV02.0U4S | VW Passat |
| 2014 | EVWXV02.0U5N | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen |
| 2014 | EVWXV02.0U4S | VW Passat |
| 2015 | FVGAV02.0VAL | VW Beetle, VW Beetle Convertible, VW Golf, VW Golf Sportwagen, VW Jetta, VW Passat, Audi A3 |

"3.0 Liter Subject Vehicles" means each and every model year 2009 to 2016 light duty diesel vehicle equipped with a 3.0 liter TDI engine that Volkswagen or Porsche sold, leased or offered for sale or lease in, introduced or delivered for introduction into commerce, or imported into the United States or its Territories, and that is or was purported to have been covered by the following EPA Test Groups:

| Model Year | EPA Test Group | Vehicle Make and Model(s) |
|------------|----------------|---------------------------|
| 2009 | 9ADXT03.03LD | VW Touareg, Audi Q7 |
| 2010 | AADXT03.03LD | VW Touareg, Audi Q7 |
| 2011 | BADXT03.03UG | Audi Q7 |
| 2011 | BADXT03.02UG | VW Touareg |
| 2012 | CADXT03.03UG | Audi Q7 |
| 2012 | CADXT03.02UG | VW Touareg |
| 2013 | DADXT03.03UG | Audi Q7 |
| 2013 | DADXT03.02UG | VW Touareg |
| 2014 | EADXT03.03UG | Audi Q7 |
| 2014 | EADXT03.02UG | VW Touareg |
| 2015 | FVGAT03.0NU3 | Audi Q7 |
| 2014 | EADXJ03.04UG | Audi A6, Audi A7, Audi A8, Audi A8L, and Audi Q5 |
| 2015 | FVGAJ03.0NU4 | Audi A6, Audi A7, Audi A8, Audi A8L, and Audi Q5 |
| 2015 | FVGAT03.0NU2 | VW Touareg |
| 2016 | GVGAJ03.0NU4 | Audi A6 Quattro, Audi A7 Quattro, Audi A8, Audi A8L, and Audi Q5 |
| 2016 | GVGAT03.0NU2 | VW Touareg |
| 2013 | DPRXT03.0CDD | Porsche Cayenne |
| 2014 | EPRXT03.0CDD | Porsche Cayenne |
| 2015 | FPRXT03.0CDD | Porsche Cayenne |
| 2016 | GPRXT03.0CDD | Porsche Cayenne |

6

"Covered Conduct" means any and all acts or omissions, including all communications, occurring up to and including the effective date of this Consent Decree, relating to: (a) the design, installation, presence, or failure to disclose any Defeat Device in any Subject Vehicle; (b) the marketing or advertisement of any Subject Vehicle as green, clean, environmentally friendly (or similar such terms), and/or compliant with California or federal emissions standards, including the marketing, advertisement, offering for sale, sale, offering for lease, lease, or distribution of any Subject Vehicles without disclosing the design, installation or presence of a Defeat Device.

"Defeat Device" means (a) "an auxiliary emission control device (AECD) that reduces the effectiveness of the emission control system under conditions which may reasonably be expected to be encountered in normal vehicle operation and use, unless:  (1) Such conditions are substantially included in the Federal emission test procedure; (2) The need for the AECD is justified in terms of protecting the vehicle against damage or accident; (3) The AECD does not go beyond the requirements of engine starting; [or (4) The AECD applies only for emergency vehicles[.]]"  40 C.F.R. § 86.1803-01, or (b) "any part or component intended for use with, or as part of, any motor vehicle or motor vehicle engine, where a principal effect of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a motor vehicle or motor vehicle engine in compliance with [the Emission Standards for Moving Sources section of the Clean Air Act], and where the person knows or should know that such part or component is being offered for sale or installed for such use or put to such use," 42 U.S.C. § 7552(a)(3)(B).

