UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: ALL ACTIONS (except the securities action) _____/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING PLAINTIFFS' MOTION TO SEAL** |

After the Court denied Class Member Ronald Fleshman Jr.'s motion to intervene to object on behalf of all Virginia Class Members (*see* Dkt. No. 1742), Fleshman filed a motion for leave to depose the Virginia Class Representatives (Dkt. No. 1762). In that motion, Fleshman includes the home addresses of the individuals he seeks to depose. Now pending before the Court is Plaintiffs' Motion for an Order to Seal those addresses. (Dkt. No. 1798.) Fleshman did not file an opposition. Having considered the parties' arguments and the relevant legal authority, the Court **GRANTS** Plaintiffs' Motion. The addresses are irrelevant to Fleshman's motion, and their disclosure puts the Virginia Class Representatives' privacy at risk.

**LEGAL STANDARD**

Courts recognize that the public has a right to access judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)).

As such, a party who seeks to seal a dispositive motion must overcome "this strong

presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons exist, for instance, when court documents may "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks omitted). The compelling reasons standard requires the moving party to identify "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure[.]" *Id.* at 1178-79 (internal quotation marks and citation omitted). The court must then weigh "'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The "compelling reasons" standard applies fully to dispositive pleadings because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* But "the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678. With non-dispositive documents, "the usual presumption of the public's right of access is rebutted," *Kamakana*, 447 F.3d at 1179, as those materials "are often unrelated, or only tangentially related, to the underlying cause of action," *Pintos*, 605 F.3d at 678. Thus, a party seeking to seal non-dispositive materials "need only satisfy the less exacting 'good cause' standard" derived from Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety*, 809 F.3d at 1097; *see* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person . . . ."). The good cause standard requires the moving party to show, "for each particular document it seeks to protect, . . . that specific prejudice or harm will result" if the court does not issue a protective order. *Foltz*, 331 F.3d at 1130. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Additionally, Civil Local Rule 79-5 governs motions to file documents under seal in this

1   District. The rule permits sealing only where the party "establishes that the document, or portions
2   thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the
3   law." Civil L.R. 79-5(b). Furthermore, "[t]he request must be narrowly tailored to seek sealing
4   only of sealable material[.]" *Id.* If the moving party "seek[s] to file under seal a document
5   designated as confidential by the opposing party or a non-party pursuant to a protective order, or a
6   document containing information so designated by an opposing party or a non-party . . . the
7   Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that
8   all of the designated material is sealable." Civil L.R. 79-5(e).

## DISCUSSION

10  The good cause standard applies to Fleshman's non-dispositive motion, and Plaintiffs have
11  articulated good cause to redact the Virginia Class Representatives' home addresses. Plaintiffs
12  argue that "given the high-profile nature of this case, exposing the representatives' home addresses
13  to the public is an unwarranted invasion into their privacy and exposes them to potential
14  harassment." (Dkt. No. 1798 at 1-2.) The Court agrees. On balance, the Class Representatives'
15  privacy right regarding their home addresses outweighs the public's need to access this
16  information, and the high-profile nature of this case means there is an increased risk for potential
17  harassment. In contrast, the public has little need to access the Class Representatives' addresses,
18  as that information is not relevant to the disposition of Fleshman's motion. *See Layer2 Commc'ns*
19  *Inc. v. Flexera Software LLC*, 2014 WL 2536993, at *4 (N.D. Cal. June 5, 2014) (allowing the
20  redaction of deponent's home address and noting "[s]uch information typically is entitled to
21  privacy, particularly where as here, it is not relevant to the case."); *Nursing Home Pension Fund v.*
22  *Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("[T]he amount of information
23  that [p]laintiffs seek to redact is small, and that the information (home addresses and financial
24  account information) has little or no relevance to any material issue in this case."). As such, there
25  is good cause to seal the Class Representatives' addresses.
26  That said, the redactions must also be narrowly tailored. *See* Civil L.R. 79-5(e). Plaintiffs
27  seek to redact the Class Representatives' addresses in their entirety—street address, city, state, and
28  zip code. *See* Dkt. No. 1798-2 at 2. But Plaintiffs' Amended Consolidated Consumer Class

1  Action Complaint (for purposes of this Order, "Amended Complaint") discloses the Class
2  Representatives' cities and state of residence.  (*See* Dkt. No. 1740-4 at 116-120.)  Although
3  Plaintiffs filed portions of the Amended Complaint under seal, they did not seek to seal the cities
4  and states of any of the Class Representatives, including those from Virginia.  (*See* Dkt. No.
5  1740.)  The Court sees no reason to seal them now.  As such, Fleshman shall seal only the street
6  addresses and zip code; the Class Representatives' cities and state shall remain unredacted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Seal.  Fleshman shall file a new version of his motion redacted in accordance with this Order by **September 13, 2016**.

This Order disposes of Dkt. No. 1798.

**IT IS SO ORDERED.**

Dated: September 8, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge