1

2

3

4                        UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   IN RE: VOLKSWAGEN "CLEAN DIESEL"          MDL No. 2672 CRB  (JSC)

8   MARKETING, SALES PRACTICES, AND
    PRODUCTS LIABILITY LITIGATION
9   _____/      **ORDER GRANTING JOLIAN
                                               KANGAS' MOTION TO FILE UNDER
10  This Order Relates To:                     SEAL**
    ALL ACTIONS (except the securities action)
11  _____/

12

13         The Court previously denied Class Member Jolian Kangas' Motion to Intervene to seek

14  discovery.  (Dkt. No. 1746.)  Kangas has now filed an objection to the Settlement, portions of

15  which he seeks to file under seal.  (Dkt. No. 1809; *see* Dkt. Nos. 1809-3 (unredacted version),

16  1809-4 (redacted version).)  Specifically, Kangas seeks to redact three vehicle identification

17  numbers ("VINs"), his telephone number, and his address.  (Dkt. No. 1809 at 1; *see* Dkt. Nos.

18  1809-3 at 8, 1809-4 at 8.)  For the reasons set forth below, the Court **GRANTS** Kangas' Motion to

19  File portions of his objection under seal.

20                              **BACKGROUND**[1]

21         On July 28, 2016, the Court preliminarily approved a settlement between consumers,

22  reseller dealers, and Volkswagen regarding certain 2.0-liter TDI diesel engine vehicles.  (Dkt. No.

23  1688.)  The Court entered its Amended Order on July 30, 2016.  (Dkt. No. 1698.)

24         Kangas has not opted out of the Settlement.  (*Id.*)  He owns 2013 Passat TDI as well as an

25  independent dealership that specializes in Volkswagen vehicles.  (Dkt. No. 1809-4 at 8.)  He also

26

27  _____
    [1] The Court's Amended Order Granting Preliminary Approval of Settlement contains a more
28  detailed factual and procedural background.  (*See* Dkt. No. 1698 at 2-4.)

United States District Court
Northern District of California

1   purchased a used 2009 and a used 2011 Jetta TDI on August 10, 2015 and September 15, 2015,

2   respectively.  (*Id.*)  He sold the 2009 Jetta on October 10, 2015 and the 2011 Jetta on December

3   10, 2015.[2]  (*Id.*)

4                                        **LEGAL STANDARD**

5          Courts recognize that the public has a right to access judicial records and documents.

6   *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted).  "The presumption

7   of access is 'based on the need for federal courts, although independent—indeed, particularly

8   because they are independent—to have a measure of accountability and for the public to have

9   confidence in the administration of justice.'"  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

10  1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)).

11         As such, a party who seeks to seal a dispositive motion must overcome "this strong

12  presumption by meeting the 'compelling reasons' standard."  *Kamakana v. City & Cty. of*

13  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Compelling reasons exist, for instance, when

14  court documents may "become a vehicle for improper purposes, such as the use of records to

15  gratify private spite, promote public scandal, circulate libelous statements, or release trade

16  secrets."  *Id.* at 1179 (internal quotation marks omitted).  The compelling reasons standard

17  requires the moving party to identify "compelling reasons supported by specific factual findings . .

18  . that outweigh the general history of access and the public policies favoring disclosure[.]"  *Id.* at

19  1178-79 (internal quotation marks and citation omitted).  The court must then weigh "'relevant

20  factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling,

21  without relying on hypothesis or conjecture.'"  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679

22  (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

23         The "compelling reasons" standard applies fully to dispositive pleadings because "the

24  resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's

25  understanding of the judicial process and of significant public events."  *Id.*  But "the public's

26

27  [2] In his Objection, Kangas states he purchased "a 2011 Jetta TDI . . . for $8,825 at an auction and

28  sold it on December 10, 2010."  (Dkt. No. 1809-4.)  Presumably, he sold that vehicle in December
    2015, not 2010.

United States District Court
Northern District of California

1   interest in accessing dispositive materials does not apply with equal force to non-dispositive

2   materials." *Pintos*, 605 F.3d at 678.  With non-dispositive documents, "the usual presumption of

3   the public's right of access is rebutted," *Kamakana*, 447 F.3d at 1179, as those materials "are often

4   unrelated, or only tangentially related, to the underlying cause of action," *Pintos*, 605 F.3d at 678.

5   Thus, a party seeking to seal non-dispositive materials "need only satisfy the less exacting 'good

6   cause' standard" derived from Federal Rule of Civil Procedure 26(c).  *Ctr. for Auto Safety*, 809

7   F.3d at 1097; *see* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to

8   protect a party or person . . . .").  The good cause standard requires the moving party to show, "for

9   each particular document it seeks to protect, . . . that specific prejudice or harm will result" if the

10  court does not issue a protective order.  *Foltz*, 331 F.3d at 1130.  "If a court finds particularized

11  harm will result from disclosure of information to the public, then it balances the public and

12  private interests to decide whether a protective order is necessary."  *Phillips ex rel. Estates of Byrd*

13  *v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

14          Additionally, Civil Local Rule 79-5 governs motions to file documents under seal in this

15  District.  The rule permits sealing only where the party "establishes that the document, or portions

16  thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the

17  law."  Civil L.R. 79-5(b).  Furthermore, "[t]he request must be narrowly tailored to seek sealing

18  only of sealable material[.]"  (*Id.*)

19                                        **DISCUSSION**

20          Although Kangas has filed an objection, not a motion, its nondispositive nature warrants

21  application of the good cause standard.  The Court finds there is good cause to redact the VINs, as

22  well as Kangas' telephone number and home address.

23          As VINs provide access to personal information such as names, addresses, and social

24  security numbers, VINs can be used to facilitate identity theft.  The high profile nature of this case

25  further heightens the possibility that Kangas' VINs may be used for improper purposes.  Further,

26  the public has little need to access the VINs; Kangas alleges he is an owner of vehicle included in

27  the Settlement and thus a Class Member.

28          Similarly, the public dissemination of Kangas' telephone number and home address risks

3

United States District Court
Northern District of California

<div style="float:left; writing-mode:vertical">United States District Court<br>Northern District of California</div>

1    harassment, and the public has little need to access that information.  *See Layer2 Commc'ns Inc. v.*

2    *Flexera Software LLC*, 2014 WL 2536993, at *4 (N.D. Cal. June 5, 2014) (allowing the redaction

3    of deponent's home address and noting "[s]uch information typically is entitled to privacy,

4    particularly where as here, it is not relevant to the case."); *Nursing Home Pension Fund v. Oracle*

5    *Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("[T]he amount of information that

6    [p]laintiffs seek to redact is small, and that the information (home addresses and financial account

7    information) has little or no relevance to any material issue in this case.").  Moreover, the contact

8    information for Kangas' attorney remains unredacted should anyone wish to contact Kangas.

9         Finally, Kangas' request is narrowly tailored; he does not seek to redact any other portions

10    of his objection.  *See* Local C.R. 79-5(b).

11                              **CONCLUSION**

12         For the foregoing reasons, the Court **GRANTS** Kangas' Motion to File Under Seal.

13    Kangas' VINs, telephone number, and home address listed in his objection shall remain under

14    seal.

15         This Order disposes of Dkt. No. 1809.

16

17    **IT IS SO ORDERED.**

18

19    Dated: September 8, 2016

20

21                                   *Jacqueline S. Corley*

22                              JACQUELINE SCOTT CORLEY<br>                             United States Magistrate Judge

23

24

25

26

27

28