MORRIS POLICH & PURDY LLP
David J. Vendler, Esq. (SBN 146528)
dvendler@mpplaw.com
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 417-5100
Facsimile: (213) 488-1178

Attorneys for Plaintiff CHRISTOPHER J. D'ANGELO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No.: MDL 2672  CRB (JSC)<br><br><br>**PLAINTIFF CHRISTOPHER D'ANGELO'S OBJECTIONS TO CLASS SETTLEMENT** |

     Now comes class member, Christopher J. D'Angelo ("D'Angelo"), plaintiff in C.D. Cal. Case No.: 2:15-cv-07390 DOC (SPx)), who hereby objects to the proposed class action settlement on two grounds.  First, the "SETTLEMENT CLASS COUNSEL'S STATEMENT OF ADDITIONAL INFORMATION REGARDING PROSPECTIVE REQUEST FOR ATTORNEYS' FEES AND COSTS" (Document 1730) ("Plaintiffs' Counsel's Statement") does not provide sufficient information for D'Angelo to reasonably evaluate the reasonableness of the attorneys' fees being requested as mandated by the Ninth Circuit in *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010).  Second, D'Angelo objects that

there is no provision in the settlement to compensate attorneys, including his own, for common benefit work that occurred prior to the Court's entry of its January 21, 2016 Pretrial Order No. 7 appointing lead counsel and the Plaintiffs' Steering Committee (Document No. 1084).

## I. **ARGUMENT**

### A. **In Violation Of Clear Ninth Circuit Precedent, Class Counsel Have Not Provided Sufficient Information For The Class To Determine Whether Class Counsel's Fee Application Is Reasonable, And Thus Whether Or Not They Should Object.**

Plaintiffs' Counsel's Statement concedes that "Class Counsel have not yet filed an application for attorneys' fees" and says "they will do so in connection with final approval and under Rule 23(h)." They contend, however, that the information in the Plaintiffs' Counsel's Statement "provides class members sufficient information as to Settlement Class Counsel's prospective request for attorneys' fees and costs to make an *uninformed* (sic) decision as to whether they should object to or opt out of the settlement…" See p. 8 of Plaintiffs' Motion For Final Approval Of The Amended Class Action Agreement (Document No. 1784) (Emphasis added).

Plaintiffs' counsel's Freudian slip is only too true, for *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010) squarely holds that "[i]n setting the date objections are due, the court should provide *sufficient time* after *the full fee motion is on file* to enable potential objectors to examine the motion." *Id.* at 994, quoting The Advisory Committee Notes to the 2003 amendments to Rule 23(h). (Emphasis added).

As the Plaintiffs' Counsel themselves concede, their full fee motion is not yet on file. Yet, they expect D'Angelo and the other class members to decide whether or not to object to their $324 million dollar fee request solely on the basis that their requested fee is less than the 25% benchmark for common fund class action cases. Class Counsel's Statement is plainly not sufficient under *In re Mercury Interactive*

*Corp.* for the class to make the determination whether or not to object. As was put in that case:

> Teachers could make only generalized arguments about the size of the total fee because they were only provided with generalized information. Teachers could not provide the court with critiques of the specific work done by counsel when they were furnished with no information of what that work was, how much time it consumed, and whether and how it contributed to the benefit of the class.

In this case there are 21 firms in the Plaintiff Steering Committee. The average fee being requested *per firm* is well over $15 million. Considering that the Plaintiff Steering Committee has only been in existence for 8 months, the $324 million dollar requested fee works out to *over* $40 million dollars collectively per month and *over* $2 million per month *per firm*. Looked at still another way, at a blended rate of $500 per hour, the $324 million dollar fee being requested works out to 648,000 hours of attorney work or 341 years worth of attorney time at 1,900 hours per year.

