1  TIM MALONEY (TX Bar No. 12887380)
   timmaloney@yahoo.com
2  MALONEY & CAMPOLO, LLP
3  926 South Alamo
   San Antonio, TX 78205
4  Telephone:  (210) 922-2200
   Facsimile:   (210) 923-1313
5  *ATTORNEY FOR PLAINTIFFS*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL 2672 CRB (JSC) |
| | **NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY FEES AND REIMBURSEMENT COSTS** |
| This Document Relates to: ALL CONSUMER ACTIONS | Hearing: October 18, 2016<br>Time: 8:00 a.m.<br>Ctrm: 6, 17th floor<br>Judge: Hon. Charles R. Breyer |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 18, 2016, or soon thereafter as counsel may be heard, Class Members [List Each] (collectively, "Movants") will move this Court, before the Honorable Charles R. Breyer, in Courtroom 6 on the 17th floor of the United States Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Fed. R. Civ. P. 23(e) and Local Rule 54-5, for an order awarding attorney fees and litigation-related expenses to Movants' Independent Counsel, The Law Offices of Maloney and Campolo, LLP (hereinafter, "Independent Counsel"). Movants are made up of Class Members, each of whom hired Independent Counsel to represent their interests in the above-captioned litigation.

The timing of this Motion is for the benefit of the class members and to put them on notice that Movants will be seeking attorney's fees. Should the timing of this Motion be premature, Movants will refile this Motion at the appropriate time.

Dated: _____

Respectfully Submitted

_____
TIM MALONEY
State Bar No. 12887380
OFFICES OF MALONEY & CAMPOLO
926 S. Alamo
San Antonio, TX 78205
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile
ATTORNEY FOR PLAINTIFFS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES...................................................5

I. INTRODUCTION AND BACKGROUND..............................................................5

II. ARGUMENT..........................................................................................................8

   A. Independent Counsel Devoted Substantial Time and Effort to This Litigation...................................................................................8

   B. Independent Counsel Devoted a Tremendous Amount of Resources to This Litigation Despite the Substantial Risks Involved. .............................9

   C. Independent Counsel Efforts Conferred Direct and Tangible Benefits to the Class..................................................................................10

   D. The Federal Rules of Civil Procedure, Case Law, and Principles of Equity Justify an Award of Reasonable Attorney's Fees. ............................................11

III. CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ............................................................... 11

*Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994) ................................................................ 12

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001) ....................................................................... 9

*Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939) ........................................................ 11

**RULES**

Fed. R. Civ. P. 23(e) ............................................................................................................ 5

Fed. R. Civ. P. 23(h) .......................................................................................................... 11

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 18, 2016, or soon thereafter as counsel may be heard, Class Members [List Each] (collectively, "Movants") will move this Court, before the Honorable Charles R. Breyer, in Courtroom 6 on the 17th floor of the United States Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Fed. R. Civ. P. 23(e) and Local Rule 54-5, for an order awarding attorney fees and litigation-related expenses to Movants' Independent Counsel, The Law Offices of Maloney and Campolo, LLP (hereinafter, "Independent Counsel"). Movants are made up of Class Members, each of whom hired Independent Counsel to represent their interests in the above-captioned litigation.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

This Motion is being served on behalf of the following Class Members (hereinafter, "Movants"). The Law Offices of Maloney & Campolo, LLP ("Independent Counsel") represents each Movant in the Volkswagen litigation, independently from Plaintiffs' Steering Committee and Lead Counsel (together, "Class Counsel").

Should victims of Volkswagen's fraud, who retained Independent Counsel prior to the proposed settlement of June 28, 2016, be required to pay those attorney's fees? Volkswagen has stated repeatedly that individuals who "opt in" to the Class Settlement will not have to pay any attorney's fees. Volkswagen made these representations even though they had actual notice that many Claimants had employed Independent Counsel. To date, Volkswagen has never publically addressed the issue. In the question and answer fact sheets sent to the Claimants on or before June 2016 one question was glaringly and obviously omitted, "What if I retained counsel prior to June

