UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: ALL ACTIONS (except the securities action) _____/ | MDL No. 2672 CRB (JSC) **ORDER DENYING TORI PARTL'S MOTION TO OPT OUT** |

When the Court preliminarily approved the Amended Consumer and Reseller Dealer Class Action Settlement ("Settlement"), it ordered Class Members to request exclusion from the Settlement by September 16, 2016 (the "Opt-Out Deadline"). (Dkt. No. 1698 at 32.) Tori Partl now moves the Court to permit her to belatedly opt out of the Settlement. (Dkt. Nos. 2056, 2064 (Amended Motion).) For the reasons set forth below, the Court **DENIES** the Motion. Partl has not demonstrated that good cause or excusable neglect justify her failure to timely opt out.

## BACKGROUND

Partl owns a 2013 Volkswagen Beetle and is a member of the Amended Consumer Class Action Settlement Agreement. (Dkt. No. 2064-1 ¶ 1; *see* Dkt. No. 1685.) In October 2013, Partl sued Volkswagen Group of America, Inc. in the St. Louis County Circuit Court for violations of the Missouri lemon law and the Magnusson-Moss Warranty Act. (Dkt. No. 2064-1 ¶ 3.) Her case was still pending in September 2015 when she learned about Volkswagen's use of the defeat devices; consequently, she amended her lawsuit to include claims under the Missouri Merchandising Practices Act relating to the "clean diesel" engine. (*Id.* ¶¶ 4-5.)

On August 7, 2016, Partl received an email from "VW Settlement Update" that provided instructions on how to obtain more information about the proposed settlements. (*Id.* ¶ 6.) Partl

forwarded that email to the attorney representing her in her Missouri state court lawsuit. (*Id.* ¶ 7.) After speaking with her attorney, she decided to opt out of the Settlement. (*Id.* ¶ 8.) Partl visited www.VWCourtSettlement.com ("Settlement Website"), "created a profile, and followed the instructions to opt-out of the settlement." (*Id.* ¶ 9.) She "believed and understood that [she] had completed all necessary steps to be excluded from the class action settlement and that [she] could proceed with [her Missouri state court] case." (*Id.* ¶ 11.)

But on September 30, 2016, during a mediation session for her state court case, Partl learned that her name was not on the list of individuals who had opted-out of the Settlement. (*Id.* ¶ 12.) She was unaware that her attempt to opt out was ineffective; had she known, she would have taken additional steps to opt out. (*Id.* ¶¶ 13-14.)

## LEGAL STANDARD

A class member who seeks to opt out of a class action settlement after the applicable deadline has passed must show that "excusable neglect" or good cause excuses the delay. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (footnote omitted); *see In re Charles Schwab Corp. Sec. Litig.*, 2010 WL 2178937, at *1 (N.D. Cal. May 27, 2010) (applying excusable neglect standard); *Wren v. RGIS Inventory Specialists*, 2009 WL 1773133, at *3 (N.D. Cal. June 19, 2009) (applying good cause standard). In determining whether excusable neglect or good causes exists, courts consider

> the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

*Silber*, 18 F.3d at 1455 (footnote omitted).

## DISCUSSION

Partl has not shown good cause or excusable neglect to allow her opt out now. Although Partl asserts she opted out of the Settlement via the Settlement Website, this does not comport with the Settlement's procedures for requesting exclusion. The Long Form Notice clearly provides that in order to opt out, "[y]ou must *mail* your exclusion request, postmarked no later

2

than September 16, 2016, to Opt Out VW Settlement, P.O. Box 57424, Washington, DC 20037."  (Dkt. No. 1685-3 at 24 (emphasis added).)  The Court is unaware of any different process being described on the Settlement Website, and the Settlement makes no mention of Class Members' ability to request exclusion via the Settlement Website.

The August 7, 2016 email provided Partl actual, timely notice of the Settlement.  Moreover, the email directed Partl to the Settlement Website, and she did in fact visit it.  (*See* Dkt. No. 2064 ¶¶ 4, 6; Dkt. No. 2064-1 ¶¶ 6, 9).  There, Partl could have accessed the Long Form Notice and learned how to properly exclude herself from the Settlement.  That she failed to comply with the terms of the Settlement does not constitute good cause or excusable neglect.

## CONCLUSION

The Court **DENIES** Partl's Motion to Opt Out past the September 16, 2016 deadline.  Partl must remain a Class Member as do the others who did not properly request to opt out.

This Order disposes of Docket No. 2056.

**IT IS SO ORDERED.**

Dated: October 27, 2016

_____
CHARLES R. BREYER
United States District Judge

3