UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

This Order Relates To:
ALL ACTIONS (except the securities action)
_____/

MDL No. 2672 CRB  (JSC)

**ORDER DENYING DYLAN TODD AND EMILY TODD'S MOTION TO OPT OUT**

When the Court preliminarily approved the Amended Consumer and Reseller Dealer Class Action Settlement ("Settlement"), it ordered Class Members to request exclusion from the Settlement by September 16, 2016 (the "Opt-Out Deadline"). (Dkt. No. 1698 at 32.) Dylan Todd and Emily Todd (collectively, the "Todds") now move the Court to permit them to belatedly opt out of the Settlement. (Dkt. No. 2061.) For the reasons set forth below, the Court **DENIES** the Motion. The Todds have not shown that good cause or excusable neglect justify their failure to timely opt out.

## BACKGROUND

The Todds own a 2013 Volkswagen Jetta TDI. (Dkt. No. 2061 ¶ 1.) In May 2016, the Todds filed a lawsuit against Volkswagen Group of America, Inc. and Volkswagen AG in the Eight Judicial District Court in Nevada District Court for violations of the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0903. (*Id.* ¶ 3.) Beginning on or around August 3, 2016, counsel for the Todds in the Nevada action began contacting their clients about their right to opt out of the Settlement. (*Id.* ¶ 4.) Dylan Todd decided to opt out, but he "mistakenly believed that the only requirement to opt out of the class was to have the opt out request to his attorney by the September 16, 2016 deadline." (*Id.* ¶ 6.) Dylan Todd did so at approximately 6:00 p.m.

1   Pacific Standard Time on September 16, 2016; counsel was therefore unable to have his opt-out
2   form postmarked that same day. (*Id.* ¶¶ 7-8.)

## LEGAL STANDARD

A class member who seeks to opt out of a class action settlement after the applicable deadline has passed must show that "excusable neglect" or good cause excuses the delay. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (footnote omitted); *see In re Charles Schwab Corp. Sec. Litig.*, 2010 WL 2178937, at *1 (N.D. Cal. May 27, 2010) (applying excusable neglect standard); *Wren v. RGIS Inventory Specialists*, 2009 WL 1773133, at *3 (N.D. Cal. June 19, 2009) (applying good cause standard). In determining whether excusable neglect or good causes exists, courts consider

> the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

*Silber*, 18 F.3d at 1455 (footnote omitted).

## DISCUSSION

The Todds have not shown that good cause or excusable neglect permits them to opt out now. The Todds received actual, timely notice of the Settlement through counsel. (*See* Dkt. No. 2061 ¶ 4.) With knowledge of the Settlement, the Todds could have sought additional information, including how to properly exclude themselves. Indeed, the Long Form Notice specifically states that in order to opt out, "[y]ou must mail your exclusion request, *postmarked no later than September 16, 2016*, to Opt Out VW Settlement, P.O. Box 57424, Washington, DC 20037." (Dkt. No. 1685-3 at 24 (emphasis added).) The Todds therefore should have known that their request to opt out needed to be postmarked by September 16 and that providing their opt-out form to counsel at 6:00 p.m. the day of the Opt-Out Deadline would not satisfy this requirement. Moreover, the Settlement does not require Class Members to retain counsel to opt out. The Todds could have mailed their request for exclusion directly to the appropriate address and informed counsel of their decision thereafter. Accordingly, their failure to timely request exclusion does

not constitute good cause or excusable neglect.

## CONCLUSION

The Court **DENIES** Dylan Todd and Emily Todd's Motion to Opt Out past the September 16, 2016 deadline. Plaintiffs must remain Class Members as do the others who did not timely request to opt out.

This Order disposes of Docket No. 2061.

**IT IS SO ORDERED.**

Dated: October 27, 2016

CHARLES R. BREYER
United States District Judge