1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE: VOLKSWAGEN "CLEAN DIESEL"          MDL No. 2672 CRB  (JSC)
     MARKETING, SALES PRACTICES, AND
8    PRODUCTS LIABILITY LITIGATION
                                               **ORDER DENYING KAREN**
9    _____/         **FRIEDMANN'S MOTION TO OPT**
                                               **OUT**
10   This Order Relates To:
     ALL ACTIONS (except the securities action)
11   _____/

12

13          When the Court preliminarily approved the Amended Consumer and Reseller Dealer Class

14   Action Settlement ("Settlement"), it ordered Class Members to request exclusion from the

15   Settlement by September 16, 2016 (the "Opt-Out Deadline").  (Dkt. No. 1698 at 32.)  Karen

16   Friedmann now moves the Court to permit her to belatedly opt out of the Settlement.  (Dkt. No.

17   2062.)  For the reasons set forth below, the Court **DENIES** the Motion.  Friedmann has not

18   demonstrated that good cause or excusable neglect justify her failure to timely opt out.

19                                        **BACKGROUND**

20          Friedmann owns a 2010 Volkswagen Jetta TDI.  (Dkt. No. 2062 ¶ 1.)  She received notice

21   of the Settlement in late August 2016 and decided to opt out after reviewing it.  (*Id.* ¶¶ 2-3.)  But

22   Firedmann misunderstood the requirements to opt out of the class.  (*Id.* ¶ 4.)  She did not know her

23   request for exclusion had to be postmarked by September 16, 2016; rather, she "believed that she

24   was able to opt out of the class action by the Final Fairness Hearing, scheduled for October 18,

25   2016."  (*Id.*)  Family circumstances prevented her from discussing her options with an attorney

26   until after September 16, 2016.  (*Id.* ¶¶ 5-6.)  She provided counsel with her opt out form on

27   September 27, 2016.  (*Id.* ¶ 6.)

28   //

United States District Court
Northern District of California

**LEGAL STANDARD**

A class member who seeks to opt out of a class action settlement after the applicable deadline has passed must show that "excusable neglect" or good cause excuses the delay. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (footnote omitted); *see In re Charles Schwab Corp. Sec. Litig.*, 2010 WL 2178937, at \*1 (N.D. Cal. May 27, 2010) (applying excusable neglect standard); *Wren v. RGIS Inventory Specialists*, 2009 WL 1773133, at \*3 (N.D. Cal. June 19, 2009) (applying good cause standard). In determining whether excusable neglect or good causes exists, courts consider

> the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

*Silber*, 18 F.3d at 1455 (footnote omitted).

**DISCUSSION**

Friedmann has not shown that good cause or excusable neglect permits her to opt out beyond the Opt-Out Deadline. As an initial matter, the factual contentions set forth in the Friedmann's Motion are unsupported by declaration. (*See* Civil L.R. 7-5.) In any event, Friedmann received actual, timely notice of the Settlement. (*See* Dkt. No. 2062 ¶ 2.) The Settlement provides that the "'Opt-Out Deadline' means the last day a Class Member may opt out of the Class Action Settlement, which is *September 16, 2016*, for all Class Members who are Class Members as of that date." (Dkt. No. 1685 ¶ 2.51 (emphasis added).) The Long Form Notice further explains that in order to opt out, "[y]ou must mail your exclusion request, postmarked no later than September 16, 2016, to Opt Out VW Settlement, P.O. Box 57424, Washington, DC 20037." (Dkt. No. 1685-3 at 24.) Thus, Friedmann should have known that she needed to submit her request for exclusion by September 16. Moreover, the Settlement does not require Class Members to retain counsel to opt out; rather, Friedman could have mailed her request for exclusion herself. Accordingly, her failure to timely request exclusion does not constitute good cause or excusable neglect.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**CONCLUSION**

2      The Court **DENIES** Friedmann's Motion to Opt Out past the September 16, 2016 deadline.

3  Friedmann must remain a Class Member as do the others who did not timely request to opt out.

4      This Order disposes of Docket No. 2062.

5      **IT IS SO ORDERED.**

6

7  Dated: October 27, 2016

8

9  _____

10 CHARLES R. BREYER
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28