# EXHIBIT A

Elizabeth J. Cabraser (State Bar No. 083151)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: ecabraser@lchb.com

*Lead Counsel for Plaintiffs*
*(Plaintiffs' Steering Committee Listed on Signature Page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CONSUMER AND RESELLER ACTIONS | MDL 2672 CRB (JSC)<br><br>**DECLARATION OF ELIZABETH J. CABRASER IN SUPPORT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS UNDER FED. R. CIV. P. 23(H) AND PRETRIAL ORDER NOS. 7 AND 11**<br><br>The Honorable Charles R. Breyer |

I, ELIZABETH J. CABRASER, declare:

1. I am an attorney admitted to the Bars of the State of California and the Northern District of California. I am counsel of record for Plaintiffs in these proceedings, and serve, pursuant to Pretrial Order No. 7: Order Appointing Plaintiffs' Lead Counsel, Plaintiffs' Steering Committee, and Government Coordinating Counsel (Dkt. No. 1084) ("PTO 7") as Lead Plaintiffs' Counsel.

2. I also serve, pursuant to this Court's Orders Granting Preliminary and Final Approval of Settlement (Dkt. Nos. 1688, 2102), as Lead Settlement Class Counsel for the 2.0-liter TDI Consumer and Reseller Settlement Class.

3. The Volkswagen "Clean Diesel" claims were predominantly asserted in the form of class action complaints. Within weeks of the revelations regarding Defendants' use of "defeat devices" in diesel vehicles, hundreds of class action complaints had been filed in or removed to federal courts. These cases were coordinated and centralized by the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407 and assigned to Hon. Charles R. Breyer by Transfer Order dated December 8, 2015 (Dkt. No. 1). To date, more than 1,200 actions, most styled as class actions, have become a part of these MDL proceedings. They have been managed, pleaded, prosecuted, discovered, and, as to the 2.0-liter claims against the Volkswagen Defendants, certified and settled as a Rule 23 class action, with the PSC tasked with filing consolidated class action complaints, conducting common discovery, and appointed to serve as Class Counsel for the 2.0-liter Settlement. Pursuant to this authority, Settlement Class Counsel negotiated the Amended Consumer Class Action Settlement Agreement and Release (Dkt. No. 1685) (the "Settlement"), which the Court approved on October 25, 2016. Volkswagen has reported that, by November 3, 2016, over 75% of the Class had already registered for Settlement benefits, November 3, 2016, Status Conference, Hr'g Tr., Dkt. No. 2166 at 7, approximately 78% of whom have initially selected the buyback option. Thus far, Class Counsel have logged over 20,000 communications with Class Members—including communications by telephone, by correspondence, and by email—responding to questions and requests for information.

4. In PTO 7, the Court appointed counsel to lead these MDL proceedings and set forth their responsibilities. From 150 leadership applications received, the Court appointed 21 attorneys to the PSC, and the undersigned as Plaintiffs' Lead Counsel, noting that "this is an appropriate number given the amount of work this litigation may entail and the need for an expeditious resolution of this matter." Dkt. No. 1084 at ¶ 7. The Court also vested Plaintiffs' Lead Counsel with "the authority to retain the services of any attorney not part of the PSC to perform any common benefit work, provided the attorney so consents and is bound by the PSC's compensation structure." *Id*. at ¶ 2.

5. In Pretrial Order No. 11: Protocol for Common Benefit Work and Expenses ("PTO 11") (Dkt. No. 1254), the Court defined" Compensable Common Benefit Work and Common Expenses" and set forth the Court-ordered "Protocols for Submission of Time and Expenses" and for reimbursement of common benefit work.

