

## MASS TORT
## LEGAL SERVICES AGREEMENT
## AND
## CONSENT AND DISCLOSURE

This Agreement, executed by each party to the Agreement is entered into and made between Tomas, Gintare Savelskas (hereinafter "Client"), and Todd Strong/Strong Law Offices (hereinafter "Attorney").

The Legal Services to be provided by Attorney to Client are as follows: Representation of Client with respect to injuries, damages, litigation, and/or settlement/compromise arising out of the Client purchase, ownership, and/or leasing of a vehicle affected by the Volkswagen Clean Diesel Emissions Controls and Defeat Device Scandal and resulting Litigation.

### SCOPE OF LEGAL SERVICES AND REPRESENTATION

**1.1** Legal Services that are to be provided by Attorney under this Agreement specifically include, but are not limited to, the following: Representation with respect to (i) any claim for monetary damages arising out of the purchase, ownership, and/or leasing of a Volkswagen, Audi, and/or Porsche motor vehicle identified as a diesel model and that is identified as being directly affected by the Volkswagen Clean Diesel Emissions Controls and Defeat Device Scandal and litigation; (ii) claims for breach of contract; (iii) consumer fraud; (iv) breach of warranty; and/or (v) other civil actions related to and/or arising out of and/or relating to the purchase, ownership, and/or leasing of a Volkswagen, Audi, and/or Porsche motor vehicle identified as a diesel model and that is identified as being directly affected by the Volkswagen Clean Diesel Emissions Controls and Defeat Device Scandal and litigation.

**1.2** A separate Written Agreement between Attorney and Client will be required, if Client desires that Attorney provide any other Legal Services not specifically provided under this Agreement, including, but not limited to, providing any defense and/or indemnity to Client for any claims wherein Client is named as a "Defendant" and/or "Respondent" in a counter-claim, cross-claim, or otherwise.

**1.3** Client will be truthful and cooperative with Attorney and keep Attorney reasonably informed of developments in Clients status relating to representation, if any, of Client's address, telephone number and whereabouts, and will promptly notify Attorney of any change in Client's physical/mental condition requiring the appointment of a legal

guardian of a disabled person and/or the appointment of a legal representative of the Client's estate.

## ATTORNEY FEES

**2.1** The amount Attorney will receive for Attorney Fees for Legal Services to be provided under this Agreement will be:

33 1/3 percent (%) of any amount received by compromise, settlement, arbitration, and/or mediation prior to the filing of a lawsuit and/or legal proceeding;

33 1/3 percent (%) of any amount recovered by settlement, compromise, arbitration, mediation and/or final judgment of any Court after the filing of a lawsuit and/or legal proceeding; and

40 percent (%) of any amount recovery after the filing of an appeal of a final judgment of any Court by either party.

**2.2** For purposes of this Agreement, "settlement" and "compromise" shall refer to any agreement made by Attorney with Client's approval, and/or any agreement made by Client with or without Attorney's approval. Client and Attorney hereby expressly acknowledge that Attorney has no authority to agree to any settlement and/or compromise without Client's express consent.

**2.3** If payment of all or any part of the amount received and/or recovered will be deferred (such as in the case of an annuity, structured settlement, and/or periodic payments), the amount received and/or recovered for purposes of calculating the Attorney Fees will be the initial "lump-sum" amount plus the present value, as of the time of the settlement, compromise, arbitration, mediation and/or final judgment of any Court of the payment(s) to be received thereafter. The Attorney Fees will be paid out of the initial "lump-sum" payment. If the initial "lump-sum" payment is insufficient to pay the Attorney Fees in full, the balance will be paid from subsequent payments of the recovery before any distribution to Client.

**2.4** Client understands that these Attorney Fees are not set by law, but rather, have been negotiated between the Attorney and Client.

**2.5** Client and Attorney understand that in the event that there is no recovery, Attorney will receive no Attorney Fees.

**2.6** Attorney will advance all necessary "costs" and "expenses" in connection with Attorney's representation of Client under this Agreement including, but not limited to, Court filing fees, deposition costs, expert fees and expenses, investigation costs, long-distance telephone charges, messenger service fees, photocopying expenses, process server fees, court-reporting fees, witness fees. Client shall reimburse the amount, in full, of all "costs" and "expenses" advanced by Attorney on behalf of Client under this Agreement out of any recovery before any distribution to Client.

2.7  Items that are not to be considered "costs" and "expenses", and that must be paid by Client without being either advanced or contributed to by Attorney include, but are not limited to, "case advances" and/or "case loans" procured by Client with other parties and/or any of the costs, fees, penalties, etc associated with such "case advances" and/or "case loans." Attorney discourages client from use of case loans or advances at all times.

2.8  Attorney reserves the right to employ other counsel, or co-counsel at no added expense to Client if Attorney believes that such other and/or additional counsel, or co-counsel is desirable and/or necessary in Attorney's discretion. Attorney will divide the Attorney Fees received for the Legal Services provided under this Agreement with any such other counsel, or co-counsel, and Client hereby expressly consents to such division.

2.9  All proceeds of Client's case shall be deposited into Attorneys' trust account for disbursement in accordance with the provisions of this Agreement.

## CONFLICT OF INTEREST

3.1  Client hereby expressly acknowledges, and consents to Attorney's representation of other Clients with the same or substantially similar claims and/or causes of action against one or more common Defendants and/or Respondents (*i.e.* mass tort claims) where the claims and/or causes of action arise out of factual and legal issues common to multiple Clients as is often the case in mass tort claims involving numerous litigants.

