Michael T. Whittington, Esq. (Bar No. 116875)
Law Office of Michael T. Whittington
10000 Stockdale Hwy., Suite 380
Bakersfield, CA 93311
Mtw@mtwlawyer.com
(661) 664-6899; Fax (661) 664-6799

Attorney for Manuel Sedano, Jose Arredondo and Mission Bay Motors, Inc.,
Assignee of Putative Class Member, City Chevrolet, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPLETON, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br>et. al.,<br><br>Defendants | ) MDL No. 15-2672 (N.D. Cal.)<br>) (Case No. 3:15-MD-02672- CRB)<br>)<br>) NOTICE OF MOTION OF MISSION<br>) BAY MOTORS TO INTERVENE<br>) (RULE 24(b)) TO OBJECT AND<br>) OPPOSE THE MOTION OF CITY<br>) CHEVROLET, INC. TO ENFORCE<br>) SETTLEMENT<br>)<br>) Hearing Date: March 17, 2017<br>) Time:        10:00 a.m.<br>) Place:        Courtroom 6<br>)              450 Golden Gate Avenue,<br>                San Francisco, CA 94102 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 17, 2017 at 10:00 AM in courtroom 6 of the

above-entitled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Mission Bay

Motors Inc., as Assignee of putative class plaintiff City Chevrolet Inc., will move the court for an

Order permitting it to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure for

the limited purpose of opposing and objecting to the motion of City Chevrolet, Inc. to enforce

settlement agreement.

This motion will be based upon this Notice of Motion, the Memorandum of Points and

Authorities and declaration of Michael T Whittington filed in support of the motion and all other

pleadings, records and files contained in the court's file, and upon such further oral or documentary

evidence as may be presented prior to or at the hearing of the motion.

Dated; February 21, 2017

_____

MICHAEL T. WHITTINGTON, Attorney for Mission Bay
Motors, Inc., Assignee of putative class member, City
Chevrolet, Inc.

Notice of Motion to Intervene

Michael T. Whittington, Esq. (Bar No. 116875)
Law Office of Michael T. Whittington
10000 Stockdale Hwy., Suite 380
Bakersfield, CA 93311
Mtw@mtwlawyer.com
(661) 664-6899; Fax (661) 664-6799

Attorney for Manuel Sedano, Jose Arredondo and Mission Bay Motors, Inc.,
Assignee of Putative Class Member, City Chevrolet, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPLETON, et. al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br>et. al.,<br><br>    Defendants | MDL No. 15-2672 (N.D. Cal.)<br>(Case No. 3:15-MD-02672- CRB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE (RULE 24(b) TO OBJECT TO AND OPPOSE THE MOTION OF CITY CHEVROLET, INC. TO ENFORCE SETTLEMENT AGREEMENT<br><br>Hearing Date: March 17, 2017<br>Time:  10:00 a.m.<br>Place:  Courtroom 6<br>   450 Golden Gate Avenue,<br>   San Francisco, CA 94102 |

## I
## INTRODUCTION

Mission Bay Motors, Inc., Manuel Sedano and Jose Arredondo (collectively "Mission Bay Motors") is the contractual assignee of putative class member, City Chevrolet, Inc. ("City Chevrolet"). City Chevrolet has filed a motion to enforce the settlement agreement between the Volkswagen defendants and the Franchise Dealer plaintiff class.

The putative class member rights of City Chevrolet with respect to the pending Franchise Dealer settlement have been assigned to Mission Bay Motors by and through that certain fully

performed *Dealership Asset Purchase and Sale Agreement* ("Agreement"). Mission Bay Motors stands in the shoes of City Chevrolet and is therefore the *de facto* putative class member with respect to the subject matter of the City Chevrolet motion. Mission Bay Motors is rightfully entitled to all Franchise Dealer settlement proceeds in the above-referenced action which have been approved by this court and which are designated for payment to the *City Volkswagen* dealership in San Diego, California.

Mission Bay Motors has timely filed its objections and opposition to the City Chevrolet motion. Mission Bay Motors, as assignee, asserts it has standing to object and oppose the City Chevrolet motion. However, this Rule 24 motion is brought to eliminate any standing issue.

