UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: Dkt. Nos. 2872, 2935 _____/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING CITY CHEVROLET'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND DENYING MISSION BAY'S MOTION TO INTERVENE** |

This MDL consists of various actions brought by consumers, dealers, securities plaintiffs, and government agencies against Volkswagen based on its use of a defeat device—software designed to cheat emissions tests and deceive federal and state regulators—in nearly 600,000 Volkswagen-, Porsche-, and Audi-branded turbocharged direct injection (TDI) diesel engine vehicles sold in the United States. As related to lawsuits brought by Volkswagen franchise dealers, the Court granted final approval of the Volkswagen Branded Franchise Dealer Class Action Settlement and Release ("Settlement") on January 23, 2017. (*See* Dkt. Nos. 1970, 2802, 2807.) The Settlement provides certain benefits to the Franchise Dealer Class consisting of "all authorized Volkswagen dealers in the United States who, on September 18, 2015, operated a Volkswagen branded dealership pursuant to a valid Volkswagen Dealer Agreement." (Dkt. No. 1970 ¶ 2.4.)

Now before the Court are (1) Class Member City Chevrolet's ("City Chevrolet") motion to enforce the Settlement (Dkt. No. 2872), and (2) non-Class Member Mission Bay Motors, Inc.'s ("Mission Bay") motion to intervene to object to and oppose City Chevrolet's motion to enforce (Dkt. No. 2935). At issue is whether City Chevrolet or Mission Bay (which purchased the City Volkswagen dealership from City Chevrolet pursuant to an Asset Purchase Agreement on or about

August 1, 2016) is entitled to the monetary payments from Volkswagen under the Franchise Dealer Settlement. Having considered the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS City Chevrolet's motion to enforce the Settlement and DENIES Mission Bay's motion to intervene.

## BACKGROUND

### I.     Franchise Dealer Settlement

On September 30, 2016, Lead Plaintiff J. Bertolet, Inc. dba J. Bertolet Volkswagen, through Class Counsel Hagens Berman and Bass Sox Mercer, filed a Volkswagen-Branded Franchise Dealer Amended and Consolidated Class Action Complaint against Volkswagen and Bosch for claims under the Automobile Dealers' Day in Court Act, 15 U.S.C. § 1221 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(C)-(D). (*See* Dkt. No. 1969.) On that same day, Plaintiff filed a proposed Settlement seeking to resolve all claims of the Franchise Dealer Class against Volkswagen. (*See* Dkt. No. 1970.) The Settlement defines the Franchise Dealer Class as "all authorized Volkswagen dealers in the United States who, on September 18, 2015, operated a Volkswagen branded dealership pursuant to a valid Volkswagen Dealer Agreement." (*Id.* ¶ 2.4.) The Court preliminarily approved the Settlement on October 18, 2016. (*See* Dkt. No. 2077.)

As part of the final approval process, Mission Bay filed an objection with the Court as to the definition of the Franchise Dealer Class. In particular, Mission Bay, which purchased the City Volkswagen dealership from City Chevrolet on or about August 1, 2016, objected to the requirement that Class Members have operated a Volkswagen branded dealership on September 18, 2015, i.e., before Mission Bay became a Volkswagen franchise dealer. (*See* Dkt. No. 2278.) The Court granted final approval of the Settlement on January 23, 2017. (*See* Dkt. No. 2807.) In its final approval order, the Court concluded that Mission Bay (dba City Volkswagen) was not a Class Member and therefore declined to consider Mission Bay's objection to the Class definition. (*See id.* at 22 ("Thus, City VW is not a Class Member, and the Court need not consider its objection.") (citation omitted).)

## II. Dispute Over Settlement Payments

Under the Settlement, Class Members must sign an Individual Release in order to receive monetary payments from Volkswagen. In particular, the Settlement provides that Volkswagen shall pay to Class Members "(a) the Initial Payment within 30 days of the later of: (1) the Opt-Out Deadline; or (2) the date their signed release is obtained, and (b) the 18 equal Monthly Installment Payments starting within 30 days after the Initial Payment is made." (Dkt. No. 1970 ¶ 4.1.5.) City Chevrolet provided a signed and effective Individual Release to Volkswagen on January 27, 2017. (*See* Dkt. No. 2872-1 ¶ 2.) Thus, according to City Chevrolet, Volkswagen should have paid the Initial Payment to it on or before February 27, 2017. (*See* Dkt. No. 2872 at 5-6.)

