UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br>_____/<br><br>This Order Relates To:<br>Dkt. No. 2498<br>_____/ | MDL No. 2672 CRB (JSC)<br><br>**ORDER RE: CLASS MEMBER MARC PORTLOCK'S MOTION FOR RELIEF FROM ORDER GRANTING FINAL APPROVAL OF THE 2.0-LITER TDI CONSUMER AND RESELLER DEALERSHIP CLASS ACTION SETTLEMENT** |

Class Member Marc Portlock seeks to belatedly opt out of the 2.0-Liter TDI Consumer and Reseller Dealer Class Action Settlement. He received notice of the Settlement prior to the opt-out deadline, but contends that he misunderstood the means by which he could opt out. Instead of mailing an opt-out request to the Court-appointed claims supervisor, as instructed, he filed a lawsuit against Volkswagen in New Jersey state court. Neither good cause nor excusable neglect justify Mr. Portlock's failure to timely and properly opt out. As a result, the Court **DENIES** his motion.

## BACKGROUND

In July 2016, the Court preliminarily granted approval for the 2.0-Liter TDI Consumer and Reseller Dealer Class Action Settlement, which resolved claims against Volkswagen predicated on its use of a "defeat device"—software designed to cheat emissions tests—in certain 2.0-liter TDI diesel vehicles. (Dkt. No. 1698.) As part of the preliminary approval, the Court authorized a notice program, which, among other things, required a notice administrator to send class members a Court-approved Long Form Notice of the Settlement. The Long Form Notice instructed that, if a

class member did not wish to be bound by the Settlement, he or she needed to opt out by mailing a request for exclusion to the Court-appointed claims supervisor by September 16, 2016.  (Dkt. No. 1685-3 at 25.)

Mr. Portlock—an active, licensed attorney—received the Long Form Notice on August 16, 2016.  (Dkt. No. 2498 ¶¶ 6-7.)  He did not want to be bound by the Settlement, but rather than mailing a request for exclusion to the claims supervisor, he filed a lawsuit against Volkswagen in the Superior Court of New Jersey, Law Division, Essex County, on August 30, 2016.  (*Id.*, Ex. D ¶ 4.)  In his complaint, he alleged that Volkswagen violated New Jersey's Consumer Fraud Act by using a "defeat device" in his vehicle.  (*Id.*)  He served the complaint on Volkswagen Group of America, Inc., at its headquarters, on September 13, 2016—three days before the opt-out deadline.  (Dkt. No. 2498 ¶ 13.)

On or around October 31, 2016, Volkswagen mailed to Mr. Portlock a copy of this Court's Order Granting Final Approval of the 2.0-Liter TDI Consumer and Reseller Dealership Class Action Settlement (the "Settlement Order").  (*Id.* ¶ 15.)  In a cover letter, counsel for Volkswagen explained that, because Mr. Portlock was not included on the opt-out list attached to the Settlement Order, he could not pursue his state consumer fraud claims.  (*Id.* ¶ 16.)  On December 14, 2016, Mr. Portlock filed a motion seeking relief from the Settlement Order in this Court.  (Dkt. No. 2498.)  Volkswagen filed an opposition on December 21, 2016.  (Dkt. No. 2584.)

## LEGAL STANDARD

A class member who seeks to opt out of a class action settlement after the applicable deadline has passed must show that "excusable neglect" or good cause excuses the delay.  *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994); *see also In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2010 WL 2178937, at *1 (N.D. Cal. May 27, 2010) (applying excusable neglect standard); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2009 WL 1773133, at *3 (N.D. Cal. June 19, 2009) (applying good cause standard).  In determining whether excusable neglect or good causes exists, courts consider:

> the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility

2

> was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

*Silber*, 18 F.3d at 1455 (footnote omitted).

## DISCUSSION

Mr. Portlock argues that the Court should excuse his late opt-out request because, although he received the Court-approved Long Form Notice of the Settlement, he misunderstood the Notice's instructions. In relevant part, the Court-approved Long Form Notice provided that:

> If you do not want to receive benefits from the Class Action Settlement, and you want to retain the right to sue Volkswagen about the legal issues in this case, then you <u>must</u> take steps to remove yourself from the Class Action Settlement. You <u>may</u> do this by asking to be excluded—sometimes referred to as 'opting out' of—the Class Action Settlement. To do so, you <u>must</u> mail a letter or other written document to the Court-Appointed claims supervisor. Your request <u>must</u> include [certain specified information].

(Dkt. No. 1685-3 ¶ 50) (emphasis added).) Mr. Portlock asserts that because the Notice used "may" in describing the opt-out process, he believed that opting out was only one way to retain his right to sue Volkswagen. Another way, he contends, was to file a complaint against Volkswagen in state court.

