1

2

3

4

5

6

7

8

9

10

11

12

13

14

IN THE UNITED STATES DISTRICT COURT

15

FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

SAN FRANCISCO DIVISION

17

18

19

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | Case No. 3:16-CV-03620 |
| Plaintiff, | **SECOND PARTIAL CONSENT DECREE** |
| v. | |
| **VOLKSWAGEN AG;  VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS LLC; AUDI AG; DR. ING. H.C. F. PORSCHE AG; and PORSCHE CARS NORTH AMERICA, INC.,** | |
| Defendants. | |

20

21

22

23

24

25

26

27

28

1

**WHEREAS**, Plaintiff the People of the State of California ("the People") acting by and through Kamala D. Harris, Attorney General of the State of California ("the California Attorney General") and the California Air Resources Board ("CARB") (collectively "California") filed a complaint (the "California Complaint") in this action on June 27, 2016, against Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations LLC, and Audi AG (collectively, "Volkswagen" or the "Volkswagen Parties"), and Dr. Ing. h.c. F. Porsche AG and Porsche Cars North America, Inc. (together "Porsche" or the "Porsche Parties") (Volkswagen and Porsche together, "Defendants"), alleging in relevant part that Volkswagen and Porsche violated California Health and Safety Code sections 43016, 43017, 43151, 43152, 43153, 43205, 43211, and 43212; California Code of Regulations Title 13, sections 1903, 1961, 1961.2, 1965, 1968.2, and 2037, and the 40 C.F.R sections incorporated therein by reference; California Business and Professions Code sections 17200, 17500, and 17580.5; California Civil Code section 3494; and 12 USC § 5536 *et seq*. in connection with the certification, marketing, distribution and sale of certain Volkswagen, Audi and Porsche diesel vehicles (the "California Claims").

**WHEREAS**, the California Claims have been partially resolved through: (1) the entry of the partial consent decree between the California Attorney General and Defendants (the "First California Partial Consent Decree") on September 1, 2016; and (2) the entry of the partial consent decree among the United States, California, and the Volkswagen Parties (the "First Partial Consent Decree"), concerning 2.0 Liter Subject Vehicles, on October 25, 2016.

**WHEREAS**, Defendants and the People (together the "Parties") have agreed to resolve certain remaining aspects of the California Claims related to 3.0 Liter Subject Vehicles without the need for litigation.

**WHEREAS,** this further partial resolution of California Claims is documented: (1) in part

through the second partial consent decree among the United States, California and Defendants lodged concurrently herewith (the "Second Partial Consent Decree"), which provides relief to California in the form of environmental mitigation trust funds, and which addresses other environmental issues including vehicle recall; and (2) in part through this Partial Consent Decree (the "Second California Partial Consent Decree"), which provides further Zero Emission Vehicle ("ZEV") relief in California that is intended to address the adverse environmental impacts that California alleges resulted from Defendants' conduct.

**WHEREAS,** California leads the nation in ZEV technology, and it has worked to increase the number of ZEVs in use in the state in order to reduce and offset mobile source emissions and in an effort to find long-term solutions to California's unique air quality challenges.

**WHEREAS,** Volkswagen is committed to supporting the growth of the market for ZEVs in California, including through the introduction of new Volkswagen ZEVs and the strengthening of infrastructure for ZEVs in California and throughout the United States, as demonstrated by the $2 billion ZEV investment provided for under the First Partial Consent Decree.

**WHEREAS,** except as expressly provided in this Second California Partial Consent Decree (which is referred to herein as the "Consent Decree"), nothing in this Consent Decree shall constitute an admission of any fact or law by any Party, including as to any factual or legal assertion set forth in the California Complaint, except for the purpose of enforcing the terms or conditions set forth herein.

**WHEREAS**, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties regarding the California Claims, and that this Consent Decree is fair, reasonable, and in the public interest.

