UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: ALL ACTIONS (except the securities action) _____/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS RELATING TO THE BOSCH CLASS ACTION SETTLEMENT** |

In the fall of 2015, the public learned of Volkswagen's deliberate use of a defeat device—software designed to cheat emissions tests and deceive federal and state regulators—in nearly 600,000 Volkswagen-, Porsche-, and Audi-branded TDI diesel engine vehicles sold in the United States. Plaintiffs are a class of vehicle owners impacted by the scandal and allege that Robert Bosch GmbH and Robert Bosch, LLC (collectively, "Bosch") worked closely with Volkswagen to develop and supply the defeat device. After months of intensive negotiations, Plaintiffs and Bosch reached a settlement, which secures a $327.5 million fund for Plaintiffs and resolves their claims against Bosch. (*See* Dkt. No. 2837.) In a separate order today, the Court granted Plaintiffs' motion for final approval of the Bosch Settlement. (Dkt. No. 3230.)

Now before the Court is Class Counsel's motion for $51 million in attorneys' fees and $1 million in costs for common-benefit work performed to obtain the Settlement. (Dkt. No. 3087.) If awarded, the Settlement requires these fees and costs to be paid from the Settlement Fund. (Dkt. No. 2837 ¶ 11.1.) Having considered the relevant briefing, including Class Members' objections, the Court GRANTS Class Counsel's motion. Class Counsel's requested fees amount to 15.6% of the $327.5 million Settlement Fund, which is an appropriate percentage in this case. Class Counsel's requested costs are also reasonable.

**DISCUSSION**

Federal Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Attorneys' fees provisions included in proposed class action agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (citation omitted).

In "common fund" cases, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Id.* at 967 (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). To determine the amount of attorneys' fees to be drawn from the fund, the district court may utilize the "percentage method," which awards the attorneys a percentage of the fund. *Id.* (internal quotation marks omitted). The Ninth Circuit's "benchmark" percentage for attorneys' fees in common-fund class actions is 25% of the common fund. *Id.* at 968. Selection of the benchmark, however, or any other rate "must be supported by findings that take into account all of the circumstances of the case." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). Circumstances include: (1) the results achieved; (2) the risks of litigation; (3) whether there are benefits to the class beyond the immediate generation of a cash fund; (4) whether the percentage rate is above or below the market rate; (5) the contingent nature of the representation and the opportunity cost of bringing the suit; (6) a lodestar cross-check; and (7) reactions from the class. *Id.* at 1048-52. Considering these factors, the Court concludes that Class Counsel's $51 million fee request is appropriate.

**I.    The *Vizcaino* Factors**

**A.    Results Achieved**

The Bosch Settlement establishes a non-reversionary fund of $327.5 million, which will be distributed to class members in the 2.0-liter and 3.0-liter Volkswagen settlements pursuant to a formula devised by the FTC. (Dkt. No. 2918 ¶¶ 4,1, 10.1.) Even if $51 million in fees is subtracted from the fund, the FTC states that, when combined with the remedies provided by the

2

2.0-liter and 3.0-liter class settlements, the Bosch Settlement will fully compensate consumers for the injuries they suffered from the defeat-device scandal. (Dkt. No. 3184-1.) A recovery that makes the Plaintiffs whole is a great result. And the result was achieved swiftly, as Class Counsel filed its motion for preliminary approval of the Bosch Settlement less than a year after filings its Consolidated Consumer Class Action Compliant. (*See* Dkt. Nos. 1230, 2838.) Class Counsel thus obtained a full recovery for Plaintiffs in a manner that avoided lengthy and costly additional litigation. This result favors Class Counsel's requested fees award.

### B. Litigation Risk

Unlike Volkswagen, Bosch has not conceded liability for its role in the defeat-device scandal. Bosch has also advanced competing narratives about a number of factual issues (Dkt. No. 3086 at 20-21), and, in a pending motion to dismiss the complaint of non-settling Volkswagen Franchise Dealers, Bosch has raised challenges to jurisdiction, standing, causation, and damages (Dkt. No. 2864)—defenses that could have potentially been raised here. Additionally, because Class Members have (or will) receive substantial compensation through the Volkswagen settlements for their economic losses associated with the defeat-device scheme, there is a risk that any potential recovery from Bosch would have been offset, partially or entirely, by the funds Class Members already received. And even if the Class secured a judgment against Bosch, Class Members' recovery may have been reduced if Bosch prevailed on an indemnification claim against Volkswagen, as Class Members agreed as part of the Volkswagen settlements to "waive enforcement of [their] judgment against . . . Bosch . . . by the amount of the damages that [Volkswagen is] . . . held to be responsible for by way of indemnification of . . . Bosch." (Dkt. No. 1685-5 ¶ 6.) Whatever the ultimate merit of these challenges, they demonstrate that continued litigation likely would have been risky. This factor therefore supports Class Counsel's requested fees award.

### C. Non-Monetary Relief

The Bosch Settlement does not provide Class Members with non-monetary relief beyond that provided by the 2.0-liter and 3.0-liter settlements. This factor consequently does not add weight to the reasonableness of Class Counsel's fee request.

3

### D. Percentage Rate Relative to Market Rate

Class Counsel's requested fees amount to 15.6% of the $327.5 million Settlement Fund. This percentage is below the Ninth Circuit's 25% benchmark, *Staton*, 327 F.3d at 968, as well as the percentage rates of fee awards in similar cases. (*See* Dkt. No. 3087-2, Fitzpatrick Decl. ¶ 16 (calculating mean and median fee percentages for settlements between $250 million and $500 million of 17.8% and 19.5% respectively).) This factor also weighs in favor of an award of the fees requested.

