UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: Dkt. No. 3144 _____/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING MOTION OF VOLKSWAGEN AG AND AUDI AG FOR RELIEF CONCERNING PRETRIAL ORDER NO. 12** |

Before the Court is a motion brought by Volkswagen AG and Audi AG (the "German Defendants"), seeking interpretation and enforcement of Pretrial Order No. 12 (the "Stipulated Protective Order" or "PTO 12"). Having considered the motion and the response of the Plaintiffs' Steering Committee ("PSC") (Dkt. No. 3179), the Court GRANTS the motion and enters the protective order and declaratory judgment set forth below.

**BACKGROUND**

**I.  Pretrial Order No. 12**

PTO 12 governs the production and disclosure of Confidential and Highly Confidential material produced as part of this MDL (collectively, "Protected Material"). (*See* Dkt. No. 1255.) Pursuant to PTO 12, the German Defendants produced Protected Material in response to discovery requests by the PSC. The PSC maintains this Protected Material in a database, which also includes documents produced by Volkswagen Group of America, Inc. ("VWGoA"). (*See* Dkt. No. 3179.)

Under limited circumstances, PTO 12 allows the PSC, as a "Receiving Party," to disclose Protected Material to litigants in ongoing state court actions, referred to by PTO 12 as "Coordinated Litigation." (Dkt. No. 1255 § 7.2.11.) PTO 12 provides that the proposed recipient

of such Protected Material in the Coordinated Litigation must "agree[] to be bound by this Order and sign[] the certificate attached as Exhibit A." (*Id.*) Importantly for purposes of the current dispute, PTO 12 also provides that "the proposed recipient is only permitted to receive Protected Material that was produced by Producing Parties that are also parties in the Coordinated Litigation involving the proposed recipient." (*Id.*)

## II. The Virginia Coordinated Litigation

A number of plaintiffs who opted out of the 2.0-liter settlement approved by this Court have chosen to litigate their claims in Coordinated Litigation in Virginia state court. In December 2016, counsel for plaintiffs in the Virginia Coordinated Litigation ("Virginia Counsel") sought access to the MDL discovery database maintained by the PSC. (Dkt. No. 3179-1 ¶ 9.) Virginia Counsel agreed to be bound by PTO 12 and executed the certificate attached as Exhibit A to PTO 12. (Dkt. No. 3179-5.) PSC counsel subsequently provided Virginia Counsel with a username and password to the MDL database. The database included Protected Material produced by both the German Defendants and VWGofA. (*Id.*) However, only VWGoA has been served with process or appeared in the Virginia Coordinated Litigation. (Dkt. No. 3144 at 4.)

Upon learning that Virginia Counsel had obtained access to the entire MDL discovery database, counsel for the German Defendants requested that the PSC take steps to ensure that Virginia Counsel did not have access to Protected Material produced by the German Defendants. (Dkt. No. 3144-2 ¶ 3.) The PSC subsequently blocked Virginia Counsel's access to the database and asked Virginia Counsel to return or destroy all of the German Defendants' documents. (*Id.* ¶¶ 6-7.) Counsel for the German Defendants and the PSC have subsequently discussed re-activating the VWGoA-only portion of the PSC database for Virginia Counsel. (Dkt. No. 3144 at 9.)

## III. The German Defendants' Motion

The German Defendants have indicated that Virginia Counsel has filed a motion in Virginia state court to compel VWGoA to produce not only the German Defendants' documents, but also "all documents previously produced through the PSC database, regardless of the source of the document (i.e., Volkswagen Group of America, Inc., Volkswagen AG, Audi, Porsche, Bosch,

2

1  etc.)" (Dkt. No. 3192 at 3 (emphasis omitted).) The German Defendants seek a protective order
2  and declaratory relief to prevent Virginia Counsel from obtaining access to the Protected Material
3  produced by them in this MDL.

**DISCUSSION**

**I.  Jurisdiction**

The Court issued PTO 12 pursuant to its inherent authority and its authority under Federal Rules of Civil Procedure 16 and 26. (*See* Dkt. No. 1255 § 1.2.) By executing Exhibit A to PTO 12, Virginia Counsel agreed "to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order." (*Id.* at 22.)

The Supreme Court has also recognized "the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 937 (9th Cir. 1993); *see also On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F. Supp. 917, 921-22 (N.D. Cal. 1997) (interpreting and enforcing a protective order that was used to seek discovery for the purposes of initiating a separate state court lawsuit).

**II.  Analysis of Pretrial Order No. 12**

As noted above, the German Defendants provided the PSC with Protected Material as part of discovery in this MDL. The German Defendants therefore are "Producing Parties" under PTO 12. (*See* Dkt. No. 1255 § 2.16.) PTO 12 provides that counsel in Coordinated Litigation "is only permitted to receive Protected Material that was produced by Producing Parties that are also parties in the Coordinated Litigation involving the proposed recipient." (*Id.* § 7.2.11.) Thus, Virginia Counsel may obtain access to Protected Material produced by the German Defendants in this MDL only if the German Defendants are "parties" in the Coordinated Litigation.

The German Defendants are not "parties" in the Virginia Coordinated Litigation. As a matter of hornbook law, the term "parties" is "ordinarily used to designate only those who are named as such in the record and who are properly served with process or enter their appearance."

3

59 Am. Jur. 2d *Parties* § 4 (2017). It is undisputed that the German Defendants have neither been served with process nor appeared in the Virginia Coordinated Litigation. They are therefore not "parties" in the Coordinated Litigation, and, as a result, PTO 12 does not permit the PSC to disclose to Virginia Counsel Protected Material produced by the German Defendants in this MDL.[1]

## III. Relief

To ensure that Protected Material produced as part of this MDL is not improperly disclosed:

IT IS HEREBY ORDERED that Virginia Counsel in the Virginia Coordinated Litigation may not retain or otherwise use any Protected Material of the German Defendants that was made available to them only through the database maintained by the PSC as part of this MDL.

IT IS FURTHER ORDERED AND DECLARED that Pretrial Order No. 12 does not authorize Virginia Counsel in the Virginia Coordinated Litigation to obtain material produced in this MDL that is classified as Protected Material of defendants that Virginia Counsel has not served, or who have not appeared, in the Virginia Coordinated Litigation.

IT IS FURTHER ORDERED that Virginia Counsel shall return or destroy any Protected Material of the German Defendants to which it obtained access from the PSC's MDL database by no later than 7 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: June 1, 2017

CHARLES R. BREYER
United States District Judge

---

[1] Based on an affidavit prepared by Virginia Counsel and submitted with the PSC's response brief, the PSC suggests that counsel for VWGofA in the Virginia Coordinated Litigation may have authorized Virginia Counsel to access the German Defendants' Protected Material. (Dkt. No. 3179 at 5-8.) The Court had reviewed the evidence provided and does not agree that the disclosure was authorized. And more importantly, VWGoA's Virginia counsel cannot provide consent for the German Defendants.

4