UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) |
| This Order Relates To:<br>Dkt. No. 3195 | **ORDER DENYING MORRIS POLICH & PURDY LLP'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING NON-CLASS COUNSEL'S MOTIONS FOR ATTORNEYS' FEES** |

On April 24, 2017, the Court denied 244 motions for attorneys' fees and costs, filed by attorneys who were not appointed as Class Counsel but who represent individual members of the 2.0-liter settlement class. (Dkt. No. 3178.)[1] The Court denied the motions because Volkswagen did not agree to pay Non-Class Counsel's fees as part of the settlement, and Non-Class Counsel did not offer evidence that their services benefited the class as opposed to their individual clients.

On May 2, 2017, counsel at Morris Polich & Purdy LLP ("MPP") filed a motion under Local Rule 7-9 for leave to move, pursuant to Federal Rule of Civil Procedure 60(a), for reconsideration of the Court's April 24 order. (Dkt. No. 3195.) MPP represents 2.0-liter class member Christopher J. D'Angelo, and filed a complaint on his behalf in the Central District of California that was later transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML"). (Dkt. No. 1 at 4.) MPP filed one of the 244 motions for attorneys' fees and costs that the Court denied on April 24. (*See* Dkt. Nos. 2308; 3195 at 10.) In the instant motion, MPP asserts that it *did* offer evidence in its prior motion that its services benefited the class, which it contends the Court may have missed through oversight. Having considered MPP's arguments, as

---

[1] Unless noted otherwise, all docket citations are to entries on the Court's docket for Case No. 3:15-md-2672-CRB.

well as Class Counsel's response, the Court DENIES the motion. Before issuing its April 24 order, the Court considered MPP's evidence and concluded that the work it performed did not substantially benefit the class and therefore did not warrant an award of attorneys' fees or costs.

**LEGAL STANDARD**

Before addressing MPP's arguments, it is necessary to discuss the rule that governs the firm's request for relief. MPP filed its motion pursuant to Local Rule 7-9, seeking leave to file a motion for reconsideration under Federal Rule of Civil Procedure 60(a). However, neither Local Rule 7-9 nor Rule 60(a) apply.

**I.     Local Rule 7-9**

Local Civil Rule 7-9 provides that:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration *of any interlocutory order* on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

N.D. Cal. L.R. Civil 7-9 (Jan. 17, 2017) (emphasis added).

Under Local Rule 7-9(b), to obtain leave the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. . . ; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*Id.* 7-9(b).

As courts in this district have held previously, the plain language of Local Rule 7-9 makes clear that the rule applies to reconsideration of only interlocutory orders. *See, e.g.*, *Johnson v. CFS II, Inc.*, No. 12-cv-01091 LHK, 2013 WL 6700394, at *1 (N.D. Cal. Dec. 19, 2013); *Nidec Corp. v. Victor Co. of Japan, Ltd.*, No. C 05-0686 SBA, 2007 WL 4108092, at *2 (N.D. Cal. Nov. 16, 2007). The Court's April 24 order denying Non-Class Counsel's motions for attorneys' fees was not an interlocutory order.

An interlocutory order is as "[a]n order that relates to some intermediate matter in the case; any order other than a final order." *Black's Law Dictionary* (10th ed. 2014). A final order, in contrast, is defined as "[a]n order that is dispositive of the entire case." *Id.* The Court's order granting final approval of the 2.0-liter class settlement was a final order; it fully resolved all claims against Volkswagen by 2.0-liter class members who did not opt out of the settlement. (*See* Final Approval Order, Dkt. No. 2102 at 48 ¶¶ 10-11 (providing that only persons and entities who opted out of the Settlement Class, or who are determined by the Claims Administrator or the Court to be excluded from the Class, are "not bound by the Final Order and Judgment").) That the Court approved the 2.0-liter settlement as part of an MDL does not make the final approval order interlocutory. "Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under § 1291 as an appealable final decision." *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 904 (2015). Additionally, the Ninth Circuit has held that a district court's award of attorneys' fees following final judgment is a final decision, immediately appealable under 28 U.S.C. § 1291. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 424 (9th Cir. 2012). Thus, because the Court's April 24 order denying Non-Class Counsel's motions for attorneys' fees followed, and related to, the final judgment of the 2.0-liter class claims, the April 24 order is not an interlocutory order and is immediately appealable under § 1291. Local Rule 7-9 therefore is not applicable.

