UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br>_____/<br><br>This Order Relates To:<br>Dkt. No. 2864<br>_____/ | MDL No. 2672 CRB (JSC)<br><br>**ORDER RE: ROBERT BOSCH GMBH AND ROBERT BOSCH LLC'S MOTION TO DISMISS THE VOLKSWAGEN-BRANDED FRANCHISE DEALERS AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT** |

Pending before the Court is a motion by Defendants Robert Bosch GmbH and Robert Bosch LLC to dismiss the Volkswagen-branded Franchise Dealers' Amended and Consolidated Class Action Complaint. (Dkt. No. 2864.) In their Complaint, the Franchise Dealers allege that the Bosch Defendants conspired with Volkswagen to develop the defeat device that was intentionally installed in Volkswagen diesel-engine vehicles to evade U.S. emissions regulations. By participating in the scheme, Plaintiffs allege that the Bosch Defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d). (Dkt. No. 1969.)

When a plaintiff brings a RICO claim against multiple defendants, "[t]he requirements of § 1962(c) must be established as to each individual defendant." *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008). Plaintiffs must therefore plead facts that plausibly support that both Bosch GmbH and Bosch LLC took "some part in directing [the RICO enterprise's] affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Where, as here, the alleged predicate acts of the RICO enterprise are acts of mail and wire fraud (Compl. ¶ 363), Plaintiffs must also "identify the role of each Defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)). Plaintiffs do not need to allege that the Bosch

Defendants made false statements or used the mails or wires in furtherance of the scheme, if such conduct can be attributed to another member of the enterprise, such as Volkswagen, *see United States v. Stapleton*, 293 F.3d 1111 (9th Cir. 2002); however, Plaintiffs must plead that each Defendant knowingly participated in the scheme to defraud, with specific intent to deceive, *id.* at 1116-18; *see also Orr v. Bank of America*, 285 F.3d 764, 782 (9th Cir. 2002).

Plaintiffs have not satisfied these requirements. Their Complaint blurs the lines between the conduct of Bosch GmbH on the one hand, and Bosch LLC on the other. Many of the Complaint's allegations are attributed only to "Bosch." But Plaintiffs define "Bosch" as "Bosch GmbH" at one point in the Complaint (Compl. ¶ 3), and as "Bosch GmbH, Bosch LLC, and Bosch CEO Volkmar Denner" at another (*id.* ¶ 33). The result is that the Court cannot confidently attribute many of the allegations to one Defendant or the other. The broader definition of "Bosch" is also not appropriate, as "[a] plaintiff may not simply lump together multiple defendants without specifying the role of each defendant in the fraud." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1201 (C.D. Cal. 2011) (citing *Swartz*, 476 F.3d at 764).

Plaintiffs alternatively do not adequately allege that Bosch LLC is an alter ego of Bosch GmbH, so as to avoid the need to plead specific facts as to each Defendant. *See Eclectic Props. East LLC v. The Marcus & Millichap Co.*, No. C-09-00511 RMW, 2012 WL 713289, at *4-5 (N.D. Cal. Mar. 5, 2012) (applying the alter ego test in the context of a civil RICO claim), *aff'd* 751 F.3d 990 (9th Cir. 2014). The allegations that "Robert Bosch LLC is a wholly-owned subsidiary of Robert Bosch Gmb[H]," that both "operate under the umbrella of the Bosch Group," and that "Bosch's sectors and divisions are grouped not by location, but by subject matter" (Compl. ¶ 36), are not sufficient to establish "(1) that there is such a unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)); *see also id.* (noting that the "unity of interest and ownership" prong "envisions pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business"

(internal quotation marks omitted)).

In light of the above, the Court does not consider the remainder of Defendants' motion to dismiss at this time. Instead, the Court GRANTS Plaintiffs leave to amend their Complaint, by **July 24, 2017**, to address the identified shortcomings. Defendants may then file a supplemental brief, by **August 14, 2017**, raising new arguments for dismissal of the Amended Complaint, and addressing whether arguments previously raised have been altered by the Amended Complaint. Plaintiffs may then file a supplemental response brief by **August 28, 2017**. Neither brief shall exceed 25 pages. The Court will then consider the previously submitted briefs (Dkt. Nos. 2863, 2864, 2982, 2983, 3052), as well as the parties' supplemental filings, in evaluating Plaintiffs' Amended Complaint. The Court will hold a hearing on the motion to dismiss on **Tuesday, September 12, 2017 at 8:00 a.m**. To the extent that Plaintiffs seek to file portions of their Amended Complaint under seal, they must file an Administrative Motion to File Under Seal in conformance with Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: June 23, 2017

CHARLES R. BREYER
United States District Judge

3