UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: Dkt. No. 2936, 2937 _____/ | MDL No. 2672 CRB (JSC) **ORDER DENYING MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER RE: DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Stichting Volkswagen Investors Claim and Stichting Volkswagen Car Claim (together, the "Dutch Foundations") seek relief from the nondispositive pretrial order of Magistrate Judge Corley, denying the Dutch Foundations' applications to obtain discovery produced in this MDL for use in foreign proceedings pursuant to 28 U.S.C. § 1782. Because Judge Corley's order is not clearly erroneous or contrary to law, Fed. R. Civ. P. 72(a), the Court DENIES the motion.

Pursuant to 28 U.S.C. § 1782(a), "The district court of the district *in which a person resides or is found* may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." (emphasis added.) Judge Corley did not err in concluding that Respondents[1] are not "found" in the Northern District of California, and that this Court accordingly may not order Respondents to produce documents under § 1782. (Dkt. No. 2877 at 6.)

A corporation is "found" in a judicial district if the corporation engages in "systematic and continuous local activities" in the district. *In re Ex Parte App. of Qualcomm, Inc.*, 162 F. Supp. 3d

---

[1] Respondents are VW AG, Volkswagen Group of America, Inc., Audi AG, Audi of America, LLC, Porsche AG, Porsche Cars North America, Inc., Robert Bosch GmbH, and Robert Bosch, LLC.

1029, 1035 (N.D. Cal. 2016) (quoting *In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007)). While the Dutch Foundations cite to a number of contacts between Respondents and other districts in the United States, and the United States as a whole, they have not offered evidence that Respondents have engaged in "systematic and continuous local activities" in the Northern District of California.

The Dutch Foundations argue that, because this is an MDL, the relevant district is not just the Northern District of California (the transferee court), but also any district from which a case was transferred. (Dkt. No. 2936 at 8.) The Dutch Foundations have not identified any authority supporting this interpretation of § 1782. This interpretation is also at odds with the statute's plain language, which provides that authority to grant § 1782 discovery is limited to the "district court of the district in which a person resides or is found." (Dkt. No. 2936 at 13.) *See Qualcomm*, 162 F. Supp. 3d at 1036 (looking only to in-district contacts under § 1782).

The Dutch Foundations also argue that Respondents are "found" in this District based on their defense of lawsuits here. Judge Corley did not err in rejecting this argument. *See Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005) ("[D]efense on the merits in a suit brought by one party cannot constitute consent to suit as a defendant brought by different parties.").

Having concluded that Magistrate Judge Corley's order is not clearly erroneous or contrary to law, the Court DENIES the Dutch Foundations' motion and sustains Judge Corley's order.[2]

**IT IS SO ORDERED.**

Dated: July 10, 2017

CHARLES R. BREYER
United States District Judge

---

[2] The Court also DENIES the Dutch Foundations' Administrative Motion to Augment the Record. (Dkt. No. 2937.) When a district court reviews a magistrate judge's order, the district court may consider a motion to augment the record if the magistrate judge's order was on a dispositive matter. *See* N.D. Cal. L.R. 72-3. But as the Court previously concluded, Judge Corley's order did not address a dispositive matter and is therefore subject to review under Civil Local Rule 72-2, not 72-3. (Dkt. No. 3006.) A motion to augment the record is therefore not appropriate.

2