F:\ALA\Mikhov Files\VW TDI\MOTION TO REMAND\Motion to Remand.docx

Moses Lebovits, State Bar No. 66552
Parham Nikfarjam, State Bar No. 311634
DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

Steve Mikhov, State Bar No. 224676
KNIGHT LAW GROUP, LLP
1801 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 552-2250

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>(See Appendix A for case list and Nos.) | LEAD CASE No. 15-md-02672-CRB<br><br>**PLAINTIFFS' NOTICE OF JOINT MOTION AND JOINT MOTION TO REMAND, AND FOR COSTS, AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. Charles R. Breyer |

TO DEFENDANTS VOLKSWAGEN GROUP OF AMERICA, INC.; COMMUNITY AUTOMOTIVE GROUP, INC.; SB-VAL, d/b/a SANTA BARBARA VOLKSWAGEN; MESA IMPORTS, LLC; JCH INVESTMENTS d/b/a MURRIETA VOLKSWAGON; ANTELOPE VALLEY NISSAN, INC. d/b/a Antelope Valley Nissan/Volkswagen; HAMMER LANE VOLKSWAGEN, INC. d/b/a HAMMER LANE VOLKSWAGEN MAZDA; MOSSY AUTOMOTIVE GROUP EL CAJON, INC.; CIRCLE MOTORS, INC., d/b/a South Bay VW; SAI AUTO GROUP, LLC, BOZZANI VOLKSWAGEN; VACAVILLE PREMIUM

i

MOTORCARS, LLC; RIVERSIDE METRO AUTO GROUP, LLC; MOSSY AUTOMOTIVE GROUP II, LLC, MOSSY VOLKSWAGEN ESCONDIDO; LIVINGSTON VOLKSWAGEN, INC.; HANLEE'S NAPA INC.; SOUTH BAY MOTORS LLC.; Q&S AUTOMOTIVE, LLC, d/b/a AUDI MAZDA OAKLAND; MOSS BROS. GERMAN, INC., d/b/a Volkswagen of Moreno Valley; DIRITO BROTHERS WALNUT CREEK, INC, d/b/a DIRITO BROTHERS Volkswagen; COMMUNITY AUTOMOTIVE GROUP, INC., d/b/a Community Volkswagen; MISSION BAY MOTORS, INC.; HERMAN COOK VOLKSWAGEN, INC.; DCH OXNARD 1521 IMPORTS INC. d/b/a AUDI OXNARD; SHAYCO d/b/a ONTARIO VOLKSWAGEN; SULLIVAN MOTOR CARS LLC d/b/a VOLKSWAGEN SANTA MONICA; SOUTH BAY MOTORS LLC. d/b/a PACIFIC VW; WINN AUTOMOTIVE, INC. d/b/a/ Winn Volkswagen; COMMUNITY AUTOMOTIVE GROUP INC. d/b/a COMMUNITY VOLKSWAGEN; DWVW, INC. d/b/a VOLKSWAGEN OF SAN BERNANDINO; PERRY AUTOMOTIVE GROUP, INC., d/b/a Perry Ford Lincoln VOLKSWAGEN; RIVERSIDE METRO GROUP, LLC.; ALANT CORPORATION d/b/a CIRCLE AUDI; CENTRAL VALLEY VH, INC.; NEW CENTURY AUTOS INC. d/b/a NEW CENTURY VW; MCKENNA MOTORS CERRITOS, INC.; MISSION BAY MOTORS, INC.; GOLD COAST AUTO GROUP, INC., d/b/a VENTURA VOLKSWAGEN; M&M AUTOMOTIVE GROUP, INC., d/b/a VOLKSWAGEN OF OAKLAND; GSM AUTO GROUP II, LLC, d/b/a AUDI OF MISSION VIEJO; EUROMOTORS CONCORD INC. d/b/a AUDI CONCORD; MATTHEW ENTERPRISE, INC. d/b/a SERRAMONTE VOLKSWAGEN; CARDINALE OLDSMOBILE GMC TRUCK INC., d/b/a CARDINALE MAZDA VOLKSWAGEN; CAPITOL DEL GRANDE, INC.; LLH INC. d/b/a HANLEES HILLTOP VOLKSWAGEN; MICHAEL CADILLAC INC. d/b/a MICHAEL AUTOMOTIVE CENTER; ELK GROVE AUTO GROUP, INC.; MCKENNA MOTORS NORWALK d/b/a MCKENNA VOLKSWAGEN AUDI;

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1  HERMAN COOK VW; SOUTH BAY MOTORS, LLC; M & A DESERT MOTOR

2  CAR COMPANY, LLC., d/b/a VOLKSWAGEN OF PALM SPRINGS; MISSION

3  VOLKSWAGEN, INC; JONES BH ACQUISITION, LLC; AUTOMOTIVE ELITE

4  INVESTMENTS, INC; VKS MURRIETA LIMITED PARTNERSHIP d/b/a

5  VOLKSWAGEN OF MURRIETA; WALTER TIMMONS ENTERPRISES, INC.

6  d/b/a TIMMONS OF LONG BEACH; HANSEL-PRESTIGE, INC; COUNTY-

7  WIDE RAMBLER, INC. d/b/a VOLKSWAGEN OF GARDEN GROVE; IRVINE

8  AUTO RETAIL II, INC.; VOLKSWAGEN OF DOWNTOWN LOS ANGELES;

9  SANTA MONICA BRENTWOOD AUTOMOTIVE, LLC, d/b/a SANTA

10  MONICA AUDI; CITY CHEVROLET VOLKSWAGEN, MISSION BAY

11  MOTORS, INC. d/b/a CITY VOLKSWAGEN; BOB BAKER VOLKSWAGEN

12  d/b/a BOB BAKER VOLKSWAGEN SUBARU; R.L. NIELLO CO., INC.;

