UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: Dkt. Nos. 3378, 3514, 3520 _____/ | MDL No. 2672 CRB (JSC) **ORDER RE: MOTIONS TO ENFORCE THE VOLKSWAGEN-BRANDED FRANCHISE DEALER CLASS ACTION SETTLEMENT AGREEMENT** |

On September 18, 2015, EPA issued a notice of violation to Volkswagen, asserting that the company violated the Clean Air Act by using a defeat device in thousands of its "clean diesel" vehicles. The disclosure gave rise to a flood of litigation against Volkswagen, including suits by Volkswagen-branded franchise dealers. A class of dealers ultimately settled their claims against Volkswagen, as set forth in the Court-approved Volkswagen-Branded Franchise Dealer Class Action Settlement Agreement. (Dkt. Nos. 1970, 2807.) Pursuant to the Settlement Agreement, Volkswagen Group of America, Inc. ("VWGoA") has agreed to make a series of payments "directly to . . . Class Members." (Dkt. No. 1970 ¶ 4.1.1.) Class Members are defined as "all authorized Volkswagen dealers in the United States who, on September 18, 2015, operated a Volkswagen branded dealership pursuant to a valid Volkswagen Dealer Agreement," and who did not opt-out of the Settlement. (*Id.* ¶¶ 2.4, .9.)

JO Imports Ltd., d/b/a/ Executive Volkswagen of North Haven ("Executive VW"), currently operates a Volkswagen-branded franchise dealership located in North Haven, Connecticut. Executive VW purchased the dealership from Montesi Motors, Inc. ("Montesi") in 2015. Although Executive VW and Montesi executed an Asset Purchase and Sale Agreement on July 11, 2015, the sale did not close until November 3, 2015, and Executive VW did not become

1 an authorized Volkswagen dealer until November 4, 2015, when VWGoA and Executive VW executed a Volkswagen Dealer Agreement. (Altieri Decl., Dkt. No. 3520-1 ¶¶ 4, 9-10 & Ex. E.) Because Montesi was the authorized Volkswagen dealer for the North Haven dealership on September 18, 2015, VWGoA has and continues to make settlement payments to Montesi, not Executive VW. (Dkt. No. 3378-2 ¶¶ 18-19.)

Earlier this year, Executive VW filed a breach of contract action against Montesi in Connecticut Superior Court, asserting that it entered into an agreement with Montesi after September 18, 2015, but before the dealership sale closed, in which Montesi agreed that it would distribute to Executive VW future payments it received from Volkswagen relating to the emissions scandal. (Dkt. No. 3378-3.) Executive VW also filed an interpleader action in Connecticut Superior Court against Montesi, Montesi's president (Gary Montesi), and VWGoA, in which Executive VW asked the Superior Court to determine "the parties' respective rights to the Settlement Payments." (Dkt. No. 3378-2 at 7.)

Following Executive VW's initiation of the Connecticut interpleader action, VWGoA filed a motion in this Court to enforce the Settlement. In its motion, VWGoA asks this Court to enjoin the interpleader action and to declare that Montesi, rather than Executive VW, is a Class Member under the Settlement. (Dkt. No. 3378 at 4.) Executive VW followed by filing a motion to intervene to oppose VWGoA's motion and to file its own motion to enforce the Settlement. (Dkt. No. 3514.) In its later-filed motion to enforce the Settlement, Executive VW seeks a declaration that it, rather than Montesi, is a Class Member, because it "operated" the North Haven dealership as of September 18, 2015, pursuant to an informal agreement with Montesi. (Dkt. Nos. 3520 at 3; 3520-1 ¶¶ 3, 5.) Executive VW also seeks an order directing VWGoA to make settlement payments to it, not Montesi, and requests that the Court hold an evidentiary hearing. (Dkt. No. 3520 at 3, 17-18.)

