UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br>_____/<br><br>This Order Relates To:<br>Dkt. Nos. 2863, 3500, 3731<br>_____/ | MDL No. 2672 CRB (JSC)<br><br>**ORDER GRANTING THE VOLKSWAGEN-BRANDED FRANCHISE DEALERS' MOTION TO SEAL AND DENYING BOSCH'S MOTION TO SEAL** |

Certain Volkswagen-branded Franchise Dealers have filed an action against Bosch GmbH and Bosch LLC that is part of this multidistrict litigation. The Franchise Dealers contend that Bosch conspired with Volkswagen to develop and implement the defeat device that Volkswagen used in its "clean diesel" vehicles to avoid U.S. and California emission standards. Before the Court now are three motions to seal related to the Franchise Dealers' action and Bosch's pending motion to dismiss. (*See* Dkt. No. 2864.) For the reasons set forth below, the Franchise Dealers' motions to seal are GRANTED and Bosch's motion to seal is DENIED.

**LEGAL STANDARD**

Courts recognize that the public has a right to access judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)).

Accordingly, a party who seeks to seal documents attached to a dispositive motion, or portions of the motion itself, must overcome "this strong presumption by meeting the 'compelling

reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons exist, for instance, when court documents may "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks omitted). The compelling reasons standard requires the moving party to identify "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure[.]" *Id.* at 1178-79 (internal quotation marks and citation omitted). The court must then weigh the "'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The "compelling reasons" standard applies to dispositive pleadings because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). The term "dispositive" in the context of a motion to seal is not a "mechanical classification[];" rather, "[t]he focus . . . is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1098-99. The term also covers certain motions that are "literally dispositive," which includes "motions to dismiss, for summary judgment, and judgment on the pleadings[.]" *Id.* at 1098.

"[T]he public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1179). With non-dispositive documents, "the usual presumption of the public's right of access is rebutted[,]" as those materials "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). Thus, a party seeking to seal non-dispositive materials "need only satisfy the less exacting 'good cause' standard" derived from Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety*, 809 F.3d at 1097; *see* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person . . . ."). The good cause standard requires the moving party to show, "for each

2

particular document it seeks to protect, . . . that specific prejudice or harm will result" if the court does not issue a protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Local Civil Rule 79-5 also governs motions to file documents under seal in this District. The rule permits sealing only where a party "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). Furthermore, "[t]he request must be narrowly tailored to seek sealing only of sealable material[.]" *Id.* If the moving party "seek[s] to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party . . . the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civil L.R. 79-5(e)(1).

**DISCUSSION**

**I. The Franchise Dealers' Motions to Seal Portions of their Second Amended Complaint and Supplemental Brief**

The Franchise Dealers seek leave to file under seal portions of their Second Amended Complaint and Second Supplemental Brief in opposition to Bosch's motion to dismiss. (Dkt. Nos. 3500, 3731.) The request to seal is limited to the names and job titles of certain Bosch and Volkswagen employees who are non-parties in this action. In accordance with Civil Local Rule 79-5(e), Bosch and Volkswagen each filed a declaration in support of the Franchise Dealers' motion to seal portions of the Second Amended Complaint. (Dkt. Nos. 3565, 3566.) Bosch also filed a declaration in support of the motion to seal portions of the Second Supplemental Brief. (Dkt. No. 3772.)

Courts in this district have held that the compelling reasons standard applies to requests to seal portions of a complaint. *See In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA,

3

2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard. While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of."); *see also Rieckborn v. Velti PLC*, No. 13-cv-03889 WHO, 2014 WL 4964313, at *2 (N.D. Cal. Oct. 3, 2014) (collecting cases and noting that "courts in this District making sealing determinations treat a complaint as a dispositive motion."). The compelling reasons standard also applies to requests to seal portions of a brief in response to a motion to dismiss, which is a dispositive motion. *See Ctr. for Auto Safety*, 809 F.3d at 1098.

