UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ─────────────────────────────/ <br><br>This Order Relates To: <br>MDL Dkt. No. 3875 <br><br>*City of St. Clair Shores*, 15-6167 <br>*Travalio*, 15-6168 <br>*George Leon Family Trust*, 15-6168 <br>*Charter Twp. of Clinton*, 16-190 <br>*Wolfenbarger*, 16-184 <br>─────────────────────────────/ | MDL No. 2672 CRB (JSC) <br><br>**ORDER DENYING THE ADR PLAINTIFFS' MOTION TO COMPEL VOLKSWAGEN TO DISCLOSE THE MDL PRODUCTION** |

This multidistrict litigation involves claims against Volkswagen and related corporate entities based on the company's "clean diesel" emissions fraud. Months ago, Volkswagen settled emissions-fraud claims brought by a consolidated class of consumers. In litigating and settling those claims, Volkswagen shared more than 20 million pages of documents with class counsel. The documents are part of a repository referred to here as the "MDL Production." Plaintiffs in ongoing shareholder litigation against Volkswagen (the "ADR Plaintiffs") now seek access to the entire MDL Production. Because Volkswagen has not agreed to provide access, the ADR Plaintiffs seek an order compelling Volkswagen to make the MDL Production available to them. (Dkt. No. 3875.) The ADR Plaintiffs have not demonstrated that the entire MDL Production is relevant to their case. Their request is accordingly DENIED.

\* \* \*

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The party requesting discovery has the initial burden of establishing that its request satisfies this relevancy requirement. *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

The test for relevance is not overly exacting: evidence is relevant if it has "any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action." Fed. R. Evid. 401. The ADR Plaintiffs, however, have not explained how the entire MDL Production is relevant to a claim or defense in their case. The size of the MDL Production is substantial, and although it may include documents relevant to whether Volkswagen violated federal securities laws, the repository also includes documents such as "lease or loan applications for Volkswagen diesel vehicles," and "sales or lease contracts with identified Volkswagen consumers." (Dkt. No. 3875 at 11-12.) The ADR Plaintiffs have not explained how these documents have any tendency to make a fact of consequence to their securities claims more or less probable.

The documents cited above are only examples. To better determine which documents in the MDL Production are relevant and which are not, the ADR Plaintiffs must comply with the Federal Rules by serving Volkswagen with requests for production, which "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Volkswagen must then produce the requested documents or "state with specificity the grounds for objecting to the request[.]" Fed. R. Civ. P. 34(b)(2)(B).

The ADR Plaintiffs have started this process. They note in the Joint Statement that on August 22, 2017 they served an initial set of requests for production of documents on Volkswagen. (Dkt. No. 3875 at 4 n.1.) But they contend that "efficiencies . . . would result from . . . immediate access to the MDL Production[.]" (*Id.* at 4.) As Volkswagen correctly notes, it would almost always be more efficient for a defendant to "open up [its] document repositories for the opposing side to rifle through[.]" (*Id.* at 10.) But such a practice would expand the scope of discovery beyond that allowed by the Federal Rules. Other courts in this Circuit have reached the same conclusion. *See, e.g.*, *Chen v. Ampco Sys. Parking*, No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) ("Although Plaintiff identifies certain similarities

2

between the state cases and this case, such similarities are not enough to require a *carte blanche* production of all documents from the state cases."); *King Cty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("It may very well be that each and every document produced in the government investigations is relevant to Plaintiff's claims. However, Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses."); *cf. Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 684388, at *5 (E.D. Cal. Feb. 22, 2013) (ordering production of documents from a related investigation where plaintiffs made efforts to narrow their requests to "only those documents that Defendants produced [in the investigation] in response to thirteen (13) of the CFPB's thirty-three (33) Document Requests").

The ADR Plaintiffs are not entitled to complete access to the MDL Production simply because there may be an overlap between their claims and those in the consolidated consumer class action. They instead must serve requests for production on Volkswagen in accordance with the Federal Rules.

**IT IS SO ORDERED.**

Dated: October 18, 2017

JACQUELINE S. CORLEY
United States Magistrate Judge