UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br>_____/<br><br>This Order Relates To:<br>Dkt. No. 4139<br>_____/ | MDL No. 2672 CRB (JSC)<br><br>**ORDER GRANTING IN PART BOSCH'S MOTION TO SEAL PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT OF MOTION TO DISMISS THE VOLKSWAGEN-BRANDED FRANCHISE DEALERS' AMENDED AND CONSOLIDATED COMPLAINT** |

On October 14, 2017, the Court denied Bosch's motion to file under seal the entirety of exhibits A-J and L-P filed with its motion to dismiss the Volkswagen-branded Franchise Dealers' operative complaint. (Dkt. No. 4049 at 5-6.) The exhibits are Volkswagen-produced documents, including emails and other written communications, which the Franchise Dealers cite or otherwise rely on in their complaint.

Following an October 17 hearing on Bosch's motion to dismiss, the Court issued an order in which it permitted Bosch to file revised versions of exhibits A-J and L-P, with proposed redactions of information identifying non-parties. (Dkt. No. 4104.) On October 20, Bosch filed revised versions of exhibits A-C, E-J, L-M, and O-P with proposed redactions. (Dkt. No. 4139.) (Bosch no longer seeks to redact any portion of exhibits D and N.) Bosch also met and conferred with Volkswagen, and included Volkswagen-proposed redactions in its October 20 filing. Together, Bosch and Volkswagen propose redacting the names, job titles, email addresses, and phone numbers of non-parties who are or were employed by Bosch, Volkswagen, or related entities.

For the reasons that follow, the Court GRANTS the motion to seal in part.

\* \* \*

A party who seeks to seal documents attached to a dispositive motion must identify a "compelling reason" for the sealing "that outweigh[s] the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Dispositive motions in this context include motions to dismiss. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016).

This Court and other courts have held that the protection of a non-party's privacy rights is a compelling reason that supports the sealing of the non-party's personal identifying information, at least when the non-party's identity is not relevant to the case. *See, e.g.*, MDL Dkt. No. 1767 at 3-4 (protection of non-parties' privacy rights supported sealing the names, job titles, and other identifying information of 38 Bosch employees named in complaint where "[th]e names and job titles of the individuals involved are irrelevant"); *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966 HSG, 2015 WL 5355398, at \*2 (N.D. Cal. Sept. 14, 2015) (sealing third parties' names where such information "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case"). Here, the protection of non-parties' privacy rights is a compelling reason that supports the redaction of information identifying some, but not all, of the non-party employees named in the exhibits at issue.

The identities of certain Bosch and Volkswagen employees named in the exhibits are not relevant to this case. For example, on the "To" and "Cc" lines for some of the emails at issue, Volkswagen employees are identified who are not mentioned anywhere in the Franchise Dealers' complaint. As to these employees, their privacy rights outweigh the public's right to access information identifying them.

In other instances, however, the exhibits identify Volkswagen employees who are alleged to have participated in a racketeering enterprise with Bosch. Although these employees are not defendants in the Franchise Dealers' action, it is largely their conduct that links Bosch to Volkswagen. These individuals include the former CEO of Volkswagen AG, Martin Winterkorn, and current and former Volkswagen engineers who are alleged to have supervised or participated in the development of the engine or software used in the "clean diesel" vehicles; specifically,

2

Richard Dorenkamp, Ulrich Hackenberg, Hanno Jelden, Rudolf Krebs, Dieter Mannigel, and Andreas Specht.

If these individuals' names and job titles are redacted from the exhibits at issue, helpful context for understanding the allegations will be missing. Additionally, information identifying these individuals was not redacted from the Franchise Dealers' complaint, so disclosure of their identities in the exhibits will have a minimal marginal effect on their privacy rights.

Because the current motion seeks to redact personal identifying information of both non-parties who are relevant to the dispute, and non-parties who are not relevant to the dispute, the motion is overbroad. The Court accordingly GRANTS the motion only in part. Specifically:

(1) The Court DENIES Volkswagen's request to redact the names and job titles of the following individuals, each of whom is alleged to have participated in the emissions enterprise: Richard Dorenkamp, Ulrich Hackenberg, Hanno Jelden, Rudolf Krebs, Dieter Mannigel, Andreas Specht, and Martin Winterkorn.

(2) The Court GRANTS Bosch and Volkswagen's requests to redact the email addresses and telephone numbers of the individuals identified above, as well as of the other individuals identified in exhibits A-C, E-J, L-M, and O-P.

(3) The Court GRANTS Bosch and Volkswagen's requests to redact the names and job titles of the individuals who are not listed above and who are identified in exhibits A-C, E-J, L-M, and O-P.

Bosch shall refile its motion to dismiss and all of the exhibits in support thereof, with information therein redacted only if approved above, by **Thursday, October 26, 2017**.

**IT IS SO ORDERED.**

Dated: October 24, 2017

CHARLES R. BREYER
United States District Judge