Robert J. Giuffra, Jr. (*pro hac vice*)
giuffrar@sullcrom.com
Sharon L. Nelles (*pro hac vice*)
nelless@sullcrom.com
William B. Monahan (*pro hac vice*)
monahanw@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Michael H. Steinberg (State Bar No. 134179)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Counsel for Volkswagen Group of America, Inc., Volkswagen AG and Audi AG*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ECF Nos. 4170, 4178, 4180, 4181, 4396 | Case No. 3:15-md-02672-CRB<br><br>**THE VOLKSWAGEN AND AUDI DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' MOTIONS (1) FOR ORDERS AUTHORIZING ALTERNATIVE SERVICE OF PROCESS, AND (2) FOR SPECIAL APPOINTMENT OF PROCESS SERVER**<br><br>The Honorable Charles R. Breyer<br><br>Hearing Date: N/A |

# TABLE OF CONTENTS

*Page*

**PRELIMINARY STATEMENT** ................................................................................................... 1

**ISSUE TO BE DECIDED** ............................................................................................................ 4

**BACKGROUND** ........................................................................................................................... 4

    A.    The Hague Convention ............................................................................................ 4

    B.    Procedural History .................................................................................................. 5

**ARGUMENT** ................................................................................................................................ 6

**I.    TO DETERMINE WHETHER THE HAGUE CONVENTION APPLIES, THE COURT SHOULD LOOK TO THE LAW OF THE STATE OF THE TRANSFEROR COURT, NOT THE STATE WHERE THE MDL IS SITED** ...................... 6

**II.   THE LONG-ARM STATUTES IN THE SUBJECT STATES REQUIRE THE TRANSMITTAL OF DOCUMENTS ABROAD WHEN SERVING A FOREIGN CORPORATION, AND THUS THE HAGUE CONVENTION IS MANDATORY** ............. 8

**III.  ANY INCONSISTENT FEDERAL OR STATE SERVICE RULES FOR THE SUITS FILED IN THE SUBJECT STATES ARE PREEMPTED BY THE HAGUE CONVENTION OR OTHERWISE INAPPLICABLE** ........................................................ 11

**CONCLUSION** ........................................................................................................................... 13

# TABLE OF AUTHORITIES

*Page(s)*

**CASES**

*Amaprop Ltd.* v. *Indiabulls Fin. Servs. Ltd.*,
   2012 WL 4801452 (S.D.N.Y. Oct. 5, 2012) ................................................................ 12

*Atl. Mut. Ins. Co.* v. *M/V HUMACAO*,
   169 F. Supp. 2d 211 (S.D.N.Y. 2001) ...................................................................... 6

*Bristol-Myers Squibb Co.* v. *Superior Court*,
   137 S. Ct. 1773 (2017) ............................................................................................ 12

*Chang* v. *Baxter Healthcare Corp.*,
   599 F.3d 728 (7th Cir. 2010) ................................................................................... 7

*In re Chinese Manufactured Drywall Prod. Liab. Litig.*,
   894 F. Supp. 2d 819 (E.D. La. 2012),
   *aff'd*, 742 F.3d 576 (5th Cir. 2014) ........................................................................ 7

*Cupp* v. *Alberto-Culver USA, Inc.*,
   308 F. Supp. 2d 873 (W.D. Tenn. 2004) ......................................................... 3, 7, 10

*Darden* v. *DaimlerChrysler N. Am. Holding Corp.*,
   191 F. Supp. 2d 382 (S.D.N.Y. 2002) ........................................................... 3, 10, 11

*Doe I* v. *State of Israel*,
   400 F. Supp. 2d 86 (D.D.C. 2005) ........................................................................ 11

*Duarte* v. *Michelin N. Am., Inc.*,
   2013 WL 2289942 (S.D. Tex. May 23, 2013) ...................................................... 3, 9

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   2005 WL 2988715 (N.D. Cal. Nov. 7, 2005) ........................................................... 7

*Esparza* v. *Paragon Shipping, Inc.*,
   2013 WL 6835239 (S.D. Tex. Dec. 23, 2013) ......................................................... 9

*Gidding* v. *Anderson*,
   2008 WL 4065814 (N.D. Cal. Aug. 27, 2008) .................................................... 2, 11

*Kim* v. *Frank Mohn A/S*,
   909 F. Supp. 474 (S.D. Tex. 1995) .......................................................................... 9

*Lafarge Corp.* v. *Altech Env't, U.S.A.*,
   220 F. Supp. 2d 823 (E.D. Mich. 2002) ............................................................. 3, 10

SULLIVAN & CROMWELL LLP    RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-ii-

# TABLE OF AUTHORITIES
(continued)

*Page(s)*

*In re LDK Solar Sec. Litig.*,
   2008 WL 2415186 (N.D. Cal. June 12, 2008) ............................................................................ 11

