UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/ This Order Relates To: MDL Dkt. No. 4967 *Napleton Orlando Imports, LLC v. Volkswagen Group of America, Inc.*, No. 16-cv-02086-CRB ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/ | MDL No. 2672 CRB (JSC) **ORDER DENYING VOLKSWAGEN-BRANDED FRANCHISE DEALERS' MOTION TO COMPEL** |

A group of Volkswagen-branded franchise dealers (the "Franchise Dealers") allege that Robert Bosch LLC and Robert Bosch GmbH (collectively, "Bosch") conspired with Volkswagen to develop the defeat device that Volkswagen used in its "clean diesel" vehicles to cheat on emissions tests. Presently before the Court is a discovery dispute between the Franchise Dealers and Bosch.

The Franchise Dealers have served Bosch with subject-matter-specific requests for the production of documents. They also have served Bosch with a request for the production of documents that Bosch previously provided to certain federal and state agencies that are investigating the "clean diesel" emissions fraud. Bosch is in the process of responding to the former requests, but has objected to the latter. With respect to the latter, Bosch asserts that the government investigations are not coextensive with the Franchise Dealers' claims, and that the request would therefore lead to the production of documents that are not discoverable in this case.

The Franchise Dealers have moved to compel the withheld production. Specifically, they have moved to compel Bosch to produce "documents provided to US, NY and CA government agencies in the United States in connection with investigations of defeat devices installed in

Affected Vehicles." (Dkt. No. 4967 at 3.)  For the reasons that follow, the Court DENIES the motion to compel.

* * *

The Franchise Dealers may obtain discovery of any nonprivileged matter that is relevant to their claims or defenses and that is proportional to the needs of their case. *See* Fed. R. Civ. P. 26(b)(1). The traditional route for obtaining document discovery is to serve subject-matter-specific requests for production, which "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Such "[d]irect requests allow a court to consider the relevance of the information sought to the specific claims and defenses in the pending case." *Wollam v. Wright Medical Group, Inc.*, No. 10-cv-03104-DME-BNB, 2011 WL 1899774, at *2 (D. Colo. May 18, 2011). When a party seeks discovery of documents that were produced during other litigation or investigations, a different—hazier—analysis ensues. The focus turns to comparing one case to another instead of an analysis of how specific information would affect the plaintiff's case.

The latter type of request is particularly challenging in cases like this one, where the Court does not know the precise contours of the government investigations at issue. The document requests or subpoenas issued by the federal and state agencies to Bosch are not before the Court. And because those investigations are confidential and ongoing, the Franchise Dealers acknowledge that Bosch has not told them "what was produced, to which entities and when productions were made." (Dkt. No. 4967 at 3.) Given this uncertainty, the Court cannot adequately determine how the scope of those investigations compares to that of the Franchise Dealers' case, let alone determine whether all of the documents produced by Bosch in those investigations are relevant to the Franchise Dealers' claims.[1]

---

[1] This uncertainty distinguishes the Franchise Dealers' request from the one addressed in *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-2200-HSG (KAW), 2017 WL 1101799 (N.D. Cal. Mar. 24, 2017), for which the court compelled production. The plaintiffs there, seeking discovery of all documents produced by Chipotle in a separate case against it, submitted the complaint from the other action with their motion to compel. *See id.* at *2-3. This allowed the court to compare the scope of the two lawsuits and to conclude that they involved "the same legal claims based on the same facts." *Id.* at *4. The Franchise Dealers have not submitted any similar evidence that reveals the precise scope of the government investigations at issue.

In this way, the Franchise Dealers' request is comparable to the one addressed in *King County v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491 (W.D. Wash. Aug. 5, 2011). The plaintiffs there filed a securities action against the defendants, and requested that the defendants produce all documents that they had previously provided to certain government entities that were investigating the same conduct. While acknowledging that "some portion of documents encompassed by Plaintiffs' request may be relevant," the court reasoned that it had "no method of determining which of those documents are relevant, and which are not." *Id.* at *3. As a result, the court denied the request and instructed the plaintiffs to "make proper discovery requests, identifying the specific categories of documents sought." *Id.*

The Court agrees with the approach taken in *King County*, as it avoids the guesswork involved in comparing the scope of an investigation that is not before the Court to the scope of a case that is. Further, under the circumstances of this case, there is little need to engage in this guesswork. Bosch has made clear to the Franchise Dealers and the Court that it "will not withhold relevant documents solely because they were previously produced to a government authority." (Dkt. No. 4967 at 6.) The documents that Bosch produced to the government agencies at issue are therefore not beyond the Franchise Dealers' reach if they are indeed relevant to their case.

To be sure, it may be less burdensome for the Franchise Dealers to ask for and receive a wholesale reproduction of what Bosch produced in the government investigations. But such an approach makes it difficult to ensure that the scope of discovery is not expanded beyond what is allowed by the Federal Rules. Nor does the need for the government productions outweigh this possible overbreadth, as "[t]he [Franchise Dealers] are well-represented and can fashion their own document requests without relying upon the government [productions]." *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288 DLC, 2003 WL 22953645, at *7 (S.D.N.Y. Dec. 16, 2003).

If the Franchise Dealers are not satisfied with what they receive from Bosch in response to their subject-matter-specific requests, they may serve additional requests if needed, and to the extent permitted by the federal and local rules. But they are not entitled to complete access to Bosch's prior government productions simply because there is some overlap between their claims and the government investigations. The motion to compel is accordingly DENIED.

**IT IS SO ORDERED.**

Dated: April 24, 2018

JACQUELINE S. CORLEY
United States Magistrate Judge