UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ─────────────────────────────────/ This Order Relates To: MDL Dkt. Nos. 4948, 4949 *Hoffer v. Audi of America, LLC*, Case No. 16-cv-2620-CRB, Dkt. Nos. 19, 20 (N.D. Cal.) ─────────────────────────────────/ | MDL No. 2672 CRB (JSC) **ORDER DENYING MATTHEW G. HOFFER'S MOTIONS TO OPT OUT OF CLASS ACTION SETTLEMENT AND FOR SUMMARY JUDGMENT** |

Matthew Hoffer, the owner of a 2011 Audi A3 TDI vehicle, is a member of the nationwide 2.0-liter TDI settlement class. In two pro se motions, he respectively seeks to opt out of the settlement and to obtain summary judgment on claims that he filed against Audi prior to the settlement. Mr. Hoffer's opt-out motion is untimely, as he filed it more than eighteen months after the opt-out deadline. (*See* MDL Dkt. No. 4948 (March 28, 2018 motion filing date); MDL Dkt. No. 1685, Settlement Agreement § 2.51 (setting September 16, 2016 as the opt-out deadline).) A class member who seeks to opt out of a class action settlement after the applicable deadline has passed must show that excusable neglect or good cause excuses the delay. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). The Court has reviewed Mr. Hoffer's opt-out motion and his reply brief and concludes that he has not made such a showing. The Court therefore DENIES his opt-out motion.

Mr. Hoffer's claims against Audi, for which he seeks summary judgment, all relate to Audi's use of a defeat device in his vehicle. Under the settlement, Mr. Hoffer and the other class members agreed to release such claims. (*See* MDL Dkt. No. 1685, Settlement Agreement §§ 2.1,

9.3, 9.4 (releasing all claims against Audi that relate to the 2.0-liter TDI Matter, which includes claims related to "the installation or presence of any Defeat Device or other auxiliary emission control device in any Eligible Vehicle").) Because Mr. Hoffer has released his claims against Audi, the Court DENIES his motion for summary judgment and dismisses his individual suit with prejudice.

Finding the motions suitable for disposition without oral argument, the Court VACATES the hearing set for May 4, 2018. *See* Civil Local Rule 7–1(b).

**IT IS SO ORDERED.**

Dated: April 26, 2018

CHARLES R. BREYER
United States District Judge