# EXHIBIT A

1 | **BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN LLP**
2 | JAMES A. HARROD
3 | JAI CHANDRASEKHAR
    ADAM D. HOLLANDER
4 | ROSS SHIKOWITZ
    KATE W. AUFSES
5 | jim.harrod@blbglaw.com
    jai@blbglaw.com
6 | adam.hollander@blbglaw.com
    ross@blbglaw.com
7 | kate.aufses@blbglaw.com
    1251 Avenue of the Americas
8 | New York, NY 10020
    Tel: (212) 554-1400
9 | Fax: (212) 554-1444

10 | *Attorneys for Lead Plaintiff ASHERS and*
11 | *Plaintiff Miami Police and*
     *Lead Counsel in the Securities Actions*

12

13 |                    UNITED STATES DISTRICT COURT

14 |                   NORTHERN DISTRICT OF CALIFORNIA

15 | IN RE: VOLKSWAGEN "CLEAN DIESEL"            MDL No. 2672 CRB (JSC)
16 | MARKETING, SALES PRACTICES, AND
     PRODUCTS LIABILITY LITIGATION               **CLASS ACTION**

17 | _____/    **STIPULATION AND AGREEMENT**
18 |                                              **OF SETTLEMENT**
     This Document Relates To: Securities Actions
19

20 | *City of St. Clair Shores*, 15-1228 (E.D. Va.)
     *Travalio*, 15-7157 (D.N.J.)
21 | *George Leon Family Trust*, 15-7283 (D.N.J.)
     *Charter Twp. of Clinton*, 15-13999 (E.D. Mich.)
22 | *Wolfenbarger*, 15-326 (E.D. Tenn.)

23 | _____/

24

25 |       This Stipulation and Agreement of Settlement, dated as of August 27, 2018 (the

26 | "Stipulation") is entered into between (a) Lead Plaintiff Arkansas State Highway Employees'

27

28 | STIPULATION AND AGREEMENT OF SETTLEMENT
     MDL No. 2672 CRB (JSC)

1  Retirement System ("ASHERS" or "Lead Plaintiff") and named plaintiff Miami Police Relief and

2  Pension Fund ("Miami Police," and together with ASHERS, "Plaintiffs"), on behalf of themselves

3  and the Settlement Class (defined below); and (b) defendants Volkswagen Aktiengesellschaft

4  ("VWAG"), Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen Group of America,

5  Inc. d/b/a Volkswagen of America, Inc. ("VWoA"), Audi of America, Inc. ("AoA"), Martin

6  Winterkorn ("Winterkorn"), Michael Horn ("Horn"), and Herbert Diess ("Diess," and together

7  with Winterkorn and Horn, the "Individual Defendants"), and embodies the terms and conditions

8  of the settlement of the Action.[1]  Subject to the approval of the Court and the terms and conditions

9  expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise,

10  settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims

11  (defined below) against Defendants and the Defendants' Releasees (defined below).

12  WHEREAS:

13  A.  On September 25, 2015, a class action complaint, styled *City of St. Clair Shores*

14  *Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, Case No. 15-CV-1228-LMB-TCB, was filed

15  in the United States District Court for the Eastern District of Virginia alleging violations of the

16  federal securities laws on behalf of investors in VWAG ADRs against VWAG, VWGoA, VWoA,

17  AoA, the Individual Defendants, and certain other current or former VWGoA employees.  Several

18  related securities class action complaints on behalf of investors in VWAG ADRs were filed in the

19  United States District Courts for the Eastern District of Virginia, the District of New Jersey, the

20  Eastern District of Michigan, and the Eastern District of Tennessee between September 25, 2015

21  and November 25, 2015.

22  B.  In December 2015, the United States Judicial Panel on Multidistrict Litigation

23  ordered that the VWAG ADR class actions be transferred to the United States District Court for

24  the Northern District of California (the "Court").

25

26  [1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed

27  to them in ¶ 1 herein.

STIPULATION AND AGREEMENT OF SETTLEMENT

28  MDL No. 2672 CRB (JSC)

C. On January 5, 2016, the Court consolidated the VWAG ADR class actions, appointed ASHERS as Lead Plaintiff for the Action, and approved ASHERS' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Action.

D. On May 16, 2016, Plaintiffs filed a Consolidated Securities Class Action Complaint (the "First Consolidated Complaint"). The First Consolidated Complaint asserted securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5 against Defendants VWAG, VWGoA, VWoA, AoA, Winterkorn, and Diess, as well as claims under Section 20(a) of the Exchange Act against Defendants Winterkorn, Diess, Horn, and another former VWGoA employee.

E. On August 1, 2016, Defendants filed two motions to dismiss the First Consolidated Complaint. On October 14, 2016, Plaintiffs filed their omnibus opposition to Defendants' motions to dismiss, and on November 22, 2016, Defendants filed their replies in further support of their motions to dismiss. On December 16, 2016, the Court heard oral argument on Defendants' motions to dismiss the First Consolidated Complaint.

F. On January 4, 2017, the Court entered an Order granting in part and denying in part Defendants' motions to dismiss the First Consolidated Complaint. The Court dismissed, without prejudice, the claims with respect to VWAG's financial statements, the claims under Section 20(a) of the Exchange Act against Defendants Diess and Horn, and the claims against the other former VWGoA employee. In all other respects, the Court denied Defendants' motions to dismiss.

G. On February 3, 2017, Plaintiffs filed a First Amended Consolidated Securities Class Action Complaint (the "Amended Complaint" or "Complaint"). The Amended Complaint asserts claims under Section 10(b) of the Exchange Act and Rule 10b-5 against Defendants VWAG, VWGoA, VWoA, AoA, Winterkorn, and Diess, and under Section 20(a) of the Exchange Act against Defendants VWAG, Winterkorn, Diess, and Horn. The Amended Complaint alleges that, during the Class Period, Defendants made repeated misrepresentations and omissions about a core element of VW's business: its compliance with emissions regulations in the United States and

other countries.  In particular, the Amended Complaint alleges that Defendants violated the U.S. federal securities laws by failing to disclose that VW sold approximately 585,000 diesel vehicles in the United States and hundreds of thousands of diesel vehicles in other countries that were equipped with illegal "defeat devices," and by representing to the public that VW diesel vehicles complied with emissions regulations and were "environmentally friendly."  In connection with its U.S. plea agreement, VWAG has admitted that the defeat devices caused the affected U.S. vehicles to emit NOx, a regulated pollutant, at levels that complied with U.S. emissions regulations when the vehicles were being tested for regulatory compliance, but caused such vehicles to emit NOx at much higher levels that violated U.S. emissions regulations when the vehicles were being driven in normal road conditions.  The Amended Complaint also alleges that VWAG's financial statements failed to properly record contingent liabilities related to the emissions-cheating scheme. The Amended Complaint further alleges that the prices of VWAG ADRs were artificially inflated during the Class Period as a result of those misrepresentations and omissions, and that the prices fell sharply when the truth began to be revealed in September 2015.

H.   On March 21, 2017, Defendants filed motions to dismiss the Amended Complaint. On May 8, 2017, Plaintiffs filed their omnibus opposition to Defendants' motions to dismiss, and on June 5, 2017, Defendants filed their replies in further support of their motions to dismiss.  On June 27, 2017, the Court heard oral argument on Defendants' motions to dismiss the Amended Complaint.

I.   On June 28, 2017, the Court entered an Order granting in part and denying in part Defendants' motions to dismiss the Amended Complaint.  The Court dismissed, with prejudice, the claims with respect to VWAG's financial statements issued before May 2014, the claims against Defendant Diess with respect to VWAG's third quarter 2015 financial statements, and the claims against Diess under Section 20(a) of the Exchange Act.  In all other respects, the Court denied Defendants' motions to dismiss.

1    J.    On March 15, 2017, Plaintiffs filed a motion for partial summary judgment as to

2  falsity and scienter with respect to certain challenged statements allegedly made by VWAG.  On

3  August 25, 2017, Defendants filed their opposition to Plaintiffs' motion for partial summary

4  judgment.  On September 28, 2017, Plaintiffs filed their reply in support of the motion.  On

5  December 6, 2017, the Court issued an Order granting Plaintiffs' motion for partial summary

6  judgment with respect to one of the statements and denying the motion with respect to the other

7  statements.

8    K.    Discovery in the Action commenced in August 2017.  The Parties served initial

9  disclosures under Fed. R. Civ. P. 26(a)(1), served and responded to interrogatories, served

10 document requests, and engaged in extensive correspondence and numerous meet and confers over

11 search terms and custodians for their respective document searches and productions.  While most

12 discovery disputes were resolved by agreement of the Parties, a number of disputes were presented

13 to the Court, including Plaintiffs' request for access to the documents produced by Defendants in

14 the related multidistrict litigation ("MDL") cases, which the Court denied; Plaintiffs' motions to

15 compel the Volkswagen Defendants to produce certain documents concerning European Union

16 emissions standards and the "acoustic function" technology, which the Court granted; Plaintiffs'

17 motion to compel Defendants to produce the list of document custodians from the MDL and

18 documents from custodians in addition to those agreed by Defendants, which the Court granted in

19 part and denied in part; and Defendants' motion to compel Plaintiffs to search document custodians

20 in addition to those agreed by Plaintiffs, which the Court denied.  Plaintiffs also filed an unopposed

21 motion to depose two former VWGoA employees who are in federal prison, which the Court

22 granted.  In connection with discovery, approximately 50 custodians were negotiated by the Parties

23 and more than 4 million pages of documents were produced by Defendants, including documents

24 from approximately 50 custodians negotiated by the Parties.  Review of the documents produced

25 in discovery was underway at the time the Settlement was reached.

26

27

28

L.    Through the exchange of information concerning both damages and the merits of the case, counsel for Plaintiffs and Defendants engaged in a series of arm's-length negotiations pursuant to which the Parties reached an agreement in principle to settle and release all claims against Defendants in the Action in return for a cash payment of $48,000,000 to be paid by VWAG on behalf of all Defendants for the benefit of the Settlement Class, subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.   This Stipulation (together with the exhibits hereto) constitutes the final and binding agreement between the Parties.

M.    Based upon their investigation and prosecution of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

N.    This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.   Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.   Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.   Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.   Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity

in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against Defendants and the Defendants' Releasees and all Released Defendants' Claims as against Plaintiffs and the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the securities class actions styled *City of St. Clair Shores Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, 15-cv-1228 (E.D. Va.), *Travalio, et al. v. Volkswagen AG, et al.*, 15-cv-7157 (D.N.J.), *The George Leon Family Trust v. Volkswagen AG, et al.*, 15-cv-7283 (D.N.J.), *Charter Twp. of Clinton Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, 15-cv-13999 (E.D. Mich.), and *Wolfenbarger v. Volkswagen AG, et al.*, 15-cv-326 (E.D. Tenn.), consolidated with and pending in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC).

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "AoA" means Audi of America, Inc.

(d)     "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(g)     "Claimant" means a person or entity who submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(h)     "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Period" means the period from November 19, 2010 through January 4, 2016, inclusive.

(k)     "Complaint" or "Amended Complaint" means the First Amended Consolidated Securities Class Action Complaint filed by Plaintiffs in the Action on February 3, 2017.

(l)     "Court" means the United States District Court for the Northern District of California.

(m)     "Defendants" means VWAG, VWGoA, VWoA, AoA, and the Individual Defendants.

(n)     "Defendants' Counsel" means the law firms of Sullivan & Cromwell LLP, counsel for Volkswagen and Diess; Schertler & Onorato, LLP, counsel for Horn; and Joseph Hage Aaronson LLC, counsel for Winterkorn.

(o)     "Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family Members, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing.

(p)     "Diess" means Herbert Diess.

