UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

This Order Relates To:
MDL Dkt. No. 5353

*Napleton Orlando Imports, LLC v. Volkswagen Group of America, Inc.*, No. 16-cv-02086-CRB
_____/

MDL No. 2672 CRB (JSC)

**ORDER RE: ECF NO. 5353 DISCOVERY DISPUTE**

1. The Court DENIES Plaintiffs' request for an order that would require Bosch to search for and produce responsive documents for senior executives who have occupied six positions at Bosch. There is no indication from the record that these executives were involved in developing or modifying the emissions software at issue, and Plaintiffs have not demonstrated that these executives are likely to have "unique relevant information." *Fort Worth Employees' Ret. Fund. v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107-08 (S.D.N.Y. 2013). Plaintiffs may renew their request if they obtain discovery which supports that these executives are likely to have relevant information that has not been provided by other custodians.

2. The Court GRANTS Plaintiffs' request for an order requiring Bosch to search for and produce responsive documents for 10 additional engineers. Discovery to date supports that the 10 engineers were involved with the "acoustic function," a term that was allegedly used by Bosch and VW to refer to the defeat device used in VW's "clean diesel" cars. (*See* Dkt. No. 4185, Oct. 30, 2017 Order Denying Motion to Dismiss at 2-3.) Because the defeat device is at the center of this litigation, these engineers are likely to have information that is highly relevant to Plaintiffs' claims. Bosch has not convinced the Court that the burden or expense of adding the engineers as

1  custodians would outweigh the likely benefit. Plaintiffs and Bosch shall meet and confer to determine an appropriate schedule for this search and production.

3. The Court GRANTS Plaintiffs' request for an order requiring Bosch to search for and produce responsive documents controlled by Bosch LLC's Director of Federal Government Affairs. Plaintiffs have cited to disclosures that identify this Bosch employee as a lobbyist for "issues related to advanced diesel powered vehicles" from at least 2013 to 2015, and as someone who briefed a congressional subcommittee on "diesel emissions" in 2016. Pro-diesel lobbying by Bosch may be relevant to whether Bosch was a knowing participant in a scheme to defraud U.S. regulators and the public about the benefits of VW's "clean diesel" cars. (*See* Order Denying Motion to Dismiss at 24-25.) Bosch has not explained why the burden or expense of adding this individual as a custodian would outweigh the likely benefit. Plaintiffs and Bosch shall meet and confer to determine an appropriate schedule for this search and production.

4. The Court GRANTS Plaintiffs' request for an order requiring Bosch to identify the "title and group information for each of the 39 custodians currently being offered as custodians by Bosch." (Dkt. No. 5353.) This information would plausibly assist Plaintiffs in understanding Bosch's organizational structure and the reporting relationships between the custodians. Bosch has not explained why it cannot practically provide this information. Bosch shall provide the requested information by Friday, October 19.[1]

**IT IS SO ORDERED.**

Dated: October 12, 2018

*Jacqueline Scott Corley*

JACQUELINE S. CORLEY
United States Magistrate Judge

---

[1] The Court GRANTS Plaintiffs' motion to seal portions of the joint letter brief, portions of Exhibits C and E, and Exhibits A, E4 to E14, F, and H in their entirety. (Dkt. No. 5352.) The information sought to be sealed identifies non-party Bosch employees and includes Bosch organizational charts and communications and a project log that contain technical information about Bosch software development. (*See* Dkt. No. 5361, Slater Decl.) Sealing this information is supported by good cause. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("good cause" standard applies to sealing information in nondispositive motions). Bosch's employees' privacy rights may be infringed if their identifying information is publicly disclosed, and the organizational charts and technical documents contain information that Bosch has warranted is "highly sensitive" to its operations. (Slater Decl. ¶ 4.)

2