UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

MDL No. 2672 CRB (JSC)

**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**

This Order Relates To:
Dkt. No. 4231

Volkswagen has moved to file under seal certain exhibits to the declaration of Jay R. Lytle, a declaration that was submitted in support of Defendants' omnibus opposition to Plaintiffs' motions to remand. (*See* Dkt. No. 4231.) In support of its request, Volkswagen states that Exhibits A–D to the Lytle declaration contain information about various Plaintiffs that they may consider sensitive and private, "including Vehicle Identification Numbers and other vehicle transaction data associated with the vehicles plaintiffs purchased or leased." (*Id.* at 2.)

Volkswagen did not file a proposed redacted version of the Exhibits with its motion. It instead requested authority "to file under seal unredacted versions of Exhibits A–D, and to file publicly a version that redacts the information reflected therein that was obtained from non-public sources." (*Id.*) The proposed approach, whereby Volkswagen would file a redacted version of Exhibits A–D only after the motion to seal is resolved, prevents the Court from meaningfully evaluating whether the information sought to be sealed justifies sealing. Although the Court has some sense of what information Volkswagen seeks to seal (e.g., it is clear that Volkswagen seeks to seal Vehicle Identification Numbers) the request to seal all information "that was obtained from non-public sources" is too opaque to be evaluated. The Court therefore DENIES the motion without prejudice and instructs Volkswagen to renew its motion, within seven days of this order,

and to include with its renewed motion a proposed redacted version of Exhibits A–D.[1]

**IT IS SO ORDERED.**

Dated: January 17, 2019

CHARLES R. BREYER
United States District Judge

---

[1] Local Rule 79–5(e) governs requests to seal documents that are designated by the opposing party or by a non-party as confidential. Volkswagen asserts that the rule governs here, and that it requires Plaintiffs to submit a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." (Dkt. No. 4231 at 2.) From the Lytle declaration, it appears that Plaintiffs did not produce any of the information at issue in disclosures or in response to discovery requests. Instead, it appears that the information sought to be sealed comes from Volkswagen's records or from Plaintiffs' court filings. If that is correct, then with respect to the information at issue Plaintiffs are not designating parties. (*See* Dkt. No. 1255, Stipulated Protective Order ¶ 2.5.) And if Plaintiffs are not designating parties, then Local Rule 79–5(e) does not apply, and Plaintiffs need not file a declaration in support of Volkswagen's administrative motion to seal.