UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: Dkt. No. 5834 _____/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING RENEWED ADMINISTRATIVE MOTION TO SEAL** |

Volkswagen previously moved to file under seal portions of exhibits to the declaration of Jay R. Lytle, a declaration that it submitted in support of its omnibus opposition to Plaintiffs' motions to remand. (*See* Dkt. No. 4231.) Because Volkswagen did not file proposed redacted versions of the exhibits, the Court denied the motion without prejudice and instructed Volkswagen to renew its motion. (*See* Dkt. No. 5789.)

Volkswagen has renewed its motion and has now provided proposed redacted versions of Exhibits A, B, and C to the Lytle declaration. Volkswagen seeks to redact only a small category of information in the exhibits: Vehicle Identification Numbers ("VINs") that Volkswagen obtained from non-public sources for certain Plaintiffs' vehicles.

In the context of interpreting The Federal Magistrates Act, the Ninth Circuit has held that "a motion to remand is a dispositive one," because "at least with respect to federal court proceedings . . . [a remand order] put[s] the parties effectively out of *federal court*." *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015) (internal quotation marks omitted). When a party seeks to seal information that is included with a dispositive motion, the request to seal must be supported by a compelling reason. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

There is a compelling reason for sealing VINs that are obtained from non-public sources. As the Federal Trade Commission previously stated in this MDL, VINs can be used to further identify theft. (*See* Dkt. No. 1608-1.) The public has a strong interest in preventing identify theft, which is a pernicious practice. And indeed, in *Kamakana* a magistrate judge concluded that preventing identify theft was a compelling reason supporting the sealing of home addresses and social security numbers—and the Ninth Circuit affirmed. *See* 447 F.3d at 1184.

Because a compelling reason justifies sealing the VINs in question, the Court GRANTS Volkswagen's motion to seal.

**IT IS SO ORDERED.**

Dated: February 1, 2019

CHARLES R. BREYER
United States District Judge