Robert J. Giuffra, Jr. (*admitted pro hac vice*)
Sharon L. Nelles (*admitted pro hac vice*)
Suhana S. Han (*admitted pro hac vice*)
William H. Wagener (*admitted pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588

Laura Kabler Oswell (State Bar No. 241281)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:     (650) 461-5600
Facsimile:     (650) 461-5700

*Attorneys for Defendants Volkswagen AG,*
*Volkswagen Group of America, Inc.*
*and Volkswagen Group of America Finance, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2672 CRB (JSC) ) ) ) **JOINT CASE MANAGEMENT STATEMENT** ) |
| This Document Relates to: | ) The Honorable Charles R. Breyer ) |
| *BRS* v. *Volkswagen AG, et al.*, Case No. 16-cv-3435 ("Bondholders Securities Action") | ) ) ) ) ) |

The parties to the above-captioned Securities Actions jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Civil Local Rule 16-9, and Rule 26(f) of the Federal Rules of Civil Procedure.

## 1.    JURISDICTION & SERVICE

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Court has jurisdiction over the subject matter of the above-captioned Bondholders Securities Action (the "Action") under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as 28 U.S.C. § 1331, because the Action is a civil action arising under the laws of the United States.  The parties do not dispute that venue is proper in this Court.  No parties remain to be served.

## 2.    FACTS

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiff's Statement of Facts:**

Plaintiff asserts claims on its own behalf and on behalf of purchasers of Volkswagen bonds exempt from registration with the Securities and Exchange Commission ("SEC") under Rule 144A of the Securities Act of 1933, 17 C.F.R. § 230.144A ("Rule 144A") between May 23, 2014, and September 22, 2015, inclusive (the "Class Period"), who suffered harm when, among other things, the value of those bonds dropped as the truth about Volkswagen's widespread emissions-cheating scheme emerged beginning in September 2015. The facts set forth below are as alleged in Plaintiff's Second Amended Complaint (ECF No. 4956).  Plaintiff has moved for reconsideration of the Court's order denying Plaintiff's motion for leave to file a Third Amended Complaint to add insider trading claims pursuant to Section 20A of the Securities Exchange Act of 1934.

Defendant Volkswagen Group of America, Inc. ("VWGoA"), is a wholly-owned U.S. subsidiary of Defendant Volkswagen AG ("VWAG").  Defendant Volkswagen Group of

American Finance, LLC ("VWGoAF) is a wholly-owned subsidiary of VWGoA. Defendant VWGoAF was incorporated on February 14, 2014, as a debt-issuing vehicle for its ultimate parent company, VWAG. Prior to and during the Class Period, Defendants made numerous materially false and misleading statements and omissions to Bondholders regarding the Company's operations, its business and financial condition, and its outlook, and engaged in a scheme to defraud those Bondholders. Specifically, Volkswagen failed to disclose that it installed and utilized a "defeat device" in a substantial number of vehicles, which allowed those vehicles, and particularly certain of its diesel cars, to temporarily reduce emissions during testing to allow them to be certified for sale. Without the use of the defeat device, and during normal, non-testing operation, those vehicles produced emissions in excess of regulatory requirements, and otherwise would not have been certified for sale. Furthermore, the use of a defeat device assisted Volkswagen's marketing to environmentally conscious consumers to increase sales of diesel cars, while evading the emissions regulations and standards in the United States and Europe. As part of this scheme, Defendants made material misrepresentations and omissions to the Class in the Bond Offering Memoranda.

As a result of Defendants' scheme and false and misleading statements and omissions, Volkswagen's private debt instruments were issued at favorable rates to Volkswagen, and then, after issuance traded at artificially inflated prices during the Class Period. Beginning on September 18, 2015, the public began to learn the truth about Volkswagen's emissions cheating. With the Company under repeated pressure from regulators, Volkswagen was forced to admit its use of illegal defeat devices in approximately 580,000 "clean diesel" vehicles sold in the United States and 11 million such vehicles sold worldwide, and Defendant Winterkorn publicly apologized on behalf of the Company for breaking the public's trust.

