UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION_____/ | MDL No. 2672 CRB (JSC)<br><br>**ORDER DENYING MOTIONS TO REMAND** |
| This Order Relates To:<br>MDL Dkt. Nos. 3614, 3615, 3618, 3634<br><br>*Burke v. Volkswagen Group of America, Inc.*, No. 3:17-cv-0267-CRB<br><br>*Glenn v. Volkswagen Group of America, Inc.*, No. 3:17-cv-1008-CRB<br><br>*Hartenstein v. Volkswagen Group of America, Inc.*, No. 3:16-cv-6700-CRB<br><br>*Pennings v. Volkswagen Group of America, Inc.*, No. 3:17-cv-2104-CRB_____/ | |

Three individuals and one couple who opted out of the 2.0-liter class settlement are respectively the plaintiffs in *Burke*, *Glenn*, *Hartenstein*, and *Pennings*. They filed these cases against Volkswagen Group of America, Inc. ("VWGoA") in California state court, and VWGoA removed the cases to federal court. The cases were removed to the Central and Southern Districts of California and ultimately transferred to this Court as part of the above-captioned MDL. Plaintiffs share the same counsel, and their counsel has filed four motions to remand on their behalf. (*See* MDL Dkt. Nos. 3614, 3615, 3618, 3634.) This Order addresses those motions.

VWGoA removed the cases at issue on the basis of both federal question and diversity subject-matter jurisdiction. In their remand motions, Plaintiffs have argued only that the cases were not properly removed on the basis of federal-question jurisdiction. In other words, Plaintiffs have not made either a facial or factual challenge to diversity jurisdiction. *See Leite v. Crane Co.*,

749 F.3d 1117, 1121-22 (9th Cir. 2014) (summarizing the rules governing facial and factual challenges to subject-matter jurisdiction in the context of motions to remand). In their reply briefs, Plaintiffs have taken a different tack altogether, indirectly arguing that this Court, as the transferee district court in this MDL, should issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation on the basis that centralized proceedings have run their course and that the actions should be returned to the Central and Southern Districts of California. (*See generally* MDL Dkt. Nos. 4470 to 4473.)

To support removal, VWGoA need only provide "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), in which it "allege[s] the underlying facts supporting each of the requirements for removal jurisdiction," *Leite*, 749 F.3d at 1122. At a minimum, VWGoA has provided such a statement and alleged the necessary facts supporting removal on the basis of diversity jurisdiction.

District courts have diversity jurisdiction when (1) an action "is between . . . citizens of different States," and (2) the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). The allegations in VWGoA's notices of removal are sufficient to support that both of these requirements have been met. (*See, e.g.*, Pennings Notice of Removal, Case No. 3:17-cv-2104, Dkt. 1 ¶¶ 3-4 (alleging that Plaintiff is a citizen of California and that VWGoA is a citizen of New Jersey and Virginia); *id.* ¶¶ 7-9 (alleging that Plaintiff seeks to recover, among other things, "rescission of the sale contract" for her VW TDI diesel-engine car, punitive damages, and attorneys' fees, which together, under the circumstances, put more than $75,000 in dispute).) The Court therefore concludes that it has diversity subject-matter jurisdiction over the four cases at issue.

To the extent that Plaintiffs' motions are construed as requesting that this Court issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation, the Court declines to issue such an order at this time. In multidistrict litigation, remand to transferor district courts is appropriate "when centralized pretrial proceedings have run their course." *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) (citing *Lexecon, Inc. v. Milberg*, 523 U.S. 26, 34 (1998)). The centralized pretrial proceedings here have not yet

2

reached that point. To the contrary, continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary," all of which are factors the counsel against remand. *Diaz v. Ameriquest Mortg. Co.*, No. 05-C-7097, 2014 WL 26265, at *1 (N.D. Ill. Jan. 2, 2014) (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)). In due course, the Court will issue one or more scheduling orders governing further proceedings in these and other opt-out cases in this MDL.

Having concluded that there is diversity subject-matter jurisdiction over the four cases at issue and that centralized pretrial proceedings remain appropriate, the Court DENIES the ECF Nos. 3614, 3615, 3618, and 3634 motions to remand.

**IT IS SO ORDERED.**

Dated: February 27, 2019

CHARLES R. BREYER
United States District Judge