UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: MDL Dkt. Nos. 3597, 3611, 3641, 3653 _____/ | MDL No. 2672 CRB (JSC) **ORDER DENYING MOTIONS FOR A SUGGESTION OF REMAND** |

The ECF Nos. 3597, 3611, 3641, and 3653 motions were filed on behalf of certain plaintiffs who, for the most part, initiated cases against Volkswagen in federal courts outside of the Northern District of California and who had their cases transferred to this Court as part of the above-captioned MDL. In their motions, these plaintiffs have asked this Court, as the transferee district court, to issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation.[1]

The Court declines to issue a suggestion of remand at this time. In multidistrict litigation, remand to transferor district courts is appropriate "when centralized pretrial proceedings have run their course." *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) (citing *Lexecon, Inc. v. Milberg*, 523 U.S. 26, 34 (1998)). The centralized pretrial proceedings here have not yet reached that point. To the contrary, continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary," all of which are factors that counsel against remand. *Diaz v. Ameriquest Mortg. Co.*, No. 05-C-7097, 2014 WL 26265, at *1 (N.D. Ill. Jan. 2,

---

[1] Some of the cases covered by ECF No. 3597 were actually filed in the Northern District of California (*see, e.g.*, *Roark v. Volkswagen AG*, Case No. 3:16-cv-2097-CRB) and it is unclear which court Plaintiffs seek to have these cases transferred to. For the reasons that follow in this Order, the Court presently does not need to make such a determination.

2014) (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)).  The Court will issue one or more scheduling orders governing further proceedings in these cases in due course.

**IT IS SO ORDERED.**

Dated: February 27, 2019

CHARLES R. BREYER
United States District Judge