Raymond P. Boucher (SBN 115363)
Maria L. Weitz (SBN 268100)
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:  (818) 240-5400
Fax:  (818) 340-5401
ray@boucher.la
weitz@boucher.la

[Additional Counsel on Following Page]

Attorneys for *Saavedra* Plaintiffs
and the proposed Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Saavedra, et al. v. Volkswagen Aktiengesellschaft, et al.*,<br>     Case No. 3:16-cv-07214-CRB<br><br>*Gaines v. Volkswagen Group of America, Inc.*,<br>     Case No. 3:17-cv-01114-CRB. | Lead Case No. 3:15-md-02672-CRB<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY IN SALESPERSON LITIGATION AND SET DEADLINE FOR RESPONSIVE PLEADINGS TO PLAINTIFFS' CONSOLIDATED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          April 12, 2019<br>Time:          10:00 a.m.<br>Courtroom:   6 (17th Floor)<br>Judge:         Hon. Charles R. Breyer |

Todd M. Schneider (SBN 158253)
Carolyn Hunt Cottrell (SBN 166977)
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com

Sahag Majarian II (SBN 146621)
LAW OFFICES OF SAHAG MAJARIAN II
18250 Ventura Blvd.
Tarzana, California 91356
Tel:  (818) 609-0807
Fax: (818) 609-0892
sahagii@aol.com

Attorneys for *Saavedra* Plaintiffs and the proposed Class

Marcus J. Bradley (SBN 174156)
Kiley L. Grombacher (SBN 245960)
BRADLEY/GROMBACHER, LLP
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Tel: (805) 212-5124
Fax: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Justin Sterling (SBN 290642)
THE STERLING FIRM
9031 Phyllis Avenue, Suite 1
West Hollywood, California 90069
Tel: (310) 498-2750
Fax: (310) 734-7102

Robert C. Hayden (SBN 84816)
Richard E. Williamson (SBN 120368)
EZER WILLIAMSON LAW, A PROFESSIONAL CORPORATION
21515 Hawthorne Boulevard, Suite 1150
Torrance, California 90503
rch@ezerwilliamsonlaw.com
rew@ezerwilliamsonlaw.com
Tel: (310) 277-7747
Fax: (310) 277-2576

Attorneys for *Gaines* Plaintiff and the proposed Class

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, on April 12, 2019 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Charles R. Breyer of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Robert Saavedra, Armando Rodriguez and Mickey Gaines, on behalf of themselves and all others similarly situated ("Plaintiffs"), will and hereby do move this Court to lift the stay in this consolidated action (the "Salesperson litigation"). The stay, which was implemented pursuant to the Court's Pretrial Order No. 1, sets an indefinite extension for Defendants to file responsive pleadings to Plaintiffs' Consolidated Class Action Complaint and prevents Plaintiffs from serving discovery.

The initial complaints in this consolidated action were filed on December 16, 2016 and March 3, 2017, respectively. The actions were consolidated pursuant to Federal Rule of Civil Procedure 42 on May 15, 2018. *See* Order Consolidating Volkswagen Salesperson Actions, [ECF Dkt. No. 5043]. Plaintiffs filed their Consolidated Class Action Complaint on May 22, 2018. [ECF Dkt. No. 5053]. Plaintiffs' counsel were appointed as Interim Lead Counsel for the Salesperson litigation on June 7, 2018. [ECF Dkt. No. 5077]. Given the passage of time since filing their pleadings, Plaintiffs respectfully request that the Court lift the stay as it applies to the Salesperson litigation, and set a deadline for Defendants to file responsive pleadings to Plaintiffs' Consolidated Class Action Complaint.

This motion is based upon this Notice of Motion, Plaintiffs' Memorandum of Points and Authorities, the accompanying Declaration of Raymond P. Boucher, and all pleadings and records on file in this action, and such other evidence and argument that the Court may permit the parties to present.

Date: March 8, 2019

/s/ *Carolyn Hunt Cottrell*
Carolyn Hunt Cottrell

Todd M. Schneider
Carolyn Hunt Cottrell
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY IN SALESPERSON LITIGATION AND
SET DEADLINE FOR RESPONSIVE PLEADINGS TO PLAINTIFFS' CONSOLIDATED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. 3:15-md-02672-CRB

1

2

3   Date: March 8, 2019

4                                         /s/ *Raymond P. Boucher*
                                          Raymond P. Boucher

5                                         Raymond P. Boucher
                                          Maria L. Weitz
6                                         BOUCHER LLP

7

8   Date: March 8, 2019

9                                         /s/ *Marcus J. Bradley*
                                          Marcus J. Bradley

