UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/ This Order Relates To: ECF No. 5989 *Estenssoro v. VWGoA*, No. 3:17-cv-2724-CRB *Frech v. VWGoA*, No. 3:17-cv-4250-CRB *Hightower v. VWGoA*, No. 3:17-cv-3369-CRB *Laub v. VWGoA*, No. 3:17-cv-4512-CRB *Montes v. VWGoA*, No. 3:17-cv-0729-CRB *Pantoja v. VWGoA*, No. 3:17-cv-2305-CRB *Sanwick v. VWGoA*, No. 3:17-cv-3032-CRB ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL RECONSIDERATION AND AMENDING ECF NO. 5977 (ORDER GRANTING MOTION TO REMAND)** |

Last Friday, March 8, 2019, the Court issued an Order addressing ECF No. 3631, a motion to remand 184 cases to California state court. In the Order, the Court explained that the 184 cases at issue were removed by Volkswagen Group of America, Inc. ("VWGoA") and California-based dealership defendants only on the basis of federal-question jurisdiction, under 28 U.S.C. § 1331. After determining that the cases would not necessarily raise a federal question, the Court concluded that subject-matter jurisdiction was lacking and granted the motion to remand. (*See* ECF No. 5977.)

Yesterday, March 11, 2019, VWGoA filed a motion for leave to file a motion for partial reconsideration of the Court's March 8 Order. In its motion, VWGoA states that seven of the 184 cases that were covered by the ECF No. 3631 remand motion were removed based on diversity jurisdiction, under 28 U.S.C. § 1332(a), or based on both federal-question and diversity jurisdiction. As to those seven cases, VWGoA has asked the Court to reconsider whether remand is appropriate.

The Court has reviewed the record and has confirmed that VWGoA is correct. The seven cases VWGoA has identified, which were among the 184 cases subject to the ECF No. 3631 remand motion, and which are listed in the caption to this Order, were each removed based on diversity jurisdiction or based on both federal-question and diversity jurisdiction. California-based dealerships are not named as defendants in these cases. The Court overlooked these facts in its March 8 Order as the parties' briefs did not bring them to the Court's attention.

For six of the seven cases identified, the Court in fact has already determined that it has diversity jurisdiction over them. These six were among 39 cases covered by two separate remand motions that the Court previously denied, on February 19, 2019, which were filed by the same counsel who filed the ECF No. 3631 remand motion. (*See* ECF No. 3654-1 (listing *Estenssoro*, *Hightower*, *Montes*, and *Pantoja* among the 34 cases covered by the ECF No. 3654 remand motion); ECF No. 3647-1 (listing *Frech* and *Sanwick* among the five cases covered by the ECF No. 3647 remand motion); ECF Nos. 5904, 5905 (orders denying the ECF Nos. 3654 and 3647 remand motions (the "February 19 Orders")).) These six cases appear to have been mistakenly listed by Plaintiffs' counsel in multiple remand motions. The Court confirms here that, for the reasons stated in the February 19 Orders, it has diversity jurisdiction over these six cases.

For the last of the seven cases, *Laub*, the Court holds that it has diversity jurisdiction over it. The notice of removal in *Laub*, and the *Laub* complaint's factual allegations, causes of actions, and requests for relief mirror those in the 39 cases that were addressed in the February 19 Orders. Thus, for the same reasons articulated in those Orders, § 1332(a)'s complete diversity and amount-in-controversy requirements are satisfied.[1]

---

[1] The only difference of note with *Laub* is that unlike the 39 cases that were addressed in the February 19 Orders, VWGoA has not offered evidence of the amount that the plaintiff in *Laub* paid to purchase his car, a "new 2014 Volkswagen Passat TDI." (*Laub*, ECF No. 1-2, Compl. ¶ 7.) But VWGoA has offered evidence of the amounts that plaintiffs in other opt-out cases paid to buy new cars of the same make, model, and model year. Those amounts range from $24,838 to $31,690. (*See* Lytle Decl., Ex. A, ECF No. 5834-3.) Using the low end of these purchase-price estimates and the amount-in-controversy formula that the Court used in the February 19 Orders, the amount in controversy in *Laub* exceeds the $75,000 threshold for diversity jurisdiction under § 1332(a).

Notwithstanding the Court's March 8 Order, the seven cases identified in the caption to this Order shall not be remanded to California state court. The Court has diversity jurisdiction over these cases. VWGoA's motion for partial reconsideration of the March 8 Order is GRANTED and the March 8 Order is hereby amended.[2]

**IT IS SO ORDERED.**

Dated: March 12, 2019

CHARLES R. BREYER
United States District Judge

---

[2] VWGoA's motion, in accordance with Civil Local Rule 7–9, is styled as a motion for leave to file a motion for reconsideration. Because the error in question has been sufficiently identified in the motion for leave, no additional filing is necessary.

3