UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC)<br><br>**ORDER GRANTING MOTION TO REMAND** |
| This Order Relates To:<br>MDL Dkt. No. 3800<br><br>*Ballariano*, No. 3:17-cv-5153-CRB | |

For a case to be removed on diversity jurisdiction grounds, there must be complete diversity of citizenship when the case is filed and when the case is removed. *See Grancare, LLC v. Mills ex rel. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (explaining the complete-diversity requirement); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002) (explaining when diversity jurisdiction must exist).

In a pending motion to remand, plaintiffs in *Ballariano* assert that complete diversity was lacking when defendant Volkswagen Group of America, Inc. ("VWGoA") removed their case. VWGoA removed *Ballariano* on August 16, 2017. At that time, one of the plaintiffs, Jo-Anne Beveridge, states that she was living in, and was a citizen of, Virginia, which is a state where VWGoA was also a citizen at the time of removal. She states that she had lived in and had been a citizen of Virginia since September 1, 2016. (*See* Beveridge Decl. ¶¶ 2-5, MDL Dkt. No. 3800-2.)

VWGoA contends that "[w]hether Beveridge has moved [from Texas to Virginia] is immaterial, as there was complete diversity among the parties at the time of VWGoA's removal of the *Ballariano* action." (Opp'n, MDL Dkt. No. 4237 at 8 n.8.) To the contrary, Ms. Beveridge's declaration supports that there was *not* complete diversity at the time of removal. Her declaration

1   supports that she had been living in, and had been a citizen of, Virginia for almost a year prior to
2   removal.
3       VWGoA notes that Ms. Beveridge was identified as a resident of Texas in both the original
4   complaint, which was filed on October 12, 2015, and in the operative complaint, which was filed
5   on August 14, 2017, two days before removal. (*See Ballariano*, No. 3:17-cv-5153, Dkt. No. 1-7,
6   Original Compl. ¶ 6; *id.*, Dkt. No. 1-17, Second Amended Compl. ¶ 10.) VWGoA contends that
7   these allegations support that Ms. Beveridge was a citizen of Texas when the case began and at the
8   time of removal.
9       There is a discrepancy between the operative complaint and Ms. Beveridge's declaration.
10  The operative complaint alleges that as of August 14, 2017, Ms. Beveridge was a resident of
11  Texas. In contrast, her declaration states that as of September 1, 2016, and continuing through the
12  date that she signed her declaration, September 11, 2017, she was a resident and citizen of
13  Virginia. Plaintiffs have addressed the discrepancy in their motion, however, explaining that Ms.
14  Beveridge "was inadvertently and mistakenly identified as a citizen of Texas in the [operative
15  complaint]," and stating that her declaration "corrects this mistake." (Mot., MDL Dkt. No. 3800-1
16  at 17.) VWGoA, in its opposition, did not take issue with this explanation or otherwise request
17  jurisdictional discovery.
18      With respect to Ms. Beveridge's citizenship, her declaration is more probative than the
19  operative complaint. Her declaration supports that at the time of removal she was a citizen of the
20  same state as defendant VWGoA. At the time of removal, then, "each plaintiff [was not] of a
21  different citizenship from each defendant." *Grancare*, 889 F.3d at 548. Complete diversity is
22  therefore lacking, which means that this Court lacks diversity jurisdiction over the case.
23      VWGoA alternatively argues that remand should be denied because there is federal-
24  question jurisdiction. *See* 28 U.S.C. § 1331. VWGoA removed *Ballariano* based only on
25  diversity jurisdiction. Because diversity jurisdiction is lacking, the case was not properly
26  removed, and the Court cannot now consider a ground for removal that VWGoA did not identify
27  in its notice of removal. *See ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*
28  *of Mont.*, 213 F.3d 1108, 1116-17 (9th Cir. 2000) (holding that if the defendant's notice of

removal does not identify a valid ground for removal, then the defendant cannot assert a different ground for removal in opposition to a motion to remand).

The motion to remand is GRANTED.[1]

**IT IS SO ORDERED.**

Dated: March 28, 2019

CHARLES R. BREYER
United States District Judge

---

[1] Because the Court has concluded that it does not have subject-matter jurisdiction over *Ballariano*, it need not consider a separate argument raised by Plaintiffs: that their case should be remanded because VWGoA removed the case based on diversity jurisdiction outside of the one-year window for removal set forth in 28 U.S.C. § 1446(c)(1).