UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) **ORDER GRANTING MOTION TO REMAND** |
| This Order Relates To: MDL Dkt. No. 3516 *Banda v. VWGoA*, No. 3:16-cv-3111-CRB | |

Plaintiffs in *Banda*, Ramiro Banda and Belinda Puente, purchased a Volkswagen TDI diesel-engine car in Texas in 2014. After they learned that the car used a defeat device to evade emission standards, they filed suit in Texas state court against Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG ("VW AG"), and Payne Dealer Group Management Company ("Payne DGMC"). In their complaint, Plaintiffs allege that Payne DGMC did business as Payne Mission, which was the dealership where they bought their TDI car. (*See Banda*, No. 3:16-cv-3111, Dkt. No. 1-5, Compl. ¶¶ 3, 9.)

VWGoA removed Plaintiffs' suit based on diversity jurisdiction. In doing so, VWGoA acknowledged that Plaintiffs and Payne DGMC are alleged to be citizens of the same state—a fact that would normally make diversity jurisdiction inapplicable. *See Grancare, LLC v. Mills ex rel. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (explaining that "[d]iversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant"). But VWGoA has argued that Payne DGMC's presence in the case should be ignored because Payne DGMC was fraudulently joined to defeat diversity.

In a pending motion to remand, Plaintiffs have argued that Payne DGMC was not

fraudulently joined, that Payne DGMC's citizenship must therefore be considered, and that Payne DGMC's citizenship defeats complete diversity.

\* \* \*

To establish diversity jurisdiction on grounds of fraudulent joinder, the defendant bears "a heavy burden." *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). The defendant must prove either that the plaintiff committed "actual fraud in the pleading of jurisdictional facts," or that there is no "possibility that a state court would find that the complaint states a cause of action against any of the [nondiverse] defendants." *Id.* (emphasis omitted) (quoting *Hunter*, 582 F.3d at 1044, 1046).

VWGoA has not argued that Plaintiffs committed actual fraud in pleading their jurisdictional facts. Nor has VWGoA argued that Plaintiffs cannot possibly state a cause of action against the entity (or entities) that sold them their TDI car. Instead, VWGoA argues that Payne DGMC is not such an entity, so there is no possibility that Plaintiffs can state a cause of action against Payne DGMC.

"Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). Here, both sides have submitted such evidence in support of their respective positions.

1. VWGoA's evidence

VWGoA has submitted an affidavit by Jerry Garza. (*See Banda*, No. 3:16-cv-3111, Dkt. No. 1-11, Garza Aff.) Mr. Garza states that he is an Office Manager for Payne DGMC, that Payne DGMC is not a car dealership and has never done business as "Payne Mission," that Payne DGMC was created "for the primary purpose of purchasing various insurance policies for the dealership," that Payne DGMC has no involvement "in the sales, marketing, or advertising of Volkswagen vehicles," and that Payne DGMC "does not direct, supervise, or control any person or entity with the authority to sell, market, [or] advertise . . . vehicles." (Garza Aff. ¶¶ 2, 5-6, 8.)

2. Plaintiffs' evidence

Plaintiffs have submitted an affidavit by plaintiff Ramiro Banda and several accompanying documents. One of those documents is an Assumed Name Certificate from the Secretary of State of Texas, which states that the legal entity Payne DGMC operates under the "assumed name" of Payne Auto Group Valleywide. (MDL Dkt. No. 3516-12.)

