United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) |
| | **ORDER GRANTING MOTION TO REMAND** |

This Order Relates To:
MDL Dkt. No. 3642

*Brooks*, No. 3:17-cv-3308-CRB

Plaintiffs in the above-captioned case are a couple who bought a Volkswagen TDI diesel-engine car. They filed their case in Florida state court and named Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG ("VW AG"), and Direct B, LLC, d/b/a/ Brandon Volkswagen as defendants. VWGoA removed the case to federal court based on federal-question jurisdiction. Pending now is Plaintiffs' motion to remand their case to state court. The Court GRANTS the motion.

**1.** Plaintiffs' complaint is materially the same as complaints that the Court examined in a recent Order in which it held that it lacked federal-question jurisdiction. (*See* MDL Dkt. No. 5977, *as amended by* MDL Dkt. No. 5994.) The Court adopts the same reasoning here; it does not have federal-question jurisdiction over Plaintiffs' case.

**2.** VWGoA argues that removal was alternatively appropriate on the basis of diversity jurisdiction. VWGoA removed Plaintiffs' case only based on federal-question jurisdiction. Because federal-question jurisdiction is lacking, Plaintiffs' case was not properly removed, and the Court cannot now consider a ground for removal that VWGoA did not identify in its notice of removal. *See ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213

F.3d 1108, 1116-17 (9th Cir. 2000) (holding that if the defendant's notice of removal does not identify a valid ground for removal, then the defendant cannot assert a different ground for removal in opposition to a motion to remand).

The Ninth Circuit's decision in *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006), does not warrant a different conclusion. The court held there that if the defendant's removal notice identifies a *valid* ground for removal, then even if that ground for removal disappears (e.g., if the basis for removal was federal-question jurisdiction and all federal claims are later dismissed), the district court must retain jurisdiction on any other ground apparent from the complaint, even if that ground was not identified in the notice of removal. *See id.* at 976-77. Because VWGoA did not identify a valid basis for removal in its removal notice, *Williams* does not apply, and the Court cannot now consider a separate ground for removal that VWGoA raised for the first time in opposition to Plaintiffs' motion to remand.

The Clerk of the Court shall remand the above-captioned case to the state court where it was filed.

**IT IS SO ORDERED.**

Dated: April 5, 2019

CHARLES R. BREYER
United States District Judge