UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

MDL No. 2672 CRB (JSC)

**ORDER GRANTING MOTION TO REMAND**

This Order Relates To:
MDL Dkt. No. 3640

*McGowan*, 3:16-cv-3204-CRB
*McGowan*, 3:16-cv-4742-CRB
_____/

Edward Robert McGowan is an individual who bought a Volkswagen TDI diesel-engine car in 2010. After he learned that the car used a defeat device to evade emission standards, he filed suit in Louisiana state court against Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG ("VW AG"), and VW Credit Leasing, LTD ("VW Credit"). VW AG and VW Credit each filed a notice of removal, and VWGoA consented to removal.[1] Defendants alleged in their notices that removal was appropriate based on federal question and diversity jurisdiction.

Pending now is Plaintiff's motion to remand his case to state court. The Court GRANTS the motion.

**1.** Plaintiff's complaint is materially the same as complaints that the Court examined in a recent Order in which it held that it lacked federal-question jurisdiction. (*See* MDL Dkt. No. 5977, *as amended by* MDL Dkt. No. 5994.) The Court adopts the same reasoning here; it does not

---

[1] Each notice of removal generated its own federal case number, which is why there are two *McGowan* cases even though there is only one *McGowan* complaint. The Court refers to "Plaintiff's case," singular, given that there is only one complaint.

have federal-question jurisdiction over Plaintiff's case.

**2.** Although Defendants also removed Plaintiff's case based on diversity jurisdiction, they have since acknowledged that diversity jurisdiction is lacking. (*See* Opp'n, MDL Dkt. No. 4232 at 26 n.28 (explaining that *McGowan* should be excluded from consideration "as a Diversity Case" because Plaintiff "effectively stipulated to damages" under the $75,000 threshold for diversity jurisdiction); *id.* (noting that "Louisiana law permits a plaintiff to make an irrevocable statement of specific damages in order to establish 'the lack of jurisdiction of federal courts due to insufficiency of damages'" (quoting La. Code. Civ. Proc. Ann. art. 893.A.(1), and citing *Lang v. State Farm Fire & Cas. Co.*, 23 F. Supp. 3d 661, 663 (E.D. La. 2014))).) The Court will therefore not retain the case on the basis of diversity jurisdiction.

The Court lacks subject-matter jurisdiction over Plaintiff's case. As a result, the Clerk of the Court shall remand the case to the state court where it was filed.

**IT IS SO ORDERED.**

Dated: April 5, 2019

CHARLES R. BREYER
United States District Judge