UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: MDL Dkt. No. 5514 *Nemet*, No. 3:17-cv-04372-CRB _____/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO FILE UNDER SEAL PORTIONS OF THEIR FIRST AMENDED COMPLAINT** |

Plaintiffs in *Nemet* have requested permission to redact confidential information from their first amended complaint and to file an unredacted version of their complaint under seal. Having reviewed the proposed redactions, the Court concludes that some of the redacted information should be made publicly available. The Court therefore GRANTS the motion to seal only in part.

\* \* \*

The confidential information falls into two categories. The first category consists of information that identifies non-party employees of Volkswagen and Bosch (e.g., names, job titles, and department designations). The second category consists of excerpts from, and summaries of, internal Volkswagen and Bosch documents, most of which are emails.

Volkswagen and Bosch, the parties who designated both categories of information as confidential, have not requested that information in the second category be redacted. That information shall accordingly be made publicly available. Plaintiffs' motion to seal it is DENIED.

With respect to the first category, the Court has previously held that redacting non-parties' names and other identifying information is supported by a compelling reason: disclosure of such information can infringe on those individuals' privacy rights. (*See* Dkt. Nos. 1767, 2059, 4049, 5223.) Yet the Court has also noted that sometimes a non-party's privacy rights will be outweighed by other interests. For example, a non-party's privacy rights may be outweighed if the

non-party's identifying information provides context that is needed to understand the allegations. (*See* MDL Dkt. No. 4147 at 2-3 (denying request to redact non-party identifying information when without it "helpful context for understanding the allegations will be missing").)

Some of the non-party identifying information in the first amended complaint provides needed context for understanding the allegations. In paragraphs 344 through 360, for example, the complaint summarizes and quotes from specific emails between Bosch employees about "cycle-beating" software. Because of the back-and-forth nature of the emails, it would be challenging (if not impossible) to fully comprehend these paragraphs if the employees' names were redacted. Paragraphs 369 through 371 and 557, 558, 560, and 561 are similar. The personal identifying information therein is needed to comprehend the allegations. Plaintiffs' motion to seal the non-party identifying information found in the identified paragraphs is DENIED.

The request to redact the non-party identifying information found in paragraph 365 is also DENIED. The former Volkswagen employees named in this paragraph, Heinz-Jakob Neusser and Oliver Schmidt, have been charged with (and in Mr. Schmidt's case convicted of) crimes for their roles in the "clean diesel" scheme. (*See United States v. Liang*, No. 2:16-CR-20394-SFC-APP, Dkt. Nos. 117, 120 (E.D. Mich.).) Their identities and the roles they played in the scheme are already publicly known, so their privacy rights will not be infringed if they are also identified in Plaintiffs' first amended complaint.

The remainder of the non-party identifying information that Plaintiffs seek to redact is not needed to understand the allegations and does not identify Volkswagen employees who have been criminally charged. Plaintiffs' motion to seal this information is GRANTED.

By **Friday, May 3, 2019**, Plaintiffs shall file a revised redacted version of their first amended complaint that comports with this Order.

**IT IS SO ORDERED.**

Dated: April 26, 2019

CHARLES R. BREYER
United States District Judge