# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) |
| | **CLASS ACTION** |
| _____/ | **[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |
| This Document Relates To: Securities Actions *City of St. Clair Shores*, 15-1228 (E.D. Va.) *Travalio*, 15-7157 (D.N.J.) *George Leon Family Trust*, 15-7283 (D.N.J.) *Charter Twp. of Clinton*, 15-13999 (E.D. Mich.) *Wolfenbarger*, 15-326 (E.D. Tenn.) | |

WHEREAS, securities class actions styled *City of St. Clair Shores Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, 15-cv-1228 (E.D. Va.), *Travalio, et al. v. Volkswagen AG, et al.*, 15-cv-7157 (D.N.J.), *The George Leon Family Trust v. Volkswagen AG, et al.*, 15-cv-7283 (D.N.J.), *Charter Twp. of Clinton Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, 15-cv-13999 (E.D. Mich.), and *Wolfenbarger v. Volkswagen AG, et al.*, 15-cv-326 (E.D. Tenn.) were consolidated with and are pending in this Court under the caption *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC) (the "Action");

WHEREAS, (a) Lead Plaintiff Arkansas State Highway Employees' Retirement System ("ASHERS" or "Lead Plaintiff") and named plaintiff Miami Police Relief and Pension Fund ("Miami Police," and together with ASHERS, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Volkswagen Aktiengesellschaft ("VWAG"), Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen Group of America, Inc. d/b/a Volkswagen of America, Inc. ("VWoA"), Audi of America, Inc. ("AoA"), Martin Winterkorn, Michael Horn, and Herbert Diess (collectively, the "Defendants"; and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated August 27, 2018 (the

"Stipulation"), that provides for a complete dismissal with prejudice of the Released Plaintiffs'

Claims on the terms and conditions set forth in the Stipulation, subject to the approval of this Court

(the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall

have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated November 28, 2018 (the "Preliminary Approval Order"), this

Court:  (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for

purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be

provided to potential Settlement Class Members; (d) provided Settlement Class Members with the

opportunity either to exclude themselves from the Settlement Class or to object to the proposed

Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on May 10, 2019 (the "Settlement Hearing")

to consider, among other things, (a) whether the terms and conditions of the Settlement are fair,

reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b)

whether a judgment should be entered dismissing the Action with prejudice as against the

Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and

proceedings held herein in connection with the Settlement, all oral and written comments received

regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and

all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and

each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on August 28, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 5, 2019.

3.     **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities in the U.S. or elsewhere who purchased or otherwise acquired VWAG Ordinary American Depositary Receipts (CUSIP: 928662303) and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and who were allegedly damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants; (ii) any person who was an Officer or director of VWAG, VWGoA, VWoA, or AoA during the Class Period; (iii) the Immediate Family Members of all individual persons excluded in (i) or (ii); (iv) the parents, subsidiaries, and affiliates of VWAG, VWGoA, VWoA, or AoA; (v) any entity in which any person or entity excluded in (i), (ii), (iii) or (iv) has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who are excluded from the Settlement Class pursuant to request. For the avoidance of doubt, VWAG ordinary and preferred shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.

4.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the

Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.   **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4*, as amended, and all other applicable law and rules.

6.   **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  Two nominal objections to the Settlement have been received, which the Court has considered and found to be without merit. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on their behalf in such capacity only.  The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.     **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the

Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(pp) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the respective Defendant in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against Plaintiffs or any of the other Plaintiffs' Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims (as that term is defined in paragraph 1(oo) of the Stipulation).

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken or submissions made pursuant to or in

connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

       (a)     shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

       (b)     shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

       (c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other

Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of July 19, 2018, as provided in the Stipulation.

17.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2019.


_____
The Honorable Charles R. Breyer
United States District Judge

**Exhibit 1**

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

| Number | Name | City | State/ Province | Country |
|---|---|---|---|---|
| 1 | Alfredo Kim Zaragoza III | Tracy | CA | USA |
| 2 | Roderick Kenneth MacLean Jr Revocable Trust, dated 9/18/2016 Roderick Kenneth MacLean Jr. Trustee | Wichita | KS | USA |
| 3 | Edwin Hodgson | Spring Green | WI | USA |
| 4 | Michael T. Trick | Essex | VT | USA |
| 5 | Samuel Joseph Payne | Bettendorf | IA | USA |
| 6 | Richard A. Crocco | Oneonta | NY | USA |
| 7 | Tristan Alexander Beulah | Vancouver | BC | CAN |
| 8 | James W. Long and Susan K. Long | Cincinnati | OH | USA |
| 9 | Peter Barthel | Columbia | SC | USA |
| 10 | Anthony L. Iaquinto | Westlake | OH | USA |
| 11 | Susan V. Clarke | Califon | NJ | USA |
| 12 | Jan Ruby and Mary Thomson | Toronto | ON | CAN |
| 13 | Gordon B. Kidder | Conesus | NY | USA |
| 14 | William M. Woodruff | Laurence Harbor | NJ | USA |
| 15 | Lawrence Chandler | Montreal | QC | CAN |
| 16 | Charlotte W. Barsano Living Trust Charlotte Wallace Barsano, Trustee | Chicago | IL | USA |