UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: MDL Dkt. Nos. 3784, 3786, 3787, 3788, 3793, 3794, 3797 *Bradshaw*, No. 3:17-cv-5071-CRB *Allen*, No. 3:17-cv-5149-CRB *Christensen*, No. 3:17-cv-5151-CRB *Nieto*, No. 3:17-cv-5074-CRB *Bersuch*, No. 3:17-cv-5152-CRB *Dixon*, No. 3:17-cv-5089-CRB *Abiodun*, No. 3:17-cv-5154-CRB _____/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING IN PART CERTAIN TEXAS PLAINTIFFS' MOTIONS TO REMAND** |

The seven above-captioned cases were originally filed in Texas state court, in October 2015, and then removed by defendant Volkswagen Group of America, Inc. ("VWGoA") to federal court, on diversity jurisdiction grounds, in August 2017. Each case contains multiple plaintiffs, all of whom are either individuals or couples who bought or leased one or more Volkswagen, Audi, or Porsche TDI diesel-engine cars.

There is no dispute that the jurisdictional requirements for diversity jurisdiction are satisfied in these seven cases: there is complete diversity of citizenship and each plaintiff has put more than $75,000 in controversy. But because these cases were all removed more than one year after they were filed, they may remain in federal court only upon a finding that Plaintiffs acted in bad faith to avoid removal. *See* 28 U.S.C. § 1446(c)(1).

The Court previously concluded that Plaintiffs' counsel did act in bad faith to avoid removal in at least one of these cases. Counsel did so by voluntarily dismissing a separate case,

which was less than one-year old and which VWGoA had just removed, and adding one of the dismissed plaintiffs to *Abiodun*, a case that was more than one-year old. The Court explained that this shuffling "effectively repainted the lines between cases that could be removed and cases that could not be removed." (March 28, 2019 Order, MDL Dkt. No. 6087 at 6.) The Court concluded that this conduct "constituted a bad faith attempt to avoid removal." (*Id.*)

While finding that Plaintiffs' counsel acted in bad faith, the Court previously noted that the extent of counsel's conduct was less clear. VWGoA had argued that the conduct was widespread and affected all seven of the named cases, but it offered only the one example of the plaintiff that counsel had added to *Abiodun*. To determine if counsel's realignment strategy was more extensive, the Court instructed VWGoA to submit evidence identifying all "remaining [p]laintiffs who . . . were moved from removable cases to unremovable cases." (*Id.*)

VWGoA has now submitted evidence supporting that 30 of the remaining plaintiffs in four of the above-captioned cases (*Abiodun*, *Bersuch*, *Christensen*, and *Dixon*) were added to those cases after being voluntarily dismissed from removable cases that were less than one-year old. (*See* MDL Dkt. No. 6151-2.) Plaintiffs have confirmed that this number is correct. (*See* MDL Dkt. No. 6181-2.)[1] In contrast, the record supports that the other remaining plaintiffs in *Abiodun*, *Bersuch*, *Christensen*, and *Dixon*, and all of the plaintiffs in *Allen*, *Bradshaw*, and *Nieto*, were not shuffled from removable cases to unremovable cases: they were either original plaintiffs in the named cases, all of which were more than one-year old when VWGoA removed them, or were moved to those cases from other cases that were more than one-year old.

As to the 30 identified plaintiffs in *Abiodun*, *Bersuch*, *Christensen*, and *Dixon*, the Court concludes that, for the reasons stated in its March 28 Order, Plaintiffs' counsel acted in bad faith to avoid their removal. The one-year procedural bar on removal accordingly does not apply to them. *See* 28 U.S.C. § 1446(c)(1). In contrast, because there is no evidence supporting that

---

[1] VWGoA and Plaintiffs have also submitted evidence identifying certain plaintiffs that were moved from less-than-one-year-old cases to *Ballariano*, No. 3:17-cv-5153-CRB, another case that was more than one-year old when VWGoA removed it. The Court previously remanded *Ballariano* based on a lack of subject-matter jurisdiction (*see* MDL Dkt. No. 6088), so it does not consider *Ballariano* here.

