Steve W. Berman (*Pro Hac Vice*)
Thomas E. Loeser (SBN 202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com

Richard N. Sox (*Pro Hac Vice*)
BASS SOX MERCER
2822 Remington Green Circle
Tallahassee, FL 32308
Telephone: (850) 878-6404
Facsimile: (850) 942-4869
rsox@dealerlawyer.com

*Counsel for Plaintiffs and
the Franchise Dealer Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN 'CLEAN DIESEL' MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Napleton Orlando Imports, LLC et al. v. Volkswagen Group of America, Inc. et al.,* Case No. 3:16-cv-02086-CRB | No. 02672-CRB (JSC)<br><br>**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: November 1, 2019<br>Time: 10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Hon. Charles R. Breyer |

[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]

010584-12/1136511 V1

I, Steve W. Berman, do hereby declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of Washington, and I have been admitted *pro hac vice* in this action. I am the managing partner of Hagens Berman Sobol Shapiro LLP. I am personally familiar with the facts set forth in this declaration. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration on behalf of the Plaintiffs in support of their Motion for Class Certification.

3. Attached hereto are true and correct copies of the following documents:[1]

- Ex. 1 is a certified translation of RBG-MDL2672-NE-002647737.
- Ex. 2 is a certified translation of RBG-MDL2672-NE-002142948.
- Ex. 3 is a computer-generated translation of RBG-MDL2672-NE-003641254.
- Ex. 4 is a certified translation of RBG-MDL2672-NE-002124057.
- Ex. 5 is a certified translation of RBG-MDL2672-NE-002124063.
- Ex. 6 is VW-MDL2672-03752699.
- Ex. 7 is a certified translation of RBG-MDL2672-NE-003093990.
- Ex. 8 is a certified translation of RBG-MDL2672-NE-003093992.
- Ex. 9 is RBG-MDL2672-NE-002694535.
- Ex. 10 is RBG-MDL2672-NE-001936607.
- Ex. 11 is an excerpt of RBG-MDL2672-NE-002559780, which is a spreadsheet. This spreadsheet has over 8,500 lines. The column with the header has been inserted by Plaintiffs for purposes of translation.
- Ex. 12 is a certified translation of RBG-MDL2672-NE-001948207.
- Ex. 13 is a certified translation of RBG-MDL2672-NE-001819747.
- Ex. 14 is a certified translation of RBG-MDL2672-NE-004233587.
- Ex. 15 is a certified translation of RBG-MDL2672-NE-001966439.
- Ex. 16 is a certified translation of RBG-MDL2672-NE-001873113.
- Ex. 17 is a certified translation of RBG-MDL2672-NE-001935895.

---

[1] All certified translations include the original German document, and a certification of translation, unless otherwise noted.

1. - Ex. 18 is a certified translation of RBG-MDL2672-NE-001935818.
2. - Ex. 19 is a certified translation of RBG-MDL2672-NE-002121559.
3. - Ex. 20 is a certified translation of RBG-MDL2672-NE-002296578.
4. - Ex. 21 is a certified translation of RBG-MDL2672-NE-003307529.
5. - Ex. 22 is a certified translation of RBG-MDL2672-NE-001991853.
6. - Ex. 23 is a certified translation of VW-MDL2672-02569922.
7. - Ex. 24 is a certified translation of RBG-MDL2672-NE-004350618.
8. - Ex. 25 is a certified translation of RBG-MDL2672-NE-004350623.
9. - Ex. 26 is RBL-MDL2672-NE-000014395.
10. - Ex. 27 is a certified translation of RBG-MDL2672-NE-001873504.
11. - Ex. 28 is a certified translation of RBG-MDL2672-NE-002273872.
12. - Ex. 29 is a certified translation of RBG-MDL2672-NE-002273871.
13. - Ex. 30 is a certified translation of RBG-MDL2672-NE-002273869.
14. - Ex. 31 is a certified translation of RBG-MDL2672-NE-002697447.
15. - Ex. 32 is RBL-MDL2672-NE-000001273.
16. - Ex. 33 is RBG-MDL2672-NE-002430818.
17. - Ex. 34 is RBL-MD2672-NE-002430210.
18. - Ex. 35 is VW-MDL2672-00234381.
19. - Ex. 36 is RBL-MDL2672-NE-00080391.
20. - Ex. 37 is a certified translation of RBG-MDL-NE-4170733.
21. - Ex. 38 is a certified translation of RBG-MDL-NE-002448436.
22. - Ex. 39 is a certified translation of RBG-MDL2672-NE-002143427.
23. - Ex. 40 is a certified translation of RBG-MDL2672-NE-001876208.
24. - Ex. 41 is a certified translation of RBG-MDL2672-NE-002448465.
25. - Ex. 42 is RBG-MDL2672-NE-004170804.
26. - Ex. 43 is RBG-MDL2672-NE-004170793.
27. - Ex. 44 is a certified translation of RBG-MDL2672-NE-002297241.
28.

