UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC)<br><br>**ORDER RE: (1) MOTION FOR ENTRY OF *LONE PINE* CASE MANAGEMENT ORDER, (2) ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| This Order Relates To:<br>MDL Dkt. Nos. 6358, 6359<br><br>*Napleton*, No. 3:16-cv-2086-CRB | |

1. In the Volkswagen franchise dealers' putative class action against Bosch, Bosch has filed a motion for entry of a *Lone Pine* case management order. *See Lore v. Lone Pine Corp.*, No. L-33606-85, 1986 WL 637507 (N.J. Super. Ct. Law Div. Nov. 18, 1986). In support of the motion, Bosch argues (i) that the evidence produced in discovery proves that the three named plaintiffs have no recoverable damages, (ii) that it is correspondingly doubtful that any of the putative class members have recoverable damages, and (iii) that before the parties embark on further expensive litigation, the Court should require putative class counsel to circulate a *Lone Pine* questionnaire to each putative class member to elicit information about the factual basis for any damages they have in this matter. With its motion, Bosch has included a proposed *Lone Pine* questionnaire. (*See* MDL Dkt. No. 6359-2.)

Discovery from absent class members is generally discouraged, *see McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) (collecting cases), and the Court concludes that such discovery is currently unnecessary here. There is no need to canvass absent class members about their damages at least until Bosch proves (as it claims) that the three named plaintiffs have no recoverable damages. To prove that the named plaintiffs lack recoverable damages, Bosch should file a motion for summary judgment. Bosch has leave to file

| | |
|---|---|
| 1 | such a motion, but its request for a *Lone Pine* order is premature. The Court DENIES Bosch's |
| 2 | motion for entry of a *Lone Pine* order and VACATES the scheduled hearing on the motion. |

2. In a separate motion, Bosch seeks leave to file under seal portions of its motion for entry of a *Lone Pine* order and to seal entirely Exhibits A–W to that motion. (*See* MDL Dkt. No. 6358.) As Plaintiffs' counsel explains in a declaration supporting the motion to seal, the exhibits contain confidential sales figures, profit margins, costs, and other accounting information for certain Volkswagen dealerships. (*See* MDL Dkt. No. 6371.)

Bosch's motion for entry of a *Lone Pine* order is a nondispositive motion that relates only tangentially to the merits of the case, so the "good cause" standard applies to Bosch's request to seal portions of that motion and the exhibits accompanying it. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016). The good cause standard is satisfied. The documents that Bosch seeks to seal include confidential business information, and the disclosure of that information could cause commercial or competitive harm. Further, the confidential information is so prevalent in the documents in question that redactions would be unworkable.

The one exception is Attachment 22 to Bosch's motion to seal, which is a copy of a release of claims that Direct B, LLC (dba Brandon Volkswagen) completed as part of the class action settlement between the franchise dealers and Volkswagen in this MDL. (*See* MDL Dkt. No. 6358-24.) The release does not include confidential business information, and Plaintiffs have not identified good cause for sealing it. The release must therefore be filed publicly.

Bosch's motion to seal is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: July 22, 2019

CHARLES R. BREYER
United States District Judge