UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Audi $CO_2$ Cases<br><br>MDL Dkt. No. 6634 | MDL No. 2672 CRB (JSC)<br><br>The Honorable Charles R. Breyer<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(e)** |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement and Direction of Notice under Rule 23(e).

WHEREAS, a proposed Class Action Settlement Agreement (the "Settlement") has been reached between Court-appointed Lead Counsel and the Plaintiffs' Steering Committee ("PSC") on behalf of a proposed Settlement Class of owners and lessees of certain Audi, Volkswagen, Porsche, and Bentley branded vehicles (the "Class Vehicles") which resolves certain claims against Defendants pertaining to the represented fuel economy and emissions for the Class Vehicles;

WHEREAS, the Court, for the purposes of this Order, adopts all defined terms as set forth in the Settlement;

1    WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement and Direction of Notice Under Fed. R. Civ. P. 23(e) (the "Motion");

WHEREAS, Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the Parties for purposes of Settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Settlement;

WHEREAS, the Court held a Preliminary Approval Hearing on October 4, 2019; and

WHEREAS, this Court has presided over and managed these MDL proceedings as Transferee Judge since the December 8, 2015 Transfer Order, including the subset of cases commenced in November 2016 and styled as the "Audi CO2 Cases";

WHEREAS, this Court has considered all of the presentations and submissions related to the Motion as well as the facts, contentions, claims and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT**

1.    The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to the Class Members, and a Final Approval Hearing should be set.

2.    Accordingly, the Motion is GRANTED.

**II.    THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL**

3. The "Class" or "Settlement Class" means a nationwide class, including Puerto Rico, of all persons (including individuals and entities) who own, owned, lease, or leased a Class Vehicle in the United States or its territories as of August 30, 2019, the date of the Motion for Preliminary Approval of the Settlement.  The following entities and individuals are excluded from the Class:

    (a)  Defendants' officers, directors and employees and participants in Volkswagen's Internal Lease Program, and/or Porsche Associate Lease Program; Defendants' affiliates and affiliates' officers, directors and employees; Defendants' distributors and distributors' officers, directors and employees;

    (b)  Judicial officers and their immediate family members and associated court staff assigned to this case; and

    (c)  All those otherwise in the Class who or which timely and properly exclude themselves from the Class as provided in the Class Action Agreement.

  4.  Plaintiffs' Lead Counsel, appointed by the Court in Pretrial Order No. 7, has applied for appointment as Interim Settlement Class Counsel, and the proposed Settlement Class Representatives are those named as Plaintiffs in the Amended Consolidated Consumer Class Action Complaint.

### III. **PRELIMINARY FINDINGS**

  5.  The Court is thoroughly familiar with the standards applicable to certification of a settlement class, and has applied them in several recent settlements in this MDL. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2018 WL 6198311, at *1 (N.D. Cal. Nov. 28, 2018) (ADR Settlement); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 672820, at *6 (N.D. Cal. Feb. 16, 2017) (Bosch consumer cases); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 672727, at *12 (N.D. Cal. Feb. 16, 2017) (3.0-liter consumer cases); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6091259, at *6 (N.D. Cal. Oct. 18, 2016) (Franchise dealer cases); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 4010049, at *9 (N.D. Cal. July 26, 2016) (2.0-liter consumer cases), *aff'd* 895 F.3d 597, 606–09 (9th Cir. 2018). *See also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556–67 (9th Cir. 2019) (detailing the standard for certifying a settlement class).

6.  Applying these standards, the Court finds that it will likely be able to approve, under Rule 23(e)(2), the proposed Settlement Class, as defined above, because the Class and its representatives likely meet all relevant requirements of Rule 23(a) and Rule 23(b)(3).

## IV. NOTICE TO CLASS MEMBERS

7.  The Court is also familiar with the evolving methods of class notice, and has observed their effectiveness as utilized in previous class settlements in this litigation. *See* ¶ III.5, *supra*. As applied here, the Court finds that the content, format, and method of disseminating Notice—set forth in the Motion, the Declaration of Cameron Azari, and the Settlement Agreement and Release—satisfies Rule 23(c)(2) and all contemporary notice standards. The Court approves the notice program, and hereby directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement and Azari Declaration to Class Members under Rule 23(e)(1).

8.  For purposes of identifying current and former owners and lessees of Class Vehicles, R.L. Polk & Company is hereby authorized to provide the names, most current mailing addresses, most current email addresses, dates of purchase, lease or registration, and dates of sale or other disposition (if any) of such owners and lessees to Interim Class Counsel, Defendants and their designee(s). Any governmental agency in possession of names, mailing addresses, email addresses, dates of purchase, lease or registration, or dates of sale or other disposition (if any) of current and former Class Vehicle owners or lessees is hereby authorized and directed to release that information to R.L. Polk & Company upon request.

\\

\\

## V. SCHEDULE AND PROCEDURES FOR DISSEMINATING NOTICE, FILING CLAIMS, REQUESTING EXCLUSION FROM THE CLASS, FILING OBJECTIONS TO THE CLASS ACTION SETTLEMENT, AND FILING THE MOTION FOR FINAL APPROVAL

| Court Adopted Date | Event |
| --- | --- |
| October 4, 2019 | Claims Period begins |
| October 15, 2019 | Class Notice Program begins |
| December 13, 2019 | Motions for Final Approval and Attorneys' Fees and Expenses filed |
| January 17, 2020 | Objection and Opt-Out Deadline |
| February 7, 2020 | Reply Memoranda in Support of Final Approval and Fee/Expense Application filed |
| February 28, 2020 | Final Approval Hearing |
| March 29, 2020 | Claims Period ends (assumes final approval on February 28, 2020) |

## VI. FINAL APPROVAL HEARING

9. The Final Approval Hearing shall take place on February 28, 2020 at 10:00 a.m. at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Charles R. Breyer, to determine whether the proposed Class Settlement is fair, reasonable, and adequate, whether it should be finally approved by the Court, and whether the Released Claims should be dismissed with prejudice under the Settlement and the Notice Program.

## VII. OTHER PROVISIONS

10. Plaintiffs' Lead Counsel is hereby appointed as Interim Settlement Class Counsel under rule 23(g)(3) ("Interim Class Counsel"). Interim Class Counsel and Defendants are

authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved Notice Program.

11. The dates and deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Exclusions and Objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

12. Interim Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Settlement, to the form or content of the Class Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

13. The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Class as defined in this Order.

**IT IS SO ORDERED.**

DATED: October 4, 2019

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE