UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT** |
| This Order Relates To:<br>Dkt. Nos. 5782, 5783 | |
| *Nemet*, 3:17-cv-4372-CRB | |

1. <u>The Misrepresentation Claims</u>

The Court previously gave Plaintiffs leave to amend their misrepresentation claims, which were deficient under Rule 9(b). (*See Nemet I*, Dkt. No. 5374 at 37–39, 50.) In their amended complaint, Plaintiffs have made no attempt to cure the previously identified deficiencies. Named plaintiff Jennifer Nemet, for example, continues to allege simply that the car she purchased did not deliver "the advertised" combination of low emissions, high performance, and fuel efficiency. (FAC ¶ 21, Dkt. No. 6252.) As in the original complaint, "[s]he does not identify when and where she saw this advertising, what type of advertising it was, or what the advertising actually represented." (*Nemet I* at 37.) The other named plaintiffs' allegations are materially the same as Jennifer Nemet's.

Rather than add new allegations, Plaintiffs argue they do not need to. They note that in their original and amended complaints they did identify specific Volkswagen advertisements; they just didn't allege that the named plaintiffs saw and relied upon those advertisements. They argue that this second step is not required because "courts have regularly interpreted [Rule 9(b)] to mean that its heightened pleading requirements do not apply to the element of reliance." (Opp'n, Dkt.

No. 6085 at 51–52 (citing *O'Shea v. Epson Am., Inc.*, No. 09-CV-8063 PSG, 2010 WL 11459911, at *6 n.5 (C.D. Cal. Mar. 5, 2010); *Lee Myles Assocs. Corp. v. Paul Rubke Enters., Inc.*, 557 F. Supp. 2d 1134, 1143 (S.D. Cal. 2008); *Anthony v. Yahoo!*, 421 F. Supp. 2d 1257, 1264 (N.D. Cal. 2006)).)

Absent from Plaintiffs' briefing is any attempt to engage with *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009), the controlling authority relied upon in *Nemet I*. They have not tried to distinguish *Kearns*; they have not argued that *Nemet I* incorrectly applied *Kearns*; and they have not suggested that *Kearns* is no longer good law. They instead rely on three district court cases, two of which predate *Kearns* and the third of which relies only on one of those pre-*Kearns* cases in stating that Rule 9(b) does not apply to allegations of reliance.

*Kearns* makes clear that for false advertising claims, Rule 9(b) requires the plaintiff to identify "what the . . . advertisements . . . specifically stated[,]" "when he was exposed to them," "which ones he found material," and "which sales material he relied upon in making his decision to buy [the product in question]." 567 F.3d at 1126. To the extent that the district court decisions cited by Plaintiffs stand for a different rule, they are not binding. *Kearns* is binding and Plaintiffs have not attempted to satisfy its requirements.

As Plaintiffs' misrepresentation claims do not satisfy Rule 9(b), Volkswagen's motion to dismiss them is GRANTED. And as Plaintiffs made no attempt to cure these claims' deficiencies, dismissal is with prejudice. *See, e.g.*, *Eng v. Hargrave*, No. C 10-01776 RS, 2012 WL 116560, at *3 (N.D. Cal. Jan. 13, 2012) (dismissing with prejudice claims that the plaintiff "made no effort to correct" in an amended complaint); *Subramani v. Wells Fargo Bank N.A.*, No. C 13-1605 SC, 2014 WL 309437, at *3 (N.D. Cal. Jan. 28, 2014) (same).

2. The Remaining Claims

As for the remaining claims in the amended complaint, Volkswagen's and Bosch's motions to dismiss them are DENIED. The denial is without prejudice; Defendants may renew any of the arguments they have raised for dismissal of these claims at summary judgment.

2

3. <u>Damages</u>

To streamline adjudication of issues that have been raised with respect to damages, the Court orders each side, Plaintiffs on one side and Volkswagen and Bosch on the other, to select two named plaintiffs (four in total) for which Plaintiffs will be required to offer proof of damages before the case proceeds further. The parties may engage in discovery to help determine which named plaintiffs to select. The parties may also engage in discovery as reasonably needed to prove and defend against the selected plaintiffs' claims of damages. After evidence of damages has been submitted, the Court will consider whether the evidence is admissible, whether the methodologies offered to prove damages can be used to calculate damages on a class-wide basis, and whether the trier of fact could reasonably conclude that the identified damages are recoverable under the relevant causes of action, assuming that all other elements of those causes of action are satisfied. The Court orders the parties to meet and confer and to propose a schedule to facilitate this process. The parties must file the proposed schedule by **Thursday, November 14, 2019**.

**IT IS SO ORDERED.**

Dated: November 4, 2019

CHARLES R. BREYER
United States District Judge