UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

MDL No. 2672 CRB (JSC)

**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**

This Order Relates To:
MDL Dkt. No. 6168

*Mahan v. Volkswagen Group of America, Inc.*,
No. 3:16-cv-03039-CRB
_____/

Earlier this year, after remanding over one-hundred cases in this MDL to state court, the Court denied requests by plaintiffs in the remanded cases for awards of attorneys' fees and costs. The Court concluded that awards of fees and costs were not warranted because the defendants' arguments for removal, although lacking merit, were not objectively unreasonable. (*See* MDL Dkt. No. 5977 at 9 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).)

Plaintiffs in one of the remanded cases, John and Judy Mahan, assert that certain unusual circumstances in their case warrant reconsideration of whether an award of fees and costs is appropriate. The Court has considered the Mahans' arguments and finds them unpersuasive.

First, the Mahans maintain that not all defendants consented to the removal of their case. They argue that this lack of joinder made removal objectively unreasonable. Contrary to the Mahans' contention, the record does not support that joinder was lacking. Counsel for two of the three defendants filed a notice of removal and declared that "[a]ll defendants consent to removal of this action." (*Mahan*, No. 3:16-cv-03039-CRB, Dkt. No. 1 ¶ 6.) Nothing more was required to satisfy the joinder rule. *See Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (holding that joinder requires only that "one attorney of record sign the notice [of removal]

and certify that the remaining defendants consent to removal") (internal quotation marks omitted). Removal was not objectively unreasonable on lack-of-joinder grounds.

Second, the Mahans argue that the defendants waived their right of removal because, prior to removal, they initiated discovery in state court and filed a petition to include the Mahans in coordinated state court proceeding. (*See* MDL Dkt. Nos. 6168–1 at 3–4, 3604–4.) This pre-removal conduct by the defendants fell short of litigating the merits of the Mahans' claims. It was thus insufficient to waive the defendants' right of removal. *See Kenny v. Wal–Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) ("Generally speaking, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" (quoting *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994))). Removal was not objectively unreasonable on waiver grounds.

As removal of the Mahans' case was not objectively unreasonable, an award of fees and costs is unwarranted. The Mahans' motion for fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: November 14, 2019

CHARLES R. BREYER
United States District Judge