UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ | MDL No. 2672 CRB (JSC) **ORDER DENYING MOTIONS TO SEAL** |
| This Order Relates To: MDL Dkt. Nos. 6653, 6918 *Napleton*, No. 3:16-cv-2086-CRB _____/ | |

The Bosch defendants have moved to seal in full or in part certain documents that they attached to their motion for summary judgment. They also have moved to redact the portions of their summary judgment briefs that reveal the contents of the documents they seek to seal. The documents at issue were designated as confidential by Volkswagen or by the Volkswagen dealerships that are the named plaintiffs in *Napleton*.

Because the documents at issue were attached to a motion for summary judgment, their contents may be sealed only if compelling reasons are offered. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003). Even if compelling reasons are identified, the Court must still "balance the competing interests of the public and the party who seeks to keep [the] judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted).

With respect to the Volkswagen-designated documents, Volkswagen did not respond to the Bosch defendants' motions to seal, and thus has not identified compelling reasons for its documents to be sealed. The Volkswagen-designated documents must therefore be publicly disclosed, and the documents' contents may not be redacted in the summary judgement briefs.

With respect to the dealership-designated documents, the dealerships have requested that

only a subset of their documents remain under seal. The identified documents contain sales, profit, and vehicle-inventory numbers for the dealerships, and an accounting of the settlement and support payments that the dealerships received from Volkswagen after the emissions fraud was revealed. The dealerships maintain that "[d]isclosure of this information could benefit competitors in their dealings with consumers." (*E.g.*, MDL Dkt. No. 6661, Berman Decl. ¶ 8.)

Much of the information that the dealerships seek to seal has been used by the parties to calculate damages; and those calculations are central to the Bosch defendants' motion for summary judgment. If this information is sealed, the public's ability to understand the proceedings will be compromised. This fact weighs against the sealing request. *See Ctr. for Auto Safety*, 809 F.3d at 1096 (noting that the presumption of public access to judicial records is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice") (citation omitted).

Also weighing against the sealing request, the dealerships have not explained how the information in question would benefit their competitors. The lack of an explanation means that if the Court were to grant the request, the factual basis for its ruling would be based "on hypothesis or conjecture," which is not permitted. *Id.* at 1097. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the [compelling reasons standard]." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006).

On balance, the public's right of access outweighs the dealerships' claim of competitive harm. The dealership-designated documents must therefore be publicly disclosed, and information from those documents may not be redacted in the summary judgement briefs.

By **Thursday, December 5, 2019**, the Bosch defendants shall file unredacted versions of all exhibits to their motion for summary judgment, as well as versions of their summary judgment briefs (the motion and reply) that are free of redactions.

**IT IS SO ORDERED.**

Dated: November 25, 2019

_____
CHARLES R. BREYER
United States District Judge