UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ | MDL No. 2672 CRB (JSC) **ORDER RE: RULE 30(B)(6) TOPICS** |
| This Order Relates To: MDL Dkt. Nos. 6946, 6947, 6948 CONSUMER OPT-OUT TRIAL CASES _____/ | |

Volkswagen Group of America, Inc. ("VWGoA") has declined to produce a witness to testify about several topics that Plaintiffs noticed for a Rule 30(b)(6) deposition. In three joint letter briefs, Plaintiffs and VWGoA have made arguments for and against the need for testimony on these topics. Having considered the parties' positions, the Court rules as follows:

1. Although Plaintiffs suggest that they have reason to believe that Michael Horn, the former CEO of VWGoA, made false or misleading statements in his October 2015 congressional testimony, they have not identified those statements or the basis for their beliefs. As a result, the Court will not require VWGoA to provide a corporate witness to testify generally about whether the company is aware of any false or misleading statements that Mr. Horn made in his congressional testimony. That topic is overbroad and does not describe "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).

2. VWGoA need not provide a witness to testify about the truth or falsity of all statements contained in the federal indictment of Martin Winterkorn. The indictment is 43 pages, and Plaintiffs have not persuaded the Court that the requested testimony would be proportional to the needs of the case. However, if Plaintiffs provide VWGoA with a reasonably tailored list of allegations from the indictment, the Court may require VWGoA to provide a witness to testify

about the truth or falsity of those allegations, assuming the allegations are relevant.

3. Plaintiffs do not dispute that in exchange for deposition transcripts from factually-related consumer cases against VWGoA, they agreed not to re-depose VWGoA on topics covered in those depositions, absent a showing of good cause. Plaintiffs also do not dispute that two of their Rule 30(b)(6) topics (topics 19 and 20) were covered in one such prior deposition. No showing of good cause has been made to warrant an additional deposition on these topics. Although Plaintiffs suggest that an additional deposition is warranted given that the prior deposition was conducted before Oliver Schmidt's guilty plea, Plaintiffs have not addressed VWGoA's contention that Mr. Schmidt's admissions in his plea, which Plaintiffs have access to, are consistent with VWGoA's prior deposition testimony. As Plaintiffs have not identified an inconsistency between Mr. Schmidt's admissions and VWGoA's prior testimony, the Court is not persuaded that Mr. Schmidt's guilty plea is a changed circumstance that warrants an additional corporate deposition of VWGoA on topics 19 and 20.

4. VWGoA shall provide a corporate witness to testify about the existence of a defeat device, if any, in any car that the company (or its parent company, Volkswagen AG) has manufactured or sold in the United States since December 1, 2015. VWGoA does not need to provide similar testimony about the existence of a defeat device, if any, in any car that the company (or its parent company) has manufactured or sold in Europe since December 1, 2015.

5. VWGoA need not provide a corporate witness to testify about the company's sale "of any automobile as a certified pre-owned vehicle that was purchased by [VWGoA] pursuant to the class action settlement in this litigation." (MDL Dkt. No. 6947 at 1.) To the extent that VWGoA labeled the cars that it bought back pursuant to the settlement as "certified pre-owned," and to the extent that this labeling was improper, there is not a "sufficient nexus" between that conduct and the conduct that injured Plaintiffs such that the labeling conduct would be relevant in determining punitive damages. *Boeken v. Philip Morris, Inc.*, 127 Cal. App. 4th 1640, 1694 (2005).

**IT IS SO ORDERED.**

Dated: December 10, 2019

CHARLES R. BREYER
United States District Judge

2