UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION ──────────────────────────────── / This Order Relates To: MDL Dkt. No. 6965 CONSUMER OPT-OUT TRIAL CASES ──────────────────────────────── / | MDL No. 2672 CRB (JSC) **ORDER GRANTING IN PART AND DENYING IN PART VOLKSWAGEN'S MOTION IN LIMINE NO. 1: TO EXCLUDE HEALTH-EFFECTS EVIDENCE** |

Volkswagen has moved to exclude at trial all evidence about the health effects of its diesel cars' emissions. The stated grounds for exclusion are that this evidence is not relevant, and that its probative value, if any, is substantially outweighed by the risks of unfair prejudice and jury confusion. The health-effects evidence falls into two categories: personal and expert. Each is considered separately below.

A. Personal health evidence

During fact discovery, two of the ten plaintiffs stated that they have experienced breathing problems that may be attributable to their diesel-engine Volkswagen cars (the "TDIs"). Plaintiffs, in their response to Volkswagen's motion to exclude, confirmed that, despite this testimony, they "are not pursuing personal injury claims in this action" and do not oppose the exclusion of this evidence. (Opp'n, MDL Dkt. No. 6992 at 2.) As the motion to exclude this evidence is unopposed, the Court GRANTS it.

B. Expert health evidence

Plaintiffs' expert Dr. George Thurston, a Professor at NYU School of Medicine in the Department of Environmental Medicine, plans to offer the following opinions at trial:

a. Increased NOx emissions from VW TDI automobiles have resulted in increased adverse human health impacts.

   b. Increased NOx emissions from VW TDI automobiles have resulted in increased ozone air pollution, which has resulted in additional adverse human health impacts.

   c. Increased NOx emissions from VW TDI automobiles have resulted in increased particulate matter air pollution, which has resulted in added human health impacts.

(Thurston Report, MDL Dkt. No. 6965-8 at 9.)

Dr. Thurston bases these opinions on (i) Volkswagen's admission that its TDIs, of which there were approximately 580,000 nationwide, emitted NOx at levels more than 30 times the legal limits; (ii) his professional understanding that NOx, when combined with other gases in the atmosphere, forms ozone and particulate matter; (iii) his review of scientific and medical studies documenting negative health effects from exposure to increased nitrogen oxides, ozone, and particulate matter; and (iv) his professional understanding that there is "no known threshold below which no effects [from these pollutants] are experienced." (*Id.* at 23.)

Volkswagen, at this time, does not attack Dr. Thurston's factual basis, methods, or conclusions. Instead, the company maintains that his testimony is not relevant and would cause undue prejudice. *See* Fed. R. Evid. 402, 403. The Court does not find either challenge persuasive.

Dr. Thurston's proposed testimony is relevant to Plaintiffs' demand for punitive damages. Under California law, the trier of fact may award punitive damages if it finds that the defendant engaged in "despicable conduct" with a "willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). The "safety of others" is threatened by conduct that negatively affects human health. So, if Dr. Thurston testifies that the TDIs' emissions negatively affected human health (as he plans to do), that testimony would weigh in favor of a punitive damages award.[1]

Volkswagen argues that because Plaintiffs do not intend to argue that their own health has

---

[1] Plaintiffs argue that Dr. Thurston's testimony is also relevant to prove that Volkswagen made misrepresentations of fact. Volkswagen has already conceded that it made misrepresentations to Plaintiffs (*see, e.g.*, MDL Dkt. No. 6772, Answer ¶ 104), so Dr. Thurston's testimony does not appear to be needed on this point. Before trial, however, Plaintiffs may renew this argument.

been harmed by the TDIs, evidence supporting that nonparties' health has been harmed by the TDIs is not relevant. The Court disagrees. Punitive damages are intended to measure "the enormity of [the] offense," not the actual damages sustained by the plaintiff. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996) (quoting *Day v. Woodworth*, 13 How. 363, 371 (1852)).

