UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: MDL Dkt. No. 6739 _____/ | MDL No. 2672 CRB (JSC) **ORDER GRANTING MOTION TO ENFORCE INJUNCTION AND RELEASE AGAINST EDWIN RAMBUSKI** |

Although initially opting out of the 2.0-liter class settlement, Edwin Rambuski later revoked his opt out, signed an individual release of claims, and participated in the settlement by returning his 2010 Volkswagen Golf TDI to Volkswagen in exchange for $14,825. In the release that he signed, he agreed to release "any and all claims" against Volkswagen "arising out of or in any way related to the 2.0-liter TDI matter." (MDL Dkt. No. 6739-3 at 6.) Despite that agreement, Mr. Rambuski continues to pursue a California state court action against Volkswagen, in which all of his claims relate to the 2.0-liter TDI matter. (*See* MDL Dkt. No. 6739-2 (state court complaint).) Volkswagen has asked the Court to enforce Mr. Rambuski's release and to enjoin his state court action.

Mr. Rambuski did not file a response to Volkswagen's motion. But before Volkswagen filed its motion, he did send Volkswagen's counsel an email about his state court action, and Volkswagen attached that email to its motion. In the email, Mr. Rambuski stated that he was continuing to pursue his state court action because he "did not voluntarily participate in the Class Action Settlement." (MDL Dkt. No. 6739-5 at 3.) He explained further that after he initially opted out of the settlement, his Golf TDI broke down approximately 30 miles from his home. A mechanic estimated that the repairs would be in excess of $5,000. He did not have a place to store

the car in its broken condition, so he needed to either abandon the car, have it repaired, or participate in the 2.0-liter settlement.  If he participated in the settlement, he could leave his car with a local Volkswagen dealership pursuant to the settlement's buyback program.  He chose that option.  (*See id.* at 3–4.)

Mr. Rambuski has not made a showing that the circumstances that he was under when he decided to participate in the settlement were of a kind that would render his release of claims unenforceable.  Under his own volition, he executed the release, participated in the TDI buyback, and agreed to be bound by the terms of the settlement agreement.

The Court has retained jurisdiction to enforce the 2.0-liter settlement agreement (*see* Final Approval Order, MDL Dkt. No. 2102 at 48 ¶ 14), and under the All Writs Act, the Court has the authority "to enjoin state proceedings that interfere, derogate, or conflict with federal judgments, orders, or settlements."  *Keith v. Volpe*, 118 F.3d 1386, 1390 (9th Cir. 1997) (citing 28 U.S.C. § 1651).  The Court invoked that authority when it approved the 2.0-liter settlement, enjoining all class members from pursuing released claims.  (*See* Final Approval Order at 47 ¶ 9.)  That injunction applies to Mr. Rambuski, who by revoking his opt out became a 2.0-liter class member.  As all claims in his state court action against Volkswagen relate to the 2.0-liter TDI matter, and thus were released, Mr. Rambuski is ENJOINED from continuing to prosecute that action, and Volkswagen's motion to enforce Mr. Rambuski's release is GRANTED.

**IT IS SO ORDERED.**

Dated: January 9, 2020

CHARLES R. BREYER
United States District Judge