# Exhibit 4

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3
     UNITED STATES OF AMERICA,
 4
                         Plaintiff,
 5
          -v-                                Case No. 16-20394
 6
     VOLKSWAGEN AG,
 7
     _____  Defendant./
 8
                           SENTENCING HEARING
 9                     BEFORE HON. SEAN F. COX
                      United States District Judge
10                        867 U.S. Courthouse
                      231 West Lafayette Boulevard
11                        Detroit, Michigan 48226

12                     (Friday, April 21, 2017)

13   APPEARANCES:        JOHN K. NEAL, ESQUIRE
                         BENJAMIN SINGER, ESQUIRE
14                       MARK CHUTKOW, ESQUIRE
                         JENNIFER L. BLACKWELL, ESQUIRE
15                       Appearing on behalf of the Government.

16                       CHRISTOPHER S. NIEWOEHNER, ESQUIRE
                         JASON M. WEINSTEIN, ESQUIRE
17                       Appearing on behalf of Defendant
                         Volkswagen AG.
18
     ALSO PRESENT:       MANFRED DOESS, ESQUIRE
19
     COURT REPORTER:     MARIE METCALF, CVR, CM
20                       Federal Official Court Reporter
                         867 U.S. Courthouse
21                       231 W. Lafayette Boulevard
                         Detroit, Michigan 48226
22                       metcalf_court@msn.com

