UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ | MDL No. 2672 CRB (JSC) **ORDER DENYING BOSCH'S MOTION TO DISMISS** |
| This Order Relates To: MDL Dkt. No. 5273 *Iconic Motors*, No. 3:17-cv-3185-CRB _____/ | |

In *Napleton I*, the Court denied the Bosch defendants' motion to dismiss an action against them by a proposed class of Volkswagen-branded dealerships. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.* (*Napleton I*), No. MDL 2672 CRB (JSC), 2017 WL 4890594 (N.D. Cal. Oct. 30, 2017). For the reasons identified in *Napleton I*, the Court now also denies the Bosch defendants' motion to dismiss *Iconic Motors*, a case against them by a Volkswagen-branded dealership that was not a party in *Napleton*. The differences that the Bosch defendants highlight between *Napleton* and *Iconic Motors* have not persuaded the Court that, unlike *Napleton*, *Iconic Motors* should be dismissed at the pleading stage.

The principal difference between the two cases is that the dealership in *Iconic Motors* did not open for business until six weeks *after* the EPA first notified the public of its determination that Volkswagen had manufactured and installed defeat devices in its 2.0-liter TDI cars. (*See* MDL Dkt. No. 5117, Compl. ¶¶ 251, 259.) Because the *Iconic Motors* plaintiffs knew about the EPA's notice, and still decided to open a Volkswagen dealership, the Bosch defendants argue that their losses were self-inflicted and were not caused by the defeat-device scheme.

The Bosch defendants' argument does not take into account that for two years prior to the EPA's first notice of violation, the *Iconic Motors* plaintiffs spent millions of dollars to construct a

dealership that was customized to Volkswagen's branding requirements. Plaintiffs made this investment without any knowledge of the defeat-device scheme, and they allege that they would not have made the investment had they known about the scheme. (*See* Compl. ¶¶ 232–49.) Taking these allegations as true, *see In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016), they plausibly support an injury to "business or property" recoverable under RICO. 18 U.S.C. § 1964(c). *See Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 976 (9th Cir. 2008) (explaining that overpayment due to fraud is an injury to "property" that is cognizable under RICO); *Fleischhauer v. Feltner*, 879 F.2d 1290, 1300 (6th Cir. 1989) (allowing plaintiffs to recover under RICO amounts invested in reliance on fraudulent conduct).[1]

Plaintiffs also seek to maintain a civil conspiracy claim against the Bosch defendants, under Illinois law. (*See* Compl. ¶¶ 456–63.) For the reasons identified in *Napleton I*, plaintiffs' allegations are sufficient to plausibly support that the Bosch defendants were involved in a civil conspiracy, i.e., in the defeat-device scheme. *See Napleton I*, 2017 WL 4890594, at *11–17.

The Court denies the Bosch defendants' motion to dismiss. As in *Napleton*, however, the Bosch defendants may take discovery and may move for summary judgment if discovery reveals that plaintiffs' losses are insufficiently supported by fact or lack a causal nexus to the defeat-device scheme. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.* (*Napleton II*), No. 3:16-CV-02086-CRB, 2019 WL 6749534 (N.D. Cal. Dec. 6, 2019) (granting the Bosch defendants' motion for summary judgment).[2]

**IT IS SO ORDERED.**

Dated: January 14, 2020

CHARLES R. BREYER
United States District Judge

---

[1] Other categories of damages identified in the complaint may also be actionable, but the Court will not evaluate each category at the pleading stage.

[2] For the reasons identified in *Napleton I*, the Court confirms that it has personal jurisdiction over Bosch GmbH for plaintiffs' RICO claim. *See Napleton I*, 2017 WL 4890594, at *17–18. Under the doctrine of pendent personal jurisdiction, the Court also exercises personal jurisdiction over Bosch GmbH for plaintiffs' state law civil conspiracy claim, which is based on the same operative facts as the RICO claim. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).