1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12   IN RE: VOLKSWAGEN "CLEAN            MDL No. 2672 CRB (JSC)
     DIESEL" MARKETING, SALES
13   PRACTICES, AND PRODUCTS             The Honorable Charles R. Breyer
     LIABILITY LITIGATION
14

15   This Document Relates to:          **[PROPOSED]** **ORDER OF DISMISSAL
                                         WITH PREJUDICE AND JUDGMENT
16   Audi CO$_2$ Cases                   GRANTING FINAL APPROVAL OF
                                         CLASS SETTLEMENT AND AWARD OF
17                                       ATTORNEYS' FEES AND COSTS

18

19

20          Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement and

21   Award of Attorneys' Fees and Costs (the "Motion").  The background, procedural history, and

22   Settlement terms were summarized in the Court's Amended Order Granting Preliminary Approval

23   of Class Settlement and Direction of Notice Under Rule 23(e), familiarity with which is presumed.

24   *See* Dkt. No. 6764 ("Preliminary Approval Order").  In brief, the Settlement provides

25   $96,543,645.00 in cash compensation to the Class through a non-reversionary fund, with payments

26   ranging from $518.40 to $2,332.80 per Class Vehicle.

27          Following the Court's Preliminary Approval Order, notice was sent to the Class via a

28   Court-approved notice program, and the Class has had an opportunity to respond.  The Court has

1    considered the Parties' briefs and accompanying submissions, comments from the Class, and

2    presentations at the hearing on these matters, and the Court hereby **GRANTS** the Motion.

3    **I.      CLASS CERTIFICATION AND SETTLEMENT APPROVAL**

4           When presented with a motion for final approval of a class action settlement, a court first

5    evaluates whether certification of a settlement class is appropriate under Federal Rule of Civil

6    Procedure 23(a) and (b).  Rule 23(a) provides that a class action is proper only if four requirements

7    are met:  (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  *See*

8    Fed. R. Civ. 23(a)(1)-(4).  As relevant here, settlement certification of a Rule 23(b)(3) class requires

9    that (1) "the questions of law or fact common to class members predominate over any questions

10   affecting only individual members" and that (2) "a class action [be] superior to any other available

11   methods for fairly and efficiently adjudicating the controversy."  *See* Fed. R. Civ. P. 23(b)(3).

12          The Court concluded that the Class and its Representatives were likely to satisfy these

13   requirements in its Preliminary Approval Order and finds no reason to disturb its earlier

14   conclusions.  *See* Dkt. No. 6764 at 3-4.  The requirements of Rule 23(a) and Rule 23(b)(3) were

15   satisfied then and they remain so now.  As such, the Court concludes that certification of the

16   Settlement Class is appropriate.

17          Assuming a proposed settlement satisfies Rules 23(a) and (b), the Court must then

18   determine whether the proposal is fundamentally fair, reasonable, and adequate.  *See* Fed. R. Civ. P.

19   23(e)(2).  The Court is thoroughly familiar with the standards applicable to certification of a

20   settlement class and has applied them in several recent settlements in this MDL.  *See, e.g.*, Dkt. No.

21   6764 at 3-4 (collecting cases).  In preliminarily approving the Settlement, the Court applied these

22   standards and concluded that the Settlement appeared to be "fair, adequate, and reasonable."  Dkt.

23   No. 6764 at 2.  Those conclusions stand and counsel equally in favor of final approval now.

24          Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves

25   the settlement set forth in the Settlement Agreement in all respects (including, without limitation:

26   the amount of the settlement; the releases provided for therein; and the dismissal with prejudice of

27   the claims asserted against Defendants in the Action) and finds that the Settlement is, in all

28   respects, fair, reasonable, and adequate to the Class.  The Court further finds that the settlement set

forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Settlement Agreement and the settlement embodied in the Settlement Agreement are hereby finally approved in all respects.  The Parties are hereby directed to perform its terms.

The terms of the Settlement Agreement and of this Order and Judgment shall be forever binding on Defendants, Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form), as well as their respective successors and assigns.

The releases set forth in paragraph 10.3 of the Settlement Agreement, together with the definitions contained in section 2 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects.  The releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)  Without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim (including Unknown Claims) against any of the Released Persons, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any or all of the Released Claims against any of the Released Persons.

(b) Without further action by anyone, upon the Effective Date of the settlement, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, and discharged Plaintiffs, Class Members (except any Class Member who timely and validly requests exclusion from the Class), and Lead Counsel from all claims and causes of action of every nature and description (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation, except claims to enforce the settlement and the terms of the Settlement Agreement and claims or defenses arising from claims by any Class Member concerning a

[~~PROPOSED~~] ORDER AND JUDGMENT
MDL 2672 CRB (JSC)

1    deficiency in administration of the Settlement.

2          Notwithstanding the paragraph above, nothing in this Judgment shall bar any action by any

3    of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

4          Only those Class Members filing valid and timely Claim Forms shall be entitled to

5    participate in the Settlement and receive a distribution from the Settlement Fund.  All Class

6    Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not

7    they submit a valid and timely Claim Form.

8    **II.**      **THE REQUESTED ATTORNEYS' FEES AND COSTS**

9          Class Counsel requests an award of approximately $10.9 million in attorneys' fees and $2.1

10   million in costs (for a total of $13 million) for work undertaken in prosecuting the claims resolved

11   by the Settlement.  Defendants have agreed to pay this amount in addition to compensation to the

12   Class.  *See* Dkt. No. 6634-1 ¶ 4.5.

13         Federal Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court

14   may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the

15   parties' agreement."  Fed. R. Civ. P. 23(h).  "Attorneys' fees provisions included in proposed class

16   action agreements are, like every other aspect of such agreements, subject to the determination

17   whether the settlement is 'fundamentally fair, adequate and reasonable.'"  *Staton v. Boeing Co.*,

18   327 F.3d 938, 964 (9th Cir. 2003) (citation omitted).  Thus, "courts have an independent obligation

19   to ensure that the award, like the settlement itself, is reasonable, even if the parties have already

20   agreed to an amount."  *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir.

21   2011).

22         When, as here, a settlement establishes a calculable monetary benefit for a class, a court has

23   discretion to award attorneys' fees based on a percentage of the monetary benefit obtained or by

24   using the lodestar method.  *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab.*

25   *Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *1 (N.D. Cal. Mar. 17, 2017); *see also Staton*,

26   327 F.3d at 967.  Here, the $96.5 million available to the class is non-reversionary, eliminating

27   incentive to discourage Class Members' participation the in the Settlement and ensuring that the

28   full value is put towards the interests of the Class in this litigation.  Class Counsel's requested fee

1   represents 9.88% of the total settlement value, including the separately paid attorneys' costs and

2   fees and the costs of notice and settlement administration.  The requested fee percentage falls well

3   below the Ninth Circuit's 25% benchmark as well as the mean and median percentages awarded in

4   similarly-valued settlements.  *See Bluetooth*, 654 F.3d at 942; Brian T. Fitzpatrick, *An Empirical*

5   *Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical L. Stud. 811, 839 (2010)

6   (finding the mean and median fee awards were 23.7% and 24.3%, respectively, for settlements

7   valued between $72.5 million and $100 million).  This is more than justified under the facts of case.

8       A lodestar cross-check also confirms the reasonableness of the award sought.  Both the

9   hours worked and the rates billed (a blended average rate of $536 per hour) are customary and

10  reasonable.  *See, e.g.*, *Volkswagen*, 2017 WL 1047834, at *5 (approving blended average hourly

11  billing rate of $529 per hour in this MDL).  The total lodestar yields a multiplier of 2.06 for work

12  done to-date and 1.88 including a reasonable estimate of anticipated future work to implement and

13  protect the settlement.  Either multiplier is well within the range of reason.  *See, e.g., Van Vranken*

14  *v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-4 range are

15  common in lodestar awards for lengthy and complex class action litigation."); *see also Volkswagen*,

16  2017 WL 1047834, at *5 (approving  multiplier of 2.63 in this MDL); *In re Volkswagen*, No. 2672

17  CRB (JSC), 2017 WL 2178787, at *3 (N.D. Cal. May 17, 2017) (approving multiplier of 2.32 in

18  this MDL);  *In re Volkswagen*, No. 2672 CRB (JSC), 2017 WL 3175924, at *4 (N.D. Cal. July 21,

19  2017) (approving multiplier of 2.02 in this MDL).

20      In sum, both the percentage of the fund and the lodestar multiplier are reasonable in light of

21  the substantial benefits obtained for the Class and the risks and complexities of this litigation.  Class

22  Counsel's request for $10,877,506.73 in fees and $2,122,493.27 million in costs (for a combined

23  $13 million) is hereby **GRANTED**.

24  **III.    <u>CONCLUSION</u>**

25      Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

26      1.    The Court hereby **CERTIFIES** the Settlement Class and **GRANTS** the Motion for

27  Final Approval of the Settlement.  The Court fully and finally approves the Settlement in the form

28  contemplated by the Settlement Agreement (Dkt. No. 6634-1) and finds its terms to be fair,

reasonable and adequate within the meaning of Fed. R. Civ. P. 23.  The Court directs the consummation of the Settlement pursuant to the terms and conditions of the Settlement Agreement.

2.      The Court **DISMISSES** the Action and all claims contained therein, as well as all of the Released Claims, with prejudice as to the Parties, including the Class.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

3.      The Court **CONFIRMS** the appointment of Lead Plaintiffs' Counsel as Settlement Class Counsel.

4.      The Court **CONFIRMS** the appointment of the Settlement Class Representatives listed as Plaintiffs in the Amended Consolidated Consumer Class Action Complaint.

5.      The Court **CONFIRMS** the appointment of Epiq as Claims and Notice Administrator.

6.      The Court **GRANTS** Class Counsel's request for attorneys' fees and costs, and **AWARDS** Class Counsel $13 million in attorneys' fees and costs to be paid by the Defendants in addition to the compensation available to the Class, and to be allocated by Lead Counsel among the PSC firms performing common benefit work pursuant to terms of Pretrial Order No. 11.

7.      The Court hereby discharges and releases the Released Claims as to the Released Parties, as those terms are used and defined in the Settlement Agreement.

8.      The Court hereby permanently bars and enjoins the institution and prosecution by Class Plaintiffs and any Class Member of any other action against the Released Parties in any court or other forum asserting any of the Released Claims, as those terms are used and defined in the Settlement Agreement.

9.      The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.  Dkt. No. 6643-1 at ¶ 10.15.

**IT IS SO ORDERED.**

DATED: _March 2, 2020_ _____

THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -