UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC)<br><br>**ORDER GRANTING MOTION TO REMAND** |
| This Order Relates To:<br>MDL Dkt. No. 6949<br><br>*Manders*, No. 3:19-cv-07488-CRB | |

Seth Manders sued Volkswagen Group of America in Los Angeles Superior Court, alleging violations of California law. Volkswagen removed the case to federal court on the theory that Manders' claims necessarily raise a federal issue, because they implicate a settlement agreement, consent order, and consent decree (collectively, the "Consent Decree") approved by this Court. But the Consent Decree cannot establish federal question jurisdiction over this case. Even if, as Volkswagen argues, Manders' claims are foreclosed by the Consent Decree, or would burden Volkswagen's compliance with that agreement, that does not create federal jurisdiction over state law claims that can be resolved without reference to federal law. Because Volkswagen has not established the existence of federal question jurisdiction, the motion to remand is granted.

**I.     BACKGROUND**

Volkswagen and its German parent "were involved in a fraudulent scheme to circumvent California and United States emissions regulations by installing emissions 'defeat devices' in their vehicles equipped with 2.0-liter and 3.0-liter diesel engines." Compl. (Case No. 3:19-cv-07488-CRB dkt. 1-2)[1] ¶ 10. When the fraud was revealed, Volkswagen became the target of a criminal case, multiple civil enforcement actions, and numerous private lawsuits. Id. ¶¶ 19–21. The

---

[1] This Order cites to documents filed on both the MDL docket and the docket for Manders' individual case. To avoid confusion, citations to court filings include the case number before the docket number.

Consent Decree, approved by this Court, resolved much of the litigation. Id. ¶ 21. Among other things, it required Volkswagen "to do one of two things, at the option of the vehicle owner/lessee: (1) recall and repair the vehicles' emissions system or (2) buy back or cancel leases on non-compliant vehicles." Id. ¶ 22.

In 2017, Manders bought a used Volkswagen Golf that had been reacquired pursuant to the Consent Decree. Id. ¶¶ 27, 32. The Golf was labeled "certified pre-owned." Id. ¶ 28. A sticker on the window indicated that an "emissions modification" had been performed, but Manders was told the modification would not affect the Golf's performance. Id.

Manders alleges, inter alia, that the "certified pre-owned" label was fraudulent and that Volkswagen concealed the fact that the emissions modification diminished the Golf's performance. Id. ¶ 11. His Complaint brings California statutory and common law claims. Id. ¶¶ 46–156. Volkswagen removed the case to federal court, see Notice of Removal (Case No. 3:19-cv-07488-CRB dkt. 1), and Manders brought the instant motion for remand, Mot. (Case No. 3:15-md-02672-CRB dkt. 6949).

## II.   LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The defendant "has the burden to establish that removal is proper." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008).

A party may file an action in federal court if its claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case can "aris[e] under" federal law in two ways. First, "a case arises under federal law when federal law creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251, 257 (2013). Second, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 258 (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–14 (2005)). The latter form of "arising under" jurisdiction recognizes that "in

2

certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal interests." Grable, 545 U.S. at 312.

The Supreme Court has since noted that Grable and cases like it are exceptional, and that only a "special and small category" of state-law claims give rise to federal-question jurisdiction. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006). In other words, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Determining which state-law claims trigger federal-question jurisdiction "calls for a 'common-sense accommodation of judgment to [the] kaleidoscopic situations' that present a federal issue, in 'a selective process that picks the substantial causes out of the web and lays the other ones aside.'" Grable, 545 U.S. at 313 (alteration in original) (quoting Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 117–18 (1936)).

Whatever difficulty may be involved in determining whether a state-law claim gives rise to federal jurisdiction, it is clear that "arising under" jurisdiction cannot be established "on the basis of a federal defense, including the defense of pre-emption." Caterpillar, 482 U.S. at 393. This is so "even if the defense is anticipated in the complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. Only in the rare instance in which an area of state law has been completely preempted by a federal statute does preemption provide a key to federal court. Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014).

**III.   DISCUSSION**

The Complaint alleges no federal cause of action, so Volkswagen must show that it satisfies the test for arising under jurisdiction announced in Grable. See Gunn, 568 U.S. at 257–58. Volkswagen advances three arguments that the Complaint "necessarily raises federal questions under the Consent Decree." See Opp'n (Case No. 3:15-md-02672-CRB dkt. 7018) at 4–10. Because all three arguments fail, it is unnecessary to address the other requirements from Grable.

3

#### a. Interpretation of the Consent Decree

First, Volkswagen argues that "Plaintiff's claims will require the Court to interpret the structure and intent behind the Settlement Orders and Agreements, particularly as it relates to Plaintiff's claim of branding prior to re-sale." Id. at 6. That is false. The Complaint alleges that Volkswagen violated California law, not the Consent Decree. See Compl. ¶¶ 46–156. That the alleged violations occurred in the course of buybacks and resales triggered by the Consent Decree is irrelevant. See In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liability Litig., No. 3:18-cv-07096-CRB, 2020 WL 109637, at *1 (N.D. Cal. Jan. 9, 2020). Arising under jurisdiction depends on the presence of a federal question, not whether the factual predicates of a cause of action can be traced to an event related to federal law. And to the extent Volkswagen argues (without citation to any authority) that any violations of California law would be excused if authorized by the Consent Decree, that would be a federal defense insufficient to create subject matter jurisdiction. See id.; see also Caterpillar, 482 U.S. at 393.

The only plausible argument that the Complaint requires interpretation of the Consent Decree relates to allegations that Volkswagen unlawfully labeled Manders' Golf "certified pre-owned." See, e.g. Compl. ¶¶ 91–94. California law prohibits labeling a vehicle "certified" if it was "reacquired by the vehicle's manufacturer pursuant to state or federal warranty laws." Cal. Vehicle Code § 11713.18(a)(2). Volkswagen seemingly suggests that claims based on this alleged violation will require a court to interpret the Consent Decree to determine whether the Golf was "reacquired . . . pursuant to state or federal warranty laws." Opp'n at 6.

That argument fails for two reasons. First, this Court has already rejected it. See In re: Volkswagen, 2020 WL 109637, at *1. A previous order granting a different remand motion in the Volkswagen MDL held that claims basically identical to Manders' "focuse[d] on . . . whether [the] car should have been branded as a lemon under state law" and that the Consent Decree was only "invoke[d] . . . as an affirmative defense." Id. It is true that the plaintiff in that case (unlike Manders) "ma[de] no reference to the 2016 consent decree or to his car being a 2.0-liter TDI." Id. But the fact that Manders provides more factual background does not alter the legal analysis. Because his claims could be resolved by reference to state law alone, Volkswagen's invocation of

4

the Consent Decree as a defense is insufficient to establish federal jurisdiction.  Caterpillar, 482 U.S. at 393.

Second, no claim relies solely on allegations that the Golf was "reacquired . . . pursuant to state or federal warranty laws."  Each claim that raises this theory could also be proven on a separate basis that does not require interpretation of the Consent Decree.  See Compl. ¶¶ 67–69, 95, 105, 109–12, 127, 134–37, 146.  Because Manders' "claim[s] can be supported by alternative and independent theories[,] one of which is a state law theory[,] . . . federal law is not a necessary element of the claim[s]."  Nevada v. Bank of Am. Corp., 672 F.3d 661, 675 (9th Cir. 2012); see also In re: Volkswagen, 2020 WL 109637, at *2.

        **b.**       **This Court's Jurisdiction over the Consent Decree**

Next, Volkswagen argues that this Court "retain[s] the power to oversee and expound on complex and ongoing consent decrees like the Consent Decree at issue here."  Opp'n at 8.  It is true that a "district court has the inherent authority to enforce compliance with a consent decree that it has entered in an order, to hold parties in contempt for violating the terms therein, and to modify a decree."  Nehmer v. U.S. Dep't of Veterans Affairs, 494 F.3d 846, 860 (9th Cir. 2007).  But to the extent Volkswagen represents that this case involves "disputes arising under [the Consent] Decree" or claims seeking to "effectuat[e] or enforc[e] compliance" with its terms, see Opp'n at 8, that suggestion is disingenuous.  As explained above, Manders is not suing to enforce the Consent Decree and his claims do not implicate a dispute arising under that document.  Nor is he challenging the Consent Decree's implementation.  He alleges only that Volkswagen violated California law when implementing certain of the Consent Decree's requirements.

The cases Volkswagen cites are therefore distinguishable.  They involved either actions to enforce compliance with a consent decree, see Nehmer, 494 F.3d at 855, 860; Camillus Clean Air Coal. v. Honeywell Int'l, Inc., No. 5:13-CV-365 (FJS/DEP), 2013 WL 4774507, at *2 (N.D.N.Y. Sept. 4, 2013), or challenging its implementation, see United States v. City of Loveland, 621 F.3d 465, 471–72 (6th Cir. 2010); Los Angeles Police Protective League v. City of Los Angeles, No. CV 08-00784 GAF (RCx), 2008 WL 11454760, at *4 (C.D. Cal. June 20, 2008), aff'd, 314 F.

5

App'x 72 (9th Cir. 2009).  None of them endorse extending federal jurisdiction over cases where a consent decree is a defense to state law claims, was the trigger for the conduct giving rise to those claims, or might be undermined by the enforcement of state law.

### c. Threat to the Environmental Goals of the Consent Decree

Finally, Volkswagen argues that federal jurisdiction exists over Manders' claims because if Volkswagen cannot sell modified TDI vehicles as "certified," it will be more expensive for it to comply with the Consent Decree.  Opp'n at 6–7.  Volkswagen threatens that it will scrap many TDI vehicles rather than attempt to sell them without the certification label, thus "undermin[ing] the core environmental goals of the Consent Decree."  Id. at 6.  Volkswagen cites no authority for the proposition that federal jurisdiction exists over a state law claim which, if successful, will make compliance with federal law more expensive for the defendant.  The only precedent the Court could find considering a similar theory soundly rejected it.  See City of Warren v. City of Detroit, 495 F.3d 282, 288 (6th Cir. 2007) (rejecting argument that a claim "arises under" federal law when it would make it difficult for the defendant to comply with its obligations under a federal consent decree).

Finally, Volkswagen's suggestion that this Court has jurisdiction to decide whether compliance with California law "is consistent with the comprehensive scheme articulated in the Consent Decree," Opp'n at 7, depends on the extraordinary and unsupported assumption that a federal court can excuse a private party's noncompliance with state law by approving a Consent Decree that is "inconsistent" with state statutes or regulations.  The Court declines to endorse that proposition, and therefore rejects this argument.

### d. Costs and Fees

Manders argues he should be awarded fees and costs.  Mot. at 10.  "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  28 U.S.C § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141

6

(2005). A removing party's arguments are "not objectively unreasonable solely because [they] lack merit." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

That standard is not met here because the argument that Manders' claims require interpretation of the Consent Decree was not objectively unreasonable. Courts have recognized that "[c]ases [analyzing Grable jurisdiction] require courts to venture into a murky jurisprudence," R.I. Fishermen's All., Inc. v. R.I. Dep't of Envtl. Mgmt., 585 F.3d 42, 45 (1st Cir. 2009), and there was no precedent on point that unquestionably foreclosed Volkswagen's claims.[2]

**IT IS SO ORDERED.**

Dated: June 16, 2020

                                                  CHARLES R. BREYER
                                                  United States District Judge

---

[2] The prior order of this Court rejecting Volkswagen's argument was issued after Volkswagen removed this case. See generally In re: Volkswagen, 2020 WL 109637; Notice of Removal.