UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ | MDL No. 2672 CRB  (JSC)<br><br>**ORDER DENYING SANCTIONS** |
| This Order Relates To:<br>MDL Dkt. No. 6949 _____/ | |

Dawn Laderoute has moved for sanctions against "Defendants, Dealerships, the Claims Review Committee (CRC), the EPA/CARB, and Class Counsel." See generally Mot. (dkt. 7363). A district court has discretion to impose sanctions for "bad faith or willful disobedience of a court's order." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (internal quotation marks and citations omitted). "Sanctions are available for" "conduct tantamount to bad faith," such as "recklessness . . . combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994.

The Court declines to exercise its discretion to impose sanctions because Laderoute's allegations of misconduct are not supported by the record. Indeed, some of her accusations are directly contradicted by the evidence. For example, Laderoute represents that "the EPA did nothing to test the recalled vehicles for pollution compliance." Mot. at 9. On the contrary, the EPA has required and reviewed extensive testing of Volkswagen's modified 3.0-liter TDI vehicles to ensure compliance with applicable emissions standards. See Engle Decl. (dkt. 7514-6) ¶ 10. Similarly, Laderoute is incorrect that class members were never informed that they would have to release certain claims to participate in the Class Settlement. See Long Form Notice (dkt. 3037-1) at 41. And these examples are illustrative, not exhaustive.

Other accusations are wholly unsupported by the record or Laderoute's attached exhibits. For example, the Court can locate no evidence that the Claims Review Committee's appeals

1   process was "corrupt[ ]," Mot. at 14, that Class Counsel "has done nothing [since 2018] to protect
2   the Class," Mot. at 15, or that class members have been rendered particularly vulnerable to
3   COVID-19, Mot. at 16.  Again, these examples are illustrative, not exhaustive.

4   Finally, much of Laderoute's motion for sanctions is based on her concern that she will not
5   receive redress for personal injuries she believes are attributable to the defendants' conduct.  <u>See</u>
6   <u>generally</u> Mot.  The Court notes, however, that the Class Settlement did not release personal injury
7   claims.  <u>See</u> Long Form Notice at 40 ("The Class Action Settlement does not affect or release any
8   personal injury or wrongful death claims you may have.").  Laderoute's participation in the Class
9   Settlement is not a bar to her bringing personal injury claims in a separate action.

10  For the foregoing reasons, the Court concludes that sanctions are not appropriate in this
11  case.

12  **IT IS SO ORDERED.**

13  Dated: June 17, 2020                          _____
                                                   CHARLES R. BREYER
14                                                 United States District Judge