UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ This Order Relates To: Volkswagen's Motion to Dismiss Second Amended Consolidated Salesperson Class Action Complaint Dkt. No.  7676 | MDL No. 2672 CRB  (JSC)  **ORDER GRANTING MOTION TO DISMISS** |

Defendants Volkswagen AG and Volkswagen Group of America (collectively, Volkswagen) move to dismiss a putative class of Volkswagen salespeople's Second Amended Consolidated Class Action Complaint.  See Second Amended Complaint (2AC) (dkt. 7636); Third MTD (dkt. 7676).  The Court grants Volkswagen's Motion to Dismiss with prejudice.

**I. BACKGROUND**

The Court has previously described the events that are the basis for this lawsuit:

> Over the course of six years, Volkswagen sold nearly 500,000 Volkswagen- and Audi-branded TDI "clean diesel" vehicles, which they marketed as being environmentally friendly, fuel efficient, and high performing.  Consumers were unaware, however, that Volkswagen had secretly equipped these vehicles with a defeat device that allowed Volkswagen to evade United States Environmental Protection Agency ("EPA") and California Air Resources Board ("CARB") emissions test procedures.  Specifically, the defeat device produces regulation-compliant results when it senses the vehicle is undergoing testing, but operates a less effective emissions control system when the vehicle is driven under normal circumstances.  It was only by using the defeat device that Volkswagen was able to obtain Certificates of Conformity from EPA and Executive Orders from CARB for its TDI diesel

engine vehicles. In reality, these vehicles emit nitrogen oxides ("NOx") at a factor of up to 40 times the permitted limit.

In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. 15-md-02672-CRB (JSC), 2016 WL 6248426, at *1 (N.D. Cal. Oct. 25, 2016).

Plaintiffs are three salespeople who sell Volkswagen vehicles at dealerships in California. See 2AC ¶¶ 11–13. They represent a putative class of Volkswagen salespeople who were allegedly harmed by a drop in sales after the Volkswagen emissions fraud became public knowledge. Id. ¶ 5. Plaintiffs sued Volkswagen AG, Volkswagen Group of America, Bosch, and various officers of those companies on behalf of themselves and all others similarly situated to recover losses that Plaintiffs attributed to the emissions scandal. See Complaint (dkt. 5053).[1] Their original Complaint asserted claims for breach of contract, negligent interference with prospective economic advantage, fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). See Order re First MTD (dkt. 6717) at 2. The Court dismissed the Complaint with leave to amend. Id. at 19.

Plaintiffs' First Amended Complaint asserted the same claims against Volkswagen AG, Volkswagen Group of America, and Bosch, but not any officers of those companies. See First Amended Complaint (1AC) (dkt. 6865) ¶¶ 1, 217–306. Plaintiffs added claims against Volkswagen AG and Volkswagen Group of America for violations of the California Labor Code and California Unfair Competition Law (UCL). Id. ¶¶ 307–95.

The Court again dismissed Plaintiffs' claims. See Order re Second MTD (dkt. 7523) at 17. The Court dismissed Plaintiffs' breach of contract, RICO, and negligent interference claims with prejudice. Id. at 4, 14. The Court also dismissed most of Plaintiffs' California fraud claims with prejudice but granted Plaintiffs leave to amend a single fraudulent concealment claim against Volkswagen Group of America. Id. at 7, 12.

The Court dismissed Plaintiffs' California employment law and UCL claims with

---

[1] Plaintiffs alleged that Bosch was involved "in the creation, development, marketing, and sale of [the] illegal defeat devices." 1AC ¶ 57.

2

leave to amend. Id. at 17.  Plaintiffs' allegations did not establish that Volkswagen AG or Volkswagen Group of America "employed" Plaintiffs under California law. Id. at 14.  First, the allegations did not show that Volkswagen had "control" over their wages—that is, "the power or authority to negotiate and set" them—or their working conditions. See id. at 15 (quoting Futrell v. Payday Cal., Inc., 119 Cal. Rptr. 3d 513, 524 (Cal. Ct. App. 2010)).  That Volkswagen paid salespersons additional incentive compensation "on top of the rate negotiated and set by the dealerships" did not show that Volkswagen had authority to negotiate and set their wages, and courts had "repeatedly rejected arguments that mandatory training" amounts to control over working conditions.  Id.  Second, Volkswagen did not "suffer or permit" Plaintiffs to work because Plaintiffs' allegations did not indicate that Volkswagen had the "power to hire and fire" them.  Id. at 16.  The Court noted that "[r]equiring training is not tantamount to the power to fire." Id.  Third, Plaintiffs' allegations did not satisfy the common law test of an employment relationship because they did not establish that Volkswagen had the right to control the "manner and means" by which Plaintiffs sold Volkswagen cars. Id.

Plaintiffs have now filed a Second Amended Complaint asserting only California employment and UCL claims. See 2AC at 1, 20–38.  Their allegations supporting those claims are substantially the same as those in their First Amended Complaint, with additional allegations regarding a nationwide training program that Volkswagen organized in or around March 2020.  Compare 2AC ¶¶ 45–70 with 1AC ¶¶ 181–201.  Defendants have moved to dismiss. See Third MTD.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim on which relief may be granted.  Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (citing Bell

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 50 (2007)).  A claim is plausible "when the
2  plaintiff pleads factual content that allows the court to draw the reasonable inference that
3  the defendant is liable for the misconduct alleged." Id. at 678.  When evaluating a motion
4  to dismiss, the Court "must presume all factual allegations of the complaint to be true and
5  draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los
6  Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  "[C]ourts must consider the complaint in its
7  entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6)
8  motions to dismiss, in particular, documents incorporated into the complaint by reference,
9  and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues &
10 Rights, Ltd., 551 U.S. 308, 322 (2007).

11       If a court dismisses a complaint for failure to state a claim, it should "freely give
12 leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court has
13 discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the
14 part of the movant, repeated failure to cure deficiencies by amendment previously allowed,
15 undue prejudice to the opposing party by virtue of allowance of the amendment, [and]
16 futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir.
17 2008).

18 **III. DISCUSSION**

19       For Plaintiffs to successfully plead California employment claims and other
20 derivative state law claims against Volkswagen, Plaintiffs must adequately allege that
21 Volkswagen—that is, Volkswagen AG or Volkswagen Group of America—was their
22 employer. Ochoa v. McDonald's Corp., 133 F. Supp. 3d 1228, 1232 (N.D. Cal. 2015).
23 Having failed to do so before, Plaintiffs merely rehash their prior allegations and
24 arguments, plus a new allegation that Volkswagen (whether Volkswagen AG or
25 Volkswagen of America remains a mystery) "organized a nationwide training program for
26 a new vehicle" in March 2020 as an "example of Volkswagen's control" over the training
27 of Salespersons.  2AC ¶¶ 51–54.  As the Court previously explained, such "mandatory
28 training" does not demonstrate "the level of control necessary to show employer status."

4

Order re Second MTD at 15 (citing Johnson v. Serenity Transp., Inc., 141 F. Supp. 3d 974, 988 (N.D. Cal. 2015)).  And "[r]equiring training is not tantamount to the power to fire."  Id. at 16.

Because the Second Amended Complaint (1) includes California employment and UCL claims that are substantially no different from those in the First Amended Complaint, and (2) abandons all other claims, the Court incorporates the reasoning in its previous order dismissing Plaintiffs' California employment and UCL claims.  See Order re Second MTD at 14–17.  Despite having the opportunity to do so, Plaintiffs have done nothing to cure the deficiencies in their California employment and UCL claims.  Therefore, the Court dismisses the Second Amended Complaint with prejudice.  See Leadsinger, 512 F.3d at 532.

## IV.  CONCLUSION

The Court GRANTS Defendants' motion to dismiss the Second Amended Complaint with prejudice.

**IT IS SO ORDERED.**

Dated: October 21, 2020

CHARLES R. BREYER
United States District Judge