IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES B FEINMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA INC,<br><br>    Defendant. | Case No. 19-cv-03397-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Volkswagen Group of America Inc. moves to dismiss Plaintiff James B. Feinman's suit for attorneys' fees.

Feinman originally sued in Virginia state court in December 2018. See Complaint (dkt. 1-2). Volkswagen removed the case to the Western District of Virginia, and it was later transferred to this Court. See Notice of Removal (dkt. 1); Transfer Order (dkt. 13). On May 6, 2019, the Court granted Volkswagen's motion to enforce the Class Settlement release. See Injunction Order (MDL dkt. 6264). That release had extinguished Feinman's claims for attorneys' fees. See id. As the Court explained, the settlement approval order enjoined releasing parties "from commencing, filing, initiating, instituting, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims . . . in any jurisdiction or forum, against any of the Released parties." Id. at 5. Thus, "Feinman is enjoined from pursuing his [attorneys' fees] claims against VW." Id.[1]

---

[1] The Court explained that state law may sometimes provide a lawyer with a charging lien, which attaches to money awarded to the lawyer's client; that in some circumstances a lawyer can use a charging lien to recover fees from the defendant; that here, many consumers who retained their own lawyers left those lawyers and accepted settlements negotiated by lawyers that this Court

Feinman has exhausted his appeals: The Ninth Circuit affirmed the Court's decision on August 17, 2020, (MDL dkt. 7663), and the Supreme Court denied Feinman's petition for a writ of certiorari on March 29, 2021, (MDL dkt. 7851).

On April 8, 2021, Volkswagen's counsel contacted Feinman to request a stipulated dismissal of this suit. See Monahan Decl. Ex. A. (dkt. 15-2). Feinman refused, arguing that he does not "have to agree with the injunction while fully respecting it." Opp. (dkt. 17) at 2 (emphasis in original).

Volkswagen now moves to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. See MTD (dkt. 15). Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This rule permits district courts to "dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1991).

Here, the injunction bars Feinman's action for fees. And Feinman has not complied with the injunction. Thus, whether by operation of the injunction itself or Rule 41(b), this case is over.[2]

For the foregoing reasons, the Court grants Volkswagen's motion to dismiss with prejudice.[3]

**IT IS SO ORDERED.**

Dated: July 16, 2021

CHARLES R. BREYER
United States District Judge

---

appointed; and that those consumers released on behalf of themselves and their attorneys any claims for liens or attorneys' fees or costs other than the fees and costs that the Court awarded in connection with the settlement. MDL dkt. 6264 at 1-2.
[2] The Ninth Circuit has already rejected Feinman's argument that the Court lacks jurisdiction over this action. See In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig., 914 F.3d 623, 647 n.12 (9th Cir. 2019).
[3] The Court denies Volkswagen's request for attorneys' fees and both parties' motions for sanctions.