W. DANIEL "DEE" MILES, III.
C. LANCE GOULD
H. CLAY BARNETT, III.
RACHEL N. MINDER
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: (800) 898-2034
Facsimile: (334) 965-7555
dee.miles@beasleyallen.com
lance.gould@beasleyallen.com
rachel.minder@beasleyallen.com

*Attorneys for Plaintiff The Environmental Protection Commission of Hillsborough County, Florida*

COLIN P. KING
PAUL W. SIMMONS
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE
36 S. State Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 533-0400
Facsimile: (801) 368-4218
cking@dkowlaw.com
psimm@dkowlaw.com

*Attorneys for Plaintiff Salt Lake County*

*Additional Counsel Listed in Signature Block*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, | MDL No.: 3:15-md-02672-CRB |
| This Document Relates to: *Environmental Protection Commission of Hillsborough County v. Volkswagen AG et al.,* No. 16-cv-2210 (N.D. Cal.) | **JOINT MOTION FOR A SUGGESTION OF REMAND PURSUANT TO 28 U.S.C. § 1407** |

- 1 -
JOINT MOTION FOR A SUGGESTION OF REMAND          3:15-MD-02672-CRB

| | |
|---|---|
| *Salt Lake County* v. *Volkswagen Group of America, Inc. et al.*, No. 16-cv-5649 (N.D. Cal.) | **Hearing date: February 25, 2020 at 10:00 a.m.** |

## NOTICE OF MOTION

PLEASE TAKE NOTE that on February 25, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles R. Breyer of the above titled Court, located at the San Francisco Courthouse, at 450 Golden Gate Avenue, in Courtroom 6, 17th Floor in San Francisco, California, Plaintiff the Environmental Protection Commission of Hillsborough County, Florida ("Hillsborough County") and Plaintiff Salt Lake County ("Salt Lake County" and collectively with Hillsborough County, the "Counties"), will, and hereby do, jointly move this Court for an order issuing a suggestion of remand of the cases listed above to the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407.

A suggestion of remand is appropriate here based on considerations of judicial efficiency and the convenience conferred on the parties and witnesses of a remand to the transferor courts.

## STATEMENT OF THE ISSUE PRESENTED

Whether remanding the Counties' claims to their respective transferor courts is now appropriate where any coordination of pretrial proceedings no longer serves the purposes of multidistrict litigation.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 1407, actions transferred to a single Multidistrict Litigation ("MDL") are to be remanded to the district from which it was transferred "at **or before** the conclusion" of pretrial proceedings. (Emphasis added.) The Supreme Court has explained this instruction creates an obligation "to remand any pending case to its originating court when, **at the latest**, those pretrial

- 2 -
JOINT MOTION FOR A SUGGESTION OF REMAND                    3:15-MD-02672-CRB

proceedings have run their course." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998). As such, this Court has broad discretion to issue a suggestion of remand. *See, e.g.*, *In re Evergreen Valley Project Litig.*, 436 F. Supp. 923, 924 (J.P.M.L. 1977) ("It is not contemplated that a *Section 1407* transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the **common** pretrial proceedings . . . ." (Emphasis added.)).

Unlike the individual consumer actions consolidated in this MDL—most of which have been resolved through settlement—both Hillsborough County's and Salt Lake County's claims stem from violations of each county's respective legislative acts, specifically, the Environmental Protection Commission of Hillsborough County, Florida's Rule 1-8, Utah Administrative Code R307-201-4, Utah Code § 26A-1-123(1), Utah Code § 76-10-1601, *et seq.*, (3); and Utah Code § 76-10-806. The Counties are not claiming individual injury stemming from the purchase of any specific vehicle, but rather seek damages based on violations of state- or county-specific statutes relating to the pollution of Hillsborough County and Salt Lake County. Continuing to litigate these actions in this Court does nothing to further judicial efficiency, nor does it benefit or convenience the parties or witnesses. Accordingly, the Counties respectfully ask this Court to issue a suggestion of remand as to their cases.

## FACTUAL AND PROCEDURAL BACKGROUND

The Judicial Panel on Multidistrict Litigation ("JPML") issued an order on December 8, 2015, to transfer cases related to the Volkswagen defeat device to this Court.[1] The following day, this Court issued Pretrial Order No. 1, consolidating all of the cases brought into this action. Plaintiffs' Lead

---

[1] ECF 1.

- 3 -
JOINT MOTION FOR A SUGGESTION OF REMAND                          3:15-MD-02672-CRB

Counsel and Government Coordinating Counsel were appointed by Pretrial Order No. 7 on January 21, 2016.[2]

Hillsborough County and Salt Lake County filed lawsuits on March 24, 2016, and April 20, 2016, respectively. Subsequently, the JPML issued Conditional Transfer Order 33 on April 19, 2022 transferring Hillsborough County's claims to this Court,[3] and Conditional Transfer Order 53 on July 25, 2016, transferring Salt Lake County's claims as well.[4]

On June 28, 2016, Lead Counsel filed a Motion for Preliminary Approval of the class action settlement reached with Volkswagen regarding 2.0 liter engines,[5] which was granted by the Court on July 26, 2016.[6] This settlement did not include the claims brought by either Hillsborough County or Salt Lake County. The Court granted final approval to the 2.0 liter class action settlement on October 25, 2016, resolving the pending consumer claims for the members of that class.[7]

On February 16, 2017, the Court granted preliminary approval of the 3.0 liter vehicle settlement with Volkswagen and its affiliates,[8] and granted preliminary approval of the settlement with Bosch AG.[9] Final approval for both of these settlement agreements was granted on May 17, 2017, resolving the vast majority of the remaining consumer claims left in this action.[10]

After the resolution of these claims, Defendants filed motions to dismiss Hillsborough County's and Salt Lake County's respective complaints on December 21, 2017.[11] The Court

---

[2] ECF 2.
[3] ECF 1427.
[4] ECF 1911.
[5] ECF 1609.
[6] ECF 1688, amended by 1698.
[7] ECF 2102.
[8] ECF 2919.
[9] ECF 2920.
[10] ECF 3229, 3230.
[11] ECF 4583, 4584.

dismissed both pre- and post-sale claims as preempted by the Clean Air Act ("CAA").[12] However, on June 1, 2020, the U.S. Court of Appeals for the Ninth Circuit reversed the Court's decision as to post-sale claims, holding that post-sale software updates are not preempted by the CAA.[13] The U.S. Supreme Court denied Defendants' petition for *certiorari* on November 15, 2021.[14] Accordingly, the Counties' claims that Defendants' post-sale software updates violated Hillsborough County's and Salt Lake County's respective laws concerning unlawful tampering remain to be decided.

It is the Counties' understanding that all common proceedings in the remaining opt-out cases have been concluded.[15] Thus, the only remaining factual and legal issues to be decided are individual claims unique to Hillsborough County and Salt Lake County. No issues common to all or any significant number of transferred cases remain.

## ARGUMENT

Part of the Court's discretion to suggest remand to a transferor court involves determining whether consolidated proceedings have "run their course." *See Lexecon Inc.*, 523 U.S. at 34. But the standard for whether the consolidated proceedings have "run their course" is not whether **every possible pretrial proceeding** has been exhausted. A JPML reference "does not mean . . . that *all* pretrial matters need to be—or even should be—resolved by the transferee court." *In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, 276 F.R.D. 336, 339 (W.D. Mo. 2011).

> Matters related to the administration of individual trials—or matters that relate to only a few cases—should be decided by the court that will actually conduct the trial. The purpose of an MDL is to foster efficiency by having a single judge address and decide issues that will apply to all (or at least a significant number of) the transferred cases.

---

[12] ECF 4979.
[13] *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 959 F.3d 1201 (9th Cir. 2020).
[14] *Volkswagen Grp. of Am., Inc. v. Env't Prot. Comm'n of Hillsborough Cty.*, 142 S. Ct. 521 (2021).
[15] *See* ECF 7506 at ¶ 2.

*Id.*; *see also In re American Continental Corp./Lincoln Sav. & Loan Secs. Litig.*, 102 F.3d 1524, 1543 (9th Cir. 1996) (Kozinski, J. dissenting) ("section 1407(a) does not transfer a case for the conduct of all pretrial proceedings, only those that are 'coordinated or consolidated'"), *reversed by Lexecon Inc.*, 523 U.S. 26.

Rather, proceedings should only continue to be consolidated if doing so would serve the twin purposes of multidistrict litigation: judicial efficiency, and the benefit and convenience of the individuals whose cases have been drawn from the court they originally chose. "The JPML often remands where doing so 'will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation.'" *In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F. Supp. 2d 74, 77 (D. Me. 2011) (quoting *In re Air Crash Disaster at Tenerife*, 461 F. Supp. 671, 672 (J.P.M.L. 1978)). As shown below, continued consolidation of pretrial proceedings of the Counties' respective state- or county-specific claims remaining here serves neither of the factors above: it is neither more efficient than resolving these individual claims in the individual courts from which they came, nor is it convenient or beneficial to the individual Counties.

**A. Continued Consolidation of the Counties' Claims Do Not Promote Judicial Efficiency.**

As stated above, resolution of the Counties' claims turns on the interpretation and application of Hillsborough County's and Salt Lake County's respective laws concerning unlawful tampering. These differing state/county laws have different elements, different burdens of proof, and different damages standards. Because "an 'MDL seeks to promote judicial economy and litigant efficiency by allowing the transferee court to preside over matters *common among all cases*[,]' . . . the transferee court typically does not rule on cumbersome, case-specific legal issues." *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1201 (D. Minn. 2012)

(emphasis added in original) (quoting *In re Phenylpropanolamine Prods. Liab. Litig.*, MDL No. 1407, 2004 WL 2034587, at *2 (W.D. Wash. Sept. 3, 2004)).

None of the issues left to be decided in either Hillsborough County's or Salt Lake County's individual actions are common to either each other's cases or to any other cases remaining in the MDL proceeding. For instance, not only are the Counties' individual claims based on whether the Defendants' conduct violated their state- or county-specific statues or ordinances, but the Defendants' defenses are specific to each County's claims and the elements of their respective laws, as well.

Continued consolidation of the Counties' claims will do nothing to eliminate duplicative discovery or conserve resources of the parties, counsel, or the judiciary. Should Hillsborough County and Salt Lake County be permitted to proceed with their claims in the respective courts in which they filed, Defendants can and will continue to conduct discovery in the same manner in which they would proceed in this Court. Defendants have already proposed providing the Counties with the documents produced and transcripts of depositions already taken in prior actions to eliminate duplication of discovery. To the extent any additional discovery is sought, Defendants can provide the same to both Hillsborough County and Salt Lake County without any additional effort. Plaintiff depositions will necessarily need to be conducted in each of the Counties' cases separately, and will take place in Hillsborough County and Salt Lake County, respectively.

Because everything remaining to be done in both actions is case-specific, this Court should issue a suggestion of remand to the JPML regarding both Hillsborough County's and Salt Lake County's cases. *See In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F. Supp. 2d at 77.

**B. Continued Consolidation of the Counties' Claims Does Not Benefit the Parties.**

The second element to be considered by this Court in deciding whether to exercise its discretion to issue a suggestion of remand is the convenience and benefit to the parties. As stated

above, the way in which discovery is conducted will not benefit or convenience either party by proceeding in this Court, as the manner in which the parties proceed with discovery will not change. Defendants intend on producing the same documents previously produced in other matters. However, the convenience of the Counties and their witnesses will be increased by proceeding in their respective transferor courts, as the Counties' witnesses are located in these respective districts.

Moreover, the Counties and their counsel are not located in California, and continued litigation in this Court presents increased inconvenience with traveling, as well as exponentially increased travel costs for hearings and other proceedings before this Court. Such inconvenience and increased cost far outweigh any gains the Court may hope to achieve by retention of the Counties' claims.

The Counties' claims present case-specific questions unique to the state- and county-law of their respective jurisdictions. As such, "the transferor courts, each of which is familiar with the state law of their respective jurisdictions, are in a better position to assess the parties' state law arguments . . . ." *In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F. Supp. 2d at 77. Likewise, the Middle District of Florida and the District of Utah have a greater interest in applying the laws that fall within their districts. Accordingly, the only benefit to the parties and witnesses comes with remanding these actions to their transferor courts.

**C. Remand of the Counties' Claims Will Not Pose a Risk of Inconsistent Pretrial Rulings.**

Finally, remand of the Counties' cases to their respective transferor courts will not pose a risk of inconsistent pretrial rulings. Any rulings related to Hillsborough County's EPC Rule 1-8 will not impact Salt Lake County's claims under its state-specific codes, and vice versa. Nor will any ruling in the Counties' claims impact any remaining individual consumer actions that remain before this Court. In fact, other state-law specific actions are already proceeding, or have concluded, outside of

this MDL.  *See, e.g.*, [cite TX case and NH?].  For this reason, the central purpose of the JPML in transferring these cases has been achieved, and further consolidation is unnecessary.

### **CONCLUSION**

The purpose of this MDL has been achieved as the vast majority of the consumer claims before this Court have been resolved.  Any remaining claims have little to no central issues to be decided with either Hillsborough County's or Salt Lake County's state- and county-specific claims.  The differing legal and factual issues are too great for continued consolidation to achieve any judicial efficiency, and there is no benefit to the parties or witnesses of continued consolidation, as the Counties will need to expound unnecessary expenses and time to continue litigating in a distant forum.  It is not in the interest of either judicial efficiency or the parties—the twin aims of MDL consolidation—to proceed in this Court, and therefore this Court should issue a suggestion of remand as to Hillsborough County's and Salt Lake County's cases to the JPML.

Dated: January 21, 2022

Respectfully submitted,

*/s/ C. Lance Gould*
W. Daniel "Dee" Miles, III
C. Lance Gould
H. Clay Barnett, III
Rachel N. Minder
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: (800) 898-2034
Facsimile: (334) 965-7555
dee.miles@beasleyallen.com
lance.gould@beasleyallen.com
rachel.minder@beasleyallen.com

|   |   |
|---|---|
| 1 | Luis Martinez-Monfort |
| 2 | GARDNER, BREWER, MARTINEZ-MONFORT, P.A. |
| 3 | 400 North Ashley Drive, Suite 1100 |
|   | Tampa, Florida 33602 |
| 4 | Telephone: (813) 221-9600 |
|   | Facsimile: (813) 221-9611 |
| 5 | lmmonfort@gbmmlaw.com |

Thomas L. Young
LAW OFFICE OF THOMAS L. YOUNG, P.A.
209 South Howard Avenue
Tampa, Florida 33606
Telephone: (813) 251-9706
Facsimile: (813) 364-1908
tyoung@tylaw.com

*Attorneys for Plaintiff The Environmental Protection Commission of Hillsborough County, Florida*

*/s/ Colin P. King*
Colin P. King
Paul W. Simmons
DEWSNUP KING OLSEN WOREL HAVAS MORTENSEN MILNE
36 S. State Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 533-0400
Facsimile: (801) 368-4218
cking@dkowlaw.com
psimm@dkowlaw.com

*Attorneys for Plaintiff Salt Lake County*

- 10 -
JOINT MOTION FOR A SUGGESTION OF REMAND                3:15-MD-02672-CRB

## ATTESTATION (CIVIL LOCAL RULE 5-1(h)(3))

In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: January 21, 2022

                                          */s/C. Lance Gould*
                                          C. Lance Gould

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, I electronically filed the foregoing document through CM/ECF system, which will provide electronic service notification to all counsel of record registered as CM/ECF users.

                                          */s/C. Lance Gould*
                                          C. Lance Gould