# EXHIBIT 1

1   Elizabeth J. Cabraser (State Bar No. 083151)       Robert J. Giuffra, Jr. (*admitted pro hac vice*)
    ecabraser@lchb.com                                 Sharon L. Nelles (*admitted pro hac vice*)
2   LIEFF CABRASER HEIMANN &                            giuffrar@sullcrom.com
    BERNSTEIN, LLP                                     nelless@sullcrom.com
3   275 Battery Street, 29th Floor                     SULLIVAN & CROMWELL LLP
    San Francisco, CA  94111-3339                      125 Broad Street
4   Telephone:  (415) 956-1000                         New York, New York 10004
    Facsimile:  (415) 956-1008                         Telephone:  (212) 558-4000
5                                                      Facsimile:  (212) 558-3588

6   *Lead Counsel for Plaintiffs*                      Laura Kabler Oswell (State Bar No. 241281)
                                                       oswelll@sullcrom.com
7                                                      SULLIVAN & CROMWELL LLP
                                                       1870 Embarcadero Road
8                                                      Palo Alto, California 94303
                                                       Telephone:   (650) 461-5600
9                                                      Facsimile:   (650) 461-5700

10                                                     *Counsel for Defendants*

11                                                     *[Additional counsel on signature page]*

12

13

14

15

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

16

17   IN RE: VOLKSWAGEN "CLEAN DIESEL"          MDL 2672 CRB (JSC)
     MARKETING, SALES PRACTICES AND
18   PRODUCTS LIABILITY LITIGATION             **CONSUMER CLASS ACTION
                                               SETTLEMENT AGREEMENT AND
19   This Documents Relates to:               RELEASE**

20   Porsche Gasoline Litigation (ECF No. 7803)    The Honorable Charles R. Breyer

21

22

23

24

25

26

27

28

1

Table of Contents

2

Page

3    1.    THE PROPOSED SETTLEMENT ......................................................................... 1
4    2.    DEFINITIONS ...................................................................................................... 3
     3.    PRELIMINARY APPROVAL ORDER ............................................................... 11
5    4.    CLASS MEMBER CONSUMER COMPENSATION AND REMEDIES ............. 11
6    5.    CLASS CLAIMS PROCESS AND ADMINISTRATION .................................... 14
7    6.    CONFIRMATORY DISCOVERY ...................................................................... 15
     7.    REQUESTS FOR EXCLUSION ......................................................................... 15
8    8.    OBJECTIONS TO THE SETTLEMENT ............................................................. 16
9    9.    NOTICE PROGRAM ......................................................................................... 18
10   10.   RELEASE AND WAIVER .................................................................................. 19
     11.   ESCROW ACCOUNT ........................................................................................ 25
11   12.   ATTORNEYS' FEES AND EXPENSES ............................................................. 25
12   13.   PROPOSED SCHEDULE FOR APPROVAL OF SETTLEMENT ...................... 26
     14.   AGREEMENT TO COOPERATE TO EFFECTUATE SETTLEMENT ............... 26
13   15.   MODIFICATION OR TERMINATION OF THE CLASS ACTION
14         AGREEMENT ................................................................................................... 27
15   16.   REPRESENTATIONS AND WARRANTIES ...................................................... 30
     17.   GENERAL MATTERS AND RESERVATIONS .................................................. 31

16
17
18
19
20
21
22
23
24
25
26
27
28

i

1    **1.      THE PROPOSED SETTLEMENT**

2           This Consumer Class Action Settlement Agreement (the "Class Action Agreement")

3    compensates certain owners and lessees of Porsche-branded gasoline vehicles for which recent

4    testing indicated that the miles-per-gallon ("MPG") as represented on the "Monroney" fuel

5    economy label may not be accurate and will be revised (the "Fuel Economy Class Vehicles") and

6    which may exceed certain emission limitations when driven in the user-selectable Sport+ Mode[1]

7    (the "Sport+ Class Vehicles").  Current and former owners and lessees of the Fuel Economy

8    Class Vehicles will be offered a cash payment intended to fully compensate them for the

9    potentially increased fuel consumption of their vehicles estimated based on the indications from

10   testing.  Current owners of Sport+ Class Vehicles will be offered a repair that will reduce their

11   vehicles' emissions in Sport+ Mode to ensure compliance with the relevant regulatory limits, as

12   well as a cash payment upon completion of the repair.  Finally, Porsche will also offer

13   compensation to owners and lessees of certain Porsche-branded gasoline vehicles for which there

14   is no conclusion that there is or is not a relevant exceedance as explained in greater detail below.

15                                        * * *

16          In August 2020, a German newspaper reported that German authorities had audited

17   Porsche AG to investigate allegations that certain Porsche gasoline vehicles generated more

18   carbon dioxide during on-road driving than during test cycles.  Shortly thereafter, consumers filed

19   six class action lawsuits against Porsche AG, Porsche Cars North America, Inc. (together,

20   "Porsche") and Volkswagen AG ("Volkswagen") alleging that Porsche modified certain vehicles

21   used for testing in a way that could impact the results of fuel economy testing, and that certain

22   vehicles did not comply with emissions regulations in Sport+ Mode.  The actions were

23   consolidated with *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products*

24   *Liability Litigation*, MDL No. 2672 CRB (JSC) in the United States District Court for the

25   Northern District of California before the Honorable Charles R. Breyer.

26          At the Court's direction (Dkt. 7756), Plaintiffs' Lead Counsel filed a Consolidated

27

28   [1]      Certain vehicles equipped with "PDK Sport" mode rather than "Sport+" mode are also
included in the Sport+ Class Vehicles.  We refer to both modes as Sport+ mode throughout this
Agreement.

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

1    Consumer Class Action Complaint, alleging claims against Porsche and Volkswagen for fraud by
2    concealment, violation of the Magnuson-Moss Warranty Act, breach of express and implied
3    warranties under state laws, and violations of state consumer protection and unfair practices
4    statutes of all 50 states and the District of Columbia.  On May 14, 2021, Porsche and Volkswagen
5    filed a motion to dismiss for failure to state a claim, and briefing on the motion to dismiss
6    concluded on October 25, 2021.  A hearing on that pending motion was scheduled for December
7    10, 2021, but on October 29, 2021, the Parties asked the Court to postpone the hearing as they
8    engaged in discussions about a potential resolution of this matter.

9    Throughout this period, Plaintiffs conducted testing on Porsche gasoline vehicles with the
10   assistance of professional experts to determine whether fuel economy differed from the
11   certification results, and to determine if driving in Sport+ Mode exceeded emissions limitations.
12   Defendants also conducted extensive testing and analysis of the $CO_2$ and fuel economy of certain
13   Porsche gasoline vehicles and conducted testing of toxic emissions for certain gasoline vehicles
14   when driven in Sport+ Mode.  Through this testing it was determined that there were potential
15   excess NOx emissions associated with driving in Sport+ Mode, which were very minimal in total
16   across all impacted vehicles.  Porsche has also developed and tested repairs to ensure Sport+
17   Class Vehicles are fully compliant with relevant emissions standards.  These repairs have been or
18   will be submitted to the Environmental Protection Agency and California Air Resources Board
19   for review and/or approval.  Porsche expects that it will be able to ensure that all Sport+ Class
20   Vehicles are within the applicable emission limits.

21   In connection with their discussions about a potential resolution of this matter, Plaintiffs
22   and Defendants shared documents and information, including test designs, protocols and results.
23   Plaintiffs and their experts also traveled to Porsche's development and testing facility in
24   Weissach, Germany to observe testing conducted by Defendants, review the Defendants' testing
25   data, and discuss the testing and other technical issues with Porsche engineers and experts in
26   these matters.  Porsche also made available more than 500,000 technical documents, which
27   Plaintiffs reviewed in Germany.  All of this information was shared as part of extensive
28   settlement efforts, culminating in this Class Action Agreement.

1    Based on that testing and analysis, the Parties have identified the Fuel Economy Class

2  Vehicles identified on Exhibit 1 for which testing indicated that the rounded fuel economy was

3  one or two miles per gallon less in the City, Highway and/or Combined values than what was

4  shown on the Monroney fuel economy label of those vehicles at the time of their initial sale or

5  lease, and identified the Sport+ Class Vehicles identified on Exhibit 2 for which testing indicated

6  that they exceeded applicable emissions requirements when driven in Sport+ Mode.

7    The Parties acknowledge that some of the differences in fuel economy shown in testing

8  could result from the age of the vehicles as well as test-to-test variation, and recognize that

9  relevant regulations permit up to 10% deviations for $CO_2$ values related to fuel economy

10 calculations in in-use vehicle testing.  In other words, it is possible that some of the Fuel

11 Economy Class Vehicles achieve the fuel economy listed on their original Monroney label, taking

12 into account the Monroney label's disclaimer that "[a]ctual results will vary for many reasons,

13 including driving conditions and how you drive and maintain your vehicle," and operate fully

14 within applicable emissions limitations.  Nonetheless, because it is not possible to segregate these

15 factors, for purposes of this Settlement, Defendants will provide compensation for every Fuel

16 Economy Class Vehicle for which the testing generated an MPG value that differed from the

17 value for the City, Highway or Combined MPG that was included on the original Monroney label

18 for that vehicle using standard methods required in fuel economy certification without regard to

19 the age of the relevant vehicle, other factors that may impact $CO_2$ test results, or the impact of

20 rounding in the calculation of MPG results.

21    The Class Vehicles were identified through rigorous and comprehensive testing that the

22 Parties believe was likely to have covered all affected vehicles.  There are, however, additional

23 vehicles that are conceivably impacted for which no potential deviations were identified through

24 testing (the "Other Class Vehicles").  In an abundance of caution, Defendants will offer

25 compensation to the owners of these vehicles as well.

26 **2.    DEFINITIONS**

27    As used in this Class Action Agreement, including the attached exhibits, the terms defined

28 herein have the following meanings, unless this Class Action Agreement specifically provides

- 3 -

otherwise:

2.1.    "Action" means the coordinated class actions however named, including but not limited to the Complaint, that are currently coordinated pursuant to 28 U.S.C. § 1407 in the United States District Court for the Northern District of California in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No. 3:15-md-02672-CRB (N.D. Cal.) (MDL 2672) (the "MDL") and designated as related to the Porsche Gasoline Litigation (ECF No. 7803) in the MDL.

2.2.    "Authorized Dealer" means any authorized Porsche dealer located in the United States, including Puerto Rico, as evidenced by a current and valid Dealer Sales and Service Agreement.  "Non-Authorized Dealer" means any automobile dealer that is not an Authorized Dealer that is located in the United States, including Puerto Rico.

2.3.    "Certified Exhaust Emissions Standards" means federal Tier 2 and Tier 3 and California LEV and ULEV standards codified at Code of Federal Regulations title 40, sections 86.1811-04 and 86.1811-17, and California Code of Regulations, title 13, sections 1961(a) and 1961.2(a), and as set forth in the corresponding certification applications.

2.4.    "Claim" means the claim of any Class Member or his or her or its representative as provided in this Class Action Agreement.

2.5.    "Claim Form" means a document used to submit a Claim under this Class Action Agreement.

2.6.    "Claims Period" means the time period during which Class Members may claim benefits under the Class Action Agreement.  The Claims Period deadlines are as follows:

    2.6.1.    "Sport+ ECR Deadline" means the last day by which a Sport+ Class Vehicle must receive the ECR for its owner to be eligible for Sport+ Cash Benefits and shall run 18 months from the entry of the Preliminary Approval Order.  The Sport+ ECR Deadline is also the last day by which a Sport+ Class Member who owns a Sport+ Class Vehicle for which no ECR was approved by the Final Approval Order may submit a claim for Sport+ Cash Benefits.

1  2.6.2.   "Fuel Economy Claims Deadline" means the last day to submit a claim

2  for Fuel Economy Cash Benefits and Other Class Vehicle Cash Benefits,

3  and shall run 120 days from the entry of the Preliminary Approval Order.

4  2.7.   "Claims Administrator" means the third-party agent agreed to by the Parties and

5  appointed by the Court to oversee the Claims process described in Section 5.

6  2.8.   "Class" means, for purposes of this Class Action Settlement only, a nationwide

7  class of all persons (including individuals and entities) who own, owned, lease, or leased a Class

8  Vehicle.  The following entities and individuals are excluded from the Class:

9  (a)   Defendants' officers, directors and employees and participants in the

10  Porsche Associate Lease Program; Defendants' affiliates and affiliates'

11  officers, directors and employees; Defendants' distributors and

12  distributors' officers, directors and employees;

13  (b)   Judicial officers and their immediate family members and associated court

14  staff assigned to this case;

15  (c)   All individuals who leased a Class Vehicle from a lessor other than

16  Porsche Financial Services;

17  (d)   All individuals who are not Fuel Economy Class Members, Sport+ Class

18  Members, or Other Class Vehicle Class Members; and

19  (e)   All those otherwise in the Class who or which timely and properly exclude

20  themselves from the Class as provided in this Class Action Agreement.

21  2.9.   "Class Action Agreement" or "Agreement" means this settlement agreement and

22  the exhibits attached hereto, including any subsequent amendments or any exhibits to such

23  amendments.  The Class Action Agreement may alternatively be referred to as the "Class Action

24  Settlement" or the "Settlement."

25  2.10.   "Class Counsel" means Lead Counsel and the PSC.

26  2.11.   "Class Member" means a member of the Class.

27  2.12.   "Class Notice Program" means the program for distributing information about the

28  Class Action Settlement to Class Members.

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

2.13.   "Class Representative" or "Settlement Class Representative" means a Plaintiff named in the Complaint, who meets the Class definition set forth in Section 2.8 of this Class Action Agreement, and who has agreed to represent the Class for purposes of obtaining approval of, and effectuating, this Class Action Agreement, as listed in the Motion for Preliminary Approval.

2.14.   "Class Vehicle" means all Fuel Economy Class Vehicles, all Sport+ Class Vehicles, and all Other Class Vehicles.

2.15.   "Complaint" means the Amended Consolidated Class Action Complaint that will be filed in the Action before the Motion for Preliminary Approval.

2.16.   "Court" means the United States District Court for the Northern District of California, San Francisco Division.

2.17.   "Defendants" means Porsche and Volkswagen.

2.18.   "Defendants' Lead Counsel" means Robert J. Giuffra, Jr. and Sharon L. Nelles of Sullivan & Cromwell LLP.

2.19.   "Effective Date" means the date the Court enters the Final Approval Order.

2.20.   "Emissions Compliant Repair" or "ECR" means a repair that brings a Sport+ Class Vehicle into compliance with Certified Exhaust Emissions Standards, as set forth in the corresponding certification application for the respective vehicle, without amendment of any kind.

2.21.   "Escrow Account" means the escrow account managed by the Escrow Agent, which shall be the sole escrow account for compensation of Class Members under the Class Action Agreement.

2.22.   "Escrow Agent" means the agreed-upon entity to address and hold for distribution the funds identified in this Class Action Agreement pursuant to the terms of the Escrow Agreement.  The Parties agree that Citibank Private Bank shall serve as Escrow Agent, subject to approval by the Court.

2.23.    "Escrow Agreement" means the agreement by and among Plaintiffs' Lead Counsel and Defendants' Lead Counsel with respect to the escrow of the funds to be deposited into the Escrow Account pursuant to this Class Action Agreement.

2.24.    "Excess Funds" means any Settlement Value remaining after all Fuel Economy Cash Benefits and Sport+ Cash Benefits, service awards, attorneys' fees and expenses, and fees and costs incurred by the Claims Administrator and Notice Administrator have been paid and/or are allocated to be paid to the foregoing.

2.25.    "Fairness Hearing" means the hearing held by the Court for the purpose of determining whether to approve this Class Action Agreement as fair, reasonable, and adequate.

2.26.    "Final Approval Order" means the Court's order approving the Class Action Settlement.

2.27.    "Fuel Economy Cash Benefits" means certain monetary compensation, that Porsche will pay to Fuel Economy Class Members who do not opt out of the Class and who timely file a valid and complete Claim, on conditions set forth in Section 5 and Exhibit 3.  The Fuel Economy Cash Benefits will be a minimum of $250 per Fuel Economy Class Vehicle.

2.28.    "Fuel Economy Class Member" means a member of the Class who, as of the date of the Motion for Preliminary Approval, owns, owned, leases, or leased a Fuel Economy Class Vehicle during the first 96 months the vehicle was available for sale or lease.

2.29.    "Fuel Economy Class Vehicle" means the gasoline-powered vehicles of the make, model, derivative, transmission type, and model years listed in Exhibit 1 that were (1) sold or leased in the United States, including Puerto Rico, on or before the date of the Motion for Preliminary Approval; and (2) are or were registered with a state Department of Motor Vehicles or equivalent agency or owned by a Non-Authorized Dealer in the United States, including Puerto Rico, that (a) holds title to the vehicle or (b) holds the vehicle by bill of sale.

2.30.    "Fuel Economy Matter" means (1) the installation, presence, design, manufacture, assembly, testing, or development of hardware and/or software that potentially caused the Fuel Economy Class Vehicles or Other Class Vehicles to operate in a different manner in the certification and/or fuel economy testing process than in vehicles delivered to customers; (2) the

1    marketing or advertisement of the fuel economy in the Fuel Economy Class Vehicles or Other

2    Class Vehicles; and/or (3) the subject matter of the Action.

3        2.31.   "Motion for Preliminary Approval" means the motion filed pursuant to Rule

4    23(e)(1) of the Federal Rules of Civil Procedure.

5        2.32.   "Notice Administrator" means the third-party agent or administrator agreed to by

6    the Parties and appointed by the Court to implement and consult on the Class Notice Program.

7        2.33.   "Opt-Out Deadline" means the last day a Class Member may opt out of the Class

8    Action Settlement, which, subject to Court approval, is 60 days after the Preliminary Approval

9    Order.  However, Sport+ Class Members who acquire a Sport+ Class Vehicle more than 60 days

10   after the Preliminary Approval Order, but before the Sport+ ECR Deadline, shall have 30 days

11   from the date they purchased the Sport+ Class Vehicle to opt out.

12       2.34.   "Other Class Vehicle" means the gasoline-powered vehicles of the make, model,

13   derivative, transmission type, and model years listed in Exhibit 4 that were originally sold or

14   leased in the United States, including Puerto Rico, on or before the date of the Motion for

15   Preliminary Approval and that are not Fuel Economy Class Vehicles.

16       2.35.   "Other Class Vehicle Cash Benefits" means the compensation available to Other

17   Class Vehicle Class Members.

18       2.36.   "Other Class Vehicle Class Member" means a member of the Class who owns,

19   owned, leases, or leased an Other Class Vehicle as of the date of the Motion for Preliminary

20   Approval.

21       2.37.   "Parties" means the Class Representatives and Defendants, collectively, as each of

22   those terms is defined in this Class Action Agreement.

23       2.38.   "Plaintiffs' Lead Counsel" or "Lead Counsel" means Elizabeth Cabraser of Lieff,

24   Cabraser, Heimann & Bernstein, LLP, who was appointed by the Court on January 21, 2016, and

25   who serves as the Chair of the PSC.

26       2.39.   "Plaintiffs' Steering Committee" or "PSC" means those counsel appointed to the

27   Plaintiffs' Steering Committee by the Court in this this Multi-District Litigation on January 21,

28   2016.  Lead Counsel is Chair of the PSC.

- 8 -

2.40.   "Porsche AG" means Dr. Ing. h.c. F. Porsche AG.

2.41.   "Porsche" means Porsche AG and Porsche Cars North America, Inc.

2.42.   "Post-Appeal Date" means the latest date on which the Final Approval Order approving this Class Action Agreement becomes final.  For purposes of this Class Action Agreement:

2.42.1.   If no appeal has been taken from the Final Approval Order, "Post-Appeal Date" means the date on which the time to appeal therefrom has expired; or

2.42.2.   If any appeal has been taken from the Final Approval Order, "Post-Appeal Date" means the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing *en banc* and petitions for a writ of *certiorari* or any other form of review, have been fully disposed of in a manner that affirms the Final Approval Order; or

2.42.3.   If Lead Counsel and Defendants agree in writing, the "Post-Appeal Date" can occur on any other earlier agreed date.

2.43.   "Preliminary Approval Order" means the order that may, at the discretion of the Court, be entered by the Court approving notice to the Class and concluding that the Court will likely be able to approve the Class Action Settlement and certify the proposed Class as outlined in Section 3 of this Class Action Agreement.

2.44.    "Release" means the release and waiver described in Section 10 of this Class Action Agreement and in the Final Approval Order.  In addition, by accepting Settlement Benefits, Class Members individually release their claims under this Settlement Agreement.  This Individual Release, described further in Section 10.6, will remain valid even if the Final Approval Order is later reversed and/or vacated on appeal.

2.45.   "Released Claims" has the definition set forth in Section 10.3 of this Class Action Agreement.

2.46.   "Released Party" or "Released Parties" has the definition set forth in Section 10.2 of this Class Action Agreement.

2.47.    "Releasing Parties" has the definition set forth in Section 10.3 of this Class Action Agreement.

2.48.    "Settlement Benefits" means Fuel Economy Cash Benefits, Sport+ Cash Benefits, and Other Class Vehicle Cash Benefits.

2.49.    "Settlement Value" means $80,000,000, which, as described in Section 4.5, is the total amount Porsche AG will pay under this Agreement, subject to the potential additional funding described in Section 4.2 below.  Porsche AG shall be responsible for all required payments owed by Defendants under this Class Action Agreement as described herein because the Class Vehicles were designed and manufactured by Porsche AG.  Volkswagen and Porsche Cars North America, Inc. were not involved in the issues giving rise to this settlement.

2.50.    "Sport+ Cash Benefit" means $250 per Sport+ Class Vehicle, which Porsche will pay to Sport+ Class Members on conditions set forth in Section 4.3.

2.51.    "Sport+ Class Member" means owner(s) who acquire a Sport+ Class Vehicle before the end of the Claims Period. An owner who acquires a Sport+ Class Vehicle after it has received the ECR is not a Sport+ Class Member, is not eligible to receive Sports+ Cash Benefits. Sport+ Class Members consists of owners because there are no Sport+ Class Vehicles with active leases through Porsche Financial Services, Inc.

2.52.    "Sport+ Class Vehicle" means the gasoline-powered vehicles of the make, model, derivative, and model years listed in Exhibit 2 and equipped with Sport+ Mode or PDK Sport Mode that were originally sold or leased new in the United States, including Puerto Rico, on or before the date of the Motion for Preliminary Approval.  Sport+ Class Vehicle excludes any Porsche vehicle that was never sold or leased in the United States, including Puerto Rico.

2.53.    "Sport+ Matter" means (1) the installation, presence, design, manufacture, assembly, testing, or development of software that potentially resulted in a Sport+ Class Vehicle exceeding emissions limits in Sport, PDK Sport or Sport+ Mode; (2) the marketing or advertisement of any Sport+ Class Vehicle as green, environmentally friendly, and/or compliant with state or federal emissions; (3) the actual or alleged noncompliance of any Sport+ Class Vehicle with state or federal emissions standards; and/or (4) the subject matter of the Action.

2.54.   "Unclaimed Funds" means any amounts remaining of the Settlement Value after all Settlement Benefits, service awards, attorneys' fees and expenses, and fees and costs incurred by the Claims Administrator and Notice Administrator have been paid.

2.55.   "Volkswagen" means Volkswagen AG.

2.56.   Other capitalized terms used in this Class Action Agreement but not defined in this Section shall have the meanings ascribed to them elsewhere in this Class Action Agreement.

2.57.   The term "he or she" and "his or her" include "it" or "its" where applicable.

## 3.   PRELIMINARY APPROVAL ORDER

3.1.   The Parties shall file a Motion for Preliminary Approval.  Simultaneously, the Class Representatives shall move for certification of the Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(3), and 23(e).  It is expressly agreed that any certification of the Class shall be for settlement purposes only, and Defendants do not waive any arguments that they may have that class certification for any other purpose would be improper.

3.2.   The Parties agree to take all actions and steps reasonably necessary to obtain a Preliminary Approval Order from the Court and to fully implement and effectuate this Class Action Settlement.

## 4.   CLASS MEMBER CONSUMER COMPENSATION AND REMEDIES

4.1.   **Fuel Economy Cash Benefits.**  Fuel Economy Class Member compensation is based on the difference between the cost of gasoline that would have been required for the Fuel Economy Class Vehicles under the original Monroney fuel economy labels and the cost of gasoline required for the Fuel Economy Class Vehicles under the adjusted fuel economy labels, for a period of 96 months of use, in addition to a goodwill payment to account for the inconvenience associated with additional fill ups.  Exhibit 3 to this Class Action Agreement sets forth the MPG differential and cash compensation for each Fuel Economy Class Vehicle.  Fuel Economy Cash Benefits cover the first 96 months after the Fuel Economy Class Vehicle was first sold or leased (the "96 Month Limitation"), meaning that a person who acquires a Fuel Economy Class Vehicle more than 96 months after that vehicle was first sold or leased is not a Fuel

Economy Class Member.  Subject to the 96 Month Limitation, Fuel Economy Class Members who no longer possess their Fuel Economy Class Vehicles as of the date of the Motion for Preliminary Approval will be compensated on a pro rata basis for the months such Fuel Economy Class Members owned or leased a Fuel Economy Class Vehicle.  Fuel Economy Class Members who are current lessees of a Fuel Economy Class Vehicle (*i.e.* Class Members who held active leases as of the date of the Motion for Preliminary Approval) will be entitled to compensation for the full duration of their lease, subject to the 96 Month Limitation.  Subject to the 96 Month Limitation, Fuel Economy Class Members who owned their Fuel Economy Class Vehicles as of the date of the Motion for Preliminary Approval will be entitled to compensation for the months they have owned their Fuel Economy Class Vehicles, as well as any remaining months up to 96 months after the Fuel Economy Class Vehicles were first sold or leased.

4.2.    **Other Class Vehicle Cash Benefits.**  Porsche will allocate the Excess Funds pro rata to the Other Class Vehicle Class Members, up to $200 per such vehicle, depending on the configuration of the vehicle, for which a valid Claim is submitted.  If the pro rata share allocated to each Other Class Vehicle for which a valid Claim is submitted is less than $150, Porsche will add up to $5,000,000 to the Settlement Value.

4.3.    **Sport+ Class Member Benefits.**  The benefits available to a Sport+ Class Member who does not opt out of the Class depend on whether Porsche makes available an Emissions Compliant Repair for the Sport+ Class Vehicle owned by a class member.  If an Emissions Compliant Repair is available by the time of the Final Approval Order, then the owners of those vehicles will be offered an Emission Compliant Repair and, upon completion of the ECR, Sport+ Cash Benefits.  If an Emissions Compliant Repair is not available for any Sport+ Class Vehicle by the time of the Final Approval Order, the Sport+ Class Members who own those Sport+ Class Vehicles will nevertheless be entitled to submit a claim for Sport+ Cash Benefits.  To the extent a repair to reduce emissions in Sport+ Mode becomes available for those vehicles following the Final Approval Order, Porsche will make that repair available to the current owners of all such Sport+ Class Vehicles free of charge.

4.4.     **Allocation of Unclaimed Funds**.  The Settlement shall be non-reversionary, meaning that no amount of the Settlement Value will revert to Defendants.  If there are any funds remaining in the Settlement Value after all valid, complete, and timely Claims are paid, and if it is not feasible and/or economically reasonable to distribute the remaining funds to Class Members, then subject to Court approval, the balance will be directed to environmental remediation efforts. This cy pres distribution may include, for example, payments for the development and donation of electric vehicle charging stations and infrastructure, environmental projects in consultation with relevant regulators, and/or other, environmentally-focused recipients, which shall be identified by Plaintiffs and Defendants, and agreed upon by the Parties.  Defendants shall be under no obligation to make any distribution pursuant to this paragraph before the Post-Appeal Date.

4.5.     **Responsibility for Required Payments**.  Porsche AG shall be responsible for all required payments owed by Defendants under this Class Action Agreement as described herein because the Class Vehicles were designed and manufactured by Porsche AG. Volkswagen and Porsche Cars North America, Inc. were not involved in the issues giving rise to this settlement. Any legal successor or assign of Porsche AG shall assume Porsche AG's liability and remain jointly and severally liable for the payment and other performance obligations herein.  Porsche AG shall include an agreement to so remain liable in the terms of any sale, acquisition, merger, or other transaction changing the ownership or control of any of its successors or assigns.  No change in the ownership or control of any such entity shall affect the obligations herein of Porsche AG without modification of the Class Action Agreement.

4.6.     **Tax Implications**.  Class Members should consult their personal tax advisor for assistance regarding any tax ramifications of this Class Action Settlement.  Neither the PSC nor Defendants and their counsel are providing any opinion or advice as to the tax consequences or liabilities of Class Members as a result of any payments or benefits under this Class Action Settlement.

4.7.     **Deceased, Divorced, Dissolved, or Bankrupt Claim Members**.  Nothing in the Class Action Agreement shall prevent Class benefits from being provided, upon appropriate

proof, to, or for the benefit of, an otherwise eligible Class Member, or that Class Member's estate or legal representative, notwithstanding that Class Member's death, divorce, dissolution, or bankruptcy (whether discharged or ongoing), in accordance with applicable law.

**5.      CLASS CLAIMS PROCESS AND ADMINISTRATION**

5.1.      The Claims process depends on whether the Class Member possesses or possessed a Fuel Economy Class Vehicle, a Sport+ Class Vehicle, or an Other Class Vehicle.  The process for submitting a Claim is designed to be as simple and convenient to Class Members as possible, while ensuring that only valid claims are paid.

5.2.      **Claims Process for Fuel Economy and Other Class Vehicle Class Members**. The Claims process for Fuel Economy and Other Class Vehicle Class Members will involve four steps.

**Step 1:** Within 24 hours following the Court's entry of the Preliminary Approval Order, the Claims Administrator will launch the official Settlement Website, through which Claims can be submitted electronically.

**Step 2:**  Fuel Economy and Other Class Vehicle Class Members will be required to submit a Claim Form with supporting documentation as agreed by the Parties and set forth in the Claim Form.  The Claim Form must be postmarked or submitted electronically by the Fuel Economy Claims Deadline.

**Step 3:**  Upon receipt of a timely submitted Claim Form, the Claims Administrator will review the Claim to determine whether the Claim request meets all qualifications for payment (including any necessary supporting documentation) and, if so, the amount of that payment.  If the Claim is incomplete or otherwise insufficient, within twenty-one days of receiving the Claim (or within twenty-one days of Final Approval, whichever is later), the Claims Administrator shall contact the Class Member regarding these deficiencies and provide the Class Member thirty days to provide the missing documentation.

**Step 4:** Valid and complete Fuel Economy Claims and completed Other Class Vehicle Class Member Claims will be paid after the Fuel Economy Claims Deadline.

5.3.    **Claims Process for Sport+ Class Members.**  Sport+ Class Members will be paid automatically after completing the ECR, if the ECR is completed by the Sport+ ECR Deadline. Those Sport+ Class Members who have already completed the ECR will likewise automatically be paid.  Sport+ Class Members who own a Sport+ Class Vehicle for which no ECR was available as of the Final Approval Order, may submit a Claim for Sport+ Cash Benefits by the Sport+ ECR Deadline.

5.4.    **Claims Administrator**.  The Claims Administrator shall be responsible for overseeing the implementation and administration of the Claims process, including validation of eligibility and approval of payments to Class Members.  The reasonable and necessary fees and costs incurred by the Claims Administrator for administration of this Class Action Agreement will be paid out of the Settlement Value.

5.5.    **The Court's Ongoing and Exclusive Jurisdiction**.  The Court retains ongoing and exclusive jurisdiction and independent case management authority, as MDL transferee judge and under Federal Rule of Civil Procedure 23, regarding the general operation of the Claims process and those appointed to implement and oversee it.

**6.    CONFIRMATORY DISCOVERY**

6.1.    The Parties have already engaged in extensive discovery and information exchanges regarding these claims, including the review of millions of pages of documents, as well as a thorough testing of vehicles conducted over many months.

**7.    REQUESTS FOR EXCLUSION**

7.1.    **Manner of Opting Out**.  The Class Notice Program will provide instructions regarding the procedures that must be followed to opt out of the Class pursuant to Federal Rule of Civil Procedure 23(c)(2)(B)(v).  The Parties agree that, to opt out validly from the Class, a Class Member must personally sign (electronic signatures, including Docusign, are invalid and will not be considered personal signatures) and send a written request to opt out stating "I wish to exclude myself from the Class in Porsche Gasoline Litigation Class Action Settlement in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No. 3:15-md-02672-CRB (N.D. Cal.) (MDL 2672)," (or substantially similar clear and unambiguous

1    language) to the Claims Administrator on or before the Opt-Out Deadline (postmarked or emailed

2    no later than the Opt-Out Deadline, with the exception of Sport+ Opt-Out deadline described in

3    Paragraph 2.33).  The Class Member must either (i) mail the signed written request to an address

4    provided by the Claims Administrator; or (ii) e-mail a complete and legible scanned copy or

5    photograph of the signed written request to an e-mail address provided by the Claims

6    Administrator.  That written request must include the Class Member's name, address, telephone

7    number, and VIN(s) of the Class Vehicle(s) forming the basis of the Class Member's inclusion in

8    the Class, a statement as to whether the Class Member owns/owned or leases/leased the Class

9    Vehicle(s), and the date(s) of the Class Member's ownership or lease of the Class Vehicle(s) (*i.e.*,

10   start date and, if applicable, end date of possession).  Opt-out requests that are signed by an

11   attorney but not by the Class Member are invalid.  The Parties retain discretion to determine

12   whether any opt-out request substantially complies with the requirements above.  The Claims

13   Administrator will provide copies of all opt-out requests to Plaintiffs' Lead Counsel and

14   Defendants' Lead Counsel within seven days of the receipt of each such request.  The Claims

15   Administrator and the Parties shall promptly after receipt provide copies of any requests for

16   exclusion, objections and/or related correspondence to each other.

17        7.2.    **Consequences of Failure to Opt Out in a Timely and Proper Manner**.  All

18   Class Members who do not timely and properly opt out of the Class will in all respects be bound

19   by all terms of this Class Action Agreement and the Final Approval Order upon the Effective

20   Date.

21        7.3.    **Opting Out and Objecting Are Mutually Exclusive Options**.  Any Class

22   Member who elects to opt out pursuant to this Section may not also object to the Settlement.  Any

23   Class Member who elects to object pursuant to Section 8 herein may not also opt out pursuant to

24   this Section.

25   **8.    OBJECTIONS TO THE SETTLEMENT**

26        8.1.    **Manner of Objecting**.  The Class Notice Program will provide instructions

27   regarding the procedures that must be followed to object to the Settlement pursuant to Federal

28   Rule of Civil Procedure 23(e)(5).  Provided that a Class Member has not submitted a written

request to opt out, as set forth in Section 7, the Class Member may present written objections, if any, explaining why he or she believes the Class Action Settlement should not be approved by the Court as fair, reasonable, and adequate.  No later than such date as is ordered by the Court, a Class Member who wishes to object to any aspect of the Class Action Settlement must file with the Court, or as the Court otherwise may direct, a written statement of the objection(s).  The written statement of objection(s) must include a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention.  That written statement also must contain the Class Member's printed name, address, telephone number, and VIN(s) of the Class Vehicle(s) forming the basis of the Class Member's inclusion in the Class, the dates of the Class Member's ownership or lease of the Class Vehicle(s), a statement that the Class Member has reviewed the Class definition and has not opted out of the Class, and any other supporting papers, materials, or briefs the Class Member wishes the Court to consider when reviewing the objection.

8.2.   **Objecting Through Counsel**.  A Class Member may object on his or her own behalf or through a lawyer hired at that Class Member's own expense, provided the Class Member has not submitted a written request to opt out, as set forth in Section 7.  The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.  Lawyers asserting objections on behalf of Class Members must: (1) file a notice of appearance with the Court by the date set forth in the Preliminary Approval Order, or as the Court otherwise may direct; (2) file a sworn declaration attesting to his or her representation of each Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Class Member; and (3) comply with the procedures described in this Section.  Lawyers asserting objections on behalf of Class Members also must file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a class member.

8.3.     **Intent to Appear at the Fairness Hearing**.  A Class Member (or counsel individually representing him or her, if any) seeking to make an appearance at the Fairness Hearing must file with the Court, by the date set forth in the Preliminary Approval Order, a written notice of his or her intent to appear at the Fairness Hearing, in accordance with the requirements set forth in the Preliminary Approval Order, or by such time and in such manner as the Court may otherwise direct.

8.4.     **Consequences of Failure to Object in a Timely and Proper Manner**.  Unless the Court directs otherwise, any Class Member who fails to comply with the provisions of this Section will waive and forfeit any and all rights he, she, or it may have to object to the Class Action Settlement and/or to appear and be heard on said objection at the Fairness Hearing. Failure to object waives a Class Member's right to appeal approval of the Settlement.

**9.     NOTICE PROGRAM**

9.1.     **Class Notice**.  The Parties, in consultation with the Notice Administrator, shall design a notice program that satisfies due process and meets the requirements of Federal Rule of Civil Procedure 23(c) and the Northern District of California's Procedural Guidance for Class Action Settlements.  The program will be further detailed in the Motion for Preliminary Approval.

9.2.     **CAFA Notice**.  At the earliest practicable time, and no later than ten days after the Parties file this Class Action Agreement with the Court, Defendants shall send to each appropriate state and federal official the materials specified in 28 U.S.C. § 1715 and otherwise comply with its terms.

9.3.     **Notice Administrator**.  The Notice Administrator shall be responsible for, among other things, (i) preparing and sending individual notice, (ii) executing a publication notice campaign, and (iii) consulting on and effectuating other aspects of the Class Notice Program.  All reasonable and necessary costs of the Class Notice Program and the fees and costs of the Notice Administrator will be paid out of the Settlement Value.

9.4.     **List of Opt Outs.**  Not later than ten days before the date of the Fairness Hearing, the Notice Administrator shall file with the Court a list of those persons who have opted out or

excluded themselves from the Settlement.  The Notice Administrator shall file with the Court the details outlining the scope, method, and results of the Class Notice Program.

**10.    RELEASE AND WAIVER**

10.1.    The Parties agree to the following release and waiver (as defined above, the Release), which shall take effect upon entry of the Final Approval Order.  The terms of the Release are a material term of the Class Action Agreement and will be reflected in the Final Approval Order.

10.2.    **Released Parties**.  Released Parties means any person who, or entity that, is or could be responsible or liable in any way whatsoever, whether directly or indirectly, for the Sport+ Matter and Fuel Economy Matter.  The Released Parties include, without limitation, (1) Volkswagen AG, Volkswagen Group of America, Inc. (d/b/a Volkswagen of America, Inc.), Volkswagen Group of America Chattanooga Operations, LLC, VW Credit, Inc., VW Credit Leasing, Ltd., VCI Loan Services, LLC, Porsche Automobil Holding SE, Dr. Ing. h.c. F. Porsche AG, Porsche Cars North America, Inc., Porsche Financial Services, Inc., Porsche Leasing Ltd., and any former, present, and future owners, shareholders (direct or indirect), members (direct or indirect), directors, officers, members of management or supervisory boards, employees, attorneys, affiliates, parent companies (direct or indirect), subsidiaries (direct or indirect), predecessors, and successors of any of the foregoing (the "Released Entities"); (2) any and all contractors, subcontractors, joint venture partners, consultants, auditors, and suppliers of the Released Entities; (3) any and all persons and entities indemnified by any Released Entity with respect to the Sport+ Matter and Fuel Economy Matter; (4) any and all other persons and entities involved in the design, research, development, manufacture, assembly, testing, sale, leasing, repair, warranting, marketing, advertising, public relations, promotion, or distribution of any Class Vehicle, even if such persons are not specifically named in this paragraph, including without limitation all Authorized Dealers, as well as Non-Authorized Dealers and sellers; (5) the Claims Administrator; (6) the Notice Administrator; (7) lenders, creditors, financial institutions, or any other parties that financed any purchase or lease of a Class Vehicle; and (8) for each of the foregoing, their respective former, present, and future affiliates, parent companies, subsidiaries,

predecessors, successors, shareholders, indemnitors, subrogees, spouses, joint ventures, general or limited partners, attorneys, assigns, principals, officers, directors, members of management or supervisory boards, employees, members, agents, representatives, trustees, insurers, reinsurers, heirs, beneficiaries, wards, estates, executors, administrators, receivers, conservators, personal representatives, divisions, dealers, and suppliers.

10.3.   **Class Release**.   In consideration for the Settlement, Class Members, on behalf of themselves and their agents, heirs, executors and administrators, successors, assigns, insurers, attorneys (including any attorney engaged by Class Members who is not Class Counsel), representatives, shareholders, owners associations, and any other legal or natural persons who may claim by, through, or under them (the "Releasing Parties"), fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit any and all claims, demands, actions, or causes of action, whether known or unknown, that they may have, purport to have, or may have hereafter against any Released Party, as defined above, arising out of or in any way related to the Sport+ Matter or Fuel Economy Matter or any allegation, claim or other subject matter of the Complaint or this Action.   This Release applies to any and all claims, demands, actions, or causes of action of any kind or nature whatsoever, whether in law or in equity, contractual, quasi-contractual or statutory, known or unknown, direct, indirect or consequential, liquidated or unliquidated, past, present or future, foreseen or unforeseen, developed or undeveloped, contingent or non-contingent, suspected or unsuspected, whether or not concealed or hidden, arising from or in any way related to the Sport+ Matter, Fuel Economy Matter or other matters that are the subject of the Complaint or this Action, including without limitation (1) any claims that were or could have been asserted in the Action; and (2) any claims for fines, penalties, economic damages, punitive damages, exemplary damages, liens, injunctive relief, attorneys' fees, costs, or attorneys' liens (except as provided in Section 12 of this Class Action Agreement), expert, consultant, or other litigation fees or costs other than fees and costs awarded by the Court in connection with this Settlement or to attorneys other than Class Counsel, or any other liabilities, that were or could have been asserted in any civil, administrative, or other proceeding, including arbitration (the "Released Claims").   This Release applies without limitation to any and

all Released Claims regardless of the legal or equitable theory or nature under which they are

based or advanced including without limitation legal and/or equitable theories under any federal,

state, provincial, local, tribal, administrative, or foreign or international law, or statute, ordinance,

code, regulation, contract, common law, equity, or any other source, and whether based in strict

liability, negligence, gross negligence, punitive damages, nuisance, trespass, breach of warranty,

misrepresentation, breach of contract, fraud, or any other legal or equitable theory, whether

existing under the laws of the United States, a State, territory, or possession of the United States,

or of any other foreign or domestic state, territory, or other legal or governmental body, whether

existing now or arising in the future.  Notwithstanding the foregoing, this Agreement does not

release any claims for wrongful death or personal injury.

10.4.   **Possible Future Claims**.  For the avoidance of doubt, Class Members expressly

understand and acknowledge that they may hereafter discover claims presently unknown or

unsuspected, or facts in addition to or different from those that they now know or believe to be

true, related to the Sport+ Matter or Fuel Economy Matter, the Action and/or the Release herein.

Nevertheless, it is the intention of Class Counsel and the Settlement Class Representatives in

executing this Class Action Agreement to fully, finally, irrevocably, and forever release, waive,

discharge, relinquish, settle, and acquit all such matters, and all claims relating thereto which

exist, hereafter may exist, or might have existed (whether or not previously or currently asserted

in any action or proceeding) with respect to the Sport+ Matter or Fuel Economy Matter and/or the

Released Claims.

10.5.   **Waiver of California Civil Code Section 1542 and Analogous Provisions**.

Settlement Class Representatives expressly understand and acknowledge, and Class Members

will be deemed to understand and acknowledge Section 1542 of the California Civil Code, which

provides:  "**A general release does not extend to claims that the creditor or releasing party

does not know or suspect to exist in his or her favor at the time of executing the release and

that, if known by him or her, would have materially affected his or her settlement with the

debtor or released party.**"  Each Settlement Class Representative expressly acknowledges that

he, she, or it has been advised by Class Counsel of the contents and effect of Section 1542 and

1    that he, she, or it has considered the possibility that the number or magnitude of all claims may

2    not currently be known.  To ensure that this Release is interpreted fully in accordance with its

3    terms, Class Members expressly waive and relinquish any and all rights and benefits that they

4    may have under Section 1542 to the extent that such Section may be applicable to the Release.

5    Class Members likewise expressly waive and relinquish any rights or benefits of any law of any

6    state or territory of the United States, federal law or principle of common law, or of international

7    or foreign law, which is similar, comparable, analogous, or equivalent to Section 1542 of the

8    California Code to the extent that such laws or principles may be applicable to the Release.

9        10.6.    **Individual Release**.  Each Class Member who receives a Settlement Benefit

10   pursuant to this Class Action Agreement shall, as a precondition to receiving such payment, be

11   required to agree to an Individual Release of their claims.  Consistent with the Release provided

12   in this Agreement, the Individual Release will release all of the Released Parties from any and all

13   present and future claims (as described in Section 10) arising out of or related to the Sport+

14   Matter or Fuel Economy Matter or other matters that are the subject of the Complaint or this

15   Action.  In connection with the Individual Release, Class Members hereby agree to release any

16   potential claims under the Trade Regulation Rule Concerning the Preservation of Consumers'

17   Claims and Defenses, 16 C.F.R. § 433.2 (the "Holder Rule"), relating to the Sport+ Matter or

18   Fuel Economy Matter or other matters that are the subject of the Complaint or the Action.  The

19   Individual Release will be effective upon acceptance of the Settlement Benefit and shall remain

20   effective even if the Final Approval Order is reversed and/or vacated on appeal, or if this Class

21   Action Agreement is abrogated or otherwise voided in whole or in part.

22       10.7.    **Actions or Proceedings Involving Released Claims**.  Class Members who do not

23   opt out in accordance with Section 7.1 expressly agree that this Release, and the Final Approval

24   Order, is, will be, and may be raised as a complete defense to, and will preclude, any action or

25   proceeding specified in, or involving claims encompassed by, this Release.  Class Members who

26   do not opt out shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in

27   the institution, commencement, filing or prosecution of any suit, action, and/or other proceeding,

28   against the Released Parties with respect to the claims, causes of action and/or any other matters

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

1    subject to this Release.  To the extent that they have initiated, or caused to be initiated, any suit,

2    action, or proceeding not already encompassed by the Action, Class Members who do not opt out

3    shall cause such suit, action, or proceeding to be dismissed with prejudice.  If a Class Member

4    who does not opt out commences, files, initiates, or institutes any new legal action or other

5    proceeding for any Released Claim against any Released Party in any federal or state court,

6    arbitral tribunal, or administrative or other national, foreign or international forum, (1) such legal

7    action or other proceeding shall be dismissed with prejudice and at that Class Member's cost; and

8    (2) the respective Released Party shall be entitled to recover any and all reasonable related costs

9    and expenses from that Class Member arising as a result of that Class Member's breach of his,

10   her, or its obligations under this Release.  Within five business days of the Post-Appeal Date,

11   Class Counsel will dismiss the Complaint with prejudice.

12          10.8.   **Ownership of Released Claims**.  Class Members submitting a Claim Form shall

13   represent and warrant therein that they are the sole and exclusive owner of all claims that they

14   personally are releasing under the Class Action Agreement and that they have not assigned,

15   pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title,

16   interest or claim arising out of or in any way whatsoever pertaining to the Action, including

17   without limitation, any claim for benefits, proceeds or value under the Action, and that such Class

18   Members are not aware of anyone other than themselves claiming any interest, in whole or in

19   part, in any benefits, proceeds or values to which those Class Members may be entitled as a result

20   of the Sport+ Matter or Fuel Economy Matter.

21          10.9.   **Total Satisfaction of Released Claims**.  Any benefits pursuant to the Class

22   Action Agreement are in full, complete, and total satisfaction of all of the Released Claims

23   against the Released Parties.  Such benefits are sufficient and adequate consideration for each and

24   every term of this Release, and this Release shall be irrevocably binding upon Settlement Class

25   Representatives and Class Members who do not opt out of the Class.

26          10.10.  **Release Not Conditioned on Claim or Payment**.  The Release shall be effective

27   with respect to all Releasing Parties, including all Class Members who do not opt out, regardless

28   of whether those Class Members ultimately submit a Claim under this Class Action Agreement.

- 23 -

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

10.11. **Basis for Entering Release**.  Class Counsel acknowledge that they have conducted sufficient independent investigation and discovery to enter into this Class Action Agreement and that they execute this Class Action Agreement freely, voluntarily, and without being pressured or influenced by, or relying on any statements, representations, promises, or inducements made by the Released Parties or any person or entity representing the Released Parties, other than as set forth in this Class Action Agreement.  Settlement Class Representatives acknowledge, agree, and specifically represent and warrant that they have discussed with Class Counsel the terms of this Class Action Agreement and have received legal advice with respect to the advisability of entering into this Class Action Agreement and the Release, and the legal effect of this Class Action Agreement and the Release.  The representations and warranties made throughout the Class Action Agreement shall survive the execution of the Class Action Agreement and shall be binding upon the respective heirs, representatives, successors and assigns of the Parties.

10.12. **Material Term**.  Settlement Class Representatives and Class Counsel hereby agree and acknowledge that this Section 10 in its entirety was separately bargained for and constitutes a key, material term of the Class Action Agreement that shall be reflected in the Final Approval Order.

10.13. **Reservation of Claims**.  This Class Action Agreement shall resolve the claims of Class Members who do not opt out only as they relate to the Released Claims.  The Parties reserve all rights to litigate liability and equitable relief of any sort for any subset of vehicles, purchasers, or lessees not expressly covered by this Class Action Agreement.

10.14. **Released Parties' Releases of Settlement Class Representatives, the Class, and Counsel**.  Upon the Effective Date, Released Parties absolutely and unconditionally release and forever discharge the Settlement Class Representatives, Class Members, Defendants' counsel and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

10.15. **Jurisdiction**.  The Court shall retain exclusive and continuing jurisdiction over all Parties, the Action, and this Class Action Agreement to resolve any dispute that may arise regarding this Class Action Agreement or in relation to this Action, including any dispute

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

1    regarding validity, performance, interpretation, administration, enforcement, enforceability, or

2    termination of the Class Action Agreement, and no Party shall oppose the reopening and

3    reinstatement of the Action on the Court's active docket for the purposes of effecting this Section.

4    **11.    ESCROW ACCOUNT**

5           11.1.    Provided that Plaintiffs' Lead Counsel provides Porsche AG with all necessary

6    payment information at least 20 days prior to the Final Approval hearing, Porsche AG will fund at

7    least $30 million of the Settlement Value no later than 10 days prior to the Final Approval

8    hearing.  Within ten business days after the Effective Date, Porsche AG shall fund the Escrow

9    Account with the remaining Settlement Value, which funds shall be used as described in this

10   Agreement.

11          11.2.    In the event that the Class Action Settlement is terminated or invalidated for any

12   reason prior to the conclusion of the Claims Period, any funds in the Escrow Account, including

13   all interest accrued, shall be returned to Defendants.

14   **12.    ATTORNEYS' FEES AND EXPENSES**

15          12.1.    Defendants and Class Counsel represent that they have not discussed the amount

16   of fees and expenses to be paid prior to agreement on the terms of this Class Action Agreement.

17   Class Counsel shall file a motion for court approval of their attorneys' fees and expenses for work

18   performed pursuant to PTO 11 in connection with the Action.  Any fees and expenses ordered or

19   approved by the Court will be paid from the total Settlement Value and wired from the Escrow

20   Account to an account specified by Plaintiffs' Lead Counsel within three business days of the

21   Court's order approving such fees and expenses.  Defendants reserve the right to oppose Class

22   Counsel's motion.  No Class Members or their attorneys other than Class Counsel or Participating

23   Counsel who perform work pursuant to PTO 11 in connection with this Action shall receive fees

24   or expenses under this Class Action Agreement, any fee-shifting statute, or attorneys' lien.  If the

25   Class Action Agreement is terminated pursuant to section 15.2, any attorneys' fees paid to Class

26   Counsel will be returned to Defendants within seven days of such termination.

27

28

**13.    PROPOSED SCHEDULE FOR APPROVAL OF SETTLEMENT**

13.1.    A comprehensive potential schedule for the approval of this Settlement is set forth below, subject to Court approval.  The Parties will use their best efforts to advance the Settlement along the lines outlined in the proposed schedule set forth below, recognizing it is subject to change, as required by Court order and/or agreed to by the Parties.

| Date | Event |
|------|-------|
| June 15, 2022 | Motion for Preliminary Approval |
| July 22, 2022 | Hearing on Motion for Preliminary Approval [**Remainder of schedule assumes entry of Preliminary Approval Order on this date**] |
| July 22, 2022 | Class Notice Program begins |
| August 19, 2022 | Motions for Final Approval and Attorneys' Fees and Expenses filed |
| September 23, 2022 | Objection and Opt-Out Deadline |
| October 7, 2022 | Reply Memoranda in Support of Final Approval and Fee/Expense Application filed |
| October 21, 2022 | Final Approval Hearing |

**14.    AGREEMENT TO COOPERATE TO EFFECTUATE SETTLEMENT**

14.1.    Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Class Action Agreement.  The persons signing this Class Action Agreement on behalf of each Party warrant that he or she is authorized to sign this Class Action Agreement on behalf of that Party.

14.2.    The Parties and their respective counsel will cooperate with each other, act in good faith, and use their best efforts to effectuate the implementation of the Class Action Agreement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Class Action Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Class Action Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

14.3.    The Parties further agree to make all reasonable efforts to ensure the timely and expeditious administration and implementation of the Class Action Agreement and to minimize the costs and expenses incurred therein.

**15.    MODIFICATION OR TERMINATION OF THE CLASS ACTION AGREEMENT**

15.1.    The terms and provisions of this Class Action Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Approval Order, the Parties may by written agreement effect such amendments, modifications, or expansions of this Class Action Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and do not limit the rights of Class Members under this Class Action Agreement.

15.2.    This Class Action Agreement shall terminate at the discretion of either Defendants or the Settlement Class Representatives, through Lead Counsel, if: (1) Lead Counsel determines through confirmatory discovery that the Settlement is not fair, reasonable, or adequate; (2) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Class Action Agreement or the proposed Settlement that the terminating Party in its (or their) sole judgment and discretion reasonably determine(s) is material, including, without limitation, the terms of relief, the findings, or conclusions of the Court, the provisions relating to notice, the definition of the Class, and/or the terms of the Release; or (3) the Court, or any appellate court(s), does not enter or completely affirm, or alters, narrows or expands, any portion of the Final Approval Order, or any of the Court's findings of fact or conclusions of law, that the terminating Party in its (or their) sole judgment and discretion reasonably determine(s) is material.  The terminating Party must exercise the option to withdraw from and terminate this Class Action Agreement, as provided in this Section 15, by a signed writing served on the other Parties no later than twenty days after receiving notice of the event prompting the termination.  The Parties will be returned to their positions status quo ante.

15.3.    If an option to withdraw from and terminate this Class Action Agreement arises under Section 15.2 above, neither Defendants nor Settlement Class Representatives are required

for any reason or under any circumstance to exercise that option and any exercise of that option shall be in good faith.

15.4.    If, but only if, this Class Action Agreement is terminated pursuant to Section 15.2, above, then:

15.4.1.    This Class Action Agreement shall be null and void and shall have no force or effect, and no Party to this Class Action Agreement shall be bound by any of its terms, except for the terms of Section 15.2 herein;

15.4.2.    The Parties will petition the Court to have any stay orders entered pursuant to this Class Action Agreement lifted;

15.4.3.    All of the provisions of this Class Action Agreement, and all negotiations, statements, and proceedings relating to it, shall be without prejudice to the rights of Defendants, Settlement Class Representatives, or any Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Class Action Agreement, except that the Parties shall cooperate in requesting that the Court set a new scheduling order such that no Party's substantive or procedural rights are prejudiced by the settlement negotiations and proceedings;

15.4.4.    Released Parties expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Action, including, without limitation, the argument that the Action may not be litigated as a class action;

15.4.5.    Settlement Class Representatives and all other Class Members, on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, expressly and affirmatively reserve and do not waive all motions as to, and arguments in support of, all claims, causes of action or remedies that have been or might later be asserted in

the Action including, without limitation, any argument concerning class certification, and treble or other damages;

15.4.6.  Defendants expressly and affirmatively reserve and do not waive all motions and positions as to, and arguments in support of, all defenses to the causes of action or remedies that have been sought or might be later asserted in the Action, including without limitation, any argument or position opposing class certification, liability, damages, or injunctive relief;

15.4.7.  Neither this Class Action Agreement, the fact of its having been entered into, nor the negotiations leading to it shall be admissible or entered into evidence for any purpose whatsoever;

15.4.8.  Any settlement-related order(s) or judgment(s) entered in this Action after the date of execution of this Class Action Agreement shall be deemed vacated and shall be without any force or effect; and

15.4.9.  Defendants shall bear all reasonable and necessary costs incurred by the Claims Administrator and Notice Administrator in connection with the implementation of this Class Action Settlement up until its termination. Neither the Settlement Class Representatives nor Class Counsel shall be responsible for any such settlement-related costs.

15.4.10.  All funds remaining in the Escrow Account or that have been remitted to Plaintiffs' Lead Counsel, Class Counsel or Participating Counsel including any attorneys' fees awarded pursuant to Section 12.1 shall be immediately returned to Defendants.

15.5.  Notwithstanding the terms of this Section 15, Class Members who have received a Settlement Benefit under the Class Action Agreement prior to its termination or invalidation and shall be bound by the terms of the Individual Release, which terms shall survive termination or invalidation of the Class Action Agreement.

1

**16.    REPRESENTATIONS AND WARRANTIES**

2

16.1.    Class Counsel represents that: (1) they are authorized by the Settlement Class

3

Representatives to enter into this Class Action Agreement with respect to the claims asserted in

4

the Action and any other claims covered by the Release; and (2) they are seeking to protect the

5

interests of the Class.

6

16.2.    Class Counsel further represents that the Settlement Class Representatives:

7

(1) have agreed to serve as representatives of the Class proposed to be certified herein; (2) are

8

willing, able, and ready to perform all of the duties and obligations of representatives of the

9

Class; (3) have read the pleadings in the Action, including the Complaint, or have had the

10

contents of such pleadings described to them; (4) have consulted with Class Counsel about the

11

obligations imposed on representatives of the Class; (5) understand that they are entitled only to

12

the rights and remedies of Class Members under this Class Action Agreement and not to any

13

additional compensation by virtue of their status as Settlement Class Representative except that

14

Class Counsel may seek reasonable and appropriate service awards for Settlement Class

15

Representatives up to $250, to be paid in addition to the Settlement Class Benefits, subject to

16

Court approval; and (6) shall remain and serve as representatives of the Class until the terms of

17

this Class Action Agreement are effectuated, this Class Action Agreement is terminated in

18

accordance with its terms, or the Court at any time determines that said Settlement Class

19

Representatives cannot represent the Class.  Defendants shall retain the right to object to the

20

payment of any service awards, including the amount thereof, which if ordered, is to be paid out

21

of the Settlement Value.

22

16.3.    Porsche represents and warrants that the individual(s) executing this Class Action

23

Agreement are authorized to enter into this Class Action Agreement on behalf of Porsche.

24

16.4.    The Parties acknowledge and agree that no opinion concerning the tax

25

consequences of the proposed Settlement to Class Members is given or will be given by the

26

Parties, nor are any representations or warranties in this regard made by virtue of this Class

27

Action Agreement.  In addition, the Parties acknowledge and agree that no tax ruling from any

28

governmental tax authority in relation to a Class Member's tax consequences will be requested by

1   Defendants.  The Parties further acknowledge and agree that nothing in this Agreement should be

2   relied upon by any Class Member as the provision of tax advice.  Each Class Member's tax

3   consequences or liabilities, and the determination thereof, are the sole responsibility of the Class

4   Member, and it is understood that each Class Member's federal, state, or foreign tax

5   consequences or liabilities may vary depending on the particular circumstances of each individual

6   Class Member.  Class Members shall hold Defendants and their counsel harmless from any

7   federal, state, or foreign tax assessments, interest, and/or penalties that result for any amounts

8   paid or benefits provided under this Agreement, and Defendants shall not be liable for the

9   payment of any additional amounts now or in the future for any amount related to a Class

10  Member's tax consequences.

11  **17.      GENERAL MATTERS AND RESERVATIONS**

12          17.1.    This Class Action Agreement will be binding upon, and inure to the benefit of, the

13  successors, transferees, and assigns of Defendants, the Settlement Class Representatives, and

14  Class Members.

15          17.2.    The Parties agree and acknowledge that (1) no government or governmental entity

16  is a party to the Action or to this Class Action Agreement; (2) each Party is entering into this

17  Class Action Agreement of its own volition, and no Party is entering into this Class Action

18  Agreement at the direction of a government or governmental entity, or otherwise compelled by a

19  government or governmental entity to do so; and (3) this Class Action Agreement is for the

20  purpose of restitution, compensation or/and remediation for harm or damage alleged in the

21  Complaint.

22          17.3.    Defendants' obligations under Section 4 in this Class Action Agreement are and

23  shall be contingent upon each of the following:

24                  17.3.1.   Entry by the Court of the Final Approval Order approving the Class

25                            Action Settlement;

26                  17.3.2.   The occurrence of the Effective Date; and

27                  17.3.3.   The satisfaction of any other conditions set forth in this Class Action

28                            Agreement.

- 31 -

17.4.    The Parties and their counsel agree to keep the existence and contents of this Class Action Agreement confidential until the date on which the Class Action Agreement is filed; provided, however, that this Section shall not prevent Defendants from disclosing such information, prior to such date, to state and federal agencies, other relevant government authorities, independent accountants, actuaries, advisors, financial analysts, insurers, or lawyers. The Parties and their counsel may also disclose the existence and contents of this Class Action Agreement to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Class Action Agreement.

17.5.    Settlement Class Representatives and Class Counsel agree that confidential information was made available to them solely through the settlement process provided pursuant to the protections of Federal Rule of Evidence 408 and any equivalent rule in other states or territories, and was made available on the condition that it not be disclosed to third parties (other than experts or consultants retained by Settlement Class Representatives in connection with the Action) or used for any purpose other than settlement of this Action.

17.6.    Information provided by Defendants and/or Defendants' counsel to Settlement Class Representatives, Class Counsel, any individual Class Member, counsel for any individual Class Member, and/or administrators, pursuant to the negotiation and implementation of this Class Action Agreement, includes trade secrets and highly confidential and proprietary business information and shall be deemed "Highly Confidential" pursuant to the protective orders that have been or will be entered in the Action, and shall be subject to all of the provisions thereof. Any materials inadvertently produced shall, upon any Defendants' request, be promptly returned to the requesting Defendants' counsel, as appropriate, and there shall be no implied or express waiver of any privileges, rights and defenses.

17.7.    This Class Action Agreement, complete with its exhibits and all documents filed with the Court, sets forth the entire agreement among the Parties with respect to its subject matter, and it may not be altered, amended, or modified except by written instrument executed by Plaintiffs' Lead Counsel and Defendants' Lead Counsel.  The Parties expressly acknowledge that

no other agreements, arrangements, or understandings regarding vehicles not expressed in this Class Action Agreement or the documents filed with the Court exist among or between them, and that in deciding to enter into this Class Action Agreement, they have relied solely upon their own judgment and knowledge.  This Class Action Agreement and the accompanying documents filed with the Court supersede any prior agreements, understandings, or undertakings (written or oral) by and between the Parties regarding the subject matter of this Class Action Agreement.

17.8.    This Class Action Agreement and any amendments thereto, and any dispute arising out of or related to this Class Action Agreement, shall be governed by and interpreted according to the Federal Rules of Civil Procedure and applicable jurisprudence relating thereto, and the laws of the State of California notwithstanding its conflict of law provisions.

17.9.    Any disagreement and/or action to enforce this Class Action Agreement shall be commenced and maintained only in the United States District Court for the Northern District of California.

17.10.   Whenever this Class Action Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Federal Holidays) express delivery service as follows:

If to Defendants, then to:

> Sharon L. Nelles
> SULLIVAN & CROMWELL LLP
> 125 Broad Street
> New York, New York 10004
> Email:  nelless@sullcrom.com

> Cari K. Dawson
> ALSTON & BIRD LLP
> 1201 West Peachtree Street
> Atlanta, GA 30309-3424
> Email: cari.dawson@alston.com

If to the Class, then to:

> Elizabeth J. Cabraser
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA  94111
> Email:  ecabraser@lchb.com

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

1    17.11.  All time periods in this Class Action Agreement shall be computed in calendar

2    days unless otherwise expressly provided.  In computing any period of time in this Class Action

3    Agreement or by order of the Court, the day of the act or event shall not be included.  The last day

4    of the period shall be included, unless it is a Saturday, a Sunday or a Federal Holiday, or, when

5    the act to be done is the filing of a paper in court, a day on which the court is closed, in which

6    case the period shall run until the end of the next day that is not one of the aforementioned days.

7    As used in this Class Action Agreement, "Federal Holiday" includes holidays designated in

8    Federal Rule of Civil Procedure 6(a) or by the Clerk of the United States District Court for the

9    Northern District of California.

10    17.12.  The Parties reserve the right, subject to the Court's approval, to agree to any

11    reasonable extensions of time that might be necessary to carry out any of the provisions of this

12    Class Action Agreement.

13    17.13.  The Class, Settlement Class Representatives, Class Counsel, Defendants, and/or

14    Defendants' Lead Counsel shall not be deemed to be the drafter of this Class Action Agreement

15    or of any particular provision, nor shall they argue that any particular provision should be

16    construed against its drafter.  All Parties agree that this Class Action Agreement was drafted by

17    counsel for the Parties during extensive arm's-length negotiations.  No parol or other evidence

18    may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or

19    their counsel, or the circumstances under which this Class Action Agreement was made or

20    executed.

21    17.14.  The Parties expressly acknowledge and agree that this Class Action Agreement

22    and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations,

23    related notes, and correspondence, constitute an offer of compromise and a compromise within

24    the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state or

25    territory.

26    17.15.  The Settlement Class Representatives expressly affirm that the allegations

27    contained in the Complaint were made in good faith, but consider it desirable for the Action to be

28

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

1    settled and dismissed as to the Class Vehicles only because of the substantial benefits that the

2    Settlement will provide to Class Members.

3        17.16.  The Parties agree that the Class Action Agreement was reached voluntarily after

4    consultation with competent legal counsel.

5        17.17.  Neither this Class Action Agreement nor any act performed or document executed

6    pursuant to or in furtherance of this Class Action Agreement is or may be deemed to be or may be

7    used or construed as an admission of, or evidence of, (i) the validity of any of the Released

8    Claims, or of any wrongdoing or liability of any Released Parties or (ii) any fault or omission of

9    any Released Parties in any civil, criminal, regulatory, or administrative proceeding in any court,

10   administrative agency or other tribunal.  Nor shall this Class Action Agreement be deemed an

11   admission by any Party as to the merits of any claim or defense.

12       17.18.  Any of the Released Parties may file this Class Action Agreement and/or the Final

13   Approval Order in any action that may be brought against it in order to support any defense or

14   counterclaim, including without limitation those based on principles of *res judicata*, collateral

15   estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim

16   preclusion or issue preclusion or similar defense or counterclaim.

17       17.19.  The Parties, their successors and assigns, and their counsel undertake to implement

18   the terms of this Class Action Agreement in good faith, and to use good faith in resolving any

19   disputes that may arise in the implementation of the terms of this Class Action Agreement.

20       17.20.  The waiver by one Party of any breach of this Class Action Agreement by another

21   Party shall not be deemed a waiver of any prior or subsequent breach of this Class Action

22   Agreement.

23       17.21.  If one Party to this Class Action Agreement considers another Party to be in

24   breach of its obligations under this Class Action Agreement, that Party must provide the

25   breaching Party with written notice of the alleged breach and provide a reasonable opportunity to

26   cure the breach before taking any action to enforce any rights under this Class Action Agreement.

27

28

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

1      17.22.  The Parties, their successors and assigns, and their counsel agree to cooperate fully

2   with one another in seeking Court approval of this Class Action Agreement and to use their best

3   efforts to implement this Class Action Agreement.

4      17.23.  This Class Action Agreement may be signed with an electronic or facsimile

5   signature and in counterparts, each of which shall constitute a duplicate original.

6      17.24.  In the event any one or more of the provisions contained in this Class Action

7   Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect,

8   such invalidity, illegality, or unenforceability shall not affect any other provision if Defendants'

9   Lead Counsel on behalf of Defendants, and Plaintiffs' Lead Counsel, on behalf of Settlement

10  Class Representatives and Class Members, mutually agree in writing to proceed as if such invalid,

11  illegal, or unenforceable provision had never been included in this Class Action Agreement.  Any

12  such agreement shall be reviewed and approved by the Court before it becomes effective.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

1    FOR CLASS COUNSEL:

2

3    Date:  6/15/2022

4                                                Elizabeth J. Cabraser (State Bar No. 083151)
                                                ecabraser@lchb.com
5                                                LIEFF CABRASER HEIMANN &
                                                BERNSTEIN, LLP
6                                                275 Battery Street, 29th Floor
                                                San Francisco, CA  94111-3339
7                                                Telephone:  (415) 956-1000
                                                Facsimile:  (415) 956-1008
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                      CONSUMER CLASS ACTION SETTLEMENT
                                                      AGREEMENT AND RELEASE
                                                      MDL 2672 CRB (JSC)

1 FOR VOLKSWAGEN AG:

2

3  Date: June 15, 2022

4             Manfred Doess

5             VOLKSWAGEN AG

               P.O. Box 1849

6             D-38436 Wolfsburg, Germany

7

8

9

10  Date: June 15, 2022

11             Philip Haarmann

               VOLKSWAGEN AG

12             P.O. Box 1849

13             D-38436 Wolfsburg, Germany

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 38 -

LEGAL02/41738135v1

1  COUNSEL FOR VOLKSWAGEN AG, PORSCHE AG, AND PORSCHE CARS NORTH
   AMERICA, INC.:

2

3     Date: June 15, 2022                   /s/ Sharon L. Nelles
                                          Sharon L. Nelles
4                                         nelless@sullcrom.com
                                          Robert J. Giuffra, Jr.
5                                         giuffrar@sullcrom.com
                                          SULLIVAN & CROMWELL LLP
6                                         125 Broad Street
                                          New York, New York 10004
7                                         Telephone: (212) 558-4000
                                          Facsimile: (212) 558-3588
8
                                          Laura Kabler Oswell
9                                         SULLIVAN & CROMWELL LLP
                                          1870 Embarcadero Road
10                                        Palo Alto, California 94303
                                          Telephone:    (650) 461-5600
11                                        Facsimile:    (650) 461-5700
                                          oswelll@sullcrom.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 39 -

LEGAL.02/41738135v1

1   FOR DR. ING. H.C. F. PORSCHE AG:

2

3      Date:  June, 10th 2022

4                           Jochen Breckner

5                           DR. ING. H.C. F. PORSCHE
AKTIENGESELLSCHAFT

6                           Porscheplatz 1
D-70435 Stuttgart, Germany

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 40 -

LEGAL02/41738135v1

1   FOR DR. ING. H.C. F. PORSCHE AG:

2

3        Date: June 10, 2022

4                                    Angela Kreitz

5                                    DR. ING. H.C. F. PORSCHE AKTIENGESELLSCHAFT

6                                    Porscheplatz 1
                                 D-70435 Stuttgart, Germany

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 41 -

1    COUNSEL FOR DR. ING. H.C. F. PORSCHE AG:

2

3      Date: 6-10-2022      *Cari K Dawson*

4                                       Cari K. Dawson
ALSTON & BIRD LLP

5                                         One Atlantic Center
1201 West Peachtree Street

6                                         Atlanta, Georgia  30309
Telephone:  (404) 881-7766

7                                         Facsimile:  (404) 253-8567
cari.dawson@alston.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSUMER CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
MDL 2672 CRB (JSC)

LEGAL02/41738135v1

1

FOR PORSCHE CARS NORTH AMERICA, INC.:

2

3    Date:  June 15, 2022

4                                                    George Feygin
                                                     PORSCHE CARS NORTH AMERICA, INC.
5                                                    1 Porsche Drive
                                                     Atlanta, Georgia 30354
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         - 43 -

1     COUNSEL FOR PORSCHE CARS NORTH AMERICA, INC.:

2

3        Date: 6-10-2022

4                              Cari K. Dawson
                                   ALSTON & BIRD LLP

5                                    One Atlantic Center
                                   1201 West Peachtree Street

6                                    Atlanta, Georgia  30309
                                   Telephone:  (404) 881-7766

7                                    Facsimile:  (404) 253-8567
                                   cari.dawson@alston.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/41738135v1

# EXHIBIT 1

**Exhibit 1 – Fuel Economy Class Vehicles**

| Make | Code | Carline | Derivative | Transmission | Model Years |
|------|------|---------|------------|--------------|-------------|
| Porsche | 981 I | Boxster | Base | AT | 2013 – 2016 |
| Porsche | 981 I | Cayman | Base | AT | 2014 – 2016 |
| Porsche | 981 I | Boxster | Base | MT | 2013 – 2016 |
| Porsche | 981 I | Cayman | Base | MT | 2014 – 2016 |
| Porsche | 981 I | Boxster | S | AT | 2013 – 2016 |
| Porsche | 981 I | Cayman | S | AT | 2014 – 2016 |
| Porsche | 981 I | Boxster | S | MT | 2013 – 2016 |
| Porsche | 981 I | Cayman | S | MT | 2014 – 2016 |
| Porsche | 981 I | Boxster/Cayman | GTS | AT | 2015 – 2016 |
| Porsche | 987 II | Boxster/Cayman | Base | AT | 2009 – 2012 |
| Porsche | 987 II | Boxster/Cayman | S | AT | 2009 – 2012 |
| Porsche | 987 II | Boxster/Cayman | S | MT | 2009 – 2012 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | Base | AT | 2012 – 2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | Base | AT | 2013 – 2016 |
| Porsche | 991 I | Targa 4 | Base | AT | 2014-2016 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | S | MT | 2012 – 2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | S | AT | 2013 – 2016 |
| Porsche | 991 I | Targa 4 | S | AT | 2014-2016 |
| Porsche | 991 I | Targa 4 | GTS | AT | 2016 |
| Porsche | 997 I | Carrera C2 Coupe/Cabrio | Base | AT | 2005 – 2008 |
| Porsche | 997 I | Carrera C2 Coupe/Cabrio | Base | MT | 2008 |
| Porsche | 997 I | Carrera C2 Coupe/Cabrio | S | AT | 2005 – 2008 |
| Porsche | 997 I | Carrera C2 Coupe/Cabrio | S | MT | 2005 – 2008 |
| Porsche | 997 I | Carrera Coupe | Turbo | AT | 2007 – 2009 |
| Porsche | 997 I | Carrera Cabrio | Turbo | AT | 2008 – 2009 |
| Porsche | 997 II | Carrera C2 Coupe/Cabrio | Base | AT | 2009 – 2012 |
| Porsche | 997 II | Carrera C2 Coupe/Cabrio | S | AT | 2009 – 2012 |
| Porsche | 997 II | 911 C2 Coupe/Cabrio | GTS | AT | 2011-2012 |
| Porsche | E2 I | Cayenne | S | AT | 2011 – 2014 |
| Porsche | E2 I | Cayenne | Turbo | AT | 2012 – 2014 |
| Porsche | E2 II | Cayenne | S | AT | 2017 – 2018 |
| Porsche | G1 I | Panamera 4 | S | AT | 2010 – 2013 |

# EXHIBIT 2

**Exhibit 2 – Sport+ Class Vehicles**

| Make | Code | Carline | Derivative | Model Years |
|------|------|---------|------------|-------------|
| Porsche | 981 I | Boxster | Base | 2013 – 2016 |
| Porsche | 981 I | Cayman | Base | 2014 – 2016 |
| Porsche | 981 I | Boxster | S | 2013 – 2016 |
| Porsche | 981 I | Cayman | S | 2014 – 2016 |
| Porsche | 981 I | Boxster/Cayman | GTS | 2015 – 2016 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | GTS | 2015 – 2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | GTS | 2015 – 2016 |
| Porsche | 991 I | 911 | GT3 | 2014 – 2016[1] |
| Porsche | 991 I | 911 | GT3 RS | 2016 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | S | 2012 – 2016 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | Base | 2012 – 2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | Base | 2013 – 2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | S | 2013 – 2016 |
| Porsche | 991 I | Targa 4 | Base | 2014 – 2016 |
| Porsche | 991 I | Targa 4 | S | 2014 – 2016 |
| Porsche | 991 I | Targa 4 | GTS | 2016 |
| Porsche | E2 II | Cayenne | GTS | 2016 – 2018 |
| Porsche | G1 II | Panamera | Base | 2014 – 2016 |
| Porsche | G1 II | Panamera 4 | Base | 2014 – 2016 |
| Porsche | G1 II | Panamera | S | 2014 – 2016 |
| Porsche | G1 II | Panamera 4 | S | 2014 – 2016 |
| Porsche | G1 II | Panamera 4 | GTS | 2014 – 2016 |
| Porsche | G1 II | Panamera 4 | Turbo | 2014 – 2016 |
| Porsche | G1 II | Panamera 4 | Turbo S | 2014 – 2016 |

---

[1]     Only 991 I GT3 vehicles with certain software versions are included in the Sport+ Class.

# EXHIBIT 3

**Exhibit 3 - Fuel Economy Cash Benefits**

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Boxster | 981 Base MT Boxster | 2013 | 20 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Boxster | 981 Base MT Boxster | 2014 | 20 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Boxster | 981 Base MT Boxster | 2015 | 20 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Boxster | 981 Base MT Boxster | 2016 | 20 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Cayman | 981 Base MT Cayman | 2013 | 20 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Cayman | 981 Base MT Cayman | 2014 | 20 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Cayman | 981 Base MT Cayman | 2015 | 20 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Cayman | 981 Base MT Cayman | 2016 | 20 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Boxster | 981 Base PDK Boxster | 2013 | 22 | 32 | 26 | 20 | 31 | 24 | $ 6.75 | $ 647.83 |
| Boxster | 981 Base PDK Boxster | 2014 | 22 | 32 | 26 | 20 | 31 | 24 | $ 6.75 | $ 647.83 |
| Boxster | 981 Base PDK Boxster | 2015 | 22 | 32 | 26 | 20 | 31 | 24 | $ 6.75 | $ 647.83 |
| Boxster | 981 Base PDK Boxster | 2016 | 22 | 32 | 26 | 20 | 31 | 24 | $ 6.75 | $ 647.83 |
| Cayman | 981 Base PDK Cayman | 2013 | 22 | 32 | 26 | 20 | 31 | 24 | $ 6.75 | $ 647.83 |

---

[2]     Class Members who held active leases as of the date of the Motion for Preliminary Approval will be entitled to compensation for the full duration of their lease.  Class Members who owned their Class Vehicles as of the date of the Motion for Preliminary Approval will be entitled to compensation for the months they have owned their Class Vehicles, as well as any remaining months up to 96 months after the Class Vehicles were first sold.

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Cayman | 981 Base PDK Cayman | 2014 | 22 | 32 | 26 | 20 | 31 | 24 | $ 6.75 | $ 647.83 |
| Cayman | 981 Base PDK Cayman | 2015 | 22 | 32 | 26 | 20 | 31 | 24 | $ 6.75 | $ 647.83 |
| Cayman | 981 Base PDK Cayman | 2016 | 22 | 32 | 26 | 20 | 31 | 24 | $ 6.75 | $ 647.83 |
| Boxster | 981 GTS PDK Boxster | 2015 | 22 | 31 | 25 | 20 | 29 | 23 | $ 7.32 | $ 703.04 |
| Boxster | 981 GTS PDK Boxster | 2016 | 22 | 31 | 25 | 20 | 29 | 23 | $ 7.32 | $ 703.04 |
| Cayman | 981 GTS PDK Cayman | 2015 | 22 | 31 | 25 | 20 | 29 | 23 | $ 7.32 | $ 703.04 |
| Cayman | 981 GTS PDK Cayman | 2016 | 22 | 31 | 25 | 20 | 29 | 23 | $ 7.32 | $ 703.04 |
| Boxster | 981 S MT Boxster | 2013 | 20 | 28 | 23 | 19 | 27 | 22 | $ 4.16 | $ 399.45 |
| Boxster | 981 S MT Boxster | 2014 | 20 | 28 | 23 | 19 | 27 | 22 | $ 4.16 | $ 399.45 |
| Boxster | 981 S MT Boxster | 2015 | 20 | 28 | 23 | 19 | 27 | 22 | $ 4.16 | $ 399.45 |
| Boxster | 981 S MT Boxster | 2016 | 20 | 28 | 23 | 19 | 27 | 22 | $ 4.16 | $ 399.45 |
| Cayman | 981 S MT Cayman | 2013 | 20 | 28 | 23 | 19 | 27 | 22 | $ 4.16 | $ 399.45 |
| Cayman | 981 S MT Cayman | 2014 | 20 | 28 | 23 | 19 | 27 | 22 | $ 4.16 | $ 399.45 |
| Cayman | 981 S MT Cayman | 2015 | 20 | 28 | 23 | 19 | 27 | 22 | $ 4.16 | $ 399.45 |
| Cayman | 981 S MT Cayman | 2016 | 20 | 28 | 23 | 19 | 27 | 22 | $ 4.16 | $ 399.45 |
| Boxster | 981 S PDK Boxster | 2013 | 21 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Boxster | 981 S PDK Boxster | 2014 | 21 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Boxster | 981 S PDK Boxster | 2015 | 21 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Boxster | 981 S PDK Boxster | 2016 | 21 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Cayman | 981 S PDK Cayman | 2013 | 21 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Cayman | 981 S PDK Cayman | 2014 | 21 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Cayman | 981 S PDK Cayman | 2015 | 21 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Cayman | 981 S PDK Cayman | 2016 | 21 | 30 | 24 | 20 | 29 | 23 | $ 3.81 | $ 366.17 |
| Boxster | 987 II Base PDK Boxster | 2009 | 20 | 29 | 24 | 19 | 29 | 23 | $ 3.75 | $ 360.01 |
| Boxster | 987 II Base PDK Boxster | 2010 | 20 | 29 | 24 | 19 | 29 | 23 | $ 3.75 | $ 360.01 |
| Boxster | 987 II Base PDK Boxster | 2011 | 20 | 29 | 24 | 19 | 29 | 23 | $ 3.75 | $ 360.01 |
| Boxster | 987 II Base PDK Boxster | 2012 | 20 | 29 | 24 | 19 | 29 | 23 | $ 3.75 | $ 360.01 |
| Cayman | 987 II Base PDK Cayman | 2009 | 20 | 29 | 24 | 19 | 29 | 23 | $ 3.75 | $ 360.01 |
| Cayman | 987 II Base PDK Cayman | 2010 | 20 | 29 | 24 | 19 | 29 | 23 | $ 3.75 | $ 360.01 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|-------|---------|------------|------|-----|-------|------|-----|-------|--------------------------|------------------------------|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Cayman | 987 II Base PDK Cayman | 2011 | 20 | 29 | 24 | 19 | 29 | 23 | $  3.75 | $  360.01 |
| Cayman | 987 II Base PDK Cayman | 2012 | 20 | 29 | 24 | 19 | 29 | 23 | $  3.75 | $  360.01 |
| Boxster | 987 II S MT Boxster | 2009 | 19 | 26 | 22 | 18 | 25 | 21 | $  4.48 | $  430.15 |
| Boxster | 987 II S MT Boxster | 2010 | 19 | 26 | 22 | 18 | 25 | 21 | $  4.48 | $  430.15 |
| Boxster | 987 II S MT Boxster | 2011 | 19 | 26 | 22 | 18 | 25 | 21 | $  4.48 | $  430.15 |
| Boxster | 987 II S MT Boxster | 2012 | 19 | 26 | 22 | 18 | 25 | 21 | $  4.48 | $  430.15 |
| Cayman | 987 II S MT Cayman | 2009 | 19 | 26 | 22 | 18 | 25 | 21 | $  4.48 | $  430.15 |
| Cayman | 987 II S MT Cayman | 2010 | 19 | 26 | 22 | 18 | 25 | 21 | $  4.48 | $  430.15 |
| Cayman | 987 II S MT Cayman | 2011 | 19 | 26 | 22 | 18 | 25 | 21 | $  4.48 | $  430.15 |
| Cayman | 987 II S MT Cayman | 2012 | 19 | 26 | 22 | 18 | 25 | 21 | $  4.48 | $  430.15 |
| Boxster | 987 II S PDK Boxster | 2009 | 20 | 29 | 23 | 18 | 28 | 21 | $  8.57 | $  822.89 |
| Boxster | 987 II S PDK Boxster | 2010 | 20 | 29 | 23 | 18 | 28 | 21 | $  8.57 | $  822.89 |
| Boxster | 987 II S PDK Boxster | 2011 | 20 | 29 | 23 | 18 | 28 | 21 | $  8.57 | $  822.89 |
| Boxster | 987 II S PDK Boxster | 2012 | 20 | 29 | 23 | 18 | 28 | 21 | $  8.57 | $  822.89 |
| Cayman | 987 II S PDK Cayman | 2009 | 20 | 29 | 23 | 18 | 28 | 21 | $  8.57 | $  822.89 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Cayman | 987 II S PDK Cayman | 2010 | 20 | 29 | 23 | 18 | 28 | 21 | $  8.57 | $  822.89 |
| Cayman | 987 II S PDK Cayman | 2011 | 20 | 29 | 23 | 18 | 28 | 21 | $  8.57 | $  822.89 |
| Cayman | 987 II S PDK Cayman | 2012 | 20 | 29 | 23 | 18 | 28 | 21 | $  8.57 | $  822.89 |
| Cabrio | 991 I Base C2 PDK Cabrio | 2012 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Cabrio | 991 I Base C2 PDK Cabrio | 2013 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Cabrio | 991 I Base C2 PDK Cabrio | 2014 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Cabrio | 991 I Base C2 PDK Cabrio | 2015 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Cabrio | 991 I Base C2 PDK Cabrio | 2016 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Coupe | 991 I Base C2 PDK Coupe | 2012 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Coupe | 991 I Base C2 PDK Coupe | 2013 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Coupe | 991 I Base C2 PDK Coupe | 2014 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Coupe | 991 I Base C2 PDK Coupe | 2015 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Coupe | 991 I Base C2 PDK Coupe | 2016 | 20 | 28 | 23 | 19 | 28 | 22 | $  3.77 | $  362.35 |
| Cabrio | 991 I C4 Base PDK Cabrio | 2013 | 20 | 27 | 22 | 19 | 27 | 22 | $  2.60 | $  250.00 |
| Cabrio | 991 I C4 Base PDK Cabrio | 2014 | 20 | 27 | 22 | 19 | 27 | 22 | $  2.60 | $  250.00 |
| Cabrio | 991 I C4 Base PDK Cabrio | 2015 | 20 | 27 | 22 | 19 | 27 | 22 | $  2.60 | $  250.00 |
| Cabrio | 991 I C4 Base PDK Cabrio | 2016 | 20 | 27 | 22 | 19 | 27 | 22 | $  2.60 | $  250.00 |
| Coupe | 991 I C4 Base PDK Coupe | 2013 | 20 | 28 | 23 | 19 | 28 | 23 | $  2.60 | $  250.00 |
| Coupe | 991 I C4 Base PDK Coupe | 2014 | 20 | 28 | 23 | 19 | 28 | 23 | $  2.60 | $  250.00 |
| Coupe | 991 I C4 Base PDK Coupe | 2015 | 20 | 28 | 23 | 19 | 28 | 23 | $  2.60 | $  250.00 |
| Coupe | 991 I C4 Base PDK Coupe | 2016 | 20 | 28 | 23 | 19 | 28 | 23 | $  2.60 | $  250.00 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Targa | 991 I C4 Base PDK Targa | 2014 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Targa | 991 I C4 Base PDK Targa | 2015 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Targa | 991 I C4 Base PDK Targa | 2016 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Targa | 991 I C4 GTS PDK Targa | 2016 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Cabrio | 991 I C4 S PDK Cabrio | 2013 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Cabrio | 991 I C4 S PDK Cabrio | 2014 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Cabrio | 991 I C4 S PDK Cabrio | 2015 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Cabrio | 991 I C4 S PDK Cabrio | 2016 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Coupe | 991 I C4 S PDK Coupe | 2013 | 19 | 26 | 22 | 18 | 27 | 21 | $ 4.13 | $ 396.86 |
| Coupe | 991 I C4 S PDK Coupe | 2014 | 19 | 26 | 22 | 18 | 27 | 21 | $ 4.13 | $ 396.86 |
| Coupe | 991 I C4 S PDK Coupe | 2015 | 19 | 26 | 22 | 18 | 27 | 21 | $ 4.13 | $ 396.86 |
| Coupe | 991 I C4 S PDK Coupe | 2016 | 19 | 26 | 22 | 18 | 27 | 21 | $ 4.13 | $ 396.86 |
| Targa | 991 I C4 S PDK Targa | 2014 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |
| Targa | 991 I C4 S PDK Targa | 2015 | 19 | 26 | 21 | 18 | 27 | 20 | $ 4.55 | $ 436.55 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Targa | 991 I C4 S PDK Targa | 2016 | 19 | 26 | 21 | 18 | 27 | 20 | $  4.55 | $  436.55 |
| Cabrio | 991 I S C2 MT Cabrio | 2012 | 19 | 27 | 22 | 17 | 26 | 20 | $  8.68 | $  833.41 |
| Cabrio | 991 I S C2 MT Cabrio | 2013 | 19 | 27 | 22 | 17 | 26 | 20 | $  8.68 | $  833.41 |
| Cabrio | 991 I S C2 MT Cabrio | 2014 | 19 | 27 | 22 | 17 | 26 | 20 | $  8.68 | $  833.41 |
| Cabrio | 991 I S C2 MT Cabrio | 2015 | 19 | 27 | 22 | 17 | 26 | 20 | $  8.68 | $  833.41 |
| Cabrio | 991 I S C2 MT Cabrio | 2016 | 19 | 27 | 22 | 17 | 26 | 20 | $  8.68 | $  833.41 |
| Coupe | 991 I S C2 MT Coupe | 2012 | 19 | 26 | 22 | 17 | 25 | 20 | $  8.68 | $  833.41 |
| Coupe | 991 I S C2 MT Coupe | 2013 | 19 | 26 | 22 | 17 | 25 | 20 | $  8.68 | $  833.41 |
| Coupe | 991 I S C2 MT Coupe | 2014 | 19 | 26 | 22 | 17 | 25 | 20 | $  8.68 | $  833.41 |
| Coupe | 991 I S C2 MT Coupe | 2015 | 19 | 26 | 22 | 17 | 25 | 20 | $  8.68 | $  833.41 |
| Coupe | 991 I S C2 MT Coupe | 2016 | 19 | 26 | 22 | 17 | 25 | 20 | $  8.68 | $  833.41 |
| Cabrio | 997 I C2 Base AT Cabrio | 2005 | 19 | 26 | 22 | 18 | 25 | 20 | $  7.78 | $  746.75 |
| Cabrio | 997 I C2 Base AT Cabrio | 2006 | 19 | 26 | 22 | 18 | 25 | 20 | $  7.78 | $  746.75 |
| Cabrio | 997 I C2 Base AT Cabrio | 2007 | 19 | 26 | 22 | 18 | 25 | 20 | $  7.78 | $  746.75 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Cabrio | 997 I C2 Base AT Cabrio | 2008 | 18 | 24 | 20 | 16 | 23 | 18 | $ 9.51 | $ 912.69 |
| Coupe | 997 I C2 Base AT Coupe | 2005 | 19 | 26 | 22 | 18 | 25 | 20 | $ 7.78 | $ 746.75 |
| Coupe | 997 I C2 Base AT Coupe | 2006 | 19 | 26 | 22 | 18 | 25 | 20 | $ 7.78 | $ 746.75 |
| Coupe | 997 I C2 Base AT Coupe | 2007 | 19 | 26 | 22 | 18 | 25 | 20 | $ 7.78 | $ 746.75 |
| Coupe | 997 I C2 Base AT Coupe | 2008 | 18 | 24 | 20 | 16 | 23 | 18 | $ 9.51 | $ 912.69 |
| Cabrio | 997 I C2 Base MT Cabrio | 2008 | 18 | 26 | 21 | 17 | 24 | 19 | $ 8.58 | $ 823.48 |
| Coupe | 997 I C2 Base MT Coupe | 2008 | 18 | 26 | 21 | 17 | 24 | 19 | $ 8.58 | $ 823.48 |
| Cabrio | 997 I C2 S AT Cabrio | 2005 | 18 | 25 | 21 | 17 | 25 | 20 | $ 4.07 | $ 391.15 |
| Cabrio | 997 I C2 S AT Cabrio | 2006 | 18 | 25 | 21 | 17 | 25 | 20 | $ 4.07 | $ 391.15 |
| Cabrio | 997 I C2 S AT Cabrio | 2007 | 18 | 25 | 21 | 17 | 25 | 20 | $ 4.07 | $ 391.15 |
| Cabrio | 997 I C2 S AT Cabrio | 2008 | 17 | 24 | 20 | 16 | 23 | 18 | $ 9.51 | $ 912.69 |
| Coupe | 997 I C2 S AT Coupe | 2005 | 18 | 25 | 21 | 17 | 25 | 20 | $ 4.07 | $ 391.15 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Coupe | 997 I C2 S AT Coupe | 2006 | 18 | 25 | 21 | 17 | 25 | 20 | $ 4.07 | $ 391.15 |
| Coupe | 997 I C2 S AT Coupe | 2007 | 18 | 25 | 21 | 17 | 25 | 20 | $ 4.07 | $ 391.15 |
| Coupe | 997 I C2 S AT Coupe | 2008 | 17 | 24 | 20 | 16 | 23 | 18 | $ 9.51 | $ 912.69 |
| Cabrio | 997 I C2 S MT Cabrio | 2005 | 18 | 26 | 21 | 18 | 25 | 21 | $ 2.60 | $ 250.00 |
| Cabrio | 997 I C2 S MT Cabrio | 2006 | 18 | 26 | 21 | 18 | 25 | 21 | $ 2.60 | $ 250.00 |
| Cabrio | 997 I C2 S MT Cabrio | 2007 | 18 | 26 | 21 | 18 | 25 | 21 | $ 2.60 | $ 250.00 |
| Cabrio | 997 I C2 S MT Cabrio | 2008 | 17 | 25 | 20 | 16 | 23 | 19 | $ 4.50 | $ 432.33 |
| Coupe | 997 I C2 S MT Coupe | 2005 | 18 | 26 | 21 | 18 | 25 | 21 | $ 2.60 | $ 250.00 |
| Coupe | 997 I C2 S MT Coupe | 2006 | 18 | 26 | 21 | 18 | 25 | 21 | $ 2.60 | $ 250.00 |
| Coupe | 997 I C2 S MT Coupe | 2007 | 18 | 26 | 21 | 18 | 25 | 21 | $ 2.60 | $ 250.00 |
| Coupe | 997 I C2 S MT Coupe | 2008 | 17 | 25 | 20 | 16 | 23 | 19 | $ 4.50 | $ 432.33 |
| Cabrio | 997 I Turbo AT Cabrio | 2007 | 17 | 25 | 20 | 16 | 24 | 19 | $ 4.50 | $ 432.33 |
| Cabrio | 997 I Turbo AT Cabrio | 2008 | 15 | 23 | 18 | 14 | 22 | 17 | $ 5.59 | $ 536.88 |
| Cabrio | 997 I Turbo AT Cabrio | 2009 | 15 | 23 | 18 | 14 | 22 | 17 | $ 5.59 | $ 536.88 |
| Coupe | 997 I Turbo AT Coupe | 2007 | 17 | 25 | 20 | 16 | 24 | 19 | $ 4.50 | $ 432.33 |
| Coupe | 997 I Turbo AT Coupe | 2008 | 15 | 23 | 18 | 14 | 22 | 17 | $ 5.59 | $ 536.88 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|-------|---------|------------|------|-----|-------|------|-----|-------|-------------------------|-------------------------|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Coupe | 997 I Turbo AT Coupe | 2009 | 15 | 23 | 18 | 14 | 22 | 17 | $  5.59 | $  536.88 |
| Cabrio | 997 II C2 Base PDK Cabrio | 2009 | 19 | 27 | 22 | 18 | 26 | 21 | $  3.70 | $  355.60 |
| Cabrio | 997 II C2 Base PDK Cabrio | 2010 | 19 | 27 | 22 | 18 | 26 | 21 | $  3.70 | $  355.60 |
| Cabrio | 997 II C2 Base PDK Cabrio | 2011 | 19 | 27 | 22 | 18 | 26 | 21 | $  3.70 | $  355.60 |
| Cabrio | 997 II C2 Base PDK Cabrio | 2012 | 19 | 27 | 22 | 18 | 26 | 21 | $  3.70 | $  355.60 |
| Coupe | 997 II C2 Base PDK Coupe | 2009 | 19 | 27 | 22 | 18 | 26 | 21 | $  3.70 | $  355.60 |
| Coupe | 997 II C2 Base PDK Coupe | 2010 | 19 | 27 | 22 | 18 | 26 | 21 | $  3.70 | $  355.60 |
| Coupe | 997 II C2 Base PDK Coupe | 2011 | 19 | 27 | 22 | 18 | 26 | 21 | $  3.70 | $  355.60 |
| Coupe | 997 II C2 Base PDK Coupe | 2012 | 19 | 27 | 22 | 18 | 26 | 21 | $  3.70 | $  355.60 |
| Cabrio | 997 II C2 GTS PDK Cabrio | 2011 | 19 | 26 | 22 | 17 | 26 | 20 | $  7.78 | $  746.75 |
| Cabrio | 997 II C2 GTS PDK Cabrio | 2012 | 19 | 26 | 22 | 17 | 26 | 20 | $  7.78 | $  746.75 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Coupe | 997 II C2 GTS PDK Coupe | 2011 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Coupe | 997 II C2 GTS PDK Coupe | 2012 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Cabrio | 997 II C2 S PDK Cabrio | 2009 | 19 | 26 | s | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Cabrio | 997 II C2 S PDK Cabrio | 2010 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Cabrio | 997 II C2 S PDK Cabrio | 2011 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Cabrio | 997 II C2 S PDK Cabrio | 2012 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Coupe | 997 II C2 S PDK Coupe | 2009 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Coupe | 997 II C2 S PDK Coupe | 2010 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Coupe | 997 II C2 S PDK Coupe | 2011 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Coupe | 997 II C2 S PDK Coupe | 2012 | 19 | 26 | 22 | 17 | 26 | 20 | $ 7.78 | $ 746.75 |
| Cayenne | E2 I S AT | 2011 | 16 | 22 | 18 | 15 | 23 | 18 | $ 7.69 | $ 738.36 |

| Model | Variant | Model Year | Current Fuel Economy | | | Modified Fuel Economy | | | Compensation Per Month Owned/Leased[2] | Maximum Compensation Per Vin |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | City | Hwy | Comb. | City | Hwy | Comb. | | |
| Cayenne | E2 I S AT | 2012 | 16 | 22 | 18 | 15 | 23 | 18 | $ 7.69 | $ 738.36 |
| Cayenne | E2 I S AT | 2013 | 16 | 22 | 18 | 15 | 23 | 18 | $ 7.69 | $ 738.36 |
| Cayenne | E2 I S AT | 2014 | 16 | 22 | 18 | 15 | 23 | 18 | $ 7.69 | $ 738.36 |
| Cayenne | E2 I Turbo AT | 2012 | 15 | 22 | 17 | 15 | 21 | 17 | $ 7.03 | $ 674.43 |
| Cayenne | E2 I Turbo AT | 2013 | 15 | 22 | 17 | 15 | 21 | 17 | $ 7.03 | $ 674.43 |
| Cayenne | E2 I Turbo AT | 2014 | 15 | 22 | 17 | 15 | 21 | 17 | $ 7.03 | $ 674.43 |
| Cayenne | E2 II S AT | 2017 | 17 | 24 | 20 | 16 | 24 | 19 | $ 11.56 | $1,109.66 |
| Cayenne | E2 II S AT | 2018 | 17 | 24 | 20 | 16 | 24 | 19 | $ 11.56 | $1,109.66 |
| Panamera | G1 I 4S PDK | 2010 | 16 | 24 | 19 | 15 | 24 | 18 | $ 9.88 | $ 948.66 |
| Panamera | G1 I 4S PDK | 2011 | 16 | 24 | 19 | 15 | 24 | 18 | $ 9.88 | $ 948.66 |
| Panamera | G1 I 4S PDK | 2012 | 16 | 24 | 19 | 15 | 24 | 18 | $ 9.88 | $ 948.66 |
| Panamera | G1 I 4S PDK | 2013 | 16 | 24 | 19 | 15 | 24 | 18 | $ 9.88 | $ 948.66 |

# EXHIBIT 4

**Exhibit 4 – Other Class Vehicles**

| Make | Code | Carline | Derivative | Transmission | Model Years |
|------|------|---------|------------|--------------|-------------|
| Porsche | 982 | Boxster/Cayman | Base | AT | 2017-2019 |
| Porsche | 982 | Boxster/Cayman | Base | MT | 2017-2019 |
| Porsche | 982 | Boxster/Cayman | S | AT | 2017-2019 |
| Porsche | 982 | Boxster/Cayman | S | MT | 2017-2019 |
| Porsche | 982 | Boxster/Cayman | GTS | AT | 2018-2019 |
| Porsche | 982 | Boxster/Cayman | GTS | MT | 2018-2019 |
| Porsche | 981 I | Boxster/Cayman | GTS | MT | 2015-2016 |
| Porsche | 981 I | Boxster | Spyder | MT | 2016 |
| Porsche | 981 I | Cayman | GT4 | MT | 2016 |
| Porsche | 987 I | Boxster | Base | AT | 2005-2008 |
| Porsche | 987 I | Boxster | Base | MT | 2005-2008 |
| Porsche | 987 I | Cayman | Base | AT | 2007-2008 |
| Porsche | 987 I | Cayman | Base | MT | 2007-2008 |
| Porsche | 987 I | Boxster | S | AT | 2005-2008 |
| Porsche | 987 I | Boxster | S | MT | 2005-2008 |
| Porsche | 987 I | Cayman | S | AT | 2006-2008 |
| Porsche | 987 I | Cayman | S | MT | 2006-2008 |
| Porsche | 987 II | Boxster/Cayman | Base | MT | 2009-2012 |
| Porsche | 987 II | Boxster | Spyder | AT | 2011-2012 |
| Porsche | 987 II | Boxster | Spyder | MT | 2011-2012 |
| Porsche | 987 II | Cayman | R | AT | 2012 |
| Porsche | 987 II | Cayman | R | MT | 2012 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | Base | MT | 2012-2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | Base | MT | 2013-2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | S | MT | 2013–2016 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | S | AT | 2012-2016 |
| Porsche | 991 I | Targa 4 | Base | MT | 2014-2016 |
| Porsche | 991 I | Targa 4 | S | MT | 2014-2016 |
| Porsche | 991 I | Targa 4 | GTS | MT | 2016 |
| Porsche | 991 I | Carrera Coupe/Cabrio | Turbo | AT | 2014-2016 |
| Porsche | 991 I | Carrera Coupe/Cabrio | Turbo S | AT | 2014-2016 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | GTS | AT | 2015 – 2016 |
| Porsche | 991 I | Carrera C2 Coupe/Cabrio | GTS | MT | 2015 – 2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | GTS | MT | 2015 – 2016 |
| Porsche | 991 I | Carrera C4 Coupe/Cabrio | GTS | AT | 2015 – 2016 |

| Make | Code | Carline | Derivative | Transmission | Model Years |
|------|------|---------|-----------|--------------|-------------|
| Porsche | 991 I | 911 | GT3 | AT | 2014 – 2016 |
| Porsche | 991 I | 911 | GT3 RS | AT | 2016 |
| Porsche | 991 I | 911 | R | MT | 2016 |
| Porsche | 991 II | Carrera C2 Coupe/Cabrio | Base | AT | 2017-2019 |
| Porsche | 991 II | Carrera C2 Coupe/Cabrio | Base | MT | 2017-2019 |
| Porsche | 991 II | Carrera C4 Coupe/Cabrio | Base | AT | 2017-2019 |
| Porsche | 991 II | Carrera C4 Coupe/Cabrio | Base | MT | 2017-2019 |
| Porsche | 991 II | Carrera C2 Coupe/Cabrio | S | AT | 2017-2019 |
| Porsche | 991 II | Carrera C2 Coupe/Cabrio | S | MT | 2017-2019 |
| Porsche | 991 II | Carrera C4 Coupe/Cabrio | S | AT | 2017-2019 |
| Porsche | 991 II | Carrera C4 Coupe/Cabrio | S | MT | 2017-2019 |
| Porsche | 991 II | Targa | Base | AT | 2017-2019 |
| Porsche | 991 II | Targa | Base | MT | 2017-2019 |
| Porsche | 991 II | Targa | S | AT | 2017-2019 |
| Porsche | 991 II | Targa | S | MT | 2017-2019 |
| Porsche | 991 II | Targa | GTS | AT | 2017-2019 |
| Porsche | 991 II | Targa | GTS | MT | 2017-2019 |
| Porsche | 991 II | Carrera C2 Coupe/Cabrio | GTS | AT | 2017-2019 |
| Porsche | 991 II | Carrera C2 Coupe/Cabrio | GTS | MT | 2017-2019 |
| Porsche | 991 II | Carrera C4 Coupe/Cabrio | GTS | AT | 2017-2019 |
| Porsche | 991 II | Carrera C4 Coupe/Cabrio | GTS | MT | 2017-2019 |
| Porsche | 991 II | Carrera | T | AT | 2018-2019 |
| Porsche | 991 II | Carrera | T | MT | 2018-2019 |
| Porsche | 991 II | Carrera Coupe/Cabrio | Turbo | AT | 2017-2019 |
| Porsche | 991 II | Carrera Coupe/Cabrio | Turbo S | AT | 2017-2019 |
| Porsche | 991 II | 911 | GT3 | AT | 2018 |
| Porsche | 991 II | 911 | GT3 | MT | 2018 |
| Porsche | 991 II | 911 | GT2 RS | AT | 2018 |
| Porsche | 997 I | Carrera C2 Coupe/Cabrio | Base | MT | 2005-2007 |
| Porsche | 997 I | Carrera C4 Coupe/Cabrio | Base | AT | 2006-2008 |
| Porsche | 997 I | Carrera C4 Coupe/Cabrio | Base | MT | 2006-2008 |
| Porsche | 997 I | Carrera C4 Coupe/Cabrio | S | AT | 2006-2008 |
| Porsche | 997 I | Carrera C4 Coupe/Cabrio | S | MT | 2006-2008 |
| Porsche | 997 I | Targa | Base | AT | 2007-2008 |
| Porsche | 997 I | Targa | Base | MT | 2007-2008 |
| Porsche | 997 I | Targa | S | AT | 2007-2008 |

| Make | Code | Carline | Derivative | Transmission | Model Years |
|------|------|---------|------------|--------------|-------------|
| Porsche | 997 I | Targa | S | MT | 2007-2008 |
| Porsche | 997 I | 911 Coupe | Turbo | MT | 2007-2009 |
| Porsche | 997 I | 911 Cabrio | Turbo | MT | 2008-2009 |
| Porsche | 997 I | 911 | GT3 | MT | 2007-2008 |
| Porsche | 997 I | 911 | GT3 RS | MT | 2007-2008 |
| Porsche | 997 I | 911 | GT2 | MT | 2008-2009 |
| Porsche | 997 II | Carrera C2 Coupe/Cabrio | Base | MT | 2009-2012 |
| Porsche | 997 II | Carrera C4 Coupe/Cabrio | Base | AT | 2009-2012 |
| Porsche | 997 II | Carrera C4 Coupe/Cabrio | Base | MT | 2009-2012 |
| Porsche | 997 II | Carrera C2 Coupe/Cabrio | S | MT | 2009-2012 |
| Porsche | 997 II | Carrera C4 Coupe/Cabrio | S | AT | 2009-2012 |
| Porsche | 997 II | Carrera C4 Coupe/Cabrio | S | MT | 2009-2012 |
| Porsche | 997 II | Targa | Base | AT | 2009-2012 |
| Porsche | 997 II | Targa | Base | MT | 2009-2012 |
| Porsche | 997 II | Targa | S | AT | 2009-2012 |
| Porsche | 997 II | Targa | S | MT | 2009-2012 |
| Porsche | 997 II | 911 C2 Coupe/Cabrio | GTS | MT | 2011-2012 |
| Porsche | 997 II | 911 C4 Coupe/Cabrio | GTS | AT | 2012 |
| Porsche | 997 II | 911 C4 Coupe/Cabrio | GTS | MT | 2012 |
| Porsche | 997 II | 911 | Speedster | AT | 2011 |
| Porsche | 997 II | 911 Coupe/Cabrio | Turbo | AT | 2010-2013 |
| Porsche | 997 II | 911 Coupe/Cabrio | Turbo | MT | 2010-2013 |
| Porsche | 997 II | 911 Coupe/Cabrio | Turbo S | AT | 2011-2013 |
| Porsche | 997 II | 911 | GT3 | MT | 2010-2011 |
| Porsche | 997 II | 911 | GT3 RS | MT | 2010-2011 |
| Porsche | E1 I | Cayenne | Base | AT | 2005-2006 |
| Porsche | E1 I | Cayenne | Base | MT | 2005-2006 |
| Porsche | E1 I | Cayenne | S | AT | 2005-2006 |
| Porsche | E1 I | Cayenne | Turbo | AT | 2005-2006 |
| Porsche | E1 I | Cayenne | Turbo S | AT | 2006 |
| Porsche | E1 II | Cayenne | Base | MT | 2008-2010 |
| Porsche | E1 II | Cayenne | Base | AT | 2008-2010 |
| Porsche | E1 II | Cayenne | S | AT | 2008-2010 |
| Porsche | E1 II | Cayenne | GTS | AT | 2008-2010 |
| Porsche | E1 II | Cayenne | GTS | MT | 2008-2010 |
| Porsche | E1 II | Cayenne | Turbo | AT | 2008-2010 |

| Make | Code | Carline | Derivative | Transmission | Model Years |
|------|------|---------|------------|--------------|-------------|
| Porsche | E1 II | Cayenne | Turbo S | AT | 2009-2010 |
| Porsche | E2 I | Cayenne | Base | AT | 2011-2014 |
| Porsche | E2 I | Cayenne | Base | MT | 2011-2014 |
| Porsche | E2 I | Cayenne | GTS | AT | 2013-2014 |
| Porsche | E2 I | Cayenne | Turbo S | AT | 2014 |
| Porsche | E2 I | Cayenne | Turbo | AT | 2011 |
| Porsche | E2 II | Cayenne | Base | AT | 2016-2018 |
| Porsche | E2 II | Cayenne | S | AT | 2015-2016 |
| Porsche | E2 II | Cayenne | Turbo | AT | 2015-2018 |
| Porsche | E2 II | Cayenne | Turbo S | AT | 2016-2018 |
| Porsche | E2 II | Cayenne | GTS | AT | 2016-2018 |
| Porsche | G1 I | Panamera | Base | AT | 2011-2013 |
| Porsche | G1 I | Panamera 4 | Base | AT | 2011-2013 |
| Porsche | G1 I | Panamera | S | AT | 2010-2013 |
| Porsche | G1 I | Panamera | GTS | AT | 2013 |
| Porsche | G1 I | Panamera | Turbo | AT | 2010-2013 |
| Porsche | G1 I | Panamera | Turbo S | AT | 2012-2013 |
| Porsche | G1 II | Panamera | Base | AT | 2014-2016 |
| Porsche | G1 II | Panamera 4 | Base | AT | 2014–2016 |
| Porsche | G1 II | Panamera | S | AT | 2014–2016 |
| Porsche | G1 II | Panamera 4 | S | AT | 2014–2016 |
| Porsche | G1 II | Panamera 4 | Turbo | AT | 2014–2016 |
| Porsche | G1 II | Panamera 4 | Turbo S | AT | 2014–2016 |
| Porsche | G1 II | Panamera 4 | GTS | AT | 2014–2016 |
| Porsche | G2 I | Panamera | Base | AT | 2017-2018 |
| Porsche | G2 I | Panamera 4 | Base | AT | 2017-2018 |
| Porsche | G2 I | Panamera 4 | S | AT | 2017-2018 |
| Porsche | G2 I | Panamera 4 | Turbo | AT | 2017-2020 |
| Porsche | G2 I | Panamera 4 | Turbo ST | AT | 2018-2020 |
| Porsche | Macan | Macan | Base | AT | 2017-2018 |
| Porsche | Macan | Macan | S | AT | 2015-2018 |
| Porsche | Macan | Macan | GTS | AT | 2017-2018 |
| Porsche | Macan | Macan | Turbo | AT | 2015-2018 |