IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) |
| This Document Relates to:<br><br>Environmental Protection Commission of Hillsborough County, Florida v. Volkswagen AG et al., No. 16-cv-2210<br><br>Salt Lake County v. Volkswagen Group of America, Inc. et al., No. 16-cv-5649 | **ORDER RE: SOFTWARE DIVISIBILITY AND SCHEDULE FOR FURTHER DISCOVERY AND BRIEFING** |

In the above-captioned MDL, the Environmental Protection Commission of Hillsborough County, Florida and Salt Lake County, Utah (collectively, Counties) contend that Defendants' post-sale software update violated the anti-tampering regulations of Hillsborough County and Utah, respectively. See Rules of Envtl. Prot. Comm'n of Hillsborough Cty. (EPC), Rule 1-8.05(1), (6); Utah Admin. Code § R307-201-4. The Ninth Circuit held that these claims are not preempted by the Clean Air Act. In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig., 959 F.3d 1201, 1225-26 (9th Cir. 2020).

In February 2022, the Court denied the Counties' joint motion for a suggestion to remand to their transferor courts. See Order on Mot. to Remand (dkt. 7944). Instead, to streamline discovery, the Court ordered discovery and briefing on the issue of "software divisibility"—that is, whether constituent features of a software update can qualify as separate instances of tampering under the Counties' regulations. See id. at 2-3. After full

briefing and a hearing, the Court now HOLDS that any modification or alleged tampering that was accomplished at one time is indivisible and can qualify as only one instance of tampering under the relevant regulations.

The next issue to be resolved is whether the post-sale software modification in this case violated the Counties' regulations by increasing vehicle emissions relative to emissions before the modification. The Court ORDERS that discovery on the net emissions effect of the post-sale software begin today. Defendants are instructed to cooperate immediately and fully with all the Counties' requests germane to this issue.

Defendants represent that the software modification reduced emissions overall and that they have already fully developed the facts and litigated this issue in other proceedings. Accordingly, the next step is for Defendants to file a motion for partial summary judgment. The Court ORDERS the following deadlines:

| DATE | EVENT |
| --- | --- |
| July 15, 2022 | Discovery begins on the net emissions effect of the post-sale modification |
| July 22, 2022 | Defendants file a Motion for Partial Summary Judgment on this issue |
| August 15, 2022 | Discovery ends |
| August 25, 2022 | Counties file their Oppositions |
| September 1, 2022 | Defendants file their Reply Brief |
| September 16, 2022 | Partial Summary Judgment Hearing (in person) |

**IT IS SO ORDERED.**

Dated: July 15, 2022

CHARLES R. BREYER
United States District Judge