IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Salt Lake County v. Volkswagen Group of America, Inc. et al., No. 16-cv-5649 | MDL No. 2672 CRB (JSC)<br><br>**ORDER DENYING MOTION TO CERTIFY TO THE UTAH SUPREME COURT** |

Utah Administrative Code Rule 307-201-4 includes a safe harbor where a person installs a "system or device . . . equally or more effective in reducing emissions from the vehicle to the atmosphere." Salt Lake County moves for certification to the Utah Supreme Court the question of whether this safe harbor applies to a post-sale software update that lowers emissions "but still cause[s] pollution above federal standards." Mot. (dkt. 8015).

As the Court has already ruled, the clear answer is yes. See, e.g., Order (dkt. 7944) at 2; Order (dkt. 8003) (ordering briefing on the "net emissions effect of the post-sale software" because that "net [] effect" would determine liability). Federal courts "regularly decide issues of state law without certifying questions to the state's highest court," and this Court did so here because the text of the rule is straightforward. See U.S. Bank v. White Horse Ests. Homeowners Ass'n, 987 F.3d 858, 867 (9th Cir. 2021). The Court DENIES Salt Lake County's motion to certify.

**IT IS SO ORDERED.**

Dated: August 15, 2022



CHARLES R. BREYER
United States District Judge