1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB |
| This Document Relates to: Salt Lake County v. Volkswagen Group of America, Inc. et al., No. 16-cv-5649 | **ORDER ON DEFENDANT'S MOTION TO EXCLUDE ARGUMENTS REGARDING EMISSIONS OTHER THAN NOX** |

16    In the above-captioned MDL, the Environmental Protection Commission of

17 Hillsborough County, Florida and Salt Lake County, Utah (collectively, the "Counties")

18 contend that Defendants' post-sale software update violated the anti-tampering regulations

19 of Hillsborough County and Utah, respectively. <u>See</u> Rules of Env't Prot. Comm'n of

20 Hillsborough Cnty. (EPC), Rule 1-8.05(1), (6); Utah Admin. Code § R307-201-4.

21    In July, the Court stated that "the next issue to be resolved is whether the post-sale

22 software modification in this case violated the Counties' regulations by increasing vehicle

23 emissions relative to emissions before the modification," and ordered the parties to

24 conduct discovery on the "net emissions effect of post-sale software." <u>See</u> Order re:

25 Software Divisibility and Schedule for Further Discovery and Briefing (dkt. 8003). On

26 July 22, 2022, Defendants (hereinafter "Volkswagen") filed their motion for partial

27 summary judgment, arguing, in essence, that they are entitled to summary judgment

28 because the replacement software installed in the affected vehicles reduced $NO_x$ emissions.

United States District Court
Northern District of California

Mot. for Partial Summ. J. (dkt. 8010).

On September 6, 2022, the EPC of Hillsborough County, Florida filed its opposition to Volkswagen's motion, and on September 7, Salt Lake County filed its own opposition. (dkts. 8039, 8041). The Counties argued that whether the software updates reduced $NO_x$ emissions is immaterial to violations of the claims at issue, and even if reductions in emissions are required for such claims, then the Counties should be granted additional discovery into "the net effect as to <u>all</u> emissions," EPC Opp'n to Mot. for Summ. J. (dkt. 8039) at 18, including "[o]ther air pollutants." SLC Opp'n to Mot. for Summ. J. (Dkt. 8041) at 6.

On September 13, in lieu of a reply, Volkswagen filed a motion to exclude arguments regarding emissions other than $NO_x$, in part because "these cases are, and have always been, about $NO_x$," and moved for an extension of time to file its reply to its initial motion for partial summary judgment. Mot. to Exclude (dkt. 8044) at 8–9. On September 21, 2022, the Counties filed their oppositions to Volkswagen's new motion. (dkts. 8049, 8052). On October 4, 2022, Volkswagen filed its reply to its September 13 motion. (dkt. 8066).

At issue is Volkswagen's motion to exclude, which seeks "an order that the Counties may not transform this nearly seven-year-old action, which has always been about $NO_x$ emissions, into a fishing expedition about other emissions, and (ii) an extension of all current deadlines associated with Defendants' pending motion for partial summary judgment . . . until the Court has decided this issue." Mot. to Exclude (dkt. 8044) at 1.

The Court finds that the Counties have not pled that Volkswagen was responsible for any excess emissions other than $NO_x$, which preclude their arguments regarding other emissions in opposition to summary judgment. However, mindful of Ninth Circuit precedent on this issue, the Court ORDERS the Counties to inform the Court whether they seek to move to amend their complaints to include allegations of excess emissions other than $NO_x$. If so, the Counties shall so move and file proposed amended complaints by **October 28, 2022**. If the Counties seek to move to amend their complaints, the Court will

2

order briefing on that motion. If the Counties do not seek to move to amend their complaints, the Court will set new deadlines for summary judgment briefing.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). It is thus "improper" "to advance . . . new theories for the first time in . . . opposition to summary judgment," Ray v. State Farm Mut. Auto. Ins. Co., No. 20-55989, 2021 WL 4902357, at *1 (9th Cir. Oct. 21, 2021), since "summary judgment is not a procedural second chance to flesh out inadequate pleadings." Wasco Prod., Inc. v. Southwall Techs., Inc., 435 F.3d 989, 992 (9th Cir. 2006) (internal quotation marks and citation omitted).

Where a party has made arguments in an opposition to summary judgment that are outside the scope of the complaint, the Ninth Circuit has previously instructed courts to "construe[]" such an argument as a request "to amend the pleadings out of time." Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting Apache Survival Coal. v. United States, 21 F.3d 895, 910 (9th Cir. 1994)). However, a court need not construe a new argument in opposition to summary judgment as a request to amend a party's complaint if the party does not seek to amend or otherwise indicates that it wishes to stand on the existing complaint for purposes of the current motion. See Hilliard v. Murphy Land Co., 835 F. App'x 292, 293 (9th Cir. 2021); Berrellez v. Pontoon Sols., Inc., 775 F. App'x 357, 358 (9th Cir. 2019). Neither of the Counties' oppositions to Volkswagen's pending motions seek to move to amend their complaints.

## II.   DISCUSSION

Volkswagen is correct that both Counties' complaints do not provide fair notice of allegations of increased emissions beyond $NO_x$ emissions, as required by Federal Rule of Civil Procedure 8.

Salt Lake County's Third Amended Complaint contains only bare allegations of

3

United States District Court
Northern District of California

1   heightened emissions of "other pollutants" in addition to $NO_x$, without specifying what

2   those other pollutants are or how Volkswagen's post-sale software update affected the

3   emission of those pollutants. See, e.g., SLC TAC (dkt. 4456) ¶¶ 2, 3, 4, 7, 40. Salt Lake

4   County's argument that its allegation about "particle pollution"—that it "can be directly

5   emitted, or it can be formed when emissions of $NO_x$, sulfur oxides ($SO_x$), ammonia,

6   organic compounds, and other gases react in the atmosphere"—is itself an allegation of

7   excess emissions of other pollutants is unpersuasive. Dkt. 8049 at 4. That paragraph, when

8   read in the context of the complaint, seems intended to buttress the harm underlying the

9   allegation that Volkswagen emitted "as much as 40 times more $NO_x$ than what is permitted

10  by federal regulation." Id. ¶¶ 5, 9. It is not an independent allegation of excess emissions

11  of other pollutants.

12       Hillsborough County's First Amended Complaint fares no better. Hillsborough

13  County argues that a paragraph describing a general "trade-off between $NO_x$ and

14  [particulate matter] PM" that occurs in every diesel engine is enough to plausibly plead

15  excess PM emissions due to the software modification. Dkt. 8052 at 7; EPC FAC (dkt.

16  4457) ¶ 26. But Volkswagen is correct that such a statement, by itself, does not allege

17  excess PM emissions, dkt. 8066 at 2, and thus does not give Volkswagen adequate notice

18  of a claim of excess emissions beyond $NO_x$. Pickern, 457 F.3d at 969 (concluding that

19  providing "hypothetical" allegations in a complaint "is not a substitute for investigating

20  and alleging the grounds for a claim").

21       Because the Counties' complaints fail to allege excess emissions of any pollutant

22  but $NO_x$, the Counties are not entitled to oppose summary judgment on the basis of excess

23  emissions of other pollutants, or seek additional discovery under Federal Rule of Civil

24  Procedure 56(d) on that basis. However, because Desertrain instructs that courts should

25  construe arguments like those the Counties' put forth in their oppositions as requests to

26  amend their complaints, the Court will give the Counties the opportunity to so move. If the

27  Counties choose to do so, any motion should explain why they should be entitled to amend

28  their complaints at this late stage.

### III.    CONCLUSION

For the foregoing reasons, the Court ORDERS the Counties to inform the Court whether they seek to move to amend their complaints to include allegations of excess emissions other than $NO_x$. If so, the Counties shall so move and file proposed amended complaints by **October 28, 2022**. If the Counties seek to move to amend their complaints, the Court will order briefing on that motion. If the Counties do not seek to move to amend their complaints, the Court will set new deadlines for summary judgment briefing. In light of this order, the Court VACATES the forthcoming October 21 hearing.

**IT IS SO ORDERED.**

Dated: October 14, 2022



CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

5