IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Clenenden v. Volkswagen, No. 18-cv-7040<br><br>Coon v. Volkswagen, No. 18-cv-6966<br><br>Ortiz v. Volkswagen, No. 18-cv-6951<br><br>Riley v. Volkswagen, No. 17-cv-2897<br><br>Robertson v. Volkswagen, No. 18-cv-6956<br><br>Salzer v. Volkswagen, No. 18-cv-7050<br><br>Sanwick v. Volkswagen, No. 17-cv-3032 | Case No. 15-md-02672-CRB<br><br>**ORDER GRANTING MOTION TO AMEND JUDGMENTS AND BILL OF COSTS, AND ENTERING SCHEDULING ORDER** |

This motion arises from the consolidated trial and subsequent appeal in these seven actions. On appeal, the Ninth Circuit reversed only two rulings of this Court: (1) the Court's ruling that the punitive damages awards should be reduced to four times the compensatory damages suffered by each plaintiff; and (2) the Court's ruling that Volkswagen made appropriate offers of correction under the Consumer Legal Remedies Act ("CLRA"). See Riley v. Volkswagen, 51 F.4th 896 (9th Cir. 2022) ("Riley I"); Riley v. Volkswagen, 2022 WL 10405416 (9th Cir. Oct. 18, 2022) ("Riley II"); Riley v. Volkswagen, 2022 WL 17829997 (9th Cir. Dec. 21, 2022) ("Riley II Amended"). The Ninth Circuit held that a punitive damages multiplier of eight times actual compensatory

damages was constitutionally permissible and appropriate in this case, and that ratio shall be applied to each plaintiff, see Riley I, 51 F.4th at 904; and that the Court erred when it dismissed Plaintiffs' CLRA damages claims, because Volkswagen's offer for Plaintiffs to rejoin the class settlement was not an "appropriate correction" under the statute. See Riley II, 2022 WL 10405416, at *1; Riley II Amended, 2022 WL 17829997, at *3.

Following that determination, Volkswagen seeks the following: (1) amended judgments for Plaintiffs Timothy Riley, Julia Robertson, Scott Salzer, and Luke and Kathryn Sanwick to reflect their increased punitive damages awards; (2) an amended bill of costs as to the Sanwicks, because they have now recovered more than the Federal Rule of Civil Procedure 68 offer Volkswagen made to them prior to trial; and (3) a briefing schedule for a motion by Robertson, Salzer, and the Sanwicks for payment of their costs, including possible attorneys' fees, in connection with their CLRA claim. Mot. (dkt. 8102) at 1.

For purposes of this motion,[1] Plaintiffs disagree on only Volkswagen's first proposal: Instead of the simple amended judgments Volkswagen has proposed, Plaintiffs argue for more detailed amended judgments, because they "accurately reflect in detail the disposition of all of the Plaintiffs' causes of action." Opp'n (dkt. 8108) at 2. But Plaintiffs do not point to, and the Court does not find, any law that requires the detail Plaintiffs seek. In fact, as Volkswagen points out, the Federal Rules specifically disclaim such detail. See Fed. R. Civ. P. 54(a); see also § 2652 Form of a Judgment, 10 Fed. Prac. & Proc. Civ. (4th ed.) ("It has been said that Rule 54(a) contemplates 'a simple form of judgment . . . eschewing the lengthy recitals familiar in state practice.'" (quoting United States v. Wissahickon Tool Works, 200 F.2d 936, 938 (2d Cir. 1952)).

Accordingly, finding this matter suitable for resolution without oral argument

---

[1] The parties also disagree as to whether the fees and costs in connection with the Plaintiffs' CLRA claims must be "proportional" to Plaintiffs' recovery at trial. See Opp'n at 2–3; see also Mot. at 5 ("[T]his Court should now decide whether Robertson, Salzer, and the Sanwicks are entitled to costs, including reasonable and proportional attorneys' fees, and if so, in what amount." (emphasis added)). This argument is premature. The Court will resolve these issues on a properly briefed motion for fees and costs.

2

pursuant to Civil Local Rule 7-1(b), the Court GRANTS the motion, and will enter amended judgments in the Riley, Robertson, Salzer and Sanwick actions and an amended bill of costs in the Sanwick action.

The Court also enters the agreed-upon briefing schedule for any motion for fees and costs: Plaintiffs' opening brief shall be due on **March 20, 2023**; Volkswagen's opposition shall be due on **April 24, 2023**; Plaintiffs' reply shall be due on **May 8, 2023**.

**IT IS SO ORDERED.**

Dated: February 27, 2023



CHARLES R. BREYER
United States District Judge