TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

BETHANY ENGEL (MA-660840)
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-6892
Facsimile: (202) 514-0097
Email: Bethany.Engel@usdoj.gov
*Attorneys for Plaintiff United States of America*

MICHELE D. ROSS (CA 112014)
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Phone: 415-543-8700
Fax: 415-391-8269
Email: mross@reedsmith.com
*Attorneys for the Trustee of the Volkswagen Diesel Emissions Environmental Mitigation Trust for Indian Tribe Beneficiaries*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB<br><br>**NOTICE OF CONSENT TO MODIFICATIONS TO INDIAN TRIBE TRUST AGREEMENT AND MEMORANDUM IN SUPPORT OF JOINT REQUEST FOR COURT APPROVAL OF MODIFICATIONS** |
| This Document Relates to:<br><br>*United States v. Volkswagen AG et al.*, Case No. 16-cv-295 (N.D. Cal.) | Date: To be determined<br>Time: To be determined<br>Courtroom 6, 17th Floor<br>The Honorable Charles R. Breyer |

**TABLE OF CONTENTS**

NOTICE OF CONSENT TO MODIFICATIONS TO INDIAN TRIBE TRUST AGREEMENT AND UNITED STATES' AND TRUSTEE'S JOINT REQUEST FOR COURT APPROVAL OF MODIFICATIONS AND TERMINATION OF TRUST ....1

MEMORANDUM IN SUPPORT OF REQUEST ....2

I. INTRODUCTION ....2

II. BACKGROUND ....2

III. PROPOSED MODIFICATIONS TO TRUST AGREEMENT ....4

IV. THE UNITED STATES AND THE TRUSTEE JOINTLY REQUEST APPROVAL OF THE MATERIAL MODIFICATION TO THE TRUST AGREEMENT AND AUTHORITY FOR THE TRUSTEE TO TERMINATE THE TRUST. ....6

V. CONCLUSION ....6

## TABLE OF ATTACHMENTS

A. Proposed Indian Tribe Trust Agreement as modified

B. Redlined Edits to Indian Tribe Trust Agreement

C. Declaration of Carla Lugo Martin

D. Declaration of Hailey E. Field

E. [Proposed] Order Approving Modifications to Indian Tribe Trust Agreement

**NOTICE OF CONSENT TO MODIFICATIONS TO INDIAN TRIBE TRUST AGREEMENT AND UNITED STATES' AND TRUSTEE'S JOINT REQUEST FOR COURT APPROVAL OF MODIFICATIONS AND TERMINATION OF TRUST**

TO ALL PARTIES AND COUNSEL OF RECORD:

On September 19, 2017, this Court approved the Environmental Mitigation Trust Agreement for Indian Tribe Beneficiaries, which the United States then filed with the Court on October 2, 2017 in *United States v. Volkswagen AG et al.*, Case No. 16-cv-295 (N.D. Cal.). Dkt. Nos. 49, 51-2 ("Original Trust Agreement"). The Original Trust Agreement has since been modified a number of times. Dkt. Nos. 76, 77, 83, 86 (collectively referred to hereafter as the "Trust Agreement"). Pursuant to Paragraph 6.5 of the Trust Agreement, Plaintiff the United States of America and Wilmington Trust, N.A., as Court-appointed Trustee, hereby provide written notice that each entity consents to certain material modifications to the Trust Agreement. To the extent the modifications relate to the role of the technical assistance provider, the Institute for Tribal Environmental Professionals at Northern Arizona University ("ITEP"), the United States and the Trustee represent that ITEP has consented in writing to those modifications. The modifications are contained in the Trust Agreement appended to this Notice as Attachment A (hereafter, "Modified Trust Agreement"), and are indicated in the redline to the Trust Agreement appended hereto as Attachment B.

PLEASE TAKE NOTICE that on ______________, 2023, or at such other date as may be agreed upon, in Courtroom 6 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the United States and the Trustee will and hereby do request this Court, pursuant to Paragraph 6.5 of the Trust Agreement, to issue an order approving certain material modifications to the Trust Agreement. *See* Attachment A. Pursuant to Paragraph 5.0.5.3.4 of the Trust Agreement, the United States and Wilmington Trust, N.A. also jointly seek an order from the Court permitting the Trustee to terminate the Trust in accordance with Paragraph 6.8 of the Modified Trust Agreement. *See id.* ¶¶ 5.0.5.3.4, 6.8. The Defendants[1] have executed the

[1] The term "Defendants" refers to the entities named in the United States' Complaint, specifically

Modified Trust Agreement and support these requests.

As set forth in the memorandum in support of these requests, the Court should approve the Modified Trust Agreement because the modifications and the authority to terminate further the purposes of the Trust Agreement, the Partial Consent Decree, and the Second Partial Consent Decree. Trust Agreement ¶ 2.0.3; MDL Dkt. Nos. 2103-1 ("Partial CD"), 3228-1 ("Second Partial CD"). Accordingly, the United States and the Trustee now respectfully request that the Court sign and enter the proposed Order approving the Modified Trust Agreement and permitting the Trustee to terminate the Trust consistent with Paragraph 6.8 of the Modified Trust Agreement. *See* Attachment A, ¶ 6.8. The proposed Order is set forth as Attachment E.

**MEMORANDUM IN SUPPORT OF REQUEST**

## I. INTRODUCTION

The proposed modifications to the Trust Agreement (see Attachments A and B), effectuate the final distribution of Trust funds to Designated Beneficiaries and the orderly termination of the Trust, consistent with the purpose of the Trust. Trust Agreement ¶ 2.0.3. These modifications have been consented to by the United States pursuant to Paragraph 6.5 of the Trust Agreement, and approved by the Trustee, ITEP (to the extent required by Paragraph 6.5), and the Defendants. Trust Agreement ¶ 6.5.[2] Because these changes include material modifications to the Trust Agreement, the United States and the Trustee seek Court approval as required by Paragraph 6.5. *Id*.

## II. BACKGROUND

On September 19, 2017, this Court approved the Environmental Mitigation Trust Agreement for Indian Tribe Beneficiaries, which the United States then filed with the Court on October 2, 2017. Dkt. Nos. 49, 51-2. On November 16, 2018, this Court issued an Order approving material modifications to the Indian Tribe Trust Agreement, the primary purpose of which were to adjust the allocation formula

---

Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, Audi AG, Dr. Ing. h.c. F. Porsche AG, and Porsche Cars North America, Inc.

[2] Attachment A is the proposed modified Trust Agreement presented for the Court's approval. Attachment B is a redlined version of the Trust Agreement that highlights the modifications made to the Trust Agreement that was filed with the Court on March 29, 2022. *See* Dkt. No. 86. New appendices D-7A and D-9 through D-11 appear in black text in Attachment B.

and other aspects of the Trust to reflect a more equitable distribution of Trust funds to beneficiaries. *See* Dkt. 77 (Order Approving Material Modifications to the Indian Tribe Trust Agreement) (hereafter, "Allocation Order"). Those modifications reduced the number of project funding cycles from six to four,[3] with the option for a fifth if the Trustee and the United States determined that there were sufficient funds for a fifth cycle. *See id.* at 5; Trust Agreement ¶¶ 5.0.5.2, 5.0.5.3.4. The Trust Agreement also provided that tribes must qualify as a beneficiary prior to the fourth funding cycle to participate in that cycle or any subsequent funding cycles. Trust Agreement ¶¶ 4.0, 5.0.5.1(b).

At the conclusion of the fourth funding cycle in February 2022, the Trustee calculated that approximately $3.27 million would be available for a fifth funding cycle (referred to as the Tribal Subaccounts Remainder Balance), as compared with approximately $6-$18 million for each of the first four funding cycles. Dkt. 7945 at 7-8; see Trust Agreement ¶ 5.0.5.3.4. If all 119 tribes that qualified as beneficiaries prior to the fourth cycle ("Designated Beneficiaries") participated in a fifth cycle, the Trustee estimated that a hypothetical allocation using the Tribal Subaccounts Remainder Balance of $3.27 million would range from approximately $14,000 to $360,000. Attachment C (Lugo Martin Decl.), ¶ 9; Attachment D (Field Decl.) ¶ 6. Pursuant to the Trust Agreement, the United States and the Trustee then conferred regarding whether those funds were sufficient to hold a fifth funding cycle. See Trust Agreement ¶ 5.0.5.3.4.

As part of that process, the United States invited the 119 Designated Beneficiaries to participate in a listening session regarding disposition of the remaining Trust assets, including (1) whether they would participate in a fifth funding cycle if one were held and (2) whether they would participate in an allocated direct distribution of Trust funds to tribes to perform NOx mitigation projects. *See* Lugo Martin Decl., Exh. 2. The Trustee estimated at that time that a direct distribution of funds using both the Tribal Subaccounts Remainder Balance and other available trust funds that would not be required to pay trust administration termination costs, insurance premiums, and taxes, would likely entail an allocated

[3] Fewer cycles increased the amount of funding available to allocate to beneficiaries in cycles two through four and allowed for quicker access to the total Trust funds.

distribution range of approximately $23,000 to $588,000. Lugo Martin Decl. ¶ 12, Exh. 2; Field Decl. ¶ 7. Participating tribes generally expressed a preference for a direct distribution of Trust funds to implement mitigation projects, particularly so if they were not limited to the project list set forth at Appendix D-2 to the Trust, which applied during the first four funding cycles. Lugo Martin Decl. ¶¶ 14-20. Several tribes also indicated that increased costs and supply chain delays prevented them from implementing mitigation projects that the Trustee had approved for the fourth funding cycle and noted that a longer timeline for implementation would be helpful. Lugo Martin Decl. ¶¶ 21-27.

The United States and the Trustee thereafter concluded that there were insufficient funds available to hold a fifth funding cycle, and that doing so may not fulfill the purposes of the trust. This decision was based, among other things, on the amount of funds remaining for a fifth cycle, the range of costs of NOx reduction projects in the first four cycles, and the cost increases reported by tribes during the listening session. See Allocation Order at 10 (in context of approving revised allocation formula, the Court found it would frustrate the Trust's purpose "if smaller tribes are unable to fund a single [mitigation action]"). On June 1, 2022, the Trustee provided notice that the United States and the Trustee had concluded that there were insufficient funds available to hold a fifth funding cycle and that the United States would seek an order from the Court for further relief pursuant to Paragraph 5.0.5.3.4. Wilmington Trust, N.A., *Notice Announcing that a Fifth Funding Cycle Will Not Be Conducted*, June 1, 2022, at 1, https://www.vwenvironmentalmitigationtrust.com/sites/default/files/2023-10/WT_Mitigation_Notice_Confirming_No_Fifth_Funding_Cycle.pdf

## III. PROPOSED MODIFICATIONS TO TRUST AGREEMENT

### A. Final Distribution to Designated Beneficiaries

The Modified Trust Agreement provides for an allocated direct distribution of Trust funds ("Final Distribution") to Designated Beneficiaries that choose to participate, which each participating Designated Beneficiary has 18 months to use before returning unused funds to the Trust. *See* Modified Trust Agreement ¶ 5.0.5.5; Appendices D-7A (Opt-Out Form), D-9 (Certification of Participation in Final Distribution). To maximize the distributions to Designated Beneficiaries, the Trustee, ITEP, and third-party providers (e.g., counsel, accountants) have estimated their costs through termination of the

Trust. The Trustee will pay those estimated costs prior to allocating funds to the Designated Beneficiaries; unused funds will be returned to the Trust prior to termination. *See* Modified Trust Agreement ¶ 2.1.3.4. Any Designated Beneficiary that participates in the final distribution will certify under penalty of perjury that it will use its allocated funds for environmental mitigation projects that reduce emissions of NOx. *Id.* ¶ 5.0.5.5; Appendix D-9. This may include projects listed in Appendix D-2 and projects approved by the Trustee during the fourth funding cycle but which the Designated Beneficiary could not complete due to increased costs or supply chain delays. *Id.* The Modified Trust Agreement provides that the Trustee will distribute Final Distribution funds to participating Designated Beneficiaries no later than December 29, 2023, to avoid additional administrative costs that the Trust would incur if the distribution were done in calendar year 2024. *Id.* ¶ 5.0.5.5.4.

At the end of the 18-month period, participating tribes must return any unused funds to the Trustee. *Id.* ¶ 5.0.5.5.6. At the same time, each tribe is required to report on its use of final distribution funds. *Id.* ¶ 5.3.1. ITEP will be available to assist tribes with the paperwork associated with the final distribution process and will submit its own final report. *Id.* ¶¶ 2.1.1.2.1, 2.1.1.6.

Any funds not used by Designated Beneficiaries or for final trust administration costs at the end of 18 months will, as previously contemplated by the Trust Agreement,[4] be distributed equally to the U.S. Department of the Interior, National Park Service ("NPS") and the U.S. Department of Agriculture, Forest Service ("USFS") to implement NOx reduction projects. *Id.* ¶ 5.4.5.[5] Thereafter, the Trustee will submit its own final report and terminate the Trust. *See id.* ¶¶ 3.3.3, 6.8.

[4] The Trust Agreement provides that after the seventh anniversary of the Trust, remaining funds shall be distributed to federal agencies with custody, control, or management of federal land impacted by excess NOx and with the legal authority to accept such funds. *See* Trust Agreement ¶ 5.4.5.

[5] Designated Beneficiaries who do not file an Appendix D-9 Certification of Participation in Final Distribution or the necessary security information to facilitate the transfer of funds by the Trustee by the applicable deadlines will be presumed to have opted out and their allocation will be set aside for the final disposition of funds to NPS and USFS. The United States and Trustee considered whether a second allocation of opt-out funds could be done but determined that the costs associated with running a second allocation would likely outweigh the additional benefit to participating tribes.

B. Termination of the Trust

The Trust Agreement originally contemplated that after all Trust funds had been distributed, the Trustee would move the Court for an order to begin the process of terminating the Trust. Trust Agreement, ¶ 6.8. The Trust Agreement also required the United States to seek an Order from the Court for further relief, if the United States and the Trustee decided not to hold a fifth funding cycle, which may include the authority for the Trustee to terminate the Trust. *Id.* ¶ 5.0.5.3.4. To maximize funds available for the final distribution to designated beneficiaries, and consistent with Paragraph 5.0.5.3.4, the proposed modifications permit the Trustee to terminate the Trust after the final disposition of trust assets to the NPS and USFS without the need for further Court approval. Modified Trust Agreement ¶ 6.8. Instead, the proposed Order approving the Modified Trust Agreement also authorizes the Trustee to terminate the Trust at the appropriate time, in accordance with Paragraph 6.8. See Attachment E.

## IV. THE UNITED STATES AND THE TRUSTEE JOINTLY REQUEST APPROVAL OF THE MATERIAL MODIFICATION TO THE TRUST AGREEMENT AND AUTHORITY FOR THE TRUSTEE TO TERMINATE THE TRUST.

The United States and the Trustee jointly request the Court's approval of these modifications because they ensure that the remaining Trust funds are distributed in a manner consistent with the purposes of the Volkswagen settlements, the Trust, and the Court's prior order regarding allocation of Trust funds. *See e.g.,* Partial CD; Second Partial CD; Trust Agreement ¶ 2.0.3; Allocation Order. The United States and the Trustee also request authority for the Trustee to terminate the Trust in accordance with Paragraph 6.8. See Trust Agreement ¶¶ 5.0.5.3.4, 6.8. The proposed modifications will together result in more funds being allocated to Designated Beneficiaries under the Final Distribution than would have been unavailable in a fifth funding cycle. This plan is consistent with the input the United States and Trustee received from Designated Beneficiaries during the listening session and fulfills the purpose of the Trust and the objectives of the Volkswagen settlements.

## V. CONCLUSION

For the reasons stated herein, the United States and the Trustee seek the Court's approval of the material modifications to the Indian Tribe Trust Agreement, and authority for the Trustee to terminate

the Trust in accordance with the Modified Trust Agreement. A proposed Order has been submitted concurrently with this request.

Dated: October 23, 2023

Respectfully submitted,

For the United States of America

TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL RESOURCES DIVISION

*/s/ Bethany Engel*
BETHANY ENGEL
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-6892
Facsimile: (202) 514-0097

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

Dated: October 23, 2023

*/s/ Bethany Engel*
Bethany Engel