

U.S. Department of Justice

Environment and Natural Resources Division

---

*Deputy Assistant Attorney General*  *Telephone (202) 514-2701*
*950 Pennsylvania Avenue, N.W.*  *Facsimile (202) 514-0557*
*Washington, DC  20530-0001*

May 19, 2022

Dear Tribal Leader:

This letter follows up on my letter of May 9, 2022, inviting you to participate in a discussion session on the distribution of certain funds remaining in the Environmental Mitigation Trust for Indian Tribe Beneficiaries ("Trust") established pursuant to settlement of the United States' claims in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, Case No. 15-md-2672 CRB (JSC) (N.D. Cal.).

By May 31, 2022, the United States and Wilmington Trust, N.A. ("Trustee") will determine whether sufficient funds exist to warrant a fifth funding cycle.  On February 28, 2022, the Trustee publicly reported on the balances remaining in the various subaccounts of the Tribe Trust.  A copy of that accounting summary is enclosed with this letter.  As of February 28, 2022, the tribal subaccounts remainder balance, as defined in Paragraph 5.0.5.3.4 of the Trust, is approximately $3.27 million.  This represents a reasonable approximation of the funding that would be available to Beneficiaries for Eligible Mitigation Projects in a fifth funding cycle.  Funds remaining in other Trust subaccounts, including the Tribal Administration Cost Subaccount and the Tribal Tax Subaccount, would be used for administration of the Trust consistent with the Trust Agreement.  The amount of money available for Eligible Mitigation Projects for the first four cycles has ranged from approximately $6 million for the first cycle to $18 million for the fourth cycle.  See Enclosure p. 7.  A fifth funding cycle, if held, would run just like each of the first four cycles, except that participation is limited to Tribes that previously qualified as Beneficiaries (i.e., no new Beneficiary Status Certification Forms will be accepted for a fifth funding cycle).  Assuming all 119 Beneficiaries participate in a fifth cycle, the Trustee estimates that disbursements to Beneficiaries could range from approximately $14,000 to $360,000, based on the allocation formula in the Trust Agreement.  As during earlier cycles, Trust funds would be distributed to Beneficiaries only for Eligible Mitigation Actions following the procedures set forth in the Trust Agreement, albeit, on a more condensed timeline.

As one alternative to running a fifth funding cycle, the United States and Trustee are considering requesting approval of modifications to the Trust Agreement to allow for a direct distribution of the money remaining in the Tribal Allocation Subaccount, plus certain other Trust funds, to the Beneficiaries based on the allocation formula set forth in the Trust.  Certain other funds would be retained by the Trust for proper administration and termination of the Trust.  Under a scenario where all 119 Beneficiaries receive a distribution, amounts would likely range from approximately $23,000 to $588,000.  Tribes that receive a distribution would be required to certify under penalty of perjury that they will use the funds for NOx mitigation projects (which would be defined in the modified Trust Agreement and may not be limited to the Eligible

Mitigation Actions listed in Appendix D-2). Beneficiaries would not be required to submit the normal paperwork that is required in connection with a funding request (e.g., Appendix D-4 funding requests). After a certain period of time, likely approximately one year following the distribution, Tribes would be required to return any distributed funds not used for NOx mitigation projects and certify that all funds not returned were used for NOx mitigation projects.

Issues and Questions for Discussion

1. As with the previous four funding cycles, the distribution of Trust funds under a fifth cycle is dependent in part on the number of Beneficiaries that elect to participate and the Eligible Mitigation Actions for which they seek funding. Is the Tribe(s) you represent likely to participate in a fifth funding cycle, if one is held? If not, why not?

2. Do you anticipate the Tribe you represent would be in a position to use NOx mitigation project funds if they were made available as a time-limited direct distribution? Is it more likely if Beneficiaries are not limited to the current project list?

Sincerely,

Gina L. Allery
Digitally signed by Gina L. Allery
Date: 2022.05.19 10:50:16 -04'00'

Gina L. Allery
Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


cc:   Institute for Tribal Environmental Professionals
      Technical Assistance Provider


Enclosure:

Trustee's Accounting and Determination
    of the Tribal Subaccount Remainder Balance