Michele D. Ross (CA 112014)
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Phone: 415-543-8700
Fax: 415-391-8269
Email: mross@reedsmith.com

*Attorneys for Wilmington Trust, N.A., as Trustee for Volkswagen Diesel Emissions Environmental Mitigation Trust for Indian Tribe Beneficiaries*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*United States v. Volkswagen AG et al.,*<br>Case No. 16-cv-295 (N.D. Cal.) | MDL No. 2672 (CRB) (JSC)<br><br>**DECLARATION OF HAILEY E. FIELD, ON BEHALF OF WILMINGTON TRUST, N.A., AS TRUSTEE, IN SUPPORT OF JOINT REQUEST FOR COURT APPROVAL OF MODIFICATIONS TO THE INDIAN TRIBE TRUST AGREEMENT**<br>Date: To be determined<br>Time: To be determined<br>Courtroom 6, 17th Floor<br>The Honorable Charles R. Breyer |

I, Hailey E. Field, hereby declare:

1. I am the Product Leader and a Vice President covering the Large and Complex Trust product in the Global Capital Markets Division of Wilmington Trust, N.A. I have held this position since 2022 and I have been working in the Global Capital Markets Division of Wilmington Trust, N.A. for over 13 years. Wilmington Trust, N.A. has been appointed as Trustee (the "Trustee") of the Volkswagen Diesel Emissions Environmental Mitigation Trust For Indian Tribe Beneficiaries ("Trust") by Order of the Court dated March 15, 2017, in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (CRB) (JSC), Dkt. No. 3030. I am responsible for overseeing the administration of the Trust on behalf of Wilmington Trust, N.A. in its capacity as Trustee.[1]

2. To effectuate the terms of the Court Order dated March 15, 2017, the parties entered into a written trust agreement which was approved by Order of the Court on September 19, 2017, in *United States of America v. Volkswagen AG, et al.*, Civil Action No. 3:16-cv-00295-CRB ("U.S. v. VW"), Dkt. No. 49. The fully executed final version of the written trust agreement was filed on October 2, 2017. U.S. v. VW, Dkt. No. 51-2 (the "Original Trust Agreement"). The Original Trust Agreement was modified several times, most recently on March 29, 2022. U.S. v. VW, Dkt. No. 86.

3. Attachment A to the United States' Notice and Joint Request for Approval is a proposed modified Trust Agreement. The Original Trust Agreement, all subsequent modifications, and the proposed modifications in Attachment A are hereinafter collectively referred to as the "Trust Agreement."

4. I am familiar with the Trust Agreement, the day-to-day operations of the Trust created thereunder, and the requirements in the Trust Agreement including, without limitation, those in Section IV (Indian Tribe Mitigation Trust Beneficiaries) relating to becoming a designated Beneficiary, and those in Section V (Distribution of Indian Tribe Mitigation Trust Assets) relating to the distribution of Trust Assets, each as set forth in the Trust Agreement. Capitalized terms not otherwise defined in this Declaration have the meaning ascribed to them in the Trust Agreement.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Trustee respectfully requests that this Court take judicial notice of the pleadings in the public record referenced in this declaration.

- 1 -

5. I am charged with the maintenance of the Trust Agreement, the Trust created thereunder, and the other documentation maintained by the Trustee in the ordinary course of its business relating to its administration of the Trust. This Declaration is based upon my review of the Trust records relating to the Trust Agreement at issue in the above-captioned matter, my familiarity with the Trustee's practices and procedures, and my involvement with the transactions discussed herein.

6. In accordance with subparagraph 5.0.5.3.4, at the conclusion of the fourth funding cycle in February of 2022, the Trustee calculated that approximately $3.27 million would be available, based on formula for the Tribal Subaccounts Remainder Balance, for a fifth funding cycle. By comparison, approximately $6-$18 million was allocated during each of the first four funding cycles. The Trustee then performed a hypothetical allocation using the $3.27 million Tribal Subaccounts Remainder Balance and, assuming that all 119 Designated Beneficiaries would participate in a fifth cycle, estimated that allocations would range from approximately $14,000 to $360,000. Pursuant to the Trust Agreement, the United States and the Trustee then conferred regarding whether those funds were sufficient to hold a fifth funding cycle. See Trust Agreement ¶ 5.0.5.3.4.

7. As part of that process, the United States invited the 119 Designated Beneficiaries to participate in a listening session regarding disposition of the remaining Trust assets, including (1) whether they would participate in a fifth funding cycle if one were held and (2) whether they would participate in an allocated direct distribution of Trust funds to tribes to perform NOx mitigation projects. The Trustee also participated in the listening session with the 119 Designated Beneficiaries. The Trustee estimated at that time that a direct distribution of all funds that would not be required to pay the Trust Administration Termination Costs, insurance premiums, and taxes, would likely entail an allocated distribution range of approximately $23,000 to $588,000. Most tribal participants favored the direct distribution of Trust funds for mitigation actions with flexible project options.

8.     No tribal participant opposed the direct distribution of Trust funds or the expansion of the mitigation actions beyond the current list.  The Trustee and United States have conferred and agreed not to run an updated hypothetical allocation for the direct distribution using updated numbers in order to conserve Trust resources.  The figures previously used are for illustration purposes and are **not** intended to be guaranteed amounts for the Final Distribution of Trust Assets to Designed Beneficiaries.  The actual allocation for the Final Distribution of Trust Assets will depend on a number of currently unknown factors, including, without limitation, the actual remaining funds available following the payment of Trust Administration Termination Costs, insurance premiums, and taxes.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief.

Dated: October 19, 2023

                                             Hailey E. Field
Product Leader and Vice President
Wilmington Trust, N.A., Trustee for the
Volkswagen Diesel Emissions Environmental
Mitigation Trust for Indian Tribe Beneficiaries

- 4 -