JOHN MAHAN  (CSB NO. 178497)
SOCIAL RIGHTS LAW
PO BOX 117
MORRO BAY, CA  93442
(805) 458-0417
JMAHAN@SOCIALRIGHTSLAW.COM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY | MDL No. 2672 CRB (JSC) |
| | **RESPONDENT, MARIA CHRISTIANSEN'S FIRST RETURN TO THE WRIT** |
| This Document Relates to: | |
| **Porsche Gasoline Litigation** | |
| *Christiansen v. Volkswagen AG, et al.* (Notice of Related Case – Docket 8115) | |

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR**

**ATTORNEYS OF RECORD:**

**COMES NOW**, Plaintiff/Respondent, MARIA CHRISTIANSEN, and returns to the writ for a first time.

On September 8, 2023, underlying Plaintiff/writ Respondent, CHRISTIANSEN timely dismissed her Orange County Superior Court Case, according to the terms of the Class Settlement Agreement forced upon her.

On October 6, 2023, Defendant/Petitioner, PORSCHE filed a Memorandum of Costs in the underlying Orange County Superior Court Case. (Exhibit 1)

In response to PORSCHE'S costs memo, on October 17, 2023, CHRISTIANSEN filed her own Memorandum of Costs in the Orange County Superior Court case, but only for pre-writ costs.

On October 23, 2023, CHRISITIANSEN moved to strike PORSCHE'S memo of costs.  This hearing is scheduled for May 13, 2024.

On November 17, 2023, Defendant/Petitioner PORSCHE filed a Motion to Strike Plaintiff's Costs.  (Exhibit 2)  This hearing is scheduled for June 3, 2024.

By seeking costs PORSCHE is deliberately seeking to breach the Class Settlement Agreement, which PORSCHE forced upon Plaintiff via this writ:

"....**10.14. Released Parties' Releases of Settlement Class Representatives, the Class, and Counsel.** Upon the Effective Date,

RESPONDENT MARIA CHRISTIANSEN'S FIRST RETURN TO THE WRIT

*Released Parties absolutely and unconditionally release and forever discharge* the Settlement Class Representatives, *Class Members*, Defendants' counsel and Class Counsel *from any and all claims relating to the institution or prosecution of the Action*." (Declaration of John Mahan, Exhibit 2 – PORSCHE SPORT + Settlement, Page 24, Subparagraph 10.14, Lines 22=-25) (*Emphasis added*)

If PORSCHE prevails, a second return to the writ will be necessary in that PORSCHE will have violated the material terms of the Settlement Agreement it forced upon Christiansen by seeking costs (13 times that of the Class Settlement).

The success of PORSCHE'S anticipatory breach will only be known after the May and June 3, 2024 Motions to Strike by PORSCHE and CHRISTIANSEN have been heard.

CHRISTIANSEN will return to the writ a second time, once the results of PORSCHE'S anticipatory breach is known.

In the meantime, Plaintiff continues to incur costs and expenses associated with this vehicle.

Respectfully Submitted:

Dated: 12-30-2023

SOCIAL RIGHTS LAW

By:

JOHN MAHAN, SOCIAL RIGHTS LAW, Attorneys for MARIA CHRISTIANSEN

Exhibit 1 – DEFENDANT/PETITIONER PORSCHE'S MEMORANDUM OF COSTS (ORANGE COUNTY CASE)

MC-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| NAME: Abtin Amir (SBN 305019); Ivana Saddigh (SBN 331685); Michael Baker (SBN312250) STATE BAR NUMBER: | |

FIRM NAME: The Law Office of Abtin Amir, PC
STREET ADDRESS: 4500 Park Granada, Suite 202
CITY: Calabasas          STATE: CA     ZIP CODE: 91302
TELEPHONE NO.: (818) 336-1324          FAX NO.:
E-MAIL ADDRESS: service@abtinamirlaw.com
ATTORNEY FOR (name): Defendant, Porsche Cars North America, Inc.; and Newport Beach Cars, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: MARIA CHRISTIANSEN

DEFENDANT: Porsche Cars North America, Inc.; and Newport Beach Cars, LLC

| MEMORANDUM OF COSTS (SUMMARY) | CASE NUMBER: 30-2022-01267021-CU-PA-CJC |
|---|---|

The following costs are requested:

|   | | TOTALS |
|---|---|---|
| 1. | Filing and motion fees | $ 2,377.50 |
| 2. | Jury fees | $ |
| 3. | Jury food and lodging | $ |
| 4. | Deposition costs | $ |
| 5. | Service of process | $ |
| 6. | Attachment expenses | $ |
| 7. | Surety bond premiums | $ |
| 8. | Witness fees | $ |
| 9. | Court-ordered transcripts | $ |
| 10. | Attorney fees (enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required) | $ |
| 11. | Court reporter fees as established by statute | $ |
| 12. | Models, enlargements, and photocopies of exhibits | $ |
| 13. | Interpreter fees | $ |
| 14. | Fees for electronic filing or service  One Legal eFiling and eService fees | $ 275.68 |
| 15. | Fees for hosting electronic documents | $ |
| 16. | Other Demurrer hearing reservation fee | $ 123.30 |
| | TOTAL COSTS | $ 2,776.48 |

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date: October 6, 2023

Abtin Amir
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

(Proof of service on reverse)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California MC-010
[Rev. September 1, 2017]

**MEMORANDUM OF COSTS (SUMMARY)**

Code of Civil Procedure,
§§ 1032, 1033.5

THE LAW OFFICE OF ABTIN AMIR, PC
Abtin Amir, CA Bar No. 305091
A.Amir@AbtinAmirLaw.com
4500 Park Granada, Suite 202
Calabasas, CA 91302
Tel No: (818) 336-1324

Attorneys for Porsche Cars North America, Inc., and Newport
Beach Cars, LLC d/b/a Newport Auto Center
and d/b/a Porsche of Newport

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| MARIA CHRISTIANSEN,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN AG, PORSCHE AG, PORSCHE CARS OF NORTH AMERICA, DETLEV von PLATEN, an individual, AUTO CENTER PORSCHE OF NEWPORT BEACH, PACIFIC VW, PACIFIC PORSCHE, BOSCH AUTOMOTIVE SERVICE SOLUTIONS, INC., and DOES 1 Through 10,<br><br>Defendants. | Case No. 30-2022-01267021-CU-PA-CJC<br><br>**DEFENDANTS PORSCHE CARS NORTH AMERICA, INC., AND NEWPORT BEACH CARS, LLC, AND NEWPORT AUTO CENTER'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S MEMORANDUM OF COSTS**<br><br>*[Filed concurrently with Declaration of Abtin Amir and Proposed Order]*<br><br>Hon. Judge David J. Hesseltine<br><br>Hearing:      June 3, 2024<br>Time:         2:00 p.m.<br>Dept:         C23<br><br>Reservation ID: 74141200<br><br>Date Action Filed: June 28, 2022 |

THE LAW OFFICE OF
ABTIN AMIR, PC

DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MEMORANDUM OF COSTS

1   **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that on June 3, 2024, at 2:00 p.m., in Department C23 of the

3   Orange County Superior Court, or as soon thereafter as the Court schedules, Defendants Porsche

4   Cars North America, Inc., Newport Auto Center, and Porsche of Newport Beach (together,

5   "Defendants") will, and hereby do, move this Court for an order striking or taxing Plaintiff Maria

6   Christiansen's Memorandum of Costs pursuant to Code of Civil Procedure section 1032 because

7   Defendants, and not Plaintiff, are undeniably prevailing parties in this matter after Plaintiff was

8   forced to dismiss them with prejudice with nothing in exchange.

9       Defendants request this Court strike and/or tax all of the claimed costs, as they are

10  unrecoverable because Plaintiff is not a prevailing party.

11      This motion is based upon the attached memorandum of points and authorities, the

12  attached Declaration of Abtin Amir, and any further evidence or argument that may be filed in

13  support of any reply, any oral or documentary evidence that may be presented at the hearing, and

14  upon the entire record of the case.

15

16  Respectfully submitted on:          THE LAW OFFICE OF ABTIN AMIR, PC
    November 3, 2023                    Abtin Amir

17

18                                      By: /s/ Abtin Amir
                                            Abtin Amir
19                                      Attorneys for Porsche Cars North America, Inc.,
                                        and Newport Beach Cars, LLC d/b/a Newport Auto
20                                      Center and d/b/a Porsche of Newport

21

22

23

24

25

26

27

28

THE LAW OFFICE OF
ABTIN AMIR, PC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants Porsche Cars North America, Inc., and Newport Beach Cars, LLC d/b/a Newport Auto Center and d/b/a Porsche of Newport, hereby move to strike Plaintiff's frivolous memorandum of costs which she impermissibly filed _after being forced to dismiss her entire case against all defendants_, including as against the moving Parties here with prejudice, _with nothing having been gained by Plaintiff as a result of this frivolous lawsuit which the courts have determined she had no right to file in the first place_, and nothing having been provided by moving Defendants.  It is indisputable that Defendants successfully defended this Action brought by Plaintiff Maria Christiansen, and Defendants indisputably became the prevailing parties when Plaintiff was forced to dismiss the entire action as to all defendants, including with prejudice as to the Moving Defendants here.  Rather than waste more of the Court's resources, the Parties agreed to stipulate to the dismissal, but with moving Defendants expressly reserving the right to seek and recover their costs.

Indeed, Plaintiff's counsel was well aware of Defendants' intention to recover their costs and potentially pursue a malicious prosecution action against Plaintiff and her counsel following the dismissal of this frivolous Action, and even acknowledged in writing that Defendants were entitled to recover their costs in this Action when he attempted to negotiate Defendants' waiver of their right to recover their "fees and costs."  (Amir Decl. ¶ 2, Exh. A [email from Plaintiff's counsel].)  In an email sent by Plaintiff's counsel to Defendants' counsel on August 7, 2023, Mr. Mahan said:

> Given last Friday's Dismissal of Ms. Christiansen's Appeal and the class action portions of her matter, I wanted to reach out and propose a Global Resolution to the remainder of the case.

> Ms. Christiansen is agreeable to filing a Global Dismissal in the Orange County Case this week (meaning all parties and all causes of action), **in return for a waiver of fees and costs _from Defendants_.**

(Amir Decl. ¶ 2, Exh. A [August 7, 2023 email from Plaintiff's counsel], emphasis added.)  Defendants expressly refused any such waiver, and Plaintiff nevertheless dismissed Defendants with prejudice without having obtained _anything_ from Defendants in exchange.  Plaintiff had no choice, as the federal court rejected each of Plaintiff's contentions, and this Court was positioned to dismiss this entire action as a result.

1    Plaintiff's instant memorandum of costs serves only to further support Defendants'

2 impending action for malicious prosecution against Plaintiff and her counsel, who initiated this

3 lawsuit in bad faith, and who continue to abuse the civil process by filing a frivolous memorandum

4 of costs and a motion to strike Defendants' memorandum of costs, despite Defendants having

5 undeniably having prevailed against Plaintiff in all regards. Thus, Plaintiff's entire memorandum of

6 costs must be stricken in its entirety, and appropriate sanctions be imposed by the Court for

7 Plaintiff's abuse of the civil process.

8    **II.    RELEVANT FACTUAL BACKGROUND**

9    Plaintiff Maria Christiansen brought this lawsuit, alleging that the emissions system of her

10 Porsche 911 vehicle is not in compliance with applicable emissions laws. Plaintiff had submitted to

11 this Court a First Amended Complaint and Declaration in which she perjured herself in raising

12 additional claims by falsely declaring that defense counsel failed to advise her of certain things via

13 email, or to meet and confer about other things via email, which defense counsel established was

14 demonstrably false and produced the emails in which defense counsel had done exactly the things

15 that Plaintiff falsely claimed were not done. Plaintiff likewise attempted to prove that she had timely

16 opted out by producing a highly suspect "screenshot" of an email she claims to have sent, which the

17 federal court also was not persuaded by, despite defense counsel's numerous requests to Plaintiff

18 and her counsel to produce a copy of the actual email in its native form, and not a "screenshot" of

19 an email allegedly sent which can be easily manipulated.

20    In any event, as established by the federal court retaining jurisdiction over Plaintiff's claims,

21 Plaintiff failed to timely opt out of the class action settlement and related order, and therefore had

22 no right whatsoever to bring this duplicative lawsuit in state court alleging the exact same claims

23 against the same defendants. This Court had stayed this action, over Plaintiff's objections, while

24 the federal court decided that issue and ultimately issued an order barring Plaintiff from continuing

25 to pursue her claims here in this Court. As a result, and in an effort to avoid burdening this Court

26 even further by asking this Court to dismiss the case by way of motion or other ruling, the Parties

27 agreed to stipulate to the dismissal of the entire case, **including dismissing Moving Defendants**

28 **with prejudice in exchange for absolutely nothing in return**.

THE LAW OFFICE OF
ABTIN AMIR, PC

4.

1    On September 8, 2023, Plaintiff's counsel and Defendants' counsel appeared at a status

2   conference before this Court where they advised the Court that they intended to stipulate to have the

3   stay lifted and to have the case dismissed, at which point Plaintiff's counsel expressly advised the

4   Court that Defendants were adamant about recovering their litigation costs in this Action following

5   the dismissal. (Amir Declaration ¶¶ 3-4.) *Plaintiff did not receive any monetary recovery or other*

6   *form of relief in this matter from any defendant.* (Amir Declaration ¶ 4.) On October 3, 2023, the

7   Court ordered the entire case dismissed.

### III.   PLAINTIFF'S MEMORANDUM OF COSTS MUST BE STRICKEN IN ITS ENTIRETY BECAUSE DEFENDANTS, AND NOT PLAINTIFF, ARE PREVAILING PARTIES

10    Plaintiff's memorandum of costs must be stricken in its entirety because Defendants, and not

11   Plaintiff, are obviously the prevailing parties.

12    California Code of Civil Procedure section 1032 controls and provides that, "[e]xcept as

13   otherwise expressly provided by statute, <u>a prevailing party is entitled as a matter of right to recover</u>

14   <u>costs in any action or proceeding.</u>" (§ 1032, subd. (b), underline added.) Section 1032 explicitly

15   defines "prevailing party" as including: (1) "the party with a net monetary recovery," (2) "<u>a</u>

16   <u>defendant in whose favor a dismissal is entered,</u>" (3) "a <u>defendant</u> where <u>neither plaintiff nor</u>

17   <u>defendant obtains any relief,</u>" and (4) "a <u>defendant as against those plaintiffs who do not recover</u>

18   <u>any relief against that defendant.</u>" (*Id.* at subd. (a)(4).) "If a party satisfies one of these four

19   definitions of a prevailing party, the trial court lacks discretion to deny prevailing party status to that

20   party." (*Charton v. Harkey* (2016) 247 Cal.App.4th 730, 741.)

21    Here, Defendants qualify as prevailing parties under three of the above independent criteria

22   (2-4), any one of which is sufficient to be entitled to mandatory recovery of costs. (*Charton v.*

23   *Harkey* (2016) 247 Cal.App.4th 730, 741 ["The new statute provides no exception to a party's right

24   to recover costs when the party satisfies any of the four statutory definitions of a prevailing party"].)

25   Indeed, *Plaintiff did not receive any monetary recovery or other relief from Defendants*, and the

26   dismissal with prejudice was entered in favor of Defendants without Defendants having any

27   obligations to Plaintiff whatsoever.

28    Moreover, even Plaintiff's attorney's own correspondence acknowledge that Defendants are

THE LAW OFFICE OF
ABTIN AMIR, PC

5.

entitled to recover their costs in this Action.  Specifically, on August 7, 2023, Plaintiff's counsel sent defense counsel an email attempting to negotiate the waiver of Defendants' right to recover their costs (and attorneys' fees in a subsequent malicious prosecution action), in exchange for a global dismissal of all defendants.  (Amir Decl. ¶ 2, Exh. A [email from Mr. Mahan to defense counsel attempting to get Defendants to waive their right to recover costs].)  Defense counsel expressly rejected that offer and insisted that they would recover their costs in this Action once it was dismissed.  (*Ibid.*)  In fact, Plaintiff's counsel even reiterated Defendants' intention to recover their costs at the last hearing held in this Action while he was explaining the Parties intent to stipulate to a dismissal without Defendants giving up anything or waiving any claims, costs, or fees.  (*Id.* at ¶ 3.)

Even if Defendants had been dismissed *without* prejudice (moving Defendants were dismissed *with prejudice here*), the California Supreme Court has consistently explained that section 1032 provides for mandatory recovery of costs to a defendant who has been dismissed by the plaintiff *regardless* of "whether it is a voluntary dismissal with prejudice [citation] or without prejudice [citation]."  (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1152, underline added, citing *City of Industry v. Gordon* (1972) 29 Cal.App.3d 90; *Fisher v. Eckert* (1950) 94 Cal.App.2d 890; *International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218, superseded by 1986 amendment to statute not inconsistent with this opinion, as stated in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 602.)  This is consistent even with the California Supreme Court's holdings under the prior version of section 1032 and before it was amended in 1986 to clarify the four enumerated circumstances in which a defendant is definitively a "prevailing party."  (*International, supra*, 21 Cal.3d at p. 221 [reversing trial court's denial of costs, pursuant to prior version of section 1032, to defendant who plaintiff dismissed without prejudice]; see *Harkey, supra*, 247 Cal.App.4th at p. 741; see also *DeSaulles, supra*, at pp. 1149-1151 [explaining history and purpose of section 1032].)

Accordingly, it is undeniable that Defendants are the only prevailing parties in this matter, and thus entitled to their costs by statute.  In contrast, Plaintiff is undoubtedly *not* a prevailing party as against moving Defendants, and her memorandum of costs must be stricken in its entirety.

THE LAW OFFICE OF
ABTIN AMIR, PC

6.

1    To the extent Plaintiff attempts to argue (as she does in her frivolous motion to strike

2    Defendants' Memorandum of Costs) that the class-action settlement bars Defendants from

3    recovering costs, that contention is both deceptive and meritless, as any such restriction obviously

4    applies to the class-action lawsuit, not Plaintiff's frivolous Action filed and lost in this Court.

5    Plaintiff cannot violate the terms of the class-action settlement by bringing this lawsuit, force

6    Defendants to unjustly incur substantial attorneys' fees and costs, then attempt to claim that

7    Defendants are somehow not entitled to their costs after having successfully defending this Action

8    and obtaining dismissals with prejudice in exchange for nothing.   This is especially true given

9    Plaintiff's counsel's own written acknowledgment that Defendants are entitled to recover costs here.

10   (Amir Decl. ¶ 2, Exh. A.)

11   **IV.   EVEN IF PLAINTIFF HAD PREVAILED -SHE DID NOT-HER MEMORANDUM OF COSTS IS WHOLLY UNSUPPORTED BY EVIDENCE OF RECEIPTS, AND SEEKS NUMEROUS COSTS AND EXPENSES FROM UNRELATED LAWSUITS**

12

13   As established above, Plaintiff is not entitled to any costs at all.  Even so, her memorandum

14   of costs is rife with wholly unsupported claims of costs without any evidentiary support, such as

15   receipts to prove the costs were actually incurred.

16   Worse, the exhibits in support of Plaintiff's Worksheet in support of Plaintiff's memorandum

17   of costs establishes that Plaintiff impermissibly seeks costs clearly associated with lawsuits other

18   than this Action.  (See e.g. Plaintiff's Worksheet Exh. 2 [alleged "One Legal" filing fees chart listing

19   unrelated lawsuits, such as "Mahan  v. VW"]; id. at Exh. 3 [seeking $81.75 in costs for seeking a

20   stay pending appeal an Arizona federal district court case in which Plaintiff voluntarily abandoned

21   the appeal in any event].)  Even worse, Plaintiff's submission in Exhibit 2 is deceptive in that it is

22   purported to be a list of invoices from One Legal but it is a document created and generated by

23   Plaintiff's counsel, not One Legal.  (Amir Decl. ¶ 6.)  One Legal receipts are available for printout

24   from that service processor, and examples of legitimate receipts from One Legal can be found as

25   exhibits to Defendants' Memorandum of Costs Worksheet and contrasted to Plaintiff's phony

26   invoice produced here.  (Amir Decl. ¶ 6; Defendants' Memo. of Costs Worksheet Exh. A [true One

27   Legal receipts].)

28   Likewise, Plaintiff's "proof of service" documents are not receipts or proof of actual

1    payment, and cannot be used to support a claim for costs.  In any event, Plaintiff is not entitled to

2    recover anything because Plaintiff is not a prevailing party under any possibly definition.

3    **V.     PLAINTIFF'S FILING A MEMORANDUM OF COSTS AND MOTION TO STRIKE**

4    **        DEFENDANT'S COSTS WHILE PRETENDING SHE IS THE PREVAILING**
      **        PARTY IS AN ABUSE OF CIVIL PROCESS JUSTIFYING SANCTIONS**

5            "The common law tort of abuse of process arises when one uses the court's process for a

6    purpose other than that for which the process was designed.  It has been 'interpreted broadly to

7    encompass the entire range of "procedures" incident to litigation.'" (*S.A. v. Maiden* (2014) 229

8    Cal.App.4th 27, 41, internal citations omitted.)  "To establish a cause of action for abuse of process,

9    a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in

10   using the process and (2) committed a willful act in a wrongful manner." (*Coleman v. Gulf Insurance*

11   *Group* (1986) 41 Cal.3d 782, 792, internal citations omitted.)

12           Abuse of process is interpreted more broadly than malicious prosecution and "evolved as a

13   'catch-all' category to cover improper uses of the judicial machinery that did not fit within the earlier

14   established, but narrowly circumscribed, action of malicious prosecution." (*Younger v. Solomon*

15   (1974) 38 Cal.App.3d 289, 296, internal citations omitted.)  However, "[a]buse of process is not just

16   another name for malicious prosecution. . . . Malicious prosecution and abuse of process are

17   distinct.  The former concerns a meritless lawsuit (and all the damage it inflicted).  The latter

18   concerns the misuse of the tools the law affords litigants once they are in a lawsuit (regardless of

19   whether there was probable cause to commence that lawsuit in the first place)." (*S.A. v. Maiden*

20   (2014) 229 Cal.App.4th 27, 41-42, original italics.)  In this sense, abuse of process is a wider

21   reaching tort and even easier to establish than malicious prosecution.

22           Here, Plaintiff's claims against Defendants were obviously barred from the onset as part of

23   a class-action settlement that Plaintiff never opted out of.  As outlined above, Plaintiff filed this

24   lawsuit, alleging that the emissions system of her Porsche 911 vehicle is not in compliance with

25   applicable emissions laws. (Amir Declaration ¶ 2.)  Virtually identical allegations were asserted on

26   behalf of a nationwide class: the Porsche Gasoline Litigation Class Action in In re: Volkswagen

27   "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, N.D. Cal. MDL No.

28

THE LAW OFFICE OF
ABTIN AMIR, PC

8.

1   2672 CRB (JSC) (the "Porsche Gasoline Action").   (Amir Declaration ¶ 3.)   In that case, the

2   Honorable Charles R. Breyer has already granted final approval of a class settlement, certifying a

3   settlement class that encompasses Plaintiff. (Amir Declaration ¶ 4.)  Plaintiff was not excluded from

4   that class according to the official opt-out list maintained by the claims administrator and submitted

5   to the court. (Amir Declaration ¶ 5.)

6        Plaintiff's repeat claims against Defendants were thus precluded, as a matter of law, for two

7   independent reasons.  (Amir Declaration ¶ 6.)  First, Plaintiff's claims are barred under the doctrines

8   of *res judicata* and collateral estoppel.  (Amir Declaration ¶ 7.)  Second, Plaintiff's claims are also

9   barred by a valid and broad written release contained in the settlement.   (Amir Declaration ¶ 8.)

10   Defendants' counsel brought these arguments to Plaintiff's counsel on multiple occasions since

11   being retained to no avail.  (Amir Declaration ¶ 9.)  Defendants proceeded to request a stay, which

12   was granted.  (Amir Declaration ¶ 10.)

13        Eventually, on September 8, 2023, Plaintiff's counsel and Defendants' counsel appeared at

14   a status conference in front of the Court where they stipulated to have the stay lifted and to have the

15   case dismissed. (Amir Declaration ¶ 11.)  Plaintiff's counsel then proceeded to file a proposed order

16   to lift the stay and dismiss Defendants with prejudice, (with only one defendant being dismissed

17   without prejudice).  (Amir Declaration ¶ 12.)  Notably, ***Plaintiff did not receive any monetary***

18   ***recovery or other form of relief in this matter from any defendant.***  (Amir Declaration ¶ 13.)  On

19   October 3, 2023, the Court ordered the entire case dismissed. (Amir Declaration ¶ 14.)

20        As such, this lawsuit has proved to be entirely meritless, and Plaintiff is undoubtedly not a

21   prevailing party. For Plaintiff to now seek to recover her costs in bringing this suit, which she knows

22   she is not entitled to, not only wastes the Court's and the parties' resources in having to file this

23   instant Motion, but also subjects her to a claim for abuse of process. Accordingly, Defendants seek

24   to add their costs related to filing this Motion ($82.57) and Reply ($21.83) for a total of $104.40 in

25   additional costs, to their Memorandum of Costs already submitted on October 6, 2023.

26        Defendants respectfully request that this Court issue an OSC re: why Plaintiff and/or her

27   counsel should not be sanctioned for filing a frivolous memorandum of costs and motion to strike

28   Defendants' costs while pretending she is the prevailing party here after being forced to dismiss her

1   entire lawsuit which should never have been filed in the first place.

2   **VI.     CONCLUSION**

3   For the reasons stated above, Defendants respectfully request that the Court strike Plaintiff's

4   memorandum of costs in its entirety as Plaintiff is not a prevailing party and she is not entitled to

5   her costs.   Likewise, Defendants respectfully request an order awarding Defendants their costs

6   pursuant to the memorandum of costs timely submitted by Defendants on October 6, 2023, plus an

7   additional $104.40 in costs related to having to file this motion and to move to strike Plaintiff's

8   memorandum of costs.

9   Dated:   November 3, 2023                         THE LAW OFFICE OF ABTIN AMIR, PC
10                                                    Abtin Amir

11                                                    By   /s/ Abtin Amir
                                                          Abtin Amir
12                                                        Attorneys for Defendants, Porsche Cars North
                                                         America, Inc., and Newport Beach Cars, LLC
13                                                       d/b/a Newport Auto Center and d/b/a Porsche of
                                                         Newport

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28