# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 18, 2024

By ECF

Honorable Charles R. Breyer,
   United States District Court for the Northern District of California,
     450 Golden Gate Avenue,
      San Francisco, CA 94102.

    RE:  *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 (CRB) (JSC)

         This Document Relates to:
         *BRS* v. *Volkswagen AG, et al.*, No. 16-cv-3435-CRB

Dear Judge Breyer:

         On behalf of Volkswagen AG ("VWAG") and Volkswagen Group of America Finance, LLC ("VWGoAF") (collectively, "Volkswagen"), I write regarding the putative private securities class action brought by Puerto Rico Government Employees and Judiciary Retirement Systems Administration ("PRGERS"), Case No. 16-3435 (the "Bondholder Action").

         On Friday, the SEC and VWGoAF filed papers resolving the SEC's action relating to three VWGoAF Rule 144A bond offerings in 2014 and 2015. *See* Case No. 19-cv-1391, ECF No. 135 (Agreed Admin. Mot. for Entry of Final Judgment as to VWGoAF). Under this settlement, VWGoAF agreed to pay the SEC $48,750,000, to be "placed into a segregated account established by the SEC for distribution to affected persons for the purposes of remediation," subject to the Court's approval. *Id.* at 1. And the SEC agreed to dismiss with prejudice its claims against Volkswagen AG and its former CEO Martin Winterkorn, which would "fully resolve the SEC's claims against all Defendants in this lawsuit involving the three bond offerings." *Id.* at 4.

         The Bondholder Action, which has been stayed since April 7, 2020, is the last remaining Volkswagen proceeding in the *Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* MDL. This case is now limited to a single plaintiff and one dispositive issue: whether PRGERS can establish that it relied on the at-issue allegedly false or misleading statements in the Offering Memorandum for the

The Honorable Charles R. Breyer                                                                                         -2-

May 2014 144A Bonds.  *See* ECF No. 7906, at 5-7 (Nov. 2, 2021 Joint Case Management Statement, summarizing procedural history of Bondholder Action).  The sole motion pending before this Court is Volkswagen's fully briefed motion for summary judgment, which makes clear that there is no evidence that PRGERS (or its advisor) actually relied upon any of the at-issue statements before buying the May 2014 144A Bonds.  *See id.* at 7-9; ECF Nos. 6423, 6580, 6656 (opening, opposition, and reply summary judgment briefs).

This Court initially denied summary judgment on the ground that the *Affiliated Ute* presumption of reliance applied, without addressing PRGERS' actual reliance.  *See id.* at 6-7; *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 166832 (N.D. Cal. Sept. 26, 2019).  The Ninth Circuit reversed, holding that *Affiliated Ute* could not apply here, and remanding the PRGERS action to this Court "to further consider whether a triable issue of material fact exists."  *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, 2 F.4th 1199, 1209 (9th Cir. 2021).  This Court had previously held—correctly—that the *Basic* fraud-on-the-market presumption could not apply here, because "no expert evidence will change that Plaintiff purchased the bonds at issue at a time when the bonds were not 'actively traded' on a 'well-developed market.'"  *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, 328 F. Supp. 3d 963, 970-71 (N.D. Cal. 2018).[1]

The path forward is clear: The Court should grant Volkswagen's fully briefed motion for summary judgment, and dismiss the Bondholder Action with prejudice because PRGERS cannot prove actual reliance.  As discovery has shown, there is zero evidence that PRGERS' financial advisor, Santander, relied on any of the statements at issue when buying 144A Bonds for PRGERS' account, and further discovery will not change that fact.  *See* ECF No. 7906 at 7-8 (Nov. 2, 2021 Joint Case Management Statement, noting that the individuals whom PRGERS still hopes to depose either "remember nothing about the trades at issue" or "were not even involved in the trade"); ECF No. 6656-1, at ¶¶ 4-10 & Exs. AA, BB, CC (Supp. Decl. of Suhana S. Han, attaching letter from counsel for and declarations from former Santander traders).  If the Court dismisses PRGERS' claim, no other 144A Bondholder can bring an action because the applicable statutes of limitations and repose expired long ago.

---

[1] Notwithstanding the Court's ruling that the *Basic* presumption cannot apply here, PRGERS now asks to submit a new class certification motion under *Basic*, supported by a new expert report.  *See* ECF No. 7906 (Nov. 2, 2021 Joint Case Management Statement), at 2.  This case has gone on long enough, and leave should be denied.  *See id.* at 8-9.

The Honorable Charles R. Breyer -3-

        Beyond its lack of merit, the Bondholder Action is not necessary to make PRGERS and any other bondholder whole for their alleged losses. The 144A Bonds have matured and have been repaid in full. The $48.75 million settlement fund payable to the SEC would be more than sufficient to reimburse PRGERS and any other bondholder for their alleged modest trading losses. *See* ECF No. 1759-3, at Ex. B (PRGERS' lead plaintiff certification, showing approximately $67,000 loss). Further litigation would waste Volkswagen's and this Court's resources, when PRGERS and other affected bondholders can seek compensation from the SEC settlement fund.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:     Counsel of record (via ECF)