# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

April 17, 2024

By ECF

Honorable Charles R. Breyer,
     United States District Court for the Northern District of California,
          450 Golden Gate Avenue,
               San Francisco, CA 94102.

    RE:   *In re Volkswagen "Clean Diesel" Mktg., Sales Practices,*
           *and Prods. Liab. Litig.*, MDL No. 2672 (CRB) (JSC)___

          This Document Relates to:
          *BRS* v. *Volkswagen AG, et al.*, No. 16-cv-3435-CRB

Dear Judge Breyer:

On behalf of Volkswagen AG ("VWAG") and Volkswagen Group of America Finance, LLC ("VWGoAF") (collectively, "Volkswagen"), I respond briefly to the April 12, 2024 letter filed by Plaintiff Puerto Rico Government Employees and Judiciary Retirement Systems Administration ("Letter," ECF No. 8213).

There is no basis for Plaintiff's contention that "Defendants' motion [for summary judgment] was filed prematurely before discovery on [reliance] could be completed." (Letter, at 1.) It is axiomatic that a non-moving party can avoid summary judgment only if that party [i] has "diligently pursued its previous discovery opportunities, and … [ii] can show how allowing additional discovery would … preclude[] summary judgment." *Big Lagoon Rancheria* v. *Cal.*, 789 F.3d 947, 955 (9th Cir. 2015); *see* Fed. R. Civ. P. 56(d). Plaintiff cannot satisfy either prong.

Plaintiff has not been diligent. In February 2019, Defendants proposed targeted discovery into "whether Plaintiff [or Santander] actually relied on the allegedly false or misleading statements" at issue, and proposed a schedule for a "Summary Judgment Motion on Plaintiff's Reliance" following that discovery. (ECF No. 5909 (Joint Case Management Statement), at 14, 15.) The Court "adopt[ed] in full Defendants' proposed schedule for litigation in this action." (ECF No. 5932, at 2.) Both Plaintiff and Defendants then subpoenaed documents from *and* deposed a Rule 30(b)(6) representative of Plaintiff's financial adviser, Santander Asset Management LLC, which purchased the

The Honorable Charles R. Breyer                                                                -2-

bonds on behalf of Plaintiff.  Santander's witness (its Chief Compliance Officer) testified that Santander had no evidence that its personnel had read or relied upon the offering memorandum at issue before purchasing bonds for Plaintiff, and that Santander was not obligated to have done so.[1]  More than a month after the Santander deposition, Defendants timely moved for summary judgment.  Plaintiff did not serve further discovery (for example, subpoenaing three former Santander traders) until *after* Defendants had filed their summary-judgment motion.  (*See* ECF No. 6775-16 (Defs. Unredacted Reply in Support of Mot. for Summary Judgment), at 15-18.)

            Nor has Plaintiff shown that additional discovery would preclude summary judgment here.  Plaintiff seeks to depose three former Santander traders (Letter, at 2), all of whom already made clear what they would say if subjected to a deposition.  After being subpoenaed, former Chief Investment Officer Paul Hopgood and former Senior Portfolio Analyst Jaime Pandal stated in sworn declarations that they do not recall the purchase of the bonds at issue in this case, while former Portfolio Manager Jesus Mattei stated through counsel that he was not involved in that trade.  (*See* Exs. A-C hereto, previously submitted in support of Defendants' summary judgment reply at ECF Nos. 6775-17 – 6775-19.)  None of these witnesses can testify that "he was aware of a company's statement and engaged in a relevant transaction . . . based on that specific misrepresentation."  *Erica P. John Fund, Inc.* v. *Halliburton Co.*, 563 U.S. 804, 810 (2011).  There is no reason to delay this case further for such futile depositions.

            This Court has repeatedly held that the *Basic* fraud-on-the-market presumption cannot apply here, because "Plaintiff purchased the bonds at issue at a time when the bonds were not 'actively traded' on a 'well-developed market.'"  *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, 328 F. Supp. 3d 963, 970 (N.D. Cal. 2018); *see In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, 2018 U.S. Dist. LEXIS 34873. at *361-62 (N.D. Cal. Mar. 2, 2018) (following courts that "declined to apply *Basic* in cases involving newly issued securities," stressing that Plaintiff "faces a heavy burden to plausibly allege that there was an efficient market for newly issued VWGoAF bonds").

---

[1] (*See, e.g.,* ECF No. 6775-2 (Santander 30(b)(6) Dep. Tr.), at 89-91 (Santander traders were under no "requirement to read . . . the complete offering document," and its corporate representative could not "testify if they read it" because "I don't have that evidence"); *id.* at 106-07 (Santander had "three bound copies of the final offering document" in its files, but its witness could not "testify it they were read by the team members"); *id.* at 142-43 (Santander had no record of when the offering memorandum was received, but "the business practice" is that bound copies "are received by mail after the issue is finalized").)

The Honorable Charles R. Breyer                                                    -3-

To try to get a second bite at the proverbial apple, Plaintiff now claims that it is "entitled to the fraud-on-the-market presumption of reliance," because "discovery produced by Santander" reveals that "Plaintiff purchased Volkswagen Bonds both in the secondary market and the initial offering." (Letter, at 1.)  This is wrong as a matter of law. "[T]he [*Basic*] presumption of reliance is available only when a plaintiff alleges that a defendant made material representations or omissions concerning a security that is actively traded in an 'efficient market,' thereby establishing a 'fraud on the market.'"  *Binder* v. *Gillespie*, 184 F.3d 1059, 1064 (9th Cir. 1999).  That market also must be "impersonal" and "well-developed."  *Basic Inc.* v. *Levinson*, 485 U.S. 224, 247 (1988).  Plaintiff's purchase did not occur in such a market.  Rather, the evidence shows that Santander negotiated to buy unissued VWGoAF bonds directly from JPMorgan, in the first secondary transaction in those bonds.  (*See* ECF No. 6775-16 (Defs. Unredacted Reply), at 14-15.) At this late date, there is no reason to make Defendants waste more time and money conducting more expert discovery, drafting a "renewed motion for summary judgment," *and* responding to "Plaintiff's revised motion for class certification," before summary judgment is decided (Letter, at 3), much less requiring this Court to decide yet another class certification motion and summary judgment motion.

Finally, in approving VWGoAF's settlement with the SEC, which provides for a $48,750,000 fund for affected investors, this Court found that "the Proposed Final Judgment is in the public interest, as the SEC has secured injunctive and monetary relief, and the funds will be redistributed to the affected investors … without the time and expense of a trial." (Case No. 19-cv-1391, ECF No. 136 (Order Granting Agreed Motion for Entry of Final Judgment), at 3-4.)  Plaintiff offers no evidence that the SEC will *not* compensate Plaintiff or other affected investors.  (*Cf.* Letter, at 2-3 (criticizing Defendants for not offering "evidence" that Plaintiff, with an alleged loss of approximately $67,000, will be "fully paid" by SEC).)

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.


(Attachments)

cc:     Counsel of record (via ECF)