NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, <br><br>------------------------------ <br><br> SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL, <br><br>    Plaintiffs-Appellees, <br><br>  v. <br><br> WESLEY VINCENT LOCHRIDGE, class member, <br><br>    Objector-Appellant, <br><br>  v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., *et al.*, <br><br>    Defendants-Appellees. | No.  22-16898 <br><br> D.C. No. 3:15-md-02672-CRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 10, 2024\*\*
San Francisco, California

Before: TASHIMA, GRABER, and SUNG, Circuit Judges.

Objector Wesley Lochridge appeals the district court's approval of the class settlement entered into between Plaintiffs and Defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291 and dismiss this appeal as moot.

When circumstances following an appeal may render a case moot, we consider mootness in the first instance. *See Bain v. Cal. Tchrs. Ass'n*, 891 F.3d 1206, 1211–12 (9th Cir. 2018). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1134 (9th Cir. 2004). We may consider evidence submitted on appeal to evaluate mootness. *See Camreta v. Greene*, 563 U.S. 692, 710–11 (2011).

Plaintiffs have met their burden to show that Lochridge's appeal is moot because, while this appeal was pending, Lochridge released Defendants of any and all claims he could bring against them. Undisputed evidence shows that Lochridge received and cashed a check from Defendants in payment for his settlement claim. Section 10.6 of the Settlement Agreement states that "[e]ach Class Member who

---

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

receives a Settlement Benefit . . . shall, as a precondition to receiving such payment, be required to agree to an Individual Release of their claims." Further, the Settlement Agreement provides that "[t]he Individual Release will be effective upon acceptance of the Settlement Benefit and shall remain effective even if the Final Approval Order is reversed and/or vacated on appeal, or if this Class Action Agreement is abrogated or otherwise voided in whole or in part." *See Edgar v. Hitch*, 294 P.2d 3, 5 (Cal. 1956) (stating that, under California law, which controls the interpretation of the Settlement Agreement here, the cashing of a check suffices to show agreement and acceptance of release). Thus, by accepting the settlement payment, Lochridge effectuated the Individual Release. And, because the Individual Release remains in effect even if the settlement approval is "reversed and/or vacated on appeal," there is no relief we can provide.

Lochridge raises several counter-arguments, but none is persuasive. First, he argues that if he prevails on appeal, the Individual Release would be undone. He claims that *Low v. Trump University, LLC*, 881 F.3d 1111 (9th Cir. 2018), dictates that outcome. But *Low* is distinguishable. Although the *Low* objector "submitted a settlement claim," *Id.* at 1117 n.3, she did not receive and cash a check in settlement of that claim, *see id.* at 1116–17. Accordingly, *Low* did not address the mootness issue presented here. Relatedly, nothing in *Low* contemplated a release, like the one at issue here, which explicitly states that the release remains effective

3

even if the related settlement agreement is vacated. Second, Lochridge repeatedly insinuates that class counsel acted improperly by directing the Claims Administrator to contact Lochridge directly, and not contacting Lochridge's counsel. But Lochridge presents no evidence to this effect, and an affidavit from the Claims Administrator states that she processed Lochridge's claim like any other, and mailed Lochridge's check to the address Lochridge provided on his claims form. Without contrary evidence, we cannot credit Lochridge's allegations. Finally, Lochridge argues that he properly rescinded his Individual Release. Although Lochridge appears to have followed the proper procedure for recission, he does not show that he had a valid basis for recission. Under California law, a party seeking recission must show that consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence." Cal. Civ. Code § 1689(b)(1). Lochridge does not argue that any of those grounds for recission exists, and the evidence does not demonstrate otherwise.

**DISMISSED**.