JOHN MAHAN (CSB NO. 178497)
SOCIAL RIGHTS LAW
PO BOX 117
MORRO BAY, CA 93442
(805) 458-0417
JMAHAN@SOCIALRIGHTSLAW.COM

For Class Member MARIA CHRISTIANSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY

---

This Document Relates to:

**Porsche Gasoline Litigation**

*Christiansen v. Volkswagen AG, et al.* (Notice of Related Case – Docket 8115)

MDL No. 2672 CRB (JSC)

**WRIT RESPONDENT/CLASS MEMBER MARIA CHRISTIANSEN'S SECOND RETURN TO THE WRIT**

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**COMES NOW**, Writ Respondent/Class Member, MARIA CHRISTIANSEN, and returns to the writ for a second time.

On June 17, 2024, the Orange County Superior Court Case issued an Order sustaining CHRISTIANSEN'S Objections to the Declaration of Abtin Amir and ordering CHRISTIANSEN to pay costs to PORSCHE CARS OF NORTH AMERICA, NEWPORT AUTO CENTER and PORSCHE OF NEWPORT BEACH'S (hereinafter Defendants). (Please See Exhibit 1)

On June 24, 2024, CHRISTIANSEN provided to Defendants' Counsel a cashier's check for these Orange County Superior Court costs.

Respectfully Submitted:

Dated: 7-2-24

SOCIAL RIGHTS LAW

By: ______________________

JOHN MAHAN, SOCIAL RIGHTS LAW, Attorneys for MARIA CHRISTIANSEN

**Exhibit 1**

PORSCHE GASOLINE LITIGATION

*Christiansen v. Volkswagen AG et al*

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 06/03/2024 TIME: 02:00:00 PM DEPT: C23

JUDICIAL OFFICER PRESIDING: David J. Hesseltine
CLERK: R. Burns
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: D. Muldoon

CASE NO: **30-2022-01267021-CU-PA-CJC** CASE INIT.DATE: 06/28/2022
CASE TITLE: **Christiansen vs. Volkswagen AG**
CASE CATEGORY: Civil - Unlimited CASE TYPE: PI/PD/WD - Auto

---

EVENT ID/DOCUMENT ID: 74141200

**EVENT TYPE:** Motion to Strike or Tax Costs
MOVING PARTY: Newport Auto Center, Porsche Newport Beach, Porsche Cars North America, Inc.
CAUSAL DOCUMENT/DATE FILED: Motion to Strike or Tax Costs, 11/03/2023

---

EVENT ID/DOCUMENT ID: 74299739

**EVENT TYPE:** Motion to Strike or Tax Costs
MOVING PARTY: Maria Christiansen
CAUSAL DOCUMENT/DATE FILED: Motion to Strike or Tax Costs, 10/23/2023

---

**APPEARANCES**
Maria Christiansen, Plaintiff, present remotely.
Teanna L Buchner, Specially Appearing, from Goldberg Segalla LLP, present for Defendant(s) remotely.
Abtin Amir, from The Law Office of Abtin Amir, PC, present for Defendant(s) remotely.

---

Hearing held, all participants appearing remotely.

Court having read and considered the moving papers, opposition and reply, and having heard oral argument, the Court now adopts, the tentative ruling as posted via the internet. The Court's final ruling is as follows:

**<u>MOTION TO TAX COSTS(x2)</u>**:

Before the court are the following two motions: (1) the motion of plaintiff Maria Christiansen (Plaintiff) to strike the costs of defendants Porsche Cars North America, Inc., Newport Auto Center, and Porsche of Newport Beach (collectively, Defendants), and (2) Defendants' motion to strike Plaintiff's memorandum of costs. As set forth below, Plaintiff's motion is **DENIED** and Defendants' motion is **GRANTED**.

Plaintiff asserts Defendants' motion is untimely. California Rules of Court, rule 3.1700(b) establishes a 15-day time limit for service and filing of a motion to strike or tax costs. That rule, however, clearly states the time runs from "service of the cost memorandum." (Cal. Rules Ct., rule 3.1700(b)(1).) As there is no proof of service on file for Plaintiff's cost memorandum, there is no indication Defendants' filing on November 3, 2023, was untimely. (See ROA 221, 239.) Accordingly, the court will address the merits.

As a preliminary matter, Plaintiff's objections to the declaration of Abtin Amir are not challenged and are **SUSTAINED**.

Pursuant to Code of Civil Procedure section 1032(b), "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

Both Plaintiff's motion and Defendants' motion boil down to the question of who the prevailing party in this case is. Code of Civil Procedure section 1032(a)(4) provides the following definition: "'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."

Plaintiff asserts she has prevailed, as she has recovered monetary and nonmonetary relief under the class action settlement agreement in the federal case. Defendants argue they are the prevailing parties in the present action, as they have been dismissed with prejudice, with Plaintiff taking nothing in return.

Plaintiff does not, and cannot, argue Defendants do not qualify as a prevailing party under the provisions of Code of Civil Procedure section 1032(a)(4), which states a prevailing party includes "a defendant in whose favor a dismissal is entered", but asserts she has received a net monetary recovery and other relief against Defendants in the federal action.

Her argument the dismissal of the appeal in the federal case indicates she prevailed in the present case is confusing. Plaintiff acknowledges she is bound by the settlement agreement, and she was required to dismiss the present case with prejudice under Section 10.7, which states class members who did not opt out but who already had initiated actions covered by the agreement "shall cause such suit, action, or proceeding to be dismissed with prejudice." (See Decl. of Mahan, Exhibit 2, Section 10.7.) It does not follow that her dismissal of her appeal and acceptance that she was bound by the Class Action Settlement Agreement which requires her to dismiss this action with prejudice somehow equates with prevailing in the present action. Plaintiff has provided no authority to suggest recovery in a separate action that bars recovery in the present action qualifies her as the prevailing party or negates Defendants' qualification as a prevailing party. Accordingly, Defendants are the prevailing party as dismissed defendants from whom plaintiff has not recovered any relief, under Code of Civil Procedure section 1032(a)(4).

As to arguments on the Class Action Settlement Agreement, Defendants assert they are entitled to costs under the terms that entitle a Released Party to recover costs and expenses if a class member "commences, files, initiates, or institutes any new legal action." (See Decl. of Mahan, Exhibit 2, Section 10.7.) It is clear the present action was filed prior to even the preliminary approval of the Class Action Settlement containing the release. As such, the term entitling Defendants to costs under the settlement agreement does not apply to the present case. Plaintiff argues Defendants are barred from recovering costs under the Settlement Agreement as the released parties "absolutely and unconditionally release and forever discharge . . . Class Members . . . from any and all claims relating to the institution or prosecution of the Action." (Decl. of Mahan, Exhibit 2, Section 10.14.) The agreement, however, clearly defines the "Action" as "the coordinated class actions however named… and designated as related to the Porsche Gasoline Litigation." (Decl. of Mahan, Exhibit 2, Section 2.1.) The release does not discharge class members form claims relating to other actions besides the class action itself.

As discussed above, Defendants are the prevailing parties in the present action, and Plaintiff has not shown any grounds that bar Defendants from mandatory recovery of costs. Accordingly, Plaintiff's motion to strike is **DENIED** and Defendants' motion to strike is **GRANTED.**

CASE TITLE: Christiansen vs. Volkswagen AG CASE NO: **30-2022-01267021-CU-PA-CJC**

Defendants' counsel is ordered to give notice.

DATE: 06/03/2024
DEPT: C23
MINUTE ORDER
Page 3
Calendar No.