Ira M. Levin
    ilevin@burkelaw.com, *pro hac vice*
Danielle J. Gould
    dgould@burkelaw.com, *pro hac vice*
Joshua J. Cauhorn
    jcauhorn@burkelaw.com, *pro hac vice*
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Telephone:      312.840.7000
Facsimile:      312.840.7900

*Attorneys for Plaintiffs*
ICONIC MOTORS, INC. d/b/a ELGIN VOLKSWAGEN
SLEVIN CAPITAL INVESTMENTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products Liability Litigation*<br><br>This document relates to:<br>17-cv-3185-CRB | LEAD CASE No. 15-md-02672- CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' (1) MOTION TO REMAND OR, IN THE ALTERNATIVE, FOR A SUGGESTION OF REMAND, (2) MOTION TO STAY BOSCH'S SUMMARY JUDGMENT MOTION OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**<br><br>by Plaintiffs:<br><br>Iconic Motors, Inc. d/b/a Elgin Volkswagen and Slevin Capital Investments, Inc.<br><br>Date:      TBD<br>Time:      TBD<br>Judge:   Hon. Charles R. Breyer |

Lead Case No. 15-md-02672-CRB

MEMORANDUM OF P&A IN SUPPORT OF PLAINTIFFS' (1) MOTION TO REMAND OR, IN THE
ALTERNATIVE, FOR A SUGGESTION OF REMAND, AND (2) MOTION TO STAY BOSCH'S
SUMMARY JUDGMENT MOTION OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME

## I.   <u>ISSUES PRESENTED</u>

### A.   Whether This Case Should be Remanded to the Northern District of Illinois.

This case is about Volkswagen Group of America, Inc.'s and Volkswagen Aktiengesellschaft's (collectively "VW") fraudulent scheme with Robert Bosch, LLC and Robert Bosch GmbH (collectively "Bosch"), which was misrepresented to, and materially omitted from, Slevin Capital Investments, Inc. ("SCI") in order to induce it to spend millions of dollars to purchase land in Illinois and to construct a unique and customized dealership facility subject to VW's specific direction and requirement that opened as Iconic Motors, Inc. d/b/a Elgin Volkswagen ("Elgin VW") (collectively with SCI, the "Iconic Plaintiffs"). Specifically, VW made misrepresentations to, and omitted information from, the Iconic Plaintiffs regarding VW's fraudulent scheme with Bosch to manufacture vehicles equipped with a device to defeat emissions testing in the United States. If the Iconic Plaintiffs had known about the fraudulent scheme, the investment in the land and building, and the dealership itself, never would have happened.

From the time of the transfer of this case from the Northern District of Illinois—where the dealership is located and the lawsuit was filed—to this multi-district litigation ("MDL"), the Iconic Plaintiffs have repeatedly highlighted the unique nature of their claims, including in their first motion to remand, which this Court denied without prejudice in June 2018. Six years later, the Iconic Plaintiffs have resolved their claims against VW and the only lawsuit remaining against Bosch is this one, mooting the existence of any coordinated proceedings for the parties to participate in. In addition, common discovery is on the precipice of substantial completion while, at the same time, significant case-specific discovery and issues remain that should be conducted before the home court to which this matter will necessarily be remanded at some point. Given these circumstances, this case is ripe for remand to the Northern District of Illinois now.

### B.   Whether this Court Should Stay Briefing and Ruling on Bosch's Recently Filed Motion for Summary Judgment.

The Iconic Plaintiffs also move to stay briefing on Bosch's recently (and prematurely) filed Motion for Summary Judgment (the "Bosch MSJ") addressing only the Iconic Plaintiffs' damages and not any issue common to the MDL. Not only is the Bosch MSJ effectively a second motion to

dismiss in disguise given that it is virtually identical to the motion Bosch filed six years ago and this Court denied, it appears that Bosch filed the MSJ to prevent an obvious trigger for remand of this case—the substantial completion of common discovery. Specifically, having already conducted significant discovery common to the MDL, in February 2024, the Iconic Plaintiffs served requests for admission on Bosch with the intention of simplifying and bringing to substantial completion any common discovery in this case. While Bosch failed to respond to a significant number of the requests to admit, its counsel sought to negotiate a stipulation in lieu of further response. That particular Bosch attorney left his firm in July 2024 and stopped working on this litigation. When the Iconic Plaintiffs' counsel inquired about the stipulation to other Bosch counsel, they were met with delay and then the out of the blue filing of the Bosch MSJ. Upon filing, Bosch counsel unilaterally announced they were not going to address the requests for admission further until after ruling on the Bosch MSJ. Given Bosch's tactics and that the Iconic Plaintiffs would have filed a motion to remand upon resolution of the requests for admission, the Iconic Plaintiffs respectfully request that this Court stay briefing on Bosch's MSJ pending resolution of this motion to remand.[1]

## II.   STATEMENT OF MATERIAL FACTS "SMF"

On May 18, 2017, the Iconic Plaintiffs filed a complaint in the U.S. District Court for the Northern District of Illinois against VW and Bosch, alleging damages resulting from the fraudulent conspiracy perpetrated on the Iconic Plaintiffs through, *inter alia*, numerous misrepresentations and material omissions made by VW to induce the Iconic Plaintiffs to do business with VW, when in reality VW was a company engaged in an extensive fraudulent scheme with Bosch to manufacture vehicles equipped with a device to defeat emissions testing in the United States. [*E.g.,* N.D. Ill. 1, ¶¶ 3-6, 192-196.][2]

---

[1] In the alternative, the Iconic Plaintiffs request a fair and reasonable amount of time to address the Bosch MSJ.

[2] "N.D. Ill." refers to the docket in Case No. 1:17-cv-03728 filed in the U.S. District Court for the Northern District of Illinois.

VW induced the purchase of land and the investment of millions of dollars to acquire and construct a new VW-approved, state-of-the-art facility that never would have happened, had the Iconic Plaintiffs known about fraudulent acts and conspiracy engaged in by VW and Bosch. [*E.g.,* N.D. Ill. 1, ¶¶ 187-205.] Significant and varied damages to the Iconic Plaintiffs resulted because of VW and Bosch's fraudulent conspiracy. [*E.g.,* N.D. Ill. 1, ¶¶ 8, 274, 347, 359, 373, 383-384, 393.]

On May 31, 2017, the JPML issued Conditional Transfer Order 102 and transferred the matter to this Court, [Dkt. 3295.] with the assigned case number 3:17-cv-03185-CRB. On July 20, 2017, this Court issued Pretrial Order No. 23, which provides that "Plaintiffs choosing to file a motion to remand shall do so on or before August 11, 2017," [Dkt. 3481.], and the Iconic Plaintiffs filed a motion to remand in accord with this order. [Dkt. 3644.]

While the parties briefed the motion to remand, [Dkt. 3644, 4232, 4468], the parties also negotiated a stipulation to remand, but disagreed as to details regarding coordinated discovery. [Dkt. 5079-2 at 2.] On June 15, 2018, this Court addressed remand, stating:

> While the parties have tentatively agreed or they seem to agree on a remand, I'm not at all sanguine about that possibility at this point. I understand the remand isn't really a jurisdictional -- based upon a jurisdictional argument. It's based upon, sort of, a convenience of the parties and let's let the transferor judge go through all of these things. Well, I look upon these things as, who are you going to burden? You know, Court A? Court B? And, for better or for worse, I have chosen to be burdened on it, to relieve in some measure the burden on my colleagues. **And I don't think a remand, at this point, on that basis, would accomplish that. So I'm not going to address that remand at this point. The argument basically is, these cases were assigned to me for all pretrial purposes until it kicks in for a trial and so forth. And that's the efficiency argument. It's an efficiency. And, therefore, I don't want to address the remand at this time because it seems to me -- I address it. I deny it, but without prejudice to it being raised at some further point if it seems really in the best interest, in terms of the efficiency of the parties, to send it off from whence it came**, if that's the correct grammatical word.

[Dkt. 5103 at 5-6] (emphasis added).

On June 29, 2018, the Iconic Plaintiffs filed their First Amended Complaint (the "FAC"), including claims against Bosch for RICO violations and civil conspiracy based on fraud under Illinois law. [Dkt. 5117.] On August 28, 2018, VW and Bosch filed motions to dismiss against the Iconic Plaintiffs. [Dkt. 5273.] Bosch argued the Iconic Plaintiffs: 1) fail to allege actual injury to

"business or property" sufficient to sustain a RICO claim; 2) fail to identify a purported injury that was the "first step" from the alleged RICO fraud; and 3) fail to allege a civil conspiracy claim under Illinois law based on RICO causation arguments. [*Id.*]

On September 27, 2018, the Iconic Plaintiffs settled their claims with VW and dismissed these defendants. [Dkt. 5365.]

On December 6, 2019, the Court granted Bosch's motion for summary judgment against the putative class of dealership plaintiffs—which did not include Elgin VW or SCI (a non-dealer plaintiff)—finding that those plaintiffs failed to prove RICO proximate cause and damages, and similar damages under local civil conspiracy [Dkt. 6956.] However, on January 14, 2020, the Court denied Bosch's motion to dismiss the FAC, distinguishing the damages sought by the Iconic Plaintiffs from the dealership class's alleged damages theories. [Dkt. 7031.] The Court, understanding that the Iconic Plaintiffs' claims for damages against Bosch were unique from the putative dealer class damage theories, ruled as follows:

> The Bosch defendants' argument does not take into account that for two years prior to the EPA's first notice of violation, the Iconic Motors plaintiffs spent millions of dollars to construct a dealership that was customized to Volkswagen's branding requirements. Plaintiffs made this investment without any knowledge of the defeat-device scheme, and they allege that they would not have made the investment had they known about the scheme.

[*Id.*]

On January 28, 2020, Bosch filed their Answer and Affirmative Defenses to the FAC. [Dkt. 7071.] On February 18, 2020, the Iconic Plaintiffs filed a motion to strike certain of Bosch's affirmative defenses, [Dkt. 7174], which was resolved by stipulation. [Dkt. 7319.]

In early 2020, the Iconic Plaintiffs and Bosch commenced written discovery. [Decl. of Joshua J. Cauhorn ("Dec. of JJC").] During the years of the pandemic, the parties engaged in numerous discovery conferences and communications, including for the Iconic Plaintiffs to obtain copies of approximately thirty (30) deposition transcripts of VW and Bosch personnel to avoid duplicating deposition efforts on common and coordinated discovery, including the depositions of Bosch's corporate representatives, Dr. Wolfgang Klenk, Rene Lender, Alfredo Barona, and Stefan Seiberth, taken in October and November 2019. [*Id.*, ¶6.]

On February 2, 2024, the Iconic Plaintiffs issued their First Set of Interrogatories and their Requests for Admission to Bosch. [*Id.*, ¶7.] One purpose of these requests was to simplify and/or avoid depositions of additional Bosch personnel and to substantially complete discovery on coordinated and common issues in the MDL.

On April 12, 2024, Bosch provided its written responses (through Attorney Tschida), however, it failed to answer a many of the requests for admission. [*Id.*, ¶7.] After initial communications, on May 20, 2024, the Iconic Plaintiffs (through Attorney Cauhorn) issued a Rule 37 letter to Bosch, outlining the many deficiencies in Bosch's responses, including 300+ non-responsive answers and/or improper objections. [*Id.*, Ex. A.] Attorneys Cauhorn and Tschida subsequently engaged in a series of five conferences during which they discussed a stipulation to address many of the outstanding requests for admission. [*Id.*, Ex. B.]

On July 16, 2024, Attorney Cauhorn discussed the draft stipulation with Attorney Tschida, who responded on July 20, 2024 that he was leaving his law firm, and that the proposed stipulations should be sent to Carmine Boccuzzi. [*Id.*] Attorney Cauhorn emailed Attorney Boccuzzi regarding the proposed stipulations accordingly. [*Id.*, Ex. C.]

On August 8, 2024, another attorney for Bosch, Patrick Swiber, responded to Attorney Cauhorn, and claimed to be reviewing the draft stipulations. [*Id.*] After three weeks passed, Attorney Cauhorn sought an update from Attorney Swiber, who did not respond. [*Id.*] After another two weeks passed, on September 9, 2024, Attorney Cauhorn inquired again to Attorney Swiber to no response. [*Id.*]

On September 11, 2024, Bosch filed the Bosch MSJ. [Dkt. 8227.] Bosch did not confer with the Iconic Plaintiffs prior to scheduling a hearing date 37 days later, on October 18, 2024. Also, on September 11, 2024, Attorney Swiber finally responded to Attorney Cauhorn, stating that Bosch was unilaterally halting further response to the requests to admit, including addressing the stipulations, because it had filed the Bosch MSJ. [Dec. of JJC, Ex. D.]

In the Bosch MSJ, Bosch repeats the identical damages arguments to those raised in their August 18, 2018 Motion to Dismiss and continues to claim that the Iconic Plaintiffs seek the same damages as those sought by the dealer class, [*compare* Dkt. 8227 *with* Dkt. 5272], which is an

argument already rejected by this Court [Dkt. 5272]. Telling, Bosch acknowledges in the Bosch MSJ that this litigation is "the last active matter pending against them in this MDL." [Dkt. 8227 at 3.] With no other matters active against Bosch, and the Iconic Plaintiffs having resolved their claims against VW, there are no cases for the Iconic Plaintiffs to coordinate with in this MDL.

While common discovery is substantially completed in this case, there is remaining case-specific discovery, largely focused in Illinois. [Dec. of JJC, ¶14.] No depositions have proceeded, including of William Slevin or current and/or former employees of Elgin VW and SCI. [*Id.*] The Iconic Plaintiffs allege diminished property value, and this subject property is located in Illinois. [*E.g.,* Dkt. 5117, ¶¶6, 232-244, 311-312, 415, 441, 452, 461.] In the Bosch MSJ, Bosch cites two appraisals of the subject property that took place in 2014 and 2018. [Dkt. 8227, at 8-9.] The certified appraisers who authored the 2014 appraisal are Paul D. Conn and Clayton P. Conn, both of whom, upon information and belief, reside in Illinois. [Dec. of JJC, ¶14.] The certified appraisers who authored the 2018 appraisal are Arthur J. Murphy, Arthur J. Murphy III, and Christopher M. Strama, all of whom, upon information and belief, reside in Illinois. [*Id.*] There is also the case-specific discovery of VW witnesses from the Midwest Region who engaged directly with the Iconic Plaintiffs and have evidence relevant to the Iconic Plaintiff's claims and unique bases for damages here that remains to be done. [*See Id.*, Ex. E (identifying Gordon Munroe, Merriman King and John "Skip" Redman).]

The parties have also not yet engaged in any expert discovery, which is expected to focus predominantly on the Iconic Plaintiff's damages, which is individual and unique to the Iconic Plaintiffs and not common or coordinated discovery. [*Id.*, ¶15.]

### III.   ARGUMENT

### A.   THE ICONIC PLAINTIFFS MOVE TO REMAND THIS CASE BACK TO THE NORTHERN DISTRICT OF ILLINOIS.

#### 1.   Standard of Review

The power to remand a case to the transferor court lies solely with the JPML Panel. *In re Roberts*, 178 F.3d 181 (3d Cir. 1999). *See also* 28 U.S.C. § 1407(a). The purpose of Section 1407 is to provide centralized management under court supervision of pretrial proceedings of

-6-

multidistrict litigation to assure just and efficient conduct of such actions. *In re New York City Mun. Sec. Litig.*, 572 F.2d 49 (2d Cir. 1978).

Although the Panel alone is vested with authority to remand a case, it "has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350, 1352 (J.P.M.L. 2001). Under 28 U.S.C. § 1407(a), each transferred action "shall be remanded by the [P]anel **at or before** the conclusion of [coordinated or consolidated] pretrial proceedings to the district from which it was transferred[.]" (emphasis added). Section 1407 does not require that a "transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel[.]" *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977).

"The decision whether to remand a case or claim turns on the totality of circumstances involved in that docket." *In re Juul Labs, Inc.*, 2023 U.S. Dist. LEXIS 102206 (N.D. Cal) *quoting Prescription Drugs*, 170 F. Supp. 2d at 1352 (internal quotations omitted). If remand "would best serve the convenience of the Parties," remand is proper. *Canter v. Midland Credit Mgmt.*, 2017 U.S. Dist. LEXIS 101433 (S.D. Cal). In addition, "[w]hen centralized pretrial proceedings have run their course," remand is appropriate. *Prescription Drugs.*, 264 F. Supp. 2d at 1376. Once coordinated or consolidated pretrial proceedings have been completed in the transferee court, the transferred cases must be remanded to their original courts (whether for trial or otherwise). *In re Conseco Life Ins. Co.*, 2017 U.S. Dist. LEXIS 134303 (N.D. Cal), *citing Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998).

> **2.     The Coordinated and Consolidated Pretrial Proceedings Have Run Their Course and Judicial Efficiency Promotes Remand.**

The totality of the circumstances warrants remand because any coordinated or consolidated pretrial proceedings are either moot or have already been completed. *See In re Conseco Life Ins. Co.*, 2017 U.S. Dist. LEXIS 134303 (N.D. Cal). In *Conseco*, the court suggested remand after concluding that the purposes behind transferring the action to the MDL had been served. *Id.* The

court found it persuasive that: (1) the action subject to remand was the sole remaining action in the MDL, and (2) no further pretrial motions raising common questions remained for the court to resolve. *Id.*

These same critical factors are triggered here: (1) the Iconic Plaintiffs' litigation against Bosch is the sole remaining action in the MDL against Bosch, and VW has long ago been dismissed from this litigation, [SMF at 6:1-4]; and (2) matters common to the MDL are not pending before this Court given that common discovery is substantially complete and the pending Bosch MSJ addresses case-specific damages issues [SMF at 6:5-21.]. *See Conseco*, 2017 U.S. Dist. LEXIS 134303 ("the Panel has the discretion to remand a case when everything that remains to be done is case-specific") (*quoting In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)); *see also* 28 U.S.C. § 1407(a) (remand may occur at or before conclusion of coordinated or consolidated pretrial proceedings). Moreover, the present case is arguably riper for remand than *Conseco* given the amount of case-specific discovery that remains in the jurisdiction where the case was originally filed – the Northern District of Illinois. [SMF at 6:5-21.] Judicial efficiency, convenience of the parties, and the efficiency of remaining discovery all point towards remand to Illinois. Instructive on this issue is the Court's recommendation for remand in *Canter v. Midland Credit Mgmt.*, 2017 U.S. Dist. LEXIS 101433 (S.D. Cal).

In *Canter*, the two remaining causes of action that the plaintiffs had in the MDL included one federal action and one Florida-state action. *Id.* All of the remaining discovery pertaining to the federal action was based on events that took place in Florida. *Id.* The *Canter* Court reasoned that, "[a]ny remaining discovery in the MDL will not be relevant—or will have minimal relevance—to Plaintiffs' remaining claims" and the Southern District of Florida would be better suited to address conduct committed in Florida, Florida state law and parties and witnesses located in Florida. *Id.* Thus, "remand would be in the interests of judicial efficiency." *Id.*

Here, the vast majority, if not all, remaining discovery will take place in Illinois and surrounding areas, [SMF at 6:5-21] and like *Canter*, the Northern District of Illinois is better equipped to adjudicate substantive matters of Illinois state law. This matter involves the purchase of land, the construction of a dealership, and the business of a dealership (and its personnel) all

located in Illinois. [*Id.*] In addition, third-party witnesses also are generally located in and around Illinois and the Midwest, including contractors involved with the construction of the dealership facility, consultants with knowledge related to costs and expenses to construct the dealership facility and purchase the property, the real-estate appraisers of the subject property, and VW representatives who engaged directly with Mr. Slevin and personnel of the Iconic Plaintiffs. [*Id.*]

Six years ago, Bosch was prepared to stipulate to remand, with its only hang up being common, coordinated discovery. [*Id.* at 3:11-23.] Now, there is no multi-district litigation to coordinate as to Bosch and regardless, in the last six years, extensive common discovery has been accomplished. [*Id.* at 4:21-28.] Today, outside of the completion of the requests for admission delayed only by Bosch, [*Id.* at 5:5-25], common discovery is substantially complete, and the time is ripe for remand. Consistent with the purpose of Section 1407, the discovery conducted to date, the status of the parties remaining, the extensive case-specific discovery remaining, and the interests of judicial efficiency, support remand of this case back to the Northern District of Illinois.

**B.   THE ICONIC PLAINTIFFS MOVE THIS COURT TO STAY BRIEFING ON THE BOSCH MSJ.**

Bosch filed the Bosch MSJ prematurely, effectively rehashing the exact same arguments raised in their motion to dismiss and previously rejected by this Court. It appears that Bosch did so to delay responding to requests to admit served seven-months ago and the inevitable motion to remand triggered not only because there are no more multi district litigations to coordinate as to Bosch, but also because of the substantial completion of discovery common to the purpose of this MDL. [*Id* at 6:5-21.] In fact, after months of conferring on the requests to admit and seeking resolution through a stipulation with one Bosch attorney who left his firm, another Bosch attorney stepped in and delayed communications with the Iconic Plaintiffs' counsel regarding the stipulations for approximately five weeks, only to file the Bosch MSJ (without conferring with the Iconic Plaintiffs' counsel before setting the fastest possible date on the motion)[3] and unilaterally

---

[3] Civil L.R. 7-2 states that "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion. The sole comment in Section 7 of the local rules emphasizes that "[f]or complex motions, **parties are**

-9-                                    Lead Case No. 15-md-02672-CRB

declare that Bosch would no longer be addressing the request for admission (served in February 2024) until decision on the Bosch MSJ. [*Id.* at 5:5-25.]

Rather, than condoning Bosch's unilateral stay of its own discovery obligations, this Court should stay the prematurely filed Bosch MSJ,[4] and remand the case to the Northern District of Illinois where case-specific discovery and resolution of the requests for admission can proceed. The court in *Conseco* contemplated a similar issue in whether it should resolve a fully briefed substantive motion to dismiss on personal jurisdiction, as well as numerous outstanding discovery motions, prior to remanding. *Conseco*, 2017 U.S. Dist. LEXIS 134303. The *Conseco* Court declined to do so, reasoning that "**judicial efficiency now weighs in favor of having the court that will try this case resolve any future motions**, rather than having this Court re-familiarize itself with the facts of this case only to have the case ultimately remanded for trial." *Id.*

## IV.   CONCLUSION

For all these reasons, the Iconic Plaintiffs respectfully request that this Court: (1) remand this action, or in the alternative issue a suggestion of remand of this action, to the U.S. District Court for the Northern District of Illinois, and (2) stay Bosch's Motion for Summary Judgment (including any briefing or ruling) until after ruling on this motion to remand and/or remand or, in the alternative, provide an extended time to assess case-specific discovery needed and oppose Bosch's Summary Judgment Motion. Further, Plaintiffs state that a telephonic status hearing may be beneficial to orderly procedure in this matter, and should the Court agree, Plaintiffs request that this Court set a telephonic status hearing.

---

**encouraged to stipulate to or seek a Court order** establishing a longer notice period with correspondingly longer periods for response or reply." (emphasis added)

[4] In the alternative, the Iconic Plaintiffs request a reasonable extension of time to assess discovery needed and oppose Bosch's MSJ presently set for hearing on October 17, 2024. [Dkt. 8230]

1

2    Dated: September 25, 2024                    */s/ Danielle J. Gould*

3                                                 Ira M. Levin
                                                  ilevin@burkelaw.com, *pro hac vice*
4                                                 Danielle J. Gould
                                                  dgould@burkelaw.com, *pro hac vice*
5                                                 Joshua J. Cauhorn
                                                  jcauhorn@burkelaw.com, *pro hac vice*
6                                                 BURKE, WARREN, MACKAY & SERRITELLA,
                                                  P.C.
7                                                 330 North Wabash Avenue, 21st Floor
                                                  Chicago, Illinois 60611
8                                                 Telephone:    312.840.7000
                                                  Facsimile:    312.840.7900

9
                                                  *Attorneys for Iconic Motors, Inc. d/b/a Elgin*
10                                                *Volkswagen and Slevin Capital Investments, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-                                                      Lead Case No. 15-md-02672-CRB

1

2                          **<u>CERTIFICATE OF SERVICE</u>**

3          I hereby certify that on September 25, 2024, I electronically filed the foregoing Memorandum

4  of Points and Authorities using the CM/ECF system, which will provide electronic service

5  notification to all counsel of record.

6

7

8                                              /s/ *Danielle J. Gould*
                                               DANIELLE J. GOULD, *pro hac vice*
9

10                                             Attorney for Iconic Motors, Inc. d/b/a Elgin
                                               Volkswagen and Slevin Capital Investments, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lead Case No. 15-md-02672-CRB
MEMORANDUM OF P&A IN SUPPORT OF PLAINTIFFS' (1) MOTION TO REMAND OR, IN THE
ALTERNATIVE, FOR A SUGGESTION OF REMAND, AND (2) MOTION TO STAY BOSCH'S
SUMMARY JUDGMENT MOTION OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME