# EXHIBIT A

# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

330 NORTH WABASH AVENUE
SUITE 2100
CHICAGO, ILLINOIS 60611-3607
TELEPHONE: (312) 840-7000
FACSIMILE: (312) 840-7900

JOSHUA J. CAUHORN
DIRECT DIAL NUMBER
(312) 840-7055
jcauhorn@burkelaw.com

May 20, 2024

**Via Email**

| | |
|---|---|
| Carmine D. Boccuzzi, Jr., | Zach Tschida |
| cbocccuzzi@cgsh.com | ztschida@cgsh.com |
| One Liberty Plaza | 1841 Page Mill Road, Suite 250 |
| New York, NY 10006 | Palo Alto, CA 94304 |

**Correspondence Pursuant to Federal Rule of Civil Procedure 37**

Re:   *In re: Volkswagen Clean Diesel Marketing, Sales Practices, and Products Liability Litigation*, concerning,
*Iconic Motors, Inc., et al. v. Volkswagen Group of America, Inc., et al.*, Case No. 3:17-cv-3185-CRB

Carmine and Zach:

I write pursuant to Federal Rule of Civil Procedure 37 and N.D. Cal. Local Rule 37-1 to address deficiencies in Robert Bosch LLC's and Robert Bosch GmbH's (collectively referred to herein as "Bosch") responses and objections to requests for admission ("RFAs") in the above-referenced matter. Bosch's responses and objections fail to comply with the letter and spirit of the Federal Rules of Civil Procedure. As such, Plaintiffs demand that Bosch provide proper responses to all of the RFAs by end of business on Friday, May 24, 2024. Separately, while we are not certain of what can be accomplished during a meet and confer conference beyond further demand that Bosch provide proper responses to the RFAs as required by the Federal Rules of Civil Procedure, we will engage in such a conference with you to understand your reasoning for disregarding these rules here. Please promptly advise as to when you are available for a conference this week.

## Bosch's Responses and Objections to Plaintiffs' RFAs

Many of Plaintiffs' RFAs are meant to authenticate and lay foundation for admission of documents that Bosch produced, as permitted by Fed. R. Civ. P. Rule 36 ("Rule 36"). Bosch has largely refused to answer these requests and instead offered to "meet and confer to resolve its objections." This is not a proper response. Rule 36 does not permit a party responding to requests

Carmine Boccuzzi, Jr.
Zach Tschida
May 20, 2024
Page 2

for admission to meet and confer in lieu of providing a response. Nevertheless, Plaintiffs are optimistic that Bosch will reconsider its responses and objections and supplement them to comply with Rule 36. Therefore, Plaintiffs will not assume the burden at this time to identify all of the numerous deficiencies in Bosch's responses. Plaintiffs highlight the most relevant deficiencies and will reserve their right to address others.

1. **Business Record Requests**

Bosch GmbH's[1] responses and objections to RFA Nos. 76, 77, 100, 101, 178, 179, 181, 182, 191, 192, 202, 203, 206, 207, 209, 210, 213, 214, 216, 217, 219, 220, 222, 223, 226, 227, 229, 230, 232, 233, 236, 237, 240, 241, 249, 250, 281, 282, 298, 299, 326, 327, 331, 332, 335, 336, 344, 345, 356, 257, 387, 388, 418, 419, 459, 460, 468, and 469.

The above requests ask Bosch to admit that certain identified exhibits are business records pursuant to Fed. R. Evid. 803(6). Bosch objected to the requests as being overbroad and unduly burdensome. Instead of providing an admission or denial, Bosch offered to "meet and confer to resolve its objections."

Bosch's responses are severely deficient. The Federal Rules of Civil Procedure permit a party to admit, deny, or deny for a lack of knowledge — Bosch does none of these. *See Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981). The above RFAs seek to narrow issues for trial by establishing whether Plaintiffs will need to secure testimony, likely from Germany, to admit certain documents at trial. *See Lockheed Martin Corp. v. L-3Communications Corp.*, No. 1:05-CV-902-CAP, 2007 U.S. Dist. LEXIS 101872, at *4 (N.D. Ga. Oct. 10, 2007) (holding that requests which seek to lay the foundation of admissibility of documents pursuant to a hearsay exception are proper requests under Rule 36 because it "furthers its twin purposes of facilitating proof with respect to issues that cannot be eliminated from the case and narrowing the issues for trial by eliminating those that can be."). Plaintiffs' RFAs are proper under Rule 36, and Bosch must respond with an admission or denial.

2. **Statement of Party Opponent Requests**

Bosch GmbH's responses and objections to RFA Nos. 1, 2, 5, 6, 8, 9, 14, 15, 19, 20, 25, 26, 29, 30, 34, 35, 38, 39, 42, 43, 46, 47, 51, 52, 57, 58, 71, 72, 79, 80, 83–85, 87, 88, 95, 96, 103, 104, 106, 107, 111, 112, 114, 115, 118–21, 124, 125, 130, 131, 134–37, 140–43, 147–52, 155, 156, 159, 160, 162, 163, 166, 167, 170, 171, 174, 175, 183, 184, 186, 187, 193–97, 242–47, 253, 254, 257, 258, 260, 261, 263, 264, 266, 267, 270, 271, 274–77, 285–88, 294, 295, 302, 302, 305, 306, 311–16, 319–22, 339, 340, 348, 349, 351, 352, 360, 361,

---

[1] Plaintiffs identified RFA numbers that correspond with Bosch GmbH's responses and objections to RFAs. However, this letter is meant to also address the deficient responses and objections in Bosch LLC's RFAs wherein Bosch asserted the same responses and objections.

365, 366, 368–73, 376, 377, 381–84, 391, 392, 396, 397, 400–03, 408, 409, 413, 414, 421, 422, 425, 426, 428–31, 433–38, 443–50, 453–56, and 462–65.

The above RFAs ask Bosch to: (1) admit that certain employees were employed by Bosch on specified date(s); and (2) admit that certain activities are within that employee's scope of employment. Bosch objected to the requests as "being overbroad, unduly burdensome, vague, and ambiguous because it requires Bosch [] to determine whether an individual's employment 'included or related to' an undefined subject on a specific day or dates, which is not relevant to any issue in this case." Bosch additionally objects "to the extent that it calls for information that is protected from disclosure by any law, regulation, or order" and again refuses to provide a response.

The above RFAs are highly relevant and again seek to narrow issues at trial by having Bosch admit that certain documents are excluded from being considered hearsay, which is permissible under Rule 36. To the extent Bosch contends that it is precluded from providing a response due to some law, regulation, or order, Plaintiffs request Bosch identify the law, regulation or order that prohibits a response. Otherwise, Plaintiffs demand that Bosch supplement its responses to the above RFAs.

### 3. Document Authentication Requests

Bosch GmbH's responses and objections to RFA Nos. 37, 65–69, 74, 75, 102, 128.

The above requests ask Bosch to admit that certain exhibits are either genuine or true and correct copies of correspondence. Bosch objects to the requests, asserting that the requests are overbroad, unduly burdensome, and disproportionate to the needs of the case. In support thereof, Bosch states that Plaintiffs "propounded at least 1,028 Requests on Bosch GmbH and Bosch LLC" that are "disproportionate to any legitimate need in this case." In response, Bosch again offers to "meet and confer to resolve its objections" and refused to admit or deny the requests.

Rule 36 allows Plaintiffs to serve RFAs to ascertain "the genuineness of any described documents" without any limit to the number of RFAs parties can issue. Rule 36(a)(1); *see also United States ex rel. Minge v. TECT Aero., Inc.*, No. 07-1212-MLB, 2012 U.S. Dist. LEXIS 64129, at *14 (D. Kan. May 8, 2012) (holding that 2,826 requests for admission were not excessive where "[t]he parties are painfully aware that this case is very complicated and fact intensive."); *Sequa Corp. v. Gelmin*, 91 Civ. 8675 (CSH), 1993 U.S. Dist. LEXIS 12417 (S.D.N.Y. Sep. 7, 1993) (denying motion for order relieving defendants of obligations of responding to requests for admission where nearly 90% of plaintiffs 1,441 requests simply sought "a confirmation that specified copies of checks or bank statements produced by defendants are true copies and accurately reflect the transactions that they report."). These requests are relevant for purposes of establishing whether Plaintiffs will need to prove the genuineness of certain documents at trial. These requests are certainly proportional to the needs of this case given its complexity and millions

Carmine Boccuzzi, Jr.
Zach Tschida
May 20, 2024
Page 4

    of dollars of damages sought. Plaintiffs demand that Bosch supplement its responses to either admit or deny the above requests.

4. **Bosch GmbH's Responses and Objections to RFA Nos. 59, 61–69, 75, 98–99, 188–89 256, and 289–91.**

    The above requests seek to authenticate and lay the foundation for admissibility of certain exhibits. Bosch has objected to these requests, stating that they are overbroad, unduly burdensome, and/or irrelevant. Bosch further objects to the requests stating they are vague, ambiguous, and unclear and that the requests "improperly seek [] discovery instead of attempting to narrow the issues." These boilerplate objections are improper and are continuously stricken in the Northern District of California. Moreover, the RFAs attempt to narrow the issues at trial by again attempting to determine whether Plaintiffs will need to establish genuineness or the application of a hearsay exception for documents it may present at trial. Plaintiffs demand that Bosch supplement their responses to either admit or deny the above requests.

5. **Bosch GmbH's Responses and Objections to RFA Nos. 472–78, 292, 293, 489, 492–511, and 513.**

    The above requests seek certain factual admissions from Bosch. Bosch objected to these requests stating that they are overbroad, unduly burdensome, and/or irrelevant. Bosch further objects to the requests as being vague, ambiguous, and unclear and that the requests "improperly seek [] discovery instead of attempting to narrow the issues."

    The plain language of Rule 36 permits Plaintiffs to request admission as to "facts, the application of law to fact, or opinion about either." Rule 36(a)(1). RFA Nos. 472–78, 489, 492–511, and 513 plainly seek factual admissions, and Bosch is required to answer them. Plaintiffs demand that Bosch supplement its responses with either an admission or a denial.

<u><strong>Bosch's Responses and Objections to Plaintiffs' Interrogatories</strong></u>

    Plaintiffs served six (6) interrogatories, seeking the identity of trial witnesses and factual explanation. Bosch only answered two of the interrogatories and objected to the remaining interrogatories. None of Bosch's objections are permissible under Federal Rule of Civil Procedure 33 ("Rule 33"), which requires parties to answer interrogatories "separately and fully in writing under oath." Rule 33(b)(3). Plaintiffs highlight the most glaring deficiencies apparent in Bosch's interrogatory answers, reserving their right to address others.

1. **Failure to Identify Person Answering Interrogatories and Verify Responses**

Interrogatory No. 1 asks Bosch to "identify each Person(s) answering these Interrogatories." Bosch objected to this interrogatory on the basis that it "requests information that is not required by the Federal Rules or Local Rules. In addition, Bosch also failed to verify its interrogatory responses.

Rule 33 requires interrogatories served on a corporation be answered "by any officer or agent who must furnish the information available to the party." Rule 33(b)(1). When answering interrogatories the answering party must answer "separately and fully in writing under oath" and "the person who makes the answers must sign them." Rule 33(b). "Though already required by the Federal Rules, [California] courts have ordered parties to serve verified supplemental responses, especially when previous responses were unverified." *Black Mt. Equities, Inc. v. Players Network, Inc.*, No. 3:18-cv-1745-BAS-AHG, 2020 U.S. Dist. LEXIS 77468, at **22–23 (S.D. Cal. May 1, 2020); *see also Virtue Glob. Holdings Ltd. v. Rearden LLC*, No. 15-cv-00797-JST (SK), 2016 U.S. Dist. LEXIS 63114, at **2–4, (N.D. Cal. May 11, 2016) (noting that a corporate party could not substitute its signature for its attorneys and holding that "[n]ot only must [the corporation] verify the responses under 33(b)(3), but also only [the corporation] can verify the responses for discovery directed to [the corporation.]"). Bosch is required to both identify the agent that answered its interrogatories and have that agent verify its answers, and Plaintiffs demand that they do so.

2. **Bosch GmbH Responses and Objections to Interrogatories Nos. 5 & 6.**



All of Bosch's objections are improper and impermissible under the Federal Rules. *See Vanguard Logistics v. Robinson*, No. CV 20-9880 JAK (PVCx), 2024 U.S. Dist. LEXIS 51215, at *12 (C.D. Cal. Mar. 6, 2024) ("General or boilerplate objections such as overly burdensome and harassing are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1029 (E.D. Cal. 2010) ("[T]he fact that an interrogatory calls for a legal conclusion is not grounds for an objection."). Interrogatories Nos. 5 and 6 ask Bosch to answer what its employees meant when they used certain terms. Rule 33 allows parties to obtain discovery of any nonprivileged matter related to any party's claims or defenses. Interrogatories Nos. 5 and 6 are proper, and Bosch must answer them.

Carmine Boccuzzi, Jr.
Zach Tschida
May 20, 2024
Page 6

      We can also address the deficiencies in the responses to the Interrogatories during our conference on the RFAs. Again, please promptly provide dates and times this week to confer regarding the above-identified issues.

                                              Respectfully,

                                              Joshua J. Cauhorn

Copy via email:

      Ira M. Levin
      Danielle J. Gould

4862-7107-8842