# EXHIBIT E

1   Ira M. Levin
        ilevin@burkelaw.com, *pro hac vice*
2   Danielle J. Gould
        dgould@burkelaw.com *pro hac vice*
3   Andrew D. LeMar
        alemar@burkelaw.com, *pro hac vice*
4   Eric P. VanderPloeg
        evanderploeg@burkelaw.com, *pro hac vice*
5   BURKE, WARREN, MACKAY & SERRITELLA, P.C.
    330 North Wabash Avenue, 21st Floor
6   Chicago, Illinois 60611
    Telephone:    312.840.7000
7   Facsimile:    312.840.7900

8   *Attorneys for Plaintiffs*
    ICONIC MOTORS, INC. d/b/a ELGIN VOLKSWAGEN
9   SLEVIN CAPITAL INVESTMENTS, INC.

10

11                  UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13 *IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION* | LEAD CASE No. 15-md-02672- CRB |
| 14 | **ICONIC MOTORS, INC.'S AND SLEVIN CAPITAL INVESTMENTS, INC.'S RULE 26(a)(1) INITIAL DISCLOSURES** |
| 15 This submission relates to: | |
| 16 *Iconic Motors, Inc. v. Volkswagen Group of America, Inc.*, No. 3:17-cv-3185-CRB | |
| 17 | |

18   ICONIC MOTORS, INC. d/b/a ELGIN
     VOLKSWAGEN, an Illinois corporation; and
19   SLEVIN CAPITAL INVESTMENTS, INC.,
20   an Illinois corporation

21                    Plaintiffs,
           v.
22
23   VOLKSWAGEN GROUP OF AMERICA,
     INC., a New Jersey Corporation;
24   VOLKSWAGEN AG, a German corporation,
     ROBERT BOSCH, LLC, a Michigan limited
25   liability company, and ROBERT BOSCH
     GmbH, a German private limited company.
26
27                    Defendants.

28
                                                    Lead Case No. 15-md-02672-CRB

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs Iconic Motors, Inc. d/b/a Elgin Volkswagen ("Elgin VW") and Slevin Capital Investments, Inc. ("SCI") (Elgin VW and SCI, collectively, "Plaintiffs") make the following Initial Disclosures.

These Initial Disclosures are based on the allegations Plaintiffs' First Amended Complaint and reflect the current knowledge of Plaintiffs.  These disclosures are made subject to and without waiving Plaintiffs' rights to assert any applicable privileges and any objections to the competency, relevancy, materiality, use, or admissibility as evidence, for any purpose, of any of these disclosures or the subject matter of these disclosures.

**1.     FRCP 26(a)(1)(A)(i):  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on present knowledge, the following individuals are likely to have discoverable information that Plaintiffs may use to support their claims:

(a)     William Slevin, President, owner and Dealer Operator of Plaintiff Elgin VW, and the owner of Plaintiff SCI, which owns the property and building where Elgin VW is located, may testify regarding his dealership operations and experience in the automotive industry, including for other franchises owned and operated by him, his and Plaintiffs' business dealings with Volkswagen, the events and circumstances that led to him becoming a VWGoA dealer and the dealer application process, and Plaintiffs' reliance on various actions, omissions, communications, representations, marketing and advertising on the part of Defendants Volkswagen AG ("VWAG") and Volkswagen Group of America, Inc. ("VWGoA") (collectively "Volkswagen"), and Robert Bosch, LLC ("Bosch, LLC") and Robert Bosch GmbH ("Bosch GmbH") (collectively, "Bosch"), as well as specific communications, representations and omissions made by representatives of VWGoA, consistent with the allegations in the First Amended Complaint, Elgin VW's financial statements, and damages suffered by Plaintiffs, including but not limited to expending more than $13,000,000.00 to fund the acquisition and construction of Elgin VW's dealership facility, which would not have been done, but for the actions and fraud of Defendants, financial losses, lost profits, lost trade-ins, and lost service revenue. In addition, Mr. Slevin may testify to any of the topics

1  identified for other witnesses in (b) through (g) below.  Mr. Slevin may be reached through counsel

2  for Plaintiffs.

3       (b)    Marty O'Donnell, Chief Controller, Slevin Automotive Group, may testify

4  regarding Elgin VW's operations, the impact of the TDI emissions scandal on Elgin VW, the

5  customer service and staffing challenges at Elgin VW caused by the TDI emissions scandal,

6  inventory shortages, the events and circumstances that led to Slevin applying to become a VWGoA

7  dealer and the application process, Elgin VW's financial statements, communications he has had

8  with VWGoA and its agents (including but not limited to Skip Redman), and damages suffered by

9  Plaintiffs, including but not limited to expending more than $13,000,000.00 to fund the acquisition

10  and construction of Elgin VW's dealership facility, which would not have been done, but for the

11  actions and fraud of Defendants, financial losses, lost profits, lost trade-ins, and lost service

12  revenue. Mr. O'Donnell may be reached through counsel for Plaintiffs.

13       (c)    George Poulos, General Manager at Elgin VW may testify regarding Elgin VW's

14  operations, the impact of the TDI emissions scandal on Elgin VW, the customer service and

15  staffing challenges at Elgin VW caused by the TDI emissions scandal, inventory shortages, and

16  communications he has had with VWGoA and its agents. Mr. Poulos may be reached through

17  counsel for Plaintiffs.

18       (d)    Marco Palacios, Sales Manager at Elgin VW may testify regarding Elgin VW's

19  operations, the impact of the TDI emissions scandal on Elgin VW, the customer service and

20  staffing challenges at Elgin VW caused by the TDI emissions scandal, inventory shortages, and

21  communications he has had with VWGoA and its agents. Mr. Palacios may be reached through

22  counsel for Plaintiffs.

23       (e)    Alan S. Bloom, Bloom General Contracting, Inc. may testify regarding his

24  knowledge of the construction of the Elgin VW's facility, conversations he had with VWGoA

25  regarding its dealership facilities and dealership facility requirements, and VWGoA's insistence

26  that Elgin VW finish construction as soon as possible. Bloom General Contracting, Inc., 25601 W.

27  Eight Mile Rd., Redford, Michigan 48240, 313-532-8860.

28       (f)    Gary Laundroche, Bloom General Contracting, Inc., may testify regarding his

knowledge of the construction of the Elgin VW's facility. Bloom General Contracting, Inc., 25601 W. Eight Mile Rd., Redford, Michigan 48240, 313-532-8860.

(g)     Randy Arnold, Ernst & Morris Consulting Group, Inc., may testify to the costs and expenses to construct the Elgin VW facility and to purchase the property where it is located, including but not limited to a Cost Segregation Analysis prepared by Ernst & Morris. Ernst & Morris Consulting Gourp, Inc., 2190 Dallas Highway, Marietta Georgia, 30064, (770) 427-9677.

(h)     Gordon Munroe, VWGoA's General Manager for Network Development in the Midwest Region, may testify regarding his and VWGoA's actions, business dealings with and communications, representation and omissions directed toward Plaintiffs regarding among other things the scope of the emissions scandal and steps to be taken by Volkswagen to resolve the issues in a short time frame. Plaintiffs understand that Mr. Munroe may be reached through VWGoA's counsel of record.

(i)     Merriman King, VWGoA's Director of the Midwest Region, may testify regarding his and VWGoA's actions, business dealings with and communications, representation and omissions directed toward Plaintiffs including among other things the scope of the emissions scandal and steps to be taken by Volkswagen to resolve the issues in a short time frame. Plaintiffs understand that Mr. King may be reached through VWGoA's counsel of record.

(j)     John "Skip" Redman, a VWGoA employee and agent, may testify regarding his evaluation of the Elgin VW shortly after it opened, as well as his and VWGoA's actions, business dealings with and communications, representation and omissions directed toward Plaintiffs, his relationship with Urban Science, and Urban Science's role in evaluating and assessing Elgin VW's market area and dealership. Plaintiffs understand that Mr. Redman may be reached through VWGoA's counsel of record.

(k)     Mark McNabb, a former VWGoA employee and agent, may testify regarding his knowledge of the TDI emissions scandal and how it was responded to and handled by VWGoA, as well as his relationship with William Slevin before he applied to become a VWGoA dealer, his knowledge of Slevin's credentials as a successful and knowledgeable motor vehicle dealer operator, his recommendations that Slevin become a VWGoA dealer, Slevin's investment in Elgin

-3-

VW's dealership facility and property, conversations that Munroe and King had with Slevin about becoming a VWGoA dealer, about constructing the Elgin VW dealership facility, and the impact of the TDI emissions scandal on Elgin VW. Plaintiffs do not have current contact information for Mr. McNabb.

(l)     Bill Pulda, a VWGoA Sales and Distribution Manager for the Midwest Region, may testify regarding his knowledge of Elgin VW's business operations, sales and service performance, and the impact of the TDI emissions scandal on Elgin VW and the Midwest Region. Plaintiffs understand that Mr. Pulda may be reached through VWGoA's counsel of record.

(m)     Robert V. Parkins, a VWGoA Regional Used Car Manager for the Midwest Region, may testify regarding his knowledge of Elgin VW's business operations, sales and service performance, and the impact of the TDI emissions scandal on Elgin VW and the Midwest Region. Plaintiffs understand that Mr. Parkins may be reached through VWGoA's counsel of record.

(n)     Jason Haden, a VWGoA General Manager of Sales Operations for the Midwest Region, may testify regarding his knowledge of Elgin VW's business operations, sales and service performance, and the impact of the TDI emissions scandal on Elgin VW and the Midwest Region. Plaintiffs understand that Mr. Haden may be reached through VWGoA's counsel of record.

(o)     Bob Kim, a VWGoA General Manager of Network Operations, may testify regarding his knowledge of Elgin VW's business operations, sales and service performance, and the impact of the TDI emissions scandal on Elgin VW and the VWGoA national dealer network, and the communication of the TDI emissions scandal to the VWGoA national dealer network. Plaintiffs understand that Mr. Kim may be reached through VWGoA's counsel of record.

(p)     Alan Yax, a VWGoA General Manager of Fixed Operations for the Midwest Region, may testify regarding his knowledge of Elgin VW's business operations, sales and service performance, and the impact of the TDI emissions scandal on Elgin VW and the Midwest Region. Plaintiffs understand that Mr. Yax may be reached through VWGoA's counsel of record.

(q)     Martin Winterkorn, former Chief Operating Officer of VWAG, may testify regarding his and WVAG's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the

fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Winterkorn currently resides in Germany, but has been charged with criminal conspiracy and wire fraud in the United States.

(r)     Matthias Müller, former Chief Operating Officer of VWAG (succeeding Winterkorn) and long-time employee and officer with Volkswagen companies, may testify regarding his and WVAG's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Müller currently resides in Germany.

(s)     Michael Horn, former President and CEO of VWGoA, may testify regarding his and VWGoA's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs do not know where Mr. Horn currently resides.

(t)     Rupert Stadler, the Head of the Board of Management's Office for Volkswagen and the Head of Group Product Planning, may testify regarding his and Volkswagen's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Stadler currently resides Germany and is subject to a criminal investigation there.

(u)     Richard Dorenkamp, the former head of Volkswagen's Engine Development After-Treatment Department, may testify regarding the development of the EA189 engine, his and VWAG's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Dorenkamp currently resides Germany and is subject to criminal charges in the United States and a criminal investigation in Germany.

(v)     Heinz-Jakob Neusser, the former head of Development for the VW Brand, sat on the

-5-

1    management board for the VW Brand, and served as head of Engine Development for all of

2    VWAG, may testify regarding his and Volkswagen's knowledge, approval, authorization,

3    direction, ratification and/or participation in the development and use of the defeat devices in

4    Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the

5    First Amended Complaint. Plaintiffs understand that Mr. Neusser currently resides Germany and is

6    subject to criminal charges in the United States.

7             (w)      Jens Hadler, the former head of the VW Brand Engine Development department,

8    may testify regarding his and VWAG's knowledge, approval, authorization, direction, ratification

9    and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and

10   the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint.

11   Plaintiffs understand that Mr. Hadler currently resides Germany and is subject to criminal charges

12   in the United States.

13            (x)      Bernd Gottweis, a former supervisor with responsibility for VWAG's Quality

14   Management and Product Safety department, may testify regarding his and VWAG's knowledge,

15   approval, authorization, direction, ratification and/or participation in the development and use of

16   the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants

17   as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Gottweis currently

18   resides Germany and is subject to criminal charges in the United States.

19            (y)      Oliver Schmidt, the former General Manager in charge of the Engineering and

20   Environmental Offices, may testify regarding his and Volkswagen's knowledge, approval,

21   authorization, direction, ratification and/or participation in the development and use of the defeat

22   devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged

23   in the First Amended Complaint. Plaintiffs understand that Mr. Schmidt is currently incarcerated in

24   the United States.

25            (z)      Jürgen Peter, a longtime VWAG employee who worked in the certification group

26   and acted as a liaison between regulatory agencies and VWAG, may testify regarding his and

27   Volkswagen's knowledge, approval, authorization, direction, ratification and/or participation in the

28   development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy

-6-

engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Peter currently resides Germany and is subject to criminal charges in the United States.

(aa)   James Robert Liang, a former member of Volkswagen's development department and then Leader of Diesel Competence for VWGoA, may testify regarding his and Volkswagen's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Liang is currently incarcerated in the United States.

(bb)   Ulrich Hackenberg, a Volkswagen engineer tasked with R&D and engine development for clean diesel vehicles, may testify regarding his knowledge of the technologies Volkswagen needed to develop "clean diesel" vehicles, and promotion and/or rejection of certain technologies at Volkswagen, as well as Volkswagen's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Hackenberg currently resides in Germany.

(cc)   Wolfgang Hatz, a Volkswagen engineer tasked with R&D and engine development for clean diesel vehicles, may testify regarding his knowledge of the technologies Volkswagen needed to develop "clean diesel" vehicles, and promotion and/or rejection of certain technologies at Volkswagen, as well as Volkswagen's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Hatz was arrested in Germany and remains in custody there.

(dd)   Frank Tuch, former head of quality assurance for VWAG whose duties included oversight of various Volkswagen laboratories including those located in the United States that were primarily responsible for emissions testing, may testify regarding his knowledge and Volkswagen's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs do not know where Mr. Tuch

-7-

1    currently resides.

2        (ee)    Wolfgang Bernhard, a former VWAG executive, will testify regarding may testify

3    regarding his knowledge of the technologies Volkswagen needed to develop "clean diesel"

4    vehicles, and promotion and/or rejection of certain technologies at Volkswagen, as well as

5    VWAG's knowledge, approval, authorization, direction, ratification and/or participation in the

6    development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy

7    engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that

8    Mr. Bernhard currently resides in Germany.

9        (ff)    Andreas Specht, a VWAG employee, may testify regarding VWAG and Bosch

10   GmbH's knowledge, approval, authorization, direction, ratification and/or participation in the

11   development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy

12   engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs believe Mr. Specht

13   may currently reside in Germany.

14       (gg)    Dieter Mannigel, a VWAG employee, may testify regarding VWAG and Bosch

15   GmbH's knowledge, approval, authorization, direction, ratification and/or participation in the

16   development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy

17   engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs believe Mr.

18   Mannigel may currently reside in Germany.

19       (hh)    Rudolf Krebs, a VWAG employee and officer, may testify regarding VWAG and

20   Bosch GmbH's knowledge, approval, authorization, direction, ratification and/or participation in

21   the development and use of the defeat devices in Volkswagen vehicles, and the fraud and

22   conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs believe

23   Mr. Krebs may currently reside in Germany.

24       (ii)    Mathias Klaproth, a VWAG employee, may testify regarding VWAG and Bosch

25   GmbH's knowledge, approval, authorization, direction, ratification and/or participation in the

26   development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy

27   engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs believe Mr.

28   Klaproth may currently reside in Germany.

1       (jj)     Thorsten Schmidt, a VWAG employee, may testify regarding VWAG and Bosch

2    GmbH's knowledge, approval, authorization, direction, ratification and/or participation in the

3    development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy

4    engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs believe Mr.

5    Schmidt may currently reside in Germany.

6       (kk)    Hermann Middendorf, a VWAG employee, may testify regarding VWAG and

7    Bosch GmbH's knowledge, approval, authorization, direction, ratification and/or participation in

8    the development and use of the defeat devices in Volkswagen vehicles, and the fraud and

9    conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs believe

10    Mr. Middendorf may currently reside in Germany.

11       (ll)     Hanno Jelden, Head of Powertrain Electronics at VWAG, may testify regarding

12    VWAG and Bosch GmbH's knowledge, approval, authorization, direction, ratification and/or

13    participation in the development and use of the defeat devices in Volkswagen vehicles, and the

14    fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint.

15    Plaintiffs believe Mr. Jelden may currently reside in Germany.

16       (mm)  Friedrich Eichler, Powertrain Development Chief at VWAG, may testify regarding

17    VWAG and Bosch GmbH's knowledge, approval, authorization, direction, ratification and/or

18    participation in the development and use of the defeat devices in Volkswagen vehicles, and the

19    fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint.

20    Plaintiffs believe Mr. Eichler may currently reside in Germany.

21       (nn)    Frank Alich, an employee at VWAG, may testify regarding VWAG and Bosch

22    GmbH's knowledge, approval, authorization, direction, ratification and/or participation in the

23    development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy

24    engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs believe Mr. Alich

25    may currently reside in Germany.

26       (oo)    Martin Hierse with Audi AG may testify regarding Volkswagen and Bosch GmbH's

27    knowledge, approval, authorization, direction, ratification and/or participation in the development

28    and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by

-9-

Defendants as alleged in the First Amended Complaint. Plaintiffs believe Mr. Hierse may currently reside in Germany.

(pp)   Suanne Thomas, a regulatory strategist for Volkswagen, may testify regarding Volkswagen's regulatory strategies including with the U.S. Environmental Protection Agency, dealings between the Volkswagen Defendants and the Bosch Defendants regarding regulators, and Defendants' knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Ms. Thomas currently resides in or around Detroit, Michigan.

(qq)   Steffen Vieser, an employee with VWAG, may testify regarding Volkswagen's regulatory strategies, dealings between the Volkswagen Defendants and the Bosch Defendants regarding regulators, and Defendants' knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Vieser currently resides in or around Kipfenberg, Bavaria, Germany.

(rr)   Stuart Johnson, who was the head of Volkswagen's Engineering and Environmental Office in Michigan, may testify regarding Volkswagen's regulatory strategies, dealings between the Volkswagen Defendants and the Bosch Defendants regarding regulators, and Defendants' knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Johnson currently resides in or around Detroit, Michigan.

(ss)   Zaccheo Giovanni Pamio, who was head of thermodynamics in Audi's engine development department, may testify regarding Volkswagen's regulatory strategies, dealings between the Volkswagen Defendants and the Bosch Defendants regarding regulators, and Defendants' knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that

-10-

Mr. Pamio was arrested in Germany in 2017 and remains in custody there.

(tt)   Mark Barnes, Senior Vice President with VWGoA, may testify regarding Volkswagen's sales, advertising and marketing efforts related to "clean diesel" vehicles, compliance efforts, oversight of employees responsible for all sales functions and Volkswagen dealerships, and VWGoA's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles. Plaintiffs understand that Mr. Barnes is currently located in the Washington D.C. area.

(uu)   John Schilling, former Director of Communications and Public Relations at VWGoA, may testify regarding VWGoA's response to and cover up of the scope of the emissions scandal. Plaintiffs understand that Mr. Schilling is currently located in Los Angeles, California.

(vv)   Daniel Donovan, a former Volkswagen Technical Manager, may testify regarding his refusal to participate in, and his attempt to stop, destruction of electronic evidence related to the emissions scandal, as well as Volkswagen's continued destruction of evidence. Plaintiffs believe that Mr. Donovan is located in the Detroit, Michigan area.

(ww)   Corporate representative(s) for VWAG who may testify regarding the authentication of business records, corporate structure, its relationship with other Defendants and entities identified in the First Amended Complaint, and VWAG's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that such representatives may be reached through VWAG's counsel of record.

(xx)   Corporate representative(s) for VWGoA who may testify regarding the authentication of business records, corporate structure, its relationship with other Defendants and entities identified in the First Amended Complaint, VWGoA's knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint and its actions, business dealings with and communications, representation and omissions directed toward Plaintiffs. Plaintiffs understand that such representatives may be

-11-

1    reached through VWGoA's counsel of record.

2         (yy)    Volkmar Denner, the current Chief Executive Officer of Bosch GmbH who also is

3    or was the Chief Technology Officer, may testify regarding his and Bosch GmbH's knowledge,

4    approval, authorization, direction, ratification and/or participation in the development and use of

5    the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants

6    as alleged in the First Amended Complaint. Plaintiffs understand that Mr. Denner currently resides

7    in Germany.

8         (zz)    Corporate representative(s) for Bosch GmbH and/or Bosch Diesel Systems who may

9    testify regarding the authentication of business records, corporate structure, its relationship with

10   other Defendants and entities identified in the First Amended Complaint, and Bosch GmbH's

11   knowledge, approval, authorization, direction, ratification and/or participation in the development

12   and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by

13   Defendants as alleged in the First Amended Complaint. Plaintiffs understand that such

14   representatives may be reached through Bosch GmbH's counsel of record.

15        (aaa)   Corporate representative(s) for Bosch LLC and/or Bosch Diesel Systems who may

16   testify regarding the authentication of business records, corporate structure, its relationship with

17   other Defendants and entities identified in the First Amended Complaint, and Bosch LLC's

18   knowledge, approval, authorization, direction, ratification and/or participation in the development

19   and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by

20   Defendants as alleged in the First Amended Complaint. Plaintiffs understand that such

21   representatives may be reached through Bosch LLC's counsel of record.

22        (bbb)   Corporate representative(s) for IAV GmbH, an engineering company in the

23   automotive industry, who may testify regarding the authentication of business records, corporate

24   structure, its relationship with the Defendants and other entities identified in the First Amended

25   Complaint, and IAV GmbH's knowledge, approval, authorization, direction, ratification and/or

26   participation in the development and use of the defeat devices in Volkswagen vehicles, and the

27   fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. IAV

28   GmbH is a private limited company headquartered in Berlin, Germany.

-12-

(ccc)   Corporate representative(s) for IAV Automotive Engineering, Inc., a subsidiary of IAV GmbH, who may testify regarding the authentication of business records, corporate structure, its relationship with the Defendants and other entities identified in the First Amended Complaint, and its knowledge, approval, authorization, direction, ratification and/or participation in the development and use of the defeat devices in Volkswagen vehicles, and the fraud and conspiracy engaged in by Defendants as alleged in the First Amended Complaint. Plaintiffs understand that IAV Automotive Engineering, Inc. is based out of Michigan.

(ddd)   Corporate representative(s) of Mightycomm, a public relations firms, may testify regarding its work with Bosch GmbH and Bosch LLC and their lobbying and marketing efforts in the United States. Mightycomm is based out of California.

(eee)   A representative and document custodian of West Virginia University's Center for Alternative Fuels, Engines & Emissions may testify regarding the study and published results commissioned by the International Council on Clean Transportation, and communications with Volkswagen regarding said study and results.

(fff)   A representative and document custodian of Northwestern University's Feinberg School of Medicine may testify regarding the study and published results from 2016 titled *Public Health Impact and Economic Costs of Volkswagen's Lack of Compliance with the United States' Emission Standards*, which forth the impact of Volkswagen vehicles releasing elevated emissions.

(ggg)   A representative and document custodian of Columbia University's Mailman School of Public Health may testify regarding the study and published results from 2016 titled *Public Health Impact and Economic Costs of Volkswagen's Lack of Compliance with the United States' Emission Standards*, which forth the impact of Volkswagen vehicles releasing elevated emissions.

(hhh)   Expert and/or other witnesses will testify as appropriate.

Plaintiffs reserve the right to identify additional witnesses that may testify regarding Defendants' liability and Plaintiffs' damages as their investigation continues and discovery progresses.

**2.      FRCP 26(a)(1)(A)(ii):  A copy—or a description by category and location—of all documents, electronically stores information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Documents that are in the possession, custody or control of Plaintiffs that may be used to support their claims and defenses are as follows:

(a)      Slevin Automotive Group Volkswagen Proposals, Presentations and Application materials;

(b)      VW Sales and Profit Forecast and drafts;

(c)      Dealership Facility plans and design documents, including documents related to the White Frame Program;

(d)      Volkswagen October 3, 2013 Letter of Intent, drafts and amendments;

(e)      Documents comprising the October 30, 2015 Dealer Agreement, drafts and amendments;

(f)      Correspondence with VWGoA and its agents;

(g)      New Vehicle Inventory Listings;

(h)      Sales Reports;

(i)      Allocation Reports;

(j)      2016 Volkswagen Price and Order Guide;

(k)      Information available through Volkswagen's DMS;

(l)      Dealership Financial Statements;

(m)     Ernst & Morris Cost Segregation Analysis;

(n)      Federal Asset Report;

(o)      Internal report itemizing certain fixed expenditures and assets;

(p)      Loan documents and statements; and

(q)      Documents that have been filed in this lawsuit.

-14-

These documents are maintained by Plaintiffs through their counsel and/or at their places of business in Chicago, Schaumburg and Elgin, Illinois.

Other documents include those documents specifically cited in the First Amended Complaint ("FAC"), which are publicly available at the website addresses identified in the FAC and/or already within the possession, custody, or control of one or more of the Defendants, including but not limited to those documents requested by Plaintiffs' in discovery.

Plaintiffs reserve the right to identify additional documents that may be used to support their claims as discovery progresses.

**3.      FRCP 26(a)(1)(A)(iii):  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copy as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

SCI seeks compensatory damages resulting from it expenses to acquire and construct Elgin VW's dealership facility, which it calculates to have cost approximately $13,056,859. SCI would not have invested these funds but for the fraudulent conduct of Defendants. SCI's losses include the diminution in value of the dealership property and facility resulting from Defendants' fraud, the lost opportunity for the use of SCI's capital, additional expenses related to borrowed capital, including interest, and decreased rent/use and occupancy due and owing to SCI for the use of the property and facility, and carrying costs.

Elgin VW seeks compensatory damages resulting from lost profits, lost trade-ins, lost service revenue, lost opportunity costs, the inability to sell vehicles at a premium, increased inventory carrying costs, paying for alternative inventory, decreased value of dealership inventory, reduced inventory, Volkswagen's imposition of the TDI buyback program upon Elgin VW, a new add point dealership at the time of the scandal, expenses resulting from the turnover of key sales personnel because of the scandal, and increased financing and related expenses. At this time, Elgin VW has already incurred at total of $4,528,458 in actual operating losses from inception through May 31, 2018. The total amount of its lost expected profits and reduction in inventory value is still

unknown and will be subject to expert testimony subject to the Court's scheduling orders and Rule 26.

In total, Plaintiffs' total compensatory damages are estimated to exceed $10,000,000 and continue to grow each month. A precise calculation of Plaintiffs' compensatory damages will be provided through expert testimony subject to the Court's scheduling orders and Rule 26.

Plaintiffs also seeks the costs of this suit, including attorney's fees and experts' fees. Pursuant to 18 U.S.C. § 1964(c), Plaintiffs seek treble damages and the costs of the suit, including attorney's fees and experts' fees, and injunctive/equitable relief. Pursuant to 815 ILCS 710/13, Elgin VW seeks treble damages and the costs of the suit, including attorney's fees and experts' fees. Plaintiffs seek punitive damages against Defendants estimated to exceed $30,000,000.

Plaintiffs' categories and computations of damages, and the supporting documents, are subject to amendment and supplementation as Plaintiffs' investigation and discovery continue.

The documents identified to date that support these computations of damages are described in Section 3 above, particularly items (l), (m), (n) and (o).  Other documents may also support these calculations, or other measures of damages.  The documents referenced in items (l), (m), (n) and (o) contain sensitive financial data that could be used to put SCI and Elgin VW at a competitive disadvantage and will be made available for inspection and copying upon entry of an appropriate protective order applicable to this matter.

**4.     FRCP 26(a)(1)(A)(iv):  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

There are no claims pending against Plaintiffs, and Plaintiffs have no documents or information responsive to this requirement.

Plaintiffs expressly reserves the right to supplement and/or revise each of the disclosures made herein.

Dated: July 13, 2018

Respectfully submitted,

ICONIC MOTORS, INC. d/b/a ELGIN VOLKSWAGEN and SLEVIN CAPITAL INVESTMENT, INC., Plaintiffs,

By:  /s/ Ira M. Levin
       One of their attorneys

Ira M. Levin (ARDC #6192178) *(pro hac vice)*
Danielle J. Gould (ARDC #6270700) *(pro hac vice)*
Andrew D. LeMar (ARDC #6290040) *(pro hac vice)*
Eric P. VanderPloeg (ARDC # 6310377) *(pro hac vice)*
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Telephone:     312.840.7000
Facsimile:     312.840.7900
ilevin@burkelaw.com,
dgould@burkelaw.com,
alemar@burkelaw.com,
evanderploeg@burkelaw.com,

-17-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2018, a copy of the foregoing document was served via email on:

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
William B. Monahan (*pro hac vice*)
Andrew J. Finn (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
giuffrar@sullcrom.com
nelless@sullcrom.com
monahanw@sullcrom.com

Sverker K. Hogberg
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
hogbergs@sullcrom.com

*Attorneys for Defendants Volkswagen AG and Volkswagen Group of America, Inc.*

Carmine D. Boccuzzi, Jr. (*pro hac vice*)
CLEARY GOTTLIEB
One Liberty Plaza
New York, New York 10006
cboccuzzi@cgsh.com

Matthew D. Slater (*pro hac vice*)
CLEARY GOTTLIEB
2000 Pennsylvania Ave., NW
Washington, DC 20006
mslater@cgsh.com

David L. Anderson (SBN 149604)
SIDLEY AUSTIN
555 California Street, Suite 2000
San Francisco, CA 94104
dlanderson@sidley.com

*Attorneys for Defendants Robert Bosch LLC and Robert Bosch GmBH*

Paul T. Collins
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Paul.collins@nelsonmullins.com

*Attorneys for Volkswagen Group of America, Inc.*

By  /s/ Eric P. VanderPloeg

*Attorney for Iconic Motors, Inc. d/b/a Elgin Volkswagen and Slevin Capital Investments, Inc.*

-18-

Lead Case No. 15-md-02672-CRB
ICONIC MOTORS, INC. AND SLEVIN CAPITAL INVESTMENTS, INC.'S
INITIAL DISCLOSURES