1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Carmine D. Boccuzzi, Jr. (*pro hac vice*)
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000 (Phone)
(212) 225-3999 (Facsimile)
cboccuzzi@cgsh.com

Jennifer Kennedy Park (SBN 244888)
Cleary Gottlieb Steen & Hamilton LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
(650) 815-4100 (Phone)
jkpark@cgsh.com

*Counsel for Defendants*
*Robert Bosch GmbH and*
*Robert Bosch LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products Liability Litigation*<br><br>This document relates to:<br><br>*Iconic Motors, Inc., et al. v. Volkswagen Group of America, Inc., et al.*, No. 3:17-cv-3185-CRB | LEAD CASE No. 15-md-02672-CRB<br><br>**ROBERT BOSCH GMBH AND ROBERT BOSCH LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND OR, IN THE ALTERNATIVE, FOR A SUGGESTION OF REMAND AND MOTION TO STAY DEFENDANTS' SUMMARY JUDGMENT MOTION**<br><br>Hon. Charles R. Breyer<br><br>Hearing: November 15, 2024, 10:00am |

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................................................... 1

BACKGROUND ..................................................................................................................... 1

LEGAL STANDARDS............................................................................................................. 3

ARGUMENT .......................................................................................................................... 4

    I.    Plaintiffs Fail to Show "Good Cause" For Remand.......................................... 4

    II.   Briefing on the Bosch Defendants' Motion for Summary Judgment Should Proceed. ...................................................................................................................6

CONCLUSION........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*California v. Azar*,
   2019 WL 2996441 (N.D. Cal. July 9, 2019) ........................................................................ 6

*Canter v. Midland Credit Mgmt., Inc.*,
   2017 WL 2817065 (S.D. Cal. June 28, 2017) ....................................................................... 5

*Iconic Motors, Inc. v. Volkswagen Grp. of Am., Inc., et al.*,
   17-cv-3728 (N.D. Ill.) ......................................................................................................... 1

*In re Conseco Life Ins. Co. Life Trend Ins. Sales and Mktg. Litig.*,
   2017 WL 3599521 (N.D. Cal. Aug. 22, 2017) ................................................................. 5-6

*In re McKinsey & Co., Inc. Nat'l Prescription Opiate Litig.*,
   2024 WL 2845529 (N.D. Cal. June 4, 2024) .................................................................... 3-6

*In re Patenaude*,
   210 F.3d 135 (3d Cir. 2000) ................................................................................................ 6

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*,
   349 F. Supp. 3d 881 (N.D. Cal. 2018) ................................................................................ 6

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*,
   148 F. Supp. 3d 1367 (J.P.M.L. 2015) ................................................................................ 1

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*,
   2019 WL 6749534 (N.D. Cal. Dec. 6, 2019) ............................................................. 1, 4, 6

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*,
   2022 WL 4596628 (N.D. Cal. Feb. 23, 2022) .................................................................. 3, 5

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*,
   2023 WL 4163397 (N.D. Cal. June 22, 2023) ..................................................................... 7

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ......................................................................................... 3-4

*U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*,
   498 F. Supp. 2d 25 (D.D.C. 2007) .................................................................................. 3, 5

**Other Authorities**

N.D. Cal. L.R. 7-3(a)...........................................................................................................................7

Defendants Robert Bosch GmbH and Robert Bosch LLC (together, the "Bosch Defendants") submit this Opposition to the Motion to Remand or, in the Alternative, for a Suggestion of Remand and Motion to Stay Bosch's Summary Judgment Motion or, in the Alternative, for an Extension Of Time, ECF No. 8231 ("Motion"), filed by Iconic Motors, Inc. d/b/a Elgin Volkswagen and Slevin Capital Investments, Inc. (together, "Plaintiffs").

## SUMMARY OF ARGUMENT

Plaintiffs fall far short of meeting their burden to show "good cause" to remand this case to the Northern District of Illinois.  Pretrial proceedings are not complete—the Bosch Defendants have moved for summary judgment, and Plaintiffs claim that there is still discovery to be taken.  No court in the country has the experience that this Court does after presiding over this MDL for nearly nine years, and it would be highly inefficient to send this case anywhere else before pretrial proceedings have completely run their course.  The Bosch Defendants' Motion for Summary Judgment is straightforward and raises issues this Court knows well from the *Napleton* dealers case.  *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 2019 WL 6749534 (N.D. Cal. Dec. 6, 2019), *aff'd*, 842 F. App'x 112 (9th Cir. 2021) ("*Napleton*").  The Court should keep the case, turn to that motion, and hold that Plaintiffs lack damages proximately caused by the Bosch Defendants, just as the *Napleton* dealers did.  There is no reason to delay that result, either by remanding the case or by staying briefing on the Bosch Defendants' Motion for Summary Judgment.  Plaintiffs' Motion should be denied in full.

## BACKGROUND

Plaintiffs filed this case on May 18, 2017 in the Northern District of Illinois against Volkswagen and the Bosch Defendants.  *See Iconic Motors, Inc. v. Volkswagen Grp. of Am., Inc., et al.*, 17-cv-3728 (N.D. Ill.).  On May 31, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this Court "for coordinated or consolidated pretrial proceedings" after finding that this case "involve[d] questions of fact that are common to the actions previously transferred" to this MDL.  *See* ECF No. 3295 (Conditional Transfer Order); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 148 F. Supp. 3d 1367, 1368-69 (J.P.M.L. 2015) (creating MDL in part to resolve claims by "dealers" and to "eliminate

duplicative discovery, avoid inconsistent pretrial rulings . . . , and conserve the resources of the parties, their counsel and the judiciary").

Plaintiffs moved to remand shortly after transfer, arguing that common discovery was "substantially complete" (in 2017, no less) and that Plaintiffs' claims are based on supposed "unique" facts and evidence better developed in Illinois.  *See* ECF No. 3644-1 at 6-10 (Aug. 11, 2017).  The Court denied that motion, correctly noting that the case was "assigned to [this Court] for *all* pretrial purposes *until it kicks in for a trial* and so forth. . . . It's an efficiency."  ECF No. 5103 at 6 (June 18, 2018) (emphasis added).

Plaintiffs filed their First Amended Complaint on June 29, 2018, which the Bosch Defendants moved to dismiss on August 28, 2018.  *See* ECF Nos. 5117 ("Complaint"), 5273 ("Motion to Dismiss").  While the Motion to Dismiss was pending, Plaintiffs settled with Volkswagen and dismissed those claims with prejudice.  *See* ECF No. 5365 (Oct. 1, 2018).  The Court denied the Bosch Defendants' Motion to Dismiss on January 14, 2020, holding that Plaintiffs' allegations taken as true plausibly stated that they were injured by the Bosch Defendants' alleged conduct.  ECF No. 7031 at 1–2.  But the Court also noted that "the Bosch Defendants may take discovery and may move for summary judgment if discovery reveals that plaintiffs' losses are insufficiently supported by fact or lack a causal nexus to the defeat-device scheme."  *Id*. at 2.

Discovery has been ongoing for more than four years since that decision, and the parties have exchanged extensive written discovery.  *See* Decl. of Patrick Swiber ¶¶ 3-7 ("Decl.").  Among other discovery responses, the Bosch Defendants have provided Plaintiffs with document productions previously made in *Napleton*, as well as more than two dozen deposition transcripts from *Napleton* and other matters in the MDL.  *Id*. ¶ 3.  The Bosch Defendants also served 80 requests for production to each of the Plaintiffs, focused primarily on Plaintiffs' alleged injuries and the multiple different ways in which Plaintiffs have already received ample compensation for any injuries they could conceivably claim here.  *Id*. ¶ 4.  Plaintiffs produced more than 34,000 pages of documents in response.  *Id*. ¶ 6.  Plaintiffs served interrogatories and requests for admission on the Bosch Defendants on February 2, 2024, and the Bosch Defendants responded

and objected on April 12, 2024.  *Id.* ¶ 7.  Plaintiffs thereafter raised what they view as deficiencies with the Bosch Defendants' responses to those discovery requests, which the parties then discussed over the course of several months.  *Id.* ¶ 8.

The Bosch Defendants filed their motion for summary judgment on September 11, 2024. *See* ECF No. 8227 ("Motion for Summary Judgment").  Rather than continue the already prolonged back and forth with Plaintiffs on discovery issues that should be moot once the Motion for Summary Judgment is resolved, the Bosch Defendants informed Plaintiffs that the parties could revisit those issues if any claims survive.  Plaintiffs' response to the Motion for Summary Judgment was due on September 25, 2024—they did not file a response that day and brought the present Motion instead.  To this day, Plaintiffs remain in default on their obligation to respond to the Motion for Summary Judgment, or to even agree to a briefing schedule, despite defense counsel's repeated offers to set a briefing schedule reasonable for all parties.

## LEGAL STANDARDS

While the JPML must remand a transferred case to its transferor district "when centralized pretrial proceedings have run their course," it generally remands "only upon a showing of good cause" before the completion of pretrial proceedings.  *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 2022 WL 4596628, at *1 (N.D. Cal. Feb. 23, 2022) ("Counties Order") (internal quotations omitted).  "The party seeking remand prior to the conclusion of pretrial proceedings bears the burden of establishing that remand is warranted."  *In re McKinsey & Co., Inc. Nat'l Prescription Opiate Litig.*, 2024 WL 2845529, at *1 (N.D. Cal. June 4, 2024) ("*McKinsey*") (internal quotations omitted).  The movant must show that remand would "maxim[ize] efficiency for all parties and the judiciary."  *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 38 (D.D.C. 2007) (internal quotations omitted).

The Court has discretionary power to stay proceedings, but must weigh "the competing interests which will be affected by the granting or refusal to grant a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th

Cir. 1962)).[1]  The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward."  *Id.* at 1109 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

## ARGUMENT

### I.     Plaintiffs Fail to Show "Good Cause" For Remand.

Plaintiffs fall far short of carrying their burden to show "good cause" for remand.  They argue that "coordinated or consolidated pretrial proceedings" here are "moot or have already been completed" and that an Illinois court would be best positioned to preside over any remaining discovery and resolve issues of Illinois law.  *See* Mot. at 7–9.  That is all wrong, and certainly none of it supports remand.

Plaintiffs concede that pretrial proceedings are not complete, as the Bosch Defendants have moved for summary judgment and according to Plaintiffs there still may be additional discovery of both sides, but Plaintiffs argue that any remaining matters are not "common to the MDL."  *Id.*  Not so.  This Court has already denied Plaintiffs' request to remand the case once because pretrial proceedings were not complete, and Plaintiffs present no basis for changing that result now.  *See* ECF No. 5103 at 6.

*First*, the Bosch Defendants' Motion for Summary Judgment raises issues with which this Court is deeply familiar and which this Court is best positioned to resolve.  *See generally* Motion for Summary Judgment.  This Court not only has unique knowledge of the facts and law surrounding the Volkswagen emissions issues in general, but also has specifically resolved a motion for summary judgment on largely the same grounds raised by the Bosch Defendants' motion here.  *See Napleton*, 2019 WL 6749534, at *1 ("[N]amed plaintiff dealerships, after more than two years of discovery, have not identified any recoverable damages from the emissions fraud.").  Resolving the Motion for Summary Judgment here would limit any "risk of conflicting pretrial rulings," which "multidistrict litigation is supposed to avoid."  *McKinsey*, 2024 WL

---

[1] These interests may include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer*, 398 F.3d at 1110.

BOSCH DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND
LEAD CASE No. 15-MD-02672-CRB

1   2845529, at *2 (collecting cases).

2       This Court has also already engaged with the merits of Plaintiffs' claims in resolving the

3   Bosch Defendants' Motion to Dismiss.  *See* Order Denying Bosch's Mot. to Dismiss, ECF No.

4   7031 (Jan. 14, 2020).  In fact, in its decision on the Bosch Defendants' Motion to Dismiss the

5   Court expressly noted that the Bosch Defendants "may move for summary judgment" after

6   developing the factual record—without any suggestion that such a motion would need to be

7   resolved elsewhere.  *See id.* at 2.[2]  Given all of this background, "the most efficient course" is for

8   this Court to resolve the Bosch Defendants' Motion for Summary Judgment, not "kick[] the can"

9   to another court.  *McKinsey*, 2024 WL 2845529, at *2; *see also Hockett*, 498 F. Supp. 2d at 38

10  (noting inefficiency in "ask[ing] the transferor court to play catch-up" on issues already

11  developed in MDL court).[3]

12      *Second*, to the extent discovery is not complete, as Plaintiffs suggest, the case would

13  continue to benefit from the Court's oversight.  *See* Mot. at 9; *McKinsey*, 2024 WL 2845529, at

14  *2 ("[T]he prospect of further discovery also counsels against suggesting remand.").  Plaintiffs'

15  outstanding discovery requests to the Bosch Defendants involve facts, documents, and testimony

16  that were developed in this MDL.  *See* Mot. at 5 (describing requests as covering "coordinated

17  and common issues in the MDL").[4]  This Court is in the best position to see that through.  *See*

18  Counties Order, 2022 WL 4596628, at *1 (declining to suggest remand where common discovery

19  was ongoing).  And it is irrelevant that this is the last active case pending against the Bosch

20  ――――――――――――――――

[2] For that matter, Plaintiffs (wrongly) accuse the Bosch Defendants of "rehashing" their Motion to
21  Dismiss arguments in their Motion for Summary Judgment.  *See* Mot. at 1–2, 5 & 9.  If that were
    true, it would counsel against remand so that this Court could again address those arguments.
22
[3] The Bosch Defendants' pending Motion for Summary Judgment on key issues that this Court
23  has addressed in this MDL distinguishes Plaintiffs' cases.  In *In re Conseco Life Ins. Co. Life
    Trend Ins. Sales & Mktg. Litig.*, there were "no further pretrial motions raising common
24  questions remain for th[e] Court to resolve."  2017 WL 3599521, at *3 (N.D. Cal. Aug. 22, 2017).
    And in *Canter v. Midland Credit Mgmt., Inc.*, the court remanded claims that were "not claims
25  contemplated by the MDL" in the first place.  2017 WL 2817065, at *4 (S.D. Cal. June 28, 2017).

26  [4] Plaintiffs' frequent complaints that the Bosch Defendants filed their Motion for Summary
    Judgment rather than engage further with Plaintiffs on their discovery requests—which would be
27  unnecessary if the motion were granted—are irrelevant to the question of whether the case should
    be remanded.  *See, e.g.*, Mot. at 2 (bemoaning the Bosch Defendants' supposed "out of the blue"
28  Motion for Summary Judgment).

――――――――――――――――

5                                    BOSCH DEFENDANTS' OPPOSITION TO PLAINTIFFS'
                                     MOTION TO REMAND
                                     LEAD CASE No. 15-MD-02672-CRB

Defendants in this MDL, given that pretrial proceedings remain to be completed here.  *See* Mot. at 8; *McKinsey*, 2024 WL 2845529, at *2 ("Even if the transferee court had disposed of all but one transferred case, the Panel may refuse to remand that single case to the transferor district because discovery still remained to be completed in that case.") (internal quotation omitted).

Plaintiffs similarly do not help their cause by suggesting that any discovery that remains of Plaintiffs is "case-specific."  Mot. at 9.  Even if that were true, it would not be "good cause" for remand.  *See In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000) (the fact that "everything that remains to be done is case-specific . . . . does not mean that consolidated proceedings have concluded").  The JPML transferred Plaintiffs' case here for pretrial proceedings, and those proceedings have not concluded.  *See id.* at 144 ("[A]ll judicial proceedings before trial are pretrial proceedings.") (quotation omitted).

*Third*, Plaintiffs' passing suggestion that an Illinois federal court would be "better equipped" to resolve issues of Illinois law does not support remand.  *See* Mot. at 8.  Setting aside that one of Plaintiffs' two remaining claims is a *federal* RICO claim, the JPML in creating this MDL necessarily determined that any local interest in deciding issues of state law would be outweighed by the efficiencies of centralizing issues related to Volkswagen's emissions non-compliance before this Court.  And of course, this Court has applied the laws of many states in the years since, including in granting summary judgment in *Napleton*.  *See* 2019 WL 6749534, at *5 (applying Pennsylvania, Florida, and California state laws); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 349 F. Supp. 3d 881, 917 (N.D. Cal. 2018) (applying Illinois law).

## II.    Briefing on the Bosch Defendants' Motion for Summary Judgment Should Proceed.

Plaintiffs do not cite the standard that applies to their motion to stay briefing on the Motion for Summary Judgment, much less show how they meet it.  *See* Mot. at 9–10.  The sole authority they invoke—*Conseco*—did not involve a request to stay at all.  *See* 2017 WL 3599521, at *1–4.  And indeed, there is no basis to stay.  *See, e.g.*, *California v. Azar*, 2019 WL 2996441, at *2 (N.D. Cal. July 9, 2019) (denying stay where moving party did "not articulate any injury they would suffer if the lawsuit were to proceed, much less 'make out a clear case of hardship or

1    inequity in being required to go forward.'").

2         For the reasons discussed above, this Court should resolve the Bosch Defendants' Motion

3    for Summary Judgment, which should proceed without further delay.  This case is now more than

4    seven years old, and the Court resolved the Bosch Defendants' Motion to Dismiss more than four

5    years ago.  The factual record here is now sufficiently developed to make clear that Plaintiffs

6    have no damages that were proximately caused by the Bosch Defendants' conduct.  It is time to

7    put Plaintiffs to their proof.

8         Plaintiffs also request in a footnote "a reasonable extension of time to assess discovery

9    needed and oppose" the Motion for Summary Judgment. Mot. at 10 n.4.  Plaintiffs' opposition to

10   the Motion for Summary Judgment was due two weeks ago on September 25, 2024.  *See* ECF No.

11   8227; N.D. Cal. L.R. 7-3(a).  Plaintiffs have had that motion for nearly a month now, and their

12   opposition brief is already late. The Bosch Defendants have made clear to Plaintiffs on several

13   occasions that they would be prepared to accommodate a reasonable briefing schedule.  The

14   parties appeared to agree previously that Plaintiffs would have until October 30, 2024 to respond,

15   only for Plaintiffs to not sign off, claiming  that they were "reviewing the issues, timing, and

16   schedules a little closer."  *See* Decl. Ex. 1 (Sept. 21, 2024 email from J. Cauhorn).  As it turns out,

17   Plaintiffs were instead preparing their Motion.  The Bosch Defendants tried to engage on a

18   briefing schedule even after Plaintiffs filed the Motion, but Plaintiffs insisted on instead

19   proposing a status conference and still refused to propose a briefing schedule.  *See* Decl. Ex. 2

20   (Sept. 26–Oct. 8, 2024 emails between counsel).

21        Plaintiffs should be ordered to respond promptly to the Motion for Summary Judgment.

22   And there is simply no "discovery needed" before Plaintiffs submit that response.  *See* Mot. at 10

23   n.4.  The Motion for Summary Judgment presents a straightforward issue on which Plaintiffs

24   have already had years to develop a record.  *Cf. In re Volkswagen "Clean Diesel" Mktg., Sales*

25   *Pracs., and  Prods. Liab. Litig.*, 2023 WL 4163397, at *11 (N.D. Cal. June 22, 2023) ("More time

26   for discovery is not warranted when . . . the [plaintiffs] have failed to take advantage of the

27   additional time they have already received.").

28

1

**CONCLUSION**

2          For the foregoing reasons, the Bosch Defendants respectfully request that Plaintiffs'

3    Motion be denied.

4    By: /s/ *Carmine D. Boccuzzi, Jr.*
     CLEARY GOTTLIEB STEEN &
5    HAMILTON LLP
     Carmine D. Boccuzzi, Jr. (*pro hac vice*)
6    One Liberty Plaza
     New York, New York 10006
7    (212) 225-2000 (Phone)
     (212) 225-3999 (Facsimile)
8    cboccuzzi@cgsh.com

9
     Jennifer Kennedy Park (SBN 244888)
10   1841 Page Mill Road, Suite 250
     Palo Alto, CA 94304
11   (650) 815-4100 (Phone)
     jkpark@cgsh.com

12

13   *Counsel for Defendants Robert Bosch GmbH and*
     *Robert Bosch LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28