# EXHIBIT 2

| | |
|---|---|
| **From:** | Danielle J. Gould <DGould@burkelaw.com> |
| **Sent:** | Tuesday, October 8, 2024 8:19 PM |
| **To:** | Swiber, Patrick; Luca J. Giovine |
| **Cc:** | Ira M. Levin; Joshua J. Cauhorn; Boccuzzi Jr., Carmine D. |
| **Subject:** | RE: Iconic et al v. Bosch |

**This Message Is From an External Sender**
Attention: This message originated from an external email domain.

Patrick,

Jumping in with some context. There has not been any case management or status conference with the Court for over five years. When the Court initially altered the hearing dates on the pending motions, we inquired to the clerk about being heard on the motion to stay briefing/extension on the Bosch MSJ and the clerk directed us to file an administrative motion.

I note that prior to Bosch filing the MSJ, we had been working diligently with your firm over the course of many months regarding interrogatories and RFAs directed at Bosch and we did not pursue a motion to compel based on your firm's push for stipulations. When Zach Tschida left your firm, you took over and gave my colleague, Josh Cauhorn, the impression you were reviewing the stipulations. While Josh continued to follow up with you, you stayed silent for close to six weeks while apparently preparing the surprise (and premature) MSJ, filing it, and, without conferencing, choosing the shortest possible briefing schedule while also unilaterally declaring a stay on your clients' obligations to respond to the interrogatories and RFAs, which were served on Bosch last February.

We proceeded to file the motion to remand that we were otherwise prepared to file upon resolution of the stipulations. We also requested a stay of briefing on the MSJ, and for this Court to consider the overall status of the case in determining what comes next, which we believe should be remand.

We understand that you want the case to proceed differently than Plaintiffs are proposing, but we are confused by the adamance against a case management/status conference with the Court. That said, we will submit the parties communications herein with the administrative motion.

Thank you,
Danielle Gould

**Danielle J. Gould** | *Partner*
**P** 312-840-7070 | **F** 312-840-7900 | DGould@burkelaw.com | www.burkelaw.com
**Burke, Warren, MacKay & Serritella, P.C.** 330 N Wabash Ave, Suite 2100, Chicago IL 60611

**From:** Swiber, Patrick <pswiber@cgsh.com>
**Sent:** Tuesday, October 8, 2024 5:32 PM
**To:** Luca J. Giovine <LGiovine@BurkeLaw.com>

**Cc:** Danielle J. Gould <DGould@burkelaw.com>; Ira M. Levin <ILevin@burkelaw.com>; Joshua J. Cauhorn <jcauhorn@burkelaw.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>
**Subject:** RE: Iconic et al v. Bosch

<mark>[EXTERNAL]</mark>
Luca,

As we already said, we do not see any reason to burden the Court with a status conference here, and we do not understand why Plaintiffs cannot simply propose a briefing schedule for the parties to discuss in the first instance. If you nevertheless insist on requesting a conference with the Court, please attach this email chain and note the following as Defendants' position:

> Defendants do not believe a status conference is necessary at this stage, as the only open issue is Plaintiffs' failure to timely respond to Defendants' pending motion for summary judgment, despite Defendants' willingness to engage on a briefing schedule.

Thanks,
Patrick

---

**Patrick Swiber**
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
T: +1 212 225 2928
pswiber@cgsh.com | clearygottlieb.com

**From:** Luca J. Giovine <LGiovine@BurkeLaw.com>
**Sent:** Tuesday, October 8, 2024 1:31 PM
**To:** Swiber, Patrick <pswiber@cgsh.com>
**Cc:** Danielle J. Gould <DGould@burkelaw.com>; Ira M. Levin <ILevin@burkelaw.com>; Joshua J. Cauhorn <jcauhorn@burkelaw.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>
**Subject:** RE: Iconic et al v. Bosch

Patrick,

I have been able to confer on our end, and we still believe that a status conference before the Court is warranted in this case. Such a conference would be normal course here, and we believe it is reasonable to make the request of Judge Breyer. Please advise as to whether you are opposed to a status conference to address various outstanding issues and briefing in this case. We plan to file the motion later today.

Thank you,

**Luca J. Giovine** | *Attorney*
**P** 312-840-7036 | **F** 312-840-7900 | LGiovine@BurkeLaw.com | www.burkelaw.com
**Burke, Warren, MacKay & Serritella, P.C.** 330 N Wabash Ave, Suite 2100, Chicago IL 60611

*Effective January 1, 2024, the Corporate Transparency Act (CTA) will require many legal entities to file certain information with the Financial Crimes Enforcement Network (FinCEN). Please contact your Burke Warren attorney to discuss your compliance obligations.*

**From:** Swiber, Patrick <pswiber@cgsh.com>
**Sent:** Friday, October 4, 2024 6:41 AM
**To:** Luca J. Giovine <LGiovine@BurkeLaw.com>

**Cc:** Danielle J. Gould <DGould@burkelaw.com>; Ira M. Levin <ILevin@burkelaw.com>; Joshua J. Cauhorn <jcauhorn@burkelaw.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>
**Subject:** RE: Iconic et al v. Bosch

**[EXTERNAL]**

Luca,

Thanks for your email. Given that the main point here is setting a briefing schedule, we do not think it is necessary to burden the Court with holding a status conference. If Plaintiffs need more time than we proposed, please let us know what schedule you have in mind.

Thanks,
Patrick

—

**Patrick Swiber**
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
T: +1 212 225 2928
pswiber@cgsh.com | clearygottlieb.com

**From:** Luca J. Giovine <LGiovine@BurkeLaw.com>
**Sent:** Thursday, October 3, 2024 7:51 PM
**To:** Swiber, Patrick <pswiber@cgsh.com>
**Cc:** Danielle J. Gould <DGould@burkelaw.com>; Ira M. Levin <ILevin@burkelaw.com>; Joshua J. Cauhorn <jcauhorn@burkelaw.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>
**Subject:** Re: Iconic et al v. Bosch

Hi Patrick,

I am responding for Josh, as he has been preparing for an upcoming trial.

While we appreciate the offer to enter an agreed briefing schedule, we do not believe your proposed schedule gives us enough time to fully brief both issues, especially considering that Josh will be actively involved in and preparing for his trial for the majority of the time allotted in your proposed briefing schedule.

As such, we plan to file an administrative motion for a status conference in front of Judge Breyer, wherein we can address briefing schedules and hearing on our respective motions. Please let us know if you have any objection to our request for a status conference, and if not, we will be happy to file it as unopposed and work with the clerk to coordinate a date that works for both parties.

Thank you,

Luca J. Giovine  |  *Attorney*

P 312-840-7036  |  F 312-840-7900  |  LGiovine@BurkeLaw.com  |  www.burkelaw.com

**Burke, Warren, MacKay & Serritella, P.C.**   330 N Wabash Ave, Suite 2100 ,  Chicago   IL   60611

*Effective January 1, 2024, the Corporate Transparency Act (CTA) will require many legal entities to file certain information with the Financial Crimes Enforcement Network (FinCEN). Please contact your Burke Warren attorney to discuss your compliance obligations.*

**From:** Luca J. Giovine
**Sent:** Wednesday, October 2, 2024 4:19:31 PM
**To:** Swiber, Patrick <pswiber@cgsh.com>
**Cc:** Danielle J. Gould <dgould@burkelaw.com>; Ira M. Levin <ilevin@burkelaw.com>; Joshua J. Cauhorn <jcauhorn@burkelaw.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>
**Subject:** RE: Iconic et al v. Bosch

Hi Patrick,

Josh has been in an expert deposition all day. I will speak with Danielle about this, and we will likely have a response for you by tomorrow.

Best,

**Luca J. Giovine** | *Attorney*
**P** 312-840-7036 | **F** 312-840-7900 | LGiovine@BurkeLaw.com | www.burkelaw.com
**Burke, Warren, MacKay & Serritella, P.C.** 330 N Wabash Ave, Suite 2100, Chicago IL 60611

*Effective January 1, 2024, the Corporate Transparency Act (CTA) will require many legal entities to file certain information with the Financial Crimes Enforcement Network (FinCEN). Please contact your Burke Warren attorney to discuss your compliance obligations.*

**From:** Swiber, Patrick <pswiber@cgsh.com>
**Sent:** Wednesday, October 2, 2024 9:48 AM
**To:** Joshua J. Cauhorn <jcauhorn@burkelaw.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>
**Cc:** Danielle J. Gould <DGould@burkelaw.com>; Luca J. Giovine <LGiovine@BurkeLaw.com>; Ira M. Levin <ILevin@burkelaw.com>
**Subject:** RE: Iconic et al v. Bosch

**[EXTERNAL]**
Josh,

Following up on this.

Thanks,
Patrick

—

**Patrick Swiber**
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
T: +1 212 225 2928
pswiber@cgsh.com  |  clearygottlieb.com

**From:** Swiber, Patrick
**Sent:** Friday, September 27, 2024 3:04 PM
**To:** 'Joshua J. Cauhorn' <jcauhorn@burkelaw.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>
**Cc:** Danielle J. Gould <DGould@burkelaw.com>; Luca J. Giovine <LGiovine@BurkeLaw.com>; Ira M. Levin <ILevin@burkelaw.com>
**Subject:** RE: Iconic et al v. Bosch

Josh,

Bosch will oppose your motion to remand, but we are willing to work out a briefing schedule. There is no basis to pause summary judgment briefing, however. Judge Breyer has now set both motions for a hearing on November 15, even after Plaintiffs requested to stay briefing on our motion for summary judgment.

We propose that the parties brief the two motions on the same schedule in advance of the November 15 hearing date:

- Plaintiffs' opposition to Bosch MSJ; Bosch opposition to Plaintiffs' motion to remand: October 25, 2024
- Bosch reply in support of MSJ; Plaintiffs' reply in support of motion to remand: November 8, 2024
- Hearing on both motions: November 15, 2024.

Please let us know if Plaintiffs agree.

Thanks,
Patrick

———

**Patrick Swiber**
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
T: +1 212 225 2928
pswiber@cgsh.com | clearygottlieb.com

---

**From:** Joshua J. Cauhorn <jcauhorn@burkelaw.com>
**Sent:** Thursday, September 26, 2024 11:02 AM
**To:** Swiber, Patrick <pswiber@cgsh.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>
**Cc:** Danielle J. Gould <DGould@burkelaw.com>; Luca J. Giovine <LGiovine@BurkeLaw.com>; Ira M. Levin <ILevin@burkelaw.com>
**Subject:** Iconic et al v. Bosch

Patrick:

You likely saw that we filed a motion for remand and to stay briefing on the motion for summary judgment. Upon a closer review, we believe that the motion to remand, which we would have filed upon resolution of the issues surrounding the requests for admission, should be addressed first.

This of course creates two competing motions with overlapping but different briefing schedules. Including given Bosch's position on our initial motion to remand, I suggest that we try to find agreement where we can and submit a stipulation.

I propose that the parties stipulate to stay briefing on the motion for summary judgment pending resolution of the motion to remand. We would give you whatever reasonable amount of time you need to respond to the motion to remand and set a mutually acceptable hearing date.

If this is acceptable to Bosch in concept, I will prepare a stipulation.

Best,
Josh

**Joshua J. Cauhorn**
*Partner*
Burke, Warren, MacKay & Serritella, P.C.
330 N Wabash Ave, 21st Floor | Chicago, IL 60611
**P** 312-840-7055 | **F** 312-840-7900 | **M** 260-582-1229
jcauhorn@burkelaw.com | www.burkelaw.com
Profile | vCard



*Effective January 1, 2024, the Corporate Transparency Act (CTA) will require many legal entities to file certain information with the Financial Crimes Enforcement Network (FinCEN). Please contact your Burke Warren attorney to discuss your compliance obligations.*

**Confidentiality Note:** *This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.*



This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement