Ira M. Levin
  ilevin@burkelaw.com, *pro hac vice*
Danielle J. Gould
  dgould@burkelaw.com, *pro hac vice*
Joshua J. Cauhorn
  jcauhorn@burkelaw.com, *pro hac vice*
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Telephone:   312.840.7000
Facsimile:    312.840.7900

*Attorneys for Plaintiffs*
ICONIC MOTORS, INC. d/b/a ELGIN VOLKSWAGEN
SLEVIN CAPITAL INVESTMENTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products Liability Litigation*<br><br>This document relates to:<br>17-cv-3185-CRB | LEAD CASE No. 15-md-02672- CRB<br><br>**PLAINTIFFS ICONIC MOTIORS, INC. D/B/A ELGIN VOLKSWAGEN AND SLEVIN CAPITAL INVESTMENT INC.'S REPLY IN SUPPORT OF (1) MOTION TO REMAND OR, IN THE ALTERNATIVE, FOR A SUGGESTION OF REMAND, (2) MOTION TO STAY BOSCH'S SUMMARY JUDGMENT MOTION OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**<br><br>by Plaintiffs:<br><br>Iconic Motors, Inc. d/b/a Elgin Volkswagen and Slevin Capital Investments, Inc.<br><br>Date:    December 6, 2024<br>Time:   10:00 am PST<br>Judge:  Hon. Charles R. Breyer |

Lead Case No. 15-md-02672-CRB

PLAINTIFFS ICONIC MOTIORS, INC. D/B/A ELGIN VOLKSWAGEN AND SLEVIN CAPITAL INVESTMENT INC.'S REPLY IN SUPPORT OF MOTION AND MOTION (1) TO REMAND AND (2) MOTION TO STAY BOSCH'S SUMMARY JUDGMENT MOTION

The interests of fairness, judicial efficiency, and the limited purpose of multi-district litigation ("MDL"), which has been served here, warrant remand of this case to the Northern District of Illinois. The Northern District of Illinois is where: (i) the transaction, the property, the building, and the dealership central to this litigation are located, (ii) the fraud perpetrated by Volkswagen Group of America, Inc. and Volkswagen Aktiengesellschaft (collectively "VW"), in conspiracy with Defendants, Robert Bosch, LLC and Robert Bosch GmbH (collectively "Bosch"), upon Plaintiffs, Slevin Capital Investments, Inc. and Iconic Motors, Inc. d/b/a Elgin Volkswagen (collectively the "Iconic Plaintiffs"), occurred, and (iii) the Iconic Plaintiffs filed their lawsuit against VW (now resolved) and Bosch.

While this Court denied remand over seven years ago, this case and the MDL were in a meaningfully different posture. What has changed weighs heavily in favor of this Court granting the Iconic Plaintiffs' Motion to Remand [Dkt. 8231] ("MTR"), including that:

- VW is no longer a party to this lawsuit;

- Common and coordinated discovery as to VW was substantially completed;

- No other plaintiff in the MDL has a pending claim against Bosch, only the Iconic Plaintiffs. Thus, there is no other party to coordinate with regarding common discovery as to Bosch;

- Regardless, common discovery is nearly substantially completed, delayed only by Bosch;[1]

- Bosch's positions on remand are ever-changing depending only on how Bosch can best advantage itself. Indeed, Bosch was willing to stipulate to remand in 2017 if doing so would preclude the Iconic Plaintiffs from conducting coordinated and common discovery. With this no longer an issue, Bosch should be agreeable to remand, yet it filed an opposition to the MTR;

- There is still case-specific discovery, centralized in Illinois and the Midwest, to be conducted in this case;

- This Court has not addressed any issue in this case for over four years, instead the parties have methodically proceeded with common and coordinated discovery (again,

---

[1] Due to Bosch's now six-month delay and unilateral stay of its discovery obligations [*See* MTR at 5], there are still outstanding interrogatories and requests for admission to Bosch that have yet to be resolved.

-1-  Lead Case No. 15-md-02672-CRB

the only reason that Bosch would not agree to remand of the case seven years ago) for the ultimate return of this case to the Northern District of Illinois; and

- This case was originally filed in the Northern District of Illinois, where jurisdiction is proper.

Notwithstanding the above indisputable facts, Bosch concludes that the Iconic Plaintiffs "fall short" of good cause to remand the case to the Northern District of Illinois [Dkt. 8236 at 1], but without basis. The above established facts are legally recognized good cause to remand a case back to its home court. Accordingly, the Iconic Plaintiffs respectfully request that this Court remand this case to the Northern District of Illinois.

In addition, this Court should stay briefing and ruling on Bosch's prematurely filed Motion for Summary Judgment ("MSJ"). Case-specific discovery (focused in Illinois) remain to be conducted, and pressing the MSJ forward prior to the completion of case-specific discovery is highly prejudicial to the Iconic Plaintiffs. This Court has recognized the specifically unique claims of the Iconic Plaintiffs related to the purchase of land in Illinois and the building of a single-use specialty property in Illinois for the purpose of opening a dealership in Illinois, none of which would have happened, but for the conspiratorial fraud perpetrated by VW and Bosch. These unique issues—and the damages tied to them—should be fully developed before consideration of a prematurely filed MSJ.

## ARGUMENT

### A.     The Northern District of Illinois is the Most Efficient Venue.

Bosch's first argument for denying the MTR is that this Court is familiar with the issues of this case and is in the best position to resolve them. [Dkt. 8236 at 4.] Setting aside that this Court has not addressed any issue between these parties for over four years, Bosch's argument fails to recognize the true purpose of MDLs – common and coordinated discovery. *See* 28 U.S.C. § 1407.

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for **coordinated or consolidated pretrial proceedings**." 28 U.S.C. § 1407(a) (emp. added). MDLs are meant to ensure that "common parties and witnesses are not subjected to discovery demands which **duplicate activity**

1  **that will occur or has already occurred in other actions.**" *In re Cardiac Devices Qui Tam*
2  *Litig.*, 254 F. Supp. 2d 1370, 1372, (J.P.M.L.) (emp. added).

3      Here, there is no further common discovery, nor any other party to coordinate discovery
4  with because there is no other case in the MDL involving claims against Bosch. Moreover,
5  common discovery is substantially completed anyway, subject only to the delays caused by Bosch
6  in responding to outstanding interrogatories and requests to admit, which were specifically
7  intended to reduce and complete the common discovery potentially remaining. [*See* Dkt. 8231-2,
8  ¶¶6-7;14.] Given these circumstances, there is no risk of duplicate activity.

9      This principle is precisely why Bosch's argument was rejected in *In re Conseco Life Ins.*
10  *Co.*, 2017 U.S. Dist. LEXIS 134303 (N.D. Cal) (internal quotations and citations omitted).
11  Recognizing that the Court "invested countless hours studying the facts of this case," including in
12  ruling on a prior class certification motion, the Court still rejected that the case should remain in
13  the MDL for class settlement purposes. *Id.* at 11. The significant work expended by the Court to
14  address common and coordinated issues did not support the Court holding on to the case, but
15  instead, was precisely the reason the case should return to the home court—specifically, "the
16  purposes behind transferring this action to [the MDL] have now been served." *Id.* at 13. Similarly
17  here, the purpose of the MDL—recognized by Bosch seven years ago to be coordinated and
18  common discovery—has been served, and the Northern District of Illinois is the best and most
19  efficient venue to resolve the remaining issues in the case, including remaining case-specific
20  discovery and the Bosch MSJ, which is specific to the Iconic Plaintiffs.

21      For example, remaining discovery in this case includes multiple third-party depositions
22  and document productions from Illinois witnesses, for which Illinois will or should be the place of
23  compliance and enforcement. In *In re Affiliated Foods, Inc.*, 2021 U.S. Dist. LEXIS 185044 (N.D.
24  Tex.), the MDL was pending in the District of Minnesota and a third-party subpoena duces tecum
25  was issued in the Northern District of Texas. The third-party filed a motion to quash in Texas, and
26  the subpoenaing party filed a motion to transfer the third-party matter back to Minnesota. *Id.* at 2.
27  The third-party argued Minnesota's lack of jurisdiction over document subpoenas. *Id.* at 7-8. With
28  consideration toward jurisdiction over the third-party, the Texas court ruled that, pursuant to the

plain language of the MDL statute, the district in which the third-party resides *may* rule on the merits of the subpoena, and ultimately granted the motion to quash and denied the motion to transfer. *Id.* at 7-9 Rather than unnecessarily test these jurisdictional conflicts, this Court can remand this matter back to the Northern District of Illinois.

Disregarding that case-specific discovery remains in this case, Bosch focuses on this Court's statement in the order denying Bosch's motion to dismiss, which sets out the general premise in every case following dismissal—that a party may conduct discovery and later bring a motion for summary judgment. [Dkt. 7031; Dkt. 8236 at 2.] The point here is that the case specific discovery regarding the Iconic Plaintiffs' damages is ongoing. There is no rational basis for this Court versus the Northern District of Illinois to address that remaining case-specific discovery. Nor is there reason for this Court versus the Northern District of Illinois to address Bosch's case-specific MSJ focused on the Iconic Plaintiffs' damages and the facts and evidence supporting those damages, which this Court specifically identified as unique and distinct from the damages asserted by the dealer class. [Dkt. 7031.]

**B.     Any Delay in Remand Should be Limited to Requiring Bosch to Address and Resolve Outstanding Discovery That It Has Intentionally Delayed to Advantage Itself.**

Bosch further argues that "to the extent discovery is not complete…the case would continue to benefit from the Court's oversight" because this Court is in the best position to rule on the current outstanding discovery requests. [Dkt. 8236 at 5.] This argument is ironic because this discovery dispute would have already been resolved had Bosch acted consistent with their discussions (and assurances) from the five (5) meet-and-confer conferences over the course of four (4) months. [Dkt. 8231-4] By employing this argument, Bosch all but admits that its true intention in prematurely filing the MSJ was to avoid responding to discovery and avoid remand to the Northern District of Illinois. Such a tactic should not be rewarded. If remand is delayed here, it should be for the limited purpose of resolving only the present discovery issue—with intervention from this Court if necessary. Then, common discovery is substantially complete and the case is remanded to the Northern District of Illinois to continue case-specific discovery and motions.

-4-     Lead Case No. 15-md-02672-CRB
PLAINTIFFS ICONIC MOTIORS, INC. D/B/A ELGIN VOLKSWAGEN AND SLEVIN CAPITAL
INVESTMENT INC.'S REPLY IN SUPPORT OF MOTION AND MOTION (1) TO REMAND AND (2)
MOTION TO STAY BOSCH'S SUMMARY JUDGMENT MOTION

### C. Illinois Courts Should Resolve Illinois Issues.

Finally, Bosch makes a hollow argument that issues of Illinois law do not support remand, highlighting a remaining federal RICO claim. [Dkt. 8236 at 6.] However, Bosch fails to acknowledge that the unique elements of the Iconic Plaintiff's RICO claim, including that the Iconic Plaintiffs never would have done business with VW by buying property, constructing a single-use building, and opening a dealership in *Illinois*, if they had known about VW's conspiratorial fraud with Bosch. Bosch also minimizes the second cause of action against it— conspiracy based on fraud brought under Illinois law. The Iconic Plaintiffs are not arguing that this Court could not rule on these issues, but instead suggest that the Northern District of Illinois is best suited to rule on these issues. [*See supra* at 2-4.] Thus, this cause should be remanded to the Northern District of Illinois.

### D. The Iconic Plaintiffs Would be Prejudiced by a Premature MSJ Ruling.

In their MTR, the Iconic Plaintiffs cited the prejudice that they would suffer if Bosch is allowed to advantage itself by unilaterally staying its own discovery obligations, which Bosch has significantly delayed, while the Iconic Plaintiffs have to rush to address case-specific discovery and evidence to respond to a prematurely filed MSJ. [Dkt. 8231 at 4-6, 9-10.] While the Iconic Plaintiffs assert that the MSJ—which is largely a rehash of Bosch's failed motion to dismiss—is without basis, the Iconic Plaintiffs should be afforded the opportunity to present all available defenses to the Bosch MSJ. Specifically, to conduct the remaining case-specific discovery and raise inevitable genuine issues of material fact in their opposition to the MSJ. Therefore, this Court should stay briefing and ruling on the MSJ.

### CONCLUSION

For the foregoing reasons and those set out in their opening papers, the Iconic Plaintiffs' respectfully request that this Court remand this cause back to the Northern District of Illinois and stay briefing and ruling on Bosch's MSJ.

| | | |
|---|---|---|
| 1 | Dated: October 16, 2024 | */s/ Danielle J. Gould* |
| 2 | | Ira M. Levin |
| | | ilevin@burkelaw.com, *pro hac vice* |
| 3 | | Danielle J. Gould |
| | | dgould@burkelaw.com, *pro hac vice* |
| 4 | | Joshua J. Cauhorn |
| | | jcauhorn@burkelaw.com, *pro hac vice* |
| 5 | | BURKE, WARREN, MACKAY & SERRITELLA, P.C. |
| 6 | | 330 North Wabash Avenue, 21st Floor |
| | | Chicago, Illinois 60611 |
| 7 | | Telephone:   312.840.7000 |
| | | Facsimile:   312.840.7900 |

*Attorneys for Iconic Motors, Inc. d/b/a Elgin Volkswagen and Slevin Capital Investments, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2024, I electronically filed the within document using the CM/ECF system, which will provide electronic service notification to all counsel of record.

/s/ *Danielle J. Gould*
DANIELLE J. GOULD, *pro hac vice*

Attorney for Iconic Motors, Inc. d/b/a Elgin Volkswagen and Slevin Capital Investments, Inc.