"Subject Vehicles" means the 2.0 Liter Subject Vehicles and 3.0 Liter Subject Vehicles.

## IV.  INJUNCTIVE PROVISIONS

10.    Volkswagen and Porsche are permanently restrained and enjoined from advertising, marketing, offering for sale, selling, offering for lease, leasing, or distributing, or

assisting others in the advertising, marketing, offering for sale, selling, offering for lease,

leasing, or distributing in California any vehicle that contains a Defeat Device. *Provided,*

*however*, that in any jurisdiction other than California that has a different definition of a defeat

device, or substantially similar device, for the purposes of this provision, that definition shall

govern.

11.     Under Business and Professions Code §§ 17203 and 17535, Volkswagen

and Porsche, and Volkswagen's and Porsche's officers, agents, employees, and attorneys, and

all other persons in active concert or participation with any of them, who receive actual notice

of this Consent Decree, whether acting directly or indirectly, are permanently enjoined from,

expressly or by implication, including through the use of a product name, endorsement,

depiction, or illustration, materially:

> i.     Misrepresenting that a vehicle has low emissions, lower
>
> emissions than other vehicles, or a specific level(s) of emissions;
>
> ii.    Misrepresenting that the vehicle is environmentally friendly,
>
> eco-friendly, green, or words of similar import;
>
> iii.   Misrepresenting that the vehicle complies with any United
>
> States or California emissions standard;
>
> iv.    With respect to environmental or engineering attributes,
>
> misrepresenting the degree to which the vehicle maintains its resale value,
>
> comparative resale value, or any specific resale value;
>
> v.     Failing to affirmatively disclose the existence of a Defeat
>
> Device in advertising or marketing concerning a vehicle, where such vehicle
>
> contains a Defeat Device;
>
> vi.    Providing to others the means and instrumentalities with

8

which to make any representation prohibited by this Consent Decree;

vii.    Engaging in acts or practices that violate California Business and Professions Code section 17200;

viii.    Engaging in acts or practices that violate California Business and Professions Code section 17500;

ix.    Engaging in acts or practices that violate California Business and Professions Code section 17580.5;

x.    Making any false or misleading statement, or falsifying any test or data, in or in connection with an application or other submission to CARB or to any other California state agency;

xi.    Failing to affirmatively disclose the existence of an AECD in any application to, submission to, or communication with CARB, where such AECD has not previously been disclosed in writing to CARB;

xii.    Failing to promptly notify CARB and the California Attorney General when it has reason to believe that a Defeat Device has been included in a vehicle sold or offered for sale or distribution in California;

xiii.    Other than with respect to the Covered Conduct concerning the Subject Vehicles, failing to promptly notify CARB and the California Attorney General when it receives a whistleblower or other report or complaint: (a) regarding any false or misleading statement, or the falsification of any test or data, in or in connection with an application or other submission to CARB or to any other California state agency; or (b) regarding the inclusion of a Defeat Device in a vehicle sold or offered for sale or distribution in California; or failing to maintain a mechanism for receiving such reports or

9

complaints;

xiv.   Failing to adopt policies and procedures requiring employees and contractors providing, or performing work related to, engine control unit hardware or software to promptly notify CARB and the California Attorney General when they have reason to believe that a Defeat Device has been included in, designed for, or requested for a vehicle sold or offered, or intended to be sold or offered, for sale or distribution in California;

xv.   Failing to adopt policies and procedures requiring employees and contractors under their direction or control creating or modifying engine control unit software intended for inclusion in a vehicle sold, or offered or intended to be sold or offered, for sale or distribution in California and that is anticipated to be the subject of any filing with CARB to (a) disclose, in the documentation for the software, for; and to (b) maintain a change log of, any feature that is known or reasonably should be known to detect emissions testing or function as an AECD; and

xvi.   Failing to comply with any injunctive terms obtained by the People acting by and through CARB, by CARB, by the United States, or by the Federal Trade Commission in this or a related action concerning the Subject Vehicles, but only to the extent that the aforementioned injunctive terms apply to the specific Subject Vehicles or specific Defendant.

12.   Volkswagen shall not engage in any misrepresentations, deceptive acts or unfair practices prohibited by the DOJ Consent Decree or the FTC Order.

13.   Except as otherwise specified in this Consent Decree, if Volkswagen or Porsche reasonably believes it has violated or that it may violate any requirement of this

10

PARTIAL CONSENT DECREE

Consent Decree, Volkswagen or Porsche shall notify the California Attorney General of such violation and its likely duration, in a written report submitted within 10 business days after the date Volkswagen or Porsche first reasonably believes that a violation has occurred or may occur, with an explanation of the likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.

14.      Volkswagen shall, within six months of the entry of this Consent Decree, and every year thereafter for a period of five years, provide the California Attorney General with a written report regarding the measures that it has implemented to promote compliance with the requirements of the requirements of this Section IV, along with its assessment of the effectiveness of those measures.

15.      Nothing in this Consent Decree alters the requirements of federal or state law to the extent they offer greater protection to consumers or to the environment.

## V.      MONETARY PROVISIONS

16.      Volkswagen shall pay to the California Attorney General a total aggregate amount of $86,000,000, made up of the following amounts:

a.      $76,000,000 to be paid directly to the California Attorney General and used by the California Attorney General to defray costs of the investigation and litigation leading to this Partial Consent Decree, and for the California Attorney General's enforcement of consumer protection and environmental laws, at the sole discretion of the California Attorney General.  These funds shall be additional to, and not a replacement for, funds currently available to the Attorney General for these purposes;

b.      $10,000,000 to be paid directly to the California Attorney General and used by the California Attorney General to provide funding in the form of

PARTIAL CONSENT DECREE

grants to California state or local agencies, or California public or non-profit colleges or universities, for study, research, development and/or the acquisition and use of technology in the following areas: (a) detection of Defeat Devices; (b) on-road vehicle emissions testing; (c) modeling and monitoring of vehicle emissions and air quality impacts in California; or (d) public health and environmental impacts of vehicle emissions in California (including without limitation impacts on environmental justice communities, children, and other vulnerable populations). These funds shall be disbursed as grants at the sole discretion of the California Attorney General following an application and selection process that shall be established in her sole discretion.  No more than 20% of the funds shall go to a single recipient agency, college or university, and grant funds shall augment, and not supplant or cause any reduction in, the recipient's budget.  Funds not used for that purpose within five years of entry of this Consent Decree shall be used as described in paragraph 16(a), above.

17.	Payments required to be made pursuant this Consent Decree shall be made within thirty (30) calendar days of the date of entry, payable by wire transfer to the California Attorney General's Office pursuant to instructions provided by the California Attorney General's Office.

**VI.	EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS**

18.	Subject to paragraphs 20 and 21 below, Volkswagen's and Porsche's agreement to satisfy all the requirements of this Consent Decree shall resolve and settle all of the People's Unfair Competition Claims, as well as all potentially applicable civil claims under California Business and Professions Code sections 17200, 17500, and 17580.5, and 12 USC § 5531*et seq.*, or under any other consumer protection, unfair trade and deceptive acts and

practices laws, as well as common law or equity (collectively "Consumer Protection Laws"), including claims brought in the California Attorney General's sovereign enforcement capacity, that the People made or could have made against Volkswagen or Porsche arising from or relating to the Covered Conduct concerning the Subject Vehicles.

19.     In consideration of Volkswagen's and Porsche's agreement to satisfy all of the requirements of this Consent Decree:

a.  The California Attorney General releases Volkswagen, Porsche, their respective direct or indirect parents and subsidiaries, and any of Volkswagen's, Porsche's or their respective direct or indirect parents' or subsidiaries' present or former directors, officers, employees, and dealers ("Released Parties") from all civil claims that were brought or could be brought by the California Attorney General under Consumer Protection Laws arising from or related to the Covered Conduct concerning the Subject Vehicles, including (i) for penalties, fines, restitution or other monetary payments to the People; and (ii) for restitution or other monetary payments to consumers.

b.  To the extent that any claims released herein are duplicative of claims to be released, settled or resolved by The People under the DOJ Consent Decree, such claims are not released unless or until the DOJ Consent Decree has been approved and entered by the Court.

20.     The California Attorney General reserves, and this Consent Decree is without prejudice to, all claims, rights and remedies against Volkswagen, Porsche or the Released Parties, and Volkswagen and Porsche reserve, and this Consent Decree is without prejudice to, all defenses of Volkswagen, Porsche or the Released Parties, with respect to:

a.     All civil claims unrelated to the Covered Conduct;

13

b.      Any criminal liability;

c.      Any claims for violation of securities laws;

d.      Any claims for violations of the environmental protection provisions of the California Health and Safety Code and implementing regulations;

e.      Any claim(s) of CARB, including claims that may be asserted by or on behalf of CARB that may be brought in the name of CARB or in the name of the People of the State of California on behalf of CARB, or claims of any other officer or agency of the State of California, other than the California Attorney General;

f.      Any claims that were brought or could be brought by the California Attorney General:

i.      Requiring Defendants to take action to buy back, recall, or modify the 3.0 Liter Subject Vehicles;

ii.      Requiring Settling Defendants to make payments to owners and lessees of the 3.0 Liter Subject Vehicles;

iii.      Requiring Settling Defendants to mitigate the environmental harm associated with the 3.0 Liter Subject Vehicles;

iv.      Requiring relief to consumers, including claims for restitution, refunds, rescission, damages and disgorgement, related to the 3.0 Liter Subject vehicles; or

v.      Related to the presence of a Defeat Device or undisclosed AECD in a Subject Vehicle after that vehicle has received an approved emissions modification under the terms of the DOJ Consent Decree or a counterpart judgment or settlement regarding 3.0 Liter Subject Vehicles.

21.      This Consent Decree, including the release set forth in paragraph 18, does

not modify, abrogate or otherwise limit the injunctive and other relief to be provided by Volkswagen under, nor any other right or obligation of any party or person under, the Class Action Settlement, the DOJ Consent Decree, or the FTC Order.

22.     By entering into this Consent Decree, the California Attorney General is not enforcing the laws of other countries, including the emissions laws or regulations of any jurisdiction outside the United States.  Nothing in this Consent Decree is intended to apply to, or affect, Volkswagen's or Porsche's obligations under the laws or regulations of any jurisdiction outside the United States.  At the same time, the laws and regulations of other countries shall not affect Volkswagen's or Porsche's obligations under this Consent Decree.

23.     This Consent Decree shall not be construed to limit the rights of the California Attorney General to obtain penalties or injunctive relief, except as specifically provided in paragraph 18.  The California Attorney General further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at any of Volkswagen's or Porsche's facilities, or posed by Subject Vehicles, whether related to the violations addressed in this Consent Decree or otherwise.

24.     In any subsequent judicial proceeding initiated by the California Attorney General for injunctive relief, civil penalties, or other relief, Volkswagen and Porsche shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the California Attorney General in the subsequent proceeding were or should have been brought in the instant case, except with respect to the claims that have been specifically released pursuant to paragraph 18.

25.     This Consent Decree is not a permit, or a modification of any permit, under

any federal, State, or local laws or regulations.  Volkswagen and Porsche are each responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Volkswagen's or Porsche's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.  The California Attorney General does not, by her consent to the entry of this Consent Decree, warrant or aver in any manner that Volkswagen's or Porsche's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Air Act, or with any other provisions of United States, State, or local laws, regulations, or permits.

26.     Nothing in this Consent Decree releases any private rights of action asserted by entities or persons not releasing claims under this Consent Decree, nor does this Consent Decree limit any defense available to Volkswagen or Porsche in any such action.

27.     This Consent Decree does not limit or affect the rights of Volkswagen or Porsche or of the California Attorney General against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Volkswagen or Porsche, except as otherwise provided by law.

28.     Except for persons or entities released under paragraph 18, this Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.  Except for persons or entities released under paragraph 18, no third party shall be entitled to enforce any aspect of this Consent Decree or claim any legal or equitable injury for a violation of this Consent Decree.

29.     Nothing in this Consent Decree shall be construed as a waiver or limitation of any defense or cause of action otherwise available to Volkswagen or Porsche in any action.  This Agreement is made without trial or adjudication of any issue of fact or law or finding of

16

liability of any kind.

## VII.    NOTICES

30.    Except as specified elsewhere in this Consent Decree, whenever any notification, or other communication is required by this Consent Decree, or whenever any communication is required in any action or proceeding related to or bearing upon this Consent Decree or the rights or obligations thereunder, it shall be made in writing (except that if any attachment is voluminous, it shall be provided on a disk, hard drive, or other equivalent successor technology), and shall be addressed as follows:

As to the California Attorney General:      Senior Assistant Attorney General
                                           Consumer Law Section
                                           California Department of Justice
                                           455 Golden Gate Ave., Suite 11000
                                           San Francisco, CA 94102-7004

As to Volkswagen AG:                        Volkswagen AG
                                           Berliner Ring 2
                                           38440 Wolfsburg, Germany
                                           Attention:  Company Secretary

                                           With copies to each of the following:

                                           Volkswagen AG
                                           Berliner Ring 2
                                           38440 Wolfsburg, Germany
                                           Attention:  Group General Counsel

                                           Volkswagen Group of
                                           America, Inc.
                                           2200 Ferdinand Porsche Dr.
                                           Herndon, VA 20171
                                           Attention:  U.S. General Counsel

As to Audi AG:                              Audi AG
                                           Auto-Union-Straße 1
                                           85045 Ingolstadt, Germany
                                           Attention:  Company Secretary

                                           With copies to each of the following:

17

1

2
Volkswagen AG
Berliner Ring 2
3
38440 Wolfsburg, Germany
Attention:  Group General Counsel
4

5
Volkswagen Group of
America, Inc.
6
2200 Ferdinand Porsche Dr.
7
Herndon, VA 20171
Attention:  U.S. General Counsel
8

As to Volkswagen Group of
9
America, Inc.:                              Volkswagen Group of
America, Inc.
10
2200 Ferdinand Porsche Dr.
11
Herndon, VA 20171
Attention:  Company Secretary
12

13
With copies to each of the following:

14
Volkswagen Group of
America, Inc.
15
2200 Ferdinand Porsche Dr.
16
Herndon, VA 20171
Attention:  President

17
Volkswagen Group of
18
America, Inc.
2200 Ferdinand Porsche Dr.
19
Herndon, VA 20171
Attention:  U.S. General Counsel
20

As to Volkswagen Group of America
21
Chattanooga Operations, LLC:        Volkswagen Group of America
Chattanooga Operations, LLC
22
8001 Volkswagen Dr.
23
Chattanooga, TN 37416
Attention:  Company Secretary
24

25
With copies to each of the following:

26
Volkswagen Group of
America, Inc.
27
2200 Ferdinand Porsche Dr.
Herndon, VA 20171
28
Attention:  President

18

|  | Volkswagen Group of |
|---|---|
|  | America, Inc. |
|  | 2200 Ferdinand Porsche Dr. |
|  | Herndon, VA 20171 |
|  | Attention:  U.S. General Counsel |

As to Dr. Ing. h.c. F. Porsche AG:    Dr.Ing.h.c.F. Porsche Aktiengesellschaft
Porscheplatz 1, D-70435 Stuttgart
Attention:
GR/ Rechtsabteilung/ General Counsel

As to Porsche Cars North America, Inc.:    Porsche Cars North America, Inc.
1 Porsche Dr.
Atlanta, GA   30354
Attention:  Secretary
With copy by email to offsecy@porsche.us

As to one or more of the Volkswagen
Parties:    Robert J. Giuffra, Jr.
Sharon L. Nelles
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

As to one or more of the Porsche
Parties:    Granta Nakayama
King & Spalding LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006

31.    Any party may, by written notice to the other parties, change its designated notice recipient or notice address provided above.

## VIII.   RETENTION OF JURISDICTION

32.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, or effectuating or enforcing compliance with the terms of this Decree.

3:16-CV-03620                        PARTIAL CONSENT DECREE

## IX.   SIGNATORIES/SERVICE

33.     Each undersigned representative of Volkswagen, Porsche and the California Attorney General certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.  The California Attorney General represents that she has the authority to execute this Consent Decree on behalf of the State of California and that, upon entry, this Consent Decree is a binding obligation enforceable against California under applicable law.

34.   This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  For purposes of this Consent Decree, a signature page that is transmitted electronically (*e.g.*, by facsimile or e-mailed "PDF") shall have the same effect as an original.

## X.   INTEGRATION

35.   This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein, with the exception of the DOJ Consent Decree.  Other than deliverables that are subsequently submitted and approved pursuant to this Consent Decree, the Parties acknowledge that there are no documents, representations, inducements, agreements, understandings or promises that constitute any part of this Consent Decree or the settlement it represents other than those expressly contained or referenced in this Consent Decree.

## XI.   FINAL JUDGMENT

36.   Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the California Attorney General and the Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


_____
UNITED STATES DISTRICT JUDGE

FOR THE PEOPLE OF THE STATE OF CALIFORNIA:

KAMALA D. HARRIS
Attorney General of California
NICKLAS A. AKERS
SALLY MAGNANI
Senior Assistant Attorneys General
JUDITH A. FIORENTINI
DAVID A. ZONANA
Supervising Deputy Attorneys General
AMOS E. HARTSTON
WILLIAM R. PLETCHER
JON F. WORM
ELIZABETH B. RUMSEY
Deputy Attorneys General

Dated: _____July 5_____, 2016

NICKLAS A. AKERS
Senior Assistant Attorney General
*Attorneys for the*
*People of the State of California*

1   FOR VOLKSWAGEN AG:

2

3

4   Dated: _____, 2016

MANFRED DOESS
VOLKSWAGEN AG
P.O. Box 1849
D-38436 Wolfsburg, Germany

5

6

7

8

9   Dated: _____, 2016

10

ROBERT J. GIUFFRA, JR.
SHARON L. NELLES
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3358
giuffrar@sullcrom.com
nelless@sullcrom.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARTIAL CONSENT DECREE

1   FOR VOLKSWAGEN AG:

2

3

4   Dated: _____, 2016

5                              MANFRED DOESS

6                              VOLKSWAGEN AG
                                  P.O. Box 1849

7                              D-38436 Wolfsburg, Germany

8

9   Dated: ___July 5___, 2016

10                             ROBERT J. GIUFFRA, JR.

11                            SHARON L. NELLES
                              SULLIVAN & CROMWELL LLP

12                            125 Broad Street
                            New York, New York 10004

13                            Telephone: (212) 558-4000
                            Facsimile: (212) 558-3358

14                            giuffrar@sullcrom.com
                            nelless@sullcrom.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

FOR AUDI AG:

Dated: _____, 2016

_____
MANFRED DOESS
VOLKSWAGEN AG
P.O. Box 1849
D-38436 Wolfsburg, Germany

Dated: _____, 2016

_____
ROBERT J. GIUFFRA, JR.
SHARON L. NELLES
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3358
giuffrar@sullcrom.com
nelless@sullcrom.com

23

1   FOR AUDI AG:

2

3

4   Dated: _____, 2016

5                                                    _____
    MANFRED DOESS
6   VOLKSWAGEN AG
    P.O. Box 1849
    D-38436 Wolfsburg, Germany

7

8

9   Dated: _July 5_____, 2016

10                                                   _____
    ROBERT J. GIUFFRA, JR.
11  SHARON L. NELLES
    SULLIVAN & CROMWELL LLP
12  125 Broad Street
    New York, New York 10004
13  Telephone: (212) 558-4000
    Facsimile: (212) 558-3358
14  giuffrar@sullcrom.com
    nelless@sullcrom.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                2

1

FOR VOLKSWAGEN GROUP OF AMERICA, INC.:

2

3

4   Dated: July 5, , 2016

5                                             DAVID DETWEILER
                                              VOLKSWAGEN GROUP OF AMERICA, INC.
6                                             2200 Ferdinand Porsche Drive
                                              Herndon, Virginia 20171
7

8

9   Dated: July 5 . 2016

10                                            ROBERT J. GIUFFRA, JR.
                                              SHARON L. NELLES
11                                            SULLIVAN & CROMWELL LLP
                                              125 Broad Street
12                                            New York, New York 10004
                                              Telephone: (212) 558-4000
13                                            Facsimile: (212) 558-3358
                                              giuffrar@sullcrom.com
14                                            nelless@sullcrom.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:16-CV-03620                                         PARTIAL CONSENT DECREE

FOR VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS LLC:


Dated: _July 5_ , 2016

DAVID DETWEILER
VOLKSWAGEN GROUP OF AMERICA, INC.
2200 Ferdinand Porsche Drive
Herndon, Virginia 20171


Dated: _July 5_ , 2016

ROBERT J. GIUFFRA, JR.
SHARON L. NELLES
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3358
giuffrar@sullcrom.com
nelless@sullcrom.com

26

1  FOR DR. ING. H.C. F. PORSCHE AG:

2

3

4  Dated: _July 4_____, 2016

5                                         DR. MICHAEL STEINER
                                        MEMBER OF THE EXECUTIVE BOARD –

6                                          RESEARCH AND DEVELOPMENT
                                        DR. ING. H.C. F. PORSCHE AG

7                                          Porschestrasse 911
                                        D-71287 Weissach

8

9

10

11

12  Dated: _July 4_____, 2016

13                                          ANGELA KREITZ
                                        GENERAL COUNSEL

14                                          DR. ING. H.C. F. PORSCHE AG
                                        Porscheplatz 1

15                                          D-70435 Stuttgart

16

17

18  Dated: _July 4_____, 2016

19                                          GRANTA Y. NAKAYAMA
                                        JOSEPH A. EISERT

20                                          KING & SPALDING LLP
                                        1700 Pennsylvania Ave., N.W., Suite 200

21                                          Washington, DC 20006

22                                          Telephone: (202) 737-0500
                                        gnakayama@kslaw.com

23                                          jeisert@kslaw.com

24

25

26

27

28

FOR PORSCHE CARS NORTH AMERICA, INC.

Dated: _July 6_____, 2016

_____
TIMOTHY L. QUINN
VICE PRESIDENT, AFTER SALES
PORSCHE CARS NORTH AMERICA, INC.
1 Porsche Dr.
Atlanta, GA  30354

Dated: _July 6_____, 2016

_____
JOSEPH S. FOLZ
VICE PRESIDENT, GENERAL COUNSEL
     AND SECRETARY
PORSCHE CARS NORTH AMERICA, INC.
1 Porsche Dr.
Atlanta, GA  30354

Dated: _July 1_____, 2016

_____
GRANTA Y. NAKAYAMA
JOSEPH A. EISERT
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
Telephone: (202) 737-0500
gnakayama@kslaw.com
jeisert@kslaw.com