Given the huge sum that is being requested, D'Angelo finds it amazing that Plaintiffs' Counsel's Statement makes no reference at all to how much work they performed, who performed it, whether it was necessary, how much work was performed by governmental attorneys, etc. Indeed, Plaintiffs' Counsel's Statement provides virtually no information to the class on any of the factors that Courts generally hold to be relevant to determine the reasonableness of a legal fee, namely: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of

PLAINTIFF CHRISTOPHER D'ANGELO'S OBJECTIONS TO CLASS SETTLEMENT

the proposed settlement.  *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

Nor does Plaintiffs' Counsel's Statement put forward any evidence as to their collective lodestar.  Several courts within the Ninth Circuit have held that where attorneys' fees are sought on a percentage of a common fund basis, as are being sought here in Plaintiffs' Counsel's Statement, courts "should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award." *Weeks v. Kellogg Co.*, 2013 WL 6531177 at *25 (C.D.Cal. 2013); *In re: Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 944-945 (9th Cir. 2011) and *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award").

Until Class Counsel put forward the information described above for the class members to review in a full fee application, they cannot be fairly asked to make their decision to object or not to the $324 million dollars (exclusive of costs) being requested as a fee.  Plaintiffs' Counsel's barely 3 and 1/4 page statement – which works out to $100 million per page – improperly asks the class to simply take it on faith that since this was a big case, Class Counsel should get a huge fee.  But, in this conceded liability case where much of the settlement has clearly been driven by governmental dictates, this conclusion does not necessarily follow.  For all of these reasons, D'Angelo's objection should be sustained and the dictates of the Ninth Circuit in *In re Mercury* should be followed.

///

///

///

///

///

PLAINTIFF CHRISTOPHER D'ANGELO'S OBJECTIONS TO CLASS SETTLEMENT

**B.     The Settlement Is Also Objectionable Because It Fails To Compensate Attorneys For Work Done For The Common Benefit Prior To This Court's Appointment Of Lead Counsel And The Plaintiffs' Steering Committee.**

Mr. D'Angelo and his attorneys filed one of the original complaints against Volkswagen and filed the successful motion to consolidate the cases before the Panel for Multi-District Litigation. This work was clearly done for the benefit of all class members. There is no logical reason why Class Counsel's work for the benefit of the class should be compensated in the settlement and the work of others that was clearly undertaken for the benefit of the class prior to the appointment of leadership should not likewise be compensated.[1] There is also no reason why the work that was done at the specific invitation of this Court prior to the appointment of leadership should not be compensated. For instance, this Court invited counsel to comment on the selection of a mediator and to file applications for leadership positions. This was work undertaken for the benefit of the class -- even if the majority of applications for leadership positions were ultimately unsuccessful.

Clearly, if D'Angelo were to opt out of the settlement, prevail in his claim against Volkswagen, and then seek his fees under any of a number of fee shifting statutes that could apply to this case, all of those fees would be compensable. There is thus no reason why Class Counsel in negotiating the settlement should not have included provisions to pay for this work in addition to their own.

---

[1] Also prior to the appointment of leadership, Plaintiff D'Angelo negotiated with Volkswagen and obtained for the benefit of all class members its commitment to preserve evidence (including evidence in Germany) according to federal law. He also negotiated and obtained Volkswagen's commitment, following the announcement of its goodwill package that it would not attempt to rely upon the arbitration agreement in that goodwill package in the current litigation. D'Angelo also filed a motion for class certification in the district court prior to consolidation and had prepared a motion for summary judgment. While perhaps not all of the work D'Angelo's attorneys performed was for the common benefit of the class, much of it was indisputably so.

D'Angelo thus contends that to the extent that a common fund has been created by the Settlement, his counsel and any other counsel that believe that they performed work prior to January 21, 2016 that was for the common benefit of the class should be allowed to petition the Court for payment of that work as part of the fee approval process.

Date: September 15, 2016         MORRIS POLICH & PURDY LLP


By:_____/s/ David J. Vendler_____
David J. Vendler
MORRIS POLICH & PURDY LLP
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:  (213) 488-1178
E-Mail:        dvendler@mpplaw.com

*Attorneys for Plaintiff*
*CHRISTOPHER J. D'ANGELO*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of September, 2016, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

_____ */s/ David J. Vendler* _____
David J. Vendler

PLAINTIFF CHRISTOPHER D'ANGELO'S OBJECTIONS TO CLASS SETTLEMENT