28, 2016, will Volkswagen be paying my attorney's fees?". The rationale for this omission is readily apparent. Volkswagen needs as many "opt ins" as possible. If Volkswagen had stated early on in the settlement process, that those individuals, who retained Independent Counsel, would be responsible for their attorney's fees, the number of Claimants would have dropped significantly. Volkswagen has been selling this deal that the Claimant will not be responsible for any attorney's fees. Volkswagen has received tens of thousands of notice letters from independent counsel from across the country, prior to the announcement of any proposed settlement. Volkswagen requested information directly from those attorneys. Volkswagen asked those attorneys to collect documents in order to facilitate the claims yet when it comes time to compensate the attorneys, which helped facilitate the settlement, Volkswagen has now shut the door.

This Multidistrict Litigation concerns Volkswagen's intentional deception of American consumers from 2009 through September of 2015. *See* Consumer Consolidated Class Action Complaint ("Complaint") (Exhibit C). During said period, Volkswagen and Audi sold over 482,000 vehicles fit with so-called "defeat devices", that allowed Volkswagen to trick environmental regulators and consumers alike. Volkswagen marketed its diesel line of vehicles as environmentally-friendly cars that possessed the holy grail of automotive qualities: extremely high fuel efficiency and performance; with very low emissions. Although Volkswagen successfully marketed these expensive cars as "green", its environmentally-friendly representations were a lie. Volkswagen intentionally designed and sold cars that mislead consumers and regulators about the amount of pollution those cars created and the fuel efficiency they produced. The public was first made aware of Volkswagen's fraud on September 18, 2015, when the Environmental Protection Agency issued Volkswagen a Notice of Violation (Exhibit D) detailing its fraudulent acts.

In the months that followed, thousands of outraged consumers hired law firms to file claims against Volkswagen. Independent Counsel was retained by hundreds of new clients, each of whom signed a standard contingency fee agreement.

As part of its representation in this action, Independent Counsel sent letters of representation and demand letters to Volkswagen's legal department. Independent Counsel also filed state consumer actions.

On July 29, 2016, the Court issued its Amended Order Granting Preliminary Approval of Settlement. (Exhibit E). Volkswagen assured class members that any proceeds received as part of the Settlement would not be reduced to pay attorney's fees and made no qualifications to suggest otherwise. According to Plaintiffs' Steering Committee's Motion For Final Approval of the Amended Class Action Agreement:

> None of the settlement benefits for Class Members will be reduced to pay attorneys' fees or to reimburse expenses of Settlement Class Counsel. Volkswagen will pay attorneys; fees and costs separately from, and in addition to, the Settlement benefits to Class Members.

The Settlement Agreement only provides attorney fees to designated Class Counsel. For those consumers who hired independent attorneys before Class Counsel was designated, acceptance of the Settlement proceeds will effectively create a lien against the recovery amount in favor of the private attorney.

Independent Counsel is now faced with the prospect of having to choose between enforcing its contractual fee against Movants' settlement recovery, or waiving their fee, thereby allowing a year's work to go unpaid. It would be unfair for Movants to receive less than the other class members, especially considering Volkswagen's repeated assurances that their settlement amount would not be reduced to pay attorney's fees. It would be manifestly unfair for Independent Counsel not to receive a fee for months of dedicated representation of hundreds of class members. *See*

Declaration of Camille Furgeson (Exhibit B; 1-43). Movants respectfully ask this Court to award attorney's fees to Independent Counsel.

## II. ARGUMENT

### A. Independent Counsel Devoted Substantial Time and Effort to This Litigation.

Through the course of this litigation, Independent Counsel extensively investigated the underlying facts and relative strengths of each Movant's claim. *See* Declaration of Tim Maloney. (Exhibit A). Independent Counsel reviewed voluminous government reports and documents pertaining to Volkswagen's practices, drafted and sent hundreds of individualized Deceptive Trade Practices demand letters. The time and effort spent by Independent Counsel in addressing client concerns, guiding them through the settlement process, is substantial and justifies an award of attorney's fees. According to Class Counsel:

> Since the parties filed the settlement documents with the Court on June 28, 2016, Class Members have inundated Settlement Class Counsel with requests for information and questions about the settlement program. These choices are important to Class Members, and they often require a detailed discussion with attorney and/or paralegals who are well-versed in the settlement's terms and procedures. Many of these conversations have required a lawyer or paralegal to spend 30-60 minutes on the telephone speaking to a single Class Member. Class Members deserve this level of attention when they are making decisions of important financial and practical impact to their lives. This settlement involves real decisions about real cars, and must be spent by counsel to guide and assist consumers through the process. "

It is ironic these tasks are cited in support of attorney's fees to Class Counsel. Independent Counsel has weathered the same deluge of client inquiry, but from the outset of this litigation. Movants received detailed discussion with an attorney or paralegal, well-versed in the settlement's terms and procedure. Because of the inundation of client demand created by this litigation, Independent Counsel was required to retain additional staff whose responsibilities are dedicated solely to the Volkswagen docket.

Furthermore, Independent Counsel's representation of Movants is unlikely to end anytime soon. According to Class Counsel:

> The numbers of such calls and other communications from the hundreds of thousands of Class Members are likely to increase significantly after the settlement becomes operational (if the Court grants final approval), and, as settlement implementation continues through the close of 2018, substantial time and effort will be spent to ensure that Class Members are treated fairly in the process and receive their benefits expeditiously as their fix or buyback choices and decisions make this settlement's goals a reality.

See Settlement Class Counsel's Statement Regarding Prospective Request for Attorneys' Fees and Costs (Exhibit F)

Independent Counsel is responsible for hundreds of class members, and communications are likely to increase after the settlement becomes operational. Unless the Court awards attorney's fees, Independent Counsel will have to either continue to represent Movants for the next two years without pay, or terminate its representation of Movants. Put simply, there is no justification for awarding attorney's fees to Class Counsel, but not Independent Counsel for the same work.

**B.     Independent Counsel Devoted a Tremendous Amount of Resources to This Litigation Despite the Substantial Risks Involved.**

Courts have held that the primary factor that should be considered in awarding attorney's fees is the risk of non-recovery that counsel shoulders. *See Ketchum v. Moses*, 24 Cal. 4th 1122 (2001). Independent Counsel prosecuted this case on a wholly contingent basis, knowing that the litigation could last for years and would require devotion and a substantial amount of attorney time and a significant advance of litigation expenses with no guarantee of compensation.

By the time of the hearing on attorney's fees, Independent Counsel will have performed substantial additional work and will be required to perform even more work providing counsel to Movants through the Buyback period, which does not end until December 2018. Detailed

descriptions of the work Independent Counsel performed on behalf of the Class are included in the Declarations and the exhibits thereto.

Because of the size and scale of this litigation, a high degree of skill and efficiency was required to successfully prosecute this matter. This litigation has moved aggressively, demanding diligence and focus to keep up with seemingly daily developments. As noted above, Independent Counsel hired additional staff devoted solely for this litigation. Deceptive Trade Practices cases are often complex and difficult, especially when factoring additional damages. Independent Counsel created hundreds of individualized damage models to help clients make informed decisions. This client-specific analysis was tedious and substantial.

By the time Class Counsel was appointed, Independent Counsel had already invested months of investigation to this litigation. There is simply no reason why attorney fees should be limited to Class Counsel. Public policy supports an award of attorney fees because it incentivizes attorneys to take on future consumer fraud cases. To deny Independent Counsel fees in this case, after a year of demanding work, is manifestly unfair and will serve as a cautionary tale to future attorneys.

C.  **Independent Counsel Efforts Conferred Direct and Tangible Benefits to the Class.**

> The mission of these Multidistrict Litigation ("MDL") proceedings, comprised of hundreds of consumer class suits…has been…two-fold: to 'get [] the polluting cars fixed or off the road' as soon as possible and to compensate Volkswagen's aggrieved customers…. [t]he class action settlement…accomplish these two goals—*mitigating environmental damage and compensating consumers*—in the speediest practicable manner, without the delays, uncertainties, and enforcement problems of protracted litigation.
> Amended Agreement, page 2 (emphasis added).

The Proposed Settlement created a potential conflict of interest for Independent Counsel because state consumer claims usually provide for the award of attorney's fees. Thus, urging

Movants to opt out of the Class Settlement would have been in the best interest of the Independent Counsel, but not necessarily for the Movants. To best serve their clients, Independent Counsel did a painstaking review of each offer. A case by case analysis was performed. Comparisons were made between offers and potential recovery in state court. This was done for each Movant. Correspondence was sent explaining all factors that needed to be considered. There was no arm twisting or persuasion. If the Movant wished to opt in, then all paperwork required was gathered by Independent Counsel and forwarded to Volkswagen. The end result was that over 90% of Independent Counsel clients took Volkswagen's offer, contingent upon the notion that all attorney's fees would be paid.

**D.   The Federal Rules of Civil Procedure, Case Law, and Principles of Equity Justify an Award of Reasonable Attorney's Fees.**

The United States Supreme Court has long recognized that when counsel's efforts result in the creation of a common fund that benefits a class, counsel has an equitable right to be compensated from that fund. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939) (When an attorneys' efforts benefit a common fund, the court is empowered to award fees from the fund.) To prevent unjust enrichment, courts exercise their inherit equitable powers to assess attorney's fees against the entire fund, thereby spreading the cost of those fees among everyone who benefitted. See Sprague, 307 U.S. 161.

Furthermore, Rule 23(h) of the Federal Rules of Civil Procedure authorizes awards of reasonable attorney's fees in class actions. Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."). This is true even if the applicant seeking attorney's fees was not designated class counsel. According to the Committee Note to subsection (h):

> …provides a format for all awards of attorney fees and nontaxable costs in connection with a class action, not only the award to class counsel. In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, *such as attorneys who acted for the class before certification but were not appointed class counsel*…

Moreover, the Tenth Circuit held that non-designated counsel may be entitled to attorney fees in class actions where the non-designated counsel benefited the Class as a whole. *See Gottlieb v. Barry*, 43 F.3d 474, 488 (10th Cir. 1994). According to the Tenth Circuit:

> We fail to see why the work of counsel later designated as class counsel should be fully compensated, while the work of counsel who were not later designated class counsel, but on whose shoulders class counsel admittedly stood, should be wholly uncompensated. *Gotllieb* at 488.

In *Gottlieb*, the district court refused any award to non-designated counsel on the grounds that their efforts did not contribute to the creation of the fund and that their failure to be designated as class counsel deprived them of any right to fees from the common fund. *Id.* at 486. In addition, the special master found that work performed before class counsel was designated was duplicative of class counsel's work. *Id.* The Tenth Circuit reversed the district court's decision holding, "it seems implausible that all of sixteen months of work, pursued on multiple fronts by multiple counsel, suddenly becomes worthless upon the selection of a few counsel to serve as class counsel" *Gottlieb*, 43 F.3d at 489.

As the Court is aware, there are various methods to determine attorney's fees. Independent Counsel does not make a suggestion as to what constitutes an equitable fee determination. Independent Counsel has briefly detailed the amount of work that has been expended in the past year, and will need to be expended in the future. As such, whatever formula the Court may employ to award attorney's fees to the Plaintiffs' Steering Committee is obviously acceptable to Independent Counsel.

If the Court is disinclined to award attorney's fees, Independent Counsel will have no choice but to withdraw from representing over 320 clients; Clients who call on a daily basis, and send thousands of emails, will be left to fend for themselves. Obviously many Claimants have gone through the process unrepresented. That was their choice. Many others decided to seek the advice from their attorney, and were assured by Volkswagen that their attorney's fees would be paid. It would be manifestly unjust, at this juncture of litigation, for these clients to be cast aside, simply because Volkswagen refuses to live up to their representations.

## III.   CONCLUSION

For the foregoing reasons, Independent Counsel respectfully requests that the Court award attorney's fees to Independent Counsel for services rendered in the past and those which may be required in the future.

Dated: Oct. 13, 2016

Respectfully Submitted

TIM MALONEY
State Bar No. 12887380
OFFICES OF MALONEY & CAMPOLO
926 S. Alamo
San Antonio, TX 78205
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile
ATTORNEY FOR PLAINTIFFS