6. To date, all PSC members have participated actively in funding the prosecution of the Class claims, by performing work on a priority basis as assigned and authorized by the undersigned, by incurring the necessary and appropriate out-of-pocket travel and administrative costs to do so, and additionally by contributing millions of dollars in assessments to a common benefit fund. This fund has been used to retain experts (including liability, technical, and procedural experts) to fund the massive document analysis and expedited trial preparation effort, and to pay one half of the services of the Court-appointed Settlement Master and his team, pursuant to Pretrial Order No. 6: Appointment of Robert S. Mueller III as Settlement Master (Dkt. No. 973 at ¶ 4).

7. An ongoing effort has been made to include and involve interested counsel in the common benefit work of the MDL, to an extent practicable and commensurate with the Court's directive for dispatch in the prosecution and resolution of the "clean diesel" claims. To date, in addition to the PSC, attorneys from nearly 100 firms have been requested and authorized by the undersigned to perform work under PTO 7 and have submitted records under PTO 11. For example, prior to the filing of the Consolidated Consumer Class Action Complaint (Dkt. No. 1230), the undersigned requested all firms who had submitted leadership applications and other

interested firms to submit information on plaintiffs interested in serving as proposed class representatives.  Information on over nearly 600 plaintiffs was submitted by dozens of firms.  All of these firms were asked to submit their time for this effort under PTO 11.

8. Section 11.1 of the operative Amended Consumer Class Action Settlement Agreement and Release (Dkt. No. 1685) provides that Volkswagen shall pay the reasonable attorneys' fees and costs for work performed by Class Counsel related to the prosecution and resolution of the 2.0-liter claims, as well as such work performed by other attorneys designated by Class Counsel, in an amount to be negotiated by the parties and approved by the Court.  There were no attorneys' fee negotiations until after the Settlement was signed and submitted to the Court.  After preliminary approval was granted and after Class Counsel filed their Statement describing the maximum fees to be sought (Dkt No. 1730), negotiations directed by the Court and assisted by a mediator yielded a total fees and costs amount ($175 million) that Volkswagen agreed not to oppose and to pay if awarded.  These fees and costs are the subject of the instant Motion.

9. The work of these MDL proceedings, and of the 2.0-liter Settlement, is unfinished.  The Settlement must be administered, implemented, defended and enforced until its benefits have been delivered to all successful claimants.  The fee request includes an amount reserved to compensate PSC and additional firms who are authorized by the undersigned under PTOs 7 and 11 to perform this prospective and necessary work.

10. In the Order Granting Preliminary Approval of Settlement (Dkt. No. 1688), the Court set forth the procedure for requesting an award of fees, as well as the requirements of for such a request.  Settlement Class Counsel complied with that Order by filing a Statement of Additional Information Regarding Prospective Request for Attorneys' Fees and Costs (Dkt. No. 1730) and, now that the Settlement has received Final Approval and the Parties have negotiated an agreed-upon fee/cost aggregate, by filing the instant Motion.[1]

---

[1] Although the Court's Orders, including PTO 11, establish the required contents for this fee request, the Motion also complies with N.D. Cal. Civil Local Rule 54-5 by reporting on the quantum and categories of work performed pursuant to PTO 11—the specific protocol on time and costs adopted by the Court for these MDL proceedings.

- 4 -

CABRASER DECL. ISO PLAINTIFFS' MOT. FOR
ATTYS' FEES & COSTS  RE: 2.0-LITER SETTLEMENT
MDL 2672 CRB (JSC)

1328725.2

1                 11.     Pursuant to the procedures outlined in PTO 11, attorneys and staff working at my direction and under my supervision collected and reviewed submissions of common benefit time and reimbursable costs and expenses submitted by the PSC and other law firms from whom I and other PSC members requested common benefit work per PTO 11.  The database maintaining the submissions has been meticulously maintained and updated weekly.

                12.     Only time and expenses that inured to the common benefit of the 2.0-liter TDI Consumer and Reseller Dealership Class and that advanced the claims resolved in the Amended Consumer Class Action Settlement Agreement and Release (Dkt. No. 1685) (the "Settlement") have been included in the time presented, and the costs submitted, in Plaintiffs' Motion For Attorneys' Fees And Costs Under Fed. R. Civ. P. 23(h) and Pretrial Order Nos. 7 and 11.  This excludes, to the extent reasonably possible, time and expenses directed towards prosecution or resolution of the claims based on 3.0-liter vehicles and against the Bosch defendants.

                13.     The final common benefit time submission includes approximately 1,222 discrete timekeepers from approximately 120 law firms.

                14.     The total number of common benefit hours associated with the prosecution and resolution of the 2.0-liter TDI claims against the Volkswagen Defendants is approximately 120,024.3.  This results in a combined lodestar of $63,526,785.70.  That includes the hours already worked and associated lodestar broken down by the Court-approved categories outlined in PTO 11,[2] as shown in Table 1 below.  The total fees requested—$167 million—represent a 2.63 multiplier of the $63,526,785.70 in combined lodestar.

---

[2] These task codes are: 1. Lead Counsel Calls/Meetings; 2. PSC Calls/Meetings; 3. Lead Counsel/PSC Duties; 4. Administrative; 5. MDL Status Conf.; 6. Court Appearance; 7. Research; 8. Discovery; 9. Doc. Review; 10. Litigation Strategy & Analysis; 11. Dep. Prep/Take/Defend; 12. Pleadings/Briefs/pre-trial Motions/Legal; 13. Science; 14. Experts/Consultants; 15. Settlement; 16. Trial Prep/Bellwether; 17. Trial; 18. Appeal; 19. Miscellaneous.

**Table 1**

| PTO 11 Category | Total Hours | Total Lodestar |
|---|---|---|
| 1 | 1166.2 | $917,371.80 |
| 2 | 1123.1 | $926,576.30 |
| 3 | 5931.2 | $2,869,955.80 |
| 4 | 5876.4 | $1,954,507.10 |
| 5 | 1017.7 | $770,835.10 |
| 6 | 957.5 | $748,683.90 |
| 7 | 6605.1 | $3,272,767.10 |
| 8 | 5627.8 | $3,427,403.20 |
| 9 | 27863.5 | $11,561,954.04 |
| 10 | 6297.8 | $4,357,836.60 |
| 11 | 100.3 | $70,734.00 |
| 12 | 10170.3 | $6,011,442.70 |
| 13 | 56.4 | $46,534.80 |
| 14 | 1521.5 | $1,034,260.20 |
| 15 | 22635.6 | $13,148,802.26 |
| 16 | 435.5 | $368,663.50 |
| 17 | 36.6 | $31,246.50 |
| 18 | - | - |
| 19 | 1314.4 | $1,007,210.80 |
| Reserved | 21287.4 | $11,000,000.00 |
| **Total** | **120024.3** | **$63,526,785.70** |

15. As shown above, the total also includes 21,287.4 hours of reserved time ($11 million in reserved lodestar) to cover the work necessary to (1) guide the hundreds of thousands of Class Members through the remaining 26 months of the Settlement Claims Period; (2) assist in the implementation and supervision of the Settlement, including by participating in the Claims Review Committee, as outlined in the Final Approval Order (Dkt. No. 2102 at 46); and (3) defend and protect the Settlement on appeal, among other things. This sum will be held in reserve and used to compensate the PSC members and other firms to be authorized by Plaintiffs' Lead Counsel to perform these necessary and appropriate steps to assure the delivery of Settlement benefits to the Class.

16. The projection was calculated in four steps. First, the average hours and lodestar associated with Settlement implementation from the months of July, August, and September,

1  2016, was determined.  That average was 3,239.1 hours and $1,673,782.57 in lodestar per month
2  for only Settlement-related time.  Second, the monthly average was multiplied by the number of
3  months (26) remaining between November 2016 (no November time was included in any of the
4  hours or lodestar submitted) and the end of the Claims Period in December 2018.  That resulted in
5  a total of 84,217.5 hours and a lodestar of $43,518,346.73 projected over the remaining life of the
6  Settlement.  Third, those projected totals were *reduced by 75%*, resulting in a final, conservative
7  projected future Settlement-administration lodestar of $10,879,586.68 (21,054.4 hours).  Finally,
8  the number was rounded to $11 million (21,287.4 hours).

9  17. The range of hourly rates varied considerably given the diversity of lawyers and
10 law firms tasked to perform common benefit work and includes some of the most qualified and
11 experienced lawyers in the country who the Court appointed to the PSC.  The hourly billing rates
12 ranged from $275 to $1600 for partners; from $150 to $790 for associates; and from $80 to $490
13 for paralegals.  These are the customary billing rates of the submitting lawyers and paralegals,
14 reflecting their experience and the economies of their law practices.  My customary hourly rate,
15 for example, awarded by federal courts in this District and elsewhere is $1,000 per hour.  The
16 average hourly billing rate for all common benefit work performed and projected per PTO 11 is
17 $529.

18 18. The aggregate common benefit costs and expenses total is $8 million. This total
19 includes the costs already expended, which are broken down by Court-approved category in PTO
20 11[3] in Table 2 below, and which equals $7,192,794.28.

---

[3] The cost categories are: 1. Assessment Fees; 2. Federal Express / Local Courier, etc.; 3. Postage Charges; 4. Facsimile Charges; 5. Long Distance; 6. In-House Photocopying; 7. Outside Photocopying; 8.  Hotels; 9.  Meals; 10. Mileage; 11. Air Travel; 12. Deposition Costs; 13.  Lexis/Westlaw; 14.  Court Fees; 15. Witness / Expert Fees; 16. Investigation Fees / Service Fees; 17. Transcripts; 18.  Ground Transportation (i.e. Rental, Taxis, etc.); and 19. Miscellaneous

**Table 2**

| PTO 11 Category | Common Benefit Costs |
|---|---|
| Category Breakdown | |

| PTO 11 Category | Common Benefit Costs |
|---|---|
| 1 | $4,787,500.00 |
| 2 | $10,187.85 |
| 3 | $5,087.46 |
| 4 | $73.15 |
| 5 | $13,074.11 |
| 6 | $71,594.73 |
| 7 | $15,296.37 |
| 8 | $269,200.38 |
| 9 | $96,659.90 |
| 10 | $6,341.23 |
| 11 | $518,734.07 |
| 12 | $101.20 |
| 13 | $129,101.93 |
| 14 | $584,242.96 |
| 15 | $277,791.68 |
| 16 | $157,927.02 |
| 17 | $2,266.06 |
| 18 | $91,924.23 |
| 19 | $155,689.95 |
| Reserved | $807,205.72 |
| **Total** | **$8,000,000.00** |

19. As shown above, the total requested costs per PTO 11 also include $807,205.72 in projected costs, which Settlement Class Counsel is responsibly reserving to cover expenses associated with the on-the-ground enforcement and assistance efforts this Settlement will take, as hundreds of thousands of class members across the country go to Volkswagen dealerships for buybacks or emissions modifications, and all other costs associated with the implementation and defense of the Settlement.

20. Plaintiffs thus seek an aggregate common benefit award of $167 million in fees and $8 million in costs, to be allocated by Plaintiffs' Lead Counsel among the PSC firms and additional counsel performing work under PTOs 7 and 11.

I declare under penalty of perjury that the forgoing is true and correct.  Executed in Miami, Florida, this 8th day of November 2016.

>    */s/ Elizabeth J. Cabraser*
>    Elizabeth J. Cabraser

CABRASER DECL. ISO PLAINTIFFS' MOT. FOR ATTYS' FEES & COSTS  RE: 2.0-LITER SETTLEMENT
MDL 2672 CRB (JSC)

1328725.2