## DUTIES AND OBLIGATIONS

4.1  Attorney will not settle or compromise Client's claim and/or cause of action without prior approval and consent of Client, who retains the absolute right to accept or reject any settlement or compromise. Attorney will notify Client promptly of the terms of any settlement or compromise offer received by Attorney.

4.2  Attorney will have a lien for Attorney Fees and costs and expenses advanced on all claims and/or causes of action that are the subject of this Agreement for Legal Services and representation of Client, and on all proceeds of any recovery obtained whether by settlement, compromise, arbitration, mediation and/or final judgment of any Court after the filing of a lawsuit and/or legal proceeding.

4.3  Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If Attorney is Client's "Attorney of Record" in any lawsuit or legal proceeding, Client will execute and return a substitution-of-attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, Client will be obligated to pay Attorney out of any recovery, whether by settlement, compromise, arbitration, mediation and/or final judgment of any Court after the filing of a lawsuit and/or legal proceeding a reasonable Attorney's Fee for all services provided, and to reimburse Attorney out of any recovery,

whether by settlement, compromise, arbitration, mediation and/or final judgment of any Court after the filing of a lawsuit and/or legal proceeding all costs and expenses advanced by Attorney on behalf of Client. If there is no recovery, or recovery is insufficient to reimburse Attorney in full for costs, Attorney will bear the loss.

4.4 Attorney may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of Illinois. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (i) the representation will result in a violation of the Rules of Professional Conduct or other law; (ii) Attorney is discharged; (iii) Client insists upon taking action that Attorney considers repugnant or with which Attorney has a fundamental disagreement; (iv) Client fails substantially to fulfill an obligation to Attorney regarding Attorney's services and has been given reasonable warning that Attorney will withdraw unless the obligation is fulfilled; (v) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; and/or (vi) other good cause for withdrawal exists. Notwithstanding Attorney's withdrawal, Client will be obligated to pay Attorney out of any recovery, whether by settlement, compromise, arbitration, mediation and/or final judgment of any Court after the filing of a lawsuit and/or legal proceeding a reasonable Attorney's Fee for all services provided, and to reimburse Attorney out of any recovery, whether by settlement, compromise, arbitration, mediation and/or final judgment of any Court after the filing of a lawsuit and/or legal proceeding all costs and expenses advanced by Attorney, before the withdrawal. If there is no recovery, or the recovery is insufficient to reimburse Attorney will bear the loss.

4.5 At the termination of Legal Services under this Agreement, Attorney will promptly release to Client, upon request, all of Client's papers and property. "Client's papers and property" include, but are not limited to, correspondence, deposition transcripts, exhibits, expert's reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation. However, Attorney may retain papers as security for Attorney Fees, and/or security for the reimbursement of costs and/or expenses advanced by Attorney on behalf of Client to the extent permitted by law.

4.6 Although Attorney may offer opinions to Client about possible results and/or outcomes regarding the subject matter of this Agreement, Client hereby expressly acknowledges that Attorney cannot guarantee any particular result nor guarantee success. Client further hereby expressly acknowledges that Attorney has made no promises about the result and/or outcome, and that any opinion offered by Attorney in the future will not constitute a guaranty.

4.7 Client hereby expressly acknowledges that pursuing litigation, lawsuits and legal proceedings carries with it a significant degree of risk and expense, and that no result and/or outcome can be guaranteed or assured by Attorney. Further, Client hereby expressly acknowledges that product liability litigation involve significant scientific, and engineering opinions which differ greatly throughout the scientific, and engineering communities and that the pursuit of such litigation involves uncertainty of evolving scientific, and engineering theories and therefore Attorney cannot guarantee any

particular result nor guarantee success, nor has made any promises about the result and/or outcome of any such litigation, and that any opinion offered by Attorney in the future will not constitute a guaranty.

**4.8** Client hereby expressly acknowledges that pursuing mass tort litigation, and product liability litigation pose a large risk, and involve the expenditure of a significant amount of Attorney's time and involve a significant expenditure of costs and expenses, and Client hereby expressly consents that Attorney may voluntarily dismiss Client's claim and/or cause of action, without prejudice to refile without Client's prior approval and/or withdraw as Attorney where, based upon Attorney's reasonable, professional belief and judgment, further advancement of costs and expenses is not justifiable because there is little to no likelihood of success, or when the likely costs and expenses necessary to continue outweigh the prospective economic benefit.

**4.9** Client acknowledges that Attorney is not making any opinions as to the applicable statute of limitations to client's potential mass tort claim. Attorney relies upon client's representatives of how, when and where client was injured. Should other evidence reveal a different date of injury or discovery, Client holds Attorney harmless for mistake of fact or facts upon which Attorney relied.

**4.10** This Agreement contains the entire Agreement of Attorney and Client. No other Agreement, Statement, or Promise made on or before the effective date of this Agreement will be binding on either Attorney or Client.

**4.11** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of the Agreement will be severable and remain in full force and effect.

**4.12** This Agreement may be modified by subsequent agreement of Attorney and Client only by a written instrument, signed by both Attorney and Client.

**4.13** This Agreement shall be construed and enforced in accordance with the laws of the State of Illinois.

**4.14** The prevailing party in any action or proceeding to enforce any provision of this Agreement will be awarded reasonable Attorney Fees and costs incurred in that action or proceeding, or in efforts to negotiate the matter.

**4.15** A photocopy or duplicate of this agreement has the same force and effect as an original.

## EFFECTIVE DATE

This Agreement will be effective immediately when Attorney receives one executed copy of this Agreement from Client.

Date: 03 01 2016

Client: _[signature]_

Date: 3/1/16

Attorney: _[signature]_

Date: 03 01 2016

Client: Gustave Seve_[signature]_