## II
## RULE 24 MOTIONS

Federal Rules of Civil Procedure, Rule 24 governs the efforts of persons and entities to intervene in a pending action. It states, in pertinent part, as follows:

"Rule 24. Intervention

(a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) PERMISSIVE INTERVENTION.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

Mission Bay Motors brings the instant motion under sub-section (b)(1)(B) of Rule 24. As set forth below, Mission Bay Motors makes a claim to the settlement proceeds in the Franchise

Dealer class settlement. The claim and rights asserted by Mission Bay Motors are common to (and directly opposed to) the claims and rights asserted by City Chevrolet in its motion to enforce settlement agreement.

### III
### THE COURT SHOULD GRANT THE MOTION OF MISSION BAY MOTORS TO INTERVENE TO OPPOSE THE CITY CHEVROLET MOTION

Pursuant to its Agreement with City Chevrolet, Mission Bay Motors alleges it is the express contractual assignee of City Chevrolet with respect to any and all proceeds, benefits, or other income of any nature whatsoever paid by Volkswagen on or after August 1, 2016. Mission Bay Motors further contends that the scope and breadth of this express assignment absolutely extends to the Franchise Dealer class action settlement proceeds. As such, Mission Bay Motors is exclusively entitled to receive the settlement proceeds described above, notwithstanding the arbitrary September 18, 2015 class designation date.

City Chevrolet now disputes the scope of such assignment and is attempting in its motion to quickly garner a financial windfall of nearly $3 million, to which it has no right or entitlement, either legally or equitably. Mission Bay Motors and City Chevrolet have each made formal demand on Volkswagen for payment of the Franchise Dealer settlement monies approved by this court for the *City Volkswagen* dealership. Mission Bay Motors has also commenced a lawsuit in the Superior Court of California in and for the County of San Diego (*Sedano et al vs. City Chevrolet)* to perfect and affirm its contractual assignment rights to the Franchise Dealer class action settlement proceeds. Volkswagen is a named defendant in the state court action.

There can be no dispute that Mission Bay Motors and City Chevrolet assert claims that involve common questions of fact and law, as required by Rule 24 permissive intervention motions. Both parties claim an entitlement to the same Franchise Dealer class action settlement proceeds; City Chevrolet as putative class member, and Mission Bay Motors as assignee of

putative class member.

Intervention on ground of common questions of law and fact lies within the discretion of the court. *Pierce v Mackay Radio & Tel.* Co. (D. Mass. 1957), 154 F Supp 157. The court can look to several decisions for guidance in considering a permissive intervention motion. *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326 (9th Cir. Cal. 1977) is instructive.

"Where a party may not intervene as a matter of right, the trial court may consider whether permissive intervention is appropriate. Although a district court's discretion in this regard is broad, it is nevertheless subject to review on appeal. *United States v. Bd. of School Commissioners*, 466 F.2d 573, 576 (7th Cir. 1972). If the trial court determines that the initial conditions for permissive intervention under rule 24(b)(1) or 24(b) ((2) are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention. These relevant factors include the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. Cal. 1977)

Under the above cited *Spangler* factors, Mission Bay Motors should be permitted to intervene. The legal position Mission Bay Motors seeks to advance is that which directly opposes the legal position asserted by its assignor, City Chevrolet. There can be only one rightful payee of the approved Franchise Dealer class action settlement proceeds, and both parties asserting such rights should be permitted to voice their claims before this court. The objection and opposition of Mission Bay Motors respectfully urges the court to defer to pending state court action for the final determination of the assignment rights and intent of the parties under the controlling Agreement. Permissive intervention is appropriate for the court to consider the position and arguments put forth by Mission Bay Motors.

The claims asserted by Mission Bay Motors in opposition to the pending City Chevrolet

motion are directly relevant to the merits of the claims of the plaintiff class, and therefore the approved class action settlement. Moreover, there is no prejudice to the court or any other party to the pending action by permitting Mission Bay Motors the limited right to intervene for the purpose of objecting and opposing the City Chevrolet motion.

Respectfully, this court should grant the motion of Mission Bay Motors to intervene under Rule 24 (b)(1)(B) for the limited purpose of opposing the motion filed by City Chevrolet to enforce settlement agreement. Copies of Mission Bay Motors' previously filed objection and opposition to the City Chevrolet motion are attached hereto as Exhibit "A."

Dated; February 21, 2017

_____
MICHAEL T. WHITTINGTON, Attorney for Mission Bay
Motors, Inc., Assignee of putative class member, City
Chevrolet, Inc.

**EXHIBIT 'A'**

Michael T. Whittington, Esq. (Bar No. 116875)
Law Office of Michael T. Whittington
10000 Stockdale Hwy., Suite 380
Bakersfield, CA 93311
Mtw@mtwlawyer.com
(661) 664-6899; Fax (661) 664-6799

Attorney for Manuel Sedano, Jose Arredondo and Mission Bay Motors, Inc.,
Assignee of Putative Class Member, City Chevrolet, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPLETON, et. al.,<br><br>           Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., et. al.,<br><br>           Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 15-2672 (N.D. Cal.)<br>(Case No. 3:15-MD-02672- CRB)<br><br>OBJECTION AND OPPOSITION TO MOTION OF CITY CHEVROLET, INC. TO ENFORCE SETTLEMENT<br><br>Hearing Date: March 17, 2017<br>Time:      10:00 a.m.<br>Place:      Courtroom 6<br>          450 Golden Gate Avenue,<br>          San Francisco, CA 94102 |

**I**
**INTRODUCTION**

Mission Bay Motors, Inc., Manuel Sedano and Jose Arredondo (collectively "Mission Bay Motors") is the contractual assignee of putative class member, City Chevrolet, Inc. ("City Chevrolet"). Mission Bay Motors is rightfully entitled to all Franchise Dealer settlement proceeds in the above-referenced action which have been approved by this court and which are designated for payment to the *City Volkswagen* dealership in San Diego, California.

Mission Bay Motors has standing to object and oppose the instant motion. The putative

class member rights of City Chevrolet with respect to the pending Franchise Dealer settlement have been assigned to Mission Bay Motors by and through that certain fully performed *Dealership Asset Purchase and Sale Agreement* ("Agreement"). Mission Bay Motors stands in the shoes of City Chevrolet and is therefore the *de facto* putative class member with respect to the subject matter of this motion. City Chevrolet now disputes the scope of such assignment and is attempting herein to quickly garner a financial windfall of nearly $3 million, to which it has no right or entitlement, either legally or equitably. Mission Bay Motors has made formal demand on Volkswagen for payment of the Franchise Dealer settlement monies approved by this court for the *City Volkswagen* dealership.

## II
## THE PENDING STATE COURT ACTION

Mission Bay Motors has commenced a lawsuit in the Superior Court of California in and for the County of San Diego (*Sedano et al vs. City Chevrolet*) to perfect and affirm its contractual assignment rights to the Franchise Dealer class action settlement proceeds. Volkswagen is a named defendant in the state court action. Immediately prior to the filing of the instant motion by City Chevrolet, Volkswagen expressed its intent to interplead into the state court action the Franchise Dealer class action settlement monies approved and designated for the San Diego *City Volkswagen* dealership and allow the parties to litigate their competing claims [1]. Mission Bay Motors acknowledges that by interpleading the disputed settlement monies, the rights of all parties are preserved and Volkswagen will avoid the possibility of future litigation brought by Mission Bay Motors.

---

1 See Exhibit "A" to Declaration of Monika Sullivan filed in support of the instant motion, wherein attorney David Possick on behalf of Volkswagen states on February 3, 2017 that "*We therefore will proceed with the interpleader complaint, likely sometime next week, and we will be sure to send you a copy as soon as it is filed.*"

Objection and Opposition to Motion to Enforce Settlement

## III
## MISSION BAY MOTORS IS LEGALLY ENTITLED TO THE SETTLEMENT PROCEEDS, AS ASSIGNEE OF CITY CHEVROLET

Pursuant to its Agreement with City Chevrolet, Mission Bay Motors is the express contractual assignee of City Chevrolet with respect to any and all proceeds, benefits, or other income of any nature whatsoever paid by Volkswagen on or after August 1, 2016. The scope and breadth of this express assignment absolutely extends to the Franchise Dealer class action settlement proceeds. As such, Mission Bay Motors is exclusively entitled to receive the settlement proceeds described above, notwithstanding the arbitrary September 18, 2015 class designation date.

Wholly independent of Mission Bay Motor's express contractual assignment rights, fundamental equitable considerations also dictate a finding of Mission Bay Motors' entitlement to the settlement funds. The evidence in the state court action will conclusively prove that the Agreement between the parties was completely void of any reservation or retention by City Chevrolet of potential settlement monies in the Franchise Dealer class action, which was known to be pending by City Chevrolet at the time the Agreement was executed, throughout the escrow and at the time of the escrow closing. If City Chevrolet harbored an intent to retain for itself any Franchise Dealer class action settlement proceeds, it would have expressed such an intent in the Agreement to otherwise offset or negate the Agreement's broad, general assignment language. It did not. In fact, City Chevrolet never even disclosed to Mission Bay Motors the existence of the pending Franchise Dealer class action.[2]

Consider hypothetically the competing claims and rights of a past owner (City Chevrolet)

---

[2] Mission Bay Motors has asserted in the state court action both fraud and breach of contract claims against City Chevrolet, based upon the concealment and/or nondisclosure of this material fact.

Objection and Opposition to Motion to Enforce Settlement

and a present owner (Mission Bay Motors) of a Volkswagen dealership, whose sale and escrow closing had occurred on September 19, 2015, *one day after* the Franchise Dealer class designation date. Under a distorted and blind implementation of the approved class action settlement, the past owner would be entitled to 100% of the sizable settlement proceeds (nearly $3 million in our case), notwithstanding a complete absence of any damages or economic harm suffered by the past owner from the public disclosure of the TDI issue a day before the change in ownership. In a dispute stemming from such a scenario, a state court adjudicating the rights of the parties and interpreting the controlling Buy-Sell agreement would necessarily look to the *intent of the parties* under the contract. It is legally inconceivable that under such an example the past owner/seller of the dealership could prove an entitlement to any portion of the Franchise Dealer class action settlement proceeds, because no such intent could possibly have been formed or expressed since the TDI issue and subsequent Franchise Dealer class action case were not publicly known yet.

From a legal analysis, the City Chevrolet-Mission Bay Motors dispute now pending before the San Diego County Superior Court is no different, and the outcome will be the same based upon the court's required interpretation of the controlling Buy-Sell contract and the intent of the parties set forth therein. City Chevrolet had every opportunity in the world to carve out from its Agreement with Mission Bay Motors and retain for itself the known Franchise Dealer class action settlement benefits. It did not do so, and cannot now make such an unsupported claim. All Franchise Dealer class action settlement benefits have been fully assigned by City Chevrolet to Mission Bay Motors, as will be ultimately determined in the state court action.

Consider the alternative hypothetical wherein a dealership is sold and transferred after the public disclosure of the TDI issue, but before this court's approval of the Franchise Dealer class action settlement. If, for example, the buyer and seller had expressly identified and incorporated into their agreement the specific assignment in favor of the buyer of *"any potential, future*

settlement proceeds derived from the Napleton Franchise Dealer class action case," this court would have no choice but to direct Volkswagen to pay that component of the approved settlement designated for that particular dealership *to the buyer* (as assignee), and not to the seller. This would not run afoul of the court's approved settlement, and could easily be accomplished by the court simply adapting its Order to approve payment to each putative class member, *or its assignee*, as determined by Volkswagen and the parties or a court of competent jurisdiction. In such case, the intent of the approved Franchise Dealer class action settlement is fully realized, while at the same time preserving the contractual rights of the putative class member and its assignee. There is also no prejudice to Volkswagen.

Mission Bay Motors concedes that it's Agreement with City Chevrolet does not contain language identifying a specific assignment of "*any potential, future settlement proceeds derived from the Napleton Franchise Dealer class action case,*" as discussed in the above hypothetical. Again however, this does not alter or distinguish the correct legal analysis. The difference in the two cases is simply the depth of judicial examination and interpretation required to adjudicate the assignment rights which are set forth in the City Chevrolet–Mission Bay Motors Agreement. Thus, even absent such specific, expressed language, Mission Bay Motors can and will succeed in proving its entitlement to the settlement proceeds based upon: 1) the controlling broad assignment language (all monies, etc. paid by Volkswagen) in the Agreement; and 2) the conspicuous absence of any reservation or retention by City Chevrolet of such rights, notwithstanding its knowledge of the pending Franchise Dealer class action case.

Respectfully, this court should not, in this summary motion proceeding, substitute its cursory findings for that of the state court after a full evidentiary trial on the merits. The assignment rights now claimed to be unconditionally held by Mission Bay Motors can and should only be fully adjudicated in the pending state court action.

Objection and Opposition to Motion to Enforce Settlement

## IV
## THE PURPOSE OF THE SETTLEMENT

There is no merit to any claim by City Chevrolet that it is entitled to the settlement proceeds based upon an implication that the resale value of its dealership was somehow reduced or tarnished by the public disclosure on or about September 18, 2015 of the Volkswagen TDI issue. The evidence in the state court lawsuit will demonstrate that City Chevrolet was hemorrhaging losses in the range of $500,000 per year for several years before Mission Bay Motors purchased the dealership. In truth, Mission Bay Motors took this badly failing business off the hands of City Chevrolet by purchasing its parts inventory and other tangible assets. Based upon its recent history of significant annual business losses, the *City Volkswagen* dealership had nominal, if any, goodwill or intangible value either at the time Mission Bay Motors entered into the Agreement or at the close of escrow. These facts will be conclusively established in the state court action through the presentation of both forensic accounting evidence as well as evidence of City Chevrolet's efforts to sell (and its internal valuation) the City Volkswagen dealership, ***prior to*** the 2015 disclosure of the TDI issue.

The primary intent and purpose of the Franchise Dealer class action settlement is to compensate existing dealerships for the economic harm they will most certainly suffer over the coming months and years. Volkswagen has already engaged an aggressive plan to compensate its existing dealerships for their current and past economic damages through substantial monthly operational subsidy payments. The monthly subsidy payments must be viewed as Volkswagen's *interim* Franchise Dealer class action settlement proceeds. The *final* settlement proceeds are the direct, logical extension of the monthly subsidy payments paid by Volkswagen to each of its dealerships over the past year.[3] By uncontested operation of the Agreement, City Chevrolet

---

3 The *City Volkswagen* dealership has been paid nearly $40,000 per month by Volkswagen as a monthly operational

Objection and Opposition to Motion to Enforce Settlement

unconditionally forfeited and assigned to Mission Bay Motors the right to all future monthly subsidy payments effective upon the close of escrow on the sale of the dealership. In the precise same manner, City Chevrolet has unconditionally assigned to Mission Bay Motors the right to receive any *final* Franchise Dealer class action settlement proceeds.

Mission Bay Motors is now, and will continue to be in the foreseeable future, solely responsible for Volkswagen turbocharged direct-injection ("TDI") issues that arise from any and all customers of the *City Volkswagen* dealership. Conversely, City Chevrolet bears no financial responsibility whatsoever to any prior customers of the dealership for TDI issues. The Franchise Dealer class action settlement is not intended to be a financial windfall to past owners of failing dealerships, who now bear absolutely no fiscal responsibility for any of the *future* economic harm and damages that will come to rest at the feet of existing dealerships because of the still unresolved TDI issue.

The very idea that City Chevrolet is now entitled to a windfall payment from Volkswagen of nearly $3 million in Franchise Dealer class action settlement proceeds, without shouldering any responsibility whatsoever for the certain *future* losses and economic hardship Mission Bay Motors will incur over the next several years, is simply ludicrous. If Mission Bay Motors is denied the opportunity to prove its assignment rights from putative class member, City Chevrolet, and is thereby excluded from the Franchise Dealer class action settlement, the intent of the settlement is frustrated and Mission Bay Motors will have no choice but to look to new litigation against Volkswagen to address its imminent future economic losses.

---

subsidy payment, leading up to the approval of the Franchise Dealer class action settlement. Mission Bay Motors has received and retained all such subsidy payments since August, 2016 (close of escrow) without any claim or demand whatsoever from City Chevrolet.

## V
## CONCLUSION

Mission Bay Motors, as *de facto* putative class member, urges the court to deny the motion of City Chevrolet as prayed. Respectfully, the court should modify or clarify its previous Order approving the Franchise Dealer class action settlement to direct Volkswagen to pay the designated component of the settlement intended for the San Diego *City Volkswagen* dealership to *the putative class member, or its assignee, as determined by Volkswagen and the parties or by a court of competent jurisdiction.* By so ruling, this court will directly carry out the primary intent of the approved settlement, preserve the rights of all interested parties and also minimize the likelihood of further TDI litigation against Volkswagen.

Dated; February 21, 2017

_____
MICHAEL T. WHITTINGTON, Attorney for Mission Bay
Motors, Inc., Assignee of putative class member, City
Chevrolet, Inc.

Michael T. Whittington, Esq. (Bar No. 116875)
Law Office of Michael T. Whittington
10000 Stockdale Hwy., Suite 380
Bakersfield, CA 93311
Mtw@mtwlawyer.com
(661) 664-6899; Fax (661) 664-6799

Attorney for Manuel Sedano, Jose Arredondo and Mission Bay Motors, Inc.,
Assignee of Putative Class Member, City Chevrolet, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NAPLETON, et. al.,<br><br>          Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br>et. al.,<br><br>          Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 15-2672 (N.D. Cal.)<br>(Case No. 3:15-MD-02672- CRB)<br><br>DECLARATION OF MANUEL<br>SEDANO IN SUPPORT OF<br>OBJECTION AND OPPOSITION TO<br>MOTION OF CITY CHEVROLET,<br>INC. TO ENFORCE SETTLEMENT<br><br>Hearing Date: March 17, 2017<br>Time:     10:00 a.m.<br>Place:     Courtroom 6<br>        450 Golden Gate Avenue,<br>        San Francisco, CA 94102 |

I, Manuel Sedano, hereby declare as follows:

1.     I am the President and Chief Executive Officer of Mission Bay Motors, Inc.,

("Mission Bay Motors"). I have personal knowledge of the facts set forth in this declaration, and

if called as a witness could competently and truthfully testify to each of the facts set forth herein.

2.     The putative class member rights of City Chevrolet with respect to the pending

Franchise Dealer settlement have been assigned to Mission Bay Motors by and through that certain

fully performed *Dealership Asset Purchase and Sale Agreement* ("Agreement").

3.     Mission Bay Motors is the contractual assignee of putative class member, City

Chevrolet, Inc. ("City Chevrolet").  Mission Bay Motors is rightfully entitled to all Franchise Dealer settlement proceeds in the above-referenced action which have been approved by this court and which are designated for payment to the *City Volkswagen* dealership in San Diego, California. Mission Bay Motors has made formal demand on Volkswagen for payment of the Franchise Dealer settlement monies approved by this court for the *City Volkswagen* dealership.

4.      City Chevrolet is attempting herein to quickly garner a financial windfall of nearly $3 million, to which it has no right or entitlement, either legally or equitably.

5.      Mission Bay Motors has commenced a lawsuit in the Superior Court of California in and for the County of San Diego (*Sedano et al vs. City Chevrolet*) to perfect and affirm its contractual assignment rights to the Franchise Dealer class action settlement proceeds.

6.      The Agreement was completely void of any reservation or retention by City Chevrolet of potential settlement monies in the Franchise Dealer class action, which was known to be pending by City Chevrolet at the time the Agreement was executed, throughout the escrow and at the time of the escrow closing.

7.      At no time during negotiations, after signing the Agreement or through the close of escrow did City Chevrolet ever disclosed to Mission Bay Motors the existence of the pending Franchise Dealer class action. Had such disclosure been made, Mission Bay Motors would have insisted that the Agreement be appropriately amended to include the unconditional assignment by City Chevrolet of all benefits, monies or interim or final settlement proceeds payable by Volkswagen under the pending Franchise Dealer class action.

8.      City Chevrolet had every opportunity to carve out from the Agreement with Mission Bay Motors and retain for itself the known Franchise Dealer class action settlement benefits. It did not do so, and all Franchise Dealer class action settlement benefits have been fully assigned by City Chevrolet to Mission Bay Motors.

9.     Based upon my review of financial information provided by City Chevrolet regarding the business operations of its *City Volkswagen* dealership, I am informed and believe and hereby assert that City Chevrolet was sustaining losses in the range of $500,000 per year for several years before Mission Bay Motors purchased the dealership. Mission Bay Motors took this badly failing business off the hands of City Chevrolet by purchasing its parts inventory and other tangible assets. Based upon its recent history of significant annual business losses, the *City Volkswagen* dealership had nominal, if any, goodwill or intangible value either at the time Mission Bay Motors entered into the Agreement or at the close of escrow.

10.     By uncontested operation of the Agreement, City Chevrolet unconditionally forfeited and assigned to Mission Bay Motors the right to all future monthly subsidy payments effective upon the close of escrow on the sale of the dealership. The *City Volkswagen* dealership has been paid nearly $40,000 per month by Volkswagen as a monthly operational subsidy payment, leading up to the approval of the Franchise Dealer class action settlement. Mission Bay Motors has received and retained all such subsidy payments since August, 2016 (close of escrow) without any claim or demand whatsoever from City Chevrolet.

11.     In the precise same manner, City Chevrolet has unconditionally assigned to Mission Bay Motors the right to receive any *final* Franchise Dealer class action settlement proceeds.

12.     Mission Bay Motors is now, and will continue to be in the foreseeable future, solely responsible for Volkswagen turbocharged direct-injection ("TDI") issues that arise from any and all customers of the *City Volkswagen* dealership. City Chevrolet bears no financial responsibility whatsoever to any prior customers of the dealership for TDI issues.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated; February 21, 2017

MANUEL SEDANO