Volkswagen, however, has delayed making the Initial Payment and any subsequent Monthly Installment Payments in light of a state court action in the County of San Diego brought by Mission Bay against City Chevrolet and Volkswagen. In that case, Mission Bay asserts claims for fraud and breach of contract arising from its Asset Purchase Agreement with City Chevrolet. (Dkt. No. 2933 at 2-3 & n.3.) As Mission Bay puts it, "Pursuant to its Agreement with City Chevrolet, Mission Bay Motors is the express contractual assignee of City Chevrolet with respect to any and all proceeds, benefits, or other income of any nature whatsoever paid by Volkswagen on or after August 1, 2016. The scope and breadth of this express assignment absolutely extends to the Franchise Dealer class action settlement proceeds." (*Id.* at 3.) Volkswagen seeks to delay making payments under the Settlement until the state court has resolved whether Mission Bay or City Chevrolet is entitled to such payments.

City Chevrolet now moves to enforce the Settlement against Volkswagen to start receiving payments, while Mission Bay moves to intervene in order to object to City Chevrolet's receipt of payments. (*See* Dkt. Nos. 2872, 2935.)

## DISCUSSION

### I. Mission Bay's Motion to Intervene

Federal Rule of Civil Procedure 24 provides for intervention in two different ways: intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b)(1). Mission Bay moves only for permissive intervention pursuant to Rule 24(b)(1)(B). (*See* Dkt. No. 2935.)

3

Under Rule 24(b)(1)(B), a court "may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citation omitted). "The proposed intervenor bears the burden to demonstrate that it has satisfied the requirements for intervention." *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 450365, at *16 (N.D. Cal. Feb. 5, 2013) (citation omitted). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention.[ ]In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly*, 159 F.3d at 412 (citations omitted).

The Court concludes that Mission Bay has not satisfied the first permissive intervention requirement and therefore does not reach the other two requirements. Mission Bay argues that the first requirement is met because "[b]oth parties [Mission Bay and City Chevrolet] claim an entitlement to the same Franchise Dealer class action settlement proceeds; City Chevrolet as putative class member, and Mission Bay Motors as assignee of putative class member." (Dkt. No. 2935 at 6.) Further, Mission Bay contends, "[t]he claims asserted by Mission Bay Motors in opposition to the pending City Chevrolet motion are directly relevant to the merits of the claims of the plaintiff class, and therefore the approved class action settlement." (*Id.* at 6-7.)

Mission Bay's arguments are unpersuasive because City Chevrolet's rights set forth in the Franchise Dealer Settlement are separate and independent from any rights Mission Bay and City Chevrolet may have under their Asset Purchase Agreement (to which Volkswagen is not even a party). As Mission Bay acknowledges, and as the Court has already found, Mission Bay is not a Franchise Dealer Class Member. (*See* Dkt. No. 2807 at 22.) Mission Bay thus is not a party to the Franchise Dealer Settlement and has no rights or other entitlements under the Settlement. To the contrary, any recovery that Mission Bay may be entitled to would arise from the Asset Purchase Agreement and would come directly from City Chevrolet—*not* Volkswagen. Furthermore, despite

4

1  Mission Bay's assertion to the contrary, it is unclear how the dispute as to the scope of the Asset
2  Purchase Agreement is in any way "relevant to the merits of the claims of the plaintiff class."
3  (Dkt. No. 2935 at 7.)  Indeed, the parties to the MDL entered into, and the Court approved, the
4  Franchise Dealer Settlement without having ever considered the Asset Purchase Agreement.
5      In short, there is no common question of law or fact between Mission Bay's Asset
6  Purchase Agreement contract dispute and City Chevrolet's motion to enforce the Settlement here
7  in the MDL.  Accordingly, permissive intervention is not warranted and the Court DENIES
8  Mission Bay's motion.

9  **II.    City Chevrolet's Motion to Enforce the Settlement Agreement**

10     City Chevrolet provided its Individual Release to Volkswagen on January 27, 2017 and
11 thus was entitled to start receiving payments on or before February 27, 2017.  (*See* Dkt. No. 1970
12 ¶ 4.1.5.)  Volkswagen does not dispute that City Chevrolet has complied with the terms of the
13 Settlement.  Instead, concerned about potential double liability from both City Chevrolet and
14 Mission Bay, Volkswagen is currently withholding any settlement payments and asks the Court to
15 "(a) reject Mission Bay's argument that it is entitled to the Individual Dealer Settlement Payment
16 under the terms or 'spirit' of the Franchise Dealer Settlement; (b) reserve for the state court the
17 question of whether City Chevrolet assigned that payment to Mission Bay under the APA; and (c)
18 enter an Order deferring VWGoA's payment to either dealership until after the state court decides
19 which entity is entitled to the settlement payment, which VWGoA would facilitate by filing an
20 interpleader complaint in the California state court."  (Dkt. No. 2941 at 3.)
21     As for (a), the Court reaffirms its earlier finding that Mission Bay is not a Class Member
22 and thus not a party to the Franchise Dealer Settlement; Mission Bay therefore is not entitled to
23 any benefits pursuant to the Settlement, under its express terms or otherwise.  Regarding (b), all
24 parties and the Court are in agreement that the California state court should decide the contract
25 dispute relating to the Asset Purchase Agreement.  (*See, e.g.*, *id.*; Dkt. No. 2933 at 5 ("The
26 assignment rights now claimed to be unconditionally held by Mission Bay Motors can and should
27 only be fully adjudicated in the pending state court action.").)
28     Under (c), however, the Court declines to defer Volkswagen's obligations to make

5

settlement payments to City Chevrolet, as neither Volkswagen nor Mission Bay has presented a legal basis to do so.[1] While the parties have made arguments relating to state interpleader proceedings, the Court notes that, based on the record before it, there is no indication that Volkswagen has filed an interpleader complaint in California state court. Moreover, the Court is not persuaded that interpleader proceedings would even be appropriate because there is no risk that Volkswagen would be subject to double liability under the Settlement. *See* Cal. Civ. Proc. Code § 386(b) ("Any person, firm, corporation, association or other entity against whom double or multiple claims are made, or may be made, by two or more persons which are such that they may give rise to *double or multiple liability*, may bring an action against the claimants to compel them to interplead and litigate their several claims.") (emphasis added). As City Chevrolet correctly states, "Mission Bay Motors does not have a claim to the Settlement Payment pursuant to the Settlement Agreement. It has a potential claim against City Chevrolet under the Asset Purchase Agreement. City Chevrolet has the claim against VW under the Settlement Agreement." (Dkt. No. 2872 at 10; *see also id.* at 9 ("Here, if VWGoA distributes the Settlement Payment to City Chevrolet, Mission Bay Motors has no cause of action against VWGoA because it had no contract with VWgoA, is not a class member, and has no lien rights that would attach to the Settlement Payment.").) To the extent Mission Bay believes it is entitled to recover any funds from City Chevrolet pursuant to the Asset Purchase Agreement, it may attempt to do so through its pending state court action.[2]

In sum, City Chevrolet has complied with the terms of the Settlement and Volkswagen is obligated to begin making payments to City Chevrolet. Mission Bay's state court action relating to the Asset Purchase Agreement provides no basis to delay Volkswagen making such payments. Therefore, City Chevrolet's motion to enforce the Settlement is GRANTED.

---

[1] While the Court has denied Mission Bay's motion to intervene, the Court nevertheless considers Mission Bay's response to City Chevrolet's motion to enforce for the sake of completeness.

[2] Similarly, if Mission Bay believes its City Volkswagen dealership has been harmed by the public disclosure of Volkswagen's use of the defeat device, it may bring a suit against Volkswagen for any such harm, as it is not a party to the Settlement and therefore is not bound by the judgement and release of claims. Notably, any such suit would not subject Volkswagen to double liability under the Settlement because Mission Bay would be seeking damages apart from the Settlement.

## CONCLUSION

For the reasons stated above, the Court GRANTS City Chevrolet's motion to enforce the Settlement and ORDERS Volkswagen to make the required Initial Payment to City Chevrolet within 10 days of this Order and to make the Monthly Installment Payments thereafter as set forth in the Settlement. Further, Mission Bay's motion to intervene is DENIED.

**IT IS SO ORDERED.**

Dated: March 6, 2017

CHARLES R. BREYER
United States District Judge