Mr. Portlock's interpretation of the Notice is not reasonable. Although the Notice used the word "may" in referring to the opt-out process, it did not list any alternative means by which a class member could remove himself from the class. The Notice also described the opt-out process in strict detail, explaining that a consumer "*must* mail a letter or other written document to the Court-Appointed claims supervisor," which "*must* include [certain specified information]." (*Id.*) Other provisions of the Notice reinforced that the opt-out procedure was mandatory. For example, paragraph 47 provided that, "[i]f the Class Action Settlement becomes final *and you do not opt out*, you will be eligible for the Class Action Settlement benefits described above. *In exchange*, you will give up your right to sue Volkswagen and related parties for the claims being resolved by this Class Action Settlement." (*Id.* ¶ 47 (emphasis added).) This language made clear that class members were required to opt out of the Settlement in order to retain the right to sue Volkswagen. In light of the Notice's clear language and detailed opt-out instructions, Mr. Portlock's

interpretation of the Notice is not reasonable.[1]

Second, even if the Long Form Notice could be interpreted as permitting class members to avoid the Settlement by means other than those prescribed in the opt-out procedure, the alternative approach taken by Mr. Portlock was not appropriate. Instead of following the opt-out instructions in the Long Form Notice, Mr. Portlock filed a lawsuit against Volkswagen in New Jersey state court, and served notice of the suit on Volkswagen three days before the opt-out deadline. (Dkt. No. 2498 ¶¶ 12-13.) The 2.0-liter class, however, includes 490,000 consumers from across the country, (*see* Dkt. No. 1976 at 12), and the Settlement is one of multiple between Volkswagen and consumers or federal agencies in these multidistrict proceedings. "Given the size and complexity of this MDL proceeding, the court and parties should not have to intuit an opt out from vague statements made in one of thousands of filings before the court [or in another court]." *In re Deepwater Horizon*, 819 F.3d 190, 197-98 (5th Cir. 2016).

Two cases Mr. Portlock relies on in his motion also do not support his claim of excusable neglect or good faith. While the courts in *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288 (10th Cir. 1974) and *Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-cv-05221-SI, 2016 WL 4529430 (N.D. Cal. Aug. 30, 2016) permitted late opt outs, neither held that, or even consider the question of whether, filing an individual complaint is a permissible alternative to complying with a court-approved opt-out procedure. The court in *Ridgeway* also based its decision in part on the fact that the class members there were not seeking to opt out "after the case had settled," which is what Mr. Portlock is seeking to do here. 2016 WL 4529430, at *4.

Finally, Mr. Portlock asserts that an order issued by the New Jersey Supreme Court, prior to the opt-out deadline, supports the reasonableness of his form of notice. He notes that, on

---

[1] Mr. Portlock's understanding of the Long Form Notice is even less reasonable given that he is a practicing attorney. As such, Mr. Portlock should have known that the Court could define a specific procedure to request exclusion from the settlement. *See* Fed. R. Civ. P. 23(2)(B)(vi) ("The notice must clearly and concisely state in plain, easily understood language . . . the time and manner for requesting exclusion[.]" (emphasis added)); Newberg on Class Actions § 9:46 (5th ed. 2016) ("Rule 23(c)(2) does not specify any requirements for how a class member must signal her desire to opt out of the class action. Courts therefore have discretion in selecting a method." (emphasis in the original; footnote omitted)).

4

February 11, 2016, Volkswagen filed an application with the New Jersey Supreme Court for all "clean diesel" lawsuits, pending and future, to be filed as a Multicounty Litigation ("MCL"). (Dkt. No. 2498 ¶ 1, Ex. A.)  On July 16, 2016, the New Jersey Supreme Court denied Volkswagen's MCL application, and ordered that "all 'clean diesel' cases should continue to be filed in the appropriate counties of venue." (*Id.* ¶ 5, Ex. B.)  In light of this order, Mr. Portlock asserts that he "thought it to be completely reasonable (and correct) that filing a lawsuit . . . in the Superior Court of New Jersey, Law Division, Essex County (and arranging for personal service of said lawsuit on [Volkswagen] was an appropriate response as a 'putative' class member to remove himself from the Class Action Settlement." (Dkt. No. 2498 at 11-12.)

Respectfully, the Court does not see a meaningful connection between the New Jersey Supreme Court's denial of a "clean diesel" MCL, and the reasonableness of Mr. Portlock's attempt to remove himself from the Settlement by filing a complaint against Volkswagen in New Jersey state court.  This argument consequently does not support Mr. Portlock's claim of good faith or excusable neglect.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Portlock's motion.  Mr. Portlock shall remain bound by the 2.0-liter Settlement.

**IT IS SO ORDERED.**

Dated: April 20, 2017

CHARLES R. BREYER
United States District Judge