**AND WHEREAS**, various settlement documents have been filed in this Multidistrict

Litigation ("MDL") proceeding along with this Second California Partial Consent Decree, including the Second Partial Consent Decree, and this California Partial Consent Decree will not become effective unless and until the Second Partial Consent Decree is also entered by the Court.

**NOW, THEREFORE**, before the taking of any testimony, without the adjudication of any issue of fact or law, and with the consent of the Parties, **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** as follows:

## I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1355, and over the Parties to the extent limited by this paragraph. Venue lies in this District pursuant to 28 U.S.C. § 1407 and the MDL Panel's Transfer Order, dated December 8, 2015, and filed in this MDL action as Dkt. # 1.  The Court has supplemental jurisdiction over California's state law claims pursuant to 28 U.S.C. § 1367. Volkswagen and Porsche consent to the Court's jurisdiction over entry of this Consent Decree and over any action against Volkswagen or Porsche to enforce this Consent Decree, and consent to venue in this judicial district for such purposes.  Volkswagen and Porsche reserve the right to challenge and oppose any claims to jurisdiction by California that do not arise from the Court's jurisdiction over this Consent Decree or an action to enforce this Consent Decree.

2.    Solely for purposes of this Consent Decree, without admission of any legal or factual assertion set forth in the California Complaint, and without prejudice to their ability to contest the legal sufficiency or merits of a complaint in any other proceeding, Volkswagen and Porsche do not contest that the California Complaint states claims upon which relief may be granted pursuant to: California Health and Safety Code sections 43016, 43017, 43151, 43152, 43153, 43205, 43211, and 43212; California Code of Regulations Title 13, sections 1903, 1961, 1961.2, 1965, 1968.2, and 2037, and the 40 C.F.R. provisions incorporated therein

4

by reference; California Business and Professions Code Sections 17200, 17500, and 17580.5; California Civil Code section 3494; and 12 USC § 5536 *et seq.*

## II.    APPLICABILITY

3.    The obligations of this Consent Decree apply to and are binding upon California, and upon Volkswagen and Porsche, as applicable, and any of their respective successors, assigns, or other entities or persons otherwise bound by law.

4.    In the event of the insolvency of any Volkswagen Party or the failure by any Volkswagen Party to implement any requirement of this Consent Decree, the remaining Volkswagen Parties that are parties to this Consent Decree shall complete all such requirements.

5.    In the event of the insolvency of any Porsche Party or the failure by any Porsche Party to implement any requirement of this Consent Decree, the remaining Porsche Parties that are parties to this Consent Decree shall complete all such requirements.

6.    Volkswagen shall include an agreement to remain responsible for the performance obligations hereunder in the terms of any sale, acquisition, merger or other transaction changing the ownership or control of Volkswagen, and no change in the ownership or control of Volkswagen shall affect the obligations hereunder of Volkswagen without the written agreement of the California Attorney General and CARB or modification of this Consent Decree.

7.    Porsche shall include an agreement to remain responsible for the performance obligations hereunder in the terms of any sale, acquisition, merger or other transaction changing the ownership or control of Porsche, and no change in the ownership or control of Porsche shall affect the obligations hereunder of Porsche without the written agreement of the California Attorney General and CARB or modification of this Consent

Decree.

8.      In any action to enforce this Consent Decree, Volkswagen and Porsche shall not raise as a defense the failure by any of their respective officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

### III.      DEFINITIONS

9.      For purposes of this Consent Decree:

"3.0 Liter Subject Vehicles" means each and every model year 2009 to 2016 light duty diesel vehicle equipped with a 3.0 liter TDI engine that Volkswagen or Porsche sold, leased or offered for sale or lease in, introduced or delivered for introduction into commerce, or imported into the United States or its Territories, and that is or was purported to have been covered by the following EPA Test Groups:

| Model Year | EPA Test Group(s) | Vehicle Make and Model(s) | Generation |
|---|---|---|---|
| 2009 | 9ADXT03.03LD | VW Touareg, Audi Q7 | 1.1 |
| 2010 | AADXT03.03LD | VW Touareg, Audi Q7 | 1.1 |
| 2011 | BADXT03.02UG BADXT03.03UG | VW Touareg, Audi Q7 | 1.2 |
| 2012 | CADXT03.02UG CADXT03.03UG | VW Touareg Audi Q7 | 1.2 |
| 2013 | DADXT03.02UG DADXT03.03UG DPRXT03.0CDD | VW Touareg Audi Q7 Porsche Cayenne Diesel | 2.1 SUV |
| 2014 | EADXT03.02UG EADXT03.03UG EPRXT03.0CDD | VW Touareg Audi Q7 Porsche Cayenne Diesel | 2.1 SUV |
| 2014 | EADXJ03.04UG | Audi: A6 quattro, A7 quattro, A8, A8L, Q5 | 2 PC |

| 2015 | FVGAT03.0NU3 | Audi: Q7, A6 quattro, A7 quattro, A8, A8L, Q5 | 2.1 SUV |
|------|--------------|----------------------------------------------|---------|
| 2015 | FVGAT03.0NU2 FPRXT03.0CDD | VW Touareg Porsche Cayenne Diesel | 2.2 SUV |
| 2015 | FVGAJ03.0NU4 | Audi: A6 quattro, A7 quattro, A8, A8L, Q5 | 2 PC |
| 2016 | GVGAT03.0NU2 GPRXT03.0CDD | VW Touareg Porsche Cayenne Diesel | 2.2 SUV |
| 2016 | GVGAJ03.0NU4 | Audi: A6 quattro, A7 quattro, A8, A8L, Q5 | 2 PC |

## IV.    ZERO EMISSION VEHICLE-RELATED RELIEF IN CALIFORNIA

10.     Volkswagen shall complete two Green City initiatives in California as part of the ZEV investments required by Appendix C to the First Partial Consent Decree.  The Green City initiatives may include, but need not be limited to, the operation of ZEV car sharing services, zero emission transit applications, and zero emission freight transport projects.  The first Green City initiative shall consist of the project currently under development as part of the California ZEV Investment Plan provided for in the First Partial Consent Decree.  The second of the two Green City initiatives shall be implemented in a city with a population of approximately 500,000 that predominately consists of Disadvantaged Communities as identified by the California Office of Environmental Health Hazard Assessment's CalEnviroScreen mapping tool.  Volkswagen may receive credit toward its ZEV investment requirements under the First Partial Consent Decree for Creditable Costs associated with these two initiatives, subject to the requirements and limitations imposed by the First Partial Consent Decree.

11.     Defendants shall contribute to the increased availability of Zero Emission Vehicles in California by introducing three additional Battery Electric Vehicle ("BEV") models in California as follows:

7

a. Defendants shall offer and sell two additional BEV models in California, including one BEV Sport Utility Vehicle ("SUV"), in or before 2019.  For the avoidance of doubt, this means that Defendants must offer no fewer than three BEVs (the two additional BEVs, plus Volkswagen's existing e-Golf BEV or its BEV successor), including one SUV BEV, in California in or before 2019.

b. Defendants shall offer and sell an additional BEV SUV model in California in or before 2020.  For the avoidance of doubt, this means that Defendants must offer no fewer than three BEVs (the two additional BEVs described in paragraph 11(a), plus the third additional BEV described in this paragraph), including two SUV BEVs, in California in or before 2020.

c. Defendants shall offer and sell these three additional BEV models (or their successors) in California through 2025, and they shall sell an average of 5,000 of these three additional BEV models (collectively) in California each year from 2019 until 2025.  For the avoidance of doubt, this means that Defendants are required to sell 35,000 total units of the three additional BEV models (or their successors) during the seven-year period 2019 to 2025, but that they are not required to sell 5,000 units in any given year.

d. It is the intention of the parties that the requirements of this section will result in an increased availability of ZEVs in California.  For that reason: (i) Defendants shall not sell ZEV credits resulting from their sale in California of these three additional models; and (ii) Volkswagen shall continue to offer its existing BEV model (the VW e-Golf BEV) or its successor or replacement models in California until 2019.  In the event that Volkswagen introduces a new BEV model

8

in the United States between 2020 and 2025, it agrees to offer that BEV model (or its successor) in California until at least 2025.

e. If prevailing market conditions—including, but not limited to, the price of gasoline, overall vehicle sales, and sales of premium, ZEV, and sport utility vehicles—materially change in a manner that adversely affects the market in California for ZEVs, and that materially impairs the ability of Defendants to meet their obligation to sell a combined total of 35,000 units (*i.e.*, a 5,000-unit annual average) of those three additional ZEV models (collectively) in California during the period 2019 through 2025, California agrees to meet with Defendants in good faith to negotiate a reduction in this sales requirement. If Defendants and California fail to reach agreement concerning a requested reduction, Defendants may petition the Court for such a reduction, and California may oppose the petition. The Court's determination as to whether a reduction is appropriate and, if so, the amount of the reduction shall be binding upon the Parties. Notwithstanding the foregoing, the State of California's failure to offer a rebate, tax credit, or similar incentive for the purchase of ZEVs shall not relieve Defendants of their obligations under this paragraph, except that, for each year in which no such rebate, tax credit, or similar incentive is offered, Defendants' obligation to sell an annual average of 5,000 vehicles per year under paragraph 11(c) shall be reduced by 50% (*i.e.*, the total sales obligation for the seven-year-period shall be reduced by a number of vehicles equal to 50% of one seventh of 35,000 vehicles).

12.     Volkswagen shall further contribute to the availability of Zero Emission Vehicles in California by making a payment of $25,000,000 to ARB no later than July 1, 2017. Such payment shall be used, in the discretion of ARB, to support the ZEV-related

aspects of the EFMP Plus Up program, or the ZEV-related aspects of similar vehicle replacement programs, in California in FY 2017-2018 or later years.

13.     Defendants shall, within six months of the entry of this Consent Decree, and every year thereafter until it has completed its obligations under this Consent Decree, provide CARB and the California Attorney General with a written report regarding their compliance with the requirements of this Section IV.  Defendants shall also provide CARB and the California Attorney General with any documents or information, including but not limited to information related to vehicle sales, that they may reasonably request in order to evaluate whether Defendants have complied with the requirements of this Section IV.

14.     Nothing in this Consent Decree alters the requirements of federal or state law to the extent they offer greater protection to consumers or to the environment.

15.     Payments required to be made pursuant this Consent Decree shall be made via wire transfer to CARB pursuant to instructions to be provided by CARB.

## V.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

16.     Satisfaction of all the requirements of this Consent Decree, and of the Second Partial Consent Decree, shall resolve and settle all of California's civil claims in the California Complaint for injunctive relief, based on facts that were disclosed by Defendants to EPA and CARB prior to October 24, 2016, relating to any defeat devices or auxiliary emission control devices ("AECDs") in the 3.0 Liter Subject Vehicles, that they made or could have made against Defendants:

a.  requiring Defendants to take action to buy back, recall, or modify the 3.0 Liter Subject Vehicles in order to remedy the violations alleged in the California Complaint concerning the 3.0 Liter Subject Vehicles;

b.  requiring Defendants to make payments to owners and lessees of

the 3.0 Liter Subject Vehicles in order to remedy the violations alleged in the

California Complaints concerning the 3.0 Liter Subject Vehicles; and

    c.  requiring Defendants to mitigate the environmental harm associated

with the violations alleged in the California Complaint concerning the 3.0 Liter

Subject Vehicles.

    17.    California reserves, and this Consent Decree is without prejudice to, all

claims, rights, and remedies against Defendants with respect to all matters not expressly

resolved in Paragraph 16.  Notwithstanding any other provision of this Decree, California

reserves all claims, rights, and remedies against Defendants with respect to:

    a.  An order requiring Defendants to take all actions necessary to

enjoin, prevent, and deter future violations of the Health and Safety Code and

related regulations of the types alleged in the California Complaint related to the

3.0 Liter Subject Vehicles;

    b.  Further injunctive relief, including prohibitory and mandatory

injunctive provisions intended to enjoin, prevent, and deter future misconduct,

and/or incentivize its detection, disclosure, and/or prosecution; or to enjoin false

advertising, violation of environmental laws, the making of false statements, or the

use or employment of any practice that constitutes unfair competition;

    c.  All rights to address noncompliance with Appendix B to the Second

Partial Consent Decree as set forth in Paragraph 8.1, therein;

    d.  All rights reserved by Paragraph 53 of the Second Partial Consent

Decree;

    e.  Civil penalties with respect to the 3.0 Liter Subject Vehicles, but

only to the extent not previously resolved in the First California Partial Consent

11

Decree;

f.  Any and all civil claims related to any 2.0 Liter Subject Vehicle, but only to the extent not previously resolved under the First Partial Consent Decree or the First California Partial Consent Decree, or to any vehicle other than the 3.0 Liter Subject Vehicles;

g.  Any and all civil claims and administrative authorities for injunctive relief (i) based on facts that were not disclosed by Defendants to EPA and CARB prior to October 24, 2016, related to any defeat devices or AECDs installed on or in the 3.0 Liter Subject Vehicles; or (ii) related to any other failures by the 3.0 Liter Subject Vehicles to conform with the California Health and Safety Code or its implementing regulations;

h.  Any criminal liability;

i.  Any part of any claims for the violation of securities laws;

j.  Costs and attorneys' fees, including investigative costs, incurred after the date of lodging;

k.  California Attorney General Claims for relief to consumers, including claims for restitution, refunds, rescission, damages, and disgorgement, but only to the extent not previously resolved under the First Partial Consent Decree or First California Partial Consent Decree; and

l.  Any other claim(s) of any officer or agency of the State of California, other than CARB or the California Attorney General.

18.  This Consent Decree, including the release set forth in paragraph 16, does not modify, abrogate or otherwise limit the injunctive and other relief to be provided by Defendants under, nor any obligation of any party or person under, the First Partial Consent

Decree, the First California Partial Consent Decree, or the Second Partial Consent Decree.

19.     By entering into this Consent Decree, California is not enforcing the laws of other countries, including the emissions laws or regulations of any jurisdiction outside the United States.  Nothing in this Consent Decree is intended to apply to, or affect, Volkswagen's or Porsche's obligations under the laws or regulations of any jurisdiction outside the United States.  At the same time, the laws and regulations of other countries shall not affect Volkswagen's or Porsche's obligations under this Consent Decree.

20.     This Consent Decree shall not be construed to limit the rights of California to obtain penalties or injunctive relief, except as specifically provided in paragraph 16. California further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at any of Volkswagen's or Porsche's facilities, or posed by Defendants' 3.0 Liter Subject Vehicles, whether related to the violations addressed in this Consent Decree or otherwise.

21.     In any subsequent judicial proceeding initiated by California for injunctive relief, civil penalties, or other relief, Volkswagen and Porsche shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by California in the subsequent proceeding were or should have been brought in the instant case, except with respect to the claims that have been specifically released pursuant to paragraph 16.

22.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Volkswagen and Porsche are each responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Volkswagen's or Porsche's compliance with this Consent

Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.  California does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Volkswagen's or Porsche's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Air Act, or with any other provisions of United States, State, or local laws, regulations, or permits.

23.   Nothing in this Consent Decree releases any private rights of action asserted by entities or persons not releasing claims under this Consent Decree, nor does this Consent Decree limit any defense available to Volkswagen or Porsche in any such action.

24.   This Consent Decree does not limit or affect the rights of Volkswagen or Porsche or of California against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Volkswagen or Porsche, except as otherwise provided by law.

25.   This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.  No third party shall be entitled to enforce any aspect of this Consent Decree or claim any legal or equitable injury for a violation of this Consent Decree.

26.   Nothing in this Consent Decree shall be construed as a waiver or limitation of any defense or cause of action otherwise available to Volkswagen or Porsche in any action. This Agreement is made without trial or adjudication of any issue of fact or law or finding of liability of any kind.

## VI.   **NOTICES**

27.   Except as specified elsewhere in this Consent Decree, whenever any notification, or other communication is required by this Consent Decree, or whenever any communication

is required in any action or proceeding related to or bearing upon this Consent Decree or the rights or obligations thereunder, it shall be made in writing (except that if any attachment is voluminous, it shall be provided on a disk, hard drive, or other equivalent successor technology), and shall be addressed as follows:

As to the California Attorney General:
Senior Assistant Attorney General
Consumer Law Section
California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004

As to the California Air Resources Board:
Chief Counsel
California Air Resources Board
1001 "I" Street
Sacramento, CA 95814

As to Volkswagen AG:
Volkswagen AG
Berliner Ring 2
38440 Wolfsburg, Germany
Attention:  Company Secretary

With copies to each of the following:

Volkswagen AG
Berliner Ring 2
38440 Wolfsburg, Germany
Attention:  Group General Counsel

Volkswagen Group of America, Inc.
2200 Ferdinand Porsche Dr.
Herndon, VA 20171
Attention:  U.S. General Counsel

As to Audi AG:
Audi AG
Auto-Union-Straße 1
85045 Ingolstadt, Germany
Attention:  Company Secretary

With copies to each of the following:

Volkswagen AG

15

Berliner Ring 2
38440 Wolfsburg, Germany
Attention:  Group General Counsel

Volkswagen Group of
America, Inc.
2200 Ferdinand Porsche Dr.
Herndon, VA 20171
Attention:  U.S. General Counsel

As to Volkswagen Group of
America, Inc.:

Volkswagen Group of
America, Inc.
2200 Ferdinand Porsche Dr.
Herndon, VA 20171
Attention:  Company Secretary

With copies to each of the following:

Volkswagen Group of
America, Inc.
2200 Ferdinand Porsche Dr.
Herndon, VA 20171
Attention:  President

Volkswagen Group of
America, Inc.
2200 Ferdinand Porsche Dr.
Herndon, VA 20171
Attention:  U.S. General Counsel

As to Volkswagen Group of America
Chattanooga Operations LLC:

Volkswagen Group of America
Chattanooga Operations LLC
8001 Volkswagen Dr.
Chattanooga, TN 37416
Attention:  Company Secretary

With copies to each of the following:

Volkswagen Group of
America, Inc.
2200 Ferdinand Porsche Dr.
Herndon, VA 20171
Attention:  President

Volkswagen Group of

16

1
2
3

                                                             America, Inc.
2200 Ferdinand Porsche Dr.
Herndon, VA 20171
Attention:  U.S. General Counsel

4

As to Dr. Ing. h.c. F. Porsche AG:        Dr.Ing.h.c. F. Porsche Aktiengesellschaft
Porscheplatz 1, D-70435 Stuttgart
Attention:
GR/ Rechtsabteilung/ General Counsel

5
6
7

As to Porsche Cars North America, Inc.:    Porsche Cars North America, Inc.
1 Porsche Dr.
Atlanta, GA   30354
Attention:  Secretary
With copy by email to offsecy@porsche.us

8
9
10
11

As to one or more of the Volkswagen
Parties:                                         Robert J. Giuffra, Jr.
Sharon L. Nelles
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

12
13
14
15

As to one or more of the Porsche
Parties:                                         Granta Y. Nakayama
Joseph A. Eisert
King & Spalding LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006

16
17
18
19

     28.    Any party may, by written notice to the other parties, change its designated notice

recipient or notice address provided above.

20
21
22

### VII.   RETENTION OF JURISDICTION

     29.     The Court shall retain jurisdiction over this case until termination of this

Consent Decree, for the purpose of resolving disputes arising under this Consent Decree or

entering orders modifying this Consent Decree, or effectuating or enforcing compliance with

the terms of this Consent Decree.

23
24
25
26
27
28

17

## VIII.   SIGNATORIES/SERVICE

30.     Each undersigned representative of Volkswagen, Porsche, and California certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.  The California Attorney General and CARB represent that they have the authority to execute this Consent Decree on behalf of the State of California and that, upon entry, this Consent Decree is a binding obligation enforceable against California under applicable law.

31.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  For purposes of this Consent Decree, a signature page that is transmitted electronically (*e.g.*, by facsimile or e-mailed "PDF") shall have the same effect as an original.

## IX.   INTEGRATION

32.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein, with the exception of the First California Partial Consent Decree, First Partial Consent Decree, and Second Partial Consent Decree.  Other than deliverables that are subsequently submitted and approved pursuant to this Consent Decree, the Parties acknowledge that there are no documents, representations, inducements, agreements, understandings or promises that constitute any part of this Consent Decree or the settlement it represents other than those expressly contained or referenced in this Consent Decree.

## X.   FINAL JUDGMENT

33.     Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment of the Court as to California and the Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


_____

UNITED STATES DISTRICT JUDGE

FOR THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through KAMALA D. HARRIS, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, and the CALIFORNIA AIR RESOURCE BOARD:

KAMALA D. HARRIS
Attorney General of California
NICKLAS A. AKERS
ROBERT W. BYRNE
SALLY MAGNANI
Senior Assistant Attorneys General
JUDITH A. FIORENTINI
GAVIN G. MCCABE
DAVID A. ZONANA
Supervising Deputy Attorneys General
AMOS E. HARTSTON
JOHN S. SASAKI
WILLIAM R. PLETCHER
JON F. WORM
ELIZABETH B. RUMSEY
LAUREL M. CARNES
Deputy Attorneys General

Dated: _December 7, 2016_

NICKLAS A. AKERS
Senior Assistant Attorney General
*Attorneys for the*
*People of the State of California*

20

1    FOR THE CALIFORNIA AIR RESOURCES BOARD:

2

3    Dated:  December_7 , 2016

4                                                      MARY D. NICHOLS

4                                                     Chair

5                                                    California Air Resources Board

6

7                                                  RICHARD W. COREY

8                                                  Executive Officer

8                                                  California Air Resources Board

9

10                                             ELLEN M. PETER

11                                           Chief Counsel

12                                           D. ARON LIVINGSTON

12                                           Assistant Chief Counsel

13                                           DIANE KIYOTA

13                                           ALEXANDRA KAMEL

14                                           Attorneys

14                                           Legal Office

15                                           California Air Resources Board

16

17

18

19

20

21

22

23

24

25

26

27

28

3:16-CV-03620                               SECOND PARTIAL CONSENT DECREE

1  FOR VOLKSWAGEN AG:

2

3

4  Dated: Dec. 7      , 2016 

5                                    MANFRED DOESS
                                     VOLKSWAGEN AG
6                                    P.O. Box 1849
                                     D-38436 Wolfsburg, Germany
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                 22

1   FOR AUDI AG:

2

3

4   Dated: Dec. 7_____, 2016

5                                    BERND MARTENS
                                     AUDI AG
6                                    Auto-Union-Straße 1
                                     85045 Ingolstadt, Germany
7

8

9

10  Dated: Dec. 7_____, 2016

11                                   MARTIN WAGENER
                                     AUDI AG
12                                   Auto-Union-Straße 1
                                     85045 Ingolstadt, Germany
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                23

SECOND  PARTIAL CONSENT DECREE

1    FOR VOLKSWAGEN GROUP OF AMERICA, INC.:

2

3

4    Dated: _Dec. 7_____, 2016

5                                                    _____
                                                     DAVID DETWEILER
6                                                    VOLKSWAGEN GROUP OF AMERICA,
                                                     INC.
7                                                    2200 Ferdinand Porsche Drive
                                                     Herndon, Virginia 20171

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     24

1

FOR VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS LLC:

2

3

4    Dated: Dec. 7 _____, 2016

DAVID DETWEILER
5
VOLKSWAGEN GROUP OF AMERICA,
6    INC.
2200 Ferdinand Porsche Drive
7    Herndon, Virginia 20171

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:16-CV-03620                                    SECOND  PARTIAL CONSENT DECREE

1

2

3

4

5

COUNSEL FOR VOLKSWAGEN AG; AUDI AG; VOLKSWAGEN GROUP OF AMERICA, INC.; And VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS LLC:

6

7

8

Dated: __Dec. 7__ , 2016

ROBERT J. GIUFFRA, JR.
SHARON L. NELLES
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

9

10

11

12

*Attorneys for Volkswagen AG; Audi AG,
Volkswagen Group of America, Inc.; and
Volkswagen Group of America Chattanooga
Operations LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26

SECOND  PARTIAL CONSENT DECREE

1    FOR DR. ING. h.c. F. PORSCHE AG:

2

3

4    Dated: **Dec. 7** , 2016

5                                 DR. MICHAEL STEINER
                                         Member of the Executive Board

6                                 -Research and Development-
                                 DR. ING. h.c. F. PORSCHE AG

7                                 AKTIENGESELLSCHAFT
                                 Porschestrasse 911

8                                 71287 Weissach, Germany

9

10

11

12   Dated: **Dec. 7** , 2016
                                   ANGELA KREITZ

13                                 General Counsel &Chief Compliance Officer
                                 DR. ING. h.c. F. PORSCHE AG

14                                 AKTIENGESELLSCHAFT
                                 Porscheplatz 1

15                                 70435 Stuttgart-Zuffenhausen. Germany

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR PORSCHE CARS NORTH AMERICA, INC.:

Dated: Dec. 7      , 2016

TIMOTHY L. QUINN
Vice President,  After Sales
PORSCHE CARS NORTH AMERICA, INC.
1 Porsche Dr.
Atlanta, GA 30354

Dated: Dec. 7      , 2016

JOSEPH S. FOLZ
Vice President, General Counsel and Secretary
PORSCHE CARS NORTH AMERICA, INC.
1 Porsche Dr.
Atlanta, GA 30354

28

COUNSEL FOR DR. ING. h.c. F. PORSCHE AG and PORSCHE CARS NORTH AMERICA, INC.:

Dated: Dec. 7 , 2016

*Granta Y. Nakayama*
GRANTA Y. NAKAYAMA
JOSEPH A. EISERT
King & Spalding LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
Telephone: (202) 737-0500
gnakayama@kslaw.com
jeisert@kslaw.com

Cari Dawson
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
cari.dawson@alston.com

*Attorneys for Dr. Ing. h.c. F. Porsche AG and Porsche Cars North America, Inc.*

29

3:16-CV-03620
DMSLIBRARY01:29732914.1

SECOND  PARTIAL CONSENT DECREE

1    COUNSEL FOR DR. ING. h.c. F. PORSCHE AG and PORSCHE CARS NORTH AMERICA,
2    INC.:

3

4

Dated: Dec. 7 , 2016

5                              GRANTA Y. NAKAYAMA
6                              JOSEPH A. EISERT
7                              King & Spalding LLP
                              1700 Pennsylvania Ave., N.W., Suite 200
8                              Washington, DC 20006
                              Telephone: (202) 737-0500
9                              gnakayama@kslaw.com
                              jeisert@kslaw.com
10

11

12                              Cari Dawson
                              Alston & Bird LLP
13                              One Atlantic Center
                              1201 West Peachtree Street
14                              Atlanta, Georgia 30309-3424
                              cari.dawson@alston.com
15

16                              *Attorneys for Dr. Ing. h.c. F. Porsche AG*
                              *and Porsche Cars North America, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

3:16-CV-03620                                                     SECOND  PARTIAL CONSENT DECREE
DMSLIBRARY01:29725453.1