### E. Contingent Nature of Representation and Opportunity Cost

Class Counsel brought these claims on a contingent basis. It is an established practice to reward attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might have been paid nothing at all. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). Such a practice encourages the legal profession to assume such a risk and promotes competent representation for plaintiffs who could not otherwise hire an attorney. *Id.* Moreover, Class Counsel had to turn down opportunities to work on other cases to devote the appropriate amount of time, resources, and energy necessary to handle this complex case. This factor supports an award of the requested fees.

### F. Lodestar Cross-Check

Class Counsel, and attorneys designated by Lead Counsel, expended 42,319.6 hours in litigating and settling Plaintiffs' claims against Bosch. (Dkt. No. 3087-1 ¶ 11.) As of the filing of its fee application on March 24, 2016, Class Counsel had also reserved an additional 4,231.97 hours to "(1) continue the process of obtaining final approval of the Settlement, (2) defend and protect the Settlement on appeal, (3) assist in the implementation and supervision of the Settlement, and (4) guide the hundreds of thousands of Class Members through the Settlement claims and distribution period, among other things." (Dkt. No. 3087-1 ¶ 12.)

Class Counsel's blended average hourly billing rate has been $472.05 per hour for all work performed and projected, with billing rates ranging from $310 to $1,650 for partners, $185 to $850 for associates, and $125 to $450 for paralegals. (Dkt. No. 3087-1 ¶ 15.) Using the above hours

and average billing rate, the lodestar amounts to $21.97 million, and the resulting lodestar multiplier is 2.32. (Dkt. No. 3087-1 ¶ 11.)

A multiplier of 2.32 is reasonable given the complexities of this case and the result achieved for the Class. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation."). The multiplier is also lower than the 2.63 multiplier calculated as part of this Court's award of fees to Class Counsel for their work in obtaining the 2.0-liter settlement with Volkswagen. This factor therefore favors an award of the requested fees.

### G. Reactions from the Class

Only two Class Members out of a class of approximately 589,000 objected to the proposed fee award. The Court considers this a strong, positive response from the class, supporting Class Counsel's requested fees. Moreover, the Court has reviewed the objections and concludes that they do not support a different result.

#### 1. Objection regarding reserve to defend the Settlement

Class Member Jolian Kangas objects to the inclusion of a purported reserve in the fee award to defend and protect the Settlement on appeal. He contends that such a reserve is a violation of his due process, equal protection, and First Amendment rights, and that it "seems improper for a Court to issue an order financing the appellate defense of its own order." (Dkt. No. 3159 at 5.)

The Court overrules Mr. Kangas's objection for three reasons. First, the fee award does not include the challenged reserve. The award is based on the percentage method, which compares the requested fees to the class recovery in assessing reasonableness. *Staton*, 327 F.3d at 968. The Court only considered Class Counsel's hours, including their reserve for implementing and defending the Settlement, as part of a lodestar cross-check. (Dkt. No. 3087-1 ¶ 12.) Second, is it not improper to include such a reserve in the lodestar cross-check; work performed post-settlement on behalf of the class's interests may be compensable, including "litigating appeals of the settlements." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 825 (S.D. Tex. 2008). Third, even if the Court omits the reserve from the cross-check, the resulting

5

lodestar multiplier is 2.55, which would still be reasonable under the facts of this case.

### 2. Objection regarding timing of fee application

Objector Booth argues that "[t]he proposed settlement required dissenters to object before class counsel filed its fee motion," and therefore "depriv[ed] class members of information necessary to evaluate whether to object."

The Court addressed this objection in its order granting Class Counsel's motion for final approval of the Bosch Settlement, but does so again here. Objector Booth's concern is not factually correct. Class Counsel filed their motion for attorneys' fees simultaneously with their motion for final approval of the Settlement, on March 24, 2017. (*See* Dkt. Nos. 3086-87.) Class Members therefore had three weeks to review Class Counsel's request for fees before the objection deadline on April 14, 2017. Further, as early as January 31, 2017—more than two months before the objection deadline—Class Counsel disclosed in their motion for preliminary approval of the Settlement the maximum amount of attorneys' fees they intended to request. (Dkt. No. 2838.) This information was also included in the Long Form Notice that the Court approved, and which was made available on the Bosch Settlement Website. (Dkt. Nos. 2837-1 at 3; 2920 at 20.)

\* \* \*

The *Vizcaino* factors support Class Counsel's request for attorneys' fees and costs. Given the result achieved and the risk incurred, the award represents a reasonable percentage of the Bosch Settlement Fund. The award also is not excessive in light of the hours expended by Class Counsel in this matter.

## II. Litigation Expenses

Class Counsel seek $1 million in reimbursable expenses, consisting of $804,600 in costs already incurred and 195,400 in anticipated future costs associated with implementing the Settlement. The Court finds that such expenses are reasonable and that the reimbursement of such expenses is appropriate.

## CONCLUSION

For the reasons stated above, the Court GRANTS Class Counsel's motion for attorneys'

fees and costs relating to the Bosch Settlement. Class Counsel shall be awarded $51 million in attorneys' fees and $1 million in costs.

**IT IS SO ORDERED.**

Dated: May 17, 2017

CHARLES R. BREYER
United States District Judge