**II. Rule 60(a)**

When Local Rule 7-9 does not apply, a party does not need to seek leave of the Court to file a motion for reconsideration, but instead may file such a motion directly under Federal Rule of Civil Procedure 59(e), 60(a) or 60(b), depending on the circumstances. MPP seeks leave to file a motion for reconsideration under Rule 60(a). That rule provides that "[t]he court may correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). MPP relies on Rule 60(a) because the firm contends that the Court "must have missed through oversight" evidence in the record supporting that its services benefited the class. (Dkt. No. 3195 at 2.) Overlooking evidence in the record, however, is not the type of oversight contemplated by Rule 60(a). Rather, Rule 60(a) is limited to

3

correcting errors that occur "whenever the thing spoken, written or recorded is *not what the person intended* to speak, write or record." *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644 (9th Cir. 1984) (emphasis in original) (internal quotation marks omitted); *see also Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012) (holding that "Rule 60(a)'s touchstone is fidelity to the intent behind the original judgment"). There is no contention here that the Court did not intend its April 24 order to say exactly what it did. Rule 60(a) therefore does not apply.

### III. Rule 59(e) and 60(b)

Having concluded that Rule 60(a) do not apply, MPP is left with two potential alternatives upon which to base its motion for reconsideration: Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Only the latter applies here.

Rule 59(e) provides that "[a] motion to alter or amend a *judgment* must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). A postjudgment order ruling on a request for attorneys' fees is not a motion to "alter or amend a judgment." *See White v. N.H. Dept. of Emp't Sec.*, 455 U.S. 445, 451 (1982) (stating that a postjudgment motion will be considered a Rule 59(e) motion where it involves "reconsideration of matters properly encompassed in a decision on the merits" and concluding that a request for attorneys' fees under 42 U.S.C. § 1988 did not fit this description because it raised legal issues "collateral to the main cause of action"). Rule 59(e) therefore does not apply.

Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged . . . ; or
> (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Rule 60(b)(1) is the appropriate rule here, as MPP seeks relief from a final order based on allegations of mistake or inadvertence by the Court. While Rule 60(b)(1) is often invoked by

4

parties seeking relief based on their own excusable neglect, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993), the Rule also "permits a court to correct its own inadvertence," *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009) (citation omitted), and district courts have reconsidered rulings with respect to attorneys' fees under Rule 60(b)(1). *See, e.g.*, *DIRECTV Inc. v. Eagle West Commc'ns Inc.*, No. 09-cv-00379 PHX, 2015 WL 274059, at *1-3 (D. Ariz. Jan. 22, 2015). The Court therefore construes MPP's motion as a motion for reconsideration under Rule 60(b)(1).

## IV. Jurisdiction

After MPP filed the instant motion for reconsideration on May 2, 2017, the firm filed a notice of appeal of the Court's April 24 order on May 22, 2017. (Dkt. No. 3255.) As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). In certain situations, however, Rule 4 of the Federal Rules of Appellate Procedure allows the district court to amend a final order, even when a notice of appeal has been filed. Specifically, Appellate Rule 4(a)(4)(B)(i) provides that:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

One of the motions listed in Rule 4(a)(4)(A) is "relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Here, MPP filed its motion for reconsideration—which the Court has construed as a motion for relief under Rule 60(b)(1)—on May 2, within 28 days of the Court's April 24 order. (*See* Dkt. Nos. 3178, 3195.) MPP's motion is therefore a "motion listed in Rule 4(a)(4)(A)" of the Federal Rules of Appellate Procedure, and as such, the notice of appeal of the April 24 order will not become effective until the Court disposes of the Rule 60(b) motion. The Court therefore continues by considering the merits of MPP's Rule 60(b) motion.

**DISCUSSION**

The Court did not deny MPP's motion for attorneys' fees and costs based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). First, it is undisputed that MPP never submitted time records pursuant to Pretrial Order No. 11, which established a protocol for common benefit work and requires attorneys who seek fees for such work to timely submit requests to Lead Counsel. (*See* Dkt. No. 1254 at 2.) MPP's failure to do so at a minimum prevents it from recovering fees for work performed after the appointment of Lead Counsel. (*See* Apr. 24 Order, Dkt. No. 3178 at 7-8 (denying Non-Class Counsel's requests for fees for work performed after the Court appointed Lead Counsel because Non-Class Counsel did not demonstrate that they complied with Pretrial Order No. 11).)

Second, MPP's work prior to the appointment of Lead Counsel was largely duplicative of that performed by other counsel. For example, although MPP filed a motion with the JPML to consolidate the Volkswagen clean-diesel cases (MDL 2672, Dkt. No. 1), the JPML Panel noted in its Transfer Order that "[s]cores of plaintiffs" filed similar requests seeking to centralize proceedings in 28 judicial districts throughout the United States. (Dkt. No. 1 at 1; *see also* MDL 2672, Dkt. No. 691 (noting that in excess of 125 pleadings were filed on the MDL docket, including numerous requests that proceedings be consolidated in various districts).) As one of many similar filings, MPP's motion to consolidate did not "confer an *independent benefit* upon the class," which would merit compensation. *In re Cendant Corp. Secs. Litig*, 404 F.3d 173, 197 (3d Cir. 2005) (emphasis added); *see also id.* ("If a hundred lawyers each perform admirable but identical work on behalf of a class before appointment of the lead plaintiff, the court should not award fees to each of the lawyers, as this would overincentivize duplicative work."). MPP's motion to consolidate, similar to a pre-MDL complaint, is instead best viewed as an "entrepreneurial effort" that gave MPP a possible boost in later efforts to be appointed as Class Counsel. *Id.* at 204 ("We recognize that [non-class counsel] put significant time and effort into preparing its complaint. We think it clear, however, that it did so as an entrepreneurial effort, hoping to get at least some share of the lead-counsel work on behalf of the class.").

Also duplicative was an agreement MPP obtained from Volkswagen not to rely on jury

trial waiver or arbitration clauses in a "Goodwill Package" that Volkswagen made available to consumers who were impacted by the clean-diesel scandal. (*See* Dkt. Nos. 2308-1 ¶¶ 20-21; 3195 at 5.) As MPP notes, "we were not alone in this effort," as "a District Court in Michigan and one in New Jersey more or less concurrently entered orders relating to VW's goodwill program that were similar to the commitment we received." (Dkt. No. 2308-1 ¶ 21.)

Other work performed by MPP also did not confer "a benefit on the class *beyond* that conferred by lead counsel." *In re Cendant*, 404 F.3d at 191 (emphasis in original). For example, although MPP engaged in pre-MDL proceedings before Judge Carter in the Central District of California, Judge Carter stayed those proceedings just over one month after MPP filed its complaint. (Dkt. No. 2308-1 ¶ 13; *see also* C.D. Cal. Case No. 2:15-cv-07390 DOC (SPx).) Given the short duration of proceedings, and the fact that Judge Carter did not enter any dispositive rulings, MPP's litigation in the Central District did not materially impact the consolidated class proceedings or drive settlement negotiations with Volkswagen. (*See* Apr. 24 Order, Dkt. No. 3178 at 5-6 (noting that "Non-Class Counsel simply did not have the time needed to materially impact the consolidated class proceedings").)

An agreement MPP obtained from Volkswagen during proceedings before Judge Carter to preserve evidence also did not hold Volkswagen to any new legal obligations, given that "as soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Ameripride Svcs., Inc. v. Valley Indus. Serv., Inc.*, No. CIV-S-00-113 LKK, 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006). This agreement therefore cannot reasonably be linked to the class's ultimate recovery as required to support an award of fees. *See In re Cendant*, 404 F.3d at 197 ("[O]nly attorneys 'whose efforts create, discover, increase, or preserve,' the class's *ultimate recovery* will merit compensation from that recovery." (emphasis added) (internal quotation marks omitted)).

MPP finally highlights that, after the JPML assigned the MDL to this Court, the firm filed an application to become a member of the Plaintiffs' Steering Committee, as well as several filings suggesting a potential Settlement Master and commenting on other Settlement Master candidates. (Dkt. No. 3195 at 5.) MPP's application to become a member of the PSC was for its own benefit,

7

not that of the class. And while the Court appreciated MPP's input with respect to the selection of a Settlement Master, the Court did not appoint as Settlement Master any of the potential candidates suggested by MPP, nor did MPP's comments on the candidates proposed by others influence the Court's ultimate selection of Robert S. Mueller III as Settlement Master. MPP's filings related to the Court's search for a Settlement Master therefore did not provide a benefit to the class. *In re Cendant*, 404 F.3d at 191.

## CONCLUSION

Rule 60(b)(1) is the governing standard, as MPP seeks relief from a final order based on allegations of mistake or inadvertence by the Court. Because MPP did not offer evidence demonstrating that it "create[d] a substantial benefit for the class," *In re Cendant*, 404 F.3d at 195, the Court previously denied the firm's motion for attorneys' fees and costs. This ruling was not based on mistake, inadvertence, surprise, or excusable neglect. The Court therefore DENIES MPP's motion for reconsideration under Federal Rule of Civil Procedure 60(b).

**IT IS SO ORDERED.**

Dated: June 6, 2017

CHARLES R. BREYER
United States District Judge