13  ANDERSON ENTERPRISES INC., d/b/a ROYAL MOTOR SALES; WALTERS

14  SALES AND SERVICE, INC.; TRACY VOLKSWAGEN; VOLKSWAGEN OF

15  VAN NUYS INC.; SFV DIVERSIFIED d/b/a VOLKSWAGEN OF ORANGE;

16  RUSNAK/WESTLAKE; MISSION VOLKSWAGEN OF AMERICA, INC., d/b/a

17  CAPISTRANO VW; DDS ENTERPRISES d/b/a SUNNYVALE VOLKSWAGEN;

18  ASHLEY IMPORTS, LLC d/b/a MERCED VOLKSWAGEN-KIA- DAEWOO;

19  TEAM VOLKSWAGEN OF HAYWARD CORPORATION d/b/a TEAM

20  VOLKSWAGEN OF HAYWARD; GALPIN VOLKSWAGEN LLC;

21  RUSNAK/PASADENA; GAV-GRO, INC. d/b/a SANTA CRUZ NISSAN;

22  MCKENNA MOTORS HUNTINGTON BEACH, INC.; CORNELIUS BROS.,

23  LLC. d/b/a DUBLIN VOLKSWAGEN; KEY HOWARD INC. d/b/a KEYS AUDI;

24  CLOVIS AUTO CARS; TRANS OCEAN MOTOR CO. INC. d/b/a

25  VOLKSWAGEN PASADENA; SAUL CHEVROLET, INC. d/b/a

26  CARDINALEWAY VOLKSWAGEN, FAMILY MOTORS VW; AND THEIR

27  ATTORNEYS OF RECORD:

28

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1    PLEASE TAKE NOTICE THAT Pursuant to 28 U.S.C. § 1447,

2   Honorable Justice Breyer's July 20, 2017 Pretrial order No. 23, and July 31, 2017

3   Order Clarifying Pretrial Order No. 23, Plaintiffs respectfully move to remand these

4   185 actions to their respective Superior Courts of California and award Plaintiff

5   reasonable costs and expenses, including attorneys fees, incurred as a result of the

6   wrongful removals of these actions.  App endix A identifies each of the cases,

7   including the MDL and state case number, for which counsel respectfully requests

8   remand.

9

10   Date:  August 10, 2017                    DANIELS, FINE, ISRAEL,
                                           SCHONBUCH & LEBOVITS, LLP
11

12                                  By: _____

13                                           Moses Lebovits
                                           Parham Nikfarjam
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

1

**TABLE OF CONTENTS**

2   I.      INTRODUCTION...................................................................................1

3   II.     ARGUMENT ......................................................................................2

4          A.      Defendants' Removal of the Instant Action to Federal Court Is
5                  Statutorily Barred and Improper Since this Court Lacks Subject
                   Matter Jurisdiction...............................................................2

6          B.      Plaintiffs are Not Seeking to Enforce Any EPA or Clean Air Act
7                  Emission Standards ..............................................................4

8          C.      Other District Courts Have Reached the Same Result......................7

9          D.      The Exercise of Federal Jurisdiction Will Disrupt the Balance
                   Between Federal and State Jurisdiction Since State Law Dominates. 10

10  III.    REQUEST FOR COSTS ......................................................... 12

11  IV.     CONCLUSION..................................................................... 14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Volkswagen Group of America, Inc.*

  2:15-CV-00184-DLB-JGW (E.D. Ken., Jan. 5, 2016)..............................9

*Autoport LLC, et al v. Volkswagen Group of America, Inc.*

  2:15-CV-04260-MKL (W.D. Mo., Jan. 11, 2016)..............................9

*Bosse v. Pitts*

  455 F. Supp. 2d 868, 875 (W.D. Wis. 2006)..............................12

*Burke-Williams v. Volkswagen Group of America, Inc.*

  1 :15-CV-00702-MRB (S.D. Ohio, Dec. 28, 2015)..............................9

*Caterpillar Inc. v. Williams*

  482, U.S. 386, 398-99 (1987)..............................3, 7

*Claytor v. Volkswagen Group of America, Inc.*

  7:16-cv-00197-GEC (W.D. Va., May 31, 2016)..............................9

*Crews v. General Am. Life Ins. Co.*

  275 F.3d 502, 507 (8th Cir. 2001)..............................3

*DeRochemont v.Volkswagen Group of America, Inc., et al*

  8:15-CV-2726-T23TBM (M.D. Fla., Jan. 28, 2016) ..............................9

*Empire Healthchoice Assur., Inc. v. McVeigh*

  547 U.S. 677, 701 (2006) ..............................3

*Fleischman v. Volkswagen Group of America, Inc.*

  6:16-cv-00021-GEC (W.D. Va., May 31, 2016)..............................9

*Franchise Tax Board v. Construction Laborers Vacation Trust*

  463 U.S. 1 (1983) ..............................7

*Fylopovych v. Volkswagen Group of America, Inc., et al*

  2:16-CV-00273-CDJ (E.D. Penn., Feb. 29, 2016)..............................9

*Glovier v. Barton Homes, LLC*

  452 F.Supp.2d 657, 660 (W.D. La. 2006)..............................3

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1

# **TABLE OF AUTHORITIES (CONT'D)**

*Gore v. Trans World Airlines*

   210 F.3d 944, 948 (8th Cir. 2000)........................................................................10

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*

   545 U.S. 308, 313-14 (2005)......................................................................2, 3, 11

*Grose v. Volkswagen Group of America, Inc.*

   6:16-cv-00019-GEC (W.D. Va., May 31, 2016)...............................................9

*Guas v. Miles, Inc,*

   980 F.2d 564, 566 (9th Cir. 1992)...............................................................2, 3

*Gully v. First Nat. Bank*

   299 U.S. 109, 112 (1936).....................................................................................3

*In re Circular Thermostat*

   No. MDL XXXXXXXXWHA, 2005 WL 2043022, (N.D. Cal. Aug. 24, 2005).8

*In re Volkswagen*

   3:15-md-02672; CRB (N.D. CA., May 23, 2017.)........................................8, 9, 11

*Kokkonen v. Guardian Life Ins. Co.,*

   511 U.S. 375, 377 (1994)............................................................................2, 3

*Martin v. Franklin Capital Corp.*

   546 U.S. 132, 141 (2005).................................................................................12

*McGruff v. Volkswagen Group of America, Inc.*

   4:16-CV-00462-SRB (W.D. Mo., June 14, 2016).............................................9

*Miranti v. Lee*

   3 F.3d 925, 929 (5th Cir. 1993)......................................................................12

*Merrell Dow Pharmaceuticals v. Thompson*

   478 U.S. 804, 808-09 (1986).............................................................3, 4, 7, 11

*Morris v. Bridgestone/Firestone, Inc.*

   985 F.2d 238, 240 (6th Cir. 1993)...................................................................12

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

iii

1

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

2   *Nauheim v. Volkswagen Group of America, Inc.*

3       2:16-CV-00137-JCC (W.D. Wa.) (March 15, 2016) ..................................9

4   *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.,*

5       559 F.3d 772, 779 (8th Cir. 2009) ..................................................2

6   *Provincial Gov't of Marinduque v. Placer Dome, Inc.,*

7       582 F.3d 1083, 1087 (9th Cir.2009) ..............................................2

8   *Rains v. Criterion Systems, Inc.*

9       80 F.3d 339, 346 (9th Cir. 1996) ..................................................8

10  *Rambuski v. Volkswagen Grp. Of A.*

11      No. 2:16-CV-16-00468, 2016 WL 259405 (C.D. Cal. Jan. 22, 2016)..................8

12  *Rambusld v. Volkswagen Group of America, Inc.*

13      2:16-CV-00468-PA-SS (C.D. Ca., Jan. 22, 2016) ..............................9

14  *Sanchez vs. Monumental Life Ins. Co.,*

15      102 F.3d 398, 403-04 (9th Cir.1996) ............................................2

16  *Shamrock Oil & Gas Corp. v. Sheets*

17      313 U.S. 100, 108-9 (1941) ..............................................3, 10

18  *Shelton v. Volkswagen Group of America, Inc.*

19      1:15-CV-00733-MRB (S.D. Ohio, Dec. 28, 2015) ..............................9

20  *Silvio v. Ford Motor Company*

21      109 Cal. App. 4th 1205 (2003) ....................................................6

22  *Singh v. Duane Morris*, LLP

23      538 F.3d 334, 338 (5th Cir. 2008) ..............................................7

24  *Springsted v. Volkswagen, et al*

25      3:16-CV-00214, (D. Conn., May 20, 2016) ....................................9

26  *State of New Jersey v. Volkswagen, et al*

27      2:16-CV-01670-JLL (D. N.J., May 19, 2016) ..................................9

28

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

iv

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

*Taylor v. Scott Motors, Inc.*

  I :16-CV-00083-ML (D.R.I., March 15, 2016)........................................................9

**Statutes**

Civil Code, section 1770..............................................................................................6

28 U.S.C., section 1331 .........................................................................................4, 8

28 U.S.C., section 1441 .........................................................................................3, 8

28 U.S.C., section 1447 ...................................................................................2, 9, 10

PLAINTIFFS' JOINT MOTION TO REMAND

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

then and now Justice Elizabeth Grimes. The requested fees were based on my then hourly billing rate of $600, and my associate Ms. Knafo's billing rate of $325, as well as the hourly billing rates of my paralegal, all of which Justice Grimes deemed reasonable and granted in excess of $190,000 for fees. In 2010, in the matter Marik v. Keele et al, LASC Case No. BC3300740, upon the conclusion of binding arbitration, my clients were awarded costs and fees by Hon. Robert M. Letteau. The requested fees were based on my then hourly billing rate of $600 which Judge Letteau deemed reasonable and granted those fees. In 2012, we received in excess of $90,000 based on an hourly rate of $650 from the Probate Court for fees incurred in the matter of Margalitte de Monge. In 2012, the Hon. Mary Ann Murphy awarded us an additional $130,000 in attorney's fees in the above-referenced Marik matter following an Appeal at the then rate of $650 an hour. Since 2012 my hourly rate has increased to $750 an hour. Our firm's hourly rates do not include a component to account for contingency risk.

10. All of the exhibits attached to the Plaintiff's Memorandum of Points and Authorities are true and correct copies of what they purport to be.

Executed this ___ day of August, 2017, at Los Angeles, California.

_____
MOSES LEBOVITS
Declarant

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

DECLARATION OF MOSES LEBOVITS IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO REMAND

# I.

# **INTRODUCTION**

These lawsuits arise out of Volkswagen admittedly selling vehicles fitted with software capable of cheating and defeating the purpose of state and federal emissions tests.  Daniels, Fine, Israel, Schonbuch & Lebovits, LLP, and Knight Law Group represent 185 individual Plaintiffs and filed the actions in respective California State Courts with proper venue and jurisdiction to hear the cases.  (See Appendix A for full list of cases which Counsel brings the instant motion.)

Throughout the multidistrict litigation, Volkswagen Group of America Inc. ("Volkswagen" or "Defendant") improperly removed Counsel's 185 cases to the Federal District Court on the basis of a purported federal question.  From the face of the Plaintiffs' complaint, it was obvious that removal was improper because these cases involve absolutely no questions or implications of federal law.  Plaintiffs make no claim for relief arising out of the constitution, laws, or treaties of the United States.   Specifically, Plaintiff's cursory mentions of federal emission standards and Volkswagen's national plan to campaign for federal tax credits do not involve any questions of federal law necessary for proper removal.

Plaintiffs jointly file the instant motion requesting that the Court remand the matters back to their respective state courts and award Plaintiff attorney's costs and fees incurred as a result of the improper removals since the removals were groundless, not supported by any law, unreasonable, and done only to delay litigation, harass Plaintiff, and cause Plaintiff to incur substantial fees and costs.

///

///

///

///

1

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

# II.

## ARGUMENT

A. **Defendants' Removal of the Instant Action to Federal Court Is Statutorily Barred and Improper Since this Court Lacks Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute ...." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal question jurisdiction is available only where (1) the right to relief under state law depends on the resolution of a substantial, *disputed federal question*, and (2) the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress." *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) (emphasis added), citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005). Remand to the state court is proper at any time if the District Court lacks subject matter jurisdiction over the asserted claims. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c). On a motion to remand to state court, a defendant bears the burden of showing that a federal court would have jurisdiction from the outset. *Guas v. Miles, Inc*, 980 F.2d 564, 566 (9th Cir. 1992). To meet this burden, a defendant must overcome a "strong presumption" against removal and in favor of remand. *Sanchez vs. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir.1996). Therefore, "the removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded back to state court. 28 U.S.C. § 1447(c). Doubts as to removability are resolved in favor of remanding the case to the state court. *Shamrock Oil & Gas*

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1  *Corp. v. Sheets*, 313 U.S. 100, 108-9 (1941); *Guas v. Miles, Inc.*, 980 F.2d 564, 566

2  (9th Cir. 1992).

3      As a result, there is a presumption that federal courts lack subject

4  matter jurisdiction to resolve a particular suit. *Kokkonen v. Guardian Life Ins. Co.*,

5  511 U.S. 375, 377 (1994). As a general rule, the plaintiff is considered the master of

6  his complaint and may avoid federal jurisdiction by relying exclusively on state law.

7  *Caterpillar Inc. v. Williams*, 482, U.S. 386, 398-99 (1987). In these cases, Plaintiffs

8  have relied exclusively on state laws and assert only state law claims and remedies.

9  Therefore, no original federal jurisdiction exists and Plaintiff could not have

10  originally filed these claims in this Court. (See examples of Plaintiffs' Complaint,

11  attached hereto as "Exhibit A").

12      The presence or absence of "arising under" or "federal question"

13  jurisdiction is governed by the well-pleaded complaint rule. *Caterpillar*, 483 U.S. at

14  392; *Crews v. General Am. Life Ins. Co.*, 275 F.3d 502, 507 (8th Cir. 2001). In

15  order to determine whether "arising under" or "federal question" jurisdiction exists,

16  the court looks to the allegations of Plaintiff's Complaint. *Gully v. First Nat. Bank*,

17  299 U.S. 109, 112 (1936). The federal question "must be disclosed on the face of

18  the complaint, unaided by the answer." *Id.* at 113. It takes more than a federal

19  element, however, to provide jurisdiction over a claim. *Empire Healthchoice*

20  *Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Grable*, 545 U.S. at 313. The

21  right or immunity created by the Constitution or laws of the United States must be

22  an *essential element* of the Plaintiff's cause of action. *Gully*, 299 U.S. at 112. The

23  possibility or even likelihood that a state court would have to interpret or apply

24  some federal law during a case does not convert the state law claims to federal ones

25  or otherwise support federal question jurisdiction. *Merrell Dow*, 478 U.S. at 808-

26  09; *Glovier v. Barton Homes, LLC*, 452 F.Supp.2d 657, 660 (W.D. La. 2006).

27      Defendants improperly removed the instant action to federal court

28  pursuant to 28 U.S.C. § 1441 on grounds that Plaintiff's complaint requires

3

resolution of substantial questions of federal law.  Plaintiffs' complaints include three (3) to seven (7) causes of action—all state law determinative claims. Plaintiff's claims for damages are generally based on Intentional Misrepresentation, Concealment, violations of the CLRA, violation of the Song-Berverly Act for Breach of Warranty, and violation of California Unfair Competition Law.  There are no claims under federal law and no resolution of a federal question is necessary for Plaintiff to obtain relief.

In order to attempt to create federal subject matter jurisdiction, Defendant argues that these cases "arise under" the laws of the United States because Plaintiff's claims require that the Court resolve "substantial questions of federal law" with respect to Volkswagen's use of a defeat device which violates federal law and EPA regulations.  Defendants are clearly attempting to pigeon-hole Plaintiffs' complaint as requiring the application of federal emission standards where, in actuality, Plaintiffs' claims and their resolution only requires a cursory mention of the federal emission standards as a guidepost for the jury.  None of Plaintiffs' claims require the Court to resolve a federal question to determine Plaintiffs' rights to recovery as all are based on California consumer protection statutes.  The incorporation of some federal terms, or even a federal regulation for that matter, into a state court complaint does not serve to confer original jurisdiction upon the federal courts under 28 U.S.C. § 1331.  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986).

**B.**   **Plaintiffs are Not Seeking to Enforce Any EPA or Clean Air Act Emission Standards**

Defendants wrongly assert in their notices of removal that Plaintiffs are attempting to enforce the emission standards established by the EPA.  This is untrue. Once more, Plaintiffs' complaints arise out of Defendants' fraudulent misrepresentations to Plaintiffs and the violation of several California consumer rights violations derived from those misrepresentations.  In no part of Plaintiff's

4

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

case will Plaintiff seek any remedy for Defendants' admitted violations of emission standards.   Plaintiffs do not ask Defendant to cease such violations or seek an injunction.   These suits merely seek to vindicate Plaintiffs' consumer rights as they relate to Defendant's wrongful actions.

In this case, the essential elements of Plaintiffs' Complaints do not require federal analysis because all of their claims are state law consumer claims and/or fraud claims arising under California law and Defendant admits to fraudulent conduct and the violation of fed eral regulations tangentially referenced therein. Success on Plaintiffs' claims, therefore, does not implicate a question of federal law or regulation.   To succeed on their fraud and misrepresentation claims, Plaintiffs must show only that the vehicles emit pollutants at a rate higher than those represented to them prior to their purchase of the vehicles, that Defendant knew, or should have known, or was negligent in not knowing, that the vehicle did so, and that Plaintiffs have been harmed financially as a result.   To reiterate, Plaintiffs are in no way, shape, or form, seeking relief under Defendant's admitted violations of federal emissions—they are merely seeking damages for Volkswagen's fraudulent misrepresentations.

As noted, Defendant has admitted that it breached its Emissions Warranty, which required it to provide Plaintiffs with vehicles that complied with EPA and California Air Resources Board[1] emissions regulations and standards and to conform the vehicle to those requirements.   The Song-Beverly Act is a state remedial statute designed to protect California consumers who have purchased

---

[1] California is well known to have some of the strictest environmental regulations in the world and, perhaps, the strictest standards in the United States, exceeding even those standards set by the federal Clean Air Act.   While the federal government requires car manufacturers to obtain certain emissions certifications to sell vehicles in the United States, the State of California requires that manufacturers satisfy an even more onerous burden in obtaining an Executive Order prior to the sale of any vehicle intended for use within California.   In order to obtain an Executive Order from CARB, manufacturers must engineer vehicles that meet California's heightened emissions standards.   If Plaintiffs' complaints implicates any law, it is California's emissions standards, not those of the federal government.

5

products covered by an express warranty.  One of the most significant protections afforded by the Act requires a manufacturer to replace vehicles or reimburse the buyer in an amount equal to the purchase price paid by the buyer if the manufacturer or its authorized repair facility is unable to conform the vehicle to the written warranty. (*See Silvio v. Ford Motor Company*, 109 Cal. App. 4th 1205 (2003).)  As a result, Plaintiff's claims do not require any interpretation of the nature or scope of federal law or regulation because Defendant admits that it violated same.

Moreover, many Plaintiffs have claims brought pursuant to the California Consumer Legal Remedies Act ("CLRA"), another California statute. The CLRA requires a defendant to provide correction, repair, or replacement of any good that was sold in violation of the CLRA.  (See Civ. Code, § 1770, subd. (a).)  In these cases, the violations include Defendant's representation that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or he does not have; that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; that the subject of a transaction has been supplied in accordance with a previous representation when it has not; or that Defendant advertised goods or services with intent not to sell them as advertised. Once again, Plaintiffs' CLRA causes of action arise solely from California law, not federal law.  As such, no federal law is implicated by Plaintiffs' CLRA claims.

Finally, to the extent that any of these Plaintiffs have brought fraud claims against Defendant, those claims are based on California common law fraud and are based on Defendant's misrepresentations about the qualities of the vehicles. While Defendant's misconduct included misrepresenting each vehicle's conformance with state and federal emissions standards it is not the violation of the

6

emissions standards nor Defendant's misrepresentations to state or federal government entities that give rise to the Plaintiffs' claims but, rather, Defendant's misrepresentations to each individual Plaintiff. Plaintiffs were defrauded because they relied on Defendant's misrepresentations. In order to prove fraud, Plaintiffs will rely on California statutory and case law as authority, not federal law. As such, Plaintiffs' fraud claims do not implicate federal question jurisdiction.

Therefore, Plaintiffs' claims can be resolved without any reliance upon federal law or regulation since Plaintiffs only seek retribution for Volkswagen's deceitful tactics stemming from the violation of the regulations—not the violation themselves. Defendant's statements and admissions about its concealment and non-compliance with respect to the emissions in the vehicles are clearly relevant evidence of its fraudulent representations to Plaintiffs, but Plaintiffs' claims are not premised on a resolution of what those laws or regulations require. Accordingly, there is no federal question in this case and it should be remanded.

## C.   <u>Other District Courts Have Reached the Same Result</u>

Defendant argues that these cases invoke federal subject matter jurisdiction because the causes of action alleged therein necessarily turn on some construction of the Clean Air Act. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). The Supreme Court has cautioned against applying the language from Franchise Tax Board in such a broad and simplistic manner. (*See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813; *Singh v. Duane Morris*, LLP, 538 F.3d 334, 338 (5th Cir. 2008). In fact, the Supreme Court specifically held that Franchise Tax Board did not alter the long standing rule that the presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. (*See Merrell Dow*, 478 U.S. at 813). Even if a plaintiff has a federal cause of action, he may avoid federal jurisdiction by relying exclusively on state law. (*See Caterpillar, Inc. v Williams*, 42 U.S. 386, 107 S. Ct. 2425, 2429).

7

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

As previously noted, Plaintiffs' complaints allege state law causes of action, none of which require a resolution of any issue arising under any federal law. If Volkswagen and its agents acted in a fraudulent manner with respect to the sales of each Plaintiffs' vehicle, they may be held liable irrespective of any standard set by the Clean Air Act. *In re Volkswagen*, 3:15-md-02672-CRB (N.D. Cal. May 23, 2017).

Several authorities have already held that there is no federal question at issue in cases substantially similar to those at issue herein. In *Rambuski v. Volkswagen Grp. Of A.*, No. 2:16-CV-16-00468, 2016 WL 259405 (C.D. Cal. Jan. 22, 2016), Defendant Volkswagen raised the precise issue Defendants present here—removal on the basis of the substantial federal question doctrine. They lost. In *Rambuski*, Defendants also argued that the Plaintiff's "Complaint raises a substantial federal question, because the allegations derive from the EPA Notice and the EPA's public charges of alleged violations of the Clean Air Act and related regulations." *Id.* at 5. The court rejected this contention, stating:

> "'When a claim can be supported by alternative and independent theories--one of which is a state law theory and one of which is a federal law theory--federal question jurisdiction does not attach because federal law is not a necessary element of the claim.' " In re Circular Thermostat, No. MDL XXXXXXXXXWHA, 2005 WL 2043022, at *5 (N.D. Cal. Aug. 24, 2005) (quoting Rains v. Criterion Systems, Inc., 80 F.3d 339, 346 (9th Cir. 1996)). Defendant correctly points out that the Complaint repeatedly alleges violations of federal law and EPA regulations as bases for Plaintiff's state law claims. However, each of Plaintiff's claims is alternatively supported by allegations of non-compliance with state emissions standards or general misrepresentations regarding the environmental safety of the vehicle at issue. (See, e.g., Complaint ¶¶ 21, 29, 39, 43, 50, 55, 59, 67.) Violation of federal law is not a necessary element of any of Plaintiff's claims. *Id.* at *5-6.

This court considered all of Volkswagen's same arguments in its Order Granting States' Motions to Remand (Dkt. No. 3259) on May 23, 2017. Those cases, also part of this multidistrict litigation based on identical facts and issues raised no claims which required the resolution of any substantial federal issues, nor the implementation of federal statutes. The Court specifically reviewed the

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

8

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1  Consumer Protection Act claims for the State of New York and Oklahoma and

2  utilized similar reasoning as outlined herein to hold that the states' consumer

3  protection claims did not involve any resolution of substantial federal question.  (*In

4  re Volkswagen*, 3:15-md-02672; CRB (N.D. CA., May 23, 2017.)   Utilizing the

5  same reasoning Plaintiffs put forth here, this Court ruled that the States' consumer

6  protection claims do not involve the deciding of any substantial federal question and

7  in fact, the states could fully prevail on their claims even if they were to drop all

8  discussions of federal law, regulation, and standards.   (See Dkt. No. 3259 Pg. 19).

9  All of Plaintiffs' claims in this action involve consumer claims and causes of action

10  embedded in Volkswagen's misrepresentations and deceptive sale practices.   This

11  court has already ruled against jurisdiction with respect to the States' consumer

12  claims, and should follow that ruling here.  As such, remand is appropriate.

13         Finally, virtually every other court that has reviewed these issues has

14  concluded that no federal question jurisdiction is raised by claims that are the same

15  or similar to those of the Plaintiffs.[2]   These cases are no exception.   No federal

16  question exists in any of the causes of action alleged by these Plaintiffs.   Therefore,

17  the Court should remand all Plaintiffs' cases back to California Superior Court.

18

19  _____

20  [2] See *McGruff v. Volkswagen Group of America, Inc.*, 4:16-CV-00462-SRB (W.D. Mo., June 14, 2016); *Fleischman v. Volkswagen Group of America, Inc.*, 6:16-cv-00021-GEC (W.D. Va., May

21  31, 2016); *Grose v. Volkswagen Group of America, Inc.*,, 6:16-cv-00019-GEC (W.D. Va., May 31, 2016); *Claytor v. Volkswagen Group of America, Inc.*, 7:16-cv-00197-GEC (W.D. Va., May

22  31, 2016); *Springsted v. Volkswagen, et al*, 3:16-CV-00214, (D. Conn., May 20, 2016); *State of New Jersey v. Volkswagen, et al*, 2:16-CV-01670-JLL (D. N.J., May 19, 2016); *Nauheim v.

23  Volkswagen Group of America, Inc.*, 2:16-CV-00137-JCC (W.D. Wa.) (March 15, 2016); *Taylor v. Scott Motors, Inc.*, I :16-CV-00083-ML (D.R.I., March 15, 2016); *Fylopovych v. Volkswagen

24  Group of America, Inc., et al*, 2:16-CV-00273-CDJ (E.D. Penn., Feb. 29, 2016); *DeRochemont v.Volkswagen Group of America, Inc., et al*, 8:15-CV-2726-T23TBM (M.D. Fla., Jan. 28, 2016);

25  *Rambusld v. Volkswagen Group of America, Inc.*, 2:16-CV-00468-PA-SS (C.D. Ca., Jan. 22, 2016)(case remanded 1 day after removal); *Autoport LLC, et al v. Volkswagen Group of America,

26  Inc.*, 2:15-CV-04260-MKL (W.D. Mo., Jan. 11, 2016); *Adams v. Volkswagen Group of America, Inc.*, 2:15-CV-00184-DLB-JGW (E.D. Ken., Jan. 5, 2016); *Burke-Williams v. Volkswagen Group

27  of America, Inc.*, 1 :15-CV-00702-MRB (S.D. Ohio, Dec. 28, 2015); *Shelton v. Volkswagen Group

28  of America, Inc.*, 1:15-CV-00733-MRB (S.D. Ohio, Dec. 28, 2015).

9

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

**D.    The Exercise of Federal Jurisdiction Will Disrupt the Balance Between Federal and State Jurisdiction Since State Law Dominates**

As detailed above, Plaintiffs simply seek to obtain compensation from Volkswagen for its fraudulent misrepresentations and activities that induced Plaintiffs to buy the vehicles that are not in fact what Volkswagen purported them to be.   Plaintiffs do not bring a *single* federal cause of action in their Complaints. Defendant seeks to improperly "inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000).   Plaintiffs' claims are premised upon common, state law causes of action that parties bring every day to address a wrong related to a misrepresentation a party commits in selling a product to another party.   There will be a disruption of the balance between federal and state jurisdiction by having this Court resolve the California specific state law claims Plaintiffs made against Volkswagen for the fraud it perpetrated upon Plaintiffs.   As such, the case was improperly removed and should be remanded.

The removal statute provides for remand when state law predominates in a removed action containing separate and independent removable and non-removable claims. 28 U.S.C. § 1441(c).   "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or; in its discretion, may remand all matters in which State law predominates."   28 U.S.C. § 1441(c).  Because removal ousts a state court of jurisdiction, "due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the (removal) statute has defined." *Shamrock Oil*, *supra*.

As stated above, in these cases there is no stated cause of action for the violation of a federal statute.   Any claims by Defendants of questions related to the

10

criminal charges deriving from the EPA NOV and the EPA's public charges of alleged violations of the Clean Air Act have little to do with this matter and  is therefore insufficiently 'substantial' to confer federal-question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson* 478 U.S. 804, 817, 106 S.Ct. 3229 (1986); see also *Grable, supra.*

In these cases, Plaintiffs' complaints rely upon state law only. Plaintiffs all allege that Defendant sold them a vehicle that was promised to deliver superior performance in gas mileage, engine performance, and environmental emissions. In consideration for receiving a vehicle with these superior characteristics, Plaintiffs paid a premium above and beyond other vehicles on the market. In reliance on Defendants' representations, Plaintiffs agreed to purchase the subject vehicle equipped with its "clean diesel" option and configuration. Therefore, Plaintiffs do not seek enforcement of any federal regulation, EPA standard, or provision of the Clean Air Act. As stated above, Plaintiff's Complaint relies upon purely state law remedies. The forgoing is clear from the face of Plaintiffs' complaints.

Furthermore, Volkswagen fails to identify any substantial question of federal law upon which resolution of Plaintiffs' relief depends. *In re Volkswagen*, 3:15-md-02672; CRB (N.D. CA., May 23, 2017 (Holding "clean diesel" cases do not involve any federal issue in dispute.). Defendant summarily contends that this case requires determination of EPA standards and the Clean Air Act without stating why either of those federal regulations is determinative to the instant action for Defendant's state consumer law violations. The result is that state law claims not only predominate in this case, but that there are in fact no federal claims of any kind. Therefore, remand is appropriate.

///

///

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

11

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

## III.

## REQUEST FOR COSTS

Plaintiffs respectfully request that this court grant their costs and expenses, including attorney fees, incurred as a result of having to respond to Defendants Notice of Removal.   Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." Courts typically look to whether a defendant's removal lacked an "objectively reasonable" basis when measuring whether an award of attorneys' fees is appropriate. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).   Moreover, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. Although the objectively reasonable standard does not require a showing that the Defendant's position was "frivolous" or without foundation, these removals were evidently brought in bad faith and for the sole reason to delay Plaintiff from prosecuting their case. *Id.* at 138-9.   A court's discretion in ordering payment of attorneys' fees and costs related to improper removal is not limited to the court making a finding of bad faith, negligent or frivolous removal. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *see also, Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993) (noting a finding of an improper purpose is not necessary to support an award of attorneys' fees upon remand"); *Bosse v. Pitts*, 455 F. Supp. 2d 868, 875 (W.D. Wis. 2006) ("bad faith is not a prerequisite for an award of attorneys' fees under said section.").

Defendant Volkswagen has repeatedly admitted that Plaintiffs' Vehicles do not currently and have never operated as Volkswagen initially represented to Plaintiff and the public generally.   Further, Volkswagen has admitted

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1   to violating federal emissions regulations through the employment of a defeat
2   device.  Plaintiffs have a right to elect their remedy.  *From the face of the complaint,*
3   there is no disputed federal question at issue.  As a result, Defendant had no proper
4   basis for removing this case to federal court, and it knew same when it removed all
5   of Counsel's cases to the federal court.

6          It appears that removal of this case was undertaken for the improper
7   purpose to delay and increase the costs of litigation for Plaintiffs and Plaintiffs'
8   counsel.   Defendant Volkswagen chose to unilaterally remove this case to the
9   federal court so that it could not only needlessly delay Plaintiffs' litigation efforts,
10  but also substantially raise costs for Counsel.   Further, Defendants supplemented
11  their stalling efforts by seeking a transfer of these cases—cases clearly based solely
12  in California state law claims—to a Federal Multidistrict Litigation Panel.
13  Defendant Volkswagen is attempting to game the system to procedurally hinder
14  Plaintiffs' ability to recover for actions in which it has already admitted
15  wrongdoing. This procedural gamesmanship by Volkswagen unnecessarily and
16  without any basis increases Plaintiffs' costs of pursuing his state law claims.
17  Plaintiff should be awarded the costs and attorneys' fees incurred in arguing against
18  this removal, pursuant to 28 U.S.C. § 1447(c).

19         Based on the face of Plaintiff's complaint, it is evident that Plaintiff's
20  claims arise from Volkswagen's fraudulent concealment and violation of various
21  state consumer protection laws.  Therefore, Volkswagen's Removal Motion was not
22  brought in good faith since Plaintiff's complaint unequivocally does not arise under
23  any federal statute or regulation.   Still, the Defendants removed this case while
24  knowing that, as a matter of law, it had no basis for removal under these facts.

25         Plaintiffs respectfully requests that they be awarded attorney fees
26  incurred for responding to Defendant's Notice of Removal, preparing this Motion to
27  Remand and Memorandum in Support, and all of the subsequent documents filed
28  before the Judicial Panel in the Multidistrict Litigation.  Since Defendants filed the

notices of removal in these cases, several attorneys from Daniels, Fine, Israel, Schonbuch & Lebovits, LLP, and Knight Law Group have spent considerable time drafting motions to remand to remand the cases to their proper jurisdiction—state courts. A reasonable rate for someone with Counsel's experience is $350.00 per hour. Plaintiff's counsel has expended over 60 hours preparing the above. Moreover, Counsel for Plaintiffs, Moses Lebovits, spent over twelve (12) hours reviewing and supervising the bringing of this motion. A reasonable rate for someone with Mr. Lebovits' experience is $750 per hour. Counsel anticipates spending an additional twelve (12) hours, including appearance time, travel time, and preparation, if a hearing is required on this motion. Therefore Plaintiffs respectfully request that this Court award Plaintiffs' costs and attorney fees in an amount of $39,000.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that these matters be remanded back to the State Court of California.

Date: August 10, 2017

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP

By: _____

Moses Lebovits
Parham Nikfarjam
Attorneys For Plaintiffs Listed in Appendix A

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

14