\* \* \*

As part of the Settlement approval order, the Court "retain[ed] the exclusive jurisdiction to enforce, administer, and ensure compliance with all terms of the Settlement . . . ." (Dkt. No. 2807 at 27 ¶ 8.) The Court exercises that ancillary jurisdiction to consider the motions to enforce the

2

Settlement and Executive VW's motion to intervene. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994); *Sandpiper Vill. Condo. Ass'n v. Louisiana-Pacific Corp.*, 428 F.3d 831, 841 (9th Cir. 2005).

Having considered the filings, the Court first GRANTS Executive VW's motion to intervene. A key question before the Court is whether Executive VW is a Class Member. Executive VW has a significant protectable interest in the resolution of that question. Executive VW also satisfies the other elements to intervene as of right: The disposition of this action may impair Executive VW's ability to protect its interest, Executive VW's application is timely, and VWGoA does not adequately represent Executive VW's interest. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citing Fed. R. Civ. P. 23(a)).

Although intervention is appropriation, the Court DENIES Executive VW's motion to enforce the Settlement. As noted above, Executive VW seeks a declaration that it, rather than Montesi, is a Class Member, because it "operated" the North Haven dealership as of September 18, 2015, pursuant to an informal agreement with Montesi. (Dkt. Nos. 3520 at 3; 3520-1 ¶¶ 3, 5.) Even if Executive VW exercised day-to-day control over the North Haven dealership on September 18, 2015, Executive VW acknowledges that it was not an "authorized Volkswagen dealer[]" as of that date, and that its operation of the dealership at that time was not pursuant to a "valid Volkswagen Dealer Agreement." (Dkt. Nos. 1970 ¶ 2.4; 3520 at 6.) Executive VW therefore falls outside the definition of a Class Member. And because Executive VW is not a Class Member, VWGoA is not required to make settlement payments to Executive VW.

An evidentiary hearing is not needed to resolve Executive VW's motion because there are no material facts at issue. *Kam-Ko Bio-Pharm Trading Co. v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009). Because Executive VW acknowledges that it did not operate the North Haven dealership on September 18, 2015 pursuant to a valid Volkswagen Dealer Agreement, there is no evidence that Executive VW could present that would lead to the conclusion that it is a Class Member.

As for VWGoA's motion to enforce the Settlement, the Court GRANTS in part and DENIES in part the motion. The Court grants the motion to the extent VWGoA seeks a

3

declaration that Executive VW is not a Class Member. But the Court denies VWGoA's requests for an order enjoining the Connecticut interpleader action, and for an order declaring that Montesi is a Class Member. Although federal courts have authority pursuant to the All Writs Act to enjoin State court actions, the Anti-Injunction Act prevents a federal court from doing so unless "expressly authorized by Act of Congress, or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Sandpiper*, 428 F.3d at 842 (quoting 28 U.S.C. § 2283). At this time, it is not necessary for the Court to enjoin the Connecticut interpleader action to aid the Court's jurisdiction or effectuate its judgments. Specifically, there is no reason to believe that the Connecticut Superior Court will seek to interpret the Settlement Agreement in a way that conflicts with this Court's judgments, in light of this Court's determination that Executive VW is not a Class Member. For sake of clarity, it is also not necessary, nor is it appropriate, for this Court to interfere with Executive VW's breach of contract action against Montesi in Connecticut Superior Court.

As for VWGoA's request for a declaration that Montesi is a Class Member, the only party challenging Montesi's status as a Class Member is Executive VW, but Executive VW lacks standing to assert such a challenge because it is not a party to the Settlement Agreement. The requested declaration is therefore not appropriate.

\* \* \*

For the reasons discussed above, the Court ORDERS as follows:

(1) Executive VW's motion to intervene is GRANTED.

(2) Executive VW's motion to enforce the Settlement is DENIED.

(3) VWGoA's motion to enforce the Settlement is GRANTED in part and DENIED in part.

(4) Executive VW is not a Class Member under the Volkswagen-Branded Franchise Dealer Class Action Settlement Agreement.

If it later becomes necessary, VWGoA may file a motion to enforce the Settlement or this order.

**IT IS SO ORDERED.**

Dated: August 17, 2017

4



CHARLES R. BREYER
United States District Judge