Applying the compelling reasons standard, the Court concludes that the proposed redactions are supported by a compelling reason: that disclosure of the non-party employees' names and other identifying information would infringe on those individuals' privacy rights. The Court reached the same conclusion in two prior orders. (*See* Dkt. No. 1767 (compelling reasons support sealing of Bosch employees' names listed in consumer and dealership complaints); Dkt. No. 2059 (same for redaction of Volkswagen employees' names listed in United States' amended complaint).) Other courts have similarly granted requests to seal non-party identifying information. S*ee, e.g.*, *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966 HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing third parties' names where such information "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records").

This is not to say that a non-party's privacy rights will never be outweighed in this case. In the two filings at issue here, though, the parties' requested redactions are narrowly tailored to certain non-parties whose names and titles are not relevant to the dispute. The Court accordingly GRANTS the Franchise Dealers' motions to seal portions of the Second Amended Complaint and Second Supplemental Brief in support of Bosch's motion to dismiss. The unredacted versions of the Second Amended Complaint and the Second Supplemental Brief shall remain under seal, and the public will have access only to the redacted versions, which are available at ECF Docket Nos. 3594 and 3732. *See* Civil L.R. 79-5(f)(1).

4

## II. Bosch's Motion to Seal Portions of its Motion to Dismiss and Exhibits in Support Thereof

Bosch seeks leave to file under seal (1) the entirety of exhibits A-J and L-P,[1] filed with its motion to dismiss; and (2) those portions of the motion to dismiss that quote or otherwise describe these exhibits. (Dkt. Nos. 2863.) The exhibits at issue are Volkswagen-produced documents that Volkswagen marked as "Confidential" pursuant to the Stipulated Protective Order. (*See* Pretrial Order No 12., Dkt. No. 1255.) Among the exhibits are Volkswagen emails concerning communications with regulators, Volkswagen emails related to the "acoustic function" (a term allegedly used to refer to the defeat device), PowerPoint presentations about the "acoustic function," a draft indemnification letter related to a "defeat device," and minutes of a meeting involving executives of Volkswagen and Bosch. Pursuant to Civil Local Rule 79-5(e), Volkswagen filed a declaration in support of Bosch's motion to seal. (Dkt. No. 2905.)

Bosch attached the exhibits at issue to its motion to dismiss, which is a dispositive motion. The "compelling reasons" standard therefore applies. *See Ctr. for Auto Safety*, 809 F.3d at 1098, 1101. Volkswagen has not satisfied this standard because it has not offered a compelling reason for why the exhibits should be sealed in their entirety. In support of sealing, Volkswagen relies on cases in which courts have sealed contractual negotiations, internal business documents, corporate marketing plans, and discussions with regulators under Rule 26(c)'s "good cause" standard. That standard is inapplicable here, however, given that the exhibits are attached to a dispositive motion.

Volkswagen does contend that Exhibit B includes trade secrets "which, if publicly disclosed, could potentially inure to the benefit of Volkswagen's competitors." (Dkt. No. 2905 at 3.) Keeping trade secrets private is a compelling reason that warrants protection from public disclosure. *See Kamakana*, 447 F.3d at 1179. But Volkswagen's request is not narrowly tailored as it does not "seek sealing only of sealable material." Civil L.R. 79-5(b).

---

[1] Exhibit K to the motion is a document that Volkswagen produced, but which Volkswagen later identified as a Bosch document and deferred to Bosch as to its sealing. (*See* Dkt. No. 2905.) Bosch followed by filing a motion to seal only the portions of Exhibit K containing the names, job titles, and other personal identifying information of the non-parties identified in Exhibit K. (Dkt. No. 2906.) The Court previously granted that motion to seal. (Dkt. No. 3001.)

5

Because Volkswagen has not identified any compelling reasons that justify sealing the exhibits at issue in their entirety, Bosch's motion to seal is DENIED.

**IT IS SO ORDERED.**

Dated: October 14, 2017

CHARLES R. BREYER
United States District Judge