*Merrill Lynch Bus. Fin. Servs., Inc.* v. *Marais*,
   1995 WL 608573 (N.D. Ill. Oct. 12, 1995) ................................................................................ 12

*In re Nucorp Energy Sec. Litig.*,
   772 F.2d 1486 (9th Cir. 1985) ...................................................................................................... 7

*Omni Capital Int'l* v. *Rudolf Wolff & Co.*,
   484 U.S. 97 (1987) ............................................................................................................ 7, 8, 12

*In re Pharm. Indus. Average Wholesale Price Litig.*,
   321 F. Supp. 2d 187 (D. Mass. 2004) ...................................................................................... 3, 8

*Rio Properties, Inc.* v. *Rio International Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .................................................................................................... 12

*Sanyal* v. *Toyota*,
   2014 WL 4925842 (E.D. Va. Sept. 30, 2014) ............................................................................. 6

*In re Ski Train Fire in Kaprun, Austria*,
   2004 WL 2674644 (S.D.N.Y. Nov. 23, 2004) ............................................................................. 7

*Societe Nationale Industrielle Aerospatiale* v. *United States District Court*,
   482 U.S. 522 (1987) ..................................................................................................................... 2

*In re Takata Airbag Prod. Liab. Litig.*,
   193 F. Supp. 3d 1324 (S.D. Fla. 2016) ........................................................................................ 7

*In re Telectronics Pacing Sys., Inc.*,
   953 F. Supp. 909 (S.D. Ohio 1997) .......................................................................................... 3, 8

*Villalobos* v. *Castaneda*,
   2013 WL 5433795 (N.D. Ill. Sept. 27, 2013) ............................................................................ 12

*Volkswagenwerk AG* v. *Schlunk*,
   486 U.S. 694 (1988) ............................................................................................. 2, 4, 6, 8, 9, 13

*Weinstein* v. *Volkswagen of Am., Inc.*,
   1989 WL 35950 (E.D.N.Y. Apr. 4, 1989) ................................................................................. 10

SULLIVAN & CROMWELL LLP    RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-iii-

# TABLE OF AUTHORITIES
## (continued)

*Page(s)*

### STATUTES AND RULES

28 U.S.C. § 1332 .................................................................................................................. 6

28 U.S.C. § 1407 .................................................................................................................. 7

28 U.S.C. § 1782 ................................................................................................................ 12

Cal. Code Civ. Proc. 416.10(b) .......................................................................................... 11

N.Y. Bus. Corp. L. § 307 ................................................................................................... 10

Tenn. Code Ann. § 20-2-215 ............................................................................................... 9

Tex. Civ. Prac. & Rem. Code § 17.045 .............................................................................. 9

Fed. R. Civ. P. 4 ........................................................................................................... 11, 12

Fed. R. Civ. P. 4(e) .................................................................................................. 2, 11, 12

Fed. R. Civ. P. 4(f) ............................................................................................. 2, 11, 12, 13

Fed. R. Civ. P. 4(h) .............................................................................................................. 2

Fed. R. Civ. P. 4(k) ......................................................................................................... 8, 12

Mich. Ct. R. 2. 105(D) ....................................................................................................... 10

### OTHER AUTHORITIES

15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3865 (4th ed. 2017) ........................................................................................................................ 3, 8

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 5 ............. 4, 5

Hague Conference on Private International Law, *Declarations of the Republic of Germany*, *available at* https://www.hcch.net/en/states/authorities/notifications/?csid=402&disp=resdn .............. 5

SULLIVAN & CROMWELL LLP | RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-iv-

Defendants Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG ("VWAG") and Audi AG submit this consolidated response to (1) Plaintiffs' Motion for an Order Authorizing Alternative Service of Process (ECF No. 4170), and (2) Plaintiffs' four Applications for Special Appointment of Process Server to Transmit Pleadings Abroad for Service on Audi AG and Porsche AG (ECF Nos. 4178, 4180, 4181 and 4396).[1] For the reasons set forth below, (1) VWGoA and VWAG oppose the alternative service of process requested in ECF No. 4170, as, with one exception (*see infra* note 3), VWAG must be served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), and (2) Audi AG does not oppose the special appointment of a process server, as requested in ECF Nos. 4178 and 4181, so that service can be effected on it as required by the Hague Convention.[2]

## PRELIMINARY STATEMENT

The motion seeking an order for alternative service of process (ECF No. 4170) has been brought by Plaintiffs in fifteen separate lawsuits filed in state or federal courts in seven states before being transferred to this MDL Court for coordinated pretrial proceedings. Counsel for all of the Plaintiffs is Michael E. Heygood of Heygood, Orr & Pearson in Texas. This Court previously appointed Mr. Heygood to the Plaintiffs' Steering Committee ("PSC") in this MDL. (ECF No. 1084, at 3.) Although Mr. Heygood, as a member of the PSC, previously represented to the Court (among other things) that the MDL settlements provided "exceptional relief" for the class and accomplished the goal of fully compensating class members for their losses (*e.g.*, ECF No. 3396, at 4-5), he and his firm have been canvassing the country over the last few months looking to "buy" opt-out claims from other plaintiffs' firms and then substitute themselves in as counsel so that they can prosecute the opt-outs' claims. Defendants understand that Mr. Heygood and his firm have, to date, collected from other counsel the claims of more than 500 opt-outs from the 2.0L and 3.0L settlements in this MDL.

---

[1] VWAG and Audi AG are specially appearing to submit this Consolidated Response to the motions, and, in doing so, preserve and do not waive all of their defenses. Among other things, VWAG and Audi AG do not submit to the jurisdiction of this Court (except to dispose of these motions/applications) or waive any objections to the sufficiency of service of process.

[2] Defendants understand that Porsche AG is not filing an objection to the requests for special appointment of a process server with respect to it. (ECF Nos. 4180 & 4396.)

Now that Mr. Heygood and his firm have segued from advocating for the MDL settlements to attacking them on behalf of their new opt-out clients, they seek by this motion (ECF No. 4170) to avoid serving VWAG through the proper means in order to save on expenses. In particular, Plaintiffs seek to skirt the mandatory service requirements of the Hague Convention with respect to VWAG, a German corporation with its headquarters in Wolfsburg, Germany, through their filing of an across-the-board request for alternative service on VWAG through service on VWGoA, purportedly as VWAG's agent, or through service on VWAG's U.S. counsel pursuant to Fed. R. Civ. P. 4(f)(3). The motion ignores that these fifteen lawsuits originated in seven different states, each with different long-arm service rules and requirements. In particular, four of those states (Texas, New York, Tennessee and Michigan (collectively, the "Subject States")) require transmittal of documents abroad in order to properly notify a foreign defendant, such as VWAG, of the filing of a lawsuit. Where, as in the Subject States, service of process "requir[es] the transmittal of documents abroad, then the Hague Service Convention applies" and "preempts" conflicting federal or state law, such as the Federal Rules of Civil Procedure. *Volkswagenwerk AG* v. *Schlunk*, 486 U.S. 694, 699 (1988); *Societe Nationale Industrielle Aerospatiale* v. *United States District Court*, 482 U.S. 522, 534 n.15 (1987); *see also Gidding* v. *Anderson*, 2008 WL 4065814, at *3 (N.D. Cal. Aug. 27, 2008) ("[T]he Hague Convention pre-empts all state and federal service rules in those countries that signed the treaty."). Thus, with respect to the suits filed originally in the Subject States, Plaintiffs are required to serve VWAG through the Hague Convention.[3]

Notwithstanding the mandatory application of the Hague Convention for the actions filed originally in the Subject States, Plaintiffs point to the existence of this MDL in California and argue that they were entitled, under Fed. R. Civ. P. 4(h)(i)(A) and 4(e)(1), to serve VWAG through VWGoA under *California state law* service rules. This argument is fundamentally flawed, for this MDL Court should apply the service rules of the *state where the transferor court sits*, not the service rules of the state where

---

[3] The other three states (California, Arizona and Illinois) do not in all cases require transmittal of documents abroad in order to effect service on a foreign defendant. VWAG agrees to accept, and hereby accepts, service of process for the lawsuits filed originally in those states (namely, the *Alfaro*, *Decker*, *Lexer*, *Sahakian* and *Schulman* suits). VWAG reserves, however, all jurisdiction-based defenses.

SULLIVAN & CROMWELL LLP    RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-2-

the MDL Court sits. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 321 F. Supp. 2d 187, 208 (D. Mass. 2004) (applying the service of process rules of Nevada and Montana, the transferor states, not those of Massachusetts, the site of the MDL); *In re Telectronics Pacing Sys., Inc.*, 953 F. Supp. 909, 914 (S.D. Ohio 1997) ("[T]his [MDL] Court can only exercise jurisdiction over the Australian Defendants in individual cases where the transferor court could exercise jurisdiction over the Australian Defendants."); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3865 (4th ed. 2017) ("[P]roper service must still be made pursuant to the applicable jurisdictional rules of the transferor court."). This Court should decline Plaintiffs' invitation to err by applying California state law service rules to cases originally filed in the Subject States—states that have concluded that notice of the filing of a lawsuit against a foreign defendant requires transmittal of documents abroad, and hence, mandatory application of the Hague Convention. *See, e.g., Duarte* v. *Michelin N. Am., Inc.*, 2013 WL 2289942, at *4 (S.D. Tex. May 23, 2013); *Darden* v. *DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002); *Cupp* v. *Alberto-Culver USA, Inc.*, 308 F. Supp. 2d 873, 880 (W.D. Tenn. 2004); *Lafarge Corp.* v. *Altech Env't, U.S.A.*, 220 F. Supp. 2d 823, 831-23 (E.D. Mich. 2002).

Plaintiffs acknowledge that they have not even attempted to serve VWAG through the Hague Convention, purportedly because "service through the . . . Convention is costly, time-consuming and inefficient." (ECF No. 4170, at 6.) But Plaintiffs may not circumvent the mandatory provisions of an international treaty, signed by both the United States and Germany, for the sake of convenience or cost. Indeed, as Plaintiffs have already acknowledged in four related motions, service through the Hague Convention is *required* for both Porsche AG and Audi AG, both of which (like VWAG) are German citizens. (ECF Nos. 4178, 4180, 4181, 4396.) Plaintiffs acknowledge that because "[i]t is necessary to serve [Porsche AG (for ECF Nos. 4180 and 4396) and Audi AG (for ECF Nos. 4178 and 4181)] pursuant to the rules of the Hague Convention," the Court should appoint a special process server to "translate and transmit the documents to the appropriate German Central Authority as authorized under that international treaty." (ECF Nos. 4178, 4180, 4181, 4396.) Audi AG has no objection to those applications (and Defendants understand that Porsche AG also has no objection), because service via the Hague Convention's mandatory provisions is the appropriate means to serve the German defendants. For

SULLIVAN & CROMWELL LLP    RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-3-

the same reasons, VWAG would not oppose a similar request for the special appointment of a process server to serve VWAG pursuant to the Hague Convention. Given that Plaintiffs have already initiated the process of requesting a process server, translating their complaints into German, and serving them on Germany's Central Authority pursuant to the Hague Convention, any additional expense Plaintiffs would incur to do the same for one additional German defendant, VWAG, would be minimal.

## ISSUE TO BE DECIDED

Should the motion (ECF No. 4170) of the Plaintiffs who filed suit in the Subject States be denied because the long-arm statutes of those states require the transmittal of documents abroad in order to effect service on VWAG, and therefore, the Hague Convention is mandatory and preempts the provisions of the Federal Rules of Civil Procedure and California Code of Civil Procedure on which Plaintiffs rely?

## BACKGROUND

### A. The Hague Convention

The Hague Service Convention, established in 1964, is a multilateral treaty on international judicial procedure. It accomplishes several objectives: (1) to provide plaintiffs with a clear roadmap for serving process abroad, (2) to ensure that defendants sued in foreign jurisdictions receive proper notice of suits filed against them, and (3) to facilitate proof of service in foreign jurisdictions. *Volkswagenwerk Aktiengesellschaft* v. *Schlunk*, 486 U.S. 694, 698 (1988) (citing 3 1964 Conference de la Haye de Droit International Prive, Actes et Documents de la Dixieme Session (Notification) 75-77, 363 (1965) (3 Actes et Documents); 1 B. Ristau, International Judicial Assistance (Civil and Commercial) § 4-1 (1984 and 1 Supp. 1986) (1 Ristau)).

The Convention requires each signatory country to establish a central authority to receive requests for service of documents by a method prescribed by the internal law of the receiving country or by a method designated by the requester and compatible with that law. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 5. Litigants may employ a number of service methods under the Hague Convention, unless the receiving nation has specifically objected or opted out of use of those

methods. *Id*. Arts. 8-10. Because the Republic of Germany has objected to the methods of service outlined by Articles 8 and 10 of the Hague Convention, service on Germany's Central Authority is the exclusive means of service on a German corporation pursuant to the Hague Convention. *See* Hague Conference on Private International Law, Declarations of the Republic of Germany, *available at* https://www.hcch.net/en/states/authorities/notifications/?csid=402&disp=resdn.

B. **Procedural History**

The motion at ECF No. 4170 encompasses Plaintiffs in fifteen separate lawsuits that were filed in state and federal courts in seven states before being transferred to this MDL Court for coordinated pretrial proceedings:

- *Texas:* Plaintiffs in *Vasilas* filed suit originally in the Northern District of Texas (ECF No. 3818), while plaintiffs in *Alford*, *August*, *Azam*, *Asmussen* and *Cano* filed suit originally in a Texas state court, before removal to the Western District of Texas. (ECF Nos. 3793-94, 3800, 3787, 3797.) All plaintiffs allege that they are residents of Texas. *Id.*

- *New York:* Plaintiffs in *Clinton* and *Glassberg-Decrenza* are New York residents and filed suit originally in New York state court, before removal to the Western and Southern Districts of New York, respectively. (ECF Nos. 3822, 3823.)

- *Tennessee:* Plaintiff in *Atkins* is a Tennessee resident and filed suit originally in the Western District of Tennessee. (ECF No. 3824.)

- *Michigan:* Plaintiffs in *Shelton* are Michigan and German residents and filed suit originally in the Eastern District of Michigan. (ECF No. 3825.)

- *California:* Plaintiffs in *Alfaro* and *Sahakian* are California residents and filed suit originally in the Northern District of California. (ECF Nos. 3816, 3817.)

- *Arizona:* Plaintiffs in *Decker* are Arizona residents and filed suit originally in the District of Arizona. (ECF No. 3819.)

SULLIVAN & CROMWELL LLP — RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-5-

- ***Illinois:*** Plaintiffs in *Lexer* and *Schulman* are Illinois residents and filed suit originally in the Northern and Eastern Districts of Illinois, respectively. (ECF Nos. 3820, 3821.)

This Court has subject-matter jurisdiction over each of the actions under 28 U.S.C. § 1332(a).

The motion at ECF No. 4170 asserts that Plaintiffs' failed attempt at serving VWAG by serving VWGoA in California entitles them to an order authorizing alternative service of process under Fed. R. Civ. P. 4(f)(3). (ECF No. 4170, at 1.) In four related filings, Plaintiffs have applied for an order appointing a special process server, "pursuant to the rules of the Hague Convention," to effect service on Audi AG (ECF Nos. 4178, 4181) and Porsche AG (ECF Nos. 4180, 4396) in Germany, as required by the Hague Convention. Those four motions are unopposed, and VWAG would have no objection to the issuance of a similar order appointing a special process server to serve VWAG pursuant to the Hague Convention.

## ARGUMENT

### I. TO DETERMINE WHETHER THE HAGUE CONVENTION APPLIES, THE COURT SHOULD LOOK TO THE LAW OF THE STATE OF THE TRANSFEROR COURT, NOT THE STATE WHERE THE MDL IS SITED.

In actions maintained under diversity jurisdiction, as here, federal courts apply the "internal law of the forum state" when determining jurisdictional and service issues, including whether it is necessary to transmit documents abroad under the forum state's laws—and thus whether alien nonresident defendants are amenable to service of process exclusively through the Hague Convention's service provisions. *Schlunk*, 486 U.S. at 700. For example, in *Sanyal* v. *Toyota*, 2014 WL 4925842, at *1 (E.D. Va. Sept. 30, 2014), a plaintiff filing suit in a Virginia federal district court attempted to effect service on Toyota Motor Corporation, a Japanese corporation, by serving Toyota's U.S. subsidiary in California. In determining whether compliance with the Hague Convention was necessary, the court considered the law of Virginia—*not* California—and concluded that, under Virginia law, service on the foreign automaker required transmission of documents abroad to Japan. *Id.* at *2; see also Atl. Mut. Ins. Co.* v. *M/V HUMACAO,* 169 F. Supp. 2d 211, 217 n.2 (S.D.N.Y. 2001) ("[T]he federal court should address the amenability to suit of the foreign third-party defendant in accordance with the law of the

SULLIVAN & CROMWELL LLP   RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-6-

forum state."); *Cupp* v. *Alberto-Culver USA, Inc.*, 308 F. Supp. 2d 873, 879-80 (W.D. Tenn. 2004) (looking to the law of forum state to determine the need to transmit documents abroad).

"In an MDL proceeding, the forum state is the district court where the action was originally filed." *In re Ski Train Fire in Kaprun, Austria*, 2004 WL 2674644, at *2 (S.D.N.Y. Nov. 23, 2004); *see also, e.g.*, *Chang* v. *Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010) ("When a diversity case is transferred by the multidistrict litigation panel, the law applied is that of the jurisdiction from which the case was transferred . . . ."); *In re Takata Airbag Prod. Liab. Litig.*, 193 F. Supp. 3d 1324, 1332 (S.D. Fla. 2016) ("[I]n cases transferred pursuant to 28 U.S.C. § 1407, the transferee district court must apply the state law, including its choice of law rules, that would have been applied had there been no change of venue."); *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1492 (9th Cir. 1985) ("[W]e must apply the choice of law rules of Illinois because the claims were originally filed in district court in Illinois before they were transferred to California by the Judicial Panel on Multidistrict Litigation."). Thus, a court overseeing an MDL may exercise personal jurisdiction over a defendant only to the extent permitted by the law and rules of the transferor court. *See, e.g., In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 836-37 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014) (concluding, with regard to personal jurisdiction, that "the MDL transferee court . . . is obliged to apply . . . the substantive state law of the transferor court," and finding that "[t]his conclusion is overwhelmingly supported by both the jurisprudence and legal scholarship") (citations omitted); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2005 WL 2988715, at *2 (N.D. Cal. Nov. 7, 2005) ("In MDL actions such as this one, the court is entitled to exercise personal jurisdiction over each defendant only to the same degree that the original transferor court could have."); *In re Ski Train*, 2004 WL 2674644, at *2 ("In the determination of whether a federal court has personal jurisdiction over a defendant, plaintiffs must show . . . that jurisdiction is proper under the long-arm statute of the forum state . . . . In an MDL proceeding, the forum state is the district court where the action was originally filed.").

Service of process, an essential component of due process, requires not only formal notice, but also "a basis for the defendant's amenability to service of summons." *Omni Capital Int'l* v.

*Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Absent a federal statute providing otherwise (none applies here), whether a defendant is amenable to service is answered by reference to the forum state's long-arm statute. *Id.* at 105; *see also* Fed. R. Civ. P. 4(k)(1). As such, "[s]ervice must be valid under the law of the transferor states." *In re Pharm. Indus. Average Wholesale Price Litig.*, 321 F. Supp. 2d 187, 208 (D. Mass. 2004) (applying the service of process rules of Nevada and Montana, the transferor states, not those of Massachusetts, the site of the MDL); *see also In re Telectronics Pacing Sys., Inc.*, 953 F. Supp. 909, 914 (S.D. Ohio 1997) ("[T]his [MDL] Court can only exercise jurisdiction over the Australian Defendants in individual cases where the transferor court could exercise jurisdiction over the Australian Defendants."); 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3865 (4th ed. 2017) ("[P]roper service must still be made pursuant to the applicable jurisdictional rules of the transferor court.").

Since the Plaintiffs in the Subject States did not file suit originally in the State of California, the laws of California do not determine VWAG's amenability to service of process. Instead, the MDL Court should apply the law of the transferor states (Texas, New York, Tennessee and Michigan), including their long-arm statutes, to determine VWAG's amenability to service, including whether the Hague Convention's service provisions are mandatory here with respect to VWAG.

**II. THE LONG-ARM STATUTES IN THE SUBJECT STATES REQUIRE THE TRANSMITTAL OF DOCUMENTS ABROAD WHEN SERVING A FOREIGN CORPORATION, AND THUS THE HAGUE CONVENTION IS MANDATORY.**

Article 1 of the Hague Convention states that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, Art. 1. Because the Hague Convention "does not specify the circumstances in which there is 'occasion to transmit' a complaint 'for service abroad,'" the Supreme Court has held that "[i]f the *internal law of the forum state* defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Schlunk*, 486 U.S. at 700 (emphasis added). Thus, in *Schlunk*, because the law of the forum state (Illinois) deemed a local subsidiary to be the agent of its parent, service on the domestic subsidiary was sufficient and complete under the law of the forum state without the need "to transmit a judicial document for service abroad."

*Id*. at 707. Since no documents had to be transmitted outside of the United States to effectuate service, the Hague Convention did not apply. *Id*. at 706-07.

Unlike the Illinois long-arm statute at issue in *Schlunk*, the long-arm statutes of the Subject States require "the transmittal of documents abroad" in order to effectuate service on alien nonresident defendants, such as VWAG, thereby triggering the Convention's mandatory service provisions.

***Texas.*** To provide notice to a nonresident defendant of a pending action, Texas's long-arm statute requires that "the documents [provided to the Secretary of State] shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately *mail a copy of the process to the nonresident at the address provided*." Tex. Civ. Prac. & Rem. Code § 17.045 (emphasis added). Because VWAG is a foreign corporation headquartered in Germany, a copy of the process has to be transmitted abroad to VWAG's "home office" in Wolfsburg, Germany. *Id*. Because transmission abroad is necessary, the Hague Convention applies. *See, e.g., Kim* v. *Frank Mohn A/S*, 909 F. Supp. 474, 479 (S.D. Tex. 1995) ("Because the Defendant in this case could be properly served under Texas law only by transmitting judicial documents to the Defendant abroad, the Hague Convention is applicable."); *Duarte* v. *Michelin N. Am., Inc.*, 2013 WL 2289942, at *4 (S.D. Tex. May 23, 2013) ("Because the secretary of state must send copies of the documents to Japan in order for defendants to have notice of the lawsuit and for the court to have jurisdiction over them, the Hague convention applies."); *Esparza* v. *Paragon Shipping, Inc.*, 2013 WL 6835239, at *3 (S.D. Tex. Dec. 23, 2013) ("Assuming that service through the Secretary of State is a proper manner of service on a corporation formed and existing in another country, that service requires that the Secretary of State be directed to, and actually, mail process to the person in charge of the defendant's business or to the defendant at the corporation's home office.").

***Tennessee.*** Tennessee's long-arm statute provides that "[s]ervice of process pursuant to § 20-2-214 [(service on nonresident defendants)] shall be made by lodging . . . the original summons and a copy certified by the clerk of the court . . . with the secretary of state, who shall promptly send . . . the certified copy *by registered or certified return receipt mail to the defendant*." Tenn. Code Ann. § 20-2-

SULLIVAN & CROMWELL LLP  RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-9-

215. Thus, in *Cupp* v. *Alberto-Culver USA, Inc.*, 308 F. Supp. 2d 873, 880 (W.D. Tenn. 2004), the district court found that because "mailing a copy to [the defendant] in France involve[d] transmitting documents abroad, the Hague Convention applie[d]."

*Michigan.* Michigan's rule permitting service on nonresident defendants pursuant to its long-arm statute provides that "corporations must be 'personally' served." *Lafarge Corp.* v. *Altech Env't, U.S.A.*, 220 F. Supp. 2d 823, 831 (E.D. Mich. 2002) (citing Mich. Ct. R. 2. 105(D)). Thus, the district court in *Lafarge* concluded that "[b]y requiring service on a corporate officer or principal office of the corporation, the Michigan Rule can fairly be said to contemplate 'transmittal of a judicial . . . document for service abroad,' thereby requiring application of the terms of the Convention." *Id*. at 832 (citation omitted). The court further stated that "[n]o provision within [Michigan] Rule 105 allows service on a parent corporation to be achieved by delivery of process to its subsidiary. In fact, under Michigan law, '[i]t is a well recognized principle that separate corporate entities will be respected.'" *Id*. (quoting *Seasword* v. *Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995)).

*New York.* "Under New York law, to effect service on a foreign corporation a party must serve both the New York Department of State *and the foreign corporation at its foreign offices*." *Darden* v. *DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) (emphasis added) (citing N.Y. Bus. Corp. L. § 307). "Because service on a foreign corporation requires the transmittal of a judicial document abroad, the [Hague Convention] applies and preempts contrary state law." *Id.*; *see also Weinstein* v. *Volkswagen of Am., Inc.*, 1989 WL 35950, at *3 (E.D.N.Y. Apr. 4, 1989).

Accordingly, the long-arm statutes in each of the Subject States require the transmission of documents abroad in order to serve a foreign corporation. Since Germany is a signatory to the Hague Convention, Plaintiffs must follow the methods of service required by the Hague Convention when serving summons on VWAG, as they have admitted they must do for the other German defendants, Audi AG and Porsche AG. (*See* ECF Nos. 4178, 4180, 4181, 4396.)

SULLIVAN & CROMWELL LLP    RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-10-

## III. ANY INCONSISTENT FEDERAL OR STATE SERVICE RULES FOR THE SUITS FILED IN THE SUBJECT STATES ARE PREEMPTED BY THE HAGUE CONVENTION OR OTHERWISE INAPPLICABLE.

Ignoring the long-arm statutes of the Subject States, Plaintiffs argue that the service rules of "the state where the district court is located" (Fed. R. Civ. P. 4(e)(1)) apply, and claim that the relevant state is California because that is where the MDL is sited, even though none of the actions filed in the Subject States was filed in California. (ECF No. 4170, at 1, 11.) Plaintiffs then argue that California state law provides for service upon a "general manager" of a foreign corporation and claim that VWGoA is VWAG's "general manager." (*Id.* at 11.)

Even assuming VWGoA were VWAG's "general manager" (which it is not), Plaintiffs' argument misses the mark for at least two threshold reasons: *First*, as explained in Section I *supra*, California state rules with respect to service do not apply to actions originally filed in other states merely because the MDL is sited in California. *Second*, the cases cited by Plaintiffs do not discuss the application of the Hague Convention in states (unlike California) where the Convention is *mandatory*. In California, where service on a foreign corporation does not necessarily require the transmittal of documents abroad, courts have focused on the interplay between permissible service through the Hague Convention (pursuant to Fed. R. Civ. P. 4(f)(1)) and court-directed service (pursuant to Fed. R. Civ. P. 4(f)(3)), with neither rule taking priority over the other. *E.g., In re LDK Solar Sec. Litig.*, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008). But where, as in the Subject States, the Hague Convention is mandatory, it preempts conflicting methods of service under both federal and state law, including Fed. R. Civ. P. 4 and Cal. Code Civ. Proc. 416.10(b). *See, e.g., Gidding v. Anderson*, 2008 WL 4065814, at *3 (N.D. Cal. Aug. 27, 2008) ("The Hague Convention pre-empts all state and federal service rules in those countries that signed the treaty."); *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) ("Because service on a foreign corporation requires the transmittal of a judicial document abroad, the [Hague Convention] applies and preempts contrary state law."); *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 103 (D.D.C. 2005) (concluding that because the Convention is a treaty, it preempts inconsistent methods of service prescribed by subordinate law in all cases to which it applies,

SULLIVAN & CROMWELL LLP    RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-11-

including Fed. R. Civ. P. 4); *Amaprop Ltd.* v. *Indiabulls Fin. Servs. Ltd.*, 2012 WL 4801452, at *9 (S.D.N.Y. Oct. 5, 2012) (concluding that while a plaintiff is not required to attempt service through other provisions of Fed. R. Civ. P. 4(f) before a court may order alternative service through Fed. R. Civ. P. 4(f)(3) *in cases where service under the Hague Convention is not mandatory*, when the Hague Convention applies, its provisions preempt inconsistent methods of service allowed or required by state or federal statute or rule).[4]

Plaintiffs again miss the mark in their reliance on *Rio Properties, Inc.* v. *Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002). Plaintiffs claim that *Rio Properties* stands for the proposition that alternative service under Fed. R. Civ. P. 4(f)(3) is permissible even though Plaintiffs did not first attempt service on VWAG pursuant to the Hague Convention. (ECF No. 4170, at 9.) The Ninth Circuit stated in *Rio Properties*, however, that "[a] federal court would be *prohibited* from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1)." 284 F.3d at 1015 n.4 (emphasis added). The only reason that the *Rio Properties* court authorized alternative service, instead of requiring compliance with the Hague Convention, was because "Costa Rica is not a signatory" to the Hague Convention, making it inapplicable to that case. *Id.* Here,

---

[4] Moreover, even if Fed. R. Civ. P. 4(e) were not preempted, the application of *California's* long-arm statute would nonetheless be inconsistent with due process in the cases originally filed in the Subject States (*i.e.*, by non-residents of California) because VWAG is not subject to personal jurisdiction in California with respect to those cases. *See* Fed. R. Civ. P. 4(k)(1) (service of process only establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"); *see also Omni*, 484 U.S. at 104 ("[B]efore a court may exercise personal jurisdiction over a defendant . . . [there] must be a basis for the defendant's amenability to service of summons."). This territorial limitation means that "[s]ubdivision (k) is the chaperon of each [Rules 4(e) through (j)], standing at the side of all process servers and telling them just how far they may go, as a matter of geography, to make service." *Merrill Lynch Bus. Fin. Servs., Inc.* v. *Marais*, 1995 WL 608573, at *12 n.3 (N.D. Ill. Oct. 12, 1995); *see also Villalobos* v. *Castaneda*, 2013 WL 5433795, at *4 (N.D. Ill. Sept. 27, 2013) (Rule 4(k) sets forth the power of a court to serve process and determines amenability to service). The claims asserted by the Plaintiffs in the Subject States do not arise out of any contacts with California. *See Bristol-Myers Squibb Co.* v. *Superior Court*, 137 S. Ct. 1773, 1781 (2017) ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue."); *see also* July 10, 2017 Order, ECF No. 3419 (holding that VWAG is not "found" in the Northern District of California under 28 U.S.C. § 1782). By contrast, in all of the California cases cited by Plaintiffs in support of their motion (ECF No. 4170, at 2), it was undisputed that the California courts had long-arm jurisdiction over the defendant. Therefore, those cases do not support Plaintiffs, all of whom are non-California residents who filed suit outside of California, where the claims' only "connection" to California is the procedural happenstance that the MDL is sited in California.

SULLIVAN & CROMWELL LLP    RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-12-

by contrast, VWAG is a citizen of a signatory country (Germany), thereby precluding issuance of the order under Fed. R. Civ. P. 4(f)(3) that Plaintiffs now seek. *See Schlunk*, 486 U.S. at 699-700.

**CONCLUSION**

For the forgoing reasons, VWAG and VWGoA respectfully request that Plaintiffs' motion for substituted service on VWAG with respect to the lawsuits filed originally in the Subject States (Texas, New York, Tennessee and Michigan) be denied. Those Plaintiffs must effectuate service on VWAG pursuant to the Hague Convention's mandatory service provisions, which Plaintiffs are clearly ready and able to utilize, as evidenced by the unopposed relief sought in ECF Nos. 4178, 4180, 4181 and 4396. Further, because VWAG has already accepted service of process (reserving all other defenses) for the lawsuits filed originally in California, Arizona and Illinois, Plaintiffs' request for alternative service for those lawsuits should be denied as moot.

Dated: November 27, 2017

Respectfully submitted,

/s/ Robert J. Giuffra, Jr.
Robert J. Giuffra, Jr. (pro hac vice)
giuffrar@sullcrom.com
Sharon L. Nelles (pro hac vice)
nelless@sullcrom.com
William B. Monahan (pro hac vice)
monahanw@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Michael H. Steinberg
(State Bar No. 134179)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

/s/ Jeffrey L. Chase
Jeffrey L. Chase (pro hac vice)
jchase@herzfeld-rubin.com
125 Broad Street
New York, New York 10004
Telephone: (212) 471-8460
Facsimile: (212) 344-3333

*Co-Liaison Counsel for Volkswagen
Group of America, Inc., Volkswagen AG
and Audi AG*

SULLIVAN & CROMWELL LLP | RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-14-

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: November 27, 2017                             SULLIVAN & CROMWELL LLP


                                                     /s/ William B. Monahan
                                                     William B. Monahan

SULLIVAN & CROMWELL LLP    RESPONSE TO MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS AND APPOINTMENT OF PROCESS SERVER
CASE NO. 3:15-MD-02672-CRB

-15-