(q)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(r)     "Escrow Account" means an account maintained at Valley National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(s)     "Escrow Agent" means Valley National Bank.

(t)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) the expiration of the time to alter or amend the Judgment, Alternate Judgement, or other court order under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (iii) if there is an appeal from the Judgment, Alternate Judgment, or other court order, including from the denial of a Rule 59(e) motion to alter or amend the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or

other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u)     "Horn" means Michael Horn.

(v)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(w)     "Individual Defendants" means Winterkorn, Horn, and Diess.

(x)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(y)     "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(z)     "Lead Plaintiff" or "ASHERS" means Arkansas State Highway Employees' Retirement System.

(aa)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(bb)    "Miami Police" means Miami Police Relief and Pension Fund.

(cc)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court;

(iv) any attorneys' fees awarded by the Court; and (vi) any other costs or fees approved by the Court.

(dd)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(ee)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ff)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(gg)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(hh)    "Plaintiffs" means ASHERS and Miami Police.

(ii)    "Plaintiffs' Counsel" means Lead Counsel; the law firm of Klausner, Kaufman, Jensen & Levinson, counsel for Miami Police; and any other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(jj)    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, all other Settlement Class Members, and their respective attorneys, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Settlement Class Member has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, attorneys, controlling shareholders, trusts, trustees, advisors,

1
2
3

investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family Members, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing.

4
5

(kk)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

6
7
8

(ll)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

9
10

(mm)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

11
12

(nn)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

13
14
15
16
17
18
19
20
21
22
23

(oo)   "Released Defendants' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

24
25
26

(pp)   "Released Plaintiffs' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs,

27
28

1  expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising
2  under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or
3  contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-
4  matured, whether class or individual in nature, that Plaintiffs or any other member of the
5  Settlement Class: (i) asserted in the Complaint, or (ii) could have asserted in any forum that
6  concern, arise out of, relate to, involve, or are based upon any of the allegations, circumstances,
7  events, transactions, facts, matters, representations, or omissions involved, set forth, or referred to
8  in the Complaint and that relate to the purchase, acquisition, or ownership of VWAG ADRs during
9  the Class Period.  Released Plaintiffs' Claims do not include:  (i) any claims relating to the
10 enforcement of the Settlement; or (ii) any claims of any person or entity who submits a request for
11 exclusion that is accepted by the Court ("Excluded Plaintiffs' Claims").

12        (qq)    "Releasee(s)" means each and any of the Defendants' Releasees and each
13 and any of the Plaintiffs' Releasees.

14        (rr)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

15        (ss)    "Settlement" means the settlement between Plaintiffs and Defendants on the
16 terms and conditions set forth in this Stipulation.

17        (tt)    "Settlement Amount" means Forty-Eight Million United States Dollars
18 ($48,000,000.00 USD) in cash.

19        (uu)    "Settlement Class" means all persons and entities in the U.S. or elsewhere
20 who purchased or otherwise acquired VWAG Ordinary American Depositary Receipts (CUSIP:
21 928662303) and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) from
22 November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and who were
23 allegedly damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants; (ii) any
24 person who was an Officer or director of VWAG, VWGoA, VWoA, or AoA during the Class
25 Period; (iii) the Immediate Family Members of all individual persons excluded in (i) or (ii); (iv) the
26 parents, subsidiaries, and affiliates of VWAG, VWGoA, VWoA, or AoA; (v) any entity in which

27

28 STIPULATION AND AGREEMENT OF SETTLEMENT
   MDL No. 2672 CRB (JSC)

any person or entity excluded in (i), (ii), (iii) or (iv) has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court. For the avoidance of doubt, VWAG ordinary and preferred shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.

(vv)    "Settlement Class Member" means each person and entity who is a member of the Settlement Class.

(ww)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(zz)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(aaa)    "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims.  With

respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date

of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement

Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate

Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits

conferred by any law of any state or territory of the United States, or principle of common law or

foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which

provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be

deemed by operation of law to have acknowledged, that the foregoing waiver was separately

bargained for and a key element of the Settlement.

(bbb)   "Volkswagen" or "VW" refers to, collectively, the corporate Defendants in

the Action:  VWAG, VWGoA, VWoA, and AoA.

(ccc)   "VWAG" means Volkswagen Aktiengesellschaft.

(ddd)   "VWAG ADRs" means VWAG Ordinary American Depositary Receipts

(CUSIP: 928662303) and VWAG Preferred American Depositary Receipts (CUSIP: 928662402).

(eee)   "VWGoA" means Volkswagen Group of America, Inc.

(fff)   "VWoA" means Volkswagen Group of America, Inc. d/b/a Volkswagen of

America, Inc.

(ggg)   "Winterkorn" means Martin Winterkorn.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate

and agree to:  (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3)

of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of

1  Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel
2  as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil
3  Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

5  3.    Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary
6  approval of the Settlement, certification of the Settlement Class for Settlement purposes only, and
7  the scheduling of a hearing for consideration of final approval of the Settlement, which motion
8  shall be unopposed by Defendants.   Concurrently with the motion for preliminary approval,
9  Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary
10 Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

12 4.    The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the
13 full and final disposition of the Action as against Defendants; and (b) the Releases provided for
14 herein.

15 5.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further
16 action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other
17 Settlement Class Members, on behalf of themselves, and their respective heirs, executors,
18 administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf
19 of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the
20 respective Settlement Class Member in such capacity only, shall be deemed to have, and by
21 operation of law and of the judgment shall have, fully, finally, and forever compromised, settled,
22 released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim
23 against Defendants and the Defendants' Releasees, and shall forever be barred and enjoined from
24 commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the
25 Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.  This
26 Release shall not apply to any Excluded Plaintiffs' Claims.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the respective Defendant in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against Plaintiffs or any of the other Plaintiffs' Releasees.  This Release shall not apply to any Excluded Defendants' Claims.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the Defendants' Releasees, VWAG shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the Qualified Settlement Fund in which the Settlement Amount is to be deposited.

9.      Defendants' sole monetary obligation under the Settlement shall be for VWAG to pay or cause to be paid the Settlement Amount, and Defendants shall not be liable for any other amounts.  The Individual Defendants shall have no obligation to pay or cause to be paid, directly

STIPULATION AND AGREEMENT OF SETTLEMENT
MDL No. 2672 CRB (JSC)

1   or indirectly, any amount under ¶ 8 above, or otherwise, in connection with the Settlement.

2   Notwithstanding any of the foregoing, VWAG shall be responsible for (a) any and all costs

3   associated with providing the security holder records in accordance with ¶ 20 below, and (b) any

4   and all costs associated with disseminating notice of the Settlement required under the Class

5   Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, as set forth in ¶ 21 below.

6   ## USE OF SETTLEMENT FUND

7        10.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and

8   Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees

9   awarded by the Court; and (e) any other costs or fees approved by the Court.  The balance

10  remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to

11  Authorized Claimants as provided in ¶¶ 19-31 below.

12       11.    Except as provided herein or pursuant to orders of the Court, the Net Settlement

13  Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow

14  Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction

15  of the Court until such time as the funds shall be distributed or returned pursuant to the terms of

16  this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the

17  Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in

18  such instruments) and shall collect and reinvest all interest accrued thereon, except that any

19  residual cash balances up to the amount that is insured by the Federal Deposit Insurance

20  Corporation ("FDIC") may be deposited in any account that is fully insured by the FDIC.  In the

21  event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury

22  Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account

23  that is fully insured by the FDIC or backed by the full faith and credit of the United States.

24  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held

25  by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed

26  by the full faith and credit of the United States.

27

28

12.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants and the Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, VWAG will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants and the Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims

submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants, all Notice and Administration Costs actually incurred and paid or payable; *provided, however*, that any Notice and Administration Costs paid prior to the Settlement Hearing shall require Court approval.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the Defendants' Releasees, or any other person or entity who paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed

1   objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any

2   part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments

3   to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement

4   Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of

5   any appeal or further proceedings on remand, or successful collateral attack, the award of

6   attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or

7   reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or

8   repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice

9   of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys'

10  fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation

11  Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement

12  embodied herein.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement

13  based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or

14  Litigation Expenses.

15          18.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs'

16  Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to

17  the institution, prosecution, and settlement of the Action.  Defendants' Releasees shall have no

18  responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees

19  or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs'

20  Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

22          19.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment

23  of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including

24  but not limited to the process of receiving, reviewing, and approving or denying Claims, under

25  Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Defendants'

26  obligation to provide its securities holders records as provided in ¶ 20 below, none of the

1
2
3
4
5
6
7
Defendants, nor any Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or the disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

8
9
10
11
12
13
14
15
16
17
18
20. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, VWAG shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names and addresses) of record holders who purchased VWAG ADRs during the Class Period to the extent that such information is available.

19
20
21
22
23
24
21. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

25
26
22. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

27
28

1  of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared
2  to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation
3  set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation
4  as the Court approves).

5       23.    The Plan of Allocation proposed in the Notice is not a necessary term of the
6  Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation
7  that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may
8  not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate
9  court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.
10  Defendants and the Defendants' Releasees shall not object in any way to the Plan of Allocation or
11  any other plan of allocation in this Action.  No Defendant, nor any Defendants' Releasees shall
12  have any involvement with or liability, obligation, or responsibility whatsoever for the application
13  of the Court-approved plan of allocation.

14       24.    Any Settlement Class Member who does not submit a valid Claim will not be
15  entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by
16  all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the
17  Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein
18  and therein, and will be permanently barred and enjoined from bringing, commencing, instituting,
19  maintaining, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any
20  kind against any of the Defendants or the Defendants' Releasees with respect to the Released
21  Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

22       25.    Lead Counsel shall be responsible for supervising the administration of the
23  Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No
24  Defendant or any Defendants' Releasees, shall have any right under this Stipulation, or otherwise,
25  to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead
26  Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have

27

28

STIPULATION AND AGREEMENT OF SETTLEMENT
MDL No. 2672 CRB (JSC)

23

1  the right, but not the obligation, to waive what it deems to be formal or technical defects in any

2  Claims submitted in the interests of achieving substantial justice.

3      26.     For purposes of determining the extent, if any, to which a Class Member shall be

4  entitled to be treated as an Authorized Claimant, the following conditions shall apply:

5          (a)     Each Claimant shall be required to submit a Claim in paper form,

6  substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in

7  accordance with the instructions for the submission of such Claims, and supported by such

8  documents as are designated therein, including proof of the Claimant's loss, or such other

9  documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem

10  acceptable;

11          (b)     All Claims must be submitted by the date set by the Court in the Preliminary

12  Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a

13  Claim by such date shall be forever barred from receiving any distribution from the Net Settlement

14  Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class

15  Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this

16  Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if

17  applicable, and the Releases provided for herein and therein, and will be permanently barred and

18  enjoined from bringing, commencing, instituting, maintaining, prosecuting, or continuing to

19  prosecute any action, claim, or other proceeding of any kind against any of the Defendants or the

20  Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed

21  by the claim-submission deadline, a Claim Form shall be deemed to be submitted when

22  postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail

23  and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall

24  be deemed to have been submitted on the date when actually received by the Claims Administrator;

25          (c)     Each Claim shall be submitted to and reviewed by the Claims Administrator

26  who shall determine in accordance with this Stipulation and the plan of allocation the extent, if

27

28

1  any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph
2  (e) below as necessary;

3              (d)     Claims that do not meet the submission requirements may be rejected.  Prior
4  to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the
5  Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the
6  Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all
7  Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting
8  forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be
9  rejected has the right to a review by the Court if the Claimant so desires and complies with the
10 requirements of subparagraph (e) below; and

11             (e)     If any Claimant whose Claim has been rejected in whole or in part desires to
12 contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the
13 notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve
14 upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds
15 for contesting the rejection along with any supporting documentation, and requesting a review
16 thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel
17 shall thereafter present the request for review to the Court.

18        27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court
19 with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery
20 under the Federal Rules of Civil Procedure, *provided, however*, that such investigation and
21 discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity
22 and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action
23 or of the Settlement in connection with the processing of Claims.

24        28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class
25 Distribution Order: (a) approving the Claims Administrator's administrative determinations
26 concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any

27

28  STIPULATION AND AGREEMENT OF SETTLEMENT
    MDL No. 2672 CRB (JSC)

administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to any of the Released Plaintiffs' Claims.

30.     No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly

waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

### TERMS OF THE JUDGMENT

32.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

### CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

33.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     VWAG has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment with the consent of all Parties and the Alternate Judgment has become Final.

34.     Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35.     If (i) VWAG exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Plaintiffs and Defendants shall revert to their respective positions in the Action as of July 19, 2018.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 39 and 59 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid, or payable, and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to VWAG (or such other persons or entities as VWAG may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to VWAG (or such other persons or entities as VWAG may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

36.     It is further stipulated and agreed that Plaintiffs and VWAG shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election

to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37. In addition to the grounds set forth in ¶ 36 above, VWAG shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in VWAG's confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Plaintiffs and VWAG concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

38.     In addition to the grounds set forth in ¶ 36 above, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

39.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken or submissions made pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any arbitration proceeding

or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

40.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41.     VWAG warrants that, as to the payments made or to be made on behalf of it, at the time of entering into this Stipulation and at the time of such payment it, or to the best of its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of it render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by VWAG and not by its counsel.

42.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the Defendants' Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall

be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above, and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) and any attorneys' and Litigation Expenses received by Lead Counsel consistent with ¶ 17 above shall be returned as provided in ¶ 35 above.

43.      The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

44.      While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

45.      The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

46.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

48.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

50.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

52.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

54.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  James A. Harrod, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Email:  jim.harrod@blbglaw.com |
| If to Defendants: | Sullivan & Cromwell LLP<br>Attn:  Suhana S. Han, Esq.<br>125 Broad Street<br>New York, NY 10004-2498<br>Telephone:  (212) 558-4000<br>Facsimile:  (212) 558-3588<br>Email:  hans@sullcrom.com |

58.     Except as otherwise provided herein, each Party shall bear its own costs.

59.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

60.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

61.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 27, 2018.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**

By: _____
      James A. Harrod
      Jai Chandrasekhar
      Adam D. Hollander
      Ross Shikowitz
      Kate W. Aufses
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444

*Lead Counsel for Lead Plaintiff ASHERS
and Plaintiff Miami Police, and the
Settlement Class*

Robert D. Klausner, Esq.
Stuart A. Kaufman, Esq.
**KLAUSNER, KAUFMAN, JENSEN &
     LEVINSON**
7080 Northwest 4th Street
Plantation, FL 33317
Telephone:  (954) 916-1202
Facsimile:  (954) 916-1232

*Counsel for Plaintiff Miami Police*

**SULLIVAN & CROMWELL LLP**

By: _____
      Robert J. Giuffra, Jr.
      Suhana S. Han
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendants VWAG, VWGoA,
VWoA, AoA, and Herbert Diess*

STIPULATION AND AGREEMENT OF SETTLEMENT
MDL No. 2672 CRB (JSC)

36

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP

By: _____
    James A. Harrod
    Jai Chandrasekhar
    Adam D. Hollander
    Ross Shikowitz
    Kate W. Aufses
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444

*Lead Counsel for Lead Plaintiff ASHERS
and Plaintiff Miami Police, and the
Settlement Class*

Robert D. Klausner, Esq.
Stuart A. Kaufman, Esq.
**KLAUSNER, KAUFMAN, JENSEN &
    LEVINSON**
7080 Northwest 4th Street
Plantation, FL 33317
Telephone:  (954) 916-1202
Facsimile:  (954) 916-1232

*Counsel for Plaintiff Miami Police*

SULLIVAN & CROMWELL LLP

By: _____
    Robert J. Giuffra, Jr.
    Suhana S. Han
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendants VWAG, VWGoA,
VWoA, AoA, and Herbert Diess*

STIPULATION AND AGREEMENT OF SETTLEMENT
MDL No. 2672 CRB (JSC)

SCHERTLER & ONORATO, LLP

By: _____
　　　David Schertler
901 New York Avenue, N.W.
Suite 500
Washington, D.C. 20001
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant Michael Horn*

JOSEPH HAGE AARONSON LLC

By: _____
　　　Gregory P. Joseph
　　　Peter R. Jerdee
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1210
Facsimile: (212) 407-1269

*Counsel for Defendant Martin Winterkorn*

#1210363

STIPULATION AND AGREEMENT OF SETTLEMENT
MDL No. 2672 CRB (JSC)

37

# EXHIBIT A

1

**Exhibit A**

2

UNITED STATES DISTRICT COURT

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

IN RE: VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

MDL No. 2672 CRB (JSC)

**CLASS ACTION**

7

_____/

**[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING
FOR NOTICE**

8

9

10

11

This Document Relates To: Securities Actions
*City of St. Clair Shores*, 15-1228 (E.D. Va.)
*Travalio*, 15-7157 (D.N.J.)
*George Leon Family Trust*, 15-7283 (D.N.J.)
*Charter Twp. of Clinton*, 15-13999 (E.D. Mich.)
*Wolfenbarger*, 15-326 (E.D. Tenn.)

12

13

WHEREAS, securities class actions styled *City of St. Clair Shores Police and Fire Ret.*

14

*Sys. v. Volkswagen AG, et al.*, 15-cv-1228 (E.D. Va.), *Travalio, et al. v. Volkswagen AG, et al.*,

15

15-cv-7157 (D.N.J.), *The George Leon Family Trust v. Volkswagen AG, et al.*, 15-cv-7283

16

(D.N.J.), *Charter Twp. of Clinton Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, 15-cv-

17

13999 (E.D. Mich.), and *Wolfenbarger v. Volkswagen AG, et al.*, 15-cv-326 (E.D. Tenn.) were

18

consolidated with and are pending in this Court under the caption *In re: Volkswagen "Clean*

19

*Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB

20

(JSC) (the "Action");

21

WHEREAS, (a) Lead Plaintiff Arkansas State Highway Employees' Retirement

22

System ("ASHERS" or "Lead Plaintiff") and named plaintiff Miami Police Relief and Pension

23

Fund ("Miami Police," and together with ASHERS, "Plaintiffs"), on behalf of themselves and

24

the Settlement Class (defined below), and (b) defendants Volkswagen Aktiengesellschaft

25

("VWAG"), Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen Group of America,

26

Inc. d/b/a Volkswagen of America, Inc. ("VWoA"), Audi of America, Inc. ("AoA"), Martin

27

Winterkorn, Michael Horn, and Herbert Diess (collectively, the "Defendants"; and together with

28

Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 27, 2018 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities in the U.S. or elsewhere who purchased or otherwise acquired VWAG Ordinary American Depositary Receipts (CUSIP: 928662303) ("VWAG Ordinary ADRs") and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) ("VWAG Preferred ADRs") (collectively, "VWAG ADRs") from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and who were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) any person who was an Officer or director of VWAG, VWGoA, VWoA, or AoA during the Class Period; (iii) the Immediate Family Members of all individual persons excluded in (i) or (ii); (iv) the parents, subsidiaries, and affiliates of VWAG, VWGoA, VWoA, or AoA; (v) any entity in which any person or entity excluded in (i), (ii), (iii) or (iv) has, or had during the Class

Period, a controlling interest; and (vi) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.  For the avoidance of doubt, VWAG ordinary and preferred shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Arkansas State Highway Employees' Retirement System and Miami Police Relief and Pension Fund are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 6 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) within five (5) business days of the date of entry of this Order, VWAG shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names and

addresses) of record holders who purchased VWAG ADRs during the Class Period to the extent that such information is available;

(b) not later than fifteen (15) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by VWAG or in the records that VWAG caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be

provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired VWAG ADRs during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.   By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the

Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  Volkswagen ADR Litigation, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4390, Portland, OR 97208-4390, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC) - *Securities Actions*"; (iii)  state (A) the number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the person or entity requesting exclusion owned as of the opening of trading on November 19, 2010, and (B) the number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from November 19, 2010 through January 4, 2016, inclusive), as well as the dates, number of ADRs, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it

provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.    Any person or entity who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.    Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Court such that it is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of

1
2
3
4
5
6
7
8
9
10
11
12
13

Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court.  Any written objection, together with copies of all other papers and briefs supporting the objection, must be mailed to the Class Action Clerk, United States District Court for the Northern District of California, at the address set forth below, or filed in person at any location of the United States District Court for the Northern District of California, such that it is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing.

14
15
16

United States District Court
Northern District of California
Class Action Clerk
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

17
18
19
20
21
22
23
24
25
26

18.     Any objections, filings, and other submissions by the objecting Settlement Class Member must clearly identify the case name and action number, *In re Volkswagen "Clean Diesel" Marketing Sales Practices and Products Liability Litigation – Securities Actions,* MDL No. 2672 CRB (JSC), and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the

27
28

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
MDL No. 2672 CRB (JSC)

number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the objector (i) owned as of the opening of trading on November 19, 2010, and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from November 19, 2010 through January 4, 2016, inclusive), as well as the dates, number of ADRs, and prices for each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

21. **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation. Pursuant to the terms of the Stipulation, any Notice and Administration Costs paid prior to the Settlement Hearing shall require Court approval.

22. **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of July 19, 2018, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken or submissions made pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments

proffered in connection therewith):  (a) shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

1 26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in

2 support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an

3 award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35)

4 calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served

5 no later than seven (7) calendar days prior to the Settlement Hearing.

6 27. The Court retains jurisdiction to consider all further applications arising out of or

7 connected with the proposed Settlement.

8 SO ORDERED this _____ day of _____, 2018.

9

10 _____

The Honorable Charles R. Breyer

11 United States District Judge

12

13 #1209776

14

15

16

17

18

19

20

21

22

23

24

25

26

27 ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
MDL No. 2672 CRB (JSC)

28 14

# EXHIBIT A-1

**Exhibit A-1**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) |
| | **CLASS ACTION** |

_____/

This Document Relates To: Securities Actions
*City of St. Clair Shores*, 15-1228 (E.D. Va.)
*Travalio*, 15-7157 (D.N.J.)
*George Leon Family Trust*, 15-7283 (D.N.J.)
*Charter Twp. of Clinton*, 15-13999 (E.D. Mich.)
*Wolfenbarger*, 15-326 (E.D. Tenn.)

_____/

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased or otherwise acquired Volkswagen Aktiengesellschaft ("VWAG") Ordinary American Depositary Receipts (CUSIP: 928662303) ("VWAG Ordinary ADRs") and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) ("VWAG Preferred ADRs") (collectively, "VWAG ADRs") from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Arkansas State Highway Employees' Retirement System ("ASHERS" or "Plaintiff"), and named plaintiff Miami Police Relief and Pension Fund ("Miami Police," and together with ASHERS, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for $48,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 27, 2018 (the "Stipulation"), which is available at www.VolkswagenADRLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact any of the Defendants in the Action or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 91 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors in VWAG ADRs alleging, among other things, that Defendants VWAG, Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen Group of America, Inc. d/b/a Volkswagen of America, Inc. ("VWoA"), Audi of America, Inc. ("AoA"), and three of their officers and directors (the "Individual Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Volkswagen's business. A more detailed description of the Action is set forth in paragraphs ¶¶ 11-25 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (as defined in ¶ 26 below) will settle and release all Released Plaintiffs' Claims (as defined in ¶ 37 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 38 below).

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $48,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (vi) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 53-72 below.

3. **Estimate of Average Amount of Recovery Per VWAG Ordinary ADR and VWAG Preferred ADR:** Plaintiffs' damages expert estimates that the conduct alleged in the Action affected approximately 34,300,000 VWAG Ordinary ADRs and approximately 8,300,000 VWAG Preferred ADRs purchased during the Class Period. Assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) will be approximately $1.10 per eligible VWAG Ordinary ADR and approximately $1.24 per eligible VWAG Preferred ADR. **Settlement Class Members should note, however, that the foregoing average recovery per eligible VWAG Ordinary ADR and eligible VWAG Preferred ADR**

---

[2] The "Individual Defendants" are Martin Winterkorn ("Winterkorn"), VWAG's former CEO, Michael Horn ("Horn"), the former CEO of VWGoA, and Herbert Diess ("Diess"), a member of VWAG's Management Board. VWAG, VWGoA, VWoA, AoA, and the Individual Defendants are collectively referred to as the "Defendants." The corporate Defendants in the Action, VWAG, VWGoA, VWoA, and AoA, are collectively referred to as "Volkswagen" or "VW."

**are only estimates and assumes all Settlement Class Members have the same amount of losses under the Plan of Allocation.** Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and the price at which they purchased/acquired VWAG ADRs, whether they sold their VWAG ADRs, and the total number and value of valid Claims submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 53-72 below) or such other plan of allocation as may be ordered by the Court.

4.   **The Parties Disagree on the Average Amount of Damages Per VWAG Ordinary ADR and VWAG Preferred ADR; Plaintiffs' Estimate of Aggregate Damages to the Settlement Class:** The Parties do not agree on the average amount of damages per VWAG Ordinary ADR and VWAG Preferred ADR that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with, and expressly dispute, the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their alleged conduct. Nevertheless, based on the amounts of per-ADR inflation reflected in the Plan of Allocation, Plaintiffs' best estimate is that, if they were able to prevail in the Action, they would be able to recover a maximum of approximately $115,900,000 for all eligible VWAG Ordinary ADRs and a maximum of approximately $31,500,000 for all eligible VWAG Preferred ADRs, on behalf of the Settlement Class. Accordingly, the aggregate damages corresponding to the inflation amounts in the Plan of Allocation are approximately $147,400,000, and the Settlement reflects a recovery of approximately 33% for the Settlement Class on that basis.

These estimates are based on publicly available information concerning trading in VWAG ADRs and Plaintiffs' damages expert's calculations of the estimated amount of alleged artificial inflation in the per-security closing price of VWAG ADRs during the Class Period. Defendants do not agree with and dispute these estimates and dispute that the Settlement Class would be entitled to any recovery. Indeed, Plaintiffs faced significant risks in proving loss causation and damages. These risks include that: there may not have been any recoverable damages in reaction to the initial disclosure of Volkswagen's use of "defeat devices" on September 18, 2015; and all of the subsequent disclosure events that allegedly caused declines in the prices of the VWAG ADRs did not reveal any previously unknown information about Defendants' alleged misstatements – they only reflected the materialization of previously known risks – and might not have resulted in any damages.

5.   **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for: (i) an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (net of Court-approved Litigation Expenses); (ii) reimbursement of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $500,000; and (iii) reimbursement of reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $50,000 in total. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any

such fees or expenses.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per eligible VWAG Ordinary ADR will be approximately $0.28 and the estimated average cost per eligible VWAG Preferred ADR will be approximately $0.32.  **Please note that these amounts are only estimates.**

6.    **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by James A. Harrod, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Court-appointed Claims Administrator at:  Volkswagen ADR Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4390, Portland, OR 97208-4390, 1-888-738-3759, info@VolkswagenADRLitigation.com, www.VolkswagenADRLitigation.com.

7.    **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **NO LATER THAN _____, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (as defined in ¶ 37 below) that you have against Defendants and the other Defendants' Releasees (as defined in ¶ 38 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2018.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2018 AT __:__ __.M., AND MAIL OR FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN _____, 2018.** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice? ................................................................ Page __
What Is This Case About? ................................................................... Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? ....................................... Page __
What Are Plaintiffs' Reasons For The Settlement? ............................. Page __
What Might Happen If There Were No Settlement? ............................ Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement? ........................................................................ Page __
How Do I Participate In The Settlement? What Do I Need To Do? .... Page __
How Much Will My Payment Be? What Is The Proposed Plan Of Allocation? Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid? ...................................................... Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? ............................................................... Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing? May I Object To The Settlement And
   Speak At The Hearing If I Don't Like The Settlement? ..................... Page __

What If I Bought VWAG ADRs On Someone Else's Behalf?                Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?   Page __

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired VWAG ADRs during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 79-80 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process will take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    The Action involves allegations that, during the period from November 19, 2010 through January 4, 2016, inclusive, Defendants made misrepresentations and omissions about, among other things, a key element of Volkswagen's business: its vehicles' compliance with emissions regulations in the United States and other countries.  In particular, Plaintiffs allege that Defendants violated the federal securities laws by failing to disclose that Volkswagen sold approximately 585,000 diesel vehicles in the United States and millions of diesel vehicles in other countries that were equipped with illegal "defeat devices."  VWAG has admitted that the defeat devices caused the vehicles to emit nitrogen oxide ("NOx"), a regulated pollutant, at levels that complied with U.S. emissions regulations when the vehicles were being tested for regulatory compliance, but caused the vehicles to emit NOx at much higher levels that violated U.S. emissions regulations when the vehicles were being driven in normal road conditions.

12.    In September 2015, a class action complaint, styled *City of St. Clair Shores Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, Case No. 15-CV-1228-LMB-TCB, was filed in the United States District Court for the Eastern District of Virginia alleging violations of the federal securities laws on behalf of investors in VWAG ADRs against VWAG, VWGoA, VWoA, AoA,

the Individual Defendants, and certain other current or former VWGoA employees.  Several related securities class action complaints on behalf of investors in VWAG ADRs were filed in the United States District Courts for the Eastern District of Virginia, the District of New Jersey, the Eastern District of Michigan, and the Eastern District of Tennessee in September 2015– November 2015.

13.   In December 2015, the United States Judicial Panel on Multidistrict Litigation ordered that the VWAG ADR class actions be transferred to the United States District Court for the Northern District of California (the "Court").

14.   In January 2016, the Court consolidated the VWAG ADR class actions, appointed ASHERS as Lead Plaintiff for the Action, and approved ASHERS' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Action.

15.   In May 2016, Plaintiffs filed a Consolidated Securities Class Action Complaint (the "First Consolidated Complaint").  The First Consolidated Complaint asserted securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5 against Defendants VWAG, VWGoA, VWoA, AoA, Winterkorn, and Diess, as well as claims under Section 20(a) of the Exchange Act against Defendants Winterkorn, Diess, Horn, and another former VWGoA employee.  The First Consolidated Complaint alleged that, during the Class Period, Defendants made repeated misrepresentations and omissions about Volkswagen's vehicles' compliance with emissions regulations in the United States and other countries.  In particular, the First Consolidated Complaint alleged that Defendants violated the federal securities laws by failing to disclose that Volkswagen sold approximately 585,000 diesel vehicles in the United States and millions of diesel vehicles in other countries that were equipped with illegal "defeat devices," and by representing to the public that VW diesel vehicles complied with U.S. emissions regulations and were "environmentally friendly."  The First Consolidated Complaint also alleged that VWAG's financial statements failed to properly record contingent liabilities related to the emissions-cheating scheme.  The First Consolidated Complaint further alleged that the prices of VWAG ADRs were artificially inflated during the Class Period as a result of those misrepresentations and omissions, and that the prices fell sharply when the truth began to be revealed in September 2015.

16.   In August 2016, Defendants filed motions to dismiss the First Consolidated Complaint. In October 2016, Plaintiffs filed their omnibus opposition to Defendants' motions to dismiss, and in November 2016, Defendants filed their replies in further support of their motions to dismiss. In December 2016, the Court heard oral argument on Defendants' motions to dismiss the First Consolidated Complaint.

17.   In January 2017, the Court entered an Order granting in part and denying in part Defendants' motions to dismiss the First Consolidated Complaint.  The Court dismissed, without prejudice, the claims with respect to VWAG's financial statements, the claims under Section 20(a) of the Exchange Act against Defendants Diess and Horn, and the claims against the other former VWGoA employee. In all other respects, the Court denied Defendants' motions to dismiss.

18.   In February 2017, Plaintiffs filed a First Amended Consolidated Securities Class Action Complaint (the "Amended Complaint" or "Complaint").  The Amended Complaint asserts claims

under Section 10(b) of the Exchange Act and Rule 10b-5 against Defendants VWAG, VWGoA, VWoA, AoA, Winterkorn and Diess, and under Section 20(a) of the Exchange Act against Defendants VWAG, Winterkorn, Diess, and Horn.  The Amended Complaint generally identifies the same allegedly false and misleading statements as in the First Consolidated Complaint, specifically concerning Volkswagen's vehicles' compliance with U.S. emissions regulations in the United States and other countries, that the diesel vehicles' were "environmentally friendly," and VWAG's allegedly misstated financial statements due to the emissions-cheating scheme. The Complaint's allegations provided additional details and information based on VWAG's admissions that the defeat devices caused the affected U.S. vehicles to emit NOx, a regulated pollutant, at levels that complied with U.S. emissions regulations when the vehicles were being tested for regulatory compliance, but caused such vehicles to emit NOx at much higher levels that violated U.S. emissions regulations when the vehicles were being driven in normal road conditions, as well as additional details concerning the Individual Defendants' alleged knowledge of or reckless disregard for the impact of the emissions-cheating scheme on Volkswagen and its financial statements.

19.    In March 2017, Defendants filed motions to dismiss the Amended Complaint.  In May 2017, Plaintiffs filed their omnibus opposition to Defendants' motions to dismiss, and in June 2017, Defendants filed their replies in further support of their motions to dismiss.  Later in June 2017, the Court heard oral argument on Defendants' motions to dismiss the Amended Complaint.

20.    In late June 2017, the Court entered an Order granting in part and denying in part Defendants' motions to dismiss the Amended Complaint.  The Court dismissed, with prejudice, the claims with respect to VWAG's financial statements issued before May 2014, the claims against Defendant Diess with respect to VWAG's third quarter 2015 financial statements, and the claims against Diess under Section 20(a) of the Exchange Act.  In all other respects, the Court denied Defendants' motions to dismiss.

21.    In March 2017, Plaintiffs filed a motion for partial summary judgment, arguing that VWAG's guilty plea in the U.S. District Court for the Eastern District of Michigan, where it pleaded guilty to three felonies related to its diesel emissions-cheating scheme, established as a matter of law that certain of the alleged false statements at issue in the Action were knowingly false.  After motion practice, where Defendants first obtained an order staying further briefing and proceedings related to Plaintiffs' summary judgment motion while their motions to dismiss the Amended Complaint were pending, Defendants filed their brief opposing the summary judgment motion in August 2017.   Plaintiffs filed their reply in support of the motion in September 2017.  In December 2017, the Court issued an Order granting Plaintiffs' motion for partial summary judgment with respect to one of the statements and denying the motion with respect to the other statements.

22.    Discovery in the Action commenced in August 2017.   The Parties served initial disclosures under Fed. R. Civ. P. 26(a)(1), served and responded to interrogatories, served document requests, and engaged in extensive correspondence and numerous meet and confers over search terms and custodians for their respective document searches and productions.  While most discovery disputes were resolved by agreement of the Parties, a number of disputes were presented to the Court, including Plaintiffs' request for access to the documents produced by Defendants in the related multidistrict litigation ("MDL") cases, which the Court denied;

Plaintiffs' motions to compel the Volkswagen Defendants to produce certain documents concerning European Union emissions standards and the "acoustic function" technology, which the Court granted; Plaintiffs' motion to compel Defendants to produce the list of document custodians from the MDL cases and documents from custodians in addition to those agreed by Defendants, which the Court granted in part and denied in part; and Defendants' motion to compel Plaintiffs to search document custodians in addition to those agreed by Plaintiffs, which the Court denied.  Plaintiffs also filed an unopposed motion to depose two former VWGoA employees who are in federal prison, which the Court granted.  In connection with discovery, approximately 50 custodians were negotiated by the Parties and more than 4 million pages of documents were produced by Defendants, including documents from approximately 50 custodians negotiated by the Parties.  Review of the documents produced in discovery was underway at the time the Settlement was reached.

23.  Through the exchange of information concerning both damages and the merits of the case, counsel for Plaintiffs and Defendants engaged in a series of arm's-length negotiations pursuant to which the Parties reached an agreement in principle to settle and release all claims against Defendants in the Action in return for a cash payment of $48,000,000 to be paid by VWAG on behalf of all Defendants for the benefit of the Settlement Class, subject to the execution of a formal stipulation and agreement of settlement and related papers.

24.  On August 27, 2018, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at www.VolkswagenADRLitigation.com.

25.  On _____ ___, 2018, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

26.  If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities in the U.S. or elsewhere who purchased or otherwise acquired VWAG Ordinary American Depositary Receipts (CUSIP: 928662303) and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and who were allegedly damaged thereby.

Excluded from the Settlement Class are:  (i) Defendants; (ii) any person who was an Officer or director of VWAG, VWGoA, VWoA, or AoA during the Class Period; (iii) the Immediate Family Members of all individual persons excluded in (i) or (ii); (iv) the parents, subsidiaries, and affiliates of VWAG, VWGoA, VWoA, or AoA; (v) any entity in which any person or entity excluded in (i), (ii), (iii) or (iv) has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are any persons or entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I

Exclude Myself?" on page [__] below.   For the avoidance of doubt, VWAG ordinary and preferred shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN *POSTMARKED* NO LATER THAN _____, 2018.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|:---:|

27.   Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit, as indicated by the Court's grant of partial summary judgment for Plaintiffs and by Lead Counsel's review and analysis of both publicly available information and VW documents produced in discovery.   They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.   To develop a complete evidentiary record, Plaintiffs would have to seek testimony from current and former VWAG employees located in Germany, where civil plaintiffs' right to obtain pretrial discovery is significantly more limited than in the United States.   To prevail at trial, Plaintiffs would be required to prove not only that Defendants' statements about VW vehicles' compliance with emissions regulations were false, but also that Defendants knew that their statements were false when made or were reckless in making the statements, and that the revelation of the truth about Defendants' false and misleading statements caused declines in the prices of VWAG ADRs.   In addition, Plaintiffs would have to establish the amount of Class-wide damages.

28.   Defendants would have had substantial arguments to make concerning each of these issues.   For example, Defendants would have argued that many of the alleged misstatements they made were immaterial because they vaguely referred to VW's "environmental friendliness" without referring to compliance with emissions regulations.   Defendants also would have argued that Plaintiffs could not prove intent to defraud, or "scienter," because VW's senior management, including the Individual Defendants, did not know about the emissions-related misconduct.   In addition, Defendants would have argued that the declines in VWAG's ADR prices were not caused by revelations that VW vehicles contained defeat devices, and that, even if some portion of the declines was caused by these revelations, any resulting damages to Plaintiffs and the Settlement Class were small.   Had any of these arguments been accepted in whole or in part, they could have eliminated or, at a minimum, drastically limited any potential recovery.

29.   Further, in order to obtain any recovery for the Class, Plaintiffs would have to prevail at several stages, including class certification, summary judgment, and trial, and even if they prevailed at those stages, would then have to prevail on the appeals that were likely to follow.   Thus, there were significant risks attendant to the continued prosecution of the Action, and there

was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

30.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $48,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery or no recovery after summary judgment, trial, and appeals, possibly years in the future.

31.   Defendants have denied all claims asserted against them in the Action, including  any claim that damages were suffered by any members of the Settlement Class, and have also denied having engaged in any wrongdoing or violation of law of any kind whatsoever, except as stated in VWAG's plea agreement in the separate criminal case described in ¶ 21 above.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

32.   If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

33.   As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [___] below.

34.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page [___] below.

35.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [___] below.

11

36.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 37 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees (as defined in ¶ 38 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.  This Release shall not apply to any Excluded Plaintiffs' Claims.

37.   "Released Plaintiffs' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint, or (ii) could have asserted in any forum that concern, arise out of, relate to, involve, or are based upon any of the allegations, circumstances, events, transactions, facts, matters, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, or ownership of VWAG ADRs during the Class Period.  Released Plaintiffs' Claims do not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who submits a request for exclusion that is accepted by the Court ("Excluded Plaintiffs' Claims").

38.   "Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family Members, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing.

39.   "Unknown Claims" means any Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of

12

common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

40.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 41 below) on behalf of the respective Defendant in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 42 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against Plaintiffs or any of the Plaintiffs' Releasees.

41.    "Released Defendants' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

42.    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, all other Settlement Class Members, and their respective attorneys, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Settlement Class Member has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, attorneys, controlling shareholders, trusts, trustees, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family Members, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing.

13

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

43.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **no later than _____, 2018**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.VolkswagenADRLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-738-3759 or by emailing the Claims Administrator at info@VolkswagenADRLitigation.com.  Please retain all records of your ownership of and transactions in VWAG ADRs, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? WHAT IS THE PROPOSED PLAN OF ALLOCATION? |
|---|

44.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

45.    Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $48,000,000 in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (vi) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claims, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

46.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

47.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

48.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

49.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form *postmarked* **on or before _____, 2018** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 37 above) against Defendants and the other Defendants' Releasees (as defined in ¶ 38 above) and will be enjoined and prohibited from

filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees, whether or not such Settlement Class Member submits a Claim.

50.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

52.    Only Settlement Class Members or persons authorized to submit Claims on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claims.

## PROPOSED PLAN OF ALLOCATION

53.    The Plan of Allocation is not a formal damage analysis. Rather, the objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members (as defined below) who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made under the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations under the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

54.    In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amounts of alleged artificial inflation in the per-ADR closing prices of VWAG Ordinary ADRs and VWAG Preferred ADRs, which allegedly were proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered (i) price changes in VWAG Ordinary ADRs and VWAG Preferred ADRs due to certain allegedly materially false and misleading public announcements and other representations and omissions, adjusting for price changes that were attributable to market, industry, or currency forces; (ii) price changes in VWAG Ordinary ADRs and VWAG Preferred ADRs in reaction to certain public announcements and other statements and events regarding Volkswagen in which the alleged misrepresentations and omissions were alleged to have been revealed to the market, adjusting for price changes that were attributable to market, industry, or currency forces; (iii) the allegations in the Complaint; and (iv) the evidence developed in support of those allegations, as advised by Lead Counsel. The estimated alleged artificial inflation in VWAG Ordinary ADRs is shown in Table A, and the estimated alleged artificial inflation in VWAG Preferred ADRs is shown in Table B, both attached at the end of this Notice.

55.    In order to have recoverable damages, the alleged misrepresentations or omissions must be the cause of the decline in the price of the VWAG Ordinary ADRs and/or the VWAG Preferred ADRs. In this case, Lead Plaintiff alleges that Defendants made false statements and

omitted material facts during the period from November 19, 2010 through and including the close of trading on January 4, 2016, which had the effect of artificially inflating the prices of VWAG Ordinary ADRs and VWAG Preferred ADRs. Alleged corrective disclosures removed alleged artificial inflation from the prices of VWAG Ordinary ADRs and VWAG Preferred ADRs on September 18, 2015 (VWAG Ordinary ADRs only), September 21, 2015, September 22, 2015, September 25, 2015, October 2, 2015, October 15, 2015, November 2, 2015, and January 5, 2016.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

56.   Based on the formulas in ¶¶ 57 and 58 below, a "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each purchase or acquisition of VWAG Ordinary ADRs or VWAG Preferred ADRs during the Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided.[3]  As further explained in ¶ 59 below, for VWAG ADRs purchased or otherwise acquired during the period from November 19, 2010 through and including the close of trading on April 30, 2014, the Recognized Loss Amounts and Recognized Gain Amounts calculated under ¶¶ 57 and 58 will be reduced by 50 percent (or one-half).

57.   For each <u>VWAG Ordinary ADR</u> purchased or otherwise acquired during the period from November 19, 2010 through and including the close of trading on January 4, 2016, and

(a)      Sold during the period from November 19, 2010 through and including the close of trading on January 4, 2016, a "Recognized Amount" will be calculated, which will be ***the lesser of***: (i) the amount of alleged artificial inflation per VWAG Ordinary ADR on the date of purchase/acquisition as stated in Table A attached to the end of this Notice ***minus*** the amount of alleged artificial inflation per VWAG Ordinary ADR on the date of the sale as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) ***minus*** the sale price (excluding all fees, taxes, and commissions).  If the Recognized Amount calculated under the preceding sentence is a positive number, that amount will be the "Recognized Loss Amount" for such VWAG Ordinary ADRs; if the Recognized Amount calculated under the preceding sentence is a negative number or zero, that amount will the "Recognized Gain Amount" for such VWAG Ordinary ADRs.[4]

(b)      Sold during the period from January 5, 2016 through and including the close of trading on April 1, 2016, a Recognized Loss Amount will be calculated, which will be ***the least of***: (i) the amount of alleged artificial inflation per VWAG Ordinary ADR on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) ***minus*** the sale price (excluding all fees, taxes, and commissions); or (iii) the purchase/acquisition price (excluding all fees, taxes, and commissions) ***minus*** the

---

[3] Any transactions in VWAG Ordinary ADRs or VWAG Preferred ADRs executed outside regular trading hours for the U.S. financial markets will be deemed to have occurred during the next regular trading session.

[4] For purposes of determining the "lesser" of two negative values under ¶ 57(a), the value closest to zero will be deemed to be the "lesser" value.  In addition, "Recognized Gain Amounts" calculated under ¶ 57(a) will be expressed as positive values for purposes of determining a Claimant's Recognized Claim under the Plan of Allocation.

average closing price for VWAG Ordinary ADRs between January 5, 2016 and the date of sale as stated in Table C attached to the end of this Notice.  If the Recognized Loss Amount calculated under the preceding sentence is a negative number or zero, that amount will be zero.

(c)  Held as of the close of trading on April 1, 2016, a Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of alleged artificial inflation per VWAG Ordinary ADR on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) ***minus*** $27.48.[5]  If the Recognized Loss Amount calculated under the preceding sentence is a negative number or zero, that amount will be zero.

58.  For each <u>VWAG Preferred ADR</u> purchased or otherwise acquired during the period from November 19, 2010 through and including the close of trading on January 4, 2016, and

(a)  Sold during the period from November 19, 2010 through and including the close of trading on January 4, 2016, a "Recognized Amount" will be calculated, which will be ***the lesser of***: (i) the amount of alleged artificial inflation per VWAG Preferred ADR on the date of purchase/acquisition as stated in Table B attached to the end of this Notice ***minus*** the amount of alleged artificial inflation per VWAG Preferred ADR on the date of the sale as stated in Table B; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) ***minus*** the sale price (excluding all fees, taxes, and commissions).  If the Recognized Amount calculated under the preceding sentence is a positive number, that amount will be the "Recognized Loss Amount" for such VWAG Preferred ADRs; if the Recognized Amount calculated under the preceding sentence is a negative number or zero, that amount will the "Recognized Gain Amount" for such VWAG Preferred ADRs.[6]

(b)  Sold during the period from January 5, 2016 through and including the close of trading on April 1, 2016, a Recognized Loss Amount will be calculated, which will be ***the least of***: (i) the amount of alleged artificial inflation per VWAG Preferred ADR on the date of purchase/acquisition as stated in Table B; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) ***minus*** the sale price (excluding all fees, taxes, and commissions); or

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of VWAG ADRs during the "90-day look-back period," January 5, 2016 through and including the close of trading on April 1, 2016.  The mean (average) closing price for VWAG Ordinary ADRs during this 90-day look-back period was $27.48.

[6] For purposes of determining the "lesser" of two negative values under ¶ 58(a), the value closest to zero will be deemed to be the "lesser" value.  In addition, "Recognized Gain Amounts" calculated under ¶ 58(a) will be expressed as positive values for purposes of determining a Claimant's Recognized Claim under the Plan of Allocation.

(iii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the average closing price for VWAG Preferred ADRs between January 5, 2016 and the date of sale as stated in Table D attached to the end of this Notice. If the Recognized Loss Amount calculated under the preceding sentence is a negative number or zero, that amount will be zero.

      (c)     Held as of the close of trading on April 1, 2016, a Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of alleged artificial inflation per VWAG Preferred ADR on the date of purchase/acquisition as stated in Table B; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* $24.25.[7] If the Recognized Loss Amount calculated under the preceding sentence is a negative number or zero, that amount will be zero.

59. In this case, Plaintiffs initially alleged that Defendants issued false statements and omitted material facts from November 19, 2010 through January 4, 2016, inclusive (the alleged Class Period) that artificially inflated the prices of VWAG Ordinary ADRs and VWAG Preferred ADRs. The Court, in its June 28, 2017 Order Granting In Part and Denying In Part Defendants' Motions to Dismiss the First Amended Consolidated Securities Class Action Complaint (ECF No. 3392), however, permanently dismissed Plaintiffs' allegations concerning Defendants' alleged failure to record a provision or disclose a contingent liability in VWAG's financial statements for the period before May 2014, on the basis that Plaintiffs' scienter allegations concerning the period prior to May 2014 were inadequate. This dismissal removed a category of allegedly false statements and a theory of liability for the portion of the Class Period prior to May 2014 and reflected a more generalized risk to Plaintiffs' ability to prove scienter for the portion of the Class Period prior to May 2014 on all of their remaining claims. To account for the significant risks on the portion of the claims relating to purchases or acquisitions prior to May 2014, for VWAG ADRs purchased or otherwise acquired during the period from November 19, 2010 through and including the close of trading on April 30, 2014, the Recognized Loss Amounts and Recognized Gain Amounts calculated under ¶¶ 57 and 58 above will be reduced by 50 percent (or one-half).

## ADDITIONAL PROVISIONS

60. **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of VWAG Ordinary ADRs and/or VWAG Preferred ADRs during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis for each respective security. Class Period sales will be matched first against any holdings of that security at the beginning of the Class Period, and then against purchases/acquisitions of that security in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

61. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of VWAG ADRs will be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or

---

[7] As explained in footnote 6 above, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of the security during the 90-day look-back period, January 5, 2016 through and including the close of trading on April 1, 2016. The mean (average) closing price for VWAG Preferred ADRs during this 90-day look-back period was $24.25.

"payment" date.  The receipt or grant by gift, inheritance, or operation of law of VWAG ADRs during the Class Period will not be deemed a purchase or acquisition of VWAG ADRs for the calculation of an Authorized Claimant's Recognized Loss or Gain Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any VWAG ADRs unless: (i) the donor or decedent purchased or otherwise acquired the VWAG ADRs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to the VWAG ADRs; and (iii) it is specifically provided in the instrument of gift or assignment that the receipt or grant be deemed an assignment of all claims relating to the purchase/acquisition of the VWAG ADRs.

62.   **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the VWAG ADRs.  The date of a "short sale" is deemed to be the date of sale of the VWAG ADRs.  Under the Plan of Allocation, however, the Recognized Loss or Gain Amount on "short sales" is zero and the purchases covering "short sales" is zero.

63.   In the event that a Claimant has an opening short position in VWAG ADRs, the earliest purchases or acquisitions of like VWAG ADRs during the Class Period will be matched against such opening short position in the respective security, and not be entitled to a recovery, until that short position is fully covered.

64.   **Option Contracts:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to VWAG ADRs purchased or sold through the exercise of an option, the purchase/sale date of the VWAG ADR is the exercise date of the option, and the purchase/sale price of the VWAG ADR is the exercise price of the option.

65.   **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of the Claimant's Recognized Loss Amounts *minus* the sum of the Claimant's Recognized Gain Amounts, unless that calculation results in a negative number (or zero), in which case the Claimant's Recognized Claim under the Plan of Allocation will be zero.

66.   **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in VWAG ADRs during the Class Period.  For purposes of determining whether a Claimant had a "Market Gain" with respect to his, her, or its overall transactions in VWAG ADRs during the Class Period or suffered a "Market Loss," the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[8] and (ii) the sum of the Claimant's Total Sales Proceeds[9] and the Claimant's Holding Value.[10]  If the Claimant's Total Purchase Amount

---

[8] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all VWAG Ordinary ADRs and/or VWAG Preferred ADRs purchased/ acquired during the Class Period.

[9] The Claims Administrator shall match any sales of VWAG Ordinary ADRs and/or VWAG Preferred ADRs during the Class Period first against the Claimant's opening position in the like security (the proceeds of those sales will not be considered for purposes of calculating Market Gains or Market Losses).  The total amount received (excluding all fees, taxes, and commissions) for sales of the remaining VWAG ADRs sold during the Class Period is the "Total Sales Proceeds."

minus the sum of the Claimant's Total Sales Proceeds and Holding Value is a positive number, that number will be the Claimant's "Market Loss"; if the number is a negative number or zero, that number will be the Claimant's "Market Gain."

67.    To the extent a Claimant had an overall Market Gain with respect to his, her, or its overall transactions in VWAG ADRs during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. To the extent that a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in VWAG ADRs during the Class Period, but that Market Loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss, and the Claimant will in any event be bound by the Settlement.

68.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to the Authorized Claimant.

69.    **Calculation of "Distribution Amount":**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to the Authorized Claimant.

70.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a second distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for the second distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from the second distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on the additional distributions may occur if Lead Counsel, in consultation with the Claims Administrator, determines that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for the additional distributions, would be cost-effective.  When Lead Counsel, in consultation with the Claims Administrator,

---

[10] The Claims Administrator will ascribe a "Holding Value" of (i) $28.34 to each VWAG Ordinary ADR purchased/acquired during the Class Period that was still held as of the close of trading on January 4, 2016 and (ii) $26.16 to each VWAG Preferred ADR purchased/acquired during the Class Period that was still held as of the close of trading on January 4, 2016.

determines that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust, a nonprofit organization devoted to investor education.

71.   Payment in accordance with the Plan of Allocation, or another plan of allocation approved by the Court, will be conclusive against all Authorized Claimants.  No person will have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, will have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection with the foregoing.

72.   The Plan of Allocation presented in this Notice is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this Plan of Allocation as proposed, or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.VolkswagenADRLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

73.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (net of Court-approved Litigation Expenses).  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses incurred by Plaintiffs' Counsel in an amount not to exceed $500,000, and for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $50,000.

74.   The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

75.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails a written Request for Exclusion from the Settlement Class, addressed to Volkswagen ADR Litigation, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4390, Portland, OR

97208-4390.  The exclusion request must be **received** no later than _____, **2018**.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC) – *Securities Actions*"; (iii) state (a) the number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the person or entity requesting exclusion owned as of the opening of trading on November 19, 2010, and (b) the number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from November 19, 2010 through January 4, 2016, inclusive), as well as the dates, number of VWAG ADRs, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

76.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants or the other Defendants' Releasees.  Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against any of the Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims.  Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

77.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

78.  VWAG has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and VWAG.

| |
|---|
| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I OBJECT TO THE SETTLEMENT AND SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |

79.  **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**  Please note:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  You should monitor the Court's docket and the Settlement website, www.VolkswagenADRLitigation.com, before making plans to attend the Settlement Hearing.  You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

80.  The Settlement Hearing will be held on _____, 2018 at __:__ _.m., before the Honorable Charles R. Breyer at the United States District Court for the Northern District of

California, Courtroom 6 of the Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

81.   You can ask the Court to deny approval of the Settlement by filing an objection.  You can't ask the Court to order a larger settlement; the Court can only approve or deny the proposed Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

82.   You may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses in writing.  As described further below, you may also appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney.  Any Settlement Class Member who does not request exclusion may object.  Your objection and supporting papers must clearly identify the case name and action number, *In re Volkswagen "Clean Diesel" Marketing Sales Practices and Products Liability Litigation – Securities Actions,* MDL No. 2672 CRB (JSC).  You must file any written objection, together with copies of all other papers and briefs supporting the objection, by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, at the address set forth below, or by filing them in person at any location of the United States District Court for the Northern District of California.  Any objections must be ***filed or postmarked* on or before _____, 2018**.

United States District Court
Northern District of California
Class Action Clerk
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

83.   Any objection (i) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iv) must include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the objector (a) owned as of the opening of trading on November 19, 2010, and (b) purchased/acquired and/or sold during the Class Period (*i.e.*, from November 19, 2010 through January 4, 2016, inclusive), as well as the dates, number of VWAG ADRs, and prices for each such purchase/acquisition and sale.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

84.   You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

85.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

86.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file a written objection as described above, you must also mail a notice of appearance to the Class Action Clerk, United States District Court for the Northern District of California, at the address set forth in ¶ 82 above, or file it in person at any location of the United States District Court for the Northern District of California. Any notice of appearance must be ***filed or postmarked*** on or before _____, **2018**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

87.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must mail a notice of appearance to the Class Action Clerk, United States District Court for the Northern District of California, at the address set forth in ¶ 82 above, or file it in person at any location of the United States District Court for the Northern District of California.  Any notice of appearance by an attorney must be ***filed or postmarked*** **on or before** _____, **2018**.

88.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

89.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT VWAG ADRs ON SOMEONE ELSE'S BEHALF? |
|---|

90.   If you purchased or otherwise acquired VWAG Ordinary ADRs (CUSIP: 928662303) and/or VWAG Preferred ADRs (CUSIP: 928662402) from November 19, 2010 through January 4, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven calendar days of receipt of this

Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.VolkswagenADRLitigation.com, by calling the Claims Administrator toll-free at 1-888-738-3759, or by emailing the Claims Administrator at info@VolkswagenADRLitigation.com.

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

91.   This Notice summarizes the proposed Settlement.  For more detailed information about the terms and conditions of the Settlement, and other matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.VolkswagenADRLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Volkswagen ADR Litigation | and/or | James A. Harrod, Esq. |
| --- | --- | --- |
| c/o Epiq Class Action & Claims Solutions, Inc. | | BERNSTEIN LITOWITZ BERGER |
| P.O. Box 4390 | | & GROSSMANN LLP |
| Portland, OR 97208-4390 | | 1251 Avenue of the Americas, 44th Floor |
| 1-888-738-3759 | | New York, NY 10020 |
| info@VolkswagenADRLitigation.com | | 1-800-380-8496 |
| www.VolkswagenADRLitigation.com | | settlements@blbglaw.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE, THE SETTLEMENT OR THE CLAIMS PROCESS.**

Dated: _____, 2018

By Order of the Court
United States District Court
Northern District of California

#1209784

**TABLE A**

**Estimated VWAG Ordinary ADR Alleged Artificial Inflation
from November 19, 2010 to January 4, 2016**

| Transaction Date | Inflation Per Ordinary ADR |
| --- | --- |
| November 19, 2010 - January 2, 2011 | $1.22 |
| January 3, 2011 - January 2, 2012 | $2.85 |
| January 3, 2012 - January 1, 2013 | $4.97 |
| January 2, 2013 - January 1, 2014 | $7.72 |
| January 2, 2014 - January 1, 2015 | $10.81 |
| January 2, 2015 - September 17, 2015 | $13.54 |
| September 18, 2015 - September 20, 2015 | $13.27 |
| September 21, 2015 | $8.28 |
| September 22, 2015 - September 24, 2015 | $5.27 |
| September 25, 2015 - October 1, 2015 | $3.47 |
| October 2, 2015 - October 14, 2015 | $2.41 |
| October 15, 2015 - November 1, 2015 | $0.95 |
| November 2, 2015 - January 4, 2016 | $0.47 |

**TABLE B**

**Estimated VWAG Preferred ADR Alleged Artificial Inflation**
**from November 19, 2010 to January 4, 2016**

| Transaction Date | Inflation Per Preferred ADR |
| --- | --- |
| November 19, 2010 - January 2, 2011 | $1.30 |
| January 3, 2011 - January 2, 2012 | $3.05 |
| January 3, 2012 - January 1, 2013 | $5.32 |
| January 2, 2013 - January 1, 2014 | $8.26 |
| January 2, 2014 - January 1, 2015 | $11.56 |
| January 2, 2015 - September 20, 2015 | $14.48 |
| September 21, 2015 | $8.91 |
| September 22, 2015 - September 24, 2015 | $4.74 |
| September 25, 2015 - October 1, 2015 | $2.86 |
| October 2, 2015 - October 14, 2015 | $1.70 |
| October 15, 2015 - November 1, 2015 | $0.31 |
| November 2, 2015- January 4, 2016 | $0.21 |

**TABLE C**

**VWAG Ordinary ADR Closing Prices and Average Closing Prices**
**January 5, 2016 – April 1, 2016**

| Date | Closing Price | Average Closing Price Between January 5, 2016 and Date Shown | Date | Closing Price | Average Closing Price Between January 5, 2016 and Date Shown |
|---|---|---|---|---|---|
| 1/5/2016 | $28.34 | $28.34 | 2/19/2016 | $26.11 | $26.62 |
| 1/6/2016 | $28.14 | $28.24 | 2/22/2016 | $26.99 | $26.63 |
| 1/7/2016 | $26.85 | $27.78 | 2/23/2016 | $26.61 | $26.63 |
| 1/8/2016 | $27.31 | $27.66 | 2/24/2016 | $26.09 | $26.61 |
| 1/11/2016 | $27.85 | $27.70 | 2/25/2016 | $25.91 | $26.59 |
| 1/12/2016 | $27.88 | $27.73 | 2/26/2016 | $26.51 | $26.59 |
| 1/13/2016 | $27.93 | $27.76 | 2/29/2016 | $27.42 | $26.61 |
| 1/14/2016 | $27.80 | $27.76 | 3/1/2016 | $28.41 | $26.66 |
| 1/15/2016 | $26.43 | $27.61 | 3/2/2016 | $29.15 | $26.72 |
| 1/19/2016 | $26.49 | $27.50 | 3/3/2016 | $29.71 | $26.79 |
| 1/20/2016 | $25.86 | $27.35 | 3/4/2016 | $30.23 | $26.88 |
| 1/21/2016 | $26.90 | $27.31 | 3/7/2016 | $29.40 | $26.94 |
| 1/22/2016 | $27.20 | $27.31 | 3/8/2016 | $27.99 | $26.96 |
| 1/25/2016 | $26.51 | $27.25 | 3/9/2016 | $28.67 | $27.00 |
| 1/26/2016 | $27.21 | $27.25 | 3/10/2016 | $28.16 | $27.02 |
| 1/27/2016 | $27.11 | $27.24 | 3/11/2016 | $29.17 | $27.07 |
| 1/28/2016 | $26.84 | $27.21 | 3/14/2016 | $28.57 | $27.10 |
| 1/29/2016 | $26.42 | $27.17 | 3/15/2016 | $28.46 | $27.13 |
| 2/1/2016 | $26.21 | $27.12 | 3/16/2016 | $29.34 | $27.17 |
| 2/2/2016 | $25.59 | $27.04 | 3/17/2016 | $29.36 | $27.21 |
| 2/3/2016 | $25.77 | $26.98 | 3/18/2016 | $29.08 | $27.25 |
| 2/4/2016 | $25.94 | $26.93 | 3/21/2016 | $29.00 | $27.28 |
| 2/5/2016 | $26.42 | $26.91 | 3/22/2016 | $29.80 | $27.33 |
| 2/8/2016 | $25.34 | $26.85 | 3/23/2016 | $28.95 | $27.36 |
| 2/9/2016 | $24.90 | $26.77 | 3/24/2016 | $28.45 | $27.38 |
| 2/10/2016 | $24.94 | $26.70 | 3/28/2016 | $28.40 | $27.40 |
| 2/11/2016 | $25.14 | $26.64 | 3/29/2016 | $28.49 | $27.42 |
| 2/12/2016 | $25.00 | $26.58 | 3/30/2016 | $29.05 | $27.44 |
| 2/16/2016 | $26.37 | $26.57 | 3/31/2016 | $28.98 | $27.47 |
| 2/17/2016 | $27.41 | $26.60 | 4/1/2016 | $28.25 | $27.48 |
| 2/18/2016 | $27.63 | $26.64 | | | |

**TABLE D**

**VWAG Preferred ADR Closing Prices and Average Closing Prices
January 5, 2016 – April 1, 2016**

| Date | Closing Price | Average Closing Price Between January 5, 2016 and Date Shown | Date | Closing Price | Average Closing Price Between January 5, 2016 and Date Shown |
|---|---|---|---|---|---|
| 1/5/2016 | $26.16 | $26.16 | 2/19/2016 | $22.68 | $23.68 |
| 1/6/2016 | $25.59 | $25.87 | 2/22/2016 | $23.52 | $23.67 |
| 1/7/2016 | $24.79 | $25.51 | 2/23/2016 | $22.90 | $23.65 |
| 1/8/2016 | $24.90 | $25.36 | 2/24/2016 | $22.06 | $23.60 |
| 1/11/2016 | $25.82 | $25.45 | 2/25/2016 | $22.04 | $23.56 |
| 1/12/2016 | $26.08 | $25.56 | 2/26/2016 | $22.62 | $23.53 |
| 1/13/2016 | $25.90 | $25.61 | 2/29/2016 | $23.16 | $23.52 |
| 1/14/2016 | $25.51 | $25.59 | 3/1/2016 | $24.60 | $23.55 |
| 1/15/2016 | $24.25 | $25.44 | 3/2/2016 | $25.20 | $23.59 |
| 1/19/2016 | $23.98 | $25.30 | 3/3/2016 | $25.56 | $23.64 |
| 1/20/2016 | $22.99 | $25.09 | 3/4/2016 | $26.45 | $23.71 |
| 1/21/2016 | $24.00 | $25.00 | 3/7/2016 | $25.81 | $23.76 |
| 1/22/2016 | $24.52 | $24.96 | 3/8/2016 | $24.05 | $23.76 |
| 1/25/2016 | $23.82 | $24.88 | 3/9/2016 | $24.87 | $23.79 |
| 1/26/2016 | $24.45 | $24.85 | 3/10/2016 | $24.50 | $23.80 |
| 1/27/2016 | $24.01 | $24.80 | 3/11/2016 | $25.35 | $23.84 |
| 1/28/2016 | $23.85 | $24.74 | 3/14/2016 | $25.17 | $23.86 |
| 1/29/2016 | $23.27 | $24.66 | 3/15/2016 | $25.15 | $23.89 |
| 2/1/2016 | $23.10 | $24.58 | 3/16/2016 | $25.64 | $23.93 |
| 2/2/2016 | $22.40 | $24.47 | 3/17/2016 | $25.98 | $23.97 |
| 2/3/2016 | $22.76 | $24.39 | 3/18/2016 | $25.99 | $24.00 |
| 2/4/2016 | $22.60 | $24.31 | 3/21/2016 | $26.13 | $24.04 |
| 2/5/2016 | $22.84 | $24.24 | 3/22/2016 | $26.30 | $24.09 |
| 2/8/2016 | $21.90 | $24.14 | 3/23/2016 | $25.94 | $24.12 |
| 2/9/2016 | $21.61 | $24.04 | 3/24/2016 | $25.73 | $24.15 |
| 2/10/2016 | $21.91 | $23.96 | 3/28/2016 | $25.64 | $24.17 |
| 2/11/2016 | $21.51 | $23.87 | 3/29/2016 | $25.70 | $24.20 |
| 2/12/2016 | $21.46 | $23.78 | 3/30/2016 | $25.57 | $24.22 |
| 2/16/2016 | $22.45 | $23.74 | 3/31/2016 | $25.41 | $24.24 |
| 2/17/2016 | $23.23 | $23.72 | 4/1/2016 | $24.59 | $24.25 |
| 2/18/2016 | $23.33 | $23.71 | | | |

# EXHIBIT A-2

Exhibit A-2

**Volkswagen ADR Litigation**
**c/o Epiq Class Action & Claims Solutions, Inc.**
**P.O. Box 4390**
**Portland, OR 97208-4390**

**Toll-Free Number:  1-888-738-3759**
**Email:  info@VolkswagenADRLitigation.com**
**Website:  www.VolkswagenADRLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the proposed Settlement, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____, 201__**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to this action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

**TABLE OF CONTENTS**                                                          **PAGE #**

**PART I – GENERAL INSTRUCTIONS**                                              ___

**PART II – CLAIMANT INFORMATION**                                            ___

**PART III – SCHEDULE OF TRANSACTIONS IN VOLKSWAGEN**
       **AKTIENGESELLSCHAFT ORDINARY AMERICAN DEPOSITARY**
       **RECEIPTS (CUSIP: 928662303)**                                        ___

**PART IV – SCHEDULE OF TRANSACTIONS IN VOLKSWAGEN**
       **AKTIENGESELLSCHAFT PREFERRED AMERICAN DEPOSITARY**
       **RECEIPTS (CUSIP: 928662402)**                                        ___

**PART V – RELEASE OF CLAIMS AND SIGNATURE**                                  ___

## PART I – GENERAL INSTRUCTIONS

1.       It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice (the "Plan of Allocation").   The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.   By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.       This Claim Form is directed to all persons and entities in the U.S. or elsewhere who purchased or otherwise acquired Volkswagen Aktiengesellschaft ("VWAG") Ordinary American Depositary Receipts (CUSIP: 928662303) and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) (collectively, "VWAG ADRs") from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and who were allegedly damaged thereby (the "Settlement Class").   Certain persons and entities are excluded from the Settlement Class by definition as set forth in Paragraph 26 of the Notice.   Also, for the avoidance of doubt, VWAG ordinary and preferred shares are not eligible Settlement Class securities, and information regarding those securities should not be included in this Claim Form.

3.       By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.   IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class in Paragraph 26 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.   **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.**   THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.       **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.   The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.       Use the Schedule of Transactions in Parts III and IV of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the applicable VWAG ADRs.   On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable VWAG ADRs, whether such transactions resulted in a profit or a loss.   **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.       **Please note:**  Only VWAG ADRs purchased or otherwise acquired during the Class Period (*i.e.*, from November 19, 2010 through January 4, 2016, inclusive), are eligible under the Settlement.   However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of

VWAG ADRs during the period from January 5, 2016 through and including the close of trading on April 1, 2016 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the VWAG ADRs set forth in the Schedule of Transactions in Parts III and IV of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in VWAG ADRs.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.     All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form.  The complete name(s) of the beneficial owner(s) must be entered.  If you purchased or otherwise acquired VWAG ADRs during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner.  If you purchased or otherwise acquired VWAG ADRs during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

9.     **One Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the VWAG ADRs; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing that you:

      (a)    own(ed) the VWAG ADRs you have listed in the Claim Form; or

      (b)    are expressly authorized to act on behalf of the owner thereof.

12.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.    If the Court approves the Settlement(s), payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

14.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the above address, by email at info@VolkswagenADRLitigation.com, or by toll-free phone at 1-888-738-3759, or you can visit the Settlement website, www.VolkswagenADRLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.VolkswagenADRLitigation.com or you may email the Claims Administrator's electronic filing department at info@VolkswagenADRLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* Paragraph 9 above) and the ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 8 above).  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@VolkswagenADRLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-888-738-3759.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety.   The Claims Administrator will use this information for all communications regarding this Claim Form.   If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                                                   State        Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                                Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box):
☐     Individual (includes joint owner accounts)          ☐    Pension Plan        ☐    Trust
☐     Corporation                                                        ☐    Estate
☐     IRA/401K                                                          ☐    Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see Paragraph 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

**PART III – SCHEDULE OF TRANSACTIONS IN
VOLKSWAGEN AKTIENGESELLSCHAFT ORDINARY
AMERICAN DEPOSITARY RECEIPTS (CUSIP: 928662303)**

Complete this Part III if and only if you purchased or otherwise acquired Volkswagen Aktiengesellschaft Ordinary American Depositary Receipts (CUSIP: 928662303) ("VWAG Ordinary ADRs") during the period from November 19, 2010 through January 4, 2016, inclusive.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above.  Do not include information regarding securities other than VWAG Ordinary ADRs.

| 1. HOLDINGS AS OF NOVEMBER 19, 2010 – State the total number of VWAG Ordinary ADRs held as of the opening of trading on November 19, 2010. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM NOVEMBER 19, 2010 THROUGH JANUARY 4, 2016** – Separately list each and every purchase/acquisition (including free receipts) of VWAG Ordinary ADRs from after the opening of trading on November 19, 2010 through and including the close of trading on January 4, 2016. (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of ADRs Purchased/Acquired | Purchase/Acquisition Price Per ADR | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **3. PURCHASES/ACQUISITIONS FROM JANUARY 5, 2016 THROUGH APRIL 1, 2016** – State the total number of VWAG Ordinary ADRs purchased/acquired (including free receipts) from after the opening of trading on January 5, 2016 through and including the close of trading on April 1, 2016. (Must be documented.) If none, write "zero" or "0."[2] _____ | | | | |
| **4. SALES FROM NOVEMBER 19, 2010 THROUGH APRIL 1, 2016** – Separately list each and every sale/disposition (including free deliveries) of VWAG Ordinary ADRs from after the opening of trading on November 19, 2010 through and including the close of trading on April 1, 2016. (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADRs Sold | Sale Price Per ADR | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |

---

[2] **Please note**:  Information requested with respect to your purchases/acquisitions of VWAG Ordinary ADRs from after the opening of trading on January 5, 2016 through and including the close of trading on April 1, 2016 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

| | | | | |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| | |
|---|---|
| **5. HOLDINGS AS OF APRIL 1, 2016 –** State the total number of VWAG Ordinary ADRs held as of the close of trading on April 1, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

**PART IV – SCHEDULE OF TRANSACTIONS IN
VOLKSWAGEN AKTIENGESELLSCHAFT PREFERRED
AMERICAN DEPOSITARY RECEIPTS (CUSIP: 928662402)**

Complete this Part IV if and only if you purchased or otherwise acquired Volkswagen Aktiengesellschaft Preferred American Depositary Receipts (CUSIP: 928662402) ("VWAG Preferred ADRs") during the period from November 19, 2010 through January 4, 2016, inclusive.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above.  Do not include information regarding securities other than VWAG Preferred ADRs.

| **1.  HOLDINGS AS OF NOVEMBER 19, 2010 –** State the total number of VWAG Preferred ADRs held as of the opening of trading on November 19, 2010.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position  Enclosed ○ |
|---|---|

| **2.  PURCHASES/ACQUISITIONS FROM NOVEMBER 19, 2010 THROUGH JANUARY 4, 2016 –** Separately list each and every purchase/acquisition (including free receipts) of VWAG Preferred ADRs from after the opening of trading on November 19, 2010 through and including the close of trading on January 4, 2016.  (Must be documented.) | | | | |
|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of ADRs Purchased/Acquired | Purchase/Acquisition Price Per ADR | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |

| **3.  PURCHASES/ACQUISITIONS FROM JANUARY 5, 2016 THROUGH APRIL 1, 2016 –** State the total number of VWAG Preferred ADRs purchased/acquired (including free receipts) from after the opening of trading on January 5, 2016 through and including the close of trading on April 1, 2016.  (Must be documented.)  If none, write "zero" or "0."[3] _____ |
|---|

| **4.  SALES FROM NOVEMBER 19, 2010 THROUGH APRIL 1, 2016 –** Separately list each and every sale/disposition (including free deliveries) of VWAG Preferred ADRs from after the opening of trading on November 19, 2010 through and including the close of trading on April 1, 2016. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADRs Sold | Sale Price Per ADR | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /     / | | $ | $ | ○ |

---

[3] **Please note**:  Information requested with respect to your purchases/acquisitions of VWAG Preferred ADRs from after the opening of trading on January 5, 2016 through and including the close of trading on April 1, 2016 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

Page 8

| | | | | |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| | |
|---|---|
| **5. HOLDINGS AS OF APRIL 1, 2016 –** State the total number of VWAG Preferred ADRs held as of the close of trading on April 1, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART V - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on my (our) behalf in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) member(s) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.    that the claimant has **not** submitted a request for exclusion from the Class;

4.    that I (we) own(ed) the VWAG ADRs identified in the Claim Form and have not assigned the claim against Defendants or any of the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of VWAG ADRs and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.  that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                                    Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                                              Date

_____

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                                    Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – *see* Paragraph 10 on page __ of this Claim Form.)

## REMINDER CHECKLIST:

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-888-738-3759.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@VolkswagenADRLitigation.com, or by toll-free phone at 1-888-738-3759 or you may visit www.VolkswagenADRLitigation.com.  DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 201__**, ADDRESSED AS FOLLOWS:

Volkswagen ADR Litigation
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 4390
Portland, OR 97208-4390

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 201__ is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#1213378

# EXHIBIT A-3

**Exhibit A-3**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

_____/

MDL No. 2672 CRB (JSC)

**CLASS ACTION**

This Document Relates To: Securities Actions
*City of St. Clair Shores*, 15-1228 (E.D. Va.)
*Travalio*, 15-7157 (D.N.J.)
*George Leon Family Trust*, 15-7283 (D.N.J.)
*Charter Twp. of Clinton*, 15-13999 (E.D. Mich.)
*Wolfenbarger*, 15-326 (E.D. Tenn.)

_____/

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities in the U.S. or elsewhere who purchased or otherwise acquired Volkswagen Aktiengesellschaft ("VWAG") Ordinary American Depositary Receipts (CUSIP: 928662303) and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and who were allegedly damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, in accordance with Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned securities litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as stated in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $48,000,000 in cash (the "Settlement"), which, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2018 at __:__ _.m., before the Honorable Charles R. Breyer at the United States District Court for the Northern District of California, Courtroom 6 of the Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated August 27, 2018 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at: Volkswagen ADR Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4390, Portland, OR 97208-4390, 1-888-738-3759, info@VolkswagenADRLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.VolkswagenADRLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked* no later than _____, 2018**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received* no later than _____, 2018**, in accordance with the instructions in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to share in the proceeds of the Settlement.

Any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses must be mailed to or filed with the Court such that it is ***filed or postmarked* no later than _____, 2018**, in accordance with the instructions in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlement, your eligibility to participate in the Settlement, or the claims process, should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Volkswagen ADR Litigation
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 4390
Portland, OR 97208-4390
1-888-738-3759
info@VolkswagenADRLitigation.com
www.VolkswagenADRLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

James A. Harrod, Esq.
Bernstein Litowitz Berger& Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

By Order of the Court

#1211357

# EXHIBIT B

**Exhibit B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) **CLASS ACTION** |
| _____/ | **[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |
| This Document Relates To: Securities Actions *City of St. Clair Shores*, 15-1228 (E.D. Va.) *Travalio*, 15-7157 (D.N.J.) *George Leon Family Trust*, 15-7283 (D.N.J.) *Charter Twp. of Clinton*, 15-13999 (E.D. Mich.) *Wolfenbarger*, 15-326 (E.D. Tenn.) | |

WHEREAS, securities class actions styled *City of St. Clair Shores Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, 15-cv-1228 (E.D. Va.), *Travalio, et al. v. Volkswagen AG, et al.*, 15-cv-7157 (D.N.J.), *The George Leon Family Trust v. Volkswagen AG, et al.*, 15-cv-7283 (D.N.J.), *Charter Twp. of Clinton Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, 15-cv-13999 (E.D. Mich.), and *Wolfenbarger v. Volkswagen AG, et al.*, 15-cv-326 (E.D. Tenn.) were consolidated with and are pending in this Court under the caption *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC) (the "Action");

WHEREAS, (a) Lead Plaintiff Arkansas State Highway Employees' Retirement System ("ASHERS" or "Lead Plaintiff") and named plaintiff Miami Police Relief and Pension Fund ("Miami Police," and together with ASHERS, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Volkswagen Aktiengesellschaft ("VWAG"), Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen Group of America, Inc. d/b/a Volkswagen of America, Inc. ("VWoA"), Audi of America, Inc. ("AoA"), Martin Winterkorn, Michael Horn, and Herbert Diess (collectively, the "Defendants"; and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated August 27, 2018 (the

"Stipulation"), that provides for a complete dismissal with prejudice of the Released Plaintiffs' Claims on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2018.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities in the U.S. or elsewhere who purchased or otherwise acquired VWAG Ordinary American Depositary Receipts (CUSIP: 928662303) and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and who were allegedly damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants; (ii) any person who was an Officer or director of VWAG, VWGoA, VWoA, or AoA during the Class Period; (iii) the Immediate Family Members of all individual persons excluded in (i) or (ii); (iv) the parents, subsidiaries, and affiliates of VWAG, VWGoA, VWoA, or AoA; (v) any entity in which any person or entity excluded in (i), (ii), (iii) or (iv) has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded person or entity.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who are excluded from the Settlement Class pursuant to request.] For the avoidance of doubt, VWAG ordinary and preferred shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.

4.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of

1
2
litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
5.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4*, as amended, and all other applicable law and rules.

17
18
19
20
21
22
23
24
6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

25
26
7.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The

27
28
JUDGMENT APPROVING CLASS ACTION SETTLEMENT
MDL No. 2672 CRB (JSC)

1
2

Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

3
4
5
6
7
8
9
10

8.   **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on their behalf in such capacity only.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11
12
13
14

9.   **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

15
16
17
18
19
20
21
22
23
24
25
26

(a)   Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.  This

27
28

Release shall not apply to any of the Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(pp) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the respective Defendant in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against Plaintiffs or any of the other Plaintiffs' Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims (as that term is defined in paragraph 1(oo) of the Stipulation).

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken or submissions made pursuant to or in

connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      (a)    shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

      (b)    shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

      (c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the

other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of July 19, 2018, as provided in the Stipulation.

17.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2018.

_____
The Honorable Charles R. Breyer
United States District Judge

JUDGMENT APPROVING CLASS ACTION SETTLEMENT
MDL No. 2672 CRB (JSC)

9

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**

#1209778