Following these disclosures, which revealed the relevant truth that had previously been concealed from the market and the true risk associated with the Bonds, the price of the Bonds and other Volkswagen securities fell sharply. Between September 18, 2015, and September 22, 2015, the price of the Bonds plummeted, falling as much as 7.82% of par value. Furthermore, after the truth was revealed, the credit ratings of the Bonds were cut, the risk of default on Bonds

increased, as indicated by the price of credit default swaps; and all of the Bonds began trading below 100% of par value.  Plaintiff alleges that the declines in Bond value when the truth was revealed have resulted in substantial losses to Bondholders, who relied on the accuracy of Defendants' statements and suffered damages as result of Defendants' wrongful conduct.  This action seeks to recover for those losses.

**Defendants' Statement of Facts:**

This is a putative class action brought on behalf of purchasers of unregistered bonds issued by Volkswagen Group of America Finance, LLC ("VWGoAF") in three Rule 144A offerings between May 23, 2014, and September 22, 2015, inclusive, against Volkswagen AG ("VWAG"), Volkswagen Group of America, Inc. ("VWGoA"), VWGoAF, Martin Winterkorn, and Michael Horn.

Lead Plaintiff Puerto Rico Government Employees and Judiciary Retirement Systems Administration ("PRGERS" or "Plaintiff") is a pension fund that claims to have purchased unregistered VWGoAF bonds in a May 23, 2014 private placement exempt from registration with the SEC pursuant to Rule 144A.  VWGoAF distributed its bonds to the Initial Subscribers/Joint Book-Running Managers, nearly all of which are U.S.-based investment banks, and the investment banks sold the bonds to investors under an "Offering Memorandum," dated May 15, 2014.  Plaintiff alleges that on May 15, 2014, it purchased 1.25% VWGoAF bonds maturing on May 23, 2017, CUSIP number 928668AA0, from Merrill Lynch and J.P. Morgan Securities.  Specifically, according to Plaintiff's Certification Pursuant to the Federal Securities Laws (ECF No. 1759-3), on May 15, 2014 Plaintiff purchased 1,870 of these bonds at a price of $100.050, and 2,340 of these bonds at a price of $99.938.  Plaintiff's Certification further states that Plaintiff sold 2,000 of those bonds at a profit, with a price of $100.071 on October 14, 2014, and 2,210 of those bonds at a loss, at a price of $96.901 on October 14, 2015.  Accordingly, even disregarding the interest payments received by Plaintiff, under Plaintiff's theory Plaintiff purportedly lost less than $70,000 by selling bonds before their maturity.  Because those bonds have now matured and were repaid in full, Plaintiff would not have lost a penny if it had simply held onto the bonds.

Plaintiff alleges that the Offering Memorandum for the bonds it purchased contained statements regarding Volkswagen's research and development priorities and Volkswagen's exposure to environmental regulation that were misleading because they omitted to disclose the existence of "defeat device" software in certain diesel vehicles. (*See* SAC ¶¶ 227-28.) Plaintiff further alleges that Defendants made additional false and misleading statements subsequent to Plaintiff's own purchase, including in offering memoranda for other VWGoAF bonds (*see id.*), in interim and annual reports (*id.* ¶¶ 229-42).

According to the SAC, Plaintiff employed an "investment advisor" pursuant to a "relevant contractual investment agreement" and unspecified "investment guidelines" that were neither quoted in nor attached to the SAC. (SAC ¶ 348.) But the SAC does not allege that this investment advisor actually read and relied upon the allegedly false and misleading statements in the Offering Memorandum before placing orders to purchase VWGoAF bonds on Plaintiff's behalf on May 15, 2014. Defendants first received a copy of this investment agreement and investment guidelines on February 4, 2019, and learned that the agreement and guidelines did *not* mandate that the investment advisor must read and rely upon an offering memorandum before buying corporate bonds. Plaintiff apparently has no knowledge of what its advisor actually did; as of February 4, 2019, Plaintiff admittedly does not even know the name of the person who bought VWGoAF bonds on its behalf, and Plaintiff has not located a single affirmation, certification, or attestation by its advisor about its compliance with its contract with Plaintiff or with Plaintiff's investment guidelines.

Defendants deny liability to Plaintiff and other VWGoAF bondholders. Among other things, Defendants deny making materially false or misleading statements or omissions relevant to in this case (including but not limited to in the May 15, 2014 Offering Memorandum), and further deny that any materially false or misleading statements or omissions were made with scienter. Defendants also deny that that Plaintiff (or any other purchaser of VWGoAF bonds) may rely on any presumption of reliance, including under *Affiliated Ute Citizens of Utah* v. *United States*, 406 U.S. 128 (1972) or *Basic Inc.* v. *Levinson*, 485 U.S. 224 (1988). Finally, Defendants deny that VWAG had "ultimate authority" over the allegedly materially false and

misleading statements and omissions made by unidentified employees of its subsidiaries, VWGoA and VWGoAF, as is required to impose liability on VWAG for such statements under *Janus Capital Group, Inc.* v. *First Derivative Traders*, 564 U.S. 135 (2011).  And, Defendants believe that this lawsuit should not be certified as a class action.

**The parties' principal factual disputes include:**

    a.  whether Plaintiff can maintain this action as a class action;

    b.  whether the challenged statements and omissions identified by Plaintiff were materially false and misleading;

    c.  whether Plaintiff relied on any of the allegedly materially false and misleading statements and omissions;

    d.  whether the individuals and entities responsible for making Volkswagen's allegedly materially false and misleading statements and omissions knew, or were severely reckless in not knowing, that Volkswagen's challenged statements and omissions were materially false and misleading;

    e.  whether Defendants Winterkorn and Horn controlled the entities and/or individuals that made the allegedly materially false and misleading statements and omissions;

    f.  whether VWAG had ultimate authority over the allegedly materially false and misleading statements and omissions made by unidentified employees of its subsidiaries, VWGoAF and VWGoA;

    g.  whether the alleged statements and omissions in the Offering Memoranda are attributable to Defendants Winterkorn and Horn;

    h.  whether the alleged statements and omissions in the financial statements appended to the Offering Memoranda were made by Defendant Winterkorn in connection with a sale of securities in the United States;

    i.  whether Defendants Winterkorn and Horn acted in good faith; and

    j.  whether Plaintiff suffered compensable damages caused by the allegedly materially false and misleading statements and omissions.

### 3.  LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff alleges, and Defendants dispute, that:

    a.  Defendants VWAG, VWGoA, VWGoAF, Martin Winterkorn, and Michael Horn are liable for making false or misleading statements of material fact and omitting to state

material facts necessary to make their statements not misleading, in connection with the purchase and sale of securities, upon which Plaintiff relied, and which caused plaintiff economic loss, in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; *see, e.g., Halliburton Co.* v. *Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2407 (2014) (listing elements of implied private action under Section 10(b) and Rule 10b-5);

b. Defendants VWAG, VWGoA, VWGoAF, Martin Winterkorn, and Michael Horn are liable as control persons under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), for causing Defendants' material misstatements and omissions in connection with the purchase and sale of securities; and

c. This Action should be certified as a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

Defendant Winterkorn contends, and Plaintiff disputes, that he is not subject to personal jurisdiction in this Court.

## 4. MOTIONS

*All prior and pending motions, their current status, and any anticipated motions.*

a. Defendants' Motions to Dismiss the Bondholders Class Action Complaint. On February 10, 2017, Defendants moved to dismiss Plaintiff's Class Action Complaint. ECF Nos. 2893, 2895, 2897. On July 19, 2017, the Court granted in part and denied in part those motions. ECF No. 3470.

b. Defendants' Motions to Dismiss the First Amended Class Action Complaint. On September 22, 2017, Defendants moved to dismiss Plaintiff's First Amended Class Action Complaint for Violations of the Federal Securities Laws Regarding Volkswagen Bonds. ECF Nos. 3909, 3911. On March 2, 2018, the Court granted Defendants' motion but gave Plaintiff leave to amend its complaint. ECF No. 4866.

c. Defendants' Motions to Dismiss the Second Amended Consolidated Securities Class Action Complaint. On May 2, 2018, Defendants moved to dismiss Plaintiff's Second Amended Consolidated Securities Class Action Complaint. ECF Nos. 5019, 5020. On September 7, 2018, the Court granted in part and denied in part those motions. ECF No. 5339.

d. Plaintiff has a pending Motion For Reconsideration of The Court's September 7, 2018 order, which denied Plaintiff leave to file an amended complaint alleging a violation of Section 20A of the Exchange Act. ECF No. 5579.

e. Defendants filed a Notice of Discovery Dispute on January 15, 2019, seeking to compel Plaintiff to respond to discovery requests seeking certain information and documents cited by the SAC concerning Plaintiff's investment advisor. ECF No. 5778. On January 25, 2019, the parties resolved this dispute and so notified Magistrate Judge Corley. ECF No. 5840.

f. Defendants intend to move for summary judgment on the issue of Plaintiff's reliance following discovery of Plaintiff and its investment adviser and may move for summary judgment on other topics after the close of discovery.

g. Plaintiff intends to file a Motion for Class Certification.

## 5. AMENDMENT OF PLEADINGS

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff is seeking leave to amend its pleadings to include claims for violations of Section 20A of the Exchange Act. Plaintiff may seek leave to amend the complaint to conform to discovered evidence; or, to the extent that additional facts discovered through on-going investigations of Volkswagen support the addition of new factual allegations or claims.

Defendants oppose Plaintiff's pending motion to amend its pleadings. Defendants believe that no further amendments to the pleadings should be permitted absent a showing of good cause pursuant to Federal Rule of Civil Procedure 16(b)(4).

## 6. EVIDENCE PRESERVATION

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties certify that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have commenced meet and confer discussions pursuant to Fed. R. Civ. P. 26(f).

Plaintiff believes that the current discussions and information exchanged is insufficient to qualify as a complete and comprehensive Rule 26 conference. Plaintiff has requested additional information from Defendants regarding ESI. In particular, Plaintiff is seeking information regarding Volkswagen's internal messaging and collaborative document and meeting software. To the best of Plaintiff's understanding, Defendants have not preserved any ESI related to use of this software.

Defendants believe that reasonable and proportionate steps have been taken to preserve ESI potentially relevant to this matter, and that the parties' numerous meet-and-confer discussions satisfy Rule 26(f).

## 7. DISCLOSURES

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties exchanged the initial disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on February 4, 2019.

## 8. DISCOVERY

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

On September 27, 2018, VWAG, VWGoA, and VWGoAF served their First Set of Requests for Production and their First Set of Interrogatories, seeking information concerning Plaintiff's investment advisor and the investment contract and guidelines referenced in the Complaint.  Although Plaintiff maintains that Defendants First Set of Requests for Production and First Set of Interrogatories were untimely, on February 4, 2019, Plaintiff served responses and objections to the Volkswagen defendants' first documents requests and interrogatories. Plaintiff also produced a copy of an Investment Agreement with Santander Asset Management, and a statement of investment policy (with two amendments thereto).  On February 11, 2019, Plaintiff made a second production of documents.

Plaintiff has not yet served any discovery on Defendants.  On February 4, 2019,  Plaintiff issued a subpoena *duces tecum* and *ad testificandum* to its investment advisor, Santander Asset Management LLC.

On February 12, 2019 Defendants issued a subpoena *duces tecum* and *ad testificandum* to Santander Asset Management LLC.

On February 6, 2019, the parties filed a stipulated proposed protective order.  ECF No. 5881.

**Plaintiff's Anticipated Discovery:**

Plaintiff's discovery will generally concern the parties' claims and defenses, particularly including discovery that is calculated to elicit evidence sufficient to satisfy Plaintiff's burden to prove Defendants' violations of the federal securities laws and SEC rules at issue, to rebut any

of Defendants' affirmative defenses, and to establish that the action should be certified as a class action under Rule 23.

With respect to Plaintiff's intention to seek class certification, Plaintiff anticipates taking discovery of the Defendants and third-parties that participated in the Offerings. Plaintiff is also seeking discovery from its third-party investment adviser.

With respect to discovery on the merits of the action, Plaintiff does not agree to be limited to the discovery protocols or production from the related ADR action, or other related actions in the MDL. Moreover, Defendants have not yet shared sufficient information to evaluate the discovery protocols or production boundaries from the related ADR action or other actions in the MDL.

Plaintiff will likely seek additional depositions beyond the limit imposed by the Federal Rules of Civil Procedure.

**Defendants' Anticipated Discovery:**

Defendants will seek discovery on the named Plaintiff's alleged reliance on the statements contained in the Offering Memorandum, dated May 15, 2014 when purchasing VWGoAF bonds (whether directly or through an advisor), and Plaintiff's (or its advisor's) reasons for purchasing and selling such bonds. Defendants expect to take third-party discovery of Plaintiff's investment advisor, Santander Asset Management LLC, including both document production and one or more depositions.

Defendants will also seek discovery concerning the named Plaintiff's adequacy and typicality to represent members of the putative class of purchasers of VWGoAF Bonds. Defendants also will conduct discovery with respect to Plaintiff's knowledge regarding the use of "defeat devices" in Volkswagen, Audi, and Porsche vehicles before, during, and after the class period; the circumstances surrounding Plaintiff's purchase and/or sale of VW Bonds; Plaintiff's review of, or reliance on, the alleged false or misleading statements or omissions alleged in the Complaint; Plaintiff's review and analysis of VWAG's business and finances; and Plaintiff's institutional processes, procedures, and practices with respect to making investment decisions, including with respect to VWGoAF Bonds.

Defendants do not currently anticipate needing more depositions than contemplated by the Federal Rules of Civil Procedure.

The parties will meet and confer concerning a stipulated e-discovery order.  If the parties reach agreement on a stipulated e-discovery order, they will promptly submit such proposed order to the Court.

There are not yet any identified discovery disputes to bring to the Court's attention.

## 9.  CLASS ACTIONS

*If a class action, a proposal for how and when the class will be certified.*

The Action is a putative class action.  Plaintiff shall file any motion to certify the class in accordance with the Case Management Order entered by the Court.  As listed below, the parties offer competing proposed schedules.  In order to certify the class, Plaintiff will be required to establish by a preponderance of the evidence (a) numerosity, (b) commonality, (c) typicality, (d) adequacy, and (e) that common questions predominate and a class action is superior to individual actions.

## 10.  RELATED CASES

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

As the Court is aware, included in the above-captioned MDL are numerous cases concerning Volkswagen's use of illegal defeat devices in its purportedly "clean diesel" vehicles, including cases brought by various state and federal governmental entities, consumers, vehicle dealers, and other interested private parties.  There are also actions pending in other US federal and state courts, including criminal actions against various Volkswagen entities and related individuals, as well as numerous actions in various European courts.

## 11.  RELIEF

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff requests that:

a.   The Court declare this action a class action under Rule 23.

b. An award of compensatory damages in favor of Plaintiff and class members against Defendants for damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, plus interest.

c. An award of reasonable costs and expenses incurred in litigating this action, including attorneys' and experts' fees; and

d. An award of such equitable, injunctive, and other relief as the Court may deem just and proper.

Plaintiffs claim that the amount of damages shall be calculated based, among other things, on the inflation in the price of the Volkswagen Bonds at issue in this case at the time the Bonds were purchased, as determined on the basis of expert testimony and evidence at an appropriate stage of litigation.

Defendants deny liability to Plaintiff individually and to any putative class generally. Among other things, the Bonds at issue in this case have never missed a payment of interest or principal, and several have already matured on schedule. Defendants will respond to any damages claimed by Plaintiff or by the putative class at an appropriate stage of the litigation.

## 12. SETTLEMENT AND ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiff requests that the Court refer this case to one of the Court's ADR programs pursuant to Northern District of California Local Rule 16-8.

Defendants oppose Plaintiff's request, as they do not believe ADR will be an effective way to resolve the dispute at this time.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ YES   _X_ NO*

## 14. OTHER REFERENCES

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe that the Action is suitable for reference to binding arbitration. The Action has already been referred to the Judicial Panel on Multidistrict Litigation, and is part of the above-captioned MDL.

### 15.  NARROWING OF ISSUES

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

**Plaintiff's Statement**:

Plaintiff may seek partial summary judgment on issues of falsity and scienter against certain Defendants, including Volkswagen, which would significantly narrow the disputed issues for trial in this action.

Plaintiff believes that bifurcation of merits discovery and class certification discovery would not narrow the issues of this action, nor create litigation efficiencies.  Regardless of whether or not Plaintiff can prove direct reliance on Defendants' omissions of material fact and false and misleading statements, Plaintiff will seek to invoke a presumption of reliance with respect to class members when seeking class certification.  In order to move for class certification, Plaintiff will seek discovery of certain defendants and third-parties regarding the Bond offerings at issue in this case.  The discovery required to move for class certification will certainly overlap discovery with respect to merits of the claims alleged.  For example, Plaintiff would likely seek to depose under Fed. R. Civ. P. 30(b)(6) Defendant Volkswagen Group of America Finance, LLC, the issuer of the Bonds, with respect to the Offerings and the uniformity of the Offering documents containing alleged false and misleading statements.  Plaintiff would likely also seek to depose Defendant Volkswagen Group of America Finance, LLC, with respect to proving the elements of the claims alleged.  Plaintiff will require either that it be afforded the opportunity to have segmented depositions, with part referring to class certification issues and a later part referring to merits issue, or sufficient discovery and time to conduct a single deposition without prejudice.

Plaintiff disagrees with Defendants' characterization of certain documents referenced in Defendants' Statement, *below*, including those documents that describe the responsibilities of

Plaintiff's investment advisor.    Plaintiff also objects to Defendants' characterizations of Plaintiff's purported damages, which have no basis in evidence.

**Defendants' Statement**:

Defendants propose that the resolution of this case may be greatly expedited by first seeking to ascertain whether Plaintiff or its investment advisor, Santander Asset Management, actually relied on the allegedly false or misleading statements in the Offering Memorandum at issue when purchasing the bonds at issue.    The limited evidence available to Defendants indicates that Plaintiff gave Santander authority buy investment-grade corporate bonds for Plaintiff's account.    Contrary to the suggestion at oral argument, Plaintiff's contract with Santander and investment guidelines do not specify any procedure or protocol to be followed before bonds were purchased.    Because Santander apparently placed orders to purchase investment-grade Volkswagen Bonds for Plaintiff the same day the May 15, 2014 Offering Memorandum was issued, Defendants expect that the relevant trader likely did not actually read and relied upon allegedly misleading statements about Volkswagen's regulatory risks or research and development priorities in the middle of that 525-page document.

Targeted discovery on Plaintiff's reliance or issues relevant to class certification (e.g., Plaintiff's adequacy, and the commonality or typicality of Plaintiff's claim), followed if appropriate by a motion for summary judgment on the narrow issue of Plaintiff's reliance, may facilitate the efficient resolution of this case and could obviate the need for broad-based discovery of Defendants and costly class-certification briefing.    Defendants would be willing to re-produce relevant documents that have been previously produced in connection with the ADR matters, but do not believe that further document or deposition discovery is appropriate until the threshold issues of actual reliance and class certification have been determined.

Defendants also propose that this case would be most efficiently managed by deferring merits discovery (e.g., whether Defendants acted with scienter in connection with any statement(s) or offering(s) that remain at issue following class certification) until after class certification.    In its September 7, 2018 Order denying Defendants' Motion to Dismiss (ECF No. 5339), the Court held that "Plaintiff is not entitled to a presumption of reliance under [*Basic Inc.*

v. *Levinson*, 485 U.S. 224 (1988)] or under the fraud-created-the-market or fraud-on-the-regulatory-process theories" and held that "[t]he Court will, however, reconsider at the class certification stage whether Plaintiff may invoke a presumption of reliance under [*Affiliated Ute Citizens of Utah* v. *United States*, 406 U.S. 128 (1972)]."  If Plaintiff is able to demonstrate reliance on Defendants' alleged misstatements, the next step in this action should be for the Court to decide whether a class can be certified before the parties engage in burdensome and costly merits discovery.  In order for the parties (and the Court) to determine what amount of merits discovery is "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), it will first be necessary to determine whether this case is an individual action with relatively low amounts in controversy (*i.e.*, less than $70,000), or a class action, with potentially millions of dollars in controversy.

    At this time, there are no other issues that Defendants believe can be readily narrowed by agreement or by motion.

## 16.  EXPEDITED TRIAL PROCEDURE

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

    This Action cannot be appropriately handled under the Expedited Trial Procedure.

## 17.  SCHEDULING

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| ACTION | Plaintiff's Proposed Due Dates | Defendants' Proposed Due Dates |
|---|---|---|
| Exchange of Initial Disclosures | February 4, 2019 | February 4, 2019 |
| Summary Judgment Motion on Plaintiff's Reliance | | May 22, 2019 |
| Opposition to Summary Judgment on Reliance | 45 days following Defendants' filing of Motion for Summary Judgment | June 21, 2019 |

| ACTION | Plaintiff's Proposed Due Dates | Defendants' Proposed Due Dates |
|---|---|---|
| Reply to Summary Judgment on Reliance | 30 Days following Plaintiff's filing of Opposition to Motion for Summary Judgment | July 19, 2019 |
| Plaintiff's Class Certification Motion and Brief | August 9, 2019 | August 9, 2019 |
| Opposition To Class Certification Motion | September 23, 2019 (45 days after Motion) | December 9, 2019 |
| Reply In Support of Class Certification Motion: | November 7, 2019 (45 days after Opposition) | February 10, 2010 |
| Fact Discovery Cutoff | February 14, 2020 | June 12, 2020 |
| Expert Reports Exchanged | 60 days after Fact Discovery Cutoff | 60 days after Fact Discovery Cutoff |
| Rebuttal Expert Reports Exchanged | 45 days after exchange of Expert Reports | 60 days after exchange of Expert Reports |
| Expert Discovery Cutoff | 30 days after exchange of Rebuttal Reports | 30 days after exchange of Rebuttal Reports |
| Dispositive Motions & Opening Briefs (other than Summary Judgment on Plaintiff's Reliance): | 45 days after Expert Discovery Cutoff | 60 days after Expert Discovery Cutoff |
| Oppositions to Dispositive Motions: | 45 days after Opening Motions | 45 days after Opening Motions |
| Replies in Support of Dispositive Motions: | 30 days after Oppositions | 30 days after Oppositions |
| Pretrial Conference | As set by the Court | As set by the Court |
| Trial | As set by the Court | As set by the Court |

## 18. TRIAL

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The Action will be tried to a jury.   The parties are not currently in a position to estimate the length of trial, considering the early stage of discovery.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying*

*any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The parties required to do so have filed their certifications under Civil Local Rule 3-15. Plaintiff further hereby certifies that no persons, firms, partnerships, corporations, or other entities have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. Defendants VWAG, Martin Winterkorn, and Michael Horn hereby certify that no persons, firms, partnerships, corporations, or other entities are known by them to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. Defendants VWGoA, and VWGoAF hereby certify that their parent company, VWAG, is a publicly held corporation that owns more than 10% of the stock of VWGoA and VWGoAF.

### 20. PROFESSIONAL CONDUCT

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. OTHER

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties have incorporated their suggestions for expediting and streamlining the litigation in response to other topics in the Joint Case Management Statement.

Dated: February 19, 2019

Respectfully submitted,

/s/ *Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr. (*admitted pro hac vice*)
Sharon L. Nelles (*admitted pro hac vice*)
Suhana S. Han (*admitted pro hac vice*)
William H. Wagener (*admitted pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street

New York, New York 10004
Telephone:      (212) 558-4000
Facsimile:       (212) 558-3588

Laura Kabler Oswell (State Bar No. 241281)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:      (650) 461-5600
Facsimile:       (650) 461-5700

*Attorneys for Defendants Volkswagen AG,*
*Volkswagen Group of America, Inc.*
*and Volkswagen Group of America Finance, LLC*


/s/ *Joseph Gonzalez*
David Schertler (*admitted pro hac vice*)
Lisa Manning (*admitted pro hac vice*)
Joseph Gonzalez (*admitted pro hac vice*)
901 New York Avenue, N.W. Suite 500
Washington, DC 20001
Telephone:      (202) 628-4199
Facsimile:       (202) 628-4177

*Attorneys for Defendant Michael Horn*


/s/ *Christopher J. Stanley*
Gregory P. Joseph (*admitted pro hac vice*)
Peter R. Jerdee (*admitted pro hac vice*)
Christopher J. Stanley (*admitted pro hac vice*)
JOSEPH HAGE AARONSON LLC
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone:      (212) 407-1210
Facsimile:       (212) 407-1280

*Attorneys for Defendant Martin Winterkorn*


/s/ *Ian D. Berg*
Ian D. Berg (State Bar No. 263586)
Takeo A. Kellar (State Bar No. 234470)
ABRAHAM, FRUCHTER & TWERSKY, LLP
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone:      (858) 764-2580
Facsimile:       (858) 764-2582

*Attorneys for Plaintiff Puerto Rico Government*
*Employees and Judiciary Retirement Systems*
*Administration*