10                                        Marcus J. Bradley
                                          Kiley L. Grombacher
11                                        BRADLEY GROMBACHER, LLP

12                                        Attorneys for Plaintiffs and the proposed Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

Plaintiffs Robert Saavedra, Armando Rodriguez and Mickey Gaines, on behalf of themselves and all others similarly situated ("Plaintiffs"), request that the Court lift the stay as it applies to this consolidated action (the "Salesperson litigation"), and set a deadline for Defendants to file responsive pleadings to Plaintiffs' Consolidated Class Action Complaint [ECF Dkt. No. 5053]. The stay, which was implemented pursuant to the Court's Pretrial Order No. 1, sets an indefinite extension for Defendants to file responsive pleadings to Complaint and prevents Plaintiffs from serving discovery. Given that the underlying actions have been pending for over two years, Plaintiffs respectfully submit that litigation of the Salesperson claims should move forward.

The Salesperson litigation results from the consolidation of two underlying putative class actions—*Saavedra, et al. v. Volkswagen Aktiengesellschaft, et al.* (Case No. 3:16-cv-07214-CRB) ("*Saavedra*") and *Gaines v. Volkwagen Group of America, Inc.* (Case No. 3:17-cv-01114-CRB) ("*Gaines*"). These actions were filed on December 16, 2016 and March 3, 2017, respectively. Counsel for the Plaintiffs in each case agreed to jointly prosecute the cases, which resulted in consolidation and the filing of Plaintiffs' Consolidated Class Action Complaint on May 22, 2018. The Consolidated Class Action Complaint alleges that Volkswagen salespersons experienced a substantial decrease in compensation as a result of the Volkswagen diesel emissions cheating scandal. The claims alleged by the Plaintiffs on behalf of themselves and the putative class have not been the subject of any prior litigation or settlement.

Plaintiffs' Consolidated Class Action Complaint has been pending for over nine months. Plaintiffs anticipate that some or all of the Defendants in these actions will respond to their Complaint with motions under Federal Rule of Civil Procedure 12. At present, however, these pleading challenges may not be heard and Plaintiffs may not serve discovery, due to the automatic stay pursuant to Pretrial Order No. 1. Plaintiffs respectfully acknowledge the extensive amounts of time and resources that this Court devotes to the Clean Diesel proceeding, but Plaintiffs also seek their day in Court after their considerable efforts to initiate the Salesperson litigation. As detailed below, while continuance of the stay will undoubtedly

1  prejudice the Plaintiffs, no prejudice will befall Defendants by requiring them to undertake the

2  inevitable task of responding to the Consolidated Class Action Complaint and Plaintiffs'

3  discovery requests. For these reasons, and as set forth hereinafter, Plaintiffs respectfully request

4  that the Court lift the stay as it applies to the Salesperson litigation and set a deadline for

5  Defendants to file responsive pleadings to Plaintiffs' Consolidated Class Action Complaint.

6  **II.    PROCEDURAL BACKGROUND**

7  Plaintiffs Robert Saavedra and Armando Rodriguez filed the *Saavedra* action in this Court

8  on December 16, 2016. [*Saavedra* ECF Dkt. No. 1.] Plaintiff Mickey Gaines filed the *Gaines*

9  action on March 3, 2017. [*Gaines* ECF Dkt. No. 1.] Upon filing, the *Saavedra* and *Gaines* actions

10  were automatically consolidated within the *In re: Volkswagen "Clean Diesel" Marketing, Sales*

11  *Practices, and Products Liability Litigation* MDL proceeding. Plaintiffs have completed service

12  of process for all domestic and international Defendants.[1]

13  On March 29, 2018, the *Saavedra* Plaintiffs and Plaintiff Gaines filed a Joint Status

14  Report and Request to Lift Stay, in which they requested that the Court lift the stay imposed on

15  _____

16  [1] The *Saavedra* Plaintiffs served the initial *Saavedra* complaint on domestic defendants Volkswagen Group of America, Inc. and Robert Bosch LLC on March 3, 2017.

17  [*Saavedra* ECF Dkt. Nos. 30, 31.] The *Saavedra* Plaintiffs served the remaining defendants, who are German entities and individuals, via the Hague Convention on the

18  Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") from March to August 2017. The *Saavedra* Plaintiffs served the initial *Saavedra* complaint on Matthias Müller on or about March 14, 2017; Volkswagen

19  Aktiengesellschaft, Audi Aktiengesellschaft, and Rupert Stadler on or about April 11, 2017; Robert Bosch GmbH on or about May 10, 2017; Volkmar Denner on or about June

20  21, 2017; Martin Winterkorn on or about June 26, 2017; and Dr. Ing. h.c. F. Porsche Aktiengesellschaft on or about August 2, 2017. [*Saavedra* ECF Dkt. Nos. 33, 35-41.] The

21  *Saavedra* Plaintiffs dismissed Michael Horn, the sole unserved Defendant, without prejudice on March 12, 2018. [*Saavedra* ECF Dkt. No. 42.] Plaintiff Gaines served the

22  initial *Gaines* complaint on Volkswagen Group of America, Inc. and Robert Bosch LLC on March 28, 2017. [*Gaines* ECF Dkt. No. 6, 7.] Plaintiff Gaines served German Defendants

23  Volkswagen Aktiengesellschaft and Robert Bosch GmbH via the Hague Convention on June 2, 2017 and June 27, 2017, respectively. [*Gaines* ECF Dkt. Nos. 8, 9.] The

24  Consolidated Class Action Complaint was served on Volkswagen Aktiengesellschaft, Volkswagen Group of America, Inc., Audi Aktiengesellschaft, and Dr. Ing. h.c. F. Porsche

25  Aktiengesellschaft via the ECF system pursuant to Federal Rule of Civil Procedure 5. All of these entities have appeared in this consolidated action and filed a joint response to the

26  Salesperson Plaintiffs' Joint Status Report. [ECF Dkt. No. 4976.]

27  -2-

28  PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY IN SALESPERSON LITIGATION AND
SET DEADLINE FOR RESPONSIVE PLEADINGS TO PLAINTIFFS' CONSOLIDATED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. 3:15-md-02672-CRB

their respective action. [ECF Dkt. No. 4950.[2]] In turn, Defendants' filed their Response to Plaintiffs' Joint Status Report and Request to Lift to Stay ("Defendants' Response"). [ECF Dkt. No. 4976]. In Defendants' Response, Defendants argued that Plaintiffs' request to lift the stay in the Volkswagen Salespersons actions was premature because Plaintiffs had yet to file a motion to consolidate the actions pursuant to Federal Rule of Civil Procedure 42(a) or file a motion to be appointed interim lead counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). *Id.* Defendants asserted that until and unless these threshold motions were filed and decided, the stay should remain in place, and Defendants should not be required to respond to either the *Saavedra* or *Gaines* actions. *Id.*

Subsequently, counsel for the *Saavedra* Plaintiffs and Plaintiff Gaines agreed to consolidate the Salesperson actions and requested that the Court consolidate the two cases pursuant to Federal Rule of Civil Procedure 42. [*See* ECF Dkt. No. 5039.] On May 15, 2018, this Court ruled upon Plaintiffs' request and consolidated the Volkswagen Salespersons actions. [ECF Dkt. No. 5043.] The Court also ordered Plaintiffs to file a consolidated complaint and a motion for appointment of Interim Lead Counsel within seven days of the Order. *Id.* On May 22, 2018, Plaintiffs filed the Consolidated Class Action Complaint. [ECF Dkt. No. 5053.]

Plaintiffs filed their Motion to Appoint Interim Lead Counsel in Salesperson Litigation, in which they requested appointment of their attorneys to represent the Salespersons on an interim basis, on May 22, 2019. [ECF Dkt. No. 5052.]   On June 7, 2018, the Court entered an Order appointing Boucher LLP, Schneider Wallace Cottrell Konecky Wotkyns LLP, Bradley/Grombacher LLP and the Law Offices of Sahag Majarian II as Interim Lead Counsel for the putative Class alleged in Plaintiffs' Consolidated Complaint. [ECF Dkt. No. 5077].

Despite these proceedings, the indefinite stay for Defendants' responsive pleadings and service of discovery remains in place. Pretrial Order No. 1 provides that "[d]efendants are granted an extension of time for responding by motion or answer to the complaints [in the MDL] until a date to be set by this Court," and further orders that "all outstanding discovery proceedings are

---

[2] References are to the MDL docket, unless otherwise indicated.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY IN SALESPERSON LITIGATION AND SET DEADLINE FOR RESPONSIVE PLEADINGS TO PLAINTIFFS' CONSOLIDATED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. 3:15-md-02672-CRB

1  stayed, and no further discovery shall be initiated." Pretrial Order No. 1, ¶ 9. Accordingly, no

2  litigation has proceeded since the filing of the Consolidated Class Action Complaint and

3  appointment of interim lead counsel.

### III.    ARGUMENT

#### A.    The Court Has Authority to Lift the Stay

Trial courts have the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co*., 370 U.S. 626, 630–31 (1962). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003), citing *Airline Pilots Ass'n v. Miller*, 523, U.S. 866, 879 n. 6 (1998) (internal citations omitted). "Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Id*. The Supreme Court in *Landis v. N. Am. Co* "cautions that 'if there is even a fair possibility that the stay … will work damage to someone else,' the stay may be inappropriate absent a showing … of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936).)

#### B.    Continuing the Stay Prejudices Plaintiffs, While Lifting the Stay Will Not Harm Defendants

Deciding whether to stay an action "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254-55. "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).

"Generally, stays should not be indefinite in nature," and "[i]f a stay is especially long or its term is indefinite," a greater showing is required to justify it. *Dependable Highway Exp., Inc.,*

-4-

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY IN SALESPERSON LITIGATION AND
SET DEADLINE FOR RESPONSIVE PLEADINGS TO PLAINTIFFS' CONSOLIDATED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
Lead Case No. 3:15-md-02672-CRB

498 F.3d at 1066; *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). In such case, as here, the court must balance "the hardship and inequity of allowing the action to proceed with 'the ossification of rights which attends inordinate delay.'" *Fujian Pac. Elec. Co. v. Bechtel Power Corp.*, 2004 WL 2645974, at *2 (N.D. Cal. Nov. 19, 2004) (quoting *Yong*, 208 F.3d at 1119); c.f. *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 202 (5th Cir. 1983) ("Federal courts exist to decide controversy. Those who have, in the common parlance, a 'federal case' deserve its prompt adjudication. Therefore, it is the duty of a district court not to sidestep or delay decision.").

Here, the underlying actions have been pending for over two years, and the actions have been consolidated for over nine months, without any meaningful litigation. Defendants cannot argue that they will suffer harm as a result of lifting the stay.  It is axiomatic that Defendants will suffer no harm in having to respond to the Complaint and in having to respond to discovery, as such tasks are an inevitability. The claims and allegations in this consolidated action are not presently being litigated in this or any other forum, nor have they been the subject of any settlement. There is simply no justification to delay litigation in this action, from the perspective of the parties. Moreover, Plaintiffs anticipate that some or all Defendants will respond to the Complaint with Rule 12 motions. Plaintiffs are committed to resolving any such motions as soon as possible, and no judicial economy or efficiency is gained by maintaining the stay.

On the other hand, Plaintiffs are suffering and will continue to suffer prejudice if the stay is maintained. Courts have held that further stays may prejudice Plaintiffs as they can result in loss of evidence and unavailability of witnesses.  *See, e.g.*, *Telemac Corp v. Teledigital, Inc.*, 450 F. Supp 2d 1107, 1111 (N.D. Cal. 2006) ("further delay could lead to further loss of information."). With facets of the Clean Diesel MDL otherwise proceeding and/or settled, while the instant case remains stayed, Plaintiffs are at a severe disadvantage. As time passes and other MDL cases resolve, further delay could lead to the loss of potential witnesses and/or evidence. The public interest is best served by the timely resolution of disputes—not an indefinite stay that allows Defendants to delay the adjudication of their conduct. Therefore, Plaintiffs respectfully request that this Court immediately lift the stay.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court lift the stay as it applies to the Salesperson litigation, and set a deadline for Defendants to file responsive pleadings to Plaintiffs' Consolidated Class Action Complaint.

Date: March 8, 2019

/s/ *Carolyn Hunt Cottrell*
Carolyn Hunt Cottrell

Todd M. Schneider
Carolyn Hunt Cottrell
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

Date: March 8, 2019

/s/ *Raymond P. Boucher*
Raymond P. Boucher

Raymond P. Boucher
Maria L. Weitz
BOUCHER LLP

Date: March 8, 2019

/s/ *Marcus J. Bradley*
Marcus J. Bradley

Marcus J. Bradley
Kiley L. Grombacher
BRADLEY GROMBACHER, LLP

Attorneys for Plaintiffs and the proposed Class

**SIGNATORY ATTESTATION**

The e-filing attorney hereby attests that concurrence in the content of the foregoing document and authorization to file the foregoing document has been obtained from the other signatories indicated by a conformed signature (/s/) within the foregoing e-filed document.

Date: March 8, 2019

/s/ *Raymond P. Boucher*
Raymond P. Boucher

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, in *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* (Case No. 3:15-md-02672-CRB) and *Saavedra, et al. v. Volkswagen Aktiengesellschaft, et al.* (Case No. 3:16-cv-07214-CRB) by using the Court's CM/ECF system on March 8, 2019. Service will be accomplished by the Court's CM/ECF system.

Date: March 8, 2019

/s/ *Raymond P. Boucher*
Raymond P. Boucher