Mr. Banda states in his affidavit that, to the best of his knowledge, he purchased the TDI car in question from "the Payne Auto Group." (MDL Dkt. No. 3516-13, Banda Aff. at 1.) He explains that "[t]he Payne Auto Group advertises throughout the lower Rio Grande Valley" and "claims that it has several different dealerships operating under its name." (*Id.*) "One of those is the location [where] I purchased the subject vehicle. That location is Payne Mission." (*Id.*)

To demonstrate a connection between the Payne Auto Group and Payne Mission, Mr. Banda also states that when he went to Payne Mission to purchase the car in question, "the salesman and the manager both referred to their employer as the Payne Auto Group." (*Id.*) Mr. Banda has also submitted a one-page document that he received when he purchased his car. (MDL Dkt. No. 3516-14.) The document congratulates him on the purchase and highlights "The Payne Promise," a two-year maintenance program. In the top left corner of the document is the web address payneautogroup.com. At the bottom of the page, Mr. Banda's name appears under the header "Buyer," and Payne Mission appears under the header "Selling Dealer." (*Id.*)

Mr. Banda also explains that when he began shopping for a new car, he looked up the Payne Auto Group on their website, and that the website "indicate[d] that Payne Auto Group owns several dealerships throughout southern Texas; one of which is Payne Mission." (Banda Aff. at 2.) With his affidavit, Mr. Banda has included a printout of several pages from the Payne Auto Group's website. (*See* MDL Dkt. No. 3516-15.) The first page reads: "Payne Auto Group has the vehicles that you want and need . . . . Our dealerships are spread all throughout Southern Texas . . . . We have dealerships in Brownsville, Mission, Weslaco, and Rio Grande City . . . ." (*Id.* at 1.)

Finally, Mr. Banda explains that his car experienced repeated mechanical problems after he bought it, and that he "spoke with a manager at Payne Mission" about the difficulties. (Banda Aff. at 2.) The manager informed him "that I could go to any of the dealerships owned by Payne Auto

Group and pick an alternative vehicle if I wanted to trade vehicles." (*Id.*)

No objections to any of the evidence have been raised.

3. <u>Evaluating the evidence</u>

The disputed question is whether Payne DGMC had any involvement in selling the TDI car in question to Plaintiffs. On this question, the evidence is split. VWGoA's evidence supports that Payne DGMC had no such involvement, while Plaintiffs' evidence supports the opposition conclusion.

On the one hand is the testimony of Mr. Garza, Payne DGMC's Office Manager. He states that Payne DGMC had no involvement in selling the TDI car that Plaintiffs bought at Payne Mission. Payne DGMC, according to Mr. Garza, was created to purchase insurance policies for the Payne dealerships, not to sell cars.

On the other hand is Mr. Banda's testimony and his supporting documentary evidence. Mr. Banda states that the salesman and the manager who sold him the car in question worked for the Payne Auto Group, and Mr. Banda's documentary evidence supports that Payne DGMC does business as the Payne Auto Group. His testimony and documentary evidence also support that the Payne Auto Group operates a family of auto dealerships in Texas, and that one of those dealerships is Payne Mission, which is where Mr. Banda purchased his TDI car.

When considering a claim of fraudulent joinder, the Court "must resolve all disputed questions of fact in favor of the Plaintiff." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998); *accord Crone v. Pfizer, Inc.*, No. C-04-02552 MJJ, 2004 WL 1946386, at *6 (N.D. Cal. Sept. 1, 2004). Here, that means the Court must take as true the evidence supporting that Payne DGMC does business as the Payne Auto Group, and that the Payne Auto Group runs Payne Mission and employs Payne Mission's sales staff. Taken together, these facts support that Payne DGMC, through the Payne Auto Group and its staff, was involved in selling the TDI car in question to Plaintiffs.

As noted above, VWGoA has not argued that Plaintiffs cannot maintain a cause of action against the entity (or entities) that sold them their TDI car. Under the circumstances, then, the Court cannot conclude that there is "no possibility" that the complaint states a cause of action

4

against Payne DGMC.  *Grancare*, 889 F.3d at 551.  VWGoA has thus failed to carry its heavy burden of proving fraudulent joinder.

* * *

Complete diversity of citizenship is lacking because the allegations support that Plaintiffs and defendant Payne DGMC are citizens of the same state.  The Court therefore concludes that it lacks subject-matter jurisdiction and GRANTS the motion to remand.

**IT IS SO ORDERED.**

Dated: April 1, 2019

CHARLES R. BREYER
United States District Judge