2

counsel's bad-faith conduct extended to any of the plaintiffs in *Allen*, *Bradshaw*, or *Nieto*, or to the other plaintiffs in *Abiodun*, *Bersuch*, *Christensen*, and *Dixon*, the one-year procedural bar on removal applies to them.

Because *Allen*, *Bradshaw*, and *Nieto* were removed based on diversity jurisdiction more than one year after they were filed, and because the one-year procedural bar applies to them, the Court GRANTS Plaintiffs' motions to remand them. (*See* MDL Dkt. Nos. 3784, 3786, 3788.) With respect to the other four cases—*Abiodun*, *Bersuch*, *Christensen*, and *Dixon*—the Court severs the claims therein. The 30 plaintiffs that VWGoA has identified (which appear in the Appendix below) shall be added to four new cases, which shall remain part of this MDL. The other plaintiffs in *Abiodun*, *Bersuch*, *Christensen*, and *Dixon* shall remain in those cases, and those cases shall be remanded to state court.

VWGoA's insistence that the original plaintiffs in *Abiodun*, *Bersuch*, *Christensen*, and *Dixon* should remain in federal court—notwithstanding VWGoA's belated removal of their cases—is unpersuasive. The Court has discretion to sever from the removed actions those plaintiffs who were added in a bad faith attempt to defeat their removal. *See* Fed. R. Civ. P. 21 (stating that "the court may at any time, on just terms, add or drop a party" or "sever any claim against a party"). Once those plaintiffs' claims are severed from *Abiodun*, *Bersuch*, *Christensen*, and *Dixon*, the Court can remand the entire "actions" to state court. (*See* VWGoA's Reply, MDL Dkt. No. 6209 at 6 (noting that the removal statute refers to the "case" or "action," not to the claims of individual plaintiffs in the action).) VWGoA offers no authority to support its contention that the original plaintiffs must remain in federal court even though their cases were removed late. Remand of their cases is accordingly warranted. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (explaining that "the 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper").[2]

---

[2] VWGoA and Plaintiffs have both identified 30 remaining plaintiffs that were moved from cases that were less than one-year old to *Abiodun*, *Bersuch*, *Christensen*, and *Dixon*. Yet in total they have identified 31 such plaintiffs, as one of the 30 that appears on VWGoA's list (Niranjan Segal) does not appear on Plaintiffs' list, and one of the 30 that appears on Plaintiffs' list (Elton Simmons) does not appear on VWGoA's list. (VWGoA identifies Mr. Simmons, but not as one of (Continued…)

3

**IT IS SO ORDERED.**

Dated: May 14, 2019

CHARLES R. BREYER
United States District Judge

---

the remaining plaintiffs.) For these two plaintiffs, the Court orders the parties to meet and confer to determine whether, based on the Court's ruling, they should be included in the cases that must be remanded or in the cases that must remain in federal court.

The Court also notes that some of the 31 plaintiffs that VWGoA and Plaintiffs have identified do not appear as parties on the Northern District of California dockets for the cases in question. With respect to those plaintiffs, the Court orders VWGoA and Plaintiffs to meet and confer and to then submit to the Court any materials necessary to add those plaintiffs to the dockets in question.

# APPENDIX

| ***Abiodun*, No. 3:17-cv-5154-CRB** |
|---|
| Liliana Barreda |
| Nicholas Foley |
| Jason Childress |
| James Hamilton |
| Lee Hansen |
| Joonho Park |
| Matthew Voss |
| Mark Stanek |
| Ricardo Ortegon |
| Christopher Rush |
| Robert Smith |
| Valerie Hodge-Rodriguez |
| William Janwich |
| Aurora Rios |
| Raul Rodriguez |
| **Elton Simmons** |
| ***Bersuch*, No. 3:17-cv-5152-CRB** |
| Phillip Bartlett |
| Edward Bond |
| Elvera Beaman |
| Gabriel Botero |
| ***Christensen*, No. 3:17-cv-5151-CRB** |
| Manjeet Singh |
| Pirtal Singh |
| Jennifer Rightmer |
| Michael Seerden |
| Veronica Salgado |
| Anisleidy Santiesteban |
| **Niranjan Segal** |
| Gail Stern |
| Maribel Quiros |
| ***Dixon*, No. 3:17-cv-5089-CRB** |
| John Cephus |
| Toni Davis |