DECLARATION OF STEVE W. BERMAN ISO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATOIN     - 2 -
Case No. 02672-CRB (JSC)
010584-12/1136511 V1

- Ex. 45 is a certified translation of VW-MDL2672-02570091.

- Ex. 46 is a spreadsheet showing code strings found in the Bosch production that match the code strings in the article at Ex. 47, and indicate they have the same function as described in the article.

- Ex. 47 is a copy of an article entitled "How They Did It: An Analysis of Emissions Defeat Devices In Modern Automobiles."

- Ex. 48 is a copy of a plea agreement in *U.S. v. Volkswagen AG*, 16-CR-20394 (E.D. Mich.).

- Ex. 49 is a copy of a plea agreement in *U.S. v. IAV GmbH*, 16-CR-20394 (E.D. Mich.).

- Ex. 50 is a copy of the Report of Edward M. Stockton In Support of Plaintiffs' Motion for Class Certification.

4. Bosch has consistently shielded its employees from scrutiny in this case by not fulfilling its obligation to identify custodians and produce their relevant documents. Plaintiffs submit that the Court can properly consider this conduct when weighing the evidence of Bosch's culpability and participation in the alleged conspiracy.

5. On March 2, 2018, Bosch GmbH served its initial disclosures. It did not identify any witnesses with potentially discoverable information, or any witnesses that may support its defenses.

6. Multiple meet and confers followed, with Bosch refusing to even conduct an ESI search of custodian email. On April 24, 2018, Plaintiffs were forced to move to compel Bosch to meet its obligations and begin good faith discussions regarding ESI custodians. *See* ECF No. 4993. On May 1, 2018, in a telephonic hearing, Judge Corley ordered Bosch to provide custodians to Plaintiffs within a week. *See* ECF No. 5016. On May 8, 2018, Plaintiffs received correspondence from Bosch counsel, which identified eight custodians for Bosch GmbH and five for Bosch LLC.

7. Another long round of meet and confers ensued, with Plaintiffs requesting organizational charts from Bosch to assist in identifying custodians. Bosch provided a smattering of charts (from which it initially redacted the names and photos of the employees—rendering them useless), then claimed there were no others, and then provided substitute charts that were demonstrably incomplete and that it later admitted had been created by Bosch counsel. After Plaintiffs insisted that complete organizational charts plainly existed in Bosch's records, based on the

few uniform examples that had been provided, Bosch then reversed its prior insistence that none were available and ultimately produced what it claimed were charts for the relevant groups.

8. The organizational charts identified over 120 Bosch employees who appeared to have worked directly on matters relating to programming the emission functions for the EDC 17 that Volkswagen admitted housed the defeat device in the Affected Vehicles. Plaintiffs identified these employees as potential custodians and provided detailed information to Bosch as to why they should be included.

9. On June 6, 2018, following another round of meet and confers, Bosch offered eight additional custodians for GmbH. Plaintiffs protested and performed hours of further research to demonstrate that this list was incomplete.

10. On July 11, 2018, Bosch counsel proposed a total of 32 custodians, but stated that it reserved the right to revert back to only 19 custodians if Plaintiffs would not accept that list. Plaintiffs protested and further hours of research were completed by Plaintiffs to justify adding additional custodians.

11. On July 25, 2018, in written correspondence Bosch increased its offer to 39 custodians, but again stated it would revert back to only 19 custodians if Plaintiffs did not accept this list.

12. During the negotiation process over the custodians, Bosch did not propose a single name that should be added. Instead, Bosch turned the entire discovery process upside down. Instead of providing information to Plaintiffs about who in the company may have information (as Bosch is obligated to do under Rule 26 and the ESI Protocol), Bosch shifted the burden to Plaintiffs to first identify its employees, which Bosch would consider, but only when Plaintiffs provided citations to documents regarding the proposed custodians' involvement in the conduct alleged in this case.

13. This gamesmanship led Plaintiffs to file their second motion to compel ESI custodians, which Magistrate Judge Corley granted. *See* Oct. 12, 2018 Order re Discovery Dispute, ECF No. 5390. Magistrate Judge Corley ordered Bosch to produce 10 additional employees as custodians. *Id.* But even following Judge Corley's second intervention to make Bosch fulfill its

1  discovery obligations, it has continued to stonewall and slow walk. Bosch insisted on an iterative
2  custodian process, but it *never agrees* that additional custodians are warranted. In fact, since Judge
3  Corley's second Order, Bosch has only added a *single custodian*, ▮▮▮▮, and that only
4  after Plaintiffs provided Bosch with citations to documents demonstrating indisputable evidence of
5  his involvement in the conduct alleged in this case, and only after the parties met and conferred for
6  over two months.

7      14.    The custodial files that ▮▮▮▮ produced provided critical and unique
8  information regarding the involvement of ▮▮▮▮ ▮▮▮▮ and ▮▮▮▮ in
9  managing the development of the defeat device. ▮▮▮▮ and ▮▮▮▮ *had never been
10 identified by Bosch* as having any role in matters related to this case. But keeping to its resist and
11 delay playbook, Bosch has refused to include ▮▮▮▮, ▮▮▮▮, and ▮▮▮▮ as custodians, even
12 after Plaintiffs provided citations to the documents summarized in this Motion.

13     15.    Bosch's improper motives in discovery became particularly glaring in a recent dispute
14 over privilege assertions when it told Magistrate Judge Corley, through sworn declarations, that it
15 conducted extensive investigations to locate documents and witnesses immediately following the
16 EPA's September 18, 2015 Notice of Violation ("NOV"). Bosch *already knew* about the
17 involvement of each of the 50 custodians as well as ▮▮▮▮ and ▮▮▮▮ long before this
18 litigation even began, *but never willingly disclosed their involvement*. In that privilege dispute, Bosch
19 submitted a declaration from ▮▮▮▮.[2] According to ▮▮▮▮ on the "first business day after
20 the EPA issued the NOV," he assembled and led a Task Force to collect information to "assess legal
21 risks" posed by the NOV. ▮▮ Decl. ¶ 3. But the "scope and pace of the investigation were more
22 than the Task Force members could handle themselves," and so they "requested assistance from,
23 inter alia, colleagues within the Diesel Systems sales team for Volkswagen group customers [], and
24 engineers and other employees within Diesel and Gasoline Systems [] who were responsible for
25 managing software development." *Id.* ¶ 4. Similarly, ▮▮▮▮ described the

---

[2] *See* Ex. 5 to the Declaration of Serve W. Berman In Support of Plaintiffs' Administrative Motion to File Documents Under Seal (Dkt. No. 5886-1) (▮▮ Decl."), ¶ 3.

DECLARATION OF STEVE W. BERMAN ISO PLAINTIFFS'  - 5 -
MOTION FOR CLASS CERTIFICATOIN
Case No. 02672-CRB (JSC)
010584-12/1136511 V1

"swift and comprehensive internal investigation" that had to occur following the NOV.[3] ▮▮▮▮ worked with the Task Force to interview members of the sales and engineering teams to discuss the investigation's findings. *Id.* ¶ 7. Bosch's eagerness to shield documents relating to its "swift and comprehensive internal investigation" has revealed its improper tactics in discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of June, 2019, at Seattle, Washington.

                                    */s/ Steve W. Berman*
                                    STEVE W. BERMAN

---

[3] *See* Ex. 4 to the Declaration of Serve W. Berman In Support of Plaintiffs' Administrative Motion to File Documents Under Seal (Dkt. No. 5886-1) ( ▮▮▮▮ Decl."), ¶ 2.

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing.  The Clerk of the Court will transmit a Notice of Electronic Filing to all ECF registrants.

*/s/ Steve W. Berman*
STEVE W. BERMAN