Plaintiffs maintain that Volkswagen surreptitiously installed a defeat device in its TDIs, which masked the cars' actual emissions and caused two types of harm. First, the defeat device, by concealing actual emissions, caused consumers like Plaintiffs to buy cars that they would not have bought had they known the truth. (*See, e.g.*, *Sanwick*, No. 3:17-cv-03032-CRB, SAC ¶ 120.) Second, the defeat device harmed nonparties because it enabled Volkswagen to sell cars that emitted pollutants that were dangerous to human health. (*See, e.g.*, *id.* ¶ 65 (alleging that Volkswagen "fail[ed] to disclose [that] pernicious NOx spewed into the environment" from its cars).) Both types of harm (economic and physical) flowed from the same course of conduct, so both types of harm are relevant to punitive damages.

*State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), does not support a different conclusion. The Supreme Court held there that during the punitive damages phase, the jury cannot consider evidence of the defendant's conduct towards nonparties if that conduct had "nothing to do with" the defendant's tortious conduct towards the plaintiff. *Id.* at 423–24. Plaintiffs are not attempting to offer evidence of tortious acts by Volkswagen that had "nothing to do with" the acts that allegedly harmed them. Instead, Plaintiffs maintain that the *same* course of conduct by Volkswagen that caused their losses also harmed the public at large. Both types of harm shed light on the enormity of the offense and so are relevant to punitive damages.[2]

Noting that Dr. Thurston has not identified any specific nonparties who have suffered negative health effects from the TDIs' emissions, Volkswagen alternatively argues that his testimony should be excluded because it does not show that the company's conduct caused "actual

---

[2] Volkswagen, of course, is free to offer its own evidence, including evidence of the remediation efforts it has undertaken since its conduct was uncovered. (*See* MDL Dkt. Nos. 2103 at 10–11; 3228 at 9 (explaining that the company agreed to invest $2 billion in projects that support zero emission vehicles, and to pay $2.9 billion into a trust that funds NOx-reducing projects).)

3

harm to nonparties." *Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007). While Dr. Thurston has not identified specific nonparties, he does state that increased NOx emissions from the TDIs "*have resulted* in increased adverse human health impacts." (MDL Dkt. No. 6965-8 at 9 (emphasis added).) Thus, contrary to Volkswagen's contention, Dr. Thurston does opine that there has been "actual harm to nonparties." The fact that he has not identified who those nonparties are goes to the weight of his testimony, not to its relevance.[3]

Dr. Thurston's testimony is relevant, and based on the current record, its probative value is not substantially outweighed by the risks of unfair prejudice and jury confusion. To the extent that Volkswagen is concerned that Dr. Thurston's testimony will confuse the jury, the Court can minimize that risk with a limiting instruction. *See* Fed. R. Evid. 105. And to the extent that Plaintiffs' current plan to offer Dr. Thurston as a witness marks a change in trial strategy (*see* Mot., MDL Dkt. No. 6965 at 11 (asserting that Plaintiffs previously said they had no intention of offering such evidence)), the Court is not persuaded that this change will prejudice Volkswagen. These cases are still approximately two months away from trial and the expert discovery period remains open. Volkswagen has sufficient time to respond to Plaintiffs' new evidence.

\* \* \*

Volkswagen's motion to exclude Plaintiffs' health-effects evidence is GRANTED in part and DENIED in part. The motion is granted with respect to Plaintiffs' personal health evidence, but denied with respect to Plaintiffs' expert health evidence. To the extent that Volkswagen seeks to challenge Plaintiffs' expert on reliability grounds, under Rule 702, it may do so at a later date.

**IT IS SO ORDERED.**

Dated: December 23, 2019

CHARLES R. BREYER
United States District Judge

---

[3] *Williams* also explains that "counsel may argue in a particular case that conduct resulting in *no* harm to others nonetheless posed a grave *risk* to the public," and was thus reprehensible. *Id.* at 355 (emphasis added). Under *Williams*, then, even if Dr. Thurston had not identified actual harm to nonparties, that fact alone would not necessarily require the exclusion of his testimony.

4