23

24

25
```

*U.S.A. v. Volkswagen AG*

1               **TABLE OF CONTENTS**

2    **PROCEEDINGS — FRIDAY, APRIL 21, 2017**

3

4    **WITNESSES:**                                    **PAGE:**

5    (None called)

6

7

8

9

10

11   **EXHIBITS:**                                     **RECEIVED:**

12   (None offered)

13

14

15

16

17

18

19

20

21

22

23

24

25

*U.S.A. v. Volkswagen AG*

1          Detroit, Michigan

2          Friday, April 21, 2017

3          At about 9:52 a.m.

4                          *     *     *

5          DEPUTY COURT CLERK:  All rise.  The United States

6    District Court for the Eastern District of Michigan is in

7    session.  The Honorable Sean Cox presiding.  Please be

8    seated.

9          The Court calls case number 16-20394, United States

10   of America versus Volkswagen AG.  Counsel, please turn the

11   microphones toward you and state your appearances for the

12   record.

13         MR. NEAL:  Good morning, Your Honor.

14         John Neal appearing on behalf of the United States.

15         THE COURT:  Good morning.

16         MR. SINGER:  Ben Singer appearing on behalf of the

17   United States.

18         THE COURT:  Good morning.

19         MS. BLACKWELL:  May it please the Court, Jennifer

20   Blackwell on behalf of the United States.

21         THE COURT:  Good morning.

22         MR. CHUTKOW:  Good morning, Your Honor.  Mark

23   Chutkow for the United States.

24         THE COURT:  Good morning.

25         MR. WEINSTEIN:  Good morning, Your Honor.

*U.S.A. v. Volkswagen AG*

1          Jason Weinstein and Chris Niewoehner on behalf of

2     Volkswagen.

3          And with us at counsel table is Manfred Doess,

4     General Counsel at Volkswagen.

5          THE COURT:  Good morning, as well.

6          MR. DOESS:  Good morning, Your Honor.

7          THE COURT:  Now, who will be representing Volkswagen

8     for the purposes of this hearing?

9          MR. WEINSTEIN:  Mr. Doess will, Your Honor.

10          THE COURT:  Mr. Doess, could you state your full

11     name for the record, please?

12          MR. DOESS:  My name is Manfred Doess.  I'm the

13     General Counsel of Volkswagen.

14          THE COURT:  And sir, it's my understanding that you

15     are fluent in English and do not need the assistance of an

16     interpreter, is that correct?

17          MR. DOESS:  That's correct, Your Honor.

18          THE COURT:  Thank you very much.

19          Before proceeding, I would like to provide some

20     background information relating to this case, this criminal

21     case against VW and related cases.

22          On January 11 of this year 2017, the government and

23     Volkswagen entered into a plea agreement under Rule 11, and

24     the government filed the third superseding information

25     charging VW with three criminal counts.

*U.S.A. v. Volkswagen AG*

1    Count One, conspiracy to defraud the United States,

2    to commit wire fraud, and to violate the Clean Air Act.

3    Count Two, obstruction of justice.  And Count Three, entry of

4    goods by false statement.

5    The government then filed an unopposed motion and

6    memorandum to authorize alternative victim notification

7    procedures pursuant to 18 U.S.C. Section 3771(d)(2).  In it,

8    the government has acknowledged that it has various

9    obligations under the Crime Victims Rights Act.  It explained

10   that it would be impractical to identify and to provide

11   individual notice of every public proceeding to each

12   potential victim directly or proximately harmed by the

13   charged scheme to defraud in the criminal cases and asked

14   this Court to adopt a reasonable procedure for providing

15   notice to the potential crime victims in these criminal

16   cases, allowing the government to provide notice to the

17   victims through three different websites maintained and

18   regularly updated by the government.  This Court granted the

19   motion on February 7, 2017.

20   This Court later directed the government to include

21   information on those websites advising victims that they may

22   submit written victim impact statements to the Court through

23   the assigned probation officer, which had to be received by

24   April 12, 2017.

25   The Court notes that two miscellaneous cases that

*U.S.A. v. Volkswagen AG*

1   are related to the criminal action were filed by the alleged

2   victims of the criminal offenses.  Miscellaneous case numbers

3   17-50280 and 17-50336.  In those cases, the alleged victims

4   asked the Court to reject the Rule 11 and order restitution

5   for the crime victims.

6          Meanwhile, the government and Volkswagen filed a

7   motion in this case, and similar filings in both

8   miscellaneous cases, asking the Court to find under 18 U.S.C.

9   Section 3663A(c)(3) that individual restitution is not

10  appropriate in the criminal case.

11         On March 10, 2017, this Court held a plea hearing in

12  the criminal case against VW.  At that time VW entered a

13  guilty plea as to Counts One, Two, and Three of the third

14  superseding information.  And this Court accepted that guilty

15  plea on behalf of the corporation.  At the end of the

16  March 10 hearing, this Court took the Rule 11 Agreement under

17  advisement and referred the matter to the probation

18  department for the preparation of a presentence report.

19         That, of course, brings us to today, the date and

20  time set for the sentencing hearing under -- or for VW and

21  determination whether or not this Court is going to accept

22  the Rule 11.

23         First of all, though, I would like to ask Mr. Neal

24  the following question -- or Mr. Chutkow.  Have you had the

25  opportunity to review the presentence report prepared by

*U.S.A. v. Volkswagen AG*

1    probation?

2              MR. NEAL:  We have, Your Honor.

3              THE COURT:  And does the government have any

4    objection, addition, deletion, or correction it would like to

5    make to the presentence report?

6              MR. NEAL:  It does not, Your Honor.

7              THE COURT:  All right.  Mr. Weinstein, have you had

8    the opportunity to review the presentence report with your

9    client?

10             MR. WEINSTEIN:  We have, Your Honor.

11             THE COURT:  And do you have any objection, addition,

12   correction, or deletion you wish to bring to my attention?

13             MR. WEINSTEIN:  We do not, Your Honor.

14             THE COURT:  Mr. Doess, have you had the opportunity

15   to review the presentence report with your attorneys?

16             MR. DOESS:  I had, Your Honor.

17             THE COURT:  And do you have any objection, addition,

18   correction, or deletion that you wish to bring to my

19   attention?

20             MR. DOESS:  No, Your Honor.

21             THE COURT:  Thank you very much.  All right.

22             As you are all aware this is a juncture in the

23   proceeding where I must determine whether to accept or reject

24   the Rule 11 Agreement.  Under this particular Rule 11

25   Agreement, the Court's authority is limited to either

1   acceptance or rejection of the specific sentence set forth in

2   the Rule 11 Agreement.  The Court further notes that there is

3   one important aspect in the Rule 11 Agreement that needs to

4   be addressed or noted, certainly.  It provides for no

5   restitution for victims in connection with this criminal

6   case.  That's at pages 14 and 15 of the Rule 11 Agreement.

7   And that states as follows; (e) Restitution.  No order of

8   restitution is appropriate in this case pursuant to 18 U.S.C.

9   Section 3663A(c)(3), as the number of identifiable victims is

10  so large as to make restitution impracticable and/or

11  determining complex issues of fact related to the cause or

12  amount of victim's losses would complicate or prolong the

13  sentencing process to a degree that the need to provide

14  restitution to any victim is outweighed by the burden on the

15  sentencing process.

16       Moreover, again, this is in the Rule 11 as noted in

17  paragraph 2(a) above, the defendant has already -- defendant,

18  of course, is VW -- has already agreed to compensate members

19  of the class in In Re Volkswagen Clean Diesel Marketing,

20  Sales Practices, and Products Liability Litigation, which is

21  currently in the Northern District of California, which

22  consists of individuals who purchased affected vehicles as

23  described in Exhibit 2 of the Rule 11.

24       First question.  Mr. Neal or Mr. Weinstein, do

25  either one of you wish this Court to accept the Rule 11

*U.S.A. v. Volkswagen AG*

1    Agreement?

2         MR. NEAL:  Yes, Your Honor.  The government moves

3    that the Court accept the Rule 11 Agreement.

4         THE COURT:  Could you tell me why the government

5    believes this Court should accept the Rule 11?

6         MR. NEAL:  Yes, Your Honor.  Would you like me to

7    focus specifically on restitution issue or speak to the Rule

8    11 Agreement more broadly?

9         THE COURT:  Very broadly the Rule 11 Agreement, and

10   then specifically the restitution issue.

11        MR. NEAL:  Very good.

12        Your Honor, at the plea hearing in this case, the

13   government as well as Volkswagen AG put on the record a

14   number of the considerations that are laid out in the Rule 11

15   Agreement that counsel in favor of it's acceptance.  I don't

16   want to repeat myself, but I think maybe the best way to

17   frame this issue for the Court is to talk about why the plea

18   agreement is in the public interest and consistent with the

19   sentencing factors the Court is to consider under Section

20   3553(a) of Title 18.

21        Start out talking about the nature and circumstances

22   of the offense.  This is a very serious offense.  The Court

23   has noted that in the past.  The plea agreement and the

24   sentencing provisions in the plea agreement take it

25   seriously.  There's a $2.8 billion criminal fine that's

*U.S.A. v. Volkswagen AG*

1   called for in the plea agreement.  It's one of the largest

2   criminal fines in a corporate matter that we have seen

3   certainly in this jurisdiction, even nationally in the past

4   number of years.

5           This case is ending with a guilty plea as opposed to

6   some lesser form of resolution by Volkswagen AG.  That's not

7   necessarily a common form of resolution in a corporate case.

8   Many of these resolve via deferred prosecution agreements.

9           The fact that Volkswagen AG is pleading guilty to a

10  series of criminal offenses, and there's a detailed statement

11  of facts supporting that guilty plea, is, you know, a very

12  significant benefit to the public and a significant aspect to

13  this resolution.

14          There is the plea agreement, as Your Honor knows,

15  calls for the appointment of a corporate compliance monitor.

16  It would like to announce that the government has selected a

17  team headed by Larry Thompson to fulfill this function.

18  Larry Thompson is a former Deputy Attorney General at the

19  Department of Justice, a former General Counsel of the Pepsi

20  Corporation. Someone with a distinguished career in both

21  public-service and in the private sector.  And Mr. Thompson

22  has assembled a team in which the government has considerable

23  confidence.  That team includes individuals with expertise in

24  German law, German corporate structures, environmental law,

25  the automotive industry, automotive compliance, and the

*U.S.A. v. Volkswagen AG*

1    government has a great deal of confidence that Mr. Thompson's

2    team will ensure that Volkswagen AG complies with all of the

3    provisions of the Rule 11 Agreement moving forward and in

4    compliance with federal law moving forward.

5              I think, again, the nature and circumstances of this

6    offense were very, very serious.  There was an intentional

7    effort on the part of a major corporation to evade US law and

8    to lie to US regulators.

9              I think these provisions in the Rule 11 Agreement,

10   the fine, the fact that it is a guilty plea, and the fact

11   that there is a corporate monitor who will be appointed all

12   are a reflection of the seriousness of the offense here.

13             Turning to the history and characteristics of the

14   offender, I think the agreement takes this into account as

15   well.  It takes it into account appropriately.  The statement

16   of facts makes clear that this was not the act of a rogue

17   employee at Volkswagen, but rather, this was a very

18   intentional decision on the part of the corporation to engage

19   in this misconduct.  That is a negative factor that I think

20   the Court should take into account in imposing sentence in

21   this case.  I believe the Rule 11 Agreement did take this

22   into account.

23             The Rule 11 also took into account certain aspects

24   of Volkswagen AG's behavior that weigh in a more favorable

25   light for the corporation.  The company did cooperate in a

*U.S.A. v. Volkswagen AG*

1    way that provided substantial assistance to the United States

2    in conducting our criminal investigation, both of Volkswagen

3    AG and corporate entities and with respect to individuals.

4         The corporation has agreed to pay a $1.5 billion

5    civil penalty, and also has engaged in the process, which

6    I'll talk a little bit more about in a moment, whereby it

7    compensates individual consumers for the losses that were

8    associated with Volkswagen's misconduct in a very fulsome

9    way.  So I think that's under the consideration that the

10   agreement appropriately takes into account when assessing

11   Volkswagen's history and characteristics.

12        With respect consideration of deterrence, brother

13   counsel for Volkswagen AG can address specific deterrence

14   perhaps better than the government can in this case.  But I

15   think it's fair to say that this entire process has a very

16   significant impact on Volkswagen AG.  It's had a very

17   significant financial impact.  It's had a very significant

18   reputational impact.

19        The appointment of a compliance monitor will ensure

20   that Volkswagen AG's culture changes in a positive way and

21   will ensure that Volkswagen is in compliance with all of its

22   obligations in these agreements and in compliance with

23   federal law.  So I think the agreements appropriately will

24   deter Volkswagen from engaging in this sort of conduct in the

25   future.

*U.S.A. v. Volkswagen AG*

1          THE COURT:  What about the restitution issue?

2          MR. NEAL:  Turning to the restitution issue, Judge,

3    I think the position of both parties is that criminal

4    restitution in this matter would unduly delay the sentencing

5    process and would involve a very complex undertaking by this

6    Court to assess individual restitution for individuals who

7    seek it through this process.  There is a separate civil

8    proceeding in the United States District Court for the

9    Northern District of California that has provided a

10   resolution for individuals who purchased the affected

11   vehicles.

12         The government's position, and we stated this at the

13   plea hearing, is that that process provides for more

14   financial recompense for individuals than they would be able

15   to receive through a criminal restitution process.  And I

16   believe that's why more than 99.5 percent of all affected

17   plaintiffs have agreed to seek restitution through that

18   process or agree to seek compensation through that process

19   rather than seeking compensation through the criminal

20   process.

21         There were a handful of plaintiffs who opted out of

22   the process in California and issued filings and

23   miscellaneous dockets with this Court.  It appears that what

24   those individuals are seeking in terms of restitution is the

25   full value of the vehicle at the time they purchased it plus

*U.S.A. v. Volkswagen AG*

1    interest.  And, Your Honor, that does not take account for

2    the value associated with their use of the vehicle for how

3    many years they have been driving it, so consequently, that

4    would be a windfall for those individuals, and that it

5    disfavored the case law.

6         If we were to make an appropriate restitution

7    determination for those opt-out individuals, there are really

8    two ways of doing it.  One way of doing it is the way it was

9    done in the civil process, which took the value of the

10   vehicles as of September 2015 when the fraud was uncovered

11   and then applied a premium on top of that, which would not be

12   available through restitution.  I should note the opt-out

13   plaintiff specifically rejected that method of calculating

14   restitution.

15        So I think the only other method of calculating

16   restitution here would be to try to account on an

17   individualized way for the diminution of value from of -- or

18   the value of the use of the vehicle for every individual

19   plaintiff from the time they purchased it until the present.

20   That would be a complex undertaking.  It's really unnecessary

21   and would unduly burden the sentencing process here.

22        So the government does not feel criminal restitution

23   is appropriate in this matter.  Thank you, Judge.

24        THE COURT:  Mr. Weinstein, could you tell me why I

25   should accept the Rule 11, and in particular, focus on the

*U.S.A. v. Volkswagen AG*

1   issue of restitution.

2          MR. WEINSTEIN:  Sure.  With the Court's permission,

3   I'll be very brief on why you should accept the -- we believe

4   you should accept the Rule 11, and I'll ask Mr. Niewoehner to

5   address this specific restitution issue.

6          The Court gave us an opportunity at the plea on

7   March 10th to articulate why we believe the plea agreement

8   was appropriate and I won't repeat everything I said then.

9   Here -- and Mr. Neal was very thorough in going through the

10   3553(a) factors.  I'll just emphasize a couple of points.

11          As I said on March 10th at the plea, this is

12   unquestionably very serious misconduct, and we believe that

13   this plea agreement provides an appropriately serious

14   sanction for that misconduct.  Volkswagen, Your Honor, owned

15   up to what it did wrong.  Volkswagen has worked extremely

16   hard and continues to work extremely hard to make it right.

17   Today's proceeding is an important step in that process.  The

18   monitorship that Mr. Neal referenced will be another

19   important part of that process.

20          The plea agreement, we believe, appropriately takes

21   into account all of the things that Volkswagen has done to

22   try to make right what it did wrong including its

23   extraordinary cooperation.  I recognize "extraordinary" is a

24   word that gets overused a lot and particularly in context

25   such as this.  But in my view, it is a term that is

*U.S.A. v. Volkswagen AG*

1      appropriately applied here.

2             The cooperation that Volkswagen provided and

3      continues to provide in the ongoing investigations of

4      individuals is truly extraordinary.  Volkswagen's efforts to

5      make things right with the customers -- which Mr. Niewoehner

6      can address in a moment -- through the civil settlements are

7      also truly extraordinary, and certainly unprecedented in my

8      experience.  And Volkswagen's efforts to remediate the

9      environment which are ongoing, of course, are also quite

10     significant.

11            In our view, the plea agreement appropriately

12     captures the significance of the misconduct and what

13     Volkswagen did wrong and the significance and aggressiveness

14     of Volkswagen's efforts to make it right.  We believe for

15     those reasons the plea agreement is in the government's

16     interest, we believe it's in Volkswagen's interest, and we

17     absolutely believe it's in the public's interest.

18            With the Court's permission, I'll ask Mr. Niewoehner

19     to address restitution.

20            THE COURT:  Certainly.

21            MR. NIEWOEHNER:  Your Honor, we agree with the

22     government that this is the unusual case where restitution is

23     not appropriate for the victims.  And that is because this is

24     an unusual case in the sense that the company has so

25     aggressively moved to try to compensate the people who were

*U.S.A. v. Volkswagen AG*

1    the victims of the crimes to which we've pled guilty.

2            We've laid out for you the details of the settlement

3    offers and agreements.  The two-liter deal has over

4    99 percent acceptance of those terms, and the three-liter

5    deal, which the opt-out period closed last Friday, we don't

6    have final figures yet because things can still be coming in

7    the mail, but we expect that we're going to get a similar --

8            THE COURT:  Can I interrupt you?

9            MR. NIEWOEHNER:  Of course.

10           THE COURT:  I apologize.  Yesterday I received a

11   letter from Mr. Weinstein. which I assume the government has

12   and I'm assuming that Mr. Hilborn would have as well as the

13   other attorneys representing the victims.

14           MR. NIEWOEHNER:  Well, we intend -- what I was

15   actually about to do was to put on the record what was in the

16   letter and then I was also going to detail for you some of

17   the measures we could take to make sure that the folks who

18   have not opted in would be aware of this deal if that would

19   be helpful.

20           THE COURT:  Okay.  Please.

21           MR. NIEWOEHNER:  So we expect that the three-liter

22   deal will have a very similar weight of people opting in and

23   accepting the settlement terms.  For the people who did not,

24   even the two-liter or three-liter deals, what we have agreed

25   to do, what we would like to do to ensure that just in case

*U.S.A. v. Volkswagen AG*

1   anybody had any confusion about what this process might mean

2   for them, they will know and they will still have an

3   opportunity to effectively opt-back-in under certain

4   conditions.

5          What Volkswagen has agreed to do for current owners

6   who opted out of the two-liter settlement with the

7   three-liter settlement, we will extend to them the

8   opportunity to participate in the class action settlements.

9   In particular, Volkswagen will offer eligible current owners

10  of two-liter vehicles who opted out of the two-liter

11  settlement from April 28 until May 12 to join the settlement

12  program in exchange for the same release obtained by members

13  of the class.  Similarly, if the three-liter settlement is

14  approved, following the final approval hearing on May 11th,

15  Volkswagen will likewise offer a two-week opportunity for

16  eligible current owners who opted out of the class to

17  participate in the settlement program.

18         What we intend to do to ensure the people are aware

19  of this is several steps.  One, there is a website, a

20  class-action website that is maintained by Volkswagen.  We

21  will make this offer.  We will put it there.

22         We also expect that the Court in California has a

23  website and we will put that information there as well.

24         The plaintiff steering committee also maintains a

25  website, and they have agreed that they will put the

*U.S.A. v. Volkswagen AG*

1    information on their website.

2        And finally, we will all electronically notify -- we

3    have e-mail addresses of the folks who have opted out and we

4    will intend to send e-mails to those people individually, as

5    well as Mr. Hilborn, to make sure that they are all aware --

6    and Mr. Yarin -- to make sure they are all aware of the terms

7    of what I just laid out.

8        THE COURT:  Okay, very good.  Thank you.

9        MR. NIEWOEHNER:  Thank you.

10       THE COURT:  Under the Crime Victims Rights Act, a

11   crime victim is a person directly and proximately harmed as a

12   result of the offense.  That's 18 U.S.C. Section 377E.

13       At this time the Court will allow any alleged

14   victims or representatives of alleged victims the opportunity

15   to address the Court as to their respective positions as to

16   whether or not this Court should accept or reject the Rule 11

17   agreement.

18       I will start with the victims in case number

19   17-50336, who are represented by Mr. Hilborn and

20   Mr. Melkersen.

21       Is Mr. Hilborn or Mr. Melkersen present in the

22   Court?  Okay, I don't hear or see anybody.

23       All right.  I do have their statements, as well as

24   certain victim statements as well.

25       The next is case number 17-50280, Mr. Yarin.

*U.S.A. v. Volkswagen AG*

1      Is Mr. Yarin present in the courtroom?  All right.

2  So we don't have -- no one has appeared in case number

3  17-50336, nor 17-50280.

4      Are there any other victims in any cases that wish

5  to address the Court?

6      None.  Okay.

7      For the record, I have received a total of three

8  victim impact statements.  The first victim impact statement

9  is from an attorney by the name of Stephen Webster who

10  indicates that he represents six alleged victims who have

11  filed civil actions against Volkswagen.

12      That statement includes calculations as to how much

13  restitution each of these victims believe they are entitled

14  to, along with documentation regarding the purchase of

15  Volkswagen vehicles.

16      The second victim impact statement which is 19 pages

17  long, is from Mr. Yarin, the individual who initiated case

18  number 17-50280.

19      Among other things, Mr. Yarin contends that

20  restitution should be provided to victims in connection with

21  the criminal case.  Mr. Yarin also asserts that the Court

22  should impose a greater fine against VW than set forth in the

23  Rule 11 Agreement.

24      The third victim is an individual -- I'm sorry.  The

25  third victim impact statement is from Richard Lloyd, who has

*U.S.A. v. Volkswagen AG*

 1 provided us with a rather interesting statement.  His

 2 statement indicates that he is nearly 80 years old, and that

 3 he has been having computer-related trouble navigating the

 4 system in place relating to this civil settlement program.

 5 He sounds a lot like me when I am on a computer.

 6      Mr. Lloyd does not ask the Court to order

 7 restitution in the criminal case.  Rather, he indicates he

 8 wishes to accept the civil settlement, and that any help

 9 would be greatly appreciated.  And so perhaps VW will give

10 him a little help down the road.

11      MR. NIEWOEHNER:  Your Honor, for Mr. Lloyd, I

12 believe we have reached out and sent him a letter, and we

13 will try to facilitate his use of the system.

14      THE COURT:  Thank you.  So this court has carefully

15 considered all three victim impact statements that were

16 submitted, and I appreciate the time and effort that went

17 into the preparation and submission of these statements.

18      Now, I have carefully reviewed the statements.  I

19 have reviewed the applicable case law, and I've considered,

20 carefully considered the issue.

21      So after careful deliberation, and this Court having

22 considered the arguments, the written motions, and

23 submissions, this Court finds pursuant to 18 U.S.C. Section

24 366A (sic), that from the facts in this record, that

25 determining complex issues of fact relating to the cause or

*U.S.A. v. Volkswagen AG*

1    amount of victims' losses would complicate or prolong the

2    sentencing process to a degree that the need to provide

3    restitution to any victim is outweighed by the burden on the

4    sentencing process.

5         Therefore, this Court overrules the victim

6    objections to the Rule 11 Agreement made in connection with

7    miscellaneous cases 17-50336, and 17-50280 made through the

8    victim impact statements.

9         The Court denies all motions and requests for

10   restitution in miscellaneous cases 17-50336, and 17-50280,

11   through the victim impact statements.

12        And this Court grants the joint motion for order

13   under 18 U.S.C. Section 3663A, in criminal case number

14   16-20397, and related motions, requests made in miscellaneous

15   case numbers 17-50280, and 17-50336.

16        So the bottom line is no restitution shall be

17   provided to victims in connection with this criminal case.

18        Mr. Weinstein, before I impose sentence, is there

19   anything you wish to say on behalf of your client?

20        MR. WEINSTEIN:  Nothing on behalf of my client,

21   although at the appropriate time Mr. Doess does have a

22   statement he would like to make to the Court.

23        THE COURT:  How about if he waits until after the

24   government makes its statement?

25        MR. WEINSTEIN:  Sure.

*U.S.A. v. Volkswagen AG*

1    THE COURT:  He might have some comments, okay?

2    MR. WEINSTEIN:  Okay.

3    THE COURT:  Mr. Neal, is there anything you wish to

4  say on behalf of the government before I impose sentence?

5    MR. NEAL:  Nothing further from the government, Your

6  Honor.

7    THE COURT:  Mr. Doess, you have the right to speak

8  on behalf of VW.

9    Is there anything you wish to say to me before I

10  impose sentence?

11    MR. DOESS:  Yes, Your Honor.  Thank you for the

12  opportunity to address the Court.

13    On behalf of Volkswagen, I stand before you today

14  with remorse, determination, and confidence.

15    I stand here with remorse over the misconduct of

16  this company over a nearly ten-year period.  Volkswagen

17  deeply regrets the behavior that gave rise to this case.

18  This misconduct was not consistent with the values of this

19  company, and plain and simple, it was wrong.

20    We let people down, and for that we are deeply

21  sorry.  I stand here to express the company's determination

22  that it will continue to take the necessary steps to ensure

23  that nothing like this ever happens again.

24    We have worked tirelessly over the past 18 months to

25  find out what happened, and to make things right.  That has

*U.S.A. v. Volkswagen AG*

1    included moving aggressively to resolve claims by our U.S.

2    customers and regulators in the U.S., including up to

3    13 billion in civil settlements, nearly three billion in

4    environmental remediation, and two billion in investment in

5    infrastructure for zero emissions vehicles.

6         It has included cooperating extensively with the

7    Department of Justice in its investigation over -- of

8    responsible individuals.  It has included reaching this plea

9    agreement and the related consent decree to resolve matters

10   with DOJ and the EPA, including pleading guilty and agreeing

11   to pay a total of 4.3 billion U.S. dollars in criminal and

12   civil penalties.

13        And it has included implementing reforms within the

14   company, including changes in personnel, structure,

15   processes, and culture, with the goal of strengthening

16   accountability, enhancing transparency, and helping prevent

17   something like this from happening again.

18        We have made significant strides, but there is much

19   more to do.  We look forward to working with the monitor, as

20   we continue to build on reforms we've made so far.

21        And finally, I stand here with confidence in the

22   future of the company because there is a company-wide

23   commitment from the highest levels of leadership to continue

24   these reforms.  Volkswagen today is not the same company it

25   was 18 months ago.  The change process underway is the

*U.S.A. v. Volkswagen AG*

1    biggest in our history.

2         Volkswagen will continue to press forward with these

3    and many other important changes to the way we operate so we

4    can earn back the trust of our stakeholders and build a

5    better company.  We are working to use what happened here as

6    an impetus to transform the company and make Volkswagen an

7    example of how a socially responsible company should act and

8    lead in the years ahead.

9         I want to take this opportunity to apologize on

10   behalf of the company to the U.S. government, and the other

11   authorities in the U.S., and most of all to our customers

12   here in the U.S.  The trust of our customers, our

13   shareholders, partners, employees, and the general public is

14   our most important asset.  And we will never stop working to

15   regain their trust.  Thank you.

16        THE COURT:  That you very much, sir.

17        At a plea hearing on March 10, 2017, VW pled guilty

18   to Counts One, Two, and Three, pursuant to a Rule 11

19   Agreement.  In that Rule 11 Agreement, the parties stipulated

20   to what they believed was an appropriate sentence in this

21   case, a fine of $2.8 billion, and a special assessment of

22   $1200, as well as a period of three years probation.

23        However, I have an independent obligation to ensure

24   that the stipulated sentence as set forth in the Rule 11

25   Agreement is sufficient but not greater than necessary to

*U.S.A. v. Volkswagen AG*

1   comply with the purposes set forth in 18 U.S.C. Section

2   3553(a).

3          The first factor, the nature and circumstances of

4   the offense, the history and characteristics of the

5   defendant.  As I said before, and if I recall correctly, as I

6   said on March 10, 2017, this is a very serious and troubling

7   case involving an iconic automobile company.  And I truly

8   mean the word "iconic."

9          Mr. Doess and I, I think are about the same age.

10   And I just remember VW's reputation at least in our community

11   growing up, and the quality of the product, and the structure

12   of how the car company operated.  And it was a leader in its

13   field.  And I just can't believe that VW is in this situation

14   that it finds itself in today.  Again, this is a very serious

15   and troubling case involving an iconic automobile company.

16          This is a case of deliberate, massive fraud

17   perpetrated by VW management.  We don't know how far up the

18   corporate ladder it goes.  Hopefully, the DOJ and probably

19   more importantly, hopefully, the German government will do

20   its duty and find out and prosecute those who are responsible

21   for this massive fraud, this deliberate, massive fraud that

22   has damaged, again, an iconic automobile company.

23          This is deliberate and massive fraud perpetrated

24   upon the American consumer, and it would seem consumers

25   throughout the world.  This is also a case, and this is very,

*U.S.A. v. Volkswagen AG*

1    very, very troubling to anyone in the legal field.  This is a

2    case of deliberate destruction of evidence by VW management,

3    with the participation, and under the supervision of legal

4    counsel.  Again, this is a case of a deliberate destruction

5    of evidence by VW management with the participation and under

6    the supervision of legal counsel.

7         This case also involves the failure of the VW

8    supervisory board, which is government, labor, and

9    shareholders.  The failure to monitor and -- excuse me.  The

10   failure to monitor and competently select the management of

11   VW.

12        Now, who has been hurt by this corporate greed?

13   From what I can see, it's not the managers at VW, the ones

14   who get paid high salaries and large bonuses.  As always,

15   it's little guy.  And the VW labor, the VW guy working on the

16   line, just like the guy working on the line at Ford, GM, or

17   Chrysler, they get their hourly wage, but so much of what

18   they can do extra depends on their bonus.  And so again, in

19   my mind, it is the little guy who's been hurt.

20        First it's the consumer.  That consumer who's not

21   looking to buy a high-end car.  It's that consumer who wants

22   to buy an economical car from VW for the most part.  That

23   consumer, not only in the United States, but throughout the

24   world.  And again, the person who has really been hurt in my

25   mind is the man or woman at VW who labors to make the car.

*U.S.A. v. Volkswagen AG*

 1    Upper management is not going to take a big hit by
 2    the billions of dollars that this fraud has cost VW.  But the
 3    labor at VW is going to lose millions of dollars, millions of
 4    euros in bonus money.

 5    And I did see Mr. Muller's remarks on paying the
 6    bonuses.  The bonuses have shrunk and will shrink because of
 7    the billions of dollars that VW has to pay out because of the
 8    fraud.  And again, as always when it seems to involve
 9    corporate greed, it's the little guy that's hurt, hurt the
10    most.

11    Now, I think that the mandates of the Rule 11 will
12    help consumers as well as the working men and women at VW,
13    but again this corporate greed, this failure of management,
14    failure of the supervisory board, has cost VW billions of
15    dollars.  And again, I sound like a broken record, but I feel
16    so bad, the individuals who will be hurt the most are the
17    working men and women at VW.

18    So considering the nature and circumstances of the
19    offense, this is a very, very serious offense, and this
20    corporate greed has, is, and will continue to hurt people.

21    I've also considered the need for the sentence
22    imposed to reflect the seriousness of the offense, to promote
23    respect for the law, and provide just punishment for the
24    offense.

25    For the corporate defendant, considering the amount

*U.S.A. v. Volkswagen AG*

1    of money they're paying out, the billions of dollars they are

2    paying out, I do believe it does provide just punishment as

3    to the corporation.

4            I've considered the need to afford adequate

5    deterrence to criminal conduct.  Corporate greed is nothing

6    new.  It continues.  Hopefully, that this sentence will

7    somehow cause others who are thinking about or engaging in

8    fraud, such as the fraud that we saw in this case, not only

9    in the United States, but throughout the world, to think

10   twice and cause corporations to not look the other way when

11   employees are coming up with a scheme that may make them

12   extra money, may allow them to bypass certain emission

13   standards or other standards that are required of the

14   corporation, because the cost in the long run as we can see

15   with VW, is just so, so enormous and so, so destructive to

16   the people of the corporation.

17           I've considered the need to protect the public from

18   further crimes by the defendant.  Yes, VW has a lot to do to

19   adjust its corporate culture from what I've learned, which it

20   is doing, and from everything I've seen, that it will

21   aggressively do in the future.  And I don't think VW, at

22   least, will be in this type of situation again.

23           And hopefully, the other corporations involved in

24   the manufacture and supply of automobiles will have learned

25   from this as well, and think twice.

*U.S.A. v. Volkswagen AG*

1          Factor D doesn't really apply.

2          I've considered the kinds of sentences available and

3     the sentencing range.

4          I have considered all the factors under 18 U.S.C.

5     Section 3553(a)in imposing the sentence that I'm going to

6     impose right now.

7          Again, VW pled guilty to Counts One, Two, and Three

8     with a Rule 11 on March 10, 2017.

9          Pursuant to the Sentencing Reform Act of 1984, the

10    Court, considering the sentencing guidelines and the factors

11    contained in 18 U.S.C. Section 3553(a), which I've just

12    stated here on the record, hereby orders VW AG to be placed

13    on probation for a term of three years.

14         Further, VW AG shall pay a fine to the Clerk of the

15    Court, to the United States in the amount of $2.8 billion,

16    which shall be paid within ten days of the entry of the

17    judgment, which will probably be entered today or Monday.

18         Restitution is waived.  No order of restitution is

19    appropriate in this case as the number of identifiable

20    victims is so large as to make restitution impracticable

21    and/or determining complex issues of fact relating to the

22    cause or amount of victims' losses to a degree that the need

23    to provide restitution to any victim is outweighed by the

24    burden on the sentencing process.

25         Moreover, the defendant corporation has agreed to

*U.S.A. v. Volkswagen AG*

1  compensate members of the class in In Re Volkswagen Clean

2  Diesel Marketing Sales Practices and Products Liability

3  Litigation, which is currently in the Northern District of

4  California, which consists of individuals who purchased

5  affected vehicles.

6       And of course, I did accept the Rule 11, if I

7  neglected to say that.  I am accepting the Rule 11.

8       VW shall pay a special assessment in the amount of

9  $1200, to be paid immediately.

10      The United States Probation Department shall have

11 available to it any reports prepared by the independent

12 compliance monitor in order to monitor the defendant's

13 corporate compliance, the terms and conditions of probation.

14      Reports prepared by the independent monitor shall be

15 maintained by the United States Attorney's Office for review

16 by the probation department.

17      The VW organization shall abide by the standard

18 conditions of supervision for organizational defendant as

19 adopted by the United States District Court for the Eastern

20 District of Michigan.

21      And that will be the sentence of this court.

22      All right.  Mr. Neal, has the Court covered all the

23 sentencing issues?

24      MR. NEAL:  It has, Your Honor, with the exception of

25 the appellate waiver, which I understand the --

Case 3:15-cr-02672-CRB Document 84 filed 06/15/17 PageID.1709 Page 32 of 34

*U.S.A. v. Volkswagen AG*

1        THE COURT:  I was going to get to that.  Okay.

2        MR. NEAL:  Very well.

3        THE COURT:  Mr. Weinstein, has the Court covered all

4   the appellate -- I'm sorry.  Has the Court covered all the

5   sentencing issues?

6        MR. WEINSTEIN:  You have, Your Honor.

7        THE COURT:  Okay.  Is there any objection to the

8   sentence by the government?

9        MR. NEAL:  No objection, Your Honor.

10       THE COURT:  Mr. Weinstein, is there any objection to

11  the sentence by your client?

12       MR. WEINSTEIN:  No, Your Honor.

13       THE COURT:  Okay.  Now, Mr Doess, you may be

14  entitled to appellate review of this conviction and sentence.

15  If you wish to appeal this conviction and sentence, you must

16  do so within 14 days.

17       Do you hear what I just said?

18       MR. DOESS:  I understood this, Your Honor.

19       THE COURT:  And if you wish to appeal this

20  conviction and sentence, I would suggest you discuss this

21  issue immediately with your attorney.

22       Do you hear what I just said?

23       MR. DOESS:  Yes.  I heard and understood it.

24       THE COURT:  Okay.  Mr. Neal, anything else?

25       MR. NEAL:  Nothing else, Your Honor.

*U.S.A. v. Volkswagen AG*

```
1          THE COURT:  Mr. Weinstein, anything else?

2          MR. WEINSTEIN:  No, Your Honor.  Thank you.

3          THE COURT:  All right.  Thank you.

4          DEPUTY COURT CLERK:  All rise.  Court is in recess.

5          (Court in recess at 10:39 a.m.)

6                           *       *       *
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14 **C E R T I F I C A T I O N**

15     I, Marie J. Metcalf, Official Court Reporter for the

16 United States District Court, Eastern District of Michigan,

17 Southern Division, appointed pursuant to the provisions of

18 Title 28, United States Code, Section 753, do hereby certify

19 that the foregoing is a correct transcript of the proceedings

20 in the above-entitled cause on the date hereinbefore set

21 forth.

22         I do further certify that the foregoing transcript

23 has been prepared by me or under my direction.

24 s\Marie J. Metcalf                      April 21, 2017

25